**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| M & G USA CORPORATION, *et al.*, | ) | Case No. 17-12307 (BLS) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | **Related Docket Nos. 14, 30** |

## LIMITED OBJECTION OF MACQUARIE INVESTMENTS US INC. TO INTERIM APPROVAL OF THE DEBTORS' DIP MOTION

Macquarie Investments US Inc. ("Macquarie"), by and through its undersigned counsel, submits its limited objection (the "Limited Objection") to approval of the *Motion For Entry Of Interim And Final Orders To (1) Authorize Certain Debtors In Possession To Obtain Post-Petition Financing Pursuant To 11 U.S.C. §§ 105, 362, 363 And 364; (2) Grant Liens And Superpriority Administrative Expense Claims To DIP Lender Pursuant To 11 U.S.C. §§ 364 And 507; (3) Provide Adequate Protection To The Pre-Petition First Lien Lender And The Pre-Petition Second Lien Secured Party; (4) Modify Automatic Stay Pursuant To 11 U.S.C. §§ 361, 362, 363, 364 And 507; (5) Schedule Final Hearing Pursuant To Bankruptcy Rules 4001(B) And (C) And Local Rule 4001-2; And (6) Grant Related Relief* (the "DIP Motion"). In support of its Limited Objection, Macquarie respectfully states as follows:

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.ã r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.ã r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

{01259843;v1}                                    1

**PRELIMINARY STATEMENT**

The Debtors' capital structure is large and complex involving many secured financing facilities with different collateral packages in the aggregate amount in excess of $1.5 billion. The Debtors have arranged these chapter 11 cases to effectuate a sale of substantially all of their assets going so far as to bake into the Debtors' proposed Interim DIP Order extensive procedures (referred to as the "363 Sale Procedures" in the proposed Interim DIP Order (D.I. 30 ¶28)) with which any sale of the Debtors' assets must comply. The 363 Sale Procedures violate the priority scheme embedded in the Bankruptcy Code, secured lenders' rights, and are inappropriately included in the proposed Interim DIP Order. Moreover, the Debtors' request that the Court approve those procedures at the very outset of these cases underscores Macquarie's concern that this case is headed toward a sale process that will culminate in a credit bid. Thus, it is critically important that from the very outset of these cases, secured lenders' rights are honored and protected from overreaching by others.

**BACKGROUND**

1. Macquarie serves as administrative and collateral agent for the lenders that are party to that certain $55.5 million secured credit facility (the "Macquarie Credit Facility") by and among Macquarie and M&G Waters USA, LLC (M&G Waters"). Macquarie holds properly perfected, first priority liens and security interests on the collateral supporting the Macquarie Credit Facility. As discussed in the *Declaration of Dennis Stogsdill in Support of the First day Pleadings* [D.I. 3], M&G Waters was formed to construct and operate certain desalination equipment and boilers located at the Debtors' Corpus Christi Plant, and the proceeds of the Macquarie Credit Facility were used to finance the construction, installation and operation of

such desalination equipment. According to the Debtors, the construction, installation and operation process is largely complete. (Stogsdil Decl. ¶23).

### A. It is Unclear Whether the Proposed DIP Financing is in M&G Waters' Best Interests.

2. It is questionable to Macquarie whether M&G Waters requires any emergency financing in addition to the Macquarie Credit Facility. Based upon the Financial Statement of M&G Waters, M&G Waters has loaned approximately $4.8 million to M&G USA Corp. and has paid M&G Resins USA, LLC $11.9 million. Financial Statement for year ended 12/31/16. M&G Waters claims that all financial transactions with affiliates have been performed on an arms-length basis. *Id.,* p.20. Macquarie has been provided with no legitimate basis that M&G Waters will benefit from the Debtors' proposed consolidated DIP Financing. Macquarie also fails to understand the justification for a *consolidated* DIP Financing among these purportedly independent debtors. M&G Water has been subsidizing other Debtors, and its rights should not be impacted negatively in any manner by new financing. If M&G Waters will not benefit from the DIP Financing, then the DIP Liens and Adequate Protection Liens the Debtors offer to the DIP Lender, the Pre-Petition First Lien Lender and the Pre-Petition Second Lien Secured Party should not attach to any assets of M&G Waters. Until the Debtors satisfy their burden to show that M&G Waters' participation in the DIP Financing is in the best interest of M&G Waters, Macquarie reserves all rights to challenge approval of the DIP Motion as it relates to M&G Waters.

### B. Macquarie Objects to any Priming of its Liens and Security Interests.

3. To the extent M&G Waters requires additional financing through the DIP Facility, Macquarie objects to any liens or security interests, including, without limitation, the DIP Liens and Adequate Protection Liens, priming Macquarie's liens and security interests. A review of

the Debtors' proposed Interim DIP Order [D.I. 30] seems to preserve the first priority status of Macquarie's liens and security interests as "Senior Prior Liens" at least to the extent the Debtors, the DIP Lender and the Prepetition First and Second Lien Lenders agree that Macquarie's liens and security interests constitute Senior Prior Liens.  To the extent Macquarie's understanding is incorrect or any of the Debtors, DIP Lender, Prepetition First and Second Lien Lenders disagree, however, Macquarie objects to the proposed Interim DIP Order and any proposed priming of its liens and security interests and files this Limited Objection in an abundance of caution to confirm its understanding is consistent with the understanding of the Debtors, the DIP Lender and the Prepetition First and Second Lien Lenders.

      **C.**    **Macquarie Must be Given Notice in the Event DIP Lender Seeks to Exercise Remedies Involving Macquarie's Collateral.**

      4.    Macquarie also objects to paragraph 19 of the proposed Interim DIP Order, which *permits* but does <u>not</u> require the DIP Lender to provide any notice whatsoever to the Court or parties in interest (other than the Debtors, the Creditors' Committee and the U.S. Trustee) before exercising remedies.  Macquarie submits that in the event the DIP Lender intends to exercise its remedies as against any of Macquarie's collateral, that the DIP Lender be required to give Macquarie at least 5 business days advance written notice.

      **D.**    **The Debtors' proposed 363 Sale Procedures should not be Approved.**

      5.    The Debtors' inclusion of the "363 Sale Procedures" in the proposed Interim DIP Order is inappropriate.  Those procedures are proposed to apply to the sale of any "CC Assets", which are loosely defined to include "all assets of the Guarantors (as defined in the DIP Term Sheet) that have been or may be useful to the current or future construction, business operations or uses of M&G Resins' assets…"  (D.I. 30 ¶28).  It appears that Macquarie's collateral may fall within that definition, though it is entirely unclear at this point.  The 363 Sale Procedures dictate

the distribution of sale proceeds and appear to do so in violation of the Bankruptcy Code's priority scheme and in violation of secured parties' rights. For example, the 363 Sale Procedures appear to require the payment of professional fees and certain Pre-Petition First Lien Obligations and Pre-Petition Second Lien Obligations from proceed of the sale of CC Assets prior to the payment of Senior Prior Liens. The inclusion of the 363 Sale Procedures in the proposed Interim DIP Order is inappropriate and should be stricken.

  **E.  No DIP Liens or Adequate Protection Liens Should Attach to Proceeds of the Macquarie Credit Facility.**

  6.  The Macquarie Credit Facility was intended to finance solely the desalination and boiler equipment at the Debtors' Corpus Christi Plant. However, it appears that the Debtors may have diverted a portion of the proceeds of that loan facility to affiliates in violation of the Macquarie Credit Agreement. (*See* DIP Term Sheet, Schedule C-(a)(ii)) (referring to an intercompany loan between M&G USA Corp., as Borrower, and M&G Waters USA LLC, as Lender, in the amount of $2,775,599.47 as of September 30, 2017). To the extent that proves to be correct and provides the basis for an avoidable transfer pursuant to Chapter 5 of the Bankruptcy Code or otherwise, Macquarie asserts that its liens and security interests are superior to any other creditor in the proceeds of such an action including the DIP Liens, the Adequate Protection Liens and the DIP and Adequate Protection Superpriority Claims. Macquarie's rights to the proceeds of its Credit Facility must be preserved.

## RESERVATION OF RIGHTS

  7.  Macquarie reserves all rights, claims and objections including the right to supplement or amend this Limited Objection at or prior to the interim or final hearings on the DIP Motion.

## CONCLUSION

For the foregoing reasons, Macquarie respectfully requests that the Court deny approval of the DIP Motion unless the proposed Interim DIP Order is amended to resolve the concerns raised in this Limited Objection.

Dated:  November 1, 2017               **ASHBY & GEDDES, P.A.**

*/s/    Gregory A. Taylor*
Gregory A. Taylor, Esq. (#4008)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067
Email: gtaylor@ashbygeddes.com

-and-

**SIDLEY AUSTIN LLP**
Duston McFaul, Esq.
1000 Louisiana Street
Suite 6000
Houston, TX 77002
Telephone: (713) 495-4516
Facsimile: (713) 495-7799
Email: dmcfaul@sidley.com

-and-

**SIDLEY AUSTIN LLP**
David Kronenberg, Esq.
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: 202-736-8043
Facsimile: 202-736-8711
Email: dkronenberg@sidley.com

*Counsel to Macquarie Investments US Inc.*