## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17- 12307 (BLS) |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING
## LIEN IDENTIFICATION PROCEDURES AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")

move the Court (the "Motion"), pursuant to sections 105, 501, 502, 506, 507 and 510 of title 11

of the United States Code (the "Bankruptcy Code") and Rules 2002, 3002, 3003 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order, in

substantially the form attached as Exhibit A (the "Proposed Order"), (i) establishing procedures

for asserting mechanics' and materialmen's liens on the Corpus Christi Plant (as defined below)

(each such claim, a "Lien" and the holders of such Liens, the "Lienholders"); (ii) approving the

Statement of Lien Form (as defined below); (iii) approving the form and manner of notice

thereof; and (iv) granting certain related relief. In support of this Motion, the Debtors

respectfully state as follows:

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A.    General Background

2.    On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the Declaration of Dennis Stogsdill in Support of First Day Pleadings (Docket No. 3) (the "First Day Declaration"), filed on October 31, 2017 and incorporated herein by reference.

### B.    The Liens

4.    As set forth in the First Day Declaration, in April 2013, the Debtors began construction on a vertically integrated PTA/PET plant in Corpus Christi, Texas (the "Corpus Christi Plant"). In connection with construction of the Corpus Christi Plant, the Debtors engaged certain contractors, subcontractors and other third parties to provide services, materials and labor to the Debtors. As a result of construction disputes and the Debtors' financial condition leading

-2-

up to the Petition Date, numerous parties have asserted claims against the Debtors for allegedly unpaid labor, materials and construction costs, including by filing Liens under Texas law. Specifically, Chapter 53 of the Texas Property Code and the Texas State Constitution permit certain persons, often called "mechanics and materialmen," to assert liens against real property on which they provide labor, materials and/or construction services.[2]

5.      As of the Petition Date, the Debtors estimate that approximately $196 million in Liens have been filed against Debtors M & G Resins USA, LLC, Chemtex International Inc. and the Corpus Christi Plant.[3] The names and addresses of (a) each known Lienholder and (b) those parties at have notified the Debtors of their intent to file a Lien is attached hereto as Exhibit B (the "List of Potential and Known Lienholders"). Problematically, the Debtors may not be aware of all potential Lien claims because of the applicable state law requirements. Specifically, because (a) the Texas Property Code permits parties to assert statutory liens by filing such liens in the real property records up to five and one-half months after parties have stopped work at the construction site and (b) the Texas State Constitution does not always require parties to assert constitutional liens by filing them in the real property records, the universe of all Lienholders who may assert a Lien against the Corpus Christi Plant will remain unknown for an undetermined period of time. Accordingly, the Debtors are proposing to implement the

---

[2]      Section 53.052 of the Texas Property Code requires that an affidavit claiming a lien must be filed in the real property records of the county in which the property is located no later than the 15th day of the 4th calendar month after the day on which the indebtedness accrues. Section 53.053 states that indebtedness accrues to an original contractor (one who has a contract with the owner) on the last day of the month in which the original contract had been completed, finally settled, or abandoned, or a notice of completion has been filed. It also provides that indebtedness accrues for others than an original contractor on the last day of the last month in which labor was performed or material furnished. Liens that arise under the Texas State Constitution generally are available to those who contract with a real property owner and have been described as self-executing and require no filing in the deed records.

[3]      This number represents the Debtors' current estimate of Liens taking into account duplicate Liens asserted by contractors and subcontractors and also includes a number of asserted Liens that are the subject of ongoing disputes between the Debtors and Lienholders. The Debtors expressly reserve all rights with respect to objections to any and all Liens.

NAI-1503197481v3
DOCS_DE:216514.1 54032/001

procedures (the "Lien Identification Procedures") described below, which will expedite the process by which purported Lienholders may assert the right to a Lien and will enable the Debtors to ascertain the entire universe of Liens being asserted against the Corpus Christi Plant.

### C. The Need for the Lien Identification Procedures

6. As required by the milestones set forth in the Debtors' postpetition financing facility (the "DIP Facility"), on November 16, 2017, the Debtors filed the Sale Motion[4] seeking authority to commence a sale process for certain of their U.S. assets, including the Corpus Christi Plant. By the Sale Motion, the Debtors are seeking approval of sale procedures that contemplate (a) January 16, 2018 as the date by which parties must submit preliminary indications of interest (the "Proposal Deadline") and (b) February 23, 2018 as the date by which interested parties must submit final bids for certain of the Debtors' U.S. assets (the "Final Bid Deadline"). *See* Sale Motion, ¶ 12. Moreover, the proposed sale procedures require bidders who propose to credit bid their secured claims at the auction to include in such party's bid "a written commitment to fund into an escrow account . . . an amount of cash . . . sufficient to satisfy . . . any obligations secured by liens on [the Corpus Christi Plant] that are senior to the obligations that are the subject of such [c]redit [b]id. . ." *Id.*

7. As set forth above, under Texas state law, the time by which Lienholders must assert a Lien against the Corpus Christi Plant may not yet have passed even for goods and services provided prior to the Petition Date. Because a substantial amount of undisclosed Liens may exist and may be asserted against the Corpus Christi Plant well after the sale process has

---

[4] *Motion of the Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets, (B) Authorizing the Debtors to Enter into One or More Stalking Horse Purchasing Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of Certain of the Debtors Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (Docket No. 173).

NAI-1503197481v3
DOCS_DE:216514.1 54032/001

begun and potential bidders are formulating their proposals, by this Motion, the Debtors are proposing a process by which they can obtain sufficient information to determine the existence, priority and validity of all purported Liens asserted against the Corpus Christi Plant ahead of the deadlines proposed as part of the sale process.

8.      To that end, the Debtors seek to conduct a fair and reasonable process by which the Debtors can obtain information regarding the existence and basis of all claimed Liens on the Corpus Christi Plant. The Lien Identification Procedures will (a) provide the Debtors with time to evaluate the number, amount and priority of Liens being asserted against the Corpus Christi Plant, which will assist in the evaluation of qualifying bids and (b) assist potential bidders— including any credit bidding parties—in formulating a qualifying preliminary indication of interest ahead of the Proposal Deadline, and ultimately, a qualifying bid ahead of the Final Bid Deadline. Because the Debtors believe that the Corpus Christi Plant is their most valuable asset, these procedures are necessary to the sale process and thus, to maximizing the value of the estates.

**D.      The Lien Identification Procedures**

9.      Pursuant to the proposed Lien Identification Procedures, each Lienholder must file with the Debtors' proposed claims' agent, Prime Clerk LLC ("Prime Clerk") a statement, in substantially the form attached to the Proposed Order as Exhibit 1 (the "Statement of Lien Form"), including the following information:

(a)      the identity of Lienholder;

(b)      the asserted amount of the Lien net of any amounts received to date by the Lienholder in respect of such Lien claim;

(c)      the date on which the Lienholder asserts its Lien arose and the last date on which the Lienholder provided labor or materials to the Debtors;

-5-

(d)     the basis for the Lien claim and copies of all documents upon which such Lien claim is based, including contracts, change orders, invoices, A/R statements, credit memorandums and other explanatory information; provided that if such documents are too voluminous, the Lienholder may submit a summary of such documents; and provided further that, in the event the claimant provides a summary, the Debtors reserve the right to request further information from such Lienholder;

(e)     if a Lienholder contends that it has priority, the Statement of Lien Form must also describe all fact and legal authorities upon which the Lienholder contends that it is entitled to such priority, including the date it is alleged services were first provided and to which the Lien relates back under applicable law;

(f)     whether the Lien was acquired by assignment or subrogation;

(g)     whether prior notice of the Lien has been submitted;

(h)     whether any causes of action have been filed or any other efforts have been made to collect on the amounts allegedly due;

(i)     a list of, and copies of, all notices to the owner or original contractor of unpaid balances, including all notices required for derivative claimants under sections 53.056, 53.057 and 53.058 of the Texas Property Code;

(j)     whether the Lienholder owes any balance(s) to subcontractors who performed services or supplied materials at the Corpus Christi Plant;

(k)     if the Lienholder is claiming a lien under the Texas Constitution, the basis for such claim;

(l)     if the Lienholder is claiming a statutory lien as an original contractor under the Texas Property Code, the basis for such claim;

(m)     the calculation of the proportion of the sum of the work performed under the contract to the total amount of the contract; and

(n)     if the Lienholder is claiming a lien for retainage, the amount specified to be retained in any contract or amendments, including copies of such documents.

10.    For the avoidance of doubt, nothing in this Motion or the Lienholder Identification Procedures shall be interpreted or construed as relieving any party of any obligation it has (a) under section 546(b)(2) of the Bankruptcy Code to file a notice of perfection

NAI-1503197481v3
DOCS_DE:216514.1 54032/001

of Lien and/or (b) under applicable state law or any other applicable law to perfect its interest in property.

11.     The Debtors propose that each Lienholder, including those Lienholders listed on the List of Known and Potential Lienholders, must submit the Statement of Lien Form including the information set forth above on or before January 15, 2017 (the "Lienholder Bar Date"), which is within 35 days after the proposed date for entry of an Order approving this Motion. The Debtors further propose that a Statement of Lien Form shall be deemed timely filed only if it is **actually received** by Prime Clerk on or before 5:00 p.m. (EST) on the Lienholder Bar Date, either by (a) submission of an electronic version of the Statement of Lien Form at https://cases.primeclerk.com/mgusa/EPOC-Index or (b) hand delivery, overnight mail or first-class mail to:

> M & G USA Corporation Lien Statement Processing Center
> c/o Prime Clerk LLC
> 830 3rd Avenue, 3rd Floor
> New York, NY 10022

Finally, the Debtors propose that they may extend the Lienholder Bar Date for a specific Lienholder with the consent of Control Empresarial de Capitales, S.A. De C.V. (the "DIP Lender"), by filing a stipulation for approval by the Court.

### E.     Proposed Notice Procedures

12.     The Debtors propose to provide notice of the Lien Identification Procedures, as follows:

> (a)     no later than five days following entry of an order granting the relief requested in this Motion, the Debtors will cause a form of notice of the Lienholder Bar Date, in substantially the form attached to the Proposed Order as Exhibit 2 (the "Notice"), to be mailed by first class mail to (i) the Office of the United States Trustee, (ii) counsel to the Committee, (iii) the List of Known and Potential Lienholders, (iv) the creditor matrix, excluding the Debtors' current and former employees and the creditors of Mossi & Ghisolfi International S.à r.l., M&G Chemicals S.A. and

-7-

M&G Capital S.à r.l., (v) counsel to the DIP Lender, (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of noticing, (vii) attorneys of record to all parties to pending litigation against the Debtors as of the date of noticing and (viii) the Internal Revenue Service and the Securities and Exchange Commission;

(b)     no later than five days following entry of an order granting the relief requested in this Motion, the Debtors will publish the Notice in the *USA Today, National Edition* and the *Corpus Christi Caller-Times*; and

(c)     no later than two days following entry of an order granting the relief requested in this Motion, the Debtors shall post the Notice on the website established by Prime Clerk for these Cases: cases.primeclerk.com/mgusa.

**F.     Consequences for Failure to Abide by the Lienholder Identification Procedures**

13.     The Debtors request that any Lienholder that fails to timely submit a Statement of Lien Form in accordance with the Lien Identification Procedures will have: (a) the claim on which its purported Lien is based disallowed pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3002(c); (b) its Lien valued at $0 pursuant to section 506(a)(1) of the Bankruptcy Code and Bankruptcy Rule 3012; and (c) its Lien subordinated to all allowed secured claims pursuant to section 510(c) of the Bankruptcy Code. In addition, the Debtors reserve the right to request additional information and all materials necessary to analyze a Lien from a Lienholder that submits a Statement of Lien Form, within a reasonable time after such form is submitted.

14.     The Debtors submit that the proposed Lienholder Identification Procedures are reasonable and appropriate because they are designed to provide all potential Lienholders with notice of the Lienholder Bar Date. The List of Known and Potential Lienholders represents the Debtors' good faith effort to formulate a list of all known and potential Lienholders and, together with the notice procedures described herein, mitigates against the risk that a potential Lienholder will not receive notice of the Lienholder Bar Date. Further, the proposed Lien Identification

NAI-1503197481v3
DOCS_DE:216514.1 54032/001

Procedures are not unduly burdensome because the Statement of Lien Form merely requires information that any Lienholder already has, or will, prepare in connection with the filing of its Lien.

## RELIEF REQUESTED

15.     The Debtors request entry of an order, in substantially the form of the Proposed Order, (a) establishing the Lienholder Identification Procedures; (b) approving the form of the Statement of Lien Form; (c) approving the form and manner of the Notice; and (d) granting certain related relief.

## BASIS FOR RELIEF

16.     In connection with the Debtors' proposed sale process, the Debtors need to determine the existence, validity and priority of all Liens asserted against the Corpus Christi Plant. Section 105(a) of the Bankruptcy Code provides, in relevant part that "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 3003(c)(3) provides that "the court shall fix . . . the time within which proofs of claim . . . may be filed." Fed. R. Bankr. P. 3003(c)(3). In connection with filing a claim, Bankruptcy Rule 3001(c) generally requires that documents supporting such claim be filed with the proof of claim.

17.     Further, section 506(a)(1) of the Bankruptcy Code and Bankruptcy Rule 3012 allow the Court to determine a creditor's secured status, including the value of property subject to a lien. Finally, the Court can subordinate claims and related liens under principles of equitable subordination pursuant to section 510(c) of the Bankruptcy Code. Together, these Bankruptcy Code provisions and Bankruptcy Rules authorize the relief requested herein, which the Debtors submit is in the best interests of their creditors and all parties in interest and designed to maximize the value of the estates.

NAI-1503197481v3
DOCS_DE:216514.1 54032/001

18.     As set forth above, by operation of the Texas Property Code, a potential Lienholder has the ability to assert a Lien well after performing work at the Corpus Christi Plant, and in some instances, certain potential Lienholders may not be required to assert a Lien at all under the Texas State Constitution. As such, the Debtors will be unable to quantify with certainty the total number, amount and priority of purported Liens that may be asserted against the Corpus Christi Plant for an indeterminate period of time (if at all).

19.     By contrast, the timeline of the proposed sale process—established in compliance with milestones imposed by the DIP Financing and necessitated by the Debtors' lack of other realistic alternatives—simply does not afford the Debtors such indeterminate period of time to discern with certainty the total amount, number and priority of Liens asserted against the Corpus Christi Plant. Because the Debtors consider the Corpus Christi Plant to be their most valuable asset, it is imperative that the Debtors' proposed sale process move as expeditiously as possible and without the delays normally associated with the Lien filing process under the Texas Property Code. Accordingly, the Debtors have proposed the Lien Identification Procedures in order to crystallize the amount, number and priority of Liens being asserted against the Corpus Christi Plant ahead of the proposed sale.

20.     The imposition of a Lienholder Bar Date and the information requested of the Lienholders in the Statement of Lien Form is designed to (a) allow the Debtors to evaluate the number, amount and priority of Liens being asserted against the Corpus Christi Plant, which will assist them in evaluating sale proposals and (b) assist potential bidders in formulating such proposals, including credit bidding parties who are required under the proposed sale procedures to escrow cash sufficient to cover all senior ranking Liens. Moreover, the proposed Lien Identification Procedures are not unduly burdensome because the Statement of Lien Form merely

-10-

requires potential Lienholders to provide information to the Debtors that any Lienholder already has or would have to prepare in connection with the filing of its Lien. For the foregoing reasons, the Debtors submit that the proposed Lien Identification Procedures are in the best interests of the Debtors' estates and should be approved by the Court.

## NOTICE

21.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates; (c) the Internal Revenue Service, the Securities and Exchange Commission and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware or order of the Court; (d) Magnate S.á r.l. and its counsel, Kirkland & Ellis LLP; (e) DAK Americas LLC and its counsel, Weil, Gotshal & Manges LLP; (f) Banco Inbursa S.A., Institución De Banca Multiple, Grupo Financiero Inbursa and its counsel, Cleary Gottlieb Steen & Hamilton LLP; (g) the Committee and its counsel, Milbank, Tweed, Hadley & McCloy LLP; (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of noticing; and (i) the List of Known and Potential Lienholders. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

22.     No prior request for the relief sought herein has been made to this Court or any other court.

NAI-1503197481v3
DOCS_DE:216514.1 54032/001

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

Dated: November 20, 2017

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:   (302) 652-4400
Email:   ljones@pszjlaw.com
   joneill@pszjlaw.com
   jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone:   (212) 326-3939
Facsimile:   (212) 755-7306
Email:   sgreenberg@jonesday.com
   scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:   (216) 586-7035
Facsimile:   (216) 579-0212
Email:   ceblack@jonesday.com

Proposed Co-Counsel for the Debtors and Debtors in Possession

-12-