# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | Case No. 17-12307 (BLS) |
| Debtors. | (Jointly Administered) |

### APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THEM TO RETAIN AND EMPLOY CRAIN CATON & JAMES, P.C. AS SPECIAL COUNSEL, *NUNC PRO TUNC* AS OF THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") apply to the Court (this "Application"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and consistent with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, issued by the Executive Office of the United States Trustee (the "U.S. Trustee Guidelines"), for the entry of an order, in substantially the form attached as Exhibit A (the "Proposed Order"), (i) authorizing them to retain and employ Crain Caton & James, P.C. ("Crain Caton") as special counsel to the Debtors, *nunc pro tunc* as of the Petition Date (as defined below); and (ii) granting certain related relief. In support of this Application, the Debtors: (i) submit (a) the Declaration of Dennis Stogsdill

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

(the "Debtors' Declaration"), a copy of which is attached hereto as Exhibit B; (b) the Declaration of Melinda M. Riseden, a shareholder in Crain Caton (the "Riseden Declaration"), a copy of which is attached hereto as Exhibit C; and (c) Crain Caton's Disclosure of Compensation (the "Disclosure of Compensation"), a copy of which is attached hereto as Exhibit D; and (ii) further respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the Declaration of Dennis Stogsdill in Support of First Day Pleadings (Docket No. 3) filed on October 31, 2017 and incorporated herein by reference.

## RELIEF REQUESTED

4. The Debtors request entry of an order, in substantially the form of the Proposed Order, (a) authorizing them to retain and employ Crain Caton as special counsel in these Cases, *nunc pro tunc* as of the Petition Date and (b) granting certain related relief.

## BASIS FOR RELIEF REQUESTED

5. Section 327(e) of the Bankruptcy Code authorizes a debtor, with court approval, to retain:

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e). Clarifying the statute, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

6. Accordingly, retention of special counsel is permissible so long as: (a) the appointment is in the best interest of the debtor's estate, (b) counsel does not hold an interest adverse to the estate with respect to the subject matter of its retention and (c) the engagement does not amount to conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.*, 174 B.R. 497, 502-05 (N.D. Ill. 1994); *In re Carla Leather, Inc.*, 44 B.R. 457, 474 (Bankr. S.D.N.Y. 1984) ("[Section] 327(e) bars engagement of special counsel only in the presence of an actual conflict of interest concerning the subject matter of the engagement."), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985). The Debtors' retention of Crain Caton as special counsel falls within the scope of section 327(e) of the Bankruptcy Code.

### A. Services to Be Provided by Crain Caton

7. The Debtors propose to retain Crain Caton as special counsel to advise the Debtors with respect to issues arising from the filing of mechanics' liens against the Debtors' PET plant in Corpus Christi, Texas (the "Corpus Christi Plant") and to provide related services on the terms set forth in this Application. The Debtors anticipate that Crain Caton will render services to the Debtors with respect to liens, contracts, demands, litigation, arbitrations and other disputes relating to the Corpus Christi Plant. In particular, the Debtors anticipate that Crain Caton will perform, among others, the following legal services:

   (a) Analyzing, investigating and assessing the validity of liens asserted against the Corpus Christi Plant and related property of the Debtors;

   (b) Analyzing, reviewing and potentially arbitrating, litigating, and/or resolving the claims, demands, lawsuits, and arbitrations asserted against the Debtors concerning the Corpus Christi Plant;

   (c) Advising, negotiating and advocating on behalf of the Debtors with respect to their interests in agreements, real estate matters, and relationships with the Port of Corpus Christi, City of Corpus Christi, local pipeline and power companies, and others as to the Corpus Christi Plant; and

   (d) Advising the Debtors' primary bankruptcy counsel and other professionals with respect to the foregoing matters as necessary to pursue the Debtors' chapter 11 efforts, including with respect to a sale of the Corpus Christi Plant.

8. Crain Caton's proposed retention is for the matters referenced above. Crain Caton ordinarily will not be involved in the day-to-day administration of these Cases and will not be primarily responsible for the Debtors' general restructuring efforts. By delineating Crain Caton's role, the Debtors have ensured there will be no duplication of services.

### B. Crain Caton's Qualifications

9. Crain Caton is well qualified to serve as the Debtors' special counsel in these Cases. Crain Caton has represented the Debtors since approximately 2000 in corporate, real

estate, construction and litigation matters. Crain Caton has been involved with representing the Debtors' interests throughout the development of the Corpus Christi Plant and has established relationships with many of the key constituencies involved in the project, including the Port of Corpus Christi, City of Corpus Christi, the various lenders that have contributed funds to the construction of the Corpus Christi Plant and the utility and pipeline companies providing products to the Corpus Christi Plant. Similarly, Crain Caton has extensive knowledge regarding the access easement agreements, dock and priority use agreements, lease agreements, wetlands arrangements, permitting agreements, construction agreements and the various contractor and subcontractor contracts, lawsuits and arbitrations related to the Corpus Christi Plant, among other items.

10. In light of Crain Caton's existing relationship with the Debtors and the extensive work it has performed for the Debtors to-date, the Debtors believe that Crain Caton's retention is in the best interests of their estates and creditors. Prior to the Petition Date, the Debtors selected Crain Caton because its attorneys have extensive experience and knowledge regarding real estate and commercial litigation, among other things. Crain Caton enjoys a familiarity with the Debtors that would be difficult to replicate with replacement counsel without the expenditure of substantial funds and significant delays. Crain Caton is uniquely qualified to handle the representation described herein in an efficient and timely manner. As such, Crain Caton should be retained as the Debtors' special counsel.

C. **Compensation and Fee Applications**

11. Crain Caton intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and any additional

procedures that may be established by the Court in these Cases. Crain Caton's fees for professional services are based upon its hourly rates, which are periodically adjusted. As of the Petition Date, Crain Caton's firm-wide hourly rate ranges were as follows:

| **Billing Category** | **U.S. Range** |
|---|---|
| Shareholders | $425.00 - $595.00 per hour |
| Associates | $265.00 - $395.00 per hour |
| Paralegals and Legal Assistants | $160.00 - $235.00 per hour |

12. Crain Caton will maintain records in support of any actual and necessary costs and expenses incurred in connection with the rendering of its services in these Cases. Subject to application for, and allowance by, the Court, Crain Caton will receive reimbursement for reasonable and documented out-of-pocket expenses incurred in connection with the services rendered to the Debtors.

13. The Debtors believe that the compensation arrangements with Crain Caton are reasonable and at market rates, and appropriate considering the knowledge, experience and complexity of the matters Crain Caton will be handling for the Debtors.

**D.    Disinterestedness and Disclosure of Connections**

14. To check and clear potential conflicts of interest in these Cases, Crain Caton researched its client database for the past two years to determine whether it had any relationships with the entities listed on Annex 1 to the Riseden Declaration (collectively, the "Interested Parties") limited to potential conflicts in its engagement as special counsel. The Interested Parties include individuals or institutions in the following categories, among others: (a) the Debtors; (b) non-Debtor affiliates and aliases; (c) Debtor trade names and other names used; (d) directors, officers and senior management; (e) recent former directors, officers and senior management; (f) major business affiliations of the Debtors' directors; (g) current and former

significant equityholders of the Debtors; (h) significant lenders/investors of the Debtors; (i) depository banks; (j) major insurers and insurance brokers; (k) material equipment/software lessors; (l) creditors' restructuring professionals; (m) certain ordinary course professionals; (n) parties to litigation or potential litigation; (o) parties to material contracts with the Debtors; (p) real estate lessors; (q) restructuring professionals of the Debtors; (r) significant suppliers and vendors; (s) significant customers of the Debtors; (t) significant utility providers; (u) sureties/parties related to customs; (v) significant taxing/governmental authorities; (w) third party administrators; (x) bankruptcy judges for the District of Delaware; (y) attorneys for the United States Trustee's office for the District of Delaware; (z) other significant creditors/vendors; and (aa) unions the Debtors' employees belong to.

15. Crain Caton has researched its relationships with the Interested Parties and has determined that Crain Caton has not performed any services for any Interested Party in connection with these Cases, or had any relationship with any Interested Party, their attorneys or accountants that is adverse to the Debtors or their estates with respect to the matters on which Crain Caton is advising the Debtors, except as set forth in the Riseden Declaration and below:

(a) Prior to the Petition Date, Crain Caton performed certain legal services for the Debtors, as described herein and in the Application. Crain Caton has a receivable in the amount of $1,021,510.18 owed by the Debtors for these prior legal services.

(b) In matters unrelated to the Debtors or these Cases, Crain Caton has previously represented and/or currently represents Citibank, N.A., Allegiance Bank, BP America, Inc., Graham Packaging Company L.P., Ashland, Inc., Beta Renewables S.p.A., Wholesale Electric Company and The Dow Chemical Company. Crain Caton, however, has not represented and does not and will not represent these entities in matters relating to the Debtors or these Cases.

(c) In matters related to the Debtors and these Cases, Crain Caton has previously represented Mossi & Ghisolfi Logistics Co. ("Logistics"), a related company to the Debtors. This representation consisted of representing Logistics in similar work that Crain Caton was performing for the Debtors prepetition. Logistics has inquired as to whether Crain Caton would be willing to continue to represent Logistics on an ongoing basis; however, Crain Caton has not agreed to any such

arrangement to-date and would not agree to move forward with representing Logistics without the consent of the Debtors.

(d) Arthur Branton Kotch, a shareholder of Crain Caton, has served, and continues to serve, as secretary of certain of the Debtors and their non-Debtor affiliates, including the following entities: M&G USA Corporation, M&G USA Holding, LLC, M&G Polymers, M&G Finance Corporation, M&G Resins USA, LLC, Carolina Biofuels Holding, Inc. and Carolina Celluslosic Biofuels, LLC. Mr. Kotch has served, and continues to serve, as Assistant Secretary to Debtor M&G Waters USA, LLC and non-Debtor Logistics.

16. To the extent that Crain Caton discovers additional information that requires disclosure after the filing of this Application, Crain Caton will file supplemental disclosures with the Court.

17. In reliance on the Riseden Declaration, the Debtors believe that (a) Crain Caton has no connection with the Debtors, their creditors, the United States Trustee for the District of Delaware (the "U.S. Trustee"), any person employed in the Office of the U.S. Trustee or any other party with an actual or potential interest in these Cases or its respective attorneys or accountants, except as set forth in the Riseden Declaration and (b) Crain Caton neither represents nor holds any interest adverse to the Debtors or their estates with respect to any matter on which Crain Caton is to be employed by the Debtors. However, as will be reflected in the filing of its claim, Crain Caton has a receivable owed by Debtors for legal services performed prepetition. The Debtors believe that Crain Caton's representation of the Debtors is permissible under section 327(e) of the Bankruptcy Code and is in the best interest of the Debtors' estates.

18. Finally, the Debtors note that Crain Caton will have no involvement with respect to actually conducting the Debtors' Cases. The Debtors have filed applications requesting authorization to retain (a) Jones Day as general bankruptcy counsel to the Debtors and (b) Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as Delaware counsel to the Debtors.

Although Jones Day, PSZ&J and Crain Caton may coordinate on matters that generally concern the Debtors and their sale process, Crain Caton will not conduct the Debtors' bankruptcy cases.

## NOTICE

19. Notice of this Application shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service, the Securities and Exchange Commission and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or order of the Court; (c) Magnate S.á r.l. and its counsel, Kirkland & Ellis LLP; (d) DAK Americas LLC and its counsel, Weil, Gotshal & Manges LLP; (e) Banco Inbursa S.A., Institución De Banca Multiple, Grupo Financiero Inbursa and its counsel, Cleary Gottlieb Steen & Hamilton LLP; (f) the Official Committee of Unsecured Creditors and its proposed counsel, Milbank, Tweed, Hadley & McCloy LLP; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of noticing. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

20. No prior request for the relief sought herein has been made to this Court or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

Dated:  November 20, 2017

/s/ Dennis Stogsdill
Dennis Stogsdill
Chief Restructuring Officer