# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 17-12307 (BLS) |
| M & G USA CORPORATION, et al.,[1] | (Jointly Administered) |
| Debtors. | D.I. 137 |

## LIMITED OBJECTION OF THE CONSTRUCTION LIENHOLDER GROUP TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME TO FILE (I) SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS AND (II) RULE 2015.3 REPORT

Certain construction lien[2] claimants (collectively, the "Construction Lienholder Group"),[3] by and through their undersigned counsel, file this limited objection to the motion of the above-captioned debtors for entry of an order extending the time to file (i) schedules of assets and liabilities and statements of financial affairs and (ii) Rule 2015.3 Report [Docket No. 137] (the "Motion to Extend"), and in support of its objection, the Construction Lienholder Group states as follows:

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à.r.l. (1270), M&G Chemicals, S.A. (1022), M&G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062), and Indo American Investments Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.
[2] The term "construction lien" is intended to encompass all mechanic's, contractors' or materialman's liens arising under and pursuant to Texas property law.
[3] The members of the Construction Lienholder Group are (i) Apache Industrial, Services, Inc., (ii) Axis Industrial Services, LLC, (iii) Bay Ltd, (iv) Dawkins On-Site Concrete, LLC, (v) Fagioli, Inc., (vi) Garrett Mechanical, Inc. (vii) TCI Business Capital as assignee of Integrity Mechanical Specialists, (viii) Lexicon, Inc., (ix) MEITEC, Inc., (x) Mirage Industrial Group, LLC, (xi) MMR Constructors, Inc., (xii) Repcon, Inc., (xiii) SimplexGrinnell, LP, (xiv) TNT Crane & Rigging Inc., (xv) WFS Construction Company LLC, (xvi) Wholesale Electric Supply of Houston, Inc.

9862371/1

## Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(a)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On November 13, 2017, the Office of the United States Trustee appointed the official committee of unsecured creditors (the "Unsecured Creditors Committee") to represent the interests of unsecured creditors. No holders of a construction lien serve - or were invited to serve - as a member of the Unsecured Creditors Committee. Accordingly, there is no party in these cases to represent the interests of the hundreds of holders of construction liens whose economic interests are too small to justify hiring counsel to represent their individual pecuniary interests.

3. According to the Debtors, in April 2013, the Debtors began construction on a plant in Corpus Christi, Texas (the "Corpus Christi Plant") owned by M & G Resins USA, LLC, one of the above-captioned debtors. Upon information and belief, construction of the Corpus Christi Plant was expected to be completed in December 2015, however the construction ceased prior to October 24, 2017 at only 85% complete. The construction of the Corpus Christi Plant currently remains less than 85% complete. The claims and liens of all of the members of the Construction Lienholder Group arose from the construction of the Corpus Christi Plant.

4. On October 24, 2017, M & G Polymers USA, LLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On October 30, 2017 (the "Petition Date"), M&G USA Corporation, *et al.* (the "Debtors") commenced these chapter 11 cases before this Court (together with the chapter 11 case of M & G Polymers, the "Cases").

5. On October 31, 2017, the Debtors filed the Declaration of Dennis Stogsdill in Support of First Day Pleadings [Docket No. 3] (the "Stogsdill Declaration"). The Stogsdill Declaration represents that there are at least $196 million of construction liens against the Corpus Christi Plant. Stogsdill Declaration, ¶ 10. The members of the Construction Lienholder Group hold more than $162 million of construction liens against the Corpus Christi Plant.

### A. The Debtors Financing and Bid Procedures Motions

6. On October 31, 2017, the Debtors filed a Motion to Approve Postpetition Financing (the "DIP Motion") [Docket No. 14]. On November 1, 2017, M&G Polymers, one of the Debtors, filed a Motion to Approve the Use of Cash Collateral (the "Cash Collateral Motion" and together with the DIP Motion, the "Financing Motions") [Docket No 53]. By and through the Financing Motions, the Debtors seek, among other things, authority to borrow and use in excess of $100 million.

7. On November 16, 2017, the Debtors filed a Motion to Approve Bidding Procedures for the Sale of Certain of the Debtors' Assets [Docket No. 173] (the "Bidding Procedures Motion"). The Corpus Christi Plant, upon which the construction lienholders each have a security interest, is among the assets to be sold pursuant to the Bidding Procedure Motion. The Financing Motions and the Bidding Procedures Motion are all scheduled to be considered by the Court on December 11, 2017.

### B. Debtors' Motion to Extend Deadline to File Schedules

8. On November 10, 2017, the Debtors filed a Motion to Extend Deadline to File Schedules or Provide Required Information to, among other things, extend the period to file their schedules and statements of financial affairs [Docket No. 137] (the "Motion to Extend"). By and through the Motion to Extend, the Debtors respectfully requested that the Court extend the 30 day

period by an additional 60 days, making the Schedules and Statements due 90 days after the Polymers Petition Date (i.e., January 22, 2018), without prejudice to the Debtors' right to seek further extensions.

### C. The Lienholder Bar Date Motion

9. Since the filing of the Motion to Extend, the Debtors filed a for entry of an order (i) establishing lien identification procedures and (ii) granting related relief [Docket No. 214] (the "<u>Lienholder Bar Date Motion</u>"). Notwithstanding the title, the Debtors are actually seeking to impose a bar date on only contractors, mechanics and materialmen. See Lienholder Bar Date Motion, ¶ 11 ("The Debtors propose that each Lienholder, including those Lienholders listed on the List of Known and Potential Lienholders, must submit the Statement of Lien Form including the information set forth above on or before January 15, 2017 [sic] (the 'Lienholder Bar Date'), which is within 35 days after the proposed date for entry of an Order approving this Motion"). Further, by the Lienholder Bar Date Motion, the Debtors request that, "in the event that any Lienholder that fails to timely submit a Statement of Lien Form in accordance with the Lien Identification Procedures will have: (a) the claim on which its purported Lien is based disallowed pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3002(c); (b) its Lien valued at $0 pursuant to section 506(a)(1) of the Bankruptcy Code and Bankruptcy Rule 3012; and (c) its Lien subordinated to all allowed secured claims pursuant to section 510(c) of the Bankruptcy Code." See Lienholder Bar Date Motion, ¶ 13.

10. Additionally, the Lienholder Bar Date Motion would, among other things, require that all known and unknown construction lienholders file with the Bankruptcy Court a form that would require that they provide substantially and substantively more information than is required in a proof of claim or by Section 546(b) of the Bankruptcy Code. Construction lienholders would

still be obligated to perfect their security interests by filing in Texas. The Bidding Procedures Motion and the Lienholder Bar Date Motion are scheduled to be considered by the Court on December 11, 2017.

## BASIS FOR LIMITED OBJECTION TO MOTION TO EXTEND

11. In isolation, the Construction Lienholder Group does not object or take issue with the Debtors extending the deadline to file schedules and statements of financial affairs. The issue here is that the Debtors are seeking to extend the deadlines to file their schedules and statements of financial affairs until January 22, 2018 (without prejudice to the right to seek further extensions), but at the same, they are seeking to have this Court establish a bar date of January 15, 2018 for construction lienholders.

12. Taking the Lienholder Bar Date Motion and the Motion to Extend together, the Debtors are seeking to have this Court schedule a bar date prior to the filing of Schedules and Statement of Financial Affairs and the holding of a meeting of creditors, Such request for relief is contrary to Local Bankruptcy Rule 2001-1(e), which provides:

> <u>Bar Date</u>. In all cases under chapter 11, **the debtor may request a bar date for the filing of proofs of claim or interest.** The request may be granted without notice and hearing **if** (i) the request gives fourteen (14) days' notice to the United States Trustee and the creditors' committee (or the twenty (20) largest unsecured creditors if no creditors' committee is formed), **(ii) the request is filed after the Schedules and Statement of Financial Affairs have been filed and the 11 U.S.C. § 341(a) meeting of creditors has been held and (iii) the request provides that the bar date shall be not less than sixty (60) days from the date that notice of the bar date is served (and not less than 180 days from the order for relief for governmental units).** On entry of the bar date order, the debtor shall serve actual written notice of the bar date on (A) all known creditors and their counsel (if known), (B) all parties on the service list described in Local Rule 2002-1(c), (C) all equity security holders, (D) indenture trustees, (E) the United States Trustee, (F) all taxing authorities for the jurisdictions in which the debtor does business and (G) all environmental authorities listed in Question 17 of the debtor's Statement of Financial Affairs.

(Emphasis added).

5

13. Further, the bar date that the Debtors are seeking would arise before the deadline by which the Debtors would be required to file their schedules and statements (even without considering the possibility that the Debtors would seek a further extension of the deadline). Ultimately, even if this Court were to grant to the Debtors relief from the requirements of Local Rule 2002-1(e) by setting the lienholder bar date required by the Debtors, such relief may be ineffective. Specifically, Rule 3003 of the Federal Rules of Bankruptcy Procedure provides, in relevant part, as follows:

> (b)(1) <u>Schedule of Liabilities</u>. The schedule of liabilities filed pursuant to §521(l) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. It shall not be necessary for a creditor or equity security holder to file a proof of claim or interest except as provided in subdivision (c)(2) of this rule.
>
> * * * * * * * * * *
>
> (c)(2) <u>Who Must File</u>. Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."
>
> * * * * * * * * * *
>
> (3) <u>Time for Filing</u>. The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3), (c)(4), and (c)(6).

While this Court has the ability to fix a bar date, the Federal Rules expressly provide that a creditor may file a proof of claim after the bar date if the claim is not included in the Debtors' schedules as undisputed, noncontingent, and unliquidated. Accordingly, even if this Court granted both the Motion to Extend and the Lienholder Bar Date Motion, which together, set a bar date before the deadline for the Debtors to file their schedules, construction lien creditors would still have the

absolute right to file a proof of claim asserting their security interest after the Debtors filed their schedules.

14. Ultimately, the Construction Lienholder Group is not, by this limited objection, addressing the merits of whether the Debtors can ultimately show cause why this Court should grant the Debtors relief from Local Bankruptcy Rule 2002-1(e) to set a premature bar date.[4] Rather, this limited objection is solely so that the Court may hear the Motion to Extend and the Lienholder Bar Date Motion together.

## RESERVATION OF RIGHTS

15. The Construction Lienholder Group expressly reserves its right to supplement this objection at any time at or prior to the hearing to consider the Motion to Extend.

**WHEREFORE**, the Construction Lienholder Group respectfully requests that this Court enter an order denying the Debtors motion to extending the time to file (i) schedules of assets and liabilities and statements of financial affairs and (ii) Rule 2015.3 Report until such time as this Court has considered the Debtors' Lienholder Bar Date Motion.

November 27, 2017

**MORRIS JAMES LLP**

/s/ WC

Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Brenna A. Dolphin (DE Bar No. 5604)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: emonzo@morrisjames.com
E-mail: bdolphin@morrisjames.com

Counsel to the Construction Lienholder Group

---

[4] The Construction Lienholder Group anticipates filing a separate objection to the Lienholder Bar Date Motion.