IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------ X

In re:

M & G USA CORPORATION, *et al.*,

Debtors.

Chapter 11

Case No. 17-12307 (BLS)

**Related Docket No.: 173**

------------------------------------------------ X

**LIMITED OBJECTION OF FLEX FILMS (USA), INC. TO THE MOTION OF THE DEBTORS FOR ENTRY OF ORDERS (I)(A) APPROVING BIDDING PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS' ASSETS, (B) AUTHORIZING THE DEBTORS TO ENTER INTO ONE OR MORE STALKING HORSE PURCHASE AGREEMENTS AND TO PROVIDE BID PROTECTIONS THEREUNDER, (C) SCHEDULING AN AUCTION AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (D) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND (E) SCHEDULING A SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (II)(A) APPROVING THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

Flex Films (USA), Inc. ("Flex"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection")[1] to the *Motion of the Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets, (B) Authorizing the Debtors to Enter into One or More Stalking Horse Purchase Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and*

---

[1] The deadline to file the within Limited Objection was initially November 30, 2017 at 4:00 p.m., but Debtors' counsel granted Flex an extension of such deadline to December 1, 2017 at 4:00 p.m. Flex has previously communicated certain concerns to the Debtors and two of those concerns have been consensually resolved. Although as of the filing of this Limited Objection, the issue raised herein had not been resolved, Flex is hopeful that through continued discussions, its requested modification will be made consensually.

*Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 173] (the "Motion"). In support of this Limited Objection, Flex respectfully states as follows:

1. Flex and debtor M&G Polymers USA, LLC ("Polymers") are parties to an April 1, 2017 Purchase Agreement (the "Flex Agreement"), pursuant to which Polymers is required to supply Flex, and Flex is required to purchase, certain resin (the "Required Resin") during the period of April 1, 2017 until December 31, 2019 from Polymers' Apple Grove, West Virginia facility (the "PET Production Facility") for use at Flex's Elizabethtown, Kentucky plan (the "Film Plant").

2. Polymers stopped supplying the Required Resin to Flex in mid-September 2017. Polymers has not resumed such supply due to the shutdown of the PET Production Facility in October of 2017 and Polymers has stated in these cases that it "has no expectation of recommencing production in the near term."[2] As a result, Polymers is in default under the Flex Agreement and the damages resulting from such default increase with each passing day.

3. Pursuant to the Motion,[3] the Debtors, including Polymers, are seeking approval of certain bidding procedures with respect to a sale of essentially all of the Debtors' assets. Among the assets being offered for sale, the Debtors are offering to assume and assign certain executory contracts including, presumably, the Flex Agreement. As Flex supports a prompt

---

[2] *Motion of M&G Polymers USA, LLC for Approval of Agreed Interim Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing*, ¶ 18 [Docket No. 53].

[3] Capitalized terms not defined herein shall have the meaning ascribed to such terms as in the Motion.

sale of the Debtors' resin-producing plants so that the production of resin may resume, Flex does not object to the Motion as a whole. Instead, Flex files this Limited Objection solely to seek clarification of the following issues.

**Deadline to File Adequate Assurance Objection**

4. As currently drafted, the proposed bid procedures order ("Proposed Bid Procedures Order") and the proposed assumption and assignment notice (the "Proposed Assumption and Assignment Notice") that accompany the Motion provide that counterparties to an agreement that is proposed to be assumed and assigned will have less than 24 hours to make an Adequate Assurance Objection from the time they learn the identity of the Successful Bidder.

5. Pursuant to paragraphs 29 and 34 of the Proposed Bid Procedures Order, as well as paragraph 10 of the Proposed Assumption and Assignment Notice, such objections are due "no later than March 2, 2018 at noon (prevailing Eastern Time)." The problem with such deadline is that the Proposed Assumption and Assignment Notice may be filed as late as March 1, 2018, and then served via email and/or overnight mail (see Proposed Bid Procedures Order, ¶ 29), thus literally giving counterparties no time at all to file an objection based on the actual Successful Bidder.

6. While the proposed bid procedures provide that counterparties will get certain adequate assurance information from the Debtors, that may not be until February 24, 2018,[4] and such information will be from **all Qualified Bidders**, not just the eventual Successful Bidder. Unless the proposed deadline is revised, Flex would have to perform the following

---

[4] Such information could even be provided even later in light of the Debtors' "discretion to [] extend in writing the Final Bid Deadline for any Prospective Bidder …." Proposed Bid Procedures, Section V.

-3-

analysis for each Qualified Bidder, whether or not such Qualified Bidder ultimately is the Successful Bidder:

> (a) whether such Qualified Bidder has the actual ability to produce the Required Resin under the Flex Agreement (i.e., does it have a plant that can make resin);
>
> (b) whether such Qualified Bidder has the legal rights to make the Required Resin (i.e., does it own the M&G intellectual property rights to make the resin that is required under the Flex Agreement);
>
> (c) whether such Qualified Bidder has the capacity to produce the amounts of Required Resin that Flex needs (i.e., does it have a plant that can make the ~6 million pounds per month that Flex requires), and
>
> (d) whether such Qualified Bidder has the ability to provide such Required Resin in accordance with the Flex Agreement (i.e., does it have a plant that can provide the resin by the same means and in the same time frame, as required under the Flex Agreement).

This is not a simple or inexpensive analysis for one Qualified Bidder, let alone potentially multiple Qualified Bidders. Flex should not be forced to incur the time, costs and expenses associated with the forgoing analysis on parties who are merely Qualified Bidders, but rather such analysis should be done solely on the Successful Bidder designated by the Debtor following the Auction.

7. As such, while Flex is certainly prepared to act quickly, Flex submits that the deadline to file any Adequate Assurance Objections should be moved from March 2, 2018 to at least March 5, 2018, so that counterparties have four (4) days after being notified of the Successful Bidder to lodge any Adequate Assurance Objection they believe is appropriate.

**Joinder in Other Objections**

8. Flex reserves the right to join in any other objections filed in connection with the Motion and to raise any additional arguments as may be appropriate at the hearing.[5]

**WHEREFORE,** Flex requests that the Court sustain the Limited Objection and direct the Debtors to modify the Proposed Bid Procedures Order (and Exhibits) and the Proposed Assumption and Assignment Notice as requested herein.

Dated: December 1, 2017
Wilmington, Delaware

                      **BLANK ROME LLP**

By: */s/ Bryan J. Hall*
Bryan J. Hall (DE No. 6285)
1201 Market Street Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6425
Facsimile: (302) 428-5109
Email: bhall@blankrome.com

-and-

**CKR LAW LLP**
1330 Avenue of the Americas, 14th Floor
New York, New York 10019
Telephone: (212) 259-7300
Facsimile: (212) 259-7307
Attn: Edward L. Schnitzer, Esq.
Email: eschnitzer@ckrlaw.com

*Counsel for Flex Films (USA), Inc.*

---

[5] Flex has certain additional concerns with respect to the Debtors' Proposed Sale Order and how cure payments will be handled. As the Debtors have informed Flex that such order is not being submitted for approval at the December 11th hearing, and that Flex has until February 26, 2018 at 5:00 p.m. to make any objections to such order and the relief requested in the Motion with respect to such order, Flex will reserve such objections for the time being and raise them in the future should the Proposed Sale Order remain as is currently drafted.