# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| M & G USA CORPORATION, *et al.*,[1] | ) Case No. 17-12307 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date:** |
| | ) **December 11, 2017 at 1:00 p.m.** |
| | ) |
| | ) **Objection Deadline:** |
| | ) **December 4, 2017 at 4:00 p.m.** |
| | ) |
| | ) **Re: Docket No. 214** |

## UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTORS' MOTION TO ESTABLISH LIEN IDENTIFICATION PROCEDURES [D.I. 214]

Andrew R. Vara, Acting United States Trustee for Region 3 (the "U.S. Trustee"), hereby objects to the Debtors' motion to establish lien identification procedures as follows:

### I. Introduction

The M & G Debtors' lien identification procedures motion asks for authority to set a bar date for lien claims. This is permissible. What is not permissible is requiring claimants to file claims before the M & G Debtors' schedules are due, truncating claimants' filing period because of the December holiday season, and requesting relief not authorized by the Bankruptcy Code. But the lien identification procedures motion asks for this relief. Unless the M & G Debtors correct

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.a.r.l. (1270), M&G Chemicals, S.A. (1022), M&G Capital S.a.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062), and Indo American Investments Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas,77067.

1

their proposed procedures to remove this inappropriate relief, the Court should not grant the motion.

## II. Factual Background

1. On October 24, 2017, M & G Polymers USA, LLC ("M & G Polymers") filed a voluntary chapter 11 bankruptcy case, docketed as case number 17-12268. On October 30, an additional 11 affiliates of M & G Polymers filed voluntary chapter 11 petitions. The debtors' cases are being jointly administered under one of the later-filed cases, that of M & G USA Corporation (collectively with M & G Polymers USA and the additional 11 debtors the "M & G Debtors").

2. The M & G Debtors are ultimately owned by an Italian corporation, with intermediate Luxembourg holding companies providing executive and back office services for the M & G Debtors as well as non-debtor affiliates and subsidiaries. The M & G Debtors manufacture PET for packaging. In 2013, the M & G Debtors, believing that they could achieve economies of scale, embarked on the construction of a vertically integrated PET plant in Corpus Christie, Texas through the M & G Resins entity. The Corpus Christie plant is approximately 85% complete, and the M & G Debtors estimate that it will cost another $500 million to complete (it is already almost a billion dollars over budget).

3. On November 13, 2017, the U.S. Trustee appointed an official committee of unsecured creditors.

4. An ad hoc group of construction lienholders (the "Construction Lienholder Group") has filed a motion requesting that the Court also order the appointment of an official committee of construction lienholders. The Construction Lienholder Group itself asserts approximately $161 million in total lien claims against the Corpus Christie plant, and estimates that there are at least 122 lien claimants who may hold as much as $400 million in total lien claims

against the Corpus Christie plant. They assert that these claims may be automatically perfected under Texas law, and may prime the M & G Debtors' first lien lender. Other lien claimants have filed joinders to the Construction Lienholder Group's request.

5. On November 20, 2017, the M & G Debtors filed their lienholder identification procedures motion (the "Motion"). The Motion: (a) requests a January 15, 2018 bar date by which all creditors claiming to hold construction liens must submit a "Statement of Lien Form", (b) requests approval of this "Statement of Lien Form", even though it may request information beyond that required by Official Form 410, and (c) proposes procedures that would disallow the claim of, and reduce to $0 and subordinate the lien of any lien claimant that does not file its "Statement of Lien Form" by that deadline.

6. The M & G Debtors also request that unknown lien claimants be bound by the proposed lienholder identification procedures, but do not explain why it is appropriate to disenfranchise lien claimants (whose claims may be automatically perfected under Texas law) in this fashion.

### III. Legal Argument

7. Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Rules) provides that in a Chapter 11 case, the "Court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."[2] The Court has discretion to set bar dates.[3] But parties must receive notice of the bar date that is sufficient to satisfy due process. "Due process requires 'notice reasonably calculated, under all of the circumstances, to apprize interested parties

---

[2] Fed. R. Bankr. P. 3003(c)(3).

[3] *See In re Congoleum Corporation*, 2008 WL 314699 (Bankr., N.J. 2008) ("A bar date in a Chapter 11 case is by no means absolute, as the court may extend the bar date 'for cause shown,' Bankr. 3003(c)(3), a matter left to the sound discretion of the bankruptcy court", 2008 WL 314699, p3 citations omitted).

of the pendency of the action and afford them an opportunity to present their objection."[4]

8. Here, the Motion's procedures result in inadequate notice, a disproportionate burden on lien claimants, and are a request for unreasonable relief. A bar date is reasonable relief; this particular bar date and its associated procedures are not. As filed, the Motion should not be granted.

9. First, the M & G Debtors request that lien claimants be required to file a Statement of Lien Form by January 15, 2018 that may require more information than required by the official proof of claim form. What if a claimant does not? Then that claimant's claim is automatically disallowed. And, its lien is not only valued at zero, but subordinated to all other liens. There is no authority in the Bankruptcy Code or Bankruptcy Rules for this relief. Under the Bankruptcy Code and Rules, untimely claims are not automatically disallowed. Rather, they are not treated as claims under Bankruptcy Rule 3003(c)(2) for purposes of voting and distribution. This is an important distinction. Also, 11 U.S.C. § 506(d)(2) does not permit a debtor to void a security interest because a creditor failed to file a proof of claim by a bar date. The creditor may not be entitled to vote or receive a distribution, but its liens are not void.[5] If the M & G Debtors believe a certain lien, or a group of liens, is or are invalid or improperly perfected, the M & G Debtors must bring actions to avoid those liens. They cannot void them by imposing a bar date. The Bankruptcy Code provides rights and protections for parties when debtors file lien avoidance actions. This motion is not such an action and does not provide those rights and protections. Setting a bar date is appropriate; denying parties' substantive and procedural rights is not.

---

[4] *Folger Adam Security, Inc. v. DeMatteis/MacGregor*, 209 F.3d 252, 265 (3d Cir. 2000).

[5] *Relihan v. Exch. Bank*, 69 B.R. 122 (S.D. Ga. 1985) (a secured creditor who failed to file proof of claim in Chapter 11 bankruptcy proceeding did not lose its lien as result of failure, and the Bankruptcy Court had authority to include in order of confirmation of Chapter 11 plan recognition of continued existence of lien of secured creditor who failed to file proof of claim).

10. Second, the M & G Debtors also propose that although lien claimants must adhere to procedures more stringent than those found in the Code or Rules, they themselves be entitled to leniency. They propose not to file schedules and statements of financial affairs until after the lien claim bar date. This should not be. If the M & G Debtors want a bar date for lien claimants, they must first file schedules, allow parties time to review them, and submit to a meaningful section 341 meeting (not the one held on December 1, at which parties could ask only preliminary questions, lacking schedules and other detailed financial information).

11. Finally, a 35-day notice period may be adequate in other circumstances. Here, it is not. The Christmas and New Year's holidays fall within that period, making it, for practical purposes, much less than 35 days. Many creditors, their counsel, and their employees or other persons responsible for gathering relevant data, may not be available for portions of this period. The Motion also states that the M & G Debtors "may not be aware of all potential lien claims because of applicable state law requirements." Thus, not only is the notice period truncated, it may not even give notice to all lien claimants of the additional and arbitrary requirement to file a claim. This makes the proposed procedures even less appropriate.

**IV**. **Conclusion**

The Motion and its procedures impair lienholders' rights, impose burdens that may not be required under Texas law, and request relief not available under the Bankruptcy Code. Lienholders will also not have sufficient notice of the lien bar date, both because of the proposed timing of the notice and the potential unknown universe of lien claimants that may exist. The proposed procedures exceed relief available under the Bankruptcy Code and Rules. Thus, the Motion should be denied.

**Andrew R. Vara,**
**Acting United States Trustee, Region Three**

Dated: December 1, 2017          **BY:**     /s/ Hannah Mufson McCollum
                                    Hannah Mufson McCollum, Esq.
                                    Trial Attorney
                                    J. Caleb Boggs Federal Building
                                    844 King Street, Suite 2207, Lockbox 35
                                    Wilmington, DE 19801
                                    (302) 573-6491
                                    (302) 573-6497 (Fax)