IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
In re:                                         : Chapter 11
                                               :
M & G CORPORATION, *et al.*,[1]                :
                                               : Case No. 17-12307 (BLS)
            Debtors.                           :
                                               : (Jointly Administered)
                                               :
                                               : **Ref. Docket No. 246 and 343**
---------------------------------------------------------------X

**OBJECTION AND JOINDER OF DIP LENDER AND INBURSA TO MOTION
OF THE CONSTRUCTION LIENHOLDER GROUP FOR APPOINTMENT
OF AN OFFICIAL COMMITTEE OF CONSTRUCTION LIENHOLDERS**

Control Empresarial de Capitales, S.A. de C.V., in its capacity as initial DIP lender (the "DIP Lender") and Banco Inbursa, S.A., Institución de Banca Múltiple, Grupo Financiero Inbursa ("Inbursa"), in its capacity as lender under that certain pre-petition first lien facility hereby join in the *Debtors' Objection to Motion of the Construction Lienholder Group for Appointment of an Official Committee of Construction Lienholders* [Docket No. 343] (the "Debtors' Objection") to the *Motion of the Construction Lienholder Group for Appointment of an Official Committee of Construction Lienholders* [Docket No. 246] (the "Motion")[2] and file this objection (the "Objection") to the Motion. In support of this Objection, the DIP Lender and Inbursa respectfully represent as follows:

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (1022), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Motion.

## **OBJECTION**

1. By the Motion, the ad hoc construction lienholder group (the "Construction Lienholders") seeks entry of an order appointing an official committee of construction lienholders. For the reasons set forth herein and in Debtors' Objection, the Motion should be denied in its entirety.

2. Simply, there is no basis to afford the extreme relief of appointing an additional official committee financed by the Debtors' estates where, as here, the interests of the Construction Lienholders are already adequately represented through their own organization of an ad hoc committee of purportedly secured claimants, or, to the extent their interests are unsecured, by the Official Committee of Unsecured Creditors already appointed in these cases. To the extent that the Construction Lienholders conclude there would be a benefit to their taking collective action to advocate for their claims in these proceedings, they are certainly able to organize informally and indeed they have already done so successfully, as evidenced by the Motion and other appearances by the Construction Lienholders in these cases. In such circumstances there is no need to appoint an official committee, particularly where, as noted by the Debtors, it is not clear that the various creditors that may comprise the Construction Lienholders have predominantly common and aligned interests against the Debtors and relative to the other creditors in these cases. Indeed, to the extent the Debtors have significant disputes with the validity of certain of the Construction Lienholders' claims, the appointment of another official committee in these cases will merely increase the cost of resolving such disputes.

3. Inbursa and the DIP Lender support an orderly sale process that will allow the Debtors to determine whether there is a buyer who can provide value to the Debtors' creditors after paying the DIP Lender, Inbursa and the other secured creditors' claims in full. To that end,

the DIP Lender has agreed to provide the Debtors' post-petition financing facility and advance a substantial sum of money towards the completion of that sale process. However, Inbursa and the DIP Lender share the concern that these cases be administered in an expeditious and efficient manner, given the stark reality that the Debtors are not generating revenue and have no additional sources of cash, their estates are already saddled with substantial secured debt, including the hundreds of millions of dollars of secured claims the Construction Lienholders have asserted against the Debtors' assets, and the ultimate assets that will be available for distribution to unsecured creditors is unknown. While Inbursa and the DIP Lender have already committed to provide substantial credit to the Debtors and to forebear on foreclosing on the Debtors' assets, their willingness to do so is not unlimited. In particular, given the activist role the Official Committee of Unsecured Creditors already has sought to stake out for itself, which has already substantially increased professional fee spend in these cases, Inbursa and the DIP Lender are concerned that the formation of another committee would only further multiply estate costs and the complexity and expense of bringing these cases to a successful resolution, a cost the DIP Lender and Inbursa are not prepared to fund through additional lending.

4. The Construction Lienholders already have demonstrated their ability to meaningfully participate in these cases—having appeared at hearings, filed objections and even served discovery in connection with the DIP Financing motion. The Debtors do not have available resources to burden their estates with the cost of an additional official committee, particularly where such creditors have demonstrated their ability to adequately represent their own interests to the extent such interests overlap and there is a significant likelihood their interests may not be fully aligned. The budget that is associated with the DIP Financing does not include funds allotted to cover any expense for an official committee representing the

3

Construction Lienholders, and neither the DIP Lender nor Inbursa should be required to subsidize such costs.

5. In light of the fact that the appointment of a second official committee would be to the detriment of the estate financially, would increase the complexity of these cases by forming a committee of creditors whose interests may not even be aligned and that the Construction Lienholders are already adequately represented, the appointment of an additional committee is unnecessary, and the facts and circumstances weigh against the Court's exercise of discretion to appoint such a committee.

## **CONCLUSION**

6. For the reasons set forth herein and in the Debtors' Objection, the DIP Lender and Inbursa respectfully request that the Court deny the Motion in its entirety.

Dated: December 4, 2017

>
> CLEARY GOTTLIEB STEEN & HAMILTON LLP
> Lisa M. Schweitzer
> Richard Cooper
> One Liberty Plaza
> New York, New York 10006
> Telephone: (212) 225-2000
> Facsimile: (212) 225-3999
>
>
> */s/ Pauline M. Morgan*_____
> YOUNG CONAWAY STARGATT &
> TAYLOR, LLP
> Pauline K. Morgan (No. 3650)
> Joel A. Waite (No. 2925)
> Ian J. Bambrick (No. 5455)
> Allison S. Mielke (No. 5934)
> Rodney Square
> 1000 North King Street
> Wilmington, Delaware 19801
> Telephone: (302) 571-6600
> Facsimile: (302) 571-1253
>
> Attorneys for the DIP Lender and Inbursa