# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>Jointly Administered<br><br><u>Hearing Date</u>: December 11, 2017 at 1:00 p.m.<br><br>Objection Deadline: December 4, 2017 at 4:00 p.m.<br><br>Re: Docket Nos. 214, 322 & 341 |

## SINOPEC'S JOINDER IN OBJECTIONS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING LIEN IDENTIFICATION PROCEDURES AND (II) GRANTING RELATED RELIEF [D.I. 214]

Sinopec Engineering Group America, LLC and Sinopec Engineering (Group) Co., Ltd. (collectively, "<u>Sinopec</u>"), by and through its undersigned counsel, hereby joins in certain objections [D.I. 322 & 341] (the "<u>Objection</u>") to the *Debtors' Motion for Entry of an Order (I) Establishing Lien Identification Procedures and (II) Granting Related Relief* [D.I. 214] (the "<u>Lienholder Procedures Motion</u>") and respectfully states as follows:

1. According to the Debtors, in April 2013, the Debtors began construction on a plant in Corpus Christi, Texas (the "<u>Corpus Christi Plant</u>") owned by M & G Resins USA, LLC, one of the above-captioned debtors. Sinopec is party to that certain Agreement for Supply of Engineering, Procurement, and Construction for Facilities for the Manufacture of Terephthalic Acid and Polyethylene Terephthalic Acid and Polytheylene Terephthalate Bottle Grade Chip by

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à.r.l. (1270), M&G Chemicals S.A. (1022), M&G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

and between M&G Resins USA, LLC and Sinopec, dated January 11, 2013, as may be amended from time, as well as a related Umbrella Agreement by and between M&G Finanziaria S.R.L. and Sinopec, dated January 11, 2013, as amended and restated from time to time. There are also a variety of other agreements between Sinope and various Debtors and non-debtor affiliates that are related to the supply of materials in connection with the Corpus Christi Plant.

2. On November 20, 2017, the Debtors filed the Lienholder Procedures Motion, which seeks to impose onerous requirements on lienholders such as Sinopec like requiring lienholders to file extensive documentation. If lienholders do not abide by the proposed procedures by January 15, 2017 (the "Proposed Lienholder Bar Date"), the Debtors propose that such lienholders' claims be disallowed, their liens valued at $0 and subordinated to all allowed secured claims.

3. On December 1, 2017, upon the Debtors' request, this Court entered an *Order Granting Debtors Extension of Time to File (I) Schedules of Assets and Liabilities and Statements of Financial Affairs and (II) Rule 2015.3 Reports* [D.I. 319], extending the Debtors' deadline to file schedules of assets and liabilities, statements of financial affairs and the Rule 2015.3 Report to January 22, 2017, one week after the Proposed Lienholder Bar Date.

4. Sinopec has timely asserted its lien rights in these cases by filing its *Notice of Perfection of Mechanic's Liens Under 11 U.S.C. § 546(b)(2) of Sinopec Engineering Group America, LLC* [D.I. 192]. As indicated in the Lienholder Procedures Motion, the Debtors are already aware of Sinopec's lien. *See* Lienholders Proc. Mot. at Ex. B p. 6 of 7 (listing Sinopec as a Known or Potential Lienholder).

5. Sinopec has complied with Texas law and Bankruptcy Code requirements regarding the assertion and perfection of its liens. The Debtors simply have no legal basis for

imposing a bar date with added requirements on Sinopec and other similarly situated lienholders. If the Debtors have an issue with Sinopec's properly asserted and perfected liens, they should bring a procedurally appropriate action to challenge such liens rather than shift the burden onto lienholders to prove their secured claims contrary to the provisions of the Bankruptcy Code.

6. Rather than restate many of the well-stated arguments in the Objections, Sinopec hereby joins in the Objections[2] to the Lienholder Procedures Motion and reserves the right to supplement this joinder, and to present supplemental and further arguments at the hearing on the Lienholder Procedures Motion.

WHEREFORE, for the reasons set forth herein and in the Objections, Sinopec respectfully requests that the Court deny the relief requested in the Lienholder Procedures Motion.

Dated: December 4, 2017

Respectfully submitted,

By: */s/ R. Craig Martin*
R. Craig Martin (DE 5032)
DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: craig.martin@dlapiper.com

*Attorneys for Sinopec Engineering Group America, LLC, and Sinopec Engineering (Group) Co., Ltd.*

---

[2] Sinopec does not join in paragraph 26 of the Construction Lienholder Group's Objection [D.I. 341] as Sinopec is not familiar with the facts set forth therein.