**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: </br></br> M&G USA CORPORATION, *et al.*, </br></br> Debtors[1]. | Chapter 11 </br></br> Case No. 17-12307 (BLS) </br></br> (Jointly Administered) </br></br> Related to Docket No. 14 </br> Hearing Date: December 11, 2017 at 1:00 p.m. |

**FLUOR ENTERPRISES, INC.'S (1) JOINDER IN CONSTRUCTION LIENHOLDER GROUP'S LIMITED OBJECTION TO, AND (2) LIMITED OBJECTION TO, MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS TO (1) AUTHORIZE CERTAIN DEBTORS IN POSSESSION TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362, 363 AND 364; (2) GRANT LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS TO DIP LENDER PURSUANT TO 11 U.S.C. §§ 364 AND 507; (3) PROVIDE ADEQUATE PROTECTION TO THE PRE-PETITION FIRST LIEN LENDER AND THE PRE-PETITION SECOND LIEN SECURED PARTY; (4) MODIFY AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 361, 362, 363, 364 AND 507; (5) SCHEDULE FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND (C) AND LOCAL RULE 4001-2; AND (6) GRANT RELATED RELIEF**

Fluor Enterprises, Inc. ("Fluor") files this Joinder to the Limited Objection of the Construction Lienholder Group (D.I. 380), and this Limited Objection, to the *Motion for Entry of Interim and Final Orders to (1) Authorize Certain Debtors in Possession to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363 and 364; (2) Grant Liens and Superpriority Administrative Expense Claims to DIP Lender Pursuant to 11 U.S.C. §§ 364 and 507; (3) Provide Adequate Protection to the Pre-Petition First Lien Lender and the Pre-Petition Second Lien*

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.ã r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.ã r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

Page 1

*Secured Party; (4) Modify Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507; (5) Schedule Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (C) and Local Rule 4001-2; and (6) Grant Related Relief* ("Motion") (D.I. 14) filed by the Debtors and Debtors-in-Possession (collectively, the "Debtors") in the above-styled jointly-administered Chapter 11 bankruptcy cases (the "Bankruptcy Cases") and would show the Court the following:

## I. BACKGROUND FACTS

1. Fluor provided the Debtors with labor, equipment, materials, and construction services pursuant to two contracts: (1) a March 31, 2017 Personnel Services Agreement (the "PSA") between Fluor and M&G Resins USA, LLC ("M&G"), and (2) a June 8, 2017 Construction Services Agreement ("CSA") between Fluor and Chemtex International, Inc.

2. Under the PSA and CSA, Fluor delivered and provided labor, services, and materials for improvement and construction of a Plant located at 7001 Joe Fulton International Trade Corridor, Corpus Christi, Texas 78409 (the "Property"). The amount owing to Fluor under the CSA is at least $4,985,351.17, exclusive of accruing interest, attorneys' fees, and other charges. The amount owing to Fluor under the PSA is at least $213,468.54, also exclusive of accruing interest, attorneys' fees, and other charges. On December 1, 2017 Fluor filed its *Notice of Perfection of Mechanic's Liens Under 11 U.S.C. § 546(b)(2) of Fluor Enterprises, Inc.* (D.I. 313).

3. On October 31, 2017, Debtors filed the Motion. On November 18, 2017, the Debtors filed a revised form of final order granting the Motion ("Proposed Final Order") (D.I. 198). Fluor hereby files this limited objection to the Motion and Proposed Final Order for the reasons set forth below.

## II. LIMITED OBJECTION

4. The Proposed Final Order fundamentally fails to provide protections for mechanics' and materialmen's liens while also actively curtailing the rights of these lienholders. While Debtors offer adequate protection to second lienholders, the Proposed Final Order contains no adequate protection for second lienholders. This omission is significant because, according to the first day affidavits and subject to further investigation, construction work commenced in April 2013. (*See* D.I. 3 at 4). This commencement of work date is significant because, under Texas law, the time of inception of a mechanic's lien is, among other things, the commencement of construction of improvements or delivery of materials. See TEX. PROP. CODE §53.124(a). The second lien could not arise until after construction commenced. (*See* Proposed Final Order B(ii), (iv)) (noting the Pre-Petition Second Lien Mortgage was dated December 23, 2016).

5. Debtors need to further clarify that existing priming liens to first or second liens are not impaired by the debtor-in-possession financing loan or by any protections provided first and second lienholders. The Proposed Final Order remains unclear on this point, although it appears Debtors are attempting to work with this concept in the Proposed Final Order.

6. Debtors include certain "363 Sale Payment Provisions" that do not take into account the rights of mechanics' and materialmen's liens. (Proposed Final Order B(vii)). These provisions should be stricken as premature and unavailable absent an adversary proceeding. The sale distribution provisions in section B(vii) and paragraph 13(b) of the Proposed Final Order should not be utilized to circumvent existing lien rights. In addition, these provisions proscribe credit bidding and are therefore likewise inappropriate as set forth further in Fluor's Limited Objection to Debtors' sale procedures motion filed concurrently with this Limited Objection.

7. The Final Proposed Order at paragraph 2 contains language stating "each Non-Obligor is authorized to enter into the DIP Loan Agreement, and incur and perform their obligations thereunder." Debtors should explain what these obligations are, as it is unclear from the Proposed Final Order itself.

8. In the very last sentence of paragraph 22(b) of the Proposed Final Order, Debtors exempt from challenge the stipulations related to inter-creditor agreements and the 363 Sale Payment Provisions of paragraph B(vii). Debtors provide no basis for exempting these provisions for challenge, and this language further risks curtailing the rights of mechanics' and materialmen's lien holders.

### III. RESERVATION OF RIGHTS

9. Fluor reserves the right to further amend, modify, or supplement this Objection at any time and also reserve all their rights, if any, as a creditor in these Bankruptcy Cases, including in connection with any proof of claim it may file, any sale motion, its lien rights, and any plan of reorganization or liquidation in these Bankruptcy Cases.

WHEREFORE, Fluor Enterprises, Inc. asks this Court to (i) sustain its objections to the Motion, and (ii) grant Fluor such other and further relief to which it may be justly entitled.

Dated: December 6, 2017  **STEVENS & LEE, P.C.**

 */s/ John D. Demmy*
John D. Demmy (DE Bar No. 2802)
919 North Market Street, Suite 1300
Wilmington, DE 19801
Telephone: (302) 425-3308
Fax: (610) 371-8515
jdd@stevenslee.com

Philip G. Eisenberg
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002

Phone: (713) 226-1489
Fax: (713) 229-2536
peisenberg@lockelord.com

Bradley C. Knapp
**LOCKE LORD LLP**
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5210
Fax: (504) 910-6847
bknapp@lockelord.com

***Attorneys for Fluor Enterprises, Inc.***

**CERTIFICATE OF SERVICE**

      I certify that, on December 6, 2017, a true and correct copy of the foregoing *FLUOR ENTERPRISES, INC.'S (1) JOINDER IN CONSTRUCTION LIENHOLDER GROUP'S LIMITED OBJECTION TO, AND (2) LIMITED OBJECTION TO, MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS TO (1) AUTHORIZE CERTAIN DEBTORS IN POSSESSION TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362, 363 AND 364; (2) GRANT LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS TO DIP LENDER PURSUANT TO 11 U.S.C. §§ 364 AND 507; (3) PROVIDE ADEQUATE PROTECTION TO THE PRE-PETITION FIRST LIEN LENDER AND THE PRE-PETITION SECOND LIEN SECURED PARTY; (4) MODIFY AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 361, 362, 363, 364 AND 507; (5) SCHEDULE FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND (C) AND LOCAL RULE 4001-2; AND (6) GRANT RELATED RELIEF* was served via ECF on all parties receiving electronic notice and on the following by first class United States mail delivery:

Laura Davis Jones
Pachulski Stang Ziehl & Jones, LLP
919 North Market Street - 17th Floor
Wilmington, DE 19801

Scott J. Greenberg
Jones Day
250 Vesey Street
New York, NY 10025

Hannah M. McCollum
Office of the United States Trustee
844 Kind Street – Suite 2207
Wilmington, DE 19801

Pauline K. Morgan
Young Conaway Stargatt & Taylor LLP
1000 North King Street
Wilmington, DE 19801

Lisa M. Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

Curtis S. Miller
Morris, Nichols, Arsht and Tunnell LLP
1201 North Market Street – 16th Floor
Wilmington, DE 19801

Alfredo R. Perez
Weil Gotshal & Manges LLP
700 Louisiana – Suite 1700
Houston, TX 77002

J. Kate Stickles
Cole Schotz P.C.
500 Delaware Avenue – Suite 1410
Wilmington, DE 19801

Dennis F. Dunne
Milbank Tweed Hadley & McCoy LLP
28 Liberty Street
New York, NY 10005-1413

              */s/ John D. Demmy*
               John D. Demmy