# THEIN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>Jointly Administered<br><br>**Related to ECF Nos. 386, 388, 390, 391, 393, 395, 396, 398, 399**[2] |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 107(B), BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1, TO REDACT AND FILE UNDER SEAL CERTAIN PORTIONS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTIONS TO (I) DIP FINANCING, (II) CASH COLLATERAL MOTION AND (II) SALE MOTION AND DECLARATION RELATED THERETO**

The Official Committee of Unsecured Creditors of M & G USA Corporation, *et al.* (the "Committee"), respectfully submits this motion (the "Seal Motion") for entry of an order, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to file under seal certain portions of the (i) *Objection of the Official Committee of Unsecured Creditors to (I) DIP Financing Motion and (II) Cash Collateral Motion* [ECF Nos. 386 & 393] (the "Financing Motions Objection"); (ii) *Objection of Official*

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Pursuant to Local Rule 9018-1(d), this Seal Motion will be considered at the December 11, 2017 hearing and any objections to the Seal Motion may be presented at the hearing.

*Committee of Unsecured Creditors to Motion of the Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into One or More Stalking Horse Purchase Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [ECF No. 390] (the "Sale Motion Objection" and together with the Financing Motions Objection, the "Objections"); (iii) *Declaration of James Burke in Support of the Objections of the Official Committee of Unsecured Creditors to the Debtors' (I) DIP Financing Motion, (II) Cash Collateral Motion and (III) Sale Motion* [ECF No. 393] (the "Burke Declaration"); (iv) *Declaration of Leon Szlezinger in Support of Objection of Official Committee of Unsecured Creditors to the Debtors' Sale Motion* [ECF No. 391] (the "Szlezinger Sale Motion Objection Declaration" and (v) *Declaration of Leon Szlezinger in Support of Objection of Official Committee of Unsecured Creditors to the Debtors' DIP Financing Motion* [ECF No. 388] (the "Szlezinger DIP Financing Motion Objection Declaration" and together with the Burke Declaration and Szlezinger Sale Motion Objection Declaration, the "Declarations"), which are being filed in redacted form concurrently herewith.[3] In support of the Seal Motion, the Committee respectfully submits as follows:

---

[3] In accordance with Local Rule 9018-1(d), the sealed Objections and Declarations are being filed separately from the Seal Motion, as restricted documents, in accordance with CM/ECF procedures.

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Committee consents to jurisdiction if it is determined that the Court cannot enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief requested in this Seal Motion is authorized under sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## RELEVANT PROCEDURAL BACKGROUND

4. On October 30, 2017 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On October 31, 2017, the Debtors filed the *Motion for Entry of Interim and Final Orders to (1) Authorize Certain Debtors in Possession to Obtain Post-Petition Financing Pursuance to 11 U.S.C. §§ 105, 362, 363 and 364; (2) Grant Liens and Superpriority Administrative Expense Claims to DIP Lender Pursuant to 11 U.S.C. §§ 364 and 507; (3) Provide Adequate Protection to the Pre-Petition First Lien Lender and the Pre-Petition Second Lien Secured Party; (4) Modify Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507; (5) Schedule Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2; and (6) Grant Related Relief* [ECF No. 14] (the "DIP Financing Motion"). The following day, the Debtors M&G Polymers USA, LLC filed the *Motion of M&G Polymers USA, LLC for Approval of Agreed Interim Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay and (IV) Scheduling a Final*

3

*Hearing* [ECF No. 53] (the "Cash Collateral Motion," and together with the DIP Financing Motion, the "Financing Motions").

6. On November 13, 2017, the United States Trustee (the "U.S. Trustee") appointed the Committee. *See* ECF No. 146.

7. On November 16, 2017, the Debtors filed the *Motion of the Debtors for Entry of Orders (I) (A) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into One or More Stalking Horse Purchase Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II) (A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [ECF No. 173] (the "Sale Motion").

8. On December 5, 2017, the Court approved the Stipulation and Protective Order (the "Protective Order") agreed to by the Committee, the Debtors, DAK Americas LLC ("DAK"), Banco Inbursa, S.A., Institución de Banca Múltiple, Grupo Financiero Inbursa ("Inbursa"), and Control Empresarial de Capitales, S.A. De C.V. ("CEC"), among others, in connection with certain confidential information made available to the parties in these chapter 11 cases. *See Order Approving Stipulation and Protective Order* [ECF No. 350].

9. On December 6, 2017, the Committee filed with the Court partially redacted versions of its Objections [ECF Nos. 395, 398]. The Committee also filed the supporting Declarations, which attach certain exhibits that are partially and completely redacted (the "Exhibits") [ECF Nos. 396, 399]. The redacted portions of the Objections and Declarations (the

4

"Redacted Material") and the Exhibits reflect information produced by the Debtors and Inbursa in discovery, or otherwise provided to the Committee by the Debtors in these cases, that was designated as confidential.

10. Also on December 6, 2017, the Committee filed unredacted versions of the Objections and Exhibits under seal [ECF Nos. 386, 388, 390, 391 and 393]. The Committee provided unredacted copies of the Objection and the Exhibits to the Debtors.

## RELIEF REQUESTED

11. The Committee requests that the Court enter an order substantially in the form of the order attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing the Committee to file the Redacted Material and Exhibits under seal and ordering that Redacted Material and Exhibits remain under seal, confidential, and not be made available to any third party without further order from the Court, provided that unsealed copies shall be provided to such other parties as may be agreed upon among the Committee, the Debtors, DAK, Inbursa, and other interested parties.

## BASIS FOR RELIEF

12. Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. Section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may -
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

13. Bankruptcy Rule 9018 sets forth the procedures by which a party in interest may obtain a protective order authorizing the filing of a document under seal under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides in relevant part:

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, . . . .

Fed. R. Bankr. P. 9018. In addition, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d).[4]

14. Section 107(b) of the Bankruptcy Code does not require an entity protecting such information to demonstrate good cause. *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected is in one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27 (citing 2 *Colliers on Bankruptcy,* ¶ 107-2 ("Protection is mandatory when requested by an [interested party]")). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Id.*

---

[4] The Court also may grant the requested relief pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15. Courts in this district have previously defined commercial information as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *Orion Pictures*, 21 F.3d at 27). An order sealing commercial or financial information is appropriate where the disclosure of such information could "reasonably be expected to cause . . . commercial injury" and the information is "critical" to the operations of the entity seeking protection, such that the information's "disclosure will unfairly benefit that entity's competitors." *See Alterra Healthcare*, 353 B.R. at 75-76 (citations omitted); *In re Mum Servs., Inc.*, 279 B.R. 478, 484 (Bankr. D. Del. 2002) (noting that section 107(b) "was intended to avoid affording an unfair advantage to competitors by providing them information as to the commercial operations of the debtor") (internal citations omitted). Further, confidential commercial information does not need to rise to the level of a trade secret to be entitled to protection under section 107(b). *See, e.g., Orion Pictures*, 21 F.3d at 28 ("courts interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

16. The Court has broad authority to issue such an order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

17. Here, the Redacted Material and Exhibits reflect information that the Debtors, DAK, Inbursa and CEC have designated as confidential pursuant to the Protective Order.

18. The information contained in the Redacted Material and Exhibits supports certain of the arguments raised by the Committee in its Objections and it is critical that such information be available for the Court's analysis. Allowing the Objections and Declarations to be filed under seal causes no prejudice to the parties in interest.

19. To protect such information, the Committee respectfully requests that this Court authorize the Committee to file the Redacted Material and Exhibits under seal in accordance with the Protective Order.[5]

20. No previous request for the relief sought herein has been made to this or any other Court.

---

[5] The Committee reserves its right to challenge the designations under the Protective Order.

**CONCLUSION**

Based on all of the foregoing, the Committee respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**, and grant the Committee such other relief as the Court deems appropriate.

Dated: December 6, 2017

**COLE SCHOTZ P.C.**

 /s/ J. Kate Stickles
J. Kate Stickles (No. 2917)
David R. Hurst (No. 3743)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
kstickles@coleschotz.com
dhurst@coleschotz.com

- and -

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

Dennis F. Dunne
Abhilash M. Raval
Alan J. Stone
Lauren C. Doyle
Alex B. Lees
28 Liberty Street
New York, New York 10005-1413
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
ddunne@milbank.com
araval@milbank.com
astone@milbank.com
ldoyle@milbank.com
alees@milbank.com

*Proposed Counsel to Official Committee of Unsecured Creditors of M & G USA Corporation, et al.*