IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17- 12307 (BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Re: Docket Nos. 14, 198, 380, 368, 405 |

**DAK AMERICAS LLC'S RESPONSE TO CERTAIN OBJECTIONS TO
DEBTORS' MOTION TO APPROVE DEBTOR IN POSSESSION FINANCING**

DAK Americas LLC ("**DAK Americas**"), by and through its undersigned counsel, hereby submits this response to the *Objection of the Construction Lienholder Group to the Debtors' Motion to Approve Debtor in Possession Financing* (Docket No. 380); the *Objection of the Official Committee of Unsecured Creditors to (I) DIP Financing Motion and (II) Cash Collateral Motion* (Docket No. 386); and the *United States Trustee's Objection to Final Approval of the Debtors' Motion for Post-Petition Financing* (Docket No. 405) (collectively, the "**Objections**"),[2] and respectfully states as follows:

**Response**

1. DAK Americas supports final approval of the DIP Motion. After parsing the inflammatory rhetoric and calculated soundbites in certain of the Objections, two facts appear

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Debtors' motion for post-petition financing (Docket No. 14) (the "**DIP Motion**").

uncontroverted: (1) the Debtors need the proposed DIP Financing immediately for working capital and to avoid a conversion of these cases to chapter 7, and (2) no third-party has proposed a DIP on similar or better terms.

2.   The Debtors commenced these chapter 11 cases to, among other things, sell the Corpus Christi Plant. To facilitate such sale, the Debtors are currently seeking approval of bidding procedures for an auction,[3] and seeking approval of procedures to identify mechanic and materialman's lienholders ("**M&M Lienholders**") with valid claims against the Corpus Christi Plant.[4] DAK Americas has a claim for over $435 million plus applicable damages, fees, and costs secured by a valid enforceable second lien on the Corpus Christi Plant and has agreed to be primed by the DIP Liens (as opposed to M&M Lienholders who are not primed) to provide the Debtors necessary working capital and afford them a realistic opportunity to conduct an auction that would maximize value for all stakeholders. Indeed, DAK Americas is unaware of any key stakeholder questioning the Debtors' judgment to sell the Corpus Christi Plant.

3.   The proposed order approving the DIP Financing Motion (i) provides the Debtors' stipulations affirming the validity of DAK Americas' secured claims and right to credit bid as a secured creditor subject to section 363(k) of the Bankruptcy Code and (ii) affords DAK Americas customary and appropriate adequate protection as the second lien creditor to the extent of diminution of value of its interest in secured collateral in accordance with section 361 of the Bankruptcy Code.[5] The Official Committee of Unsecured Creditors and parties with appropriate

---

[3] *See* Docket No. 173.
[4] *See* Docket No. 214.
[5] *See* Docket No. 198 at 11-13, 29-30.

standing are also afforded customary periods to challenge DAK America's and Inbursa's liens.[6] DAK Americas has already begun producing documents supporting its valid liens and will be well prepared to respond to any challenge at the appropriate time. The Court should approve this customary adequate protection for DAK Americas. The insinuations in the Objections questioning DAK America's liens are simple diversions that can be addressed at a later date in the ordinary course in accordance with the Court's order approving the DIP Motion. Moreover, parties in interest also retain all rights to object to any proposed final sale of the Corpus Christi Plant. Finally, there is no basis to afford the Official Committee of Unsecured Creditors the right to challenge credit bids for "cause" because of the *In re Fisker Auto Holdings* decision. *Fisker* involved unique facts that are clearly not present in these chapter 11 cases and is not even applicable to the DIP Motion.

---

[6] *Id*. at 39.

4. In sum, the Debtors' need for the DIP Financing is clear. The Court should overrule the Objections and approve the DIP Motion on a final basis. DAK Americas expressly reserves the right to supplement, modify and amend this response in writing or orally at any hearing on the DIP Motion.

Dated: December 8, 2017
Wilmington, Delaware

/s/ *Curtis S. Miller*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Robert J. Dehney (No. 3578)
Curtis S. Miller (No. 4583)
1201 North Market Street, 16th Floor
Wilmington, DE 19899
Telephone: (302) 658-9200
Facsimile: (302) 425-4673

and-

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez
Christopher M. Lopez
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

*Counsel for DAK Americas LLC*