# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
| | : | Re: Docket Nos. 173, 355, 387, 390, |
| | : | and 395 |

## DAK AMERICAS LLC'S REPLY TO OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' BIDDING PROCEDURES MOTION

DAK Americas LLC ("**DAK Americas**"),[2] by and through its undersigned counsel, hereby submits this reply ("**Reply**") to the objections of the United Stated Trustee for the District of Delaware (the "**U.S. Trustee**"), dated December 5, 2017 (Docket No. 355), the Committee, dated December 6, 2017 (Docket Nos. 390 and 395), Fluor Enterprises Inc., dated December 6, 2017 (Docket No. 387) (collectively, the "**Objections**") to the *Motion of the Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into One or More Stalking Horse Purchase Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and*

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Bidding Procedures Motion.

*Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (Docket No. 173) (the "**Bidding Procedures Motion**") filed by the above-captioned debtors (collectively, the "**Debtors**"), and respectfully states as follows:

### Response

1. DAK Americas, like all secured creditors, seeks to protect and assert its rights as a secured, second lien lender in these chapter 11 cases. Each of the Objections, however, impermissibly asks this Court to (i) restrict DAK Americas' right to credit bid its valid secured claim and (ii) establish that all credit bids provide a cash component sufficient to fund a "wind-down" budget. The Objections should be overruled for several reasons. First, there is no valid legal basis or case law cited in any Objection holding that a secured creditor like DAK Americas is not entitled to credit bid its second lien at an auction under section 363(k) of title 11 of the U.S. Code (the "**Bankruptcy Code**") absent a final order allowing a secured claim. Section 363(k) provides that:

> At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

11 U.S.C. § 363(k).

2. As a holder of a valid and perfected lien on the Corpus Christi Plant, DAK Americas has statutory rights under section 363(k) to credit bid the full amount of its lien. As is

typical in large chapter 11 cases with proposed auctions at the outset, DAK America's liens and attendant right to credit bid are subject to challenge by the Committee or any other party in interest who receives the requisite standing. *See* Interim DIP Order (Doc. No. 62) ¶23(b); *Final Order Granting Debtors' Motion to (1) Authorize Certain Debtors in Possession to Obtain Post-Petition Financing Pursuant to 11 U.S.C §§ 105, 362, 363 and 364; (2) Grant Liens and Superpriority Administrative Expense Claims to DIP Lender Pursuant to 11 U.S.C. §§ 364 and 507; (3) Provide Adequate Protection to the Pre-Petition First Lien Lender and the Pre-Petition Second Lien Secured Party; (4) Modify Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507; (5) Schedule a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2; and (6) Grant Related Relief* (Doc. No. 198) ¶22(b) (the "**Proposed Final DIP Order**"). Parties will have sufficient time prior to any auction to investigate the status of parties' claims and assert any valid challenge. All parties in interest will also have a right to object to any proposed final sale of the Corpus Christi Plant. Accordingly, the relief the objectors seek, namely invalidation of DAK America's right to credit bid, is both premature and violates the Bankruptcy Code

3.      Second, notwithstanding the Committee's rhetoric, no party has submitted any material evidence to support allegations that DAK Americas is anything other than a secured creditor in these chapter 11 cases with a valid and perfected second lien on the Corpus Christi Plant. As acknowledged by the Debtors in the First Day Declaration, Interim DIP Order, and the Proposed Final DIP Order, DAK Americas is owed $435 million, plus applicable damages, fees and costs, under a certain Corpus Christi Capacity Reservation Agreement, dated as of May 20, 2015 (as amended, the "**Capacity Reservation Agreement**"), between DAK Americas, Debtor M&G USA Corporation ("**M&G USA**"), and Debtor M&G Resins USA, LLC ("**M&G Resins**").

*See* First Day Declaration ¶¶19, 22; Interim Order ¶B; Proposed Final DIP Order ¶B. The Debtors' obligations under the Capacity Reservation Agreement are secured, *inter alia*, by second liens on the Corpus Christi Plant pursuant to a certain Subordinated Deed of Trust, Assignment of Rents and Leases, Collateral Assignment of Property Agreements, Security Agreement and Fixture Filing, dated as of December 23, 2016 (the "**Second Lien Security Agreement**"), by M & G Resins and DAK Americas.

4. Accordingly, for the reasons set forth herein, DAK Americas respectfully requests that the Court deny the Objections and grant the Debtors' Bidding Procedures Motion.

Dated: December 8, 2017
      Wilmington, Delaware

/s/ *Curtis S. Miller*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Robert J. Dehney (No. 3578)
Curtis S. Miller (No. 4583)
1201 North Market Street, 16th Floor
Wilmington, DE 19899
Telephone: (302) 658-9200
Facsimile: (302) 425-4673

and-

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez
Christopher M. Lopez
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

*Counsel for DAK Americas LLC*