**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

**DEBTORS' MOTION FOR ENTRY OF ORDER
TO FILE UNDER SEAL THE REPLIES TO THE OBJECTIONS TO THE DIP
MOTION, THE CASH COLLATERAL MOTION, THE BIDDING PROCEDURES
MOTION, AND RELATED EXHIBITS TO DECLARATION OF LAURA DAVIS JONES**

The above captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Cases") file this motion (the "Motion to Seal") seeking entry of an order substantially in the form annexed hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to file under seal unredacted versions of the *Debtors' Omnibus Reply in Support of Entry of Final DIP Financing Order and Final Cash Collateral Order* (the "DIP and Cash Collateral Reply"), the *Debtors Omnibus Reply to Objections to the Entry of the*

---
[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

DOCS_DE:202819.1 03636-001

*Bidding Procedures Order* (the "Bidding Procedures Reply")[2] and certain exhibits appended to the *Declaration of Laura Davis Jones* (together with the DIP and Cash Collateral Reply and the Bidding Procedures Reply, the "Reply Materials") filed concurrently herewith. In support of this Motion to Seal, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On October 24, 2017 (the "Polymers Petition Date"), Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Additional information regarding the Debtors, including the Debtors' businesses, corporate structure, financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* [Docket No. 3](the "First Day Declaration"), and is incorporated herein by reference.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Reply Materials, as applicable.

4. On December 5, 2017, the Court entered the *Order approving Stipulation and Protective Order* [Docket No. 350] (the "Protective Order").

5. On the date hereof, the Debtors have concurrently filed the Reply Materials.

**RELIEF REQUESTED**

6. By this Motion to Seal, the Debtors seek entry of an order substantially in the form annexed hereto as Exhibit A, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, (i) authorizing the Debtors to file the Reply Materials and any related documents under seal, and (ii) granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate.

**BASIS FOR RELIEF**

7. The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1). Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b), providing that

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any

3

> entity in respect of a trade secret or other confidential research, development, or commercial information

Fed. R. Bankr. P. 9018.

9. Further, Local Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

10. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27. Moreover, the resulting order should be broad (i.e., "any order which justice requires"). *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. 724.

11. Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353

4

B.R. 66, 75 (Bankr. D. Del. 2006). However, commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

    12.  Here, portions of the Reply Materials contain information that has been designated as confidential pursuant to the Protective Order. Under the Protective Order, the Debtors are permitted to file or refer to the information that has been designated as Confidential or Highly Confidential (each as defined in the Protective Order) if they file the information under seal.

    13.  Nonetheless, the Debtors have undertaken efforts to narrow the extent to which the Reply Materials contain such sealed information and endeavored to ensure the Reply Materials are comprehensible to parties reviewing the redacted forms of such Reply Materials. Accordingly, the Debtors respectfully request the entry of an order permitting them to file the unredacted version of the Reply Materials under seal.

## **NOTICE**

    14.  Notice of this Motion to Seal shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Official Committee of Unsecured Creditors; (c) the Internal Revenue Service, the Securities and Exchange Commission and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or order of the Court; (d) Magnate S.á r.l. and its counsel, Kirkland & Ellis LLP; (e) DAK Americas LLC and its counsel, Weil, Gotshal & Manges LLP;

(f) Banco Inbursa S.A., Institución De Banca Multiple, Grupo Financiero Inbursa and its counsel, Cleary Gottlieb Steen & Hamilton LLP; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of noticing. The Debtors submit that no other or further notice need be provided.

## **NO PRIOR REQUEST**

15. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request entry of an order, substantially in the form annexed hereto as Exhibit A.

Dated: December 8, 2017

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Joseph M. Mulvihill*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
jmulvihill@pszjlaw.com
and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: sgreenberg@jonesday.com
scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:	(216) 586-7035
Facsimile:	(216) 579-0212
Email:	ceblack@jonesday.com

*Co-Counsel for the Debtors and Debtors in Possession*