# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered) |

## NOTICE OF SALE, BID PROCEDURES, AUCTION, SALE OBJECTION, SALE HEARING AND OTHER DEADLINES RELATED THERETO

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On November 16, 2017, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a motion [Docket No. 173] (the "Motion") seeking entry of (a) an order (i) authorizing and approving bidding procedures (the "Bidding Procedures") to be used in connection with the sale (each, a "Sale" or "Sale Transaction") of any of the Debtors' Assets (each as defined below); (ii) authorizing the Debtors to enter into one or more asset purchase agreements (any such agreement, an "Asset Purchase Agreement") with one or more potential bidders, including one or more Asset Purchase Agreements with one or more "stalking horse" bidders (each such Asset Purchase Agreement, a "Stalking Horse Agreement", each such bidder, a "Stalking Horse Bidder" and each such bid a, "Stalking Horse Bid"), and to provide certain bid protections (the "Bid Protections") to any Stalking Horse Bidder in connection therewith; (iii) scheduling auctions for the Assets (each, an "Auction") and hearings with respect to the approval of the Sales (the "Sale Hearing") and approving the form and manner of notice thereof; (iv) authorizing certain procedures related to the Debtors' assumption and assignment of executory contracts and unexpired leases (the "Assumption and Assignment Procedures") in connection with any Sale, including notice to each non-Debtor counterparty (each, a "Counterparty") to an executory contract or unexpired lease (collectively, the "Contracts") of the Debtors' proposed cure amounts to cure all monetary defaults under the Contracts (the "Cure Costs"), if any, and notice of proposed assumption and assignment of certain Contracts (collectively, the "Proposed Assumed Contracts") in connection with a particular Sale; (b) entry of one or more orders, as applicable, authorizing and approving (i) the Sale of the Assets free and clear of all liens, claims, interests or encumbrances, except certain permitted encumbrances as determined by the Debtors and any purchaser of the Assets, and subject to any defenses or claims

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

of the Debtors with respect thereto, with liens to attach to the proceeds of such sale(s), and (ii) the assumption and assignment of the Proposed Assumed Contracts; and (c) granting related relief, all pursuant to sections 105(a), 363 and 365 of title 11 of the U.S. Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 6004-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. On December 14, 2017, the Court entered the *Order (I)(A) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets, (B) Authorizing the Debtors to Enter into One or More Stalking Horse Purchase Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [Docket No. 490] (the "Bidding Procedures Order").

3. Pursuant to the Bidding Procedures Order, prospective interested parties will be requested to submit a Proposal (as defined in the Bidding Procedures) for the relevant Assets at any time, but by no later than **January 16, 2018 at 5:00 p.m. (prevailing Eastern Time)** (the "Proposal Deadline") to the following parties: to (a) the Debtors, M&G USA Corporation, 450 Gears Road, Suite 240, Houston, Texas 77067 (Attn: Dennis Stogsdill) (DStogsdill@alvarezandmarsal.com); (b) counsel for the Debtors, (i) Jones Day, 901 Lakeside Avenue, Cleveland, OH 44114 (Attn: Carl E. Black, Esq. (ceblack@jonesday.com)) and 250 Vesey Street, New York, NY 10281 (Attn: Scott J. Greenberg, Esq. (sgreenberg@jonesday.com), Michael J. Cohen, Esq. (mcohen@jonesday.com) and Stacey L. Corr-Irvine, Esq. (scorrirvine@jonesday.com)) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Attn: Laura Davis Jones, Esq., (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com) and Joseph M. Mulvihill, Esq. (jmulvihill@pszjlaw.com)); (c) the Debtors' investment banker, Rothschild Inc., 1251 Avenue of the Americas, 33rd Floor, New York, New York 10020 (Attn: Neil Augustine (neil.augustine@rothschild.com), Jonathan Brownstein (jonathan.brownstein@rothschild.com) and Matthew Guill (matthew.guill@rothschild.com)); (d) with respect to an Apple Grove Bid (as defined in the Bidding Procedures), counsel for the United Steelworkers, (i) Cohen, Weiss and Simon LLP, 900 Third Avenue, New York, New York 10022 (Attn: Richard M. Seltzer, Esq. (rseltzer@cwsny.com) and Hiram M. Arnaud, Esq. (Harnaud@cwsny.com)) and (ii) The Law Office of Susan E. Kaufman, LLC, 919 N. Market Street, Suite 460, Wilmington, Delaware 19801 (Attn: Susan E. Kaufman, Esq. (skaufman@skaufmanlaw.com)); (e) counsel for the Committee, Milbank Tweed Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com); Abhilash M. Raval, Esq. (araval@milbank.com); and Lauren C. Doyle, Esq. (ldoyle@milbank.com)) and (f) the Committee's investment banker, Jefferies LLC, 520 Madison Avenue, New York, New York 10022 (Attn: Leon Szlezinger (lszlezinger@jefferies.com) and John J. D'Amico (jdamico@jeffereies.com)). (the foregoing entities in clauses (a) through (f), the "Bid Notice Parties").

4. Pursuant to the Bidding Procedures Order, the Debtors are authorized, as they may deem necessary and appropriate in the prudent exercise of their business judgment, in

consultation with the Committee, to enter into any Stalking Horse Agreement(s) in connection with the proposed sale of any Assets and to provide Bid Protections to any Stalking Horse Bidder therein; provided that the Debtors shall file a motion (each, a "Stalking Horse Motion") seeking approval of any such Stalking Horse Agreement, including any Bid Protections provided therein. Subject to the Court's determination, but no earlier than seven (7) business days after filing a Stalking Horse Motion and no later than the Sale Hearing, the Debtors are authorized to seek approval from the Court, on an expedited basis if necessary, of such Stalking Horse Agreement(s) and any Bid Protections contained therein, in accordance with Rule 6004-1 of the Local Rules.

5. Any Prospective Bidder (as defined in the Bidding Procedures) that intends to participate in the applicable Auction for any of the Assets must submit its final, binding bid (a "Final Bid") in writing to the Bid Notice Parties on or before:

- **January 22, 2018 at 5:00 p.m. (prevailing Eastern Time) with respect to any of the Apple Grove Assets;** or

- **March 6, 2018 at 5:00 p.m. (prevailing Eastern Time) with respect to any other Assets (and any Apple Grove Assets not sold in an earlier Auction and otherwise available to be sold (the "Residual Apple Grove Assets"))** (as applicable, the "Final Bid Deadline").

6. If the Debtors receive more than one Qualified Bid (as defined in the Bidding Procedures) for any of the Assets by the Final Bid Deadline, the Debtors shall conduct an Auction at the offices of Jones Day, 250 Vesey Street, New York, New York 10281 on the following dates, or at such other time and location as designated by the Debtors, in consultation with the Committee; provided that, if the Debtors reschedule such Auction, notice of the rescheduled Auction shall be filed with the Court and served on the Sale Notice Parties:

- **January 29, 2018 at 10:00 a.m. (prevailing Eastern Time) with respect to the Apple Grove Assets** (or at such other time and location as designated by the Debtors); and

- **March 8, 2018 at 10:00 a.m. (prevailing Eastern Time) with respect to all other Assets (and any Residual Apple Grove Assets)** (or at such other time and location as designated by the Debtors); provided that the Auction for such Assets shall not be rescheduled for a date that is beyond the outside date or milestone for such Auction set forth in the DIP Loan Documents (as defined in the DIP Orders).[2]

---

[2] The "DIP Orders" means the (i) *Interim Order Granting Debtors' Motion to (1) Authorize Certain Debtors in Possession to Obtain Post-Petition Financing Pursuant to 11 U.S.C.§§ 104, 362, 363 and 364; (2) Grant Liens and Superpriority Administrative Expense Claims to DIP Lender Pursuant to 11 U.S.C.§§ 364 and 507; (3) Provide Adequate Protection to the Pre-Petition First Lien Lender and the Pre-Petition Second Lien Secured Party; (4) Modify Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507; (5) Schedule Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2; and (6) Grant Related Relief* [Docket No. 62]

7.  If the Debtors receive no more than one Qualified Bid (including any Stalking Horse Bid(s) or Credit Bid by the DIP Agent, DIP Lender and/or Pre-Petition First Lien Lender (each, as defined in the Bidding Procedures)) with respect to any of the Assets, the Debtors may determine in their reasonable discretion, in consultation with the Committee, not to hold an Auction for such Assets and instead declare such Qualified Bid as the Successful Bid on such Assets and request at the applicable Sale Hearing that the Court approve the applicable Asset Purchase Agreement with the applicable Successful Bidder (including any Stalking Horse Agreement(s) with the applicable Stalking Horse Bidder(s)).

8.  Objections to the Sale Transaction(s) (each, a "Sale Objection"), including any objection to the sale of any Assets free and clear of liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, to the applicable Successful Bidder and/or applicable Backup Bidder, as applicable, and entry of any sale order (other than Cure Objections and Adequate Assurance Objections (as defined below)) must (a) be in writing and specify the nature of such objection; (b) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules and all orders of the Court; and (c) be filed with the Court and served on: (i) Debtors, M&G USA Corporation, 450 Gears Road, Suite 240, Houston, Texas 77067 (Attn: Dennis Stogsdill); (ii) counsel for the Debtors, (1) Jones Day, 901 Lakeside Avenue, Cleveland, OH 44114 (Attn: Carl E. Black, Esq.) and 250 Vesey Street, New York, NY 10281 (Attn: Scott J. Greenberg, Esq., Michael J. Cohen, Esq. and Stacey L. Corr-Irvine, Esq.); and (2) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Attn: Laura Davis Jones, Esq., James E. O'Neill, Esq., and Joseph M. Mulvihill, Esq.); (iii) counsel for the official committee of unsecured creditors appointed in the Cases (1) Milbank, Tweed, Hadley & McCoy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Dennis F. Dunne, Esq., Abhilash M. Raval, Esq. and Lauren C. Doyle, Esq.) and (2) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 (Attn: J. Kate Stickles, Esq. and David R. Hurst, Esq.); (iv) counsel for Control Empresarial de Capitales, S.A. De C.V. and Banco Inbursa, S.A., Institución de Banca Múltiple, Grupo Financiero Inbursa, (1) Cleary Gottlieb Steen & Hamilton LLP, 1 Liberty Plaza, New York, NY 10006 (Attn: Lisa M. Schweitzer, Esq.) and (2) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Pauline K. Morgan, Esq.); (v) counsel to Trimont Real Estate Advisors, LLC, Thompson & Knight LLP, 900 Third Avenue, 20th floor, New York, NY 10022 (Attn: Michael V. Blumenthal, Esq.); (vi) counsel to DAK Americas LLC, (1) Weil Gotshal & Manges LLP, 700 Louisiana, Suite 1700, Houston, Texas, 77002 (Attn: Alfredo R. Perez, Esq.) and (2) Morris, Nichols, Arsht and Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19899 (Attn: Curtis S. Miller, Esq.); (vii) counsel (if applicable) of any Stalking Horse Bidder(s); (viii) counsel (if applicable) of any Successful Bidder(s); (ix) counsel (if applicable)

---

(continued…)

and (ii) *Final Order Granting Debtors' Motion to (1) Authorize Certain Debtors in Possession to Obtain Post-Petition Financing Pursuant to 11 U.S.C.§§ 104, 362, 363 and 364; (2) Grant Liens and Superpriority Administrative Expense Claims to DIP Lender Pursuant to 11 U.S.C.§§ 364 and 507; (3) Provide Adequate Protection to the Pre-Petition First Lien Lender and the Pre-Petition Second Lien Secured Party; (4) Modify Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507; and (5) Grant Related Relief* [Docket No. 479].

of any applicable Backup Bidder(s); and (x) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Hannah McCollum, Esq.) (collectively, the "Objection Recipients") by:

- **January 24, 2018 at 5:00 p.m. (prevailing Eastern Time) with respect to the Sale of any of the Apple Grove Assets**; and

- **March 7, 2018 at 5:00 p.m. (prevailing Eastern Time) with respect to the Sale of any other Assets (and any Residual Apple Grove Assets)**.

9. All Sale Objections not otherwise resolved by the parties prior thereto shall be heard at the applicable Sale Hearing. **IF ANY PARTY FAILS TO TIMELY FILE WITH THE COURT AND SERVE ON THE OBJECTION RECIPIENTS A SALE OBJECTION SUCH PARTY FOREVER SHALL BE BARRED FROM ASSERTING, AT THE APPLICABLE SALE HEARING OR THEREAFTER, ANY OBJECTION TO THE RELIEF REQUESTED IN THE MOTION, OR TO THE CONSUMMATION AND PERFORMANCE OF THE APPLICABLE SALE TRANSACTION(S) CONTEMPLATED BY AN APPLICABLE ASSET PURCHASE AGREEMENT WITH A SUCCESSFUL BIDDER, INCLUDING THE TRANSFER OF THE APPLICABLE ASSETS TO THE APPLICABLE SUCCESSFUL BIDDER(S), FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO SECTION 363(F) OF THE BANKRUPTCY CODE.** Notwithstanding the foregoing or anything herein to the contrary, and as set forth below, the deadline to file an Adequate Assurance Objection in connection with a proposed Sale Transaction shall be:

- **January 31, 2018 at noon (prevailing Eastern Time) with respect to the Sale of any Apple Grove Assets**; and

- **March 12, 2018 at noon (prevailing Eastern Time) with respect to the Sale of any other Assets (and any Residual Apple Grove Assets)**.

10. The hearings to approve the Sales and any Successful Bid(s) therefor shall take place on:

- **February 1, 2018 at 10:00 a.m. (prevailing Eastern Time) with respect to the Sale of any of the Apple Grove Assets**; and

- **March 14, 2018 at 10:00 a.m. (prevailing Eastern Time) with respect to the Sale of any other Assets (and any Residual Apple Grove Assets).**

(as applicable, the "Sale Hearing") before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 N. Market Street, Wilmington, Delaware 19801. The Debtors' presentation to the Court for approval of a Successful Bid does not constitute the Debtors' acceptance of such bid. The Debtors will have accepted the terms of a Successful Bid only when such bid has been approved by the Court pursuant to a Sale Order.

11. To the extent set forth in the Bidding Procedures, the Debtors reserve the right to, in their reasonable discretion, in consultation with the Committee, modify the Bidding Procedures at any time, including, without limitation, to extend deadlines and proposed dates set forth therein, including extending the applicable Final Bid Deadline, modifying the date of the applicable Auction and adjourning and/or rescheduling the applicable Sale Hearing. This Notice is subject to the full terms and conditions set forth in the Bidding Procedures Order and the Bidding Procedures; <u>provided</u> that the Debtors may not amend the Bidding Procedures or the bidding process to (a) reduce or otherwise modify their obligations to consult with any Consultation Party (as defined in the Bidding Procedures) without the consent of such Consultation Party or further Court Order, (b) reduce or otherwise modify their obligations to obtain consent from the DIP Lender or the Pre-Petition First Lien Lender, as applicable or (c) provide for any extensions of deadlines, other modifications of the Bidding Procedures or acceptance of any bids which limit the rights set out in or the protections provided to the DIP Agent, the DIP Lender and the Pre-Petition First Lien Lender as set forth in the DIP Orders, the DIP Loan Documents or the Pre-Petition First Lien Documents, or are inconsistent with the Debtors' agreements and obligations thereunder, in each case without the prior written consent of the Pre-Petition First Lien Lender or the DIP Agent or the DIP Lender, as applicable.

12. Parties interested in receiving additional information, including, with regard to the Sale, the Assets, the Auctions or the Bidding Procedures may make requests to the Debtors' investment banker, Rothschild Inc., 1251 Avenue of the Americas, 33rd Floor, New York, New York 10020 (Attn: Neil Augustine (neil.augustine@rothschild.com), Jonathan Brownstein (jonathan.brownstein@rothschild.com) and Matthew Guill (matthew.guill@rothschild.com)).

13. Copies of the Motion, the Bidding Procedures Order and the Bidding Procedures may be obtained free of charge at the website dedicated to the Debtors' chapter 11 cases maintained by their claims and noticing agent and administrative advisor, Prime Clerk LLC (http://cases.primeclerk.com/mgusa). Copies of these documents are also available for inspection during regular business hours at the Office of the Clerk of the Court, located at 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, and may be viewed for a fee on the internet at the Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

| Dated: December 14, 2017<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP |
|---|---|

/s/ *Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
 joneill@pszjlaw.com
 jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: sgreenberg@jonesday.com
 scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (212) 579-0112
Email: ceblack@jonesday.com

*Co-Counsel for the Debtors*
*and Debtors in Possession*