**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>M & G USA Corporation, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 17-12307 (BLS)<br>)<br>) Jointly Administered<br>)<br>) **Hrg. Date: January 18, 2018 at 10:00 a.m.**<br>) **Obj. Deadline: January 2, 2018 at 4:00 p.m.** |

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF M&G USA CORPORATION, *ET AL.*, FOR ENTRY
OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION
OF GATTAI, MINOLI, AGOSTINELLI, PARTNERS AS SPECIAL
COUNSEL IN RELATION TO ITALIAN LAW AND ITALIAN
PROCEEDINGS *NUNC PRO TUNC* TO NOVEMBER 15, 2017**

The official committee of unsecured creditors (the "Committee") of M&G USA Corporation and each of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases"), hereby submits this application (the "Application") for entry of an order, in the form attached hereto as Exhibit A, authorizing the Committee to retain and employ Gattai, Minoli, Agostinelli, Partners ("Gattai"), *nunc pro tunc* to November 15, 2017, as special counsel for the Committee for Italian law and in relation to the Italian proceedings involving the Debtors and the other companies of the Mossi & Ghisolfi group (the "Italian Proceedings"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended,

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

the "Bankruptcy Code"), rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the Committee submits the declaration, attached hereto as Exhibit B, of Gaetano Carrello, a partner at Gattai (the "Carrello Declaration"), and the declaration, attached hereto as Exhibit C, of Michael Strollo, a member of the Committee (the "Strollo Declaration"). In further support of this Application, the Committee respectfully states as follows:

**Jurisdiction and Venue**

1. Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction to consider and grant the relief requested herein. A proceeding to consider and grant such relief is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On November 1, 2017, the Court entered an order joint administering these Chapter 11 Cases.

3. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

4. On November 13, 2017 (the "Formation Date"), pursuant to section 1102(a)(1) of the Bankruptcy Code, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee. The Committee consists of the following seven members: (i) Industrial and Commercial Bank of China Limited, (ii) UniCredit S.p.A., (iii) Banca Monte dei Paschi di Siena S.p.A., (iv) Pepsi-Cola Advertising and Marketing, Inc., (v) Amcor Group GmbH, (vi) United Steel Workers, and (vii) Pension Benefit Guaranty Corporation. On November 15, 2017, the Committee duly selected Gattai as special counsel to represent it during the pendency of these Chapter 11 Cases with respect to all matters relating to Italian law and the Italian Proceedings.

**Retention of Gattai**

**A. Services To Be Provided by Gattai**

5. The Committee respectfully submits that it will be necessary to employ and retain Gattai pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to render the following services, among others, as directed by the Committee:

(a) advising the Committee regarding the Italian Proceedings, including, but not limited to, Italian law issues that impact the Debtors' estates or otherwise affect the rights of the Debtors' unsecured creditors;

(b) assisting and representing the Committee with regard to any filings in the Italian Proceedings;

(c) appearing in the Italian Proceedings on behalf of the Committee, as applicable;

(d) advising the Committee on the relationships between the Debtors and the other companies of the Mossi & Ghisolfi group based in Italy; and

(e) providing such other services to the Committee in relation to Italian law or the Italian Proceedings as may be necessary and requested by the Committee.

6. The Committee believes that Gattai possesses extensive knowledge and expertise with respect to Italian insolvency proceedings and Italian elements of complex cross-border insolvency matters and restructuring transactions. Gattai has been involved, as counsel to debtors, creditors, shareholders or new investors (as the case may be), in numerous high profile Italian restructuring cases, including (among others) representations in the restructurings of: (i) Italtel (one of the main telecom/IT companies in Italy with key shareholders Cisco and Telecom Italia) under article 182-bis of the Italian Insolvency Law; (ii) Seat Pagine Gialle (one of the most high profile cross-border restructurings involving an Italian listed company); (iii) Jeckerson (a high profile fashion house) under the new procedures for *concordato preventivo*; (iv) Sorgenia (the most high profile restructuring in the Italian energy sector) under article 182-bis of the Italian Insolvency Law; and (v) Premuda (one of the largest companies in the Italian shipping sector, which is listed on the Milan Stock Exchange). In addition, Gattai has expertise and experience in the area of international transactions, and, specifically, in inbound and outbound investments, and is acknowledged in all major international directories as one of the leading Italian transactional practices, both in the corporate and the restructuring sectors.

7. In consideration of the foregoing, the Committee believes that Gattai is well qualified to represent the Committee in matters pertaining to Italian law and the Italian Proceedings.

**B.  Disclosure Concerning Conflicts of Interest**

8. To the best of the Committee's knowledge, information and belief, based on, and except as otherwise set forth in, the annexed Carrello Declaration, Gattai does not have any connection with or represent any other entity having an adverse interest to the Debtors, their

creditors or any other party in interest, or their respective attorneys or accountants. The Carrello Declaration also sets forth, pursuant to Bankruptcy Rule 2014(a), to the best of Mr. Carrello's knowledge, Gattai's connections with the Debtors, known creditors, other known parties in interest, their respective attorneys and accountants, the U.S. Trustee for Region 3, and any attorney employed in the Delaware office of the U.S. Trustee. To the best of the Committee's knowledge and subject to the Carrello Declaration, Gattai represents no other entity in connection with these Chapter 11 Cases, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and does not hold or represent any interest adverse to the Committee with respect to the matters upon which it is to be employed.

9. Based on the Committee's review of the Carrello Declaration, including the description of Gattai's connections with the parties in interest set forth therein, the Committee sees no obstacle to Gattai's retention. The Committee believes that employment of Gattai as its special counsel on the terms of this Application and the Carrello Declaration is appropriate, necessary, and in the best interests of the unsecured creditor body that the Committee represents. The Committee thus seeks entry of an order authorizing and approving Gattai's engagement by the Committee on the terms set forth in the Carrello Declaration and in this Application.

## C. Effective Date of Retention

10. The Committee requests that Gattai's retention be approved effective as of November 15, 2017, the date on which Gattai was selected as Committee special counsel and began work on the Committee's behalf. The Committee believes retention *nunc pro tunc* to this date is appropriate in light of the nature of these Chapter 11 Cases and the Committee's

immediate and urgent need for the provision of legal services upon its formation and selection of counsel.

**D.      Compensation of Gattai**

11.     Gattai intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code; the Bankruptcy Rules; the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"); and the Local Rules and orders of this Court; and pursuant to the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 308] entered in these Chapter 11 Cases on November 30, 2017 (the "Interim Compensation Order") and any additional procedures that may be or have already been established by the Court in these Chapter 11 Cases.

12.     Subject to the Court's approval, Gattai will be compensated for its services to the Committee at its standard hourly rates, which are based on each professional's level of experience, plus reimbursement of the actual and necessary expenses that Gattai incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered. At present, the standard hourly rates charged by Gattai range from $600 to $860 for Partners, $460 to $580 for Counsel, $200 to $480 for Associates, and $100 to $150 for Legal Assistants. These hourly rates are subject to periodic firm-wide adjustments in the ordinary course of Gattai's business, notice of which adjustments shall be provided to the Debtors and the U.S. Trustee. These hourly rates are also subject to fluctuations in the EUR/USD exchange rate, as Gattai's rates are originally quoted in euros. Gattai will maintain detailed, contemporaneous

records of time and any necessary costs and expenses incurred in connection with the rendering of the legal services described above, and will be reimbursed for such costs and expenses in conformity with the Revised UST Guidelines.

**Relief Requested**

13. By this Application, the Committee respectfully requests entry of the attached proposed order authorizing the employment and retention of Gattai as special counsel to the Committee, effective as of November 15, 2017, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1.[2]

**Basis for Relief**

14. The Committee respectfully requests that the Court authorize retention of Gattai as its attorneys pursuant to section 1103(a) of the Bankruptcy Code, which provides that a committee appointed under section 1102 of the Bankruptcy Code:

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

15. Further, section 328(a) of the Bankruptcy Code provides that professionals employed pursuant to section 1103 may be employed "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingency fee basis."

16. The Committee submits that, for all the reasons stated above and in the Carrello Declaration, the retention of Gattai as special counsel to the Committee is warranted.

---

[2] Pursuant to Local Rule 9013-1(f), the Committee hereby confirms its consent to the entry of a final order by this Court in connection with this Application if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

Further, as stated in the Carrello Declaration, Gattai is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Carrello Declaration. Accordingly, the retention of Gattai as special counsel to the Committee should be approved.

## Notice

17. Notice of this Application has been provided to: (a) counsel to the Debtors, Jones Day, 250 Vesey Street, New York, New York 10281, Attn: Scott J. Greenberg, Esq. and Stacey L. Corr-Irvine, Esq., and Jones Day, 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn: Carl E. Black, Esq., and Pachulski Stang Ziehl &Jones, 919 N. Market Street, 17th Floor P.O. Box 8705 Wilmington, DE 19899-8705, Attn: Laura Davis Jones, Esq.; (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Andrew R. Vara, Esq. and Hannah M. McCollum, Esq.; (c) the Internal Revenue Service, the Securities and Exchange Commission and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or order of the Court; (d) Magnate S.a.r.l. and its counsel, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Jeremey Evans, Esq., and Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Mark Kieselstein, P.C., and Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Philadelphia, PA 19103, Attn: Morton R. Branzburg, Esquire; and Klehr Harrison Harvey Branzburg LLP, 919 Market Street, Suite 1000, Wilmington, DE 19801-3062, Attn: Domenic E. Pacitti, Esq.; (e) DAK Americas LLC and its counsel, Weil, Gotshal & Manges LLP, 700 Louisiana, Suite 1700, Houston, Texas 77002, Attn: Alfredo R. Perez, Esq. and Chris

M. Lopez, Esq., and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347, Attn: Curtis Miller, Esq.; (f) Banco Inbursa S.A., Institucin De Banca Multiple, Grupo Financiero Inbursa and its counsel, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Lisa M. Schweitzer, Esq., Kara A. Hailey, Esq., Philip A. Cantwell, Esq., and Chelsey Rosenbloom, Esq. and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Pauline K. Morgan, Esq.; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 as of the filing of the Application. In light of the nature of the relief requested, the Committee respectfully submits that no other or further notice of the Application is required.

### No Prior Request

18. No previous request for the relief sought herein has been made to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Committee respectfully requests that the Court enter an order, in the form attached hereto as Exhibit A, (a) authorizing the Committee to retain Gattai *nunc ro tunc* to November 15, 2017; and (b) granting such further relief as is just and proper.

Dated: December 16, 2017

                                                  Respectfully submitted,

                                                  The Official Committee of Unsecured Creditors of M & G USA Corporation, *et al.*

By: */s/ Michael Strollo*
     Michael Strollo
     Senior Financial Analyst
     Pension Benefit Guaranty Corporation

     On Behalf of the Official Committee of Unsecured Creditors of M & G USA Corporation, *et al.*