## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | Case No. 17-12307 (BLS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On November 16, 2017, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") a motion [Docket No. 173] (the "Motion") seeking entry of (a) an order (i) authorizing and approving bidding procedures (the "Bidding Procedures") to be used in connection with the sale (each, a "Sale" or "Sale Transaction") of any of the Debtors' Assets (each as defined below); (ii) authorizing the Debtors to enter into one or more asset purchase agreements (any such agreement, an "Asset Purchase Agreement") with one or more potential bidders, including one or more Asset Purchase Agreements with one or more "stalking horse" bidders (each such Asset Purchase Agreement, a "Stalking Horse Agreement", each such bidder, a "Stalking Horse Bidder" and each such bid a, "Stalking Horse Bid"), and to provide certain bid protections (the "Bid Protections") to any Stalking Horse Bidder in connection therewith; (iii) scheduling auctions for the Assets (each, an "Auction") and hearings with respect to the approval of the Sales (the "Sale Hearing") and approving the form and manner of notice thereof; (iv) authorizing certain procedures related to the Debtors' assumption and assignment of executory contracts and unexpired leases (the "Assumption and Assignment Procedures") in connection with any Sale, including notice to each non-Debtor counterparty (each, a "Counterparty") to an executory contract or unexpired lease (collectively, the "Contracts") of the Debtors' proposed cure amounts to cure all monetary defaults under the Contracts (the "Cure Costs"), if any, and notice of proposed assumption and assignment of certain Contracts (collectively, the "Proposed Assumed Contracts") in connection with a particular Sale; (b) entry of one or more orders, as applicable, authorizing and approving (i) the Sale of the Assets free and

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

clear of all liens, claims, interests or encumbrances, except certain permitted encumbrances as determined by the Debtors and any purchaser of the Assets, and subject to any defenses or claims of the Debtors with respect thereto, with liens to attach to the proceeds of such sale(s), and (ii) the assumption and assignment of the Proposed Assumed Contracts; and (c) granting related relief, all pursuant to sections 105(a), 363 and 365 of title 11 of the U.S. Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, 9007, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 6004-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. On December 14, 2017, the Court entered the *Order (I)(A) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets, (B) Authorizing the Debtors to Enter into One or More Stalking Horse Purchase Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* [Docket No. 490] (the "Bidding Procedures Order") approving, in part, the relief requested in the Motion.

3. The hearings to approve the Sales and any Successful Bid(s) therefor shall take place on:

- **February 1, 2018 at 10:00 a.m. (prevailing Eastern Time) with respect to the Sale of any of the Apple Grove Assets**; and

- **March 14, 2018 at 10:00 a.m. (prevailing Eastern Time**) **with respect to the Sale of any other Assets (and any Apple Grove Assets not sold in an earlier Auction and otherwise available to be sold** (the "Residual Apple Grove Assets")).

(as applicable, the "Sale Hearing") before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 N. Market Street, Wilmington, Delaware 19801. The Debtors' presentation to the Court for approval of one or more highest or best bid(s) resulting from the Auctions (each a "Successful Bid") does not constitute the Debtors' acceptance of such bid. The Debtors will have accepted the terms of a Successful Bid only when such bid has been approved by the Court pursuant to a Sale Order.

4. Pursuant to the Bidding Procedures Order, the Debtors file this Assumption and Assignment Notice to notify Counterparties whose Contracts may be assumed in connection with a Sale Transaction. In accordance with the Assumption and Assignment Procedures set forth in the Motion and the Bidding Procedures Order, the Debtors may seek to assume and assign to one or more Successful Bidders (as defined in the Bidding Procedures) certain Contracts of the Debtors. The Contracts that the Debtors believe may be subject to assumption and assignment in relation to a Sale Transaction are identified on Schedule 1 attached hereto. The Cure Costs, if any, that the Debtors believe are required to be paid to the applicable Counterparty to cure any monetary defaults under each Contract pursuant to sections 365(b)(1)(A) and (B) of the Bankruptcy Code is set forth on the Schedule 1.

5. Any Counterparty that wishes to object to the proposed assumption, assignment and sale of a Contract listed herein, the subject of which objection is the Debtors' proposed Cure Costs to cure any outstanding monetary defaults then existing under such Contract (each, a "Cure Objection") shall file with the Court and serve its Cure Objection on (a) the Debtors, M&G USA Corporation, 450 Gears Road, Suite 240, Houston, Texas 77067 (Attn: Dennis Stogsdill); (b) counsel for the Debtors, (i) Jones Day, 901 Lakeside Avenue, Cleveland, OH 44114 (Attn: Carl E. Black, Esq.) and 250 Vesey Street, New York, NY 10281 (Attn: Scott J. Greenberg, Esq., Michael J. Cohen, Esq. and Stacey L. Corr-Irvine, Esq.); and (ii) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Attn: Laura Davis Jones, Esq., James E. O'Neill, Esq., and Joseph M. Mulvihill, Esq.); (c) counsel for the official committee of unsecured creditors appointed in these chapter 11 cases (1) Milbank, Tweed, Hadley & McCoy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Dennis F. Dunne, Esq., Abhilash M. Raval, Esq. and Lauren C. Doyle, Esq.) and (2) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 (Attn: J. Kate Stickles, Esq. and David R. Hurst, Esq.); (d) counsel for Control Empresarial de Capitales, S.A. De C.V. and Banco Inbursa, S.A., Institución de Banca Múltiple, Grupo Financiero Inbursa, (i) Cleary Gottlieb Steen & Hamilton LLP, 1 Liberty Plaza, New York, NY 10006 (Attn: Lisa M. Schweitzer, Esq.) and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Pauline K. Morgan, Esq.); (e) counsel to Trimont Real Estate Advisors, LLC, Thompson & Knight LLP, 900 Third Avenue, 20th floor, New York, NY 10022 (Attn: Michael V. Blumenthal, Esq.); (f) counsel to DAK Americas LLC, (i) Weil Gotshal & Manges LLP, 700 Louisiana, Suite 1700, Houston, Texas, 77002 (Attn: Alfredo R. Perez, Esq.) and (ii) Morris, Nichols, Arsht and Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19899 (Attn: Curtis S. Miller, Esq.); (g) counsel (if applicable) of any Stalking Horse Bidder(s); (h) counsel (if applicable) of any applicable Successful Bidder(s); (i) counsel (if applicable) of any applicable Backup Bidder(s) (as defined in the Bidding Procedures); and (j) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Hannah McCollum, Esq.) (collectively, the "Objection Recipients") **no later than January 3, 2018 at 5:00 p.m. (prevailing Eastern Time)** (the "Cure Objection Deadline"). Any Cure Objection must state, with specificity, the legal and factual bases therefor, including any appropriate documentation in support thereof.

6. The Bidding Procedures Order requires that the Debtors, in consultation with the Committee, and a Counterparty that has filed a Cure Objection first confer in good faith to attempt to resolve the Cure Objection without Court intervention. If the parties are unable to consensually resolve the Cure Objection prior to the commencement of the applicable Sale Hearing, the Court shall make all necessary determinations relating to the applicable Cure Costs and Cure Objections at a hearing scheduled pursuant to the following paragraph. If a Cure Objection is resolved in a manner that is not in the best interests of the Debtors and their estates, whether or not such resolved Cure Objection occurs prior to or after the closing of the applicable Sale Transaction, the Debtors may determine that any Proposed Assumed Contract subject to such resolved Cure Objection will no longer be assumed and assigned pursuant to the applicable Sale Transaction (subject to the terms of the applicable Sale Transaction). All other objections to the proposed assumption and assignment of the Debtors' right, title, and interest in, to, and under a Contract, if it is ultimately designated a Proposed Assumed Contract, will be heard at the applicable Sale Hearing.

7.     If a timely filed Cure Objection cannot otherwise be resolved by the parties, such objection may be heard by the Court at the applicable Sale Hearing or subsequent to the applicable Sale Hearing (an "Adjourned Cure Objection"); provided that the determination of whether a Cure Objection may be heard at such Sale Hearing is in the discretion of the Debtors, in consultation with the Committee, and approval of the Court.  An Adjourned Cure Objection may be resolved after the closing date of the applicable Sale Transaction(s); provided that, the applicable Sale Transaction provides for the establishment of a cash reserve equal to the cure amount the objecting Counterparty reasonably believes is required to cure the asserted monetary default under the applicable Proposed Assumed Contract (or as otherwise may be provided under the applicable Sale Transaction agreement or as so ordered by the Court).  Upon resolution of an Adjourned Cure Objection and the payment of the applicable cure amount, if any, the applicable Proposed Assumed Contract that was the subject of such Adjourned Cure Objection shall be deemed assumed and assigned to the applicable Successful Bidder, as of the closing date of the applicable Sale Transaction(s).

8.     **If a Counterparty fails to timely file with the Court and serve on the Objection Recipients a Cure Objection, the Counterparty shall be deemed to have consented to the applicable Cure Costs set forth in the Assumption and Assignment Notice and, unless the Court orders otherwise, forever shall be barred from asserting any objection with regard to such Cure Costs or any other claims related to the applicable Proposed Assumed Contract against the Debtors or any Successful Bidder(s) or their respective property (unless the Counterparty has filed a timely Adequate Assurance Objection with respect to the Proposed Assumed Contract).  Unless the Court orders otherwise, the Cure Costs set forth in the Assumption and Assignment Notice shall be controlling and will be the only amount necessary to cure outstanding defaults under Proposed Assumed Contracts under section 365(b) of the Bankruptcy Code, notwithstanding anything to the contrary in any Proposed Assumed Contract, or any other document.**

9.     In the event that the Debtors identify any Counterparties that were not served with this Assumption and Assignment Notice, the Debtors may subsequently serve such Counterparty with an Assumption and Assignment Notice, and the following procedures will nevertheless apply to such Counterparty; provided, however, that the deadline to file a Cure Objection with respect to such Counterparty shall be **5:00 p.m. (prevailing Eastern Time) on the date that is seven days following service of such modified Assumption and Assignment Notice; provided that the Debtors will make a good faith effort to obtain email addresses or, to the extent email addresses are not available, fax numbers for all Counterparties to the Proposed Assumed Contracts and serve the Proposed Assumed Contracts Notice by email (or fax) on such parties**.

10.    As soon as reasonably practicable after the conclusion of the applicable Auction, but no later than **January 30, 2018 with respect to the Apple Grove Assets** and **March 9, 2018 with respect to all other Assets (and any Residual Apple Grove Assets)**, the Debtors shall file with the Court, serve on the Sale Notice Parties (as defined in the Bidding Procedures), including each applicable Counterparty, and cause to be published on the Prime Clerk Website (as defined below) a list of the Proposed Assumed Contracts that the Debtors will seek to assume and assign pursuant to a Stalking Horse Agreement, if any, or one or more Asset Purchase Agreements

submitted by a Successful Bidder (as defined in the Bidding Procedures) (such notice, a "Proposed Assumed Contracts Notice"). Any Counterparty to a Contract that is identified as a Proposed Assumed Contract that wishes to object to the proposed assumption, assignment and sale of a Proposed Assumed Contract, the subject of which objection is a Successful Bidder's proposed form of adequate assurance of future performance with respect to such contract (each, an "Adequate Assurance Objection"), shall file with the Court and serve on the Objection Recipients an Adequate Assurance Objection, which must state, with specificity, the legal and factual bases therefor, including any appropriate documentation in support thereof, by no later than:

- **January 31, 2018 at noon (prevailing Eastern Time) with respect to the Sale of any Apple Grove Assets**; and

- **March 12, 2018 at noon (prevailing Eastern Time) with respect to the Sale of any other Assets (and any Residual Apple Grove Assets)** (as applicable, the "Adequate Assurance Objection Deadline").

11. The Bidding Procedures Order requires that the Debtors and a Counterparty that has filed an Adequate Assurance Objection first confer in good faith to attempt to resolve the Adequate Assurance Objection without Court intervention. If the parties are unable to consensually resolve the Adequate Assurance Objection prior to the commencement of the applicable Sale Hearing, such objection and all issues of adequate assurance of future performance of the applicable Successful Bidder shall be determined by the Court at the applicable Sale Hearing.

12. **If a Counterparty fails to timely file with the Court and serve on the Objection Recipients an Adequate Assurance Objection, the Counterparty shall be deemed to have consented to the assumption and assignment of the applicable Proposed Assumed Contract and adequate assurance of future performance in connection therewith to the applicable Successful Bidder and, unless the Court orders otherwise, forever shall be barred from asserting any objection with regard to such assumption and assignment (unless the Counterparty has filed a timely Cure Objection with respect to the Proposed Assumed Contract) or adequate assurance of future performance in connection therewith or any other claims related to such Proposed Assumed Contract against the Debtors or any Successful Bidder(s) or their respective property. The applicable Successful Bidder shall be deemed to have provided adequate assurance of future performance with respect to the applicable Proposed Assumed Contract in accordance with section 365(f)(2)(B) of the Bankruptcy Code, notwithstanding anything to the contrary in the Proposed Assumed Contract, or any other document.**

13. The inclusion of a Contract or other document or Cure Costs on Schedule 1 of this Assumption and Assignment Notice or on any subsequently filed Proposed Assumed Contracts Notice (collectively, the "Contract Notices") shall not constitute or be deemed a determination or admission by the Debtors, the applicable Successful Bidder(s), or any other party in interest that such Contract or other document is an executory contract or an unexpired lease within the meaning of the Bankruptcy Code or that the stated Cure Costs are due (all rights with respect thereto being expressly reserved). The Debtors reserve all of their rights, claims, and causes of

action with respect to each Contract or other document listed on the Contract Notices.  **The Debtors' inclusion of any Contract on the Contract Notices shall not be a guarantee that such contract ultimately will be assumed or assumed and assigned.**  The Contract Notices shall be without prejudice to each Successful Bidder's rights, if any, under the applicable Asset Purchase Agreement, to subsequently exclude Proposed Assumed Contracts from the assumption or assignment prior to the closing of an applicable Sale Transaction(s).

14. The Debtors fully reserve the right to amend, modify or supplement the Contract Notices (each, an "Amended Contract Notice"); provided that the deadline for any Counterparty that is added to an Amended Contract Notice or whose Cure Cost under a Contract is reduced to file (a) a Cure Objection shall be **5:00 p.m. (prevailing Eastern Time) on the date that is seven days** following service of the Amended Contract Notice; and (b) an Adequate Assurance Objection by the earlier **of one business day following the service of the Amended Contract Notice or the date of the applicable Sale Hearing**; provided, however, that if the earlier date is the applicable Sale Hearing, the Counterparty need not file a written Adequate Assurance Objection and may instead make its Adequate Assurance Objection on the record at the applicable Sale Hearing.

15. The Debtors' assumption and/or assignment of a Contract is subject to approval by the Court and consummation of one or more Sale Transactions.  Absent consummation of one or more Sale Transactions and entry of an applicable Sale Order approving the assumption and/or assignment of the Contracts, the Contracts shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtors.

16. Copies of the Motion, the Bidding Procedures Order and the Bidding Procedures may be obtained free of charge at the website dedicated to the Debtors' chapter 11 cases maintained by their claims and noticing agent and administrative advisor, Prime Clerk LLC (http://cases.primeclerk.com/mgusa) (the "Prime Clerk Website").  Copies of these documents are also available for inspection during regular business hours at the Office of the Clerk of the Court, located at 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and may be viewed for a fee on the internet at the Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

| Dated: December 21, 2017<br>Wilmington, Delaware | PACHULSKI STANG ZIEHL & JONES LLP |
|---|---|

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: sgreenberg@jonesday.com
scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-3939
Facsimile: (212) 579-0112
Email: ceblack@jonesday.com

*Co-Counsel for the Debtors
and Debtors in Possession*