## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**DEBTORS' FIRST OMNIBUS MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THEM
TO REJECT CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES *NUNC PRO TUNC* TO THE REJECTION DATE**

**PARTIES RECEIVING THIS MOTION
SHOULD LOCATE THEIR NAMES AND THEIR
LEASES AND/OR CONTRACTS LISTED ON EXHIBIT B ATTACHED HERETO**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), move the Court (this "Motion"), pursuant to sections 105 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order, in substantially the form attached as Exhibit A (the "Proposed Order"), authorizing them to reject the executory contracts and unexpired leases identified in Exhibit B (collectively, the "Rejected Contracts"),[2] *nunc pro tunc* to the date of this Motion (the "Rejection Date"). In support of this Motion, the Debtors respectfully state as follows:

---

[1]  The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2]  Exhibit B attached hereto lists (a) the counterparty to each of the Rejected Contracts (each, a "Counterparty" and collectively, the "Counterparties"), (b) each Counterparty's address, (c) a short description of each Rejected Contract and (d) the Debtor party to the Rejected Contract.

NAI-1503289699v2

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A.     General Background

2. On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) filed on October 31, 2017 and incorporated herein by reference.

### B.     Rejected Contracts

4. In connection with their ongoing sale process,[3] the Debtors (with the assistance of their advisors) have been actively reviewing and evaluating their executory contracts and unexpired leases, including evaluating the ongoing cost of continuing to perform under such

---

[3] *See Order (I)(A) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets, (B) Authorizing the Debtors to Enter into One or More Stalking Horse Purchase Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* (Docket No. 490) (the "Bidding Procedures Order").

contracts and leases and their potential marketability. In connection with this review, the Debtors have determined to reject the Rejected Contracts because they (a) are unmarketable and thus unlikely to be assumed and assigned as part of the Debtors' sale process, (b) will accrue administrative expenses without any accompanying benefit to the Debtors' estates and/or (c) are no longer necessary to the Debtors' limited, ongoing operations.

5. For example, by this Motion, the Debtors are seeking to reject (a) certain railcar leases through which Debtors M & G Polymers leases hundreds of railcars and accompanying storage facilities and (b) a product supply agreement with a certain non-Debtor affiliate. The Rejected Contracts either provide no ongoing benefit to the Debtors' estates or provide benefits that are substantially less than the corresponding costs. Therefore, due to the burden the Rejected Contracts place on the Debtors' estates, the Debtors are requesting that the Rejected Contracts be rejected *nunc pro tunc* to the date of this Motion.

**RELIEF REQUESTED**

6. The Debtors request entry of an order, in substantially the form of the Proposed Order, authorizing them to reject the Rejected Contracts, *nunc pro tunc* to the Rejection Date.

**BASIS FOR RELIEF REQUESTED**

**A. Rejection of the Rejected Contracts Is an Appropriate Exercise of the Debtors' Business Judgment and Should Be Approved**

7. Section 365(a) of the Bankruptcy Code provides that a debtor "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000) (section 365 of the Bankruptcy Code "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed"). Courts routinely approve motions to reject executory contracts and

unexpired leases upon a showing that a debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *See Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 492 (3d Cir. 1998); *In re Taylor*, 913 F.2d 102, 107 (3d Cir. 1990); *In re Armstrong World Indus., Inc.*, 348 B.R. 136, 162 (Bankr. D. Del. 2006) ("Courts have uniformly deferred to the business judgment of the debtor to determine whether the rejection of an executory contract or unexpired lease by the debtor is appropriate under section 365(a) of the Bankruptcy Code.").

8. Courts generally will not second-guess a debtor's reasonable and good faith business judgment concerning the rejection of an executory contract or unexpired lease, unless the decision is the product of bad faith, whim or caprice. *See In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (applying a business judgment standard, absent a showing of bad faith, whim, or caprice); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (same); *see also Summit Land Co. v. Allen (In re Summit Land. Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstance, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). The standard merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Cor. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989).

9. The Debtors have demonstrated that rejection of the Rejected Contracts is an exercise of their sound business judgment and in the best interests of the estates. The Debtors have determined that the Rejected Contracts are no longer necessary to the Debtors' limited, ongoing operations. Nor are the Rejected Contracts likely to generate any value in the Debtors' sale process. Instead, absent rejection of the Rejected Contracts, the Debtors will continue to

accrue avoidable administrative expenses without any accompanying benefit to their estates to the detriment of the Debtors' stakeholders. Because rejecting the Rejected Contracts will benefit the Debtors' estates, the Court should grant the relief requested herein.

> **B.    Rejecting the Rejected Contracts *Nunc Pro Tunc* to the Rejection Date Is Reasonable and Appropriate**

10. Bankruptcy courts are empowered to grant retroactive rejection of an executory contract or unexpired lease under section 105(a) and 365(a) of the Bankruptcy Code based on the equities of the circumstances. *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in the particular case); *In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 185 (Bankr. E.D. Pa. 2010) (authorizing retroacting rejection of executory contract where there was "no obvious prejudice to [the counterparty] in approving rejection retroactively."); *see also Thinking Machines Corp. v. Mellon Financial Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (finding that, "[i]n the section 365 context, this means that bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation").

11. Under the present circumstances, the balance of the equities favors rejection of the Rejected Contracts *nunc pro tunc* to the date of this Motion. Absent such relief, the Debtors will be forced to incur administrative expenses under the Rejected Contracts with little to no accompanying benefit. On the other hand, the Counterparties to the Rejected Contracts will not be unduly prejudiced if rejection of the Rejected Contracts is deemed effective as of the date of this Motion. The Debtors notified most (if not all) Counterparties of their intent to reject the Rejected Contracts prior to the filing of this Motion, and with respect to those Counterparties that

the Debtors missed, the filing of this Motion will serve as notice of the Debtors' intent to reject such contracts.

12. Finally, courts in this district have approved relief similar to that requested herein. *See, e.g., In re FILIP Technologies, Inc.*, No. 16-12192 (KG) (Bankr. D. Del. Jan. 10, 2017) (Docket No. 206) (authorizing rejection of executory contracts *nunc pro tunc* to date of filing motion); *In re AEI Winddown, Inc.*, No. 17-10500 (KJC) (Bankr. D. Del. Sept. 26, 2017) (Docket No. 367) (authorizing retroactive rejection of executory contracts); *In re TSA WD Holdings, Inc.*, No. 16-10527 (MFW) (Bankr. D. Del. Feb. 22, 2017) (Docket No. 3438) (same); *In re Samson Resources Corporation, et al.,* Case No. 15-11934 (CSS) (Bankr. D. Del. Jul. 12, 2016) (Docket No. 1172) (same). Accordingly, to avoid incurring additional unnecessary administrative expenses associated with the Rejected Contracts, the Debtors respectfully request that the Court authorize the Debtors to reject the Rejected Contracts effective *nunc pro tunc* to the date of this Motion.

**C. Claims Bar Date**

13. The Counterparties may seek to assert a rejection damage claim under section 502 of the Bankruptcy Code or other claims in connection with the rejection of the Rejected Contracts and must do so in accordance with any claims bar date set by the Court. The Debtors will give notice of such bar date to the Counterparties, in accordance with any orders of this Court. Nothing in this Motion shall be deemed or construed to: (a) constitute an admission as to the validity or priority of any claim against the Debtors; and/or (b) constitute a waiver of the Debtors' rights to dispute any claim.

## COMPLIANCE WITH BANKRUPTCY RULE 6006(f)

14. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties. Bankruptcy Rule 6006(f) states, in part, that such a motion shall:

(1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

(2) list parties alphabetically and identify the corresponding contract or lease;

(3) specify the terms, including the curing of defaults, for each requested assumption or assignment;

(4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

(5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

(6) be limited to no more than 100 executory contracts or unexpired leases.

The Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6006(f).

## NOTICE

15. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service, the Securities and Exchange Commission and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or order of the Court; (c) Magnate S.á r.l. and its counsel, Kirkland & Ellis LLP; (d) DAK Americas LLC and its counsel, Weil, Gotshal & Manges LLP; (e) Banco Inbursa S.A., Institución De Banca Multiple, Grupo Financiero Inbursa and its counsel, Cleary Gottlieb Steen & Hamilton LLP and ; (f) the Committee and its proposed counsel, Milbank, Tweed, Hadley & McCloy LLP; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of noticing; and (h) the Counterparties. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

16. No prior request for the relief sought herein has been made to this Court or any other court.

[*Remainder of Page Left Blank Intentionally*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

Dated:  December 21, 2017

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Joseph M. Mulvihill*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:      ljones@pszjlaw.com
            joneill@pszjlaw.com
            jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone:   (212) 326-3939
Facsimile:   (212) 755-7306
Email:       sgreenberg@jonesday.com
             scorririvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:   (216) 586-7035
Facsimile:   (216) 579-0212
Email:       ceblack@jonesday.com

Co-Counsel for the Debtors and Debtors in Possession