**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: | ) Chapter 11 |
| | ) |
| M & G USA CORPORATION, *et al.*, | ) Case No. 17-12307 (BLS) |
| | ) |
| | ) Hearing Date: 1/18/18 at 10:00 a.m. (ET) |
| Debtor. | ) Obj. Deadline: 1/10/18 at 4:00 p.m. (ET) |
| | ) |

**MOTION FOR MODIFICATION OF THE AUTOMATIC STAY TO PERMIT A PENDING ARBITRATION PROCEEDING TO CONTINUE TO DETERMINE THE VALIDITY AND AMOUNT OF FILED MECHANICS' LIENS**

WFS Construction Services, LLC ("WFS"), a secured creditor and party-in-interest in the above bankruptcy case, moves the Court pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code") and F.R.B.P. 4001 and 9014 for the entry of an order modifying the automatic stay of Section 362(a) of the Bankruptcy Code to permit a pending arbitration proceeding to continue with Debtors M&G Resins, USA, LLC ("M&G Resins") and Chemtex International, Inc. ("Chemtex" and, with M&G Resins, the "Debtors") in order to determine the validity and amount of WFS's state mechanics' liens claims on real property owned by M&G Resins.

In support, WFS states as follows:

**JURISDICTION AND STATUTORY PREDICATES**

The Debtors filed their respective voluntary petitions for relief under chapter 11 on October 30, 2017. Debtor's cases have been procedurally consolidated and jointly administered under the case of M & G USA Corporation, *et al.*, Case No. 17-12307 (BLS).

This Court has jurisdiction of the parties and the subject matter of this motion under 11 U.S.C. Section 101, et. seq., 28 U.S.C. Section 157(b)(2)(A) and (G). Venue over this matter is

appropriate under 28 U.S.C. Section 1409.  The relief sought is appropriate under section 362(d)(1) and (2) of the Bankruptcy Code.

WFS does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**PERTINENT FACTS**

WFS seeks relief from the automatic stay to allow it to continue to proceed in an arbitration pending in Houston, Texas, before the American Arbitration Association ("AAA"), Case #: 01-17-0002-1795 (the "WFS Lien Action").

In the WFS Lien Action, WFS seeks to establish the validity and amount of four (4) mechanic's liens it filed on a polyethylene terephthalate (PET) plant that Chemtex, as agent of M&G Resins, is constructing on M&G's property located at 7001 Joe Fulton International Trade Corridor near the Port of Corpus Christi (the "Project").  When completed, the Project is purportedly going to be the largest PET plant in the world.

Under two contracts and associated change orders and work authorizations for civil and structural steel installation work (the "WFS Contracts"), WFS, at the instance, request, and/or for the benefit of Debtors, provided goods, materials and labor utilized in the construction and improvement of the Project and M&G Resins' property.  Copies of the WFS Contracts, without change orders and extra work authorizations are attached hereto as Exhibits A and B.

After Debtors refused payment for work and materials provided, WFS filed four (4) mechanic's liens on the Project (the "WFS Liens"), all in accordance with Texas law.  The following is a summary of the WFS Liens:

| **Lien** | **No.** | **Filing Date** | **Amount** |
| --- | --- | --- | --- |
| Civil Contract Retainage Lien | No. 2016043463 | Oct.14, 2016 | $2,773,324.07 |
| Civil Contract Claim Lien | No. 2016043461 | Oct. 14, 2016 | $12,053,731.00 |
| Structural Contract Retainage Lien | No. 2016052196 | Dec. 15, 2016 | $3,151,423.51 |
| Structural Contract Claim Lien | No. 2016052195 | Dec. 15, 2016 | $7,236,122.00 |
| TOTAL (excluding interest and attorneys' fees): | | | **$24,402,693.09** |

As indicated, the amounts are due and owing to WFS under the WFS Contracts. Although demand for payment has been repeatedly made by WFS, Debtors have failed and refused to pay WFS for the amounts owed.

Within the times prescribed by Texas law, WFS filed the WFS Liens against the Project. WFS provided all requisite notices upon Debtors and anyone claiming an ownership interest in the Property. A copy of the WFS Liens (without the voluminous attachments, all of which are available upon written request by a party in interest) are attached as Exhibits C, D, E, and F.

Each of the WFS Contracts include provisions providing that either party may elect to pursue resolution of disputes through arbitration. Those Contracts (¶ 39.4) state that, once arbitration is elected:

> The dispute shall be finally decided by arbitration filed with the American Arbitration Association in Houston, Texas, conducted in English, in accordance with its Construction Industry Arbitration Rules (then applicable) by an arbitrator or arbitrators appointed in accordance with said rules, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. The arbitration award rendered by the arbitrator shall be final, binding and not subject to appeal, except in the case of misconduct on the part of the arbitrator.

On January 3, 2017, as it was required to do to enforce its liens under Texas law, WFS filed a civil lawsuit (Cause No. 2017DCV-0031-C) in Nueces County, Texas, against Debtors seeking, among other relief, foreclosure of the WFS Liens. On February 22, 2017, by agreement, Debtors and WFS filed an Agreed Motion to Abate in Favor of Agreed Arbitration, which Motion was granted on April 10, 2017. The Order granting the motion to abate referred the matter to arbitration for a determination of the validity and amount of the WFS Liens and WFS's right to judgment against Debtors for amounts claimed in the WFS Liens.

WFS then filed the WFS Lien Action. A copy of WFS's Demand for Arbitration filed in the WFS Lien Action is attached hereto as Exhibit G.

A preliminary hearing was held in the WFS Lien Action on July 5, 2017 before Arbitrators Gary Javore, Steve Yungblut, and Kyle Gooch. Messrs. Javore, Yungblut and Gooch were jointly selected by the parties to hear WFS's claims based on their significant experience with the construction industry and expertise regarding Texas law. All three arbitrators are Texas construction lawyers who collectively have nearly 100 years' experience resolving construction claims like those asserted by WFS in the WFS Liens and in the WFS Lien Action. More specifically, these arbitrators have significant experience adjudicating a contractor's right to additional compensation for construction delays (whether caused by the owner or other causes), including experience with analyzing "critical path" scheduling (a contractor is generally only allowed additional costs for owner-caused delay to the "critical path" to the work). The arbitrators also have significant experience evaluating contractor work interference claims where a contractor alleges extra labor costs or other costs were incurred because the owner (or others on owner's behalf) interfered with the contractor's ability to perform its work efficiently as planned during the

bid stage. WFS, in the WFS Liens, in part, is seeking to recover the substantial costs it incurred because of Debtors caused delays and Debtors work interferences.

During the preliminary hearing, various deadlines for the WFS Lien Action were established, and the matter was set for an estimated eight (8) day hearing commencing on May 15, 2018.

The primary purpose of the WFS Lien Action is to establish the amount and validity of the WFS Liens, and deciding whether the WFS Liens can remain an encumbrance on the Project, all under Texas state law.

### **RELIEF REQUESTED**

Section 362(d)(1)-(2) of the Bankruptcy Code requires the Bankruptcy Court to modify the automatic stay for "cause." Courts have held that "cause" includes "allowing an action to proceed to completion in another tribunal." *See, e.g.*, *In re The Consolidated FGH Liquidating Trust*, 419 B.R. 636, 647 (Bankr. S.D. Miss. 2009) (citing *In re Armstrong and Guy Law Office, LLC*, 2007 WL 4571152 (Bankr. S.D. Miss. Dec. 21, 2007) (citing *In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984) and H.R. Rep. No. 595, 95ht Cong., 1st Sess., 341 (1977) ("It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chose forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."))).

WFS seeks relief from the stay pursuant to Section 362(d)(1)-(2) so it can finish the WFS Lien Action and establish its right to, and the amount, of WFS's Liens on M&G Resin's PET plant.

**ARGUMENT**

**I.       "Cause" exists to Lift Stay under Applicable Third Circuit and other Federal Law Favoring Arbitration.**

When faced with a decision whether to mandate claim resolution in the bankruptcy court or permit arbitration outside the bankruptcy court Federal courts widely accept that the bankruptcy court has no discretion and must stay its own proceedings to allow arbitration to continue in non-core matters because "allowing arbitration in non-core matters is unlikely to conflict with the underlying policies of the Bankruptcy Code." *In re Farmland Industries, Inc.*, 309 B.R. 14, 18 (Bankr. W.D. Mo. 2004) (citing *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F.3d 160, 165-66 (2d Cir. 2000)).

In the Third Circuit, when a bankruptcy court is faced with a decision to allow a dispute to proceed in arbitration – even for a "core" dispute – the court should allow the arbitration to proceed unless doing so "would seriously jeopardize the objectives of the [Bankruptcy] Code." *In re American Classic Voyages Co.*, 298 B.R. 222, 226 (D. Del. 2003) (quoting, with substitution, *Hays & Co. v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1155-1157 (3d Cir. 1989)).

Importantly, Debtors have the burden to show enforcing an arbitration clause would jeopardize the objectives of the Bankruptcy Code. *In re Weinstock*, No. 96-31147DWS, Adv. No. 99-0056, 1999 WL 342764, *6 (Bankr. E.D. Pa. 1999) (quoting *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226-27 (1987)).

In this matter, Debtors cannot show that any objectives of the Bankruptcy Code will be jeopardized if the parties' arbitration provision is enforced and the stay is lifted to allow the WFS Lien Action to proceed.  The WFS Lien Action involves claims that arise under Texas state law.  They do not involve claims arising under the Bankruptcy Code.  In cases where the gravamen of the claims involve disputes under State law, Courts, including Courts in this Circuit, have held the

automatic stay should yield to allow claim resolution in arbitration. *See, e.g. In re Northwestern Corp.*, 319 B.R. 68, 75-76 (D. Del. 2005).

In *In re Northwestern Corp.*, the claimant sought leave from the stay to continue with his state employment contract dispute in arbitration. The debtor opposed the request and the Bankruptcy Court denied the request for leave. On appeal, the District Court reversed the Bankruptcy Court's decision, finding the state employment contract dispute should proceed to arbitration. As stated by the District Court, "[Debtor] cites to generalized concerns regarding bankruptcy policies and its ability to focus on its reorganization, but the Court is not persuaded that these generalized concerns are sufficient to override the strong policy favoring arbitration." 319 B.R. at 75.

Many Federal courts, like the court in *In re Northwestern Corp.*, have similarly yielded to allow claim resolution through arbitration consistent with the parties' agreements. *See In re The Consolidated FGH Liquidating Trust*, 419 B.R. at 650 (finding cause existed to lift stay "given the strong policy toward favoring arbitration where the parties contracted for the right to arbitrate"); *In re Enron Corp.*, 364 B.R. 489, 517 (Bankr. S.D. N.Y. 2007) (lifting stay in favor of arbitration, even assuming that parallel adversary proceeding was a "core" bankruptcy proceeding); *In re Quigley Co., Inc.*, 361 B.R. 723, 745 (Bankr. S.D. N.Y. 2007) (holding factors weighed in favor of lifting stay in favor of arbitration); *In re Farmland Industries, Inc.*, 309 B.R. 14, 21 (Bankr. W.D. Mo. 2004) (finding cause existed to lift stay to allow construction dispute to proceed in arbitration).

This Court, like the cited authority, should lift the stay and allow the WFS Lien Action to proceed in arbitration.

**II.	"Cause" exists to Lift Stay Allow the WFS Lien Action to Proceed under Applicable Factor Tests.**

In cases both involving requests for leave to proceed with arbitration and litigation in a different forum, Federal Courts, including Courts from the Third Circuit, have applied a twelve factor test to determine if "cause" exists to modify the stay to allow dispute resolution in another forum. Those factors are:

    a) Whether the relief will result in a partial or complete resolution of the issues;

    b) The lack of any connection with or interference with the bankruptcy case;

    c) Whether the foreign proceeding involves the debtor as a fiduciary;

    d) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;

    e) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

    f) Whether the action essentially involves third parties and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

    g) Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee, and other interested parties;

    h) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

    i) Whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

    j) The interest of judicial economy and the expeditious and economical determination of litigation for the parties;

    k) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

> l) The impact of the stay on the parties and the balance of the hurt.

*See In re Chan*, 355 B.R. 494, 499 (Bankr. E.D. Pa. 2006) (quoting 12 factor test); *see also In re The Consolidated FGH Liquidating Trust*, 419 B.R. at 647-48 (citing *In re Armstrong and Guy Law Office, LLC*, 2007 WL 4571152, *1-2); *see also Sonnax Indus. Inc. v. Tri Component Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990). Not all of the factors will be relevant in every case. *In re The Consolidated FGH Liquidating Trust,* 419 B.R. at 647-48.

A balancing of the factors, above, supports lifting the automatic stay in favor of allowing the WFS Lien Action to resume immediately so that the amounts and validity of WFS's state law lien claims can be decided, as set forth below:

> a) The validity and amount of WFS lien claims must be adjudicated either in the pending arbitration, or in this Court. Although the dispute is capable of being heard by this Court and the arbitration panel, this Court may lack the power and authority to enter a final order necessitating further review by the District Court. Factor (a) weighs in favor of granting WFS's motion.
>
> b) Factor (b) weighs in favor of granting WFS's motion. Allowing the WFS Lien Action to proceed will not interfere with the principal objective of the Debtors' bankruptcy case; *i.e.* the sale of substantially all of the Debtors' assets. WFS's lien claims involve contractual claims that arise under Texas state law, not provisions of the Bankruptcy Code. Debtors have retained experienced professionals to handle the sale of their assets in these cases. The Debtors already have retained separate Houston counsel who are up

9

to speed representing them in the WFS Lien Action who, on information, have no role pertaining to the bankruptcy (other than their existing involvement pertaining to mechanic's lien issues and resolution of mechanic's liens), and thus can defend the WFS Lien Action without distraction from other collateral matters. Also, as stated above, WFS's claims must be decided in one forum or another. Debtors will be no more distracted by an arbitration than they would by an adversary proceeding in this Court. *In re Farmland Industries, Inc.*, 309 B.R. at 20 (lifting stay in favor of arbitration and finding any strain on debtor's resources would not be "materially greater utilizing the contractual arbitration procedures than if the Court had ordered the matter to continue in bankruptcy as an adversary proceeding.")

c) Factor (c) is inapplicable because WFS is not claiming Debtors were acting as fiduciaries.

d) Factor (d) also weighs in favor of lifting the automatic stay and allowing the WFS Lien Action to proceed. As set forth above, the parties have jointly selected a specialized tribunal to hear WFS's Texas state law claims. Copies of the arbitrators' resumes, showing their particularized expertise to decide WFS's claims are attached hereto as <u>Exhibit H</u>. Other Courts, facing similar facts, have found that the availability of a specialized arbitration panel to decide the claims weights "heavily" in favor of lifting the stay and allowing the

matter to proceed in arbitration. *See, e.g., In re The Consolidated FGH Liquidating Trust*, 419 B.R. at 648. This is especially true when, as in the WFS Contracts, the parties' agreement is phrased in the mandatory and directs that the dispute be decided by a specialized tribunal (the WFS Contracts provide that arbitration is to occur per the AAA's construction arbitration rules). *See id.*

e) Factor (e) is inapplicable because, to WFS's knowledge, no insurance policies or bonds exist to cover WFS's claims.

f) Factor (f) is also inapplicable as the claim does not involve third parties.

g) Factor (g) weighs in favor of granting WFS's motion to modify the stay. WFS is unaware of any other creditors having any objection to WFS's lien claims. To the extent other creditors object to WFS's lien claims simply because WFS is seeking to encumber debtor property, those general objections are simply insufficient to override the strong Federal policy favoring arbitration of claims. *See In re The Consolidated FGH Liquidating Trust*, 419 B.R. at 649 (lifting stay in favor of arbitration and finding that "payment of [claimant's] claim is not considered by the Court, in and of itself, as prejudicial to other creditors, even though it may reduce a potential distribution to them.")

h) Factor (h) is inapplicable as facts do not exists which would support any equitable subordination of WFS's lien claims assuming it receives judgment in its favor.

i) Similarly, factor (i) is inapplicable as WFS's liens are statutory, not judicial liens potentially avoidable under Section 522(f).

j) Factor (j), "the interest of judicial economy and the expeditious and economical determination of litigation for the parties" favors granting the motion as Debtors and WFS have jointly selected a separate dedicated panel who will be able to promptly hear the parties' dispute (indeed the matter, prior to being stayed was scheduled for prompt hearing in May, 2018).

k) In addition, factor (k) (the progression of the foreign proceeding) favors granting WFS's motion, as the parties, in the WFS Lien Action, have already entered into certain procedural agreements pertaining to the exchange of documents and information, and identification of witnesses, and the parties, just prior to the stay being entered, were near the point of exchanging documents and proceeding to depositions.

l) Factor (l) – the final factor - also favors granting WFS's motion. As set forth above, the stay will not distract Debtors. WFS's lien claims need to be decided eventually, and the parties agreed WFS's claims should be decided by arbitration. The WFS

>     Lien Action has progressed into the discovery phase. It would be
>     unjust to now undo the time and effort spent in arbitration, including
>     the time spent selecting an experienced construction panel, and
>     planning for the arbitration hearing, in favor of a bankruptcy
>     adversary proceeding.

As shown, the applicable factors, above, weigh heavily in favor of this Court finding sufficient "cause" exists to allow the WFS Lien Action to proceed.

## III. *In the Alternative*, Abstention Either Is Required or Appropriate

No objection to any of the WFS Liens has been filed. That being said, if such an objection is filed, or if Debtors would seek to have the amount or validity of the WFS Liens decided in an adversary proceeding, and if this Court does not find "cause" to exist to lift the stay to allow the WFS Lien Action to proceed under the authorities cited above, the Court should, in any event (and when said objection is filed) decide to abstain from hearing any dispute pertaining to the WFS Liens and instead defer to the Texas state court action and WFS Lien Action under the authorities cited below.

### A. Mandatory Abstention

Pursuant to 28 U.S.C. § 1334(c)(2): "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a Court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated in a state forum of appropriate jurisdiction." This Court must abstain from hearing a proceeding if the following criteria are met:

13

1. The motion to abstain is timely;

2. The action is based upon a state law claim or cause of action;

3. An action has been commenced in state court;

4. The action can be timely adjudicated;

5. There is no independent basis for federal jurisdiction which would have permitted the action to have been commenced in federal court absent bankruptcy; and

6. The matter before the Court is non-core.

*Trans World Airlines, Inc. v. Icahn et al. (In re Trans World Airlines, Inc.),* 278 B.R. 42, 50 (Bankr. D. Del. 2002) (abstaining from hearing adversary proceeding under both mandatory and permissive abstention grounds); *see also LJM2 Co-Inv. L.P. v. LJM2 Capital Mgmt., L.P.,* 2003 WL 431684, at *2 (D. Del. Feb. 24, 2003) (finding mandatory abstention appropriate, as all criteria are met, and alternatively finding that permissive abstention is also appropriate); *see also Official Comm. Unsecured Creditors v. Elkins et al. (In re Integrated Health Services, Inc.),* 291 B.R. 615, 621 (D. Del. 2003) (finding discretionary abstention appropriate).

Debtors have not filed any objection to any of WFS's Liens nor have they filed any adversary proceeding pertaining to WFS's Liens, but assuming that Debtors intend to file such objections or proceeding, a review of the mandatory abstention criteria demonstrates that abstention is required with respect to any dispute pertaining to the amount or validity of WFS's Liens. First, WFS's motion to abstain is timely. Debtors have filed no objection to WFS's Liens. WFS is proactively filing this Motion to expedite resolution of its claims. The pending dispute between the Debtors and WFS in arbitration is a state law breach of contract action, which was commenced after WFS's state court lien enforcement action was stayed by agreement. Although

there is a basis for federal jurisdiction, the parties previously agreed that the AAA would have exclusive jurisdiction to resolve WFS's contractual disputes. All of the claims raised by WFS in the WFS Lien Action are non-core at this juncture. The dispute is independent of and antecedent to the chapter 11 filings, and does not require interpretation of the Bankruptcy Code. *See TTS, Inc. v. Stackfleth (In re Total Technical Services, Inc.),* 142 B.R. 96, 99 (Bankr. D. Del. 1992) (holding adversary proceeding is non-core because claims were based on state law). Because WFS has demonstrated that all of the criteria for mandatory abstention under 28 U.S.C. § 1334(c)(2) are met, this Court should abstain from adjudicating any dispute pertaining to WFS's Liens should Debtors ask this Court to resolve any dispute pertaining to the WFS Liens.

### B. Permissive Abstention

Alternatively, should Debtors seek to have any objection to WFS's Liens decided in this Court, the Court should abstain from hearing the Objection on the basis of permissive abstention. Section 1334 of title 28 of the United States Code provides this Court with discretion to abstain from hearing a matter based on "the interest of justice, or in the interest of comity with State courts or respect for state law." 28 U.S.C. § 1334(c)(1).

Section 1334(c)(1) recognizes that preserving the interests of the state legal systems may weigh in favor of this Court abstaining from hearing a matter. Although the statute does not provide specific criteria for determining whether "permissive" abstention is proper, this Court has weighed the following twelve factors in determining if "permissive" abstention is proper:

1. the effect on the efficient administration of the estate;
2. the extent to which state law issues predominate over bankruptcy issues;
3. the difficulty or unsettled nature of applicable state law;
4. the presence of a related proceeding commenced in state court or other non-bankruptcy court;

15

5. the jurisdictional basis, if any, other than [28 U.S.C. §] 1334;

6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. the substance rather than the form of an asserted "core" proceeding;

8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. the burden on the court's docket;

10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. the existence of a right to a jury trial; and

12. the presence in the proceeding of non-debtor parties.

*Great Am. Ins. Co. v. Mobile Tool Int'l, Inc. (In re Mobile Tool Int'l, Inc.)*, 320 B.R. 552, 556-57 (Bankr. D. Del. 2005) (citation omitted). Although certain opinions state that " '[permissive] [a]bstention rarely should be invoked,' " *Gwynedd Props., Inc. v. Lower Gwynedd Township*, 970 F.2d 1195, 1199 (3d Cir. 1992) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992)), this Court has not hesitated to abstain where the twelve factor test warrants abstention. *See, e.g., Sun Healthcare Group, Inc. v. Levin (In re Sun Healthcare Group, Inc.)*, 267 B.R. 673, 679 (Bankr. D. Del. 2000). "Ultimately, the decision is left up to the broad discretion of the bankruptcy court." *In re DHPHoldings II Corp. v. Peter Skop Indus., Inc., (In re DHPHoldings II Corp.)*, 435 B.R. 220, 224 (Bankr. D. Del. 2010) (internal quotations omitted) ("<u>DHP v. Skop</u>").

If Debtors seek resolution of the WFS Liens in this Court, this Court should exercise its discretion to abstain based on the analysis of the relevant factors. As set forth above, the prosecution of WFS's Liens should have no or little impact on the bankruptcy estate. Any dispute pertaining to the WFS Liens involves state claims of breach of contract and lien enforcement.

16

Non-bankruptcy law clearly predominates the prosecution of the WFS Liens. If the Bankruptcy court were to hear a dispute pertaining to the WFS Liens, it would need to apply the law of the State of Texas. Although the Court clearly is able to do so, it is not the optimal use of this Bankruptcy Court's resources. *See DHP v. Skop*, 435 B.R. at 227 (state court better able to identify and resolve state court issues). A related proceeding is already pending in the Texas state court and before arbitrators in Texas. Although independent federal jurisdictional basis exists to hear this dispute, the parties already have agreed to the exclusive jurisdiction of the arbitrators/AAA. This Court, assuming it has familiarity with WFS's lien claims, has only *de minimis* familiarity with those claims at this early stage. In any event, "familiarity with a bankruptcy case is insufficient to 'militate against abstention.' " *LaRoche Indus., Inc*., 312 B.R. at 254. As set forth above, the WFS Lien Action is a non-core proceeding. Because any dispute relating to the WFS Liens is "non-core", "severing counts need not be done." *DHP v. Skop*, 435 B.R. at 232.

## CONCLUSION

"Cause" exists to lift the stay and allow the WFS Lien Action to proceed before arbitrators Javore, Yungblut and Gooch in Texas, especially considering the strong Federal policy in favor of arbitration, and the lack of any possible showing that allowing the arbitration to proceed will run afoul of the Bankruptcy Code. No objection to WFS's Liens has been filed. If Debtors ask this Court to resolve the WFS Liens, however, all of the applicable factors weigh in favor of abstention by this Court in favor of the Texas arbitration.

**WHEREFORE**, WFS requests the entry of an Order (1) modifying the automatic stay of Section 362(a) for cause shown; (2) authorizing WFS to proceed with the WFS Lien Action; (3) waiving the 14 day stay of Fed. R. Bankr. P. 4001 and all other applicable stays; and (4) granting such other and further relief the Court deems just and proper. Alternatively, if Debtors file any

objection to WFS's Liens, WFS asks for an Order abstaining from hearing said objections, and instead deferring to the arbitrators in Texas.

Dated: December 27, 2017.

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

By: *Frederick B. Rosner*
Frederick B. Rosner (#3995)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: 302-777-1111


LEWIS RICE LLC
Joseph J. Trad, #32540
Jeremy P. Brummond #50940
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7600
Facsimile: (314) 612-7635
jtrad@lewisrice.com
jbrummond@lewisrice.com

*Counsel for WFS Construction Services, LLC*