# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : | **Re: Docket No. 537** |

## SUPPLEMENTAL NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

1. On December 21, 2017, the above captioned debtors and debtors in possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale* [Docket No. 537] (the "Assumption and Assignment Notice").[2] The Assumption and Assignment Notice is fully incorporated herein by reference.

2. Pursuant to the Assumption and Assignment Notice, the Debtors hereby supplement the Contract Notices with the counterparties identified on **Exhibit A** hereto (the "Supplemental Counterparties"). In accordance with the Assumption and Assignment Procedures set forth in the Motion and the Bidding Procedures Order, the Debtors may seek to assume and assign to one or more Successful Bidders (as defined in the Bidding Procedures) certain Contracts of the Debtors. The Contracts that the Debtors believe may be subject to assumption and assignment in relation to a Sale Transaction are identified on the Assumption and Assignment Notice and Exhibit A attached hereto. The Cure Costs, if any, that the Debtors believe are required to be paid to the applicable Supplemental Counterparty to cure any monetary defaults under each Contract identified on Exhibit A pursuant to sections 365(b)(1)(A) and (B) of the Bankruptcy Code are set forth on Exhibit A.

3. Pursuant to the Bidding Procedures Order and as set forth in the Assumption and Assignment Notice, any Supplemental Counterparty that wishes to object to the proposed assumption, assignment and sale of a Contract listed on Exhibit A, the subject of which objection is the Debtors' proposed Cure Costs to cure any outstanding monetary defaults then existing under such Contract (each, a "Cure Objection") shall file with the Court and serve its Cure Objection on

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Assumption and Assignment Notice.

(a) the Debtors, M&G USA Corporation, 450 Gears Road, Suite 240, Houston, Texas 77067 (Attn: Dennis Stogsdill); (b) counsel for the Debtors, (i) Jones Day, 901 Lakeside Avenue, Cleveland, OH 44114 (Attn: Carl E. Black, Esq.) and 250 Vesey Street, New York, NY 10281 (Attn: Scott J. Greenberg, Esq., Michael J. Cohen, Esq. and Stacey L. Corr-Irvine, Esq.); and (ii) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Attn: Laura Davis Jones, Esq., James E. O'Neill, Esq., and Joseph M. Mulvihill, Esq.); (c) counsel for the official committee of unsecured creditors appointed in these chapter 11 cases (1) Milbank, Tweed, Hadley & McCoy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Dennis F. Dunne, Esq., Abhilash M. Raval, Esq. and Lauren C. Doyle, Esq.) and (2) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 (Attn: J. Kate Stickles, Esq. and David R. Hurst, Esq.); (d) counsel for Control Empresarial de Capitales, S.A. De C.V. and Banco Inbursa, S.A., Institución de Banca Múltiple, Grupo Financiero Inbursa, (i) Cleary Gottlieb Steen & Hamilton LLP, 1 Liberty Plaza, New York, NY 10006 (Attn: Lisa M. Schweitzer, Esq.) and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Pauline K. Morgan, Esq.); (e) counsel to Trimont Real Estate Advisors, LLC, Thompson & Knight LLP, 900 Third Avenue, 20th floor, New York, NY 10022 (Attn: Michael V. Blumenthal, Esq.); (f) counsel to DAK Americas LLC, (i) Weil Gotshal & Manges LLP, 700 Louisiana, Suite 1700, Houston, Texas, 77002 (Attn: Alfredo R. Perez, Esq.) and (ii) Morris, Nichols, Arsht and Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19899 (Attn: Curtis S. Miller, Esq.); (g) counsel (if applicable) of any Stalking Horse Bidder(s); (h) counsel (if applicable) of any applicable Successful Bidder(s); (i) counsel (if applicable) of any applicable Backup Bidder(s) (as defined in the Bidding Procedures); and (j) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Hannah McCollum, Esq.) (collectively, the "<u>Objection Recipients</u>") **no later than January 4, 2018, at 5:00 p.m. (prevailing Eastern Time)**.

4. **If a Supplemental Counterparty fails to timely file with the Court and serve on the Objection Recipients a Cure Objection, the Supplemental Counterparty shall be deemed to have consented to the applicable Cure Costs set forth on Exhibit A and, unless the Court orders otherwise, forever shall be barred from asserting any objection with regard to such Cure Costs or any other claims related to the applicable Proposed Assumed Contract against the Debtors or any Successful Bidder(s) or their respective property (unless the Supplemental Counterparty has filed a timely Adequate Assurance Objection with respect to the Proposed Assumed Contract). Unless the Court orders otherwise, the Cure Costs set forth herein shall be controlling and will be the only amount necessary to cure outstanding defaults under Proposed Assumed Contracts under section 365(b) of the Bankruptcy Code, notwithstanding anything to the contrary in any Proposed Assumed Contract, or any other document.**

5. **If a Supplemental Counterparty fails to timely file with the Court and serve on the Objection Recipients an Adequate Assurance Objection, the Supplemental Counterparty shall be deemed to have consented to the assumption and assignment of the applicable Proposed Assumed Contract and adequate assurance of future performance in connection therewith to the applicable Successful Bidder and, unless the Court orders otherwise, forever shall be barred from asserting any objection with regard to such assumption and assignment (unless the Supplemental Counterparty has filed a timely Cure Objection with respect to the Proposed Assumed Contract) or adequate assurance of future performance in connection therewith or any other claims related to such Proposed Assumed Contract against the Debtors or any Successful Bidder(s) or their respective property. The applicable Successful Bidder**

**shall be deemed to have provided adequate assurance of future performance with respect to the applicable Proposed Assumed Contract in accordance with section 365(f)(2)(B) of the Bankruptcy Code, notwithstanding anything to the contrary in the Proposed Assumed Contract, or any other document.**

6. The inclusion of a Contract or other document or Cure Costs on Exhibit A of this supplemental notice, the Assumption and Assignment Notice, or on any subsequently filed Proposed Assumed Contracts Notice (collectively, the "Contract Notices") shall not constitute or be deemed a determination or admission by the Debtors, the applicable Successful Bidder(s), or any other party in interest that such Contract or other document is an executory contract or an unexpired lease within the meaning of the Bankruptcy Code or that the stated Cure Costs are due (all rights with respect thereto being expressly reserved). The Debtors reserve all of their rights, claims, and causes of action with respect to each Contract or other document listed on the Contract Notices. **The Debtors' inclusion of any Contract on the Contract Notices shall not be a guarantee that such contract ultimately will be assumed or assumed and assigned.** The Contract Notices shall be without prejudice to each Successful Bidder's rights, if any, under the applicable Asset Purchase Agreement, to subsequently exclude Proposed Assumed Contracts from the assumption or assignment prior to the closing of an applicable Sale Transaction(s).

7. The Debtors fully reserve the right to amend, modify or supplement the Contract Notices (each, an "Amended Contract Notice"); provided that the deadline for any Counterparty that is added to an Amended Contract Notice or whose Cure Cost under a Contract is reduced to file (a) a Cure Objection shall be **5:00 p.m. (prevailing Eastern Time) on the date that is seven days** following service of the Amended Contract Notice; and (b) an Adequate Assurance Objection by the earlier **of one business day following the service of the Amended Contract Notice or the date of the applicable Sale Hearing**; provided, however, that if the earlier date is the applicable Sale Hearing, the Counterparty need not file a written Adequate Assurance Objection and may instead make its Adequate Assurance Objection on the record at the applicable Sale Hearing.

8. The Debtors' assumption and/or assignment of a Contract is subject to approval by the Court and consummation of one or more Sale Transactions. Absent consummation of one or more Sale Transactions and entry of an applicable Sale Order approving the assumption and/or assignment of the Contracts, the Contracts shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtors.

9. The hearings to approve the Sales and any Successful Bid(s) therefor shall take place on: (1) February 1, 2018 at 10:00 a.m. (prevailing Eastern Time) with respect to the Sale of any of the Apple Grove Assets; and (2) March 14, 2018 at 10:00 a.m. (prevailing Eastern Time) with respect to the Sale of any other Assets (and any Apple Grove Assets not sold in an earlier Auction and otherwise available to be sold.

10. Copies of the Motion, the Bidding Procedures Order and the Bidding Procedures may be obtained free of charge at the website dedicated to the Debtors' chapter 11 cases maintained by their claims and noticing agent and administrative advisor, Prime Clerk LLC (http://cases.primeclerk.com/mgusa) (the "Prime Clerk Website"). Copies of these documents are also available for inspection during regular business hours at the Office of the Clerk of the Court, located at 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and may be viewed for a

fee on the internet at the Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

| | |
|---|---|
| Dated: December 28, 2017 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/ Laura Davis Jones*<br>Laura Davis Jones (DE Bar No. 2436)<br>James E. O'Neill (DE Bar No. 4042)<br>Joseph M. Mulvihill (DE Bar No. 6061)<br>919 N. Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: ljones@pszjlaw.com<br>joneill@pszjlaw.com<br>jmulvihill@pszjlaw.com |
| | and |
| | JONES DAY<br>Scott J. Greenberg<br>Stacey L. Corr-Irvine<br>250 Vesey Street<br>New York, NY 10281<br>Telephone: (212) 326-3939<br>Facsimile: (212) 755-7306<br>Email: sgreenberg@jonesday.com<br>scorrirvine@jonesday.com |
| | and |
| | Carl E. Black<br>901 Lakeside Avenue<br>Cleveland, Ohio 44114<br>Telephone: (216) 586-7035<br>Facsimile: (216) 579-0212<br>Email: ceblack@jonesday.com |
| | Co-Counsel for the Debtors<br>and Debtors in Possession |