# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| M & G USA CORPORATION, *et al.*[1], | ) | Case No. 17-12307 (BLS) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. 537** |

## MONTCALM USA, INC.'S LIMITED OBJECTION TO POSSIBLE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

MONTCALM USA, INC. ("Montcalm"), by and through the undersigned counsel, hereby files this Limited Objection to the Debtors' Supplemental Notice of Cure Amounts and Possible Assumption and Assignment of Executory Contracts [D.I. 565], and in support thereof respectfully states as follows:

1. Montcalm, Chemtex International, and M&G Resins USA LLC are parties to various agreements (the "Contracts") related to the improvement and construction of the project known as the Jumbo Project, 7001 Joe Fulton International Corridor, Corpus Christi, Nueces County, Texas 78409.

2. On or about December 28, 2017, Debtors filed a Supplemental Notice of Possible Assumption and Assignment of the Contracts. First, the Debtors assert that the deadline to respond or object to the Supplemental Notice is January 4, 2018, a mere three business days after the Supplemental Notice was filed. Such shortened noticed period is unreasonable and arbitrary and

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067

{00022020. }                                                    1

by all appearances is an attempted ambush on the contract-counterparties. Second, the Debtors' assert a cure amount of $0.00. The Debtors have actual knowledge that the cure amount is not $0.00, and again is a bad faith attempt by the Debtors to ambush Montcalm. The cure amount proposed by the Debtors is incorrect. The actual cure amount is $2,171,622.33.

**Limited Objection**

3. Section 365(b)(1) provides, in relevant part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee--(A) cures, or provides adequate assurance that the trustee will promptly cure, such default .... . . .; and (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

4. The purpose of Section 365(b)(1) is to restore the debtor-creditor relationship to a pre-default condition and bring it back into compliance with the terms of the contract. *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009). In addition, Montcalm asserts its rights to be reimbursed as part of its cure payment for all of its actual pecuniary losses, including, but not limited to, attorneys fees and costs expended with regard to enforcing its rights under the Contracts and applicable Texas state law in connection with the Debtors' bankruptcy proceedings. Montcalm further objects to the extent that all cure amounts are not immediately paid in full upon assumption or assumption and assignment of the Contracts.

5. The correct cure amount owed to Montcalm on the Contracts are as follows:

| | |
|---|---|
| Principal amount owed: | $2,131,622.33 |
| Interest and Attorneys Fees[2]: | $    40,000.00 |
| TOTAL CURE: | $2,171,622.33 |

---

[2] Estimated Amount as of December 22, 2017, subject to additional charges.

{00022020. }     2

6. A description of the principal amount owed is contained within the Affidavits of Lien recorded in the Nueces County, Texas, real property records, copies of which are attached hereto as **Exhibit A**. In order to satisfy the requirements of section 365(b) and (f), any sale order or assignment of the Contracts must provide for immediate cure the monetary default of $2,171,622.33.

**WHEREFORE**, Montcalm USA, Inc. requests that the sale and the assumption and assignment of the Contracts not be approved until the proper cure amounts have been identified, and that all other and further relief as the Court deems just and properly be awarded.

Dated: December 29, 2017
       Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Scott J. Leonhardt*
Scott J. Leonhardt (No. 4885)
Jason A. Gibson (No. 6091)
824 Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 319-6301
Email: leonhardt@teamrosner.com

**ANDREWS MYERS, PC**

*/s/ T. Josh Judd*
T. Josh Judd
Texas Bar No.: 24036866
1885 Saint James Place, 15th Floor
Houston, TX 77056
Tel: 713-850-4200
Fax: 713-850-4211
jjudd@andrewsmyers.com
*Admitted Pro Hac Vice*

*Counsel for Montcalm USA, Inc.*

4852-1424-9305, v. 1