# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17 – 12307(BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Re: Docket Nos. 7, 68, 310 |

## THIRD INTERIM ORDER (I) APPROVING THE CONTINUED USE OF THE DEBTORS' CASH MANAGEMENT SYSTEM, BANK ACCOUNTS AND BUSINESS FORMS, (II) EXTENDING THE DEBTORS' TIME TO COMPLY WITH SECTION 345(B) OF THE BANKRUPTCY CODE, (III) APPROVING CONTINUATION OF ORDINARY COURSE INTERCOMPANY TRANSACTIONS AND (IV) GRANTING RELATED RELIEF

This Court has considered the *Motion for Interim and Final Orders (I) Approving the Continued Use of the Debtors' Cash Management System, Bank Accounts and Business Forms, (II) Extending the Debtors' Time to Comply with Section 345(b) of the Bankruptcy Code, (III) Approving Continuation of Ordinary Course Intercompany Transactions and (IV) Granting Related Relief* (the "Motion"),[2] the First Day Declaration, the *Interim Order (I) Approving the Continued Use of the Debtors' Cash Management System, Bank Accounts and Business Forms, (II) Extending the Debtors' Time to Comply with Section 345(b) of the Bankruptcy Code, (III) Approving Continuation of Ordinary Course Intercompany Transactions and (IV) Granting Related Relief* (Docket No. 68), the *Second Interim Order (I) Approving the Continued Use of*

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

NAI-1503295578v2

*the Debtors' Cash Management System, Bank Accounts and Business Forms, (II) Extending the Debtors' Time to Comply with Section 345(b) of the Bankruptcy Code, (III) Approving Continuation of Ordinary Course Intercompany Transactions and (IV) Granting Related Relief* (Docket No. 310) and the statements of counsel and the evidence adduced with respect to the Motion at any hearings before this Court (each, a "Hearing"). This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearings was sufficient under the circumstances and (v) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due deliberation, this Court has determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein on an interim basis.

2. The Debtors are authorized, subject to entry of any order approving the Debtors' DIP Financing (the "DIP Financing Order") and any order governing the use of cash collateral, to: (a) maintain their Cash Management System, as modified by this Order and the DIP Financing Order; (b) implement the modifications set forth in this Order, as well as ordinary course changes to their Cash Management System; and (c) open and close Bank Accounts; provided, however, that the Debtors give 15 days' notice to the U.S. Trustee and any official committees appointed in these Cases prior to opening or closing a Bank Account; provided further that such notice shall be waivable upon consent of the U.S. Trustee and any official committees appointed in these Cases. Any new domestic bank account opened by the Debtors

shall be established at an institution insured by the FDIC and organized under the laws of the United States or any State therein or, in the case of accounts that may carry a balance exceeding the insurance limitations set thereby, is a party to an UDA with the U.S. Trustee or is willing to immediately execute such an UDA.

3. The Debtors are authorized to continue to use the Bank Accounts under existing account numbers without interruption.

4. The Banks are authorized to continue to service and administer the Bank Accounts as debtor-in-possession accounts without interruption, and to receive, process, honor and pay any and all checks, ACH transfers and other instructions for payment, drafts drawn on or electronic transfer requests made on, the Bank Accounts after the Polymers Petition Date or Petition Date, as applicable, by the holders or makers thereof or other persons or parties entitled to issue instructions with respect thereto, as the case may be. Nothing in this Order shall require any Bank to process, honor and pay any checks, make ACH transfers or honor other instructions for payment, drafts drawn on or electronic transfer requests made on, the Bank Accounts, whether in the ordinary course of business or otherwise, when such action requires the Bank to extend credit to a Debtor.

5. All Banks provided with notice of this Order maintaining any of the Bank Accounts shall not honor any checks issued against the Bank Accounts prior to the commencement of these Cases, except as otherwise authorized by an order of this Court and directed by the Debtors.

6. The Debtors shall not be required to include the legend "D.I.P." and the corresponding bankruptcy case number on existing checks or business forms; provided, however, that once the Debtors' existing checks have been used, the Debtors shall, when reordering

checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; <u>provided</u> <u>further</u> that the Debtors shall print the "Debtor in Possession" legend and the bankruptcy case number on checks which the Debtors or their agents print themselves.

7. The Banks are authorized to accept and honor all representations from the Debtors regarding which checks, drafts, wires or ACH transfers should be honored or dishonored consistent with any order of this Court, whether such checks, drafts, wires or ACH transfers are dated prior to, on, or subsequent to the Polymers Petition Date or Petition Date, as applicable; <u>provided, however,</u> that to the extent the Debtors direct the Banks to dishonor any Disbursements or the Banks inadvertently dishonor any Disbursements, the Debtors may issue replacement Disbursements consistent with the orders of this Court. The Banks shall not be liable to any party on account of: (a) following the Debtors' instructions or representations as to any order of this Court; (b) honoring any prepetition check or item in a good faith belief that this Court has authorized such prepetition check or item to be honored; or (c) an innocent mistake made despite implementation of reasonable item-handling procedures.

8. Any Bank, without further order of this Court, is (a) authorized to charge, and the Debtors are authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtors; and (b) authorized, but not directed, to charge back returned items to the Bank Accounts in the normal course of business.

9. The Debtors' time to comply with section 345(b) of the Bankruptcy Code is hereby extended for a period of 30 days from the date hereof (the "<u>Extension Period</u>"); <u>provided, however,</u> that such extension is without prejudice to the Debtors' right to request a further

extension or the waiver of the requirements of section 345(b) of the Bankruptcy Code in these Cases.

10. The Debtors are authorized, during the Extension Period, to invest and deposit funds in accordance with their current practices, notwithstanding that certain guidelines may not strictly comply in all respects with the investment guidelines in section 345 of the Bankruptcy Code, and all applicable Banks are authorized to accept or hold or invest funds, at the Debtors' direction, in accordance with the Debtors' current practices.

11. Any Banks are further authorized to (a) honor the Debtors' directions with respect to the opening and closing of any Bank Account and (b) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; <u>provided</u>, in each case, that the Debtors' Banks shall not have any liability to any party for relying on such representations.

12. The Debtors are authorized, from and after the Petition Date, to continue to engage in Intercompany Transactions with (a) the prior consent of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") and (b) to the extent such Intercompany Transaction involves a Debtor other than M&G Polymers, M&G Chemicals, M&G International and M&G Capital S.à r.l., the prior consent of Control Empresarial de Capitales, S.A. de C.V., as DIP Financing lender (the "<u>DIP Lender</u>"); <u>provided, however</u>, that for the avoidance of doubt, the Debtors shall be authorized by this Order (without the need to obtain the further consent of any party) to continue to undertake the following Intercompany Transactions: (a) the transfer of funds relating to the Italian Branch office of M&G International, acting as an agent to conduct PET sales for non-Debtor affiliate M&G Polimeros Mexico in exchange for a 5% commission, (b) any Inter-Debtor Transaction provided for in the approved DIP Financing budget, (c) M&G Resins' reimbursement of non-Debtor Italian affiliates for the salaries and benefits of expatriate

employees working at the Corpus Christi Plant, at cost, in accordance with the approved DIP Financing budget and (d) the Debtors' reimbursement of M&G Finanziaria for certain overhead costs, including rent and utilities for M&G International's Italian office, at cost, in accordance with the approved DIP Financing budget; and provided, further, that the Debtors will seek a further order of this Court prior to engaging in any Intercompany Transactions (other than those specified in clauses (a)-(d) of this paragraph 12) without the prior consent of the Committee and, to the extent such Intercompany Transaction involves a Debtor other than M&G Polymers, M&G Chemicals, M&G International and M&G Capital S.à r.l., the prior consent of the DIP Lender.

13. All Intercompany Claims held by a Debtor or non-Debtor affiliate against a Debtor arising from post-petition Intercompany Transactions shall be entitled to administrative expense priority pursuant to section 503(b)(1) of the Bankruptcy Code. Notwithstanding anything else herein, all Intercompany Claims held by a Debtor against another Debtor arising from post-petition Intercompany Transactions shall give rise to superpriority claims pursuant to sections 364, 503 and 507 of the Bankruptcy Code (the "Intercompany Superpriority Claims") against the relevant Debtors; provided, however, that no Intercompany Superpriority Claim shall be senior to the liens and claims granted to the DIP Lender or the Debtors' prepetition secured lenders as adequate protection pursuant to any order of this Court. The Debtors shall maintain current records with respect to all transfers of cash so that all Intercompany Transactions may be readily ascertained, traced, distinguished between prepetition and postpetition transactions and recorded properly on applicable intercompany accounts. The Debtors shall provide reasonable access to such records and procedures to the Committee's advisors and, to the extent such records and procedures reflect Intercompany Transactions involving a Debtor other than M&G Polymers, M&G Chemicals, M&G International and M&G Capital S.à r.l., the DIP Lender's advisors.

Absent further order of the Court, the Debtors shall not make post-petition intercompany loans to non-Debtor affiliates.

14. Notwithstanding anything contained herein, despite the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor pays those disbursements.

15. For Banks at which the Debtors hold Bank Accounts that are party to an UDA with the U.S. Trustee, within 15 days of the date of entry of this Order, the Debtors shall (a) contact each Bank, and (b) provide each Debtor's employer identification number for each account held at such Banks by a Debtor.

16. For Banks at which the Debtors hold Bank Accounts that are not party to an UDA with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Banks to execute an UDA in a form prescribed by the U.S. Trustee within 30 days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Banks are unwilling to execute an UDA in a form prescribed by the U.S. Trustee are fully reserved.

17. Except to the extent otherwise provided in this Order or in any other Order entered in these Cases to the contrary, the Banks are authorized, in the ordinary course of the Banks' businesses and in accordance with their banking rules, regulations, procedures and policies, to service and administer Bank Accounts and to provide any cash or treasury management services they may provide to the Debtors under this Order. To the extent necessary, the automatic stay is hereby modified to permit the Banks to carry out and implement such administrative and management services, including the giving of any required or appropriate

notice in connection with the Bank Accounts. Notwithstanding the foregoing, nothing in this Order shall authorize (and the automatic stay shall not be modified to permit) any Bank to set-off against, or apply any cash or other deposits it my hold on behalf of the Debtors against, any prepetition claim it may hold against any Debtor.

18. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the 14-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

19. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted in this Order.

20. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

21. A final hearing to consider the relief requested in the Motion shall be held on February 1, 2018 at 10:00 a.m. (prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to January 25, 2018 at 4:00 p.m. (prevailing Eastern Time).

Dated: January 2, 2018
Wilmington, Delaware

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Court Judge