## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | Case No. 17-12307 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Related Docket No. 537** |

### LIMITED OBJECTION OF PEPSI-COLA ADVERTISING AND MARKETING, INC. TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WTH SALE

Pepsi-Cola Advertising and Marketing, Inc. ("**Pepsi**"), respectfully submits this limited objection (the "**Objection**") to the potential assumption and assignment of the Resin Supply Agreement dated March 1, 2017 (the "**Agreement**") between Pepsi and M&G Resins USA, LLC ("**Resins**"), as set forth in the Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale [Docket No. 537] (the "**Notice**"). In support of its Objection, Pepsi states as follows:

1. On October 24, 2017 (the "**Polymers Petition Date**"), M&G Polymers USA, LLC ("**Polymers**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, (11 U.S.C. §§ 101, *et seq*., hereafter, the "**Bankruptcy Code**"). On October 30, 2017 (the "**Debtors Petition Date**"), the remaining Debtors, including Resins, filed voluntary petitions for chapter 11 bankruptcy protection in this Court.

---

[1]  The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230); M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à.r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695),

2.	From the inception of the Agreement until shortly before the Polymers Petition Date, Pepsi and certain Pepsi bottlers (the "**Bottlers**") purchased large amounts of resin from the Debtors pursuant to the terms of the Agreement.

3.	The Debtors have listed the Agreement among the contracts that may be assumed as part of the sale of their operating assets (the "**Cure Schedule**") [Docket No. 537-1].

4.	The Cure Schedule identifies Polymers as the Debtor party to the Agreement, but Polymers assigned the Agreement to Resins on June 28, 2017.  The Cure Schedule lists a cure amount of $0.00.

5.	Prior to the Polymers Petition Date, the Debtors advised Pepsi that they would be unable to meet Pepsi's and its Bottlers' collective resin production requirements and that Pepsi would need to "cover" by securing resin from alternate suppliers.  Pursuant to the terms of the Agreement, Pepsi is entitled to payment by Resins for the costs of covering Resins' supply obligations as of the date of the proposed assignment and assumption.[2]  The cover expenses or obligations  in excess of the resin costs set forth in the Agreement (the "**Resin Cover Expense**") as of the date hereof are approximately $1.96 million and expected to exceed $11 million in 2018, none of which have been paid by the Debtors.[3]  The non-payment of the Resin Cover Expense by the Debtors constitutes a default under the Agreement that must be cured if the Agreement is to be assumed.

---

[2]	The Agreement is confidential and has not been attached to this Objection.  Pepsi believes that the Debtors possess a copy of the Agreement and Pepsi will provide a copy to other properly-interested parties upon request, subject to an appropriate protective order.

[3]	In order to mitigate the damages from the Debtors' current inability to provide the resin required under the Agreement for 2018 and to prevent a disruption in the availability of resin for Pepsi and its Bottlers, Pepsi has begun the process of finding alternate suppliers.  In the absence of the Debtors' ability to demonstrate that they or their prospective purchaser will be able to provide the required resin for Pepsi and its Bottlers under the Agreement, Pepsi and its Bottlers will, in the near future, incur additional cover expenses under the Agreement. Pepsi estimates that the cover costs for all of 2018 would exceed $11 million.

6. The Agreement also requires Resins to pay rebates to Pepsi based on the volumes of resin purchased by Pepsi and the Bottlers (the "**Rebates**"). As of the Petition Date, Pepsi was entitled to Rebates totaling approximately $6.71 million. These Rebates remain unpaid, which constitutes a default under the Agreement that must be cured if the Agreement is to be assumed.

7. Accordingly, under the Agreement, Pepsi is owed not less than $8,670,000.00 (the "**Cure Amount**"). Also, all obligations under the Agreement are due to Pepsi from Resins, not Polymers, because Polymers assigned the Agreement to Resins on June 28, 2017.

8. Under section 365(b)(1)(A) of the Bankruptcy Code, a debtor cannot assume an executory contract or unexpired lease, under which the debtor has defaulted, unless at the time of assumption the debtor "cures or provides adequate assurance that it will promptly cure such default." 11 U.S.C. § 365(b)(1)(A); *L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.)*, 209 F.3d 291, 298 (3d Cir. 2000). Section 365(b)(1)(B) of the Bankruptcy Code requires a debtor to provide "adequate assurance that [it] will promptly compensate, a party other than the debtor to such contract or lease, for any actual or pecuniary loss to such party resulting from such default". 11 U.S.C. § 365(b)(1)(B). In addition to the requirements of section 365(b)(1)(A) and (B), section 365(b)(1)(C) requires that the debtor must provide "adequate assurance of future performance" under the contract or lease before being permitted to assume such contract or lease. 11 U.S.C. § 365(b)(1)(C); *In re Rickel Home Ctrs., Inc*, 209 at 298.

9. Here, because the Debtors are not currently able to meet the requirements of the Agreement, Pepsi requires assurance that the Debtors' prospective assignee can and will be able to do so.

10.     To the extent that Resins can demonstrate adequate assurance of future performance, Pepsi does not contest Resins' right to assume and assign the Agreement. However, if the Agreement is going to be assumed, the $0.00 cure amount proposed by the Debtors is insufficient to cure the defaults as required under section 365(b)(1)(A) of the Bankruptcy Code.  Pepsi objects to the assumption and assignment of the Agreement in the absence of payment of the Cure Amount and all other amounts currently owed under the Agreement.

11.     Pepsi reserves the right to amend this Objection to the extent it determines that any additional amounts are due under the Agreement, or for any other reason.

**WHEREFORE**, Pepsi-Cola Advertising and Marketing, Inc. respectfully requests that this Court enter an order: (i) finding that the Debtors' cure obligation pursuant to section 365(b)(1)(A) of the Bankruptcy Code with respect to Pepsi and the Resin Supply Agreement is not less than $8,670,000.00; (ii) conditioning the Debtors' assumption of the Agreement upon the payment of all amounts due under section 365(b)(1)(A) of the Bankruptcy Code; (iii) conditioning assumption of the Agreement on the demonstration of adequate assurance of future performance under the Agreement; and (iv) granting such further relief as this Court deems just.

Dated:  January 3, 2018
        Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

_/s/ William E. Chipman, Jr._

William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:     (302) 295-0191
Facsimile:      (302) 295-0199
Email:          chipman@chipmanbrown.com
                olivere@chipmanbrown.com

—and—

Joseph D. Frank (Admitted *Pro Hac Vice*)
Jeremy C. Kleinman (Admitted *Pro Hac Vice*)
**FRANKGECKER, LLP**
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:     (312) 276-1400
Facsimile:     (312) 276-0035
Email:          jfrank@fgllp.com
                jkleinman@fgllp.com

*Counsel for Pepsi-Cola Advertising and Marketing, Inc.*