# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| M & G USA CORPORATION, *et al.*[1], | ) | Case No. 17-12307 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: D.I. 537 |

## W.T. BYLER CO., INC.'S AMENDED LIMITED OBJECTION TO POSSIBLE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

W.T. BYLER CO., INC. ("Byler"), by and through the undersigned counsel, hereby files this Amended Limited Objection to the Debtors' Notice of Cure Amounts and Possible Assumption and Assignment of Executory Contracts [D.I. 537], and in support thereof respectfully states as follows:

1. Byler was party to a contract with Chemtex International and/or M&G Resins USA LLC (the "Contract") related to the improvement and construction of the project known as the Jumbo Project, 7001 Joe Fulton International Corridor, Corpus Christi, Nueces County, Texas 78409.

2. On or about October 11, 2017, Byler sent formal notice of termination of the Contract to Chemtex International and M&G Resins USA LLC. *See* **Exhibit A** attached hereto and incorporated by reference as if set forth fully herein.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

3. On October 30, 2017, Chemtex International and M&G Resins USA LLC filed their Chapter 11 bankruptcy cases.

4. On or about December 21, 2017, Debtors filed a Notice of Possible Assumption and Assignment of the Contracts. The reason for filing this amended objection relates to the fact that the terminated Contract cannot be assumed by Debtors. Additionally, even if it could be assumed, the Debtors' assert an incorrect cure amount of $0.00. The actual cure amount, if the Contract had not been terminated, was $300,000.00.

**OBJECTION**

A. **Terminated Contract Cannot Be Assumed.**

5. A contract or lease no longer in existence is not executory and cannot be assumed. *See In re Stewart Foods, Inc.*, 64 F.3d 141 (4th Cir. 1995) ("a debtor-in-possession does not have the option of rejecting or assuming non-executory contracts and remains bound by the debtor's obligations under those contracts after the bankruptcy filing."); *In re Thompson*, 186 B.R. 301, 307 (Bankr. N.D. Ga. 1995) (contract terminated prepetition "cannot be revived solely by virtue of a bankruptcy petition. Filing for bankruptcy relief does not confer new rights on a debtor in regard to [] terminated agreements and a debtor is not permitted to cure his defaults and/or assume such agreements."); *In re Coast Cities Truck Sales, Inc.*, 147 B.R. 674, 677 (D.N.J. 1992); *In re Iriss*, 630 F.2d 1370 (10th Cir. 1980) (contract terminated before filing cannot be assumed or rejected).

6. Here, because the Contract was terminated prior to the Debtors' bankruptcy filing, it cannot be assumed. Accordingly, Byler requests that the assumption and assignment of the Contract not be approved.

**B. Even if Contract Was Not Terminated, Cure Amount Is Incorrect.**

7. Section 365(b)(1) provides, in relevant part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee--(A) cures, or provides adequate assurance that the trustee will promptly cure, such default .... . . .; and (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

8. Even assuming *arguendo* that the Contract had not been terminated prior to Debtors' bankruptcy filing, the purpose of Section 365(b)(1) is to restore the debtor-creditor relationship to a pre-default condition and bring it back into compliance with the terms of the contract. *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009). In addition, Byler would have a right to be reimbursed as part of its cure payment for all of its actual pecuniary losses, including, but not limited to, attorneys fees and costs expended with regard to enforcing its rights under the Contract and applicable Texas state law in connection with the Debtors' bankruptcy proceedings. Thus, if the Court finds for any reason that the Contract was not terminated, Byler further objects to the extent that all cure amounts are not immediately paid in full upon assumption or assumption and assignment of the Contract.

9. In the unlikely event the Contract is deemed by the Court not to have been terminated pre-bankruptcy filing, the correct cure amount owed to Byler on the Contract are as follows:

| | |
|---|---|
| Principal amount owed: | $300,000.00 |
| Interest and Attorneys Fees[2]: | $ 40,000.00 |
| TOTAL CURE: | $340,000.00 |

---

[2] Estimated Amount as of December 22, 2017, subject to additional charges.

10. A description of the principal amount owed is contained within the Affidavits of Lien recorded in the Nueces County, Texas, real property records, copies of which are attached hereto as **Exhibit B**. In order to satisfy the requirements of section 365(b) and (f), any sale order or assignment of the Contract (if the Court deems it can be assigned) must provide for immediate cure the monetary default of $340,000.00.

WHEREFORE, W.T. Byler Co., Inc. requests that the sale and the assumption and assignment of the Contract not be approved since the Contract was terminated prior to the Debtors bankruptcy filing. In the alternative, if the Court determines that the Contract was not terminated, W.T. Byler Co., Inc. requests that the sale and the assumption and assignment of the Contract not be approved until the proper cure amounts have been identified, and that all other and further relief as the Court deems just and properly be awarded.

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Scott J. Leonhardt*
Scott J. Leonhardt (No. 4885)
Jason A. Gibson (No. 6091)
824 Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 319-6301
Email: leonhardt@teamrosner.com

**ANDREWS MYERS, PC**

*/s/ T. Josh Judd*
T. Josh Judd
Texas Bar No.: 24036866
1885 Saint James Place, 15th Floor
Houston, TX 77056
Tel: 713-850-4200
Fax: 713-850-4211
jjudd@andrewsmyers.com
*Admitted Pro Hac Vice*

*Counsel for W.T. Byler Co., Inc.*