IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| M & G USA CORPORATION, *et al.*[1], | ) | Case No. 17-12307 (BLS) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: D.I. 537 |

## BLANCHARD CONTRACTORS INC.'S LIMITED OBJECTION TO POSSIBLE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

BLANCHARD CONTRACTORS, INC. ("Blanchard"), by and through the undersigned counsel, hereby files this Limited Objection to the Debtors' Notice of Cure Amounts and Possible Assumption and Assignment of Executory Contracts [D.I. 537], and in support thereof respectfully states as follows:

1. Blanchard, Chemtex International, and M&G Resins USA LLC are parties to various agreements (the "Contracts") related to the improvement and construction of the project known as the Jumbo Project, 7001 Joe Fulton International Corridor, Corpus Christi, Nueces County, Texas 78409.

2. On or about December 21, 2017, Debtors filed a Notice of Possible Assumption and Assignment of the Contracts. The reason for filing this limited objection relates solely to the cure amount owed to Blanchard. The Debtors' assert a cure amount of $653,405.00. The cure amount proposed by the Debtors is incorrect. The actual cure amount is $8,118,762.29.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

## Limited Objection

3.  Section 365(b)(1) provides, in relevant part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee--(A) cures, or provides adequate assurance that the trustee will promptly cure, such default .... . . .; and (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

4.  The purpose of Section 365(b)(1) is to restore the debtor-creditor relationship to a pre-default condition and bring it back into compliance with the terms of the contract. *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009). In addition, Blanchard asserts its rights to be reimbursed as part of its cure payment for all of its actual pecuniary losses, including, but not limited to, attorneys' fees and costs expended with regard to enforcing its rights under the Contracts and applicable Texas state law in connection with the Debtors' bankruptcy proceedings and all post-petition amounts which may be due. Blanchard further objects to the extent that all cure amounts are not immediately paid in full prior to assumption or assumption and assignment of the Contracts.

5.  The correct cure amount owed to Blanchard on the Contracts is $8,118,762.29, plus accrued but unpaid interest and fees in an as-yet undetermined amount as provided for in the Contract and by law. The interest and attorney fee amount will be provided to party in interest upon written request therefor.

6.  A description of the principal amount owed is contained within the Affidavits of Lien recorded in the Nueces County, Texas, real property records, copies of which are attached hereto as **Exhibit A**. In order to satisfy the requirements of section 365(b) and (f), any sale order

or assignment of the Contracts must provide for immediate cure the monetary default of $8,118,762.29, interest, attorney fees and all other amounts provided for by law.

7. Blanchard reserves all rights, including but not limited to the right to: (i) make such other and further objection and claims as may be appropriate; (ii) amend, modify, and supplement this Cure objection including, without limitation, to assert that an amount greater than that set forth herein is due to Blanchard; (iii) raise all objections related to the assumption and assignment of the Contract to any purchaser; and (iv) raise any objection to a request to designate the Contract for further assignment in the event it does not become part of the current sale.

WHEREFORE, Blanchard Contractors, Inc. requests that the sale and the assumption and assignment of the Contracts not be approved until the proper cure amounts have been identified, and that all other and further relief as the Court deems just and properly be awarded.

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

*/s/ Scott J. Leonhardt*
Scott J. Leonhardt (No. 4885)
Jason A. Gibson (No. 6091)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 319-6301
Email: leonhardt@teamrosner.com

*Counsel for Blanchard Contractors, Inc.*