## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | Case No. 17-12307 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 537** |

### CITAL US, LLC'S LIMITED OBJECTION TO POSSIBLE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

Cital US, LLC ("Cital"), by and through its undersigned counsel, hereby files this Limited Objection to the Debtors' *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Sale* [D.I. 537] (the "Notice"), and in support thereof respectfully states as follows:

1. Cital and Chemtex International, Inc. ("Chemtex") are parties to a written contract and repayment agreement (the "Contract"), executed on or about March 9, 2015, for the repayment of overdue balances due to Cital from Chemtex related to the improvement and construction of the project known as the Jumbo Project, 7001 Joe Fulton International Corridor, Corpus Christi, Nueces County, Texas 78409. A true and correct copy of the Contract is annexed hereto as **Exhibit "A."**

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à.r.l. (1270), M&G Chemicals S.A. (1022), M&G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

2. On or about December 21, 2017, Debtors filed the Notice and asserted a cure amount of $0.00 as to Cital. Cital is filing this Limited Objection solely as to the asserted cure amount, the correct and actual amount of which is at least $1,063,078.51.

**LIMITED OBJECTION**

3. Section 365(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") provides, in relevant part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee – (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ; and (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

4. "The purpose of § 365(b)(1) is to restore the debtor-creditor relationship . . . to pre-default conditions," bringing it back into compliance with the terms of the contract. *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009) (internal quotation marks and citations omitted) (alteration in original).

5. On or about October 11, 2017, Cital filed an Original Petition (the "Texas Petition") against Chemtex in the District Court of Harris County, Texas, asserting that Chemtex breached the Contract by refusing to remit payment to Cital according to the terms thereof. A true and correct copy of the Texas Petition is annexed hereto as **Exhibit "B."**

6. After filing the Texas Petition, Cital became aware that Chemtex had made the following payments in connection with the Contract:

| Date Received | Amount Received |
|---|---|
| May 5, 2017 | $300,000.00 |
| May 23, 2017 | $228,314.02 |
| June 30, 2017 | $244,745.68 |

7. Accordingly, Cital asserts that the principal amount presently due under the Contract, exclusive of interest, costs, and attorneys' fees, is at least $1,059,941.52.

8. Cital also asserts its rights to be reimbursed as part of its cure payment for all of its actual pecuniary losses, including, but not limited to, attorneys' fees and costs expended with regard to enforcing its rights under the Contract and applicable Texas state law in connection with the Texas Petition and the Debtors' bankruptcy proceedings, as well as pre- and post-judgment interest at the maximum rate permitted by applicable law. Cital further objects to the extent that all cure amounts are not immediately paid in full upon assumption or assumption and assignment of the Contract.

9. The correct cure amount owed to Cital on the Contract are as follows:

| | |
|---|---|
| Principal amount owed: | $1,059,941.52 |
| Interest: Complaint to Petition Date[2] | $145.20 |
| Attorneys' Fees[3]: | $ $2,991.79 |
| **TOTAL CURE:** | $1,063,078.51 |

6. To satisfy the requirements of section 365(b) and (f), any sale order or assignment of the Contract must provide for immediate cure the monetary default of $1,063,078.51.

---

[2] Based on a calculation from the date of the Texas Petition to the Petition Date under Texas Finance § 304.001 *et seq*.
[3] Estimated Amount as of January 3, 2018. Cital hereby reserves to right to amend this amount to assert additional costs, attorneys' fees, and interest as permitted under applicable law.

WEST\280020566.1

3

**WHEREFORE**, Cital US, LLC requests that the sale and the assumption and assignment of the Contract not be approved until the proper cure amounts have been identified, and that the Court grant all such other and further relief as it deems equitable, just, and proper.

Respectfully submitted,

Dated: January 3, 2018
Wilmington, Delaware

**DLA PIPER US LLP**

*/s/ Stuart M. Brown*
Stuart M. Brown (DE 4050)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
E-mail: stuart.brown@dlapiper.com

*-and-*

Ileana M. Blanco, Esq.
**DLA PIPER US LLP**
Wells Fargo Plaza
1000 Louisiana Street, Suite 2800
Houston, Texas 77002-5005
Telephone: (713) 425-8435
Facsimile: (713) 300-6035
E-mail: ileana.blanco@dlapiper.com

*Counsel for Cital US, LLC*