**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| M & G USA CORPORATION, *et al.*1, | § | Case No. 17-12307 (BLS) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**THE PORT OF CORPUS CHRISTI AUTHORITY'S LIMITED OBJECTION TO POSSIBLE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

THE PORT OF CORPUS CHRISTI AUTHORITY, ("Port"), by and through the undersigned counsel, hereby files this Limited Objection to the Debtors' Notice of Cure Amounts and Possible Assumption and Assignment of Executory Contracts [Dkt. #537], and in support thereof respectfully states as follows:

1. The Port[1] is the non-debtor counter party to leases and agreements listed on Exhibit A relating to the Debtors' property located at 7001 Joe Fulton International Corridor, Corpus Christi, Nueces County, Texas 78409.

**2.** On or about December 21, 2017, Debtors filed a Notice of Possible Assumption and Assignment of the Contracts. The reason for filing this limited objection relates solely to the cure amounts owed to Port. The Debtors assert cure amounts as listed on page 14 of Dkt. #537-1, attached hereto as Exhibit B. The cure amounts proposed by the Debtors for the various agreements are incorrect. The actual cure amounts are reflected on Exhibit A.

**Limited Objection**

3. Section 365(b)(1) provides, in relevant part:

---

[1] The Port is an arm of the State of Texas and entitled to Eleventh Amendment immunity. This pleading in no way is an express or implied waiver of the Port's Eleventh Amendment immunity nor constitutes a general appearance and submission to the federal bankruptcy court's jurisdiction. The Port specifically asserts its Eleventh Amendment immunity to any attempt to affirmatively affect the Port's rights outside of purview of controlling jurisprudence.

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee--(A) cures, or provides adequate assurance that the trustee will promptly cure, such default .... . . .; and (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

4. The purpose of Section 365(b)(1) is to restore the debtor-creditor relationship to a pre-default condition and bring it back into compliance with the terms of the contract. *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009). In addition, the Port asserts its rights to be reimbursed as part of its cure payment for all of its actual pecuniary losses, including, but not limited to, attorneys' fees and costs expended with regard to enforcing its rights under the agreements and leases and applicable Texas state law in connection with the Debtors' bankruptcy proceedings and all post-petition amounts which may be due. The Port further objects to the extent that all cure amounts are not immediately paid in full prior to assumption or assumption and assignment of the Contracts.

5. The Debtors list several easements on page 14 of Docket # 537-1 that indicate that the Port of Corpus Christi Authority is the non-debtor counter-party. Each of the easement interests has been validly created in accordance with Texas law. Tex. Prop. Code § 13.001.

6. The Port objects to any attempt to deem the easements as executory contracts or any sale which purports to be free and clear of the easements. The easements "run with the land" and therefore, the interests constitute property interests under Texas law. *In re Energytec, Inc.*, 739 F.3d 215, 221 (5th Cir. 2013). Accordingly, the easements cannot be treated as executory contracts under Texas law and cannot be vitiated by a free and clear sale pursuant to Section 363(f) of the Bankruptcy Code. Consequently, the sale cannot satisfy the applicable requirements of Sections 363(f)(1)-(5) that permit the Debtors to sell their assets free and clear of such interests, nor can the easement agreements be rejected. *See*, *e.g.*, 11 U.S. 363(f)(1); Tex.

Prop. Code § 13.001*; see also Hidalgo & Cameron Counties Water Control & Improvement Dist. No. 9 v. Maverick County Water Control & Improvement Dist. No. 1,* 349 S.W.2d 768 (Tex. Civ. App); Tex. Prop. Code § 13.001; *Williams v. Jennings*, 755 S.W.2d 874, 881 (Tex.App.- Houston 1988); *Matter of Hamilton*, 125 F.3d 292, 298-302 (5th Cir. 1997)(notice may be actual, constructive or inquiry); *In re Tilton*, 297 B.R. 478, 482-485 (Bankr. E.D. Tex. 2003)(same).

7. The Port specifically asserts its Eleventh Amendment immunity to any attempt to strip the Port's easement property rights through the federal bankruptcy process.

8. The Port reserves all rights, including but not limited to the right to: (i) make such other and further objection and claims as may be appropriate; (ii) amend, modify, and supplement this Cure objection including, without limitation, to assert that an amount greater than that set forth herein is due to the Port; (iii) raise all objections related to the assumption and assignment of the agreements and leases to any purchaser; and (iv) raise any objection to a request to designate the agreements and leases for further assignment in the event it does not become part of the current sale.

WHEREFORE, the Port of Corpus Christi Authority requests that the sale and the assumption and assignment of the Port's agreements and leases not be approved until the proper cure amounts have been identified, and that all other and further relief as the Court deems just and properly be awarded.

Date: January 3, 2018                    Respectfully submitted,

Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 226-7318 (fax)

By: /s/ Lynn Hamilton Butler
    Lynn Hamilton Butler
    Texas Bar No. 03527350
    lynn.butler@huschblackwell.com

**ATTORNEYS FOR PORT OF CORPUS CHRISTI AUTHORITY**

# CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing pleading was forwarded via this Courts CM/ECF notification system to the parties registered for such service on January 3, 2018, including the following:

(a) the Debtors, M&G USA Corporation, 450 Gears Road, Suite 240, Houston, Texas 77067 (Attn: Dennis Stogsdill); (b) counsel for the Debtors, (i) Jones Day, 901 Lakeside Avenue, Cleveland, OH 44114 (Attn: Carl E. Black, Esq.) and 250 Vesey Street, New York, NY 10281 (Attn: Scott J. Greenberg, Esq., Michael J. Cohen, Esq. and Stacey L. Corr-Irvine, Esq.); and (ii) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Attn: Laura Davis Jones, Esq., James E. O'Neill, Esq., and Joseph M. Mulvihill, Esq.); (c) counsel for the official committee of unsecured creditors appointed in these chapter 11 cases (1) Milbank, Tweed, Hadley & McCoy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Dennis F. Dunne, Esq., Abhilash M. Raval, Esq. and Lauren C. Doyle, Esq.) and (2) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 (Attn: J. Kate Stickles, Esq. and David R. Hurst, Esq.); (d) counsel for Control Empresarial de Capitales, S.A. De C.V. and Banco Inbursa, S.A., Institución de Banca Múltiple, Grupo Financiero Inbursa, (i) Cleary Gottlieb Steen & Hamilton LLP, 1 Liberty Plaza, New York, NY 10006 (Attn: Lisa M. Schweitzer, Esq.) and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Pauline K. Morgan, Esq.); (e) counsel to Trimont Real Estate Advisors, LLC, Thompson & Knight LLP, 900 Third Avenue, 20th floor, New York, NY 10022 (Attn: Michael V. Blumenthal, Esq.); (f) counsel to DAK Americas LLC, (i) Weil Gotshal & Manges LLP, 700 Louisiana, Suite 1700, Houston, Texas, 77002 (Attn: Alfredo R. Perez, Esq.) and (ii) Morris, Nichols, Arsht and Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19899 (Attn: Curtis S. Miller, Esq.); (g) counsel (if applicable) of any Stalking Horse Bidder(s); (h) counsel (if applicable) of any applicable Successful Bidder(s); (i) counsel (if applicable) of any applicable Backup Bidder(s) (as defined in the Bidding Procedures); and (j) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Hannah McCollum, Esq.)

/s/ Lynn Hamilton Butler
Lynn Hamilton Butler