# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | Case Nos. 17-12307 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 537 |

## OBJECTION OF AMCOR ENTITIES TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE

Amcor PET Packaging de Mexico S.A. de C.V. n/k/a Amcor Rigid Plastics de Mexico, S.A. de C.V. ("ARP Mexico") and Amcor Group GmbH ("AGG," and together with ARP Mexico, the "Amcor Entities"), by and through their undersigned counsel, hereby file this objection (the "Objection") to the Debtors' Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale [Docket No. 537] (the "Notice"). In support of the Objection, the Amcor Entities state as follows.

1. On October 24, 2017 (the "Polymers Petition Date"), M&G Polymers USA, LLC ("Polymers USA") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, (11 U.S.C. §§ 101, et seq., the "Bankruptcy Code").

2. On October 30, 2017 (the "Petition Date"), the remaining Debtors other than Polymers USA filed voluntary petitions for chapter 11 bankruptcy protection in this Court.

3. On December 21, 2017, the Debtors filed the Notice. In the Notice, the Debtors state that they propose to assume and assign as part of their sale certain contracts they allege

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M & G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M & G Chemicals S.A. (N/A), M & G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). He Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

4812-5752-2778.2

between the Debtor Polymers USA and "Amcor Pet Packaging De Mexico Sa De". Specifically, the Debtors allege that there are a "PET Sales Framework Purchase Agreement," a "Supplier Agreement," a "Barrier Indemnification Agreement," and two "Fixed Price Agreements" between Polymers USA and "Amcor Pet Packaging de Mexico Sa De" Mexico. The Amcor Entities assume for purposes of the Notice and this Objection that where the Debtors state the counterparty as "Amcor Pet Packaging de Mexico Sa De" they mean "Amcor PET Packaging de Mexico S.A. de CV", which is the predecessor name of ARP Mexico.

4. The Amcor Entities object to the Notice, the proposed assumption and assignment of contracts and the proposed cure as set forth herein.

5. First, to Amcor's knowledge, there are no such contracts as alleged in the Notice between the Debtor Polymers USA and ARP Mexico. Rather, the Amcor Entities are aware of only separate Mexican agreements between the Debtor's Mexican non-Debtor affiliate, M&G Polimeros Mexico, S.A. de C.V and ARP Mexico. These separate non-Debtor agreements consist of a Mexican Framework Purchase Agreement, a Mexico Supply Agreement, all between the non-Debtor M&G Polimeros Mexico, S.A. de C.V. and ARP Mexico (the "<u>Mexico Agreements</u>").

6. It is axiomatic that the Debtors may not assume and assign any contracts that are not with Debtor entities. Therefore, the Debtors may not assume and assign the Mexican agreements they propose to assume and assign, which are contracts of the non-Debtor M&G Polimeros Mexico, S.A. de C.V., and not contracts of Debtor entities. This conclusion should resolve the issue of assumption and assignment and cure – the Debtors cannot assume and assign contracts that do not belong to them.

4812-5752-2778.2

7. In the event that the Debtors actually seek to assume and assign other contracts that they do not accurately specify in the Notice, they should be compelled to submit a corrected notice stating the correct parties to such contracts and describing the correct names of such contracts. However, while the Amcor Entities should not have to guess what contracts the Debtors propose to assume and assign and submit a zero cure under in the Notice (and the Debtors have described contracts which do not exist as stated above), in an abundance of caution due to the confusion caused by the Debtors' Notice, in the event the contracts specified are somehow deemed to be with Debtor entities, or somehow deemed to be contracts different than those described in the Notice, the Amcor Entities object to the zero cure proposed by the Debtors.

8. As the Debtors well know, there are separate agreements (which are not specified in the Notice) between the Debtor Polymers USA and AGG, including a North America Supply Agreement (the "AGG Supply Agreement"), a Framework Purchase Agreement, an Indemnification Agreement and two Fixed Price Supply Agreements, all as may have been amended (together, the "Supply Agreements"). The AGG Supply Agreement was terminated by agreement between the parties, and the parties agreed that AGG's rights and claims for breach survived such termination.

9. Prior to the Polymers Petition Date, Polymers USA told AGG that it would be unable to meet AGG's resin production requirements in breach of the Supply Agreements. AGG's damages, which AGG has been diligently working to cover, exceeded $200,000,000, and are expected to ultimately exceed $11,993,110.77. Separate from the issue of exactly which contracts the Debtors seek to assume and assign, and whether those contracts are with Debtors and were properly identified or even remain in existence in order to be assumed and assigned,

the Amcor Entities' cover damages must be cured in full if the Supply Agreements are sought to be assumed. Instead, the Debtors have paid for no amounts of such damages.

10. In addition, the Amcor Entities are owed amounts due to breaches and deficiencies of performance under the Mexico Agreements, including without limitation past due rebates and substantial damages for breach which remain to be determined.

11. The Amcor Entities further object on the basis of adequate assurance of future performance as required by Section 365 of the Bankruptcy Code, as none has been provided by the Debtors.

12. The Amcor Entities reserve their rights to supplement this Objection with additional claims and information.

[*Remainder of Page Left Intentionally Blank*]

WHEREFORE, the Amcor Entities respectfully request that the Court enter an order denying assumption and assignment of any contracts with the Amcor Entities.

Dated: January 3, 2018
       Wilmington, Delaware

Respectfully submitted,

/s/ *Aaron H. Stulman*
Christopher M. Samis (No. 4909)
Aaron H. Stulman (No. 5807)
WHITEFORD, TAYLOR & PRESTON LLC
The Renaissance Centre
405 North King Street, Suite 500
Wilmington, Delaware 19801
Telephone: (302) 353-4144
Facsimile: (302) 661-7950
Email: csamis@wtplaw.com
       astulman@wtplaw.com

-and-

John A. Simon, Esq.
FOLEY & LARDNER LLP
500 Woodward Avenue
Suite 2700
Detroit, Michigan 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
Email: jsimon@foley.com

*Counsel for Amcor PET Packaging de Mexico S.A. de C.V. n/k/a Amcor Rigid Plastics de Mexico, S.A. de C.V. and Amcor Group GmbH*