# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | ) | |
| | ) | Case No. 17-12307 (BLS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. 537** |

### OBJECTION OF MMR CONSTRUCTORS, INC. TO THE NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE

MMR Constructors, Inc. ("MMR"), by and through its undersigned counsel, hereby objects (the "Objection") to the Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale [Docket No. 537] (the "Cure Notice"),[2] and in support thereof states as follows:

### BACKGROUND

1. On October 24, 2017, M&G Polymers USA, LLC ("M&G Polymers"), one of the above-captioned debtors, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, collectively, the "Cases").

2. On November 16, 2016, the Debtors filed the Motion of the Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets,

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à.r.l. (1270), M&G Chemicals, S.A. (1022), M&G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062), and Indo American Investments Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms that not defined herein have the meanings in the Cure Notice.

(B) Authorizing the Debtors to Enter Into One of More Stalking Horse Purchase Agreements and to Provide Bid Protections thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Hereof; (II)(A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief [Docket No. 173] (the "Sale Motion"). Pursuant to the Sale Motion, the Bidding Procedures governing the sale of the Debtors' assets were approved by the Court on December 14, 2017 [Docket No. 490]. In connection with the Sale Motion and the Bidding Procedures, the Debtors filed the Cure Notice on December 21, 2017.

3. Prior to the Petition Date, in early 2013, the Debtors began construction on a PTA/PET production plant (the "Corpus Christi Plant") located at 7001 Joe Fulton International Corridor, Corpus Christi, Texas, 78409 (the "Property") owned by M&G Resins USA, LLC, one of the above-captioned debtors. Construction of the Corpus Christi Plant ceased prior to October 24, 2017 at only 85% complete. During the construction process in 2017, MMR entered into two contracts with the Debtors (the "Contracts") to furnish electrical and instrumentation craftsmen and labor for construction and/or completion, as well as materials, for the improvements on the Plant and Property.

4. The Debtors did not pay MMR for the services and materials it provided with respect to the Plant and Property. As of October 13, 2017, the outstanding amounts owed with respect to MMR's work at the Plant totaled $15,779,013.39, exclusive of accruing interest, other charges, and attorneys' fees.

5.   On October 13, 2017, MMR filed an Affidavit of Mechanics and Materialman's Lien (the "Lien Statement") with respect to the Plant and related Property, and the removables thereon, in the amount of $15,779,013.39, pursuant to §53.052 of the Texas Code and Statutes Annotated (the "Texas Statutes").  A true and correct copy of the line statement is attached hereto as Exhibit A.  MMR filed the Lien Statement with the clerk in Nueces County within the time period prescribed by the Texas Statutes.  MMR therefore has a valid lien (the "Lien") against the Plant and Property, as well as the improvements and removables located thereon, to secure payment of the amounts owed to it under the Texas Statutes.  Further, MMR holds a valid constitutional lien pursuant Article 16 Section 37 of the Texas Constitution.

6.   Since the filing of the Lien Statement, additional amounts have continued to accrue, including, but not limited to interest and attorneys' fees.  On December 21, 2017, the Debtors filed the Cure Notice include the MMR Contracts.  The MMR Contracts are listed on the Cure Notice as follows:

| Counterparty | Contracts | Cure Amount |
|---|---|---|
| Chemtex International, Inc. | Construction Contract | $15,779,475.86 |
| M&G Resins USA, LLC | Subcontract – Commission Database | $46,653.32 |

7.   The amounts set forth in the Cure Notice do not accurately reflect the total balances owing under the MMR Contracts.

**OBJECTION**

8.   Section 365 of the Bankruptcy Code provides in pertinent part:

(b)(1)  If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease the trustee –

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . .

9.      Currently, the Debtors are in default of the terms of the MMR Contracts.  MMR disagrees and objects to the Cure Amount as set forth on the Cure List.  As of the date hereof, MMR is owed $16,277,379.56, plus interest, costs, and attorneys' fees with respect to the Construction Contract with Debtor Chemtex International, Inc. (the "Construction Contract Cure Amount").  Attached hereto as Exhibit B are the invoices reflecting the additional charges incurred since the filing of the Lien Statement.  As of the date hereof, MMR is currently owed $30,211.97 with respect to the Subcontract – Commission Database with Debtor M&G Resins USA, LLC (the "Subcontract Cure Amount").

10.     The Debtors are required by the plain language of Bankruptcy Code section 365(b)(1)(A) to pay (or provide adequate assurance that they will promptly pay) the full cure amount, including all amounts that may accrue through the date of any sale closing and contract assumption or assignment.

11.     The Construction Contract and Subcontract Cure Amounts represent the amounts currently due and owing to MMR under the Contracts, however, this amount will likely continue to increase prior to any actual date of assumption and assignment of the Contracts, specifically with respect to the attorneys' fees due and owing, as MMR must continue to defend its Lien in these Cases.  Accordingly, MMR expressly reserves the right to amend and/or supplement this Objection and the Construction Contract and Subcontract Cure Amount from time to time and at any time.

12.     Therefore, MMR objects to the Debtors' proposed Cure Amounts set forth in the Cure Notice and respectfully requests that the Debtors be required to pay, upon any assumption or assumption and assignment of the Contracts, the total Cure Amount of $16,307,591.53, plus

the accrued interest since the filing of the Lien and all outstanding attorneys' fees, costs, and other charges, as of the date of the assumption and/or assignment.[3]

### **RESERVATION OF RIGHTS**

13. MMR reserves the right to supplement and/or amend this Objection from time to time and at any time. Further, MMR reserves any and all rights to raise any additional objections with respect to the Sale Motion, including but not limited to: (i) any additional objections with respect to any potential sale of the Debtors' assets, including the MMR Contracts; (ii) any additional objections with respect to any potential assumption and assignment of the MMR Contracts, on any and all grounds under section 365 of the Bankruptcy Code or as otherwise may be available to MMR, including, but not limited to, sufficient adequate assurance of future performance of any buyer of the Debtors' assets and/or the assignability of the MMR Contracts; and/or (iii) any and all other objections with respect to the relief requested in the Sale Motion and/or such relief that may subsequently be sought by the Debtors to be granted pursuant to any order(s) granting the Sale Motion or otherwise, as such requested relief relates to the MMR Contracts and/or the interests of MMR.

---

[3] MMR respectfully requests that the Court require the Debtors to notify MMR by January 25, 2018, whether the Objection will proceed at the sale hearing for the Apple Grove Assets, the sale hearing for the Residual Apple Grove Assets or at a subsequent hearing, and to allow the parties time for discovery with respect to the issues raised herein.

WHEREFORE, based on the foregoing, (i) MMR requests the entry of an order prohibiting the assumption and/or assignment of any of the MMR Contracts unless all amounts owed under the Contracts are paid in accordance with Bankruptcy Code section 365, including the accrued interest since the filing of the Lien and all outstanding attorneys' fees, as of the date of the assumption; and (ii) granting such further relief as the Court deems just and proper.

Dated: January 3, 2018
      Wilmington, Delaware

*/s/ Morgan L. Patterson*
Matthew P. Ward (Del. Bar No. 4471)
Morgan L. Patterson (Del. Bar No. 5388)
Womble Bond Dickinson (US) LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com
Email: morgan.patterson@wbd-us.com

*Counsel to MMR Constructors*