IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered)<br>**Re: Docket No. 537** |

**ACCURATE WELDING & INSPECTION, LLC'S**
**OBJECTION TO DEBTORS' PROPOSED CURE AMOUNT**

Accurate Welding & Inspection, LLC ("Accurate Welding"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale* [D.I. 537] (the "Notice of Possible Assumption/Assignment")[2] filed by the Debtors, and states as follows.

## BACKGROUND

1. Accurate Welding and debtor Chemtex International Inc. are party to that certain construction contract dated May 28, 2018 (the "Accurate Welding Contract"), pursuant to which Accurate Welding was retained to perform certain "Work" (as defined in the Accurate Welding Contract) in connection with construction of a PTA/PET production plant located at 7001 Joe Fulton International Corridor, Corpus Christi, Texas, 78409 (the "Project").

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.A. r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S. r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these Chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not otherwise defined herein shall have the same meaning given to them in the Notice of Possible Assumption/Assignment.

2. The Debtors owe Accurate Welding $3,591,745.25 (the "Accurate Welding Cure") for labor and/or materials Accurate Welding furnished to the Project for the months of April through August 2017. Accurate Welding provided notice of the Accurate Welding Cure to the Debtors and provided underlying invoices in a letter dated October 9, 2017, attached hereto as composite **Exhibit A**.

3. On December 21, 2017 the Debtors filed the Notice of Possible Assumption/Assignment, and Schedule 1 attached thereto identified the Contracts that may be assumed and assigned with a Sale Transaction. In that notice, the Debtors list a "Construction Contract" with Accurate Welding, which is presumably the Accurate Welding Contract, as an executory contract that may possibly be assumed and assigned by the Debtors. See Schedule 1, p. 1.

4. The cure asserted by the Debtors relating to the Accurate Welding Contract is $2,894,800.

5. Accurate Welding objects to the Debtors' asserted cure for the Accurate Welding Contract. Accurate Welding submits that the correct cure necessary for the Debtors to assume the Accurate Welding Contract is at least $3,591,745.25, plus additional attorney's fees, interest, and costs to the extent provided under the Accurate Welding Contract or otherwise under applicable nonbankruptcy law (the "Accurate Welding Cure").

**OBJECTION TO PROPOSED CURE COSTS**

6. In order to assume an executory contract, section 365(b)(1)(A) of the Bankruptcy Code requires a debtor to cure any defaults. 11 U.S.C. § 365(b)(1)(A). Furthermore, section 365(b)(1)(B) requires a debtor, "at the time of assumption… compensates, or provides adequate

2

assurance that the [debtor] will promptly compensate… for any actual pecuniary loss to such party resulting from such default." 11 U.S.C. § 365(b)(1)(B).

7. As of the date hereof, the amount due and payable to Accurate Welding for services, equipment, and materials provided is $3,591,745.25, plus additional attorneys' fees, interest, and costs to the extent provided under the Accurate Welding Contract or otherwise under applicable nonbankruptcy law (i.e., the Accurate Welding Cure). Pursuant to section 365(b)(1)(B), Accurate Welding submits that it is entitled to recover interest, costs, and attorneys' fees incurred and payable pursuant to the terms of the Accurate Welding Contract and applicable nonbankruptcy law. See In re Crown Books Corp., 269 B.R. 12, 15 (Bankr. D. Del. 2001) (stating that a debtor's obligation to cure includes late or other charges that may include attorney's fees).

8. Accurate Welding submits that in order for the Debtors to satisfy the requirements of section 365(b) and (f) of the Bankruptcy Code, any order of the Court authorizing the assumption and assignment of the Accurate Welding Contract must require the immediate payment of the Accurate Welding Cure.

WHEREFORE, based upon the foregoing, to the extent the Debtors seek to assume and assign the Accurate Welding Contract pursuant to a Sale Transaction, Accurate Welding requests that the Court set the cure cost in the amount of the Accurate Welding Cure, and direct the Debtors to immediately pay such amount to Accurate Welding.

Dated: January 4, 2018

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
SAUL EWING ARNSTEIN & LEHR LLP
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899-1266
(302) 421-6898
luke.murley@saul.com

*Attorneys for Accurate Welding & Inspection, LLC*