IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | Case No. 17-12307 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 538** |

### FIRST OMNIBUS ORDER AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS *NUNC PRO TUNC* TO THE REJECTION DATE

This Court has considered the *Debtors' First Omnibus Motion for Entry of an Order Authorizing Them to Reject Certain Executory Contracts Nunc Pro Tunc to the Rejection Date* (the "Motion")[2] and the statements of counsel and the evidence adduced with respect to the Motion at any hearing before this Court (the "Hearing"). This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances. After due deliberation, this Court has determined that (i) the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; (ii) the Debtors have exercised reasonable business judgment in determining that the Rejected Contracts should

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

NAI-1503326419v1

be rejected *nunc pro tunc* to the Rejection Date pursuant to sections 105 and 365 of the Bankruptcy Code; and (iii) good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Debtors are authorized to reject the Rejected Contracts, to the extent executory, attached hereto as <u>Exhibit 1</u>. The rejection of the Rejected Contracts is effective *nunc pro tunc* to the Rejection Date.

3. Notwithstanding anything in this Order to the contrary, with respect to any unexpired leases of rail cars between one or more Debtors and Union Tank Car Company ("<u>UTLX</u>"), namely the Car Service Agreement dated May 1, 2000, as revised and supplemented by separate riders currently in effect (the "<u>UTLX Contract</u>"), the rejection of the UTLX Contract shall be effective immediately as of the date of the entry of this Order. All of UTLX's rights to assert any claim or seek any remedy based on the UTLX Contract, and any defenses or objections of the Debtors to such claims or remedies, are preserved. Notwithstanding the rejection of the UTLX Contract, any property belonging to the Debtors (including polyethylene terephthalate) that remains in the rail cars under the UTLX Contract as of the date of the entry of this Order shall remain property of the Debtors and the Debtors shall be entitled to dispose of such property, at Debtors' sole expense, before returning such rail cars to UTLX.

4. Within two business days after entry of this Order, the Debtor shall serve this Order on the counterparties to the Rejected Contracts.

5. Each Counterparty to a Rejected Contract may file a claim under section 502 of the Bankruptcy Code or other claims in connection with such Rejected Contract in accordance

-2-

NAI-1503326419v1

with any claims bar date set by the Court, and the failure to timely file such claim shall forever prohibit such counterparty from receiving any distribution on account of such claims from the Debtors' estate or otherwise.

6. The hearing on the contracts listed on <u>Exhibit 2</u> attached hereto is adjourned to January 18, 2018 at 10:00 a.m. (prevailing Eastern Time).

7. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall be deemed or construed to: (a) constitute an admission as to the validity or priority of any claim against the Debtors; (b) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; and/or (c) constitute a waiver of the Debtors' rights to dispute any claim.

8. The rejection of the Rejected Contracts authorized by this Order complies with the requirements of Bankruptcy Rule 6006(f).

9. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Order.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: January 9, 2018
Wilmington, Delaware

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Court Judge

NAI-1503326419v1