# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | Case No. 17-12307 (BLS) |
| Debtors. | (Jointly Administered)<br>Re: Docket No. 537 |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DAK AMERICAS LLC TO DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE

DAK Americas LLC and all affiliates related thereto ("**DAK Americas**"), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the "**Limited Objection**") to the *Notice of Possible Assumption and Assignment of Contracts and Unexpired Leases in Connection with Sale* (the "**Assumption Notice**") (Docket No. 537),[2] and respectfully represents:

### Limited Objection and Reservation of Rights

1. On October 24, 2017, M & G Polymers USA, LLC filed a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). On October

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Assumption Notice.

30, 2017, the remaining Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code.

2. The Debtors are currently soliciting proposals for a sale of substantially all or a portion of their assets pursuant to Court approved bidding procedures. According to the *Order (I)(A) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets, (B) Authorizing the Debtors to Enter into One or More Stalking Horse Purchase Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief* (Docket No. 490), the deadline for interested parties to submit final bids for the Debtors' assets (excluding Apple Grove Assets) is March 6, 2018; the sale auction (excluding Apple Grove Assets) is scheduled on March 8, 2018; and the hearing to approve the sale of the Debtors' assets (excluding Apple Grove Assets) is scheduled on March 14, 2018.

3. On December 21, 2017, the Debtors filed the Assumption Notice, which set January 3, 2018 as the deadline to file Cure Objections to the assumption, assignment, and proposed cure amount for the Contracts listed on Schedule 1 thereto. Upon request, the Debtors agreed to extend the Cure Objections deadline by one week to January 10, 2018 for DAK Americas. According to the Assumption Notice, to the extent a party does not file a Cure Objection by a specified deadline, such party is deemed to have consented to the applicable Cure Costs set forth in Schedule 1 of the Assumption Notice and is forever barred from asserting any objection with regard to such Cure Costs.

4. Section 365 of the Bankruptcy Code allows a debtor to assume executory contracts or unexpired leases, subject to court approval and certain exceptions set forth therein. *See* 11 U.S.C. § 365(a). However, prior to assuming an executory contract or unexpired lease, a debtor is required, among other things, to cure certain defaults and to provide adequate assurance of future performance. *See id.* § 365(b); *In re Armstrong World Indus., Inc.*, 348 B.R. 136, 162 (D. Del. 2006) (noting that "a debtor may assume an executory contract or unexpired lease if (i) outstanding defaults under the contract or lease have been cured under section 365(b)(1) of the Bankruptcy Code, and (ii) the debtor's decision to assume such executory contract or unexpired lease is supported by valid business justifications").

5. DAK Americas is party to nineteen Contracts listed on Schedule 1 of the Assumption Notice (collectively, the "**DAK Americas Contracts**"). *See* Assumption Notice, Sch. 1 at pp. 1, 5, 7. The DAK Americas Contracts include (a) the Brazil PTA Supply Swaps between Akra Polyester S.A. De C.V. and Mossi & Ghisolfi International, S.a.r.l. (the "**Akra Supply Swaps Agreement**") and (b) additional agreements and the related amendments thereto between the Debtors and certain DAK Americas entities, including a capacity reservation agreement, an ownership supplement to the capacity reservation agreement, a tolling agreement, a raw material supply agreement, a side letter to the raw material supply agreement, swap agreements, an umbrella agreement, and a license agreement (the "**Additional DAK Americas Agreements**"). The proposed cure amount listed on Schedule 1 of the Assumption Notice for the Akra Supply Swaps Agreement is $29,811,918.00. The proposed cure amount listed on Schedule 1 of the Assumption Notice for each Additional DAK Americas Agreement is $0.00.

6. According to the Debtors' proposed sale process, a Successful Bidder will not be identified for at least another two months, and the Debtors have not specified an actual assumption date. Therefore, DAK Americas cannot properly evaluate the proposed assumption, assignment, or cure of any DAK Americas Contract. For example, cure amounts will likely increase prior to the actual assumption of the DAK Americas Contracts as a result of the continued accrual of amounts, including but not limited to attorneys' fees and expenses. However, to comply with the objection procedures set forth in the Assumption Notice, DAK Americas hereby submits this Limited Objection.

7. DAK Americas reserves all its rights with respect to the proposed assumption of the Additional DAK Americas Agreements, but objects to the proposed $0.00 cure for certain of the Additional DAK Americas Agreements. Below is a chart reflecting the cure amount due as of December 31, 2017.

| **DAK Entity** | **Counterparty** | **Contract** | **Cure Amount** |
| --- | --- | --- | --- |
| DAK Americas LLC | M & G Resins USA, LLC | Capacity Reservation Agreement and any amendments thereto | $37,627,500 |
| | | Capacity Reservation Agreement – Ownership Supplement | |
| | | Tolling Agreement and any amendments thereto | |
| | | Raw Material Supply Agreement and any amendments thereto | |
| | | Raw Material Supply Agreement – Side Letter | |
| | | Corpus Christi Umbrella Agreement, including all schedules and agreements related thereto | |
| DAK Americas Mississippi Inc. | M & G Resins USA, LLC | Swap Agreement | $0.00 |
| Grupo Petrotemex S.A. De C.V. | M & G Resins USA, LLC | License Agreement and any amendments thereto | $0.00 |

8. DAK Americas reserves all its rights with respect to the proposed assumption of the Akra Supply Swaps Agreement, but objects to the proposed $29,811,918.00 cure amount for the Akra Supply Swaps Agreement. The cure amount due for the Akra Supply Swaps Agreement, as of December 31, 2017, is $58,796,867.00.

9. DAK Americas has no record of (a) the Swap Agreement between DAK Resinas Americas Mex S.A. De C.V. and M & G Resins USA, LLC, or (b) the Brazil PTA Supply Swaps between Grupo Petrotemex S.A. De C.V. and M & G Resins USA, LLC. DAK Americas has requested information from the Debtors regarding these agreements and reserves the right to amend, modify, or supplement this Limited Objection to assert cure amounts for each agreement as such information is received.

10. DAK Americas reserves the right to amend, modify, supplement, or otherwise revise this Limited Objection, including, without limitation, as necessary or appropriate to amend, quantify, or correct amounts necessary to cure any defaults or arrears associated with any DAK Americas Contract, to assert as part of the cure amount any additional amounts that may accrue or arise between now and the date of assumption, to provide additional detail regarding any DAK Americas Contract, or to assert additional grounds for objecting to the assumption and assignment of any DAK Americas Contract (including adequate assurance of future performance), or to take any additional or further action with respect to the assumption and assignment of any DAK Americas Contract once a proposed purchaser is identified.[3] DAK Americas also reserves its rights with respect to any other contract between the Debtor and a

---

[3] Due to the passage of time, DAK Americas may have additional rights and/or claims under the Capacity Reservation Agreement, including, but not limited to, those rights referenced in section 22.02 of the Capacity Reservation Agreement, and expressly reserves all rights thereto.

DAK Americas entity that is not included on the Assumption Notice and that the Debtors may later seek to assume, assign, or reject.

## Conclusion

11. For the reasons set forth herein, DAK Americas respectfully requests that the assumption of the DAK Americas Contracts be conditioned upon payment of the correct cure amount and any such other relief as is just and proper under the circumstances.

Dated: January 10, 2018
      Wilmington, Delaware

*/s/ Curtis S. Miller*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Robert J. Dehney (No. 3578)
Curtis S. Miller (No. 4583)
1201 North Market Street, 16th Floor
Wilmington, DE 19899
Telephone: (302) 658-9200
Facsimile: (302) 425-4673

and-

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez
Christopher M. Lopez
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

*Counsel for DAK Americas LLC*