# EXHIBIT A

**(PROPOSED ORDER)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## ORDER AUTHORIZING THE DEBTORS TO
## (I) REJECT THE M&G POLYMERS OFFICE LEASE, (II) SELL CERTAIN PERSONAL PROPERTY AT THE PREMISES OF DE MINIMIS VALUE AND
## (III) ABANDON ANY PERSONAL PROPERTY THAT REMAINS AT THE PREMISES

This Court has considered the *Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Reject the M&G Polymers Office Lease, (II) Sell Certain Personal Property at the Premises of De Minimis Value and (III) Abandon any Personal Property that Remains at the Premises* (the "Motion"),[2] the First Day Declaration, and the statements of counsel and the evidence adduced with respect to the Motion at any hearing before this Court (the "Hearing"). This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances. After due deliberation, this Court has determined that (i) the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; (ii) the Debtors have exercised reasonable business judgment in

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

determining that the M&G Polymers Office Lease should be rejected pursuant to section 365 of the Bankruptcy Code; and (iii) good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Debtors are authorized to reject the M&G Polymers Office Lease, effective as of the Surrender Date.

3. Subject to paragraph 4 below, pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized, but not required, in their discretion, to sell or transfer the De Minimis Assets to the Purchaser for a purchase price of $39,014.75.

4. The Purchaser shall take the De Minimis Assets sold by the Debtors "as is" and "where is," without any representations or warranties from the Debtors as to the quality or fitness of such De Minimis Assets for either their intended or any particular purpose, except as expressly agreed to in writing by the Debtors.

5. The Sale of the De Minimis Assets shall vest the Purchaser with all right, title and interest of the Debtors in the De Minimis Assets and shall be free and clear of all Liens against the Debtors, their estates, or the De Minimis Assets, whether imposed by agreement, understanding, law, equity or otherwise, because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

6. Holders of Liens against De Minimis Assets are adequately protected by having their Liens attach to the proceeds attributable to the De Minimis Assets in which such holder alleges an interest, in the same order of priority, with the same validity, force, and effect that such holder had prior to the sale, subject to any claims and defenses the Debtors may possess with respect thereto. Failure to object to the entry of this Order, shall be deemed "consent" to

any sales or transfers pursuant to this Order within the meaning of section 363(f)(2) of the Bankruptcy Code.

7. All objections and responses to the Motion that have not been overruled, withdrawn, waived, settled, continued, or resolved, and all reservations of rights included therein, are hereby overruled and denied.

8. Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon any personal property located at the Premises.

9. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a). Notice of the Sale was fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006. Service of the Motion is sufficient notice of the sale, transfer and/or abandonment of any De Minimis Assets.

10. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective immediately and enforceable upon its entry.

11. Within two business days after entry of this Order, the Debtors will serve this Order on the Landlord.

12. The Landlord must file a claim under section 502 of the Bankruptcy Code or other claim in connection with the M&G Polymers Office Lease or the rejection, breach or termination of such M&G Polymers Office Lease in accordance with any claims bar date set by the Court. The failure to file a timely claim shall forever prohibit the Landlord from receiving any distribution on account of such claims from the Debtors' estate or otherwise.

13. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall be deemed or construed to: (a) constitute an admission

as to the validity or priority of any claim against the Debtors; and/or (b) constitute a waiver of the Debtors' rights to dispute any claim.

14. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Order.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____          _____
      Wilmington, Delaware                          The Honorable Brendan L. Shannon
                                                            Chief United States Bankruptcy Court Judge