# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
|  | ) Case No. 17-12307 (BLS) |
| M & G USA CORPORATION, *et al.*,[1] | ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) **Ref. Docket Nos. 350, 684 and 685** |

**MOTION TO SEAL EXHIBITS IN CONNECTION WITH MOTION OF
THE CONSTRUCTION LIENHOLDER GROUP FOR ENTRY OF AN ORDER
(I) GRANTING LEAVE, STANDING AND AUTHORITY TO COMMENCE,
PROSECUTE, SETTLE AND RECOVER CERTAIN CAUSES OF ACTION AGAINST
DAK AMERICAS LLC ON BEHALF OF DEBTORS' ESTATES TO CHALLENGE
AND RECHARACTERIZE ALLEGED LIENS AND RELATED PAYMENTS
AND (II) TO EXTEND TIME TO TAKE SUCH ACTION PURSUANT LOCAL
<u>BANKRUPTCY RULE 9006-2</u>**

Certain construction lien[2] claimants (collectively, the "<u>Construction Lienholder Group</u>"),[3] by and through their undersigned counsel, respectfully submits this motion (the "<u>Seal Motion</u>") for entry of an order pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "<u>Bankruptcy Code</u>"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à.r.l. (1270), M&G Chemicals, S.A. (1022), M&G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062), and Indo American Investments Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] The term "construction lien" is intended to encompass all mechanic's, contractors' or materialman's liens arising under and pursuant to Texas property law.

[3] The members of the Construction Lienholder Group are (i) Apache Industrial, Services, Inc., (ii) Arc Energy Services, Inc., (iii) Axis Industrial Services, LLC, (iv) Bay Ltd, (v) CCC group, Inc., (vi) Dawkins On-Site Concrete, LLC, (vii) Fagioli, Inc., (viii) Garrett Mechanical, Inc. (ix) TCI Business Capital as assignee of Integrity Mechanical Specialists, (x) Lexicon, Inc., (xi) Lion Point Capital, (xii) MEITEC, Inc., (xiii) Mirage Industrial Group, LLC, (xiv) MMR Constructors, Inc., (xv) Montcalm USA, Inc. (xvi) N&A Project Management USA, Inc., (xvii) Repcon, Inc., (xviii) SimplexGrinnell, LP, (xix) Sunbelt Rentals, Inc., (xx) TNT Crane & Rigging Inc., (xxi) WFS Construction Company LLC, and (xxii) Wholesale Electric Supply of Houston, Inc.

Delaware (the "Local Rules"), authorizing the Construction Lienholder Group to file under seal the exhibits submitted with the *Motion of the Construction Lienholder Group for Entry of an Order Granting Leave, Standing and Authority to Commence, Prosecute, Settle and Recover Certain Causes of Action on Behalf of Debtors' Estates in order to Challenge, Recharacterize and Subordinate Alleged Liens and Payments and to Extend Time to Take Such Action Pursuant to Local Rule 9006-2* (hereinafter, the "Standing Motion").[4] In support of the Seal Motion, the Construction Lienholder respectfully submits as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider the Standing Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Standing Motion is a core proceeding under 28 U.S.C. § 157(b) and this Seal Motion relates thereto.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a), 107(b), and 1109(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure and Local Rule 9018-1.

**Background**

3. According to the Debtors, in April 2013, the Debtors began construction the Corpus Christi Plant owned by debtor M & G Resins. Upon information and belief, construction of the Corpus Christi Plant initially was expected to be completed in December 2015, however the construction ceased prior to October 24, 2017 at only 85% complete.

---

[4] In accordance with Local Rule 9018-1(d), the proposed sealed Exhibits to the Standing Motion are being filed separately from the Seal Motion, as restricted documents, in accordance with CM/ECF procedures.

4. On October 24, 2017, M & G Polymers USA, LLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On October 30, 2017 (the "Petition Date"), M&G USA Corporation, *et al.* (the "Debtors") commenced these chapter 11 cases before this Court (together with the chapter 11 case of M & G Polymers, the "Cases").

5. To date, more than $250 million of construction liens have been asserted against the Corpus Christi Plant, of which more than $191 million are claims asserted by members of the Construction Lienholder Group.

6. As set forth in the Standing Motion, the Construction Lienholder Group filed the Standing Motion to preserve challenge rights to pursue claims against DAK Americas LLC, who according to the Debtors, holds a second lien security interest in property of debtor M & G Resins USA LLC. To support the Standing Motion, the Construction Lienholder Group attaches documents produced by DAK's counsel pursuant to the terms of a stipulated confidentiality agreement and related order [Docket No. 350] and such documents have been produced by DAK under a designation of "Advisors' Eyes Only." The Construction Lienholder balance the interest of maintaining an open bankruptcy process while respecting DAK's designation and hence, out of an abundance of caution, seek to seal the documents attached to the Standing Motion with an understanding that pursuant to Local Rule 9018-1(b), to the extent that such exhibits are moved into evidence, such documents may be made available to other parties to copy at their expense, subject to the confidentiality order entered in this case or other order to directive of the Court.

## BASIS FOR RELIEF

7. The relief requested in this Seal Motion is authorized under sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

8. Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. In relevant part, section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

9. Bankruptcy Rule 9018 sets forth the procedures by which a party in interest may obtain a protective order authorizing the filing of a document under seal under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides in relevant part:

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, ….

Fed. R. Bankr. P. 9018. In addition, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d).[5]

10. Section 107(b) of the Bankruptcy Code does not require an entity protecting such information to demonstrate good cause. See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc. v. Defendants

---

[5] The Court may also grant the requested relief pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected is in one of the categories identified in section 107(d) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." Orion Pictures, 21 F.3d at 27 (citing 2 *Colliers on Bankruptcy*, ¶ 107-2 ("Protection is mandatory when requested by an [interested party]")). Courts are required to provide such protections "generally" where open inspection may be used as a vehicle for improper purposes. Id.

11. DAK has not set forth its reasons for designating the documents as "Advisors' Eyes Only." Presumably, however, the documents obtained through discovery may contain confidential commercial information that DAK (or the Debtors) may not want disclosed generally. Courts in this district have previously defined commercial information as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" In re Alterra Healthcare Corp., 353 B.R. 66, 75 (Bankr. D. Del. 2006)(citing Orion Pictures, 21 F.3d at 27). An order sealing commercial or financial information is appropriate where the disclosure of such information could "reasonably be expected to cause… commercial injury" and the information is "critical" to the operations of the entity seeking protection, such that the information's "disclosure will unfairly benefit that entity's competitors." See Alterra Healthcare, 353 B.R. at 75-76 (citations omitted); In re Mum Servs., Inc., 279 B.R. 478, 484 (Bankr. D. Del. 2002)(noting that section 107(b) "was intended to avoid affording an unfair advantage to competitors by providing them information as to the commercial operations of the debtor")(internal citations omitted). Further, confidential commercial information does not need to rise to the level of a trade secret to be entitled to protection under section 107(b). See, e.g.,

Orion Pictures, 21 F.3d at 28 ("courts interpreting § 1017(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

12. The Court has broad authority to issue such an order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.,* 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003)("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

13. Here, the Standing Motion exhibits reflect information that DAK has designated as confidential pursuant to the Protective Order. The information contained in the Exhibits supports certain of the arguments raised by the Construction Lienholder Group in their Standing Motion and may be useful for the Court's analysis of the Standing Motion. Allowing the Standing Motion exhibits to be filed under seal causes no prejudice to the parties in interest, particularly because parties, upon request, may receive copies of agreeing to be subject to applicable confidentiality agreement or further Court order to directive.

14. To protect such information, the Construction Lienholder Group respectfully requests that this Court authorize the Construction Lienholder Group to file the exhibits to the Standing Motion under seal in accordance with the Protective Order.[6]

15. No previous request for the relief sought herein has been made to this or any other Court.

---

[6] The Construction Lienholder Group do not waive and reserve their right to challenge the designations under the Protective Order.

**RELIEF REQUESTED**

16. The Construction Lienholder Group requests that the Court enter an order substantially in the form of the order attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing the Construction Lienholder Group to file the exhibits under seal and ordering that the exhibits remain under seal, confidential, and not be made available to any third party without further order from the Court, provided that unsealed copies shall be provided to such other parties as may be agreed upon among DAK and other applicable parties.

WHEREFORE, the Construction Lienholder Group respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, and grant the Construction Lienholder Group such other relief as the Court deems appropriate.

Dated: January 16, 2018         **MORRIS JAMES LLP**

<u>/s/ Eric J. Monzo</u>
Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Brenna A. Dolphin (DE Bar No. 5604)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: emonzo@morrisjames.com
E-mail: bdolphin@morrisjames.com

*Counsel to the Construction Lienholder Group*