# EXHIBIT A

**[Proposed Order]**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  | ) |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 17-12307 (BLS) |
| M & G USA CORPORATION, *et al.*,[1] | ) |  |
|  | ) | (Jointly Administered) |
|  | ) |  |
| Debtors. | ) | **Ref. Docket No.** |
|  | ) |  |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a)
AND 107(b), BANKRUPTCY RULE 9018 AND LOCAL RULE 9018-1,
AUTHORIZING SEALING OF EXHIBITS IN CONNECTION WITH MOTION OF
THE CONSTRUCTION LIENHOLDER GROUP FOR ENTRY OF AN ORDER
(I) GRANTING LEAVE, STANDING AND AUTHORITY TO COMMENCE,
PROSECUTE, SETTLE AND RECOVER CERTAIN CAUSES OF ACTION AGAINST
DAK AMERICAS LLC ON BEHALF OF DEBTORS' ESTATES TO CHALLENGE
AND RECHARACTERIZE ALLEGED LIENS AND RELATED PAYMENTS
AND (II) TO EXTEND TIME TO TAKE SUCH ACTION PURSUANT LOCAL
BANKRUPTCY RULE 9006-2**

Upon the motion (the "<u>Seal Motion</u>") of certain construction lien[2] claimants (collectively, the "<u>Construction Lienholder Group</u>"),[3] pursuant to Bankruptcy Code sections 105(a) and 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1, for authorization to file under seal certain portions

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à.r.l. (1270), M&G Chemicals, S.A. (1022), M&G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062), and Indo American Investments Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] The term "construction lien" is intended to encompass all mechanic's, contractors' or materialman's liens arising under and pursuant to Texas property law.

[3] The members of the Construction Lienholder Group are (i) Apache Industrial, Services, Inc., (ii) Arc Energy Services, Inc., (iii) Axis Industrial Services, LLC, (iv) Bay Ltd, (v) CCC group, Inc., (vi) Dawkins On-Site Concrete, LLC, (vii) Fagioli, Inc., (viii) Garrett Mechanical, Inc. (ix) TCI Business Capital as assignee of Integrity Mechanical Specialists, (x) Lexicon, Inc., (xi) Lion Point Capital, (xii) MEITEC, Inc., (xiii) Mirage Industrial Group, LLC, (xiv) MMR Constructors, Inc., (xv) Montcalm USA, Inc. (xvi) N&A Project Management USA, Inc., (xvii) Repcon, Inc., (xviii) SimplexGrinnell, LP, (xix) Sunbelt Rentals, Inc., (xx) TNT Crane & Rigging Inc., (xxi) WFS Construction Company LLC, and (xxii) Wholesale Electric Supply of Houston, Inc.

of the Standing Motion and this Court having jurisdiction to consider the Seal Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Seal Motion and determined that the legal and factual bases set forth in the Seal Motion establish just cause for the relief granted herein; and this Court having found and determined that the relief sought in the Seal Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Seal Motion is granted as set forth herein.

2. The Construction Lienholder Group shall be authorized to file the exhibits offered to support the Standing Motion under seal.

3. The exhibits shall remain under seal and shall not be made available to anyone other than this Court, and counsel for the Debtors and other parties to the Stipulation and Protective Order [Docket No. 350] without the consent of the parties thereto or without further order of this Court.

4. The Construction Lienholder Group shall be authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: _____, 2018
Wilmington, Delaware

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge