# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                          :
In re                                     :    Chapter 11
                                          :
M & G USA CORPORATION, et al.,            :    Case No. 17-12307 (BLS)
                                          :
                        Debtors.¹         :    Jointly Administered
                                          :
------------------------------------------------------- x
```

## FIRST MONTHLY FEE STATEMENT OF
## MILBANK, TWEED, HADLEY & McCLOY LLP
## FOR INTERIM APPROVAL AND ALLOWANCE OF
## COMPENSATION FOR SERVICES RENDERED AND FOR
## REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL
## TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## FROM NOVEMBER 13, 2017 THROUGH AND INCLUDING NOVEMBER 30, 2017

| | |
|---|---|
| Name of Applicant: | Milbank, Tweed, Hadley & McCloy LLP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | November 13, 2017 |
| Period for which compensation and reimbursement is sought: | November 13, 2017 – November 30, 2017 |
| Total Amount of Compensation Sought for Current Period (100%): | $1,495,929.50 |
| Amount of Compensation Requested for Current Period (80%): | $1,196,743.60 |
| Amount of Expense Reimbursement Requested (100%): | $6,107.97 |

---

1    The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

This is a/an:  __X__ monthly _____interim ____ final application.

Prior Fee Applications Filed:  None.

**FIRST MONTHLY FEE STATEMENT OF MILBANK, TWEED,
HADLEY & McCLOY LLP AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF M&G USA CORPORATION, ET AL.
(NOVEMBER 13, 2017 – NOVEMBER 30, 2017)**

| Name | Position; Experience | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Dennis Dunne | Financial Restructuring Partner at Milbank for 19 years; admitted in 1991. | $1,395 | 30.00 | $41,850.00 |
| Abhilash Raval | Financial Restructuring Partner at Milbank for 10 years; admitted in 1998. | $1,395 | 104.10 | $145,219.50 |
| Eric Reimer | Global Corporate Partner at Milbank for 3 years; admitted in 1987. | $1,395 | 55.70 | $77,701.50 |
| Fiona Schaeffer | Litigation Partner at Milbank for 3 years; admitted in 1997. | $1,395 | 17.70 | $24,691.50 |
| Alan Stone | Litigation Partner at Milbank for 10 years; admitted in 1988. | $1,395 | 41.40 | $57,753.00 |
| Matthew Ahrens | Global Corporate Partner at Milbank for 2 years; admitted in 1996. | $1,140 | 6.80 | $7,752.00 |
| Lauren Doyle | Financial Restructuring Partner for 1 year; admitted in 2006. | $1,015 | 140.20 | $142,303.00 |
| Dennis O'Donnell | Financial restructuring Of Counsel at Milbank for 10 years; admitted in 1992. | $1,130 | 97.10 | $109,723.00 |
| Andrea Hood | Litigation Special Counsel at Milbank; admitted in 2007. | $1,015 | 27.80 | $28,217.00 |
| Brian Kinney | Financial Restructuring Special Counsel at Milbank for 3 years; admitted in 2004. | $1,015 | 49.40 | $50,141.00 |
| Alexander Lees | Litigation Special Counsel at Milbank for 1 year; admitted in 2007. | $1,015 | 65.10 | $66,076.50 |
| Craig Michael Price | Financial Restructuring Special Counsel at Milbank for 1 year; admitted in 2000. | $1,015 | 30.80 | $31,262.00 |
| Brian Stern | Global Corporate Special Counsel at Milbank; admitted in 2003. | $1,015 | 8.50 | $8,627.50 |
| James Burke | Litigation Associate at Milbank for 3 years; admitted in 2008. | $950 | 94.90 | $90,155.00 |

| | | | | |
|---|---|---|---|---|
| Jessica Dombroff | Global Corporate Associate at Milbank for 3 years; admitted in 2009. | $925 | 38.30 | $35,427.50 |
| Gregory Kopacz | Financial Restructuring Associate at Milbank for 1 year; admitted in 2010. | $895 | 148.40 | $132,818.00 |
| Michael Price | Financial Restructuring Associate at Milbank for 6 years; admitted in 2011. | $895 | 118.90 | $106,415.50 |
| Najeh Baharun | Global Corporate Associate at Milbank for 5 years; admitted in 2012. | $835 | 36.70 | $30,644.50 |
| Emily Glaser | Litigation Associate at Milbank for 4 years; admitted in 2013. | $795 | 71.10 | $56,524.50 |
| Lindsay Hall | Global Project, Energy & Infra. Finance Associate at Milbank for 3 years; admitted in 2015. | $750 | 7.60 | $5,700.00 |
| Brian Zucco | Financial Restructuring Associate at Milbank for 3 years; admitted in 2015. | $750 | 12.20 | $9,150.00 |
| Maxwell Kelly | Litigation Associate at Milbank for 2 years; admitted in 2012. | $665 | 81.30 | $54,064.50 |
| Daniel Hooks | Litigation Law Clerk at Milbank for 1 year; not yet admitted. | $540 | 40.40 | $21,816.00 |
| Jenna Lowy | Litigation Associate at Milbank for 1 year; admitted in 2017. | $540 | 63.00 | $34,020.00 |
| Paul Springer | Financial Restructuring Associate at Milbank for 1 year; admitted in 2016. | $540 | 80.20 | $43,308.00 |
| Alexander Miller | Financial Restructuring Law Clerk at Milbank; not yet admitted. | $390 | 82.60 | $32,214.00 |

| | | | | |
|---|---|---|---|---|
| Btijranie Nelly Seegopaul | Case Manager | $330 | 24.50 | $8,085.00 |
| Abayomi Ayandipo | Case Manager | $250 | 20.50 | $5,125.00 |
| Greg Holland | Legal Assistant | $290 | 8.50 | $2,465.00 |
| Charmaine Thomas | Legal Assistant | $265 | 7.70 | $2,040.50 |
| Jarret Bryan | Legal Assistant | $225 | 19.30 | $4,342.50 |
| Julia Mardeusz | Legal Assistant | $200 | 14.40 | $2,880.00 |
| Emily Eskin | Legal Assistant | $195 | 25.30 | $4,933.50 |
| Marcin Grabysz | Specialist | $345 | 42.20 | $14,559.00 |
| Sachin Chandani | Specialist | $280 | 28.30 | $7,924.00 |
| **Total** | | **$859.29 (blended rate)[2]** | **1,740.90 Hours** | **$1,495,929.50** |

---

[2]     The blended rate <u>excluding</u> paraprofessionals is $931.28 per hour.

SUMMARY OF SERVICES RENDERED DURING
MILBANK, TWEED, HADLEY & McCLOY LLP'S
FIRST MONTHLY PERIOD AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF M&G USA CORPORATION, ET AL.
(NOVEMBER 13, 2017 – NOVEMBER 30, 2017)

| PROJECT CATEGORY | HOURS | FEES |
|---|---|---|
| Asset Sales | 162.40 | $144,529.50 |
| Avoidance Actions | 1.30 | $1,813.50 |
| Cash Collateral/Adequate Protection | 8.80 | $7,744.00 |
| Cash Management | 10.90 | $11,361.50 |
| Committee Meetings | 80.30 | $82,125.50 |
| Committee Organizational Documents | 12.00 | $8,425.00 |
| Communications with Committee Members | 73.00 | $52,993.00 |
| Communications with Creditors | 9.50 | $7,412.50 |
| Communications with Debtors | 39.10 | $46,354.50 |
| Communications with Other Constituencies | 1.20 | $1,324.00 |
| Court Hearings/Communications | 13.00 | $12,613.00 |
| DIP Financing | 426.20 | $431,549.00 |
| Employee/Severance Issues | 1.90 | $1,796.50 |
| Environmental Issues | 14.70 | $13,720.50 |
| File/ Docket/ Calendar Maintenance | 11.80 | $6,758.00 |
| General Case Administration | 134.20 | $116,009.00 |
| General Case Strategy | 31.30 | $33,228.50 |
| Insurance | .30 | $268.50 |
| Intercompany Issues | 2.70 | $2,416.50 |
| International Issues | 4.10 | $3,801.50 |
| Litigation | 470.30 | $312,883.50 |
| Regulatory Issues | 37.00 | $44,129.00 |
| Retention of Professionals - Committee | 90.30 | $57,319.00 |

| | | |
|---|---:|---:|
| Retention of Professionals - Other | 46.30 | $39,744.50 |
| Schedules/Statements of Financial Affairs | 1.30 | $1,163.50 |
| Secured Creditor Issues | 57.00 | $54,446.00 |
| **Total** | **1,740.90** | **$1,495,929.50** |

**SUMMARY OF EXPENSES INCURRED DURING
MILBANK, TWEED, HADLEY & McCLOY LLP'S
FIRST MONTHLY PERIOD AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF M&G USA CORPORATION, ET AL.
(NOVEMBER 13, 2017 – NOVEMBER 30, 2017)**

| DISBURSEMENTS | AMOUNT |
|---|---|
| Express Mail | $30.76 |
| Cab Fares/Local Transportation | $792.95 |
| Computerized Database Research | $2,431.79 |
| Meals | 290.67 |
| Photocopies/Printing | $1,207.40 |
| Rail | $640.40 |
| Telephone | 714.00 |
| | |
| **TOTAL DISBURSEMENTS** | **$6,107.97** |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------- x
:
In re                              :         Chapter 11
:
M & G USA CORPORATION, *et al.*,    :         Case No. 17-12307 (BLS)
:
Debtors.[1]    :         Jointly Administered
:
-------------------------------------------------------- x

**Objection Deadline: Feb. 8, 2018 at 4:00 p.m. (EST)**
**Hearing Date: Scheduled only if necessary**

## FIRST MONTHLY FEE STATEMENT OF MILBANK, TWEED, HADLEY & McCLOY LLP FOR INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FROM NOVEMBER 13, 2017 THROUGH AND INCLUDING NOVEMBER 30, 2017

Milbank, Tweed, Hadley & McCloy LLP ("Milbank"), attorneys to the Official

Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases

(the "Chapter 11 Cases"), hereby submits this first monthly fee statement (the "Fee Statement"),

pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1532 (as amended, the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy

Procedure (as amended, the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy

Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (as

amended, the "Local Rules"), and this Court's *Order Authorizing Procedures for Interim*

---

[1]    The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

*Compensation and Reimbursement of Expenses of Professionals* [Docket No. 308] entered in

these Chapter 11 Cases on November 30, 2017 (the "Interim Compensation Order"), for

allowance of compensation and reimbursement of expenses for the period of November 13, 2017

through and including November 30, 2017 (the "First Monthly Period").  By this Fee Statement,

Milbank seeks (i) interim allowance with respect to the sum of $1,495,929.50, representing one

hundred percent (100%) compensation for actual, reasonable, and necessary professional

services rendered during the First Monthly Period, and the sum of $6,107.97, representing one

hundred percent (100%) reimbursement of its actual, reasonable, and necessary expenses

incurred during the First Monthly Period, and (ii) payment of such fees and expenses in

accordance with the procedures set forth in the Interim Compensation Order (i.e., authorization

of current payment of eighty percent (80%) of its requested fees in the amount of $1,196,743.60

and reimbursement of one hundred percent (100%) of its expenses incurred in the amount of

$6,107.97, for a total payment of $1,202,851.57).  In support of this Fee Statement, Milbank

respectfully represents as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Background

2.      On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers")

filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on

October 30, 2017 (the "Petition Date"), each of the other Debtors filed with this Court a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      The Debtors continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee

or examiner has been appointed in these Chapter 11 Cases.

4.      The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5.      On November 13, 2017, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code.

6.      On December 28, 2017, this Court entered the *Order Under 11 U.S.C. §§ 328 and 1103, Fed. R. Bankr. P. 2014 and 5002, and Local Bankruptcy Rule 2014-1 Authorizing Retention and Employment of Milbank, Tweed, Hadley & McCloy LLP, as Counsel to Official Committee of Unsecured Creditors of M&G USA Corporation, et al., Effective as of November 13, 2017* [Docket No. 554], approving the Committee's retention of Milbank as their counsel in these Chapter 11 Cases.

7.      On November 30, 2017, the Court entered the Interim Compensation Order, authorizing certain professionals (each a "Professional") to submit monthly fee statements for interim compensation of fees and reimbursement of expenses in accordance with the procedures set forth therein.  The Interim Compensation Order provides that a Professional may file with the Court and serve on certain parties monthly fee statements for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month(s).  Parties in interest have 21 days after the filing and service of a monthly fee statement to object to such application (the "Fee Objection Deadline").  Upon the expiration of the Fee Objection Deadline, the Professional may file a certificate of no objection or a certification of counsel with the Court and, thereafter, the Debtors are authorized to pay the Professional an amount equal to the lesser of (i) 80% of the requested fees and 100% of the

requested expenses in the applicable monthly fee statement, and (ii) the aggregate amount of fees and expenses not subject to an objection.

## **Billing History**

8.      This Fee Statement is Milbank's first monthly fee statement requesting approval and allowance of compensation and reimbursement of expenses.  No prior fee statement has been made to this or any other court seeking the relief requested herein, nor has payment been received by Milbank for legal services provided to and on behalf of the Committee, or for out-of-pocket expenses incurred in connection therewith, in respect of the First Monthly Period. Milbank has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these Chapter 11 Cases.  No promises have been received by Milbank or any member thereof as to compensation in connection with these Chapter 11 Cases.  All services for which compensation is sought herein were rendered by Milbank to the Committee solely in connection with these Chapter 11 Cases and not on behalf of any other persons.

## **Fee Statement**

9.      By this Fee Statement, Milbank seeks (i) interim allowance with respect to the sum of $1,495,929.50, representing one hundred percent (100%) compensation for actual, reasonable, and necessary professional services rendered on behalf of the Committee during the First Monthly Period, and the sum of $6,107.97, representing one hundred percent (100%) reimbursement of its actual, reasonable, and necessary expenses incurred during the First Monthly Period in connection with rendering such services, and (ii) payment of such fees and expenses in accordance with the procedures set forth in the Interim Compensation Order (i.e., authorization of payment of eighty percent (80%) of its requested fees in the amount of $1,196,743.60 and reimbursement of one hundred percent (100%) of its expenses incurred in the

amount of $6,107.97, for a total payment of $1,202,851.57).  The fees sought in this Fee Statement reflect an aggregate of 1,740.90 hours of attorney and paraprofessional time spent and recorded in performing services for the Committee during the First Monthly Period.  The blended average hourly rate for both attorneys and paraprofessionals is $859.29.  The blended hourly rate for attorneys only is $931.28.

10.     Milbank maintains, in the ordinary course of its practice, written records of the time expended in connection with its rendering of the professional services required by the Committee.  For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet is a billing summary for the First Monthly Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate time expended by each such attorney or paraprofessional, the hourly billing rate for each such attorney or paraprofessional at Milbank's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested.  Additionally, set forth in the billing summary is further information indicating whether each attorney is a partner, counsel, or associate, how many years each attorney has held such position, and each attorney's primary area of concentration.  The compensation requested by Milbank is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

11.     Set forth in Exhibit A are time entries recorded in tenths of an hour and by project category with a detailed description of services performed by each attorney and paraprofessional on behalf of the Committee.

12.     Milbank also maintains contemporaneous records of all actual and necessary expenses incurred in connection with performing professional services.  A summary of the expenses incurred during the First Monthly Period is set forth on the cover sheet.  The summary

lists the amounts and categories of expenses for which reimbursement is sought.  Set forth in

Exhibit B hereto is a further breakdown of expenses, including the date the expense was

incurred, the charge, and the person incurring the expense.  Milbank has incurred actual,

reasonable and necessary out-of-pocket expenses during the First Monthly Period in the amount

of $6,107.97.

### Actual and Necessary Expenses

13.     In connection with the reimbursement of expenses, Milbank's policy is to charge

its clients in all areas of practice for expenses, other than fixed and routine overhead expenses,

incurred in connection with representing its clients.  The expenses charged to Milbank's clients

include, among other things, telephone toll and other charges, regular mail and express mail

charges, special or hand delivery charges, photocopying and printing charges, out-of-town travel

expenses, local transportation expenses, expenses for working meals, computerized research

charges, and transcription costs.

14.     Milbank charges the Committee for these expenses at rates consistent with those

charged to Milbank's other bankruptcy clients, which rates are equal to or less than the rates

charged by Milbank to its non-bankruptcy clients.  Milbank seeks reimbursement from the

Committee at the following rates for the following expenses:  (i) ten cents ($0.10) per page for

photocopying; (ii) ten cents ($0.10) per page for black and white printing; and (iii) ten cents

($0.10) per page for color printing.

15.     In accordance with section 330 of the Bankruptcy Code, Milbank seeks

reimbursement only for the actual cost of such expenses to Milbank.[2]

---

[2]     The cost of expenses Milbank is seeking reflects any discounted rates based on volume or other discounts
which Milbank anticipates receiving from certain outside vendors; however, Milbank does not perform a
retrospective reconciliation of any "year-end" adjustments (positive or negative) to the actual discounted
cost of such expenses.

16.     In providing or obtaining from third parties services that are reimbursable by clients, Milbank does not include in such reimbursable amount any costs of investment, equipment, or capital outlay.

17.     Milbank regularly charges its non-bankruptcy clients for ordinary business hourly fees and expenses for secretarial, library, word processing, and other staff services because such items are not included in the firm's overhead for the purpose of setting billing rates.  Milbank is not, however, seeking reimbursement of hourly fees of its secretarial services in this Fee Statement.

## Summary of Services Rendered

18.     To provide an orderly and meaningful summary of the services rendered by Milbank on behalf of the Committee, Milbank established separate project billing categories for these cases.  Milbank's professionals billed time to the following categories during the First Monthly Period:

- Asset Sales
- Avoidance Actions
- Cash Collateral/Adequate Protection
- Cash Management
- Committee Meetings
- Committee Organizational Documents
- Communications with Committee Members
- Communications with Creditors
- Communications with Debtors
- Communications with other Constituencies
- Court Hearings/Communications
- DIP Financing
- Employee/Severance Issues
- Environmental Issues
- Executory Contracts/Unexpired Leases
- File/Docket/Calendar Maintenance
- General Case Administration
- General Case Strategy
- Insurance
- Intellectual Property

- Intercompany Issues
- International Issues
- Litigation & Rule 2004 Examinations
- Non-Working Travel Time
- Plan-Related Issues
- Regulatory Issues
- Retention of Professionals – Committee
- Retention of Professionals – Other
- Schedules/Statement of Financial Affairs
- Secured Creditor Issues

19.     The following summary of services rendered is intended only to highlight matters in certain of the above-listed categories where Milbank has expended a considerable number of hours on behalf of the Committee during the First Monthly Period, and it is not meant to be a detailed description of all of the work performed.  Indeed, this Fee Statement does not detail each and every correspondence, meeting, discussion, court appearance, or work stream, or all research conducted by Milbank during the First Monthly Period.

20.     <u>General Overview of Services Rendered</u>.  During the First Monthly Period, Milbank rendered a variety of services to the Committee (which services are described in detail in <u>Exhibit A</u> attached hereto), including, among other things, tasks related to the administration of the Committee, research and analysis, preparation of pleadings and other documents, negotiations, and other legal services as were required by and deemed to be in the best interests of the Committee.  In connection therewith, Milbank conducted numerous meetings and telephone conferences with the Committee, the Committee's other advisors, the Debtors, and other parties in interest, and at all times kept the Committee apprised of events in these Chapter 11 Cases.

21.     <u>Asset Sales.</u>  During the First Monthly Period, Milbank, in concert with the Committee's other advisors, reviewed and analyzed the Debtors' proposed sale of their Corpus Christi plant and the related proposed sale and bidding procedures.  In connection with its

review, Milbank conducted both factual and legal research concerning the proposed sale (including potential antitrust, environmental, and other regulatory concerns) and prepared various correspondence and a memorandum for purposes of informing and advising the Committee. Milbank also began work on an objection to the Debtors' motion to approve bidding procedures for the sale of their Corpus Christi Plant, which was filed subsequent to the First Monthly Period.

22.     Court Hearings/Communications. During the First Monthly Period, Milbank prepared for and represented the Committee at a hearing on November 21, 2017 on the Committee's motion to adjourn the Debtors' DIP Financing, Cash Collateral, and sale procedures motions and prepared for the Second Day Hearing.

23.     General Case Administration. During the First Monthly Period, Milbank advised the Committee in connection with the chapter 11 process and their duties and responsibilities as Committee members, and implemented a process for managing the large number of tasks the Committee and its counsel are responsible for in these Chapter 11 Cases. Such procedures were tailored to ensure that the Committee is kept consistently aware and apprised of the various aspects of these Chapter 11 Cases without unnecessary duplication of effort. Milbank attorneys also coordinated internally and with the Committee's other advisors to manage work streams efficiently and promptly respond to inquiries, requests and filings from the Committee, the Debtors and other parties in interest.

24.     Committee Meetings. During the First Monthly Period, the Committee held multiple in person meetings as well as weekly telephonic meetings. Prior to each Committee meeting, Milbank (in consultation with the other Committee professionals) prepared an agenda outlining topics for discussion. Milbank also prepared and distributed related materials for the Committee's review on behalf of itself and the Committee's other professionals. During these

Committee meetings, Milbank discussed with the Committee all significant matters arising during the First Monthly Period and assisted the Committee in formulating positions with respect to such issues.

25.    Communications with Debtors.  Milbank attorneys prepared for and attended an initial professionals meeting with the Debtors' advisors at the offices of Jones Day on November 15, 2017.  Additionally, Milbank attorneys had many teleconferences with Debtors' counsel following this meeting and in preparation for the Second Day hearing.  For nearly all motions filed, Milbank attorneys consulted and engaged with the Debtors regarding the requested relief.

26.    DIP Financing.  Milbank, during the First Monthly Period, conducted both factual and legal research and prepared various correspondence for purposes of informing and advising the Committee with respect to the Debtors' proposed post-petition financing and associated budget.  Milbank also began drafting an objection to the Debtors' motion to approve post-petition financing, which was filed following the First Monthly Period.  Milbank coordinated with the Committee's other advisors to review and analyze the Debtors' proposed post-petition financing, so as not to duplicate efforts.  Milbank also worked in conjunction with the Committee's other advisors to investigate and evaluate various opportunities for alternative financing sources for the funding of these Chapter 11 Cases.

27.    Retention of Professionals.  During the First Monthly Period, Milbank attorneys reviewed and analyzed retention applications filed on behalf of the Debtors' professionals and negotiated certain terms of such professionals' retention.  Milbank also coordinated with the Committee during the selection process of the Committee's other professionals, including (i) Jefferies LLC as investment banker, (ii) Berkeley Research Group, LLC as financial advisor, (iii) Cole Schotz P.C. as Delaware counsel, and (iv) Gattai, Minoli, Agostinelli, Partners as Italian counsel.  Milbank attorneys conducted legal research and drafted, or assisted in the

preparation and drafting of, the Committee's various retention applications for these other professionals. Also during the First Monthly Period, Milbank attorneys implemented a streamlined process for identifying potential parties in interest in these Chapter 11 Cases, and conducted a thorough (and ongoing) review of potential connections as between Milbank and such parties in interest. In addition, Milbank attorneys updated an internal list of such connections on a real-time basis. Milbank also worked through the First Monthly Period to prepare its own retention application.

28. <u>Litigation & Rule 2004 Investigations</u>. During the First Monthly Period, Milbank drafted multiple requests for information addressed to the Debtors in connection with the relief sought by the Debtors' in the first and second day motions, including their proposed DIP Financing, Cash Collateral use, and establishment of bidding procedures for their Corpus Christi plant. Over the course of the month, Milbank attorneys reviewed the various materials provided to Milbank in connection with its evaluation of the Debtors' requested relief, and conducted legal research around certain of these items. Along with the Committee's other professionals, Milbank extensively analyzed these materials in light of the Committee's particular legal and strategic concerns and in preparation for the Second Day Hearing and related deadlines. As to discovery items not provided to the Committee during the First Monthly Period, Milbank developed a strategy for identifying and pursuing additional information believed to be necessary to effectuate the Committee's overall case strategy.

**<u>Valuation of Services</u>**

29. Attorneys and paraprofessionals of Milbank have expended a total of 1,740.90 hours in connection with this matter during the First Monthly Period.

30. The nature of the work performed by these persons is fully set forth in <u>Exhibit A</u> attached hereto. These are Milbank's normal hourly rates for work of this character. The

reasonable value of services rendered by Milbank to the Committee during the First Monthly Period is $1,495,929.50, which reflect voluntary reductions of $28,679.50.

31.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  See 11 U.S.C. §§ 330 and 331.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded… the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

32.     The professional services performed by Milbank were necessary and appropriate

to the administration of these Chapter 11 Cases.  The professional services rendered by Milbank during the First Monthly Period were in the best interests of the unsecured creditors and required a high degree of professional competence and expertise so that the numerous issues requiring the Committee's evaluation and action could be addressed with skill and dispatch.  Milbank respectfully submits that it has rendered these services to the Committee efficiently, effectively, economically, and without duplication of services performed by any other Professional in these Chapter 11 Cases.  In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.  Milbank further submits that the requested compensation is reasonable in light of the nature, extent, and value of such services to the Committee and all other parties in interest.

33.     To the best of Milbank's knowledge, this Fee Statement complies with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, any guidelines promulgated by the U.S. Trustee, the Local Rules, and the orders of this Court.

## Reservation Of Rights

34.     Milbank reserves the right to request compensation for services and reimbursement of expenses in a future application to the extent that time charges for services rendered or disbursements incurred relating to the First Monthly Period were not processed prior to the preparation of this Fee Statement, or Milbank has for any other reason not sought herein compensation for services rendered or reimbursement of expenses incurred during the First Monthly Period.

## Certification

35.     In accordance with Local Rule 2016-2(f), the undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge, and belief that this Fee Statement complies with Local Rule 2016-2.

## **No Prior Request**

36. No previous request for the relief sought herein has been made to this or any other court.

## **Notice**

37. A copy of this Fee Statement will be served in accordance with the Interim Compensation Order.  Milbank submits that, in light of the relief requested, no other or further notice need be provided.

*[Remainder of Page Left Intentionally Blank]*

**WHEREFORE**, Milbank respectfully requests (i) interim allowance with respect to the sum of $1,495,929.50 representing one hundred percent (100%) compensation for professional services rendered during the First Monthly Period, and the sum of $6,107.97, representing one hundred percent (100%) reimbursement of its actual, reasonable, and necessary expenses incurred during the First Monthly Period, and (ii) authorization of payment according to the procedures set forth in the Interim Compensation Order (i.e., authorization of payment of eighty percent (80%) of its requested fees in the amount of $1,196,743.60 and reimbursement of one hundred percent (100%) of its expenses incurred in the amount of $6,107.97, for a total payment of $1,202,851.57).

[*Remainder of Page Left Intentionally Blank*]

Dated: January 19, 2018
New York, New York

Respectfully submitted,

*/s/ Abhilash M. Raval*
Dennis F. Dunne (admitted *pro hac vice*)
Abhilash M. Raval (admitted *pro hac vice*)
Lauren C. Doyle (admitted *pro hac vice*)
MILBANK, TWEED, HADLEY & McCLOY LLP
28 Liberty St.
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 822-5846
Email: ddunne@milbank.com
 araval@milbank.com
 ldoyle@milbank.com

*Counsel for the Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------- x
                           :

In re                          :          Chapter 11
                           :

M & G USA CORPORATION, *et al.*,     :          Case No. 17-12307 (BLS)
                           :

                Debtors.[1]     :          Jointly Administered
                           :

-------------------------------------------------------------- x

## <u>VERIFICATION</u>

1.       I am a partner in the Financial Restructuring Group of the firm Milbank, Tweed, Hadley & McCloy LLP ("<u>Milbank</u>"), counsel to the official committee of unsecured creditors (the "<u>Committee</u>") in these chapter 11 cases (the "<u>Chapter 11 Cases</u>").  I am admitted to the bar in the State of New York, and *pro hac vice* in this Court for these Chapter 11 Cases.

2.       I am familiar with the work performed on behalf of the Committee by Milbank.

3.       I have reviewed the foregoing *First Monthly Fee Statement of Milbank, Tweed, Hadley & McCloy LLP for Interim Approval and Allowance of Compensation for Services Rendered and for Reimbursement of Expenses Incurred as Counsel to the Official Committee of Unsecured Creditors from November 13, 2017 Through and Including November 30, 2017* (the "<u>Fee Statement</u>"), and submit that the facts set forth therein are true and correct to the best of my knowledge, information, and belief.  Moreover, I have reviewed rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of

---

[1]     The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208).  The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

Delaware and submit that, to the best of my knowledge, information, and belief, the Fee

Statement complies with such rule.


Dated: January 19, 2018
New York, New York



Respectfully submitted,

*/s/ Abhilash M. Raval*
Name: Abhilash M. Raval
Title: Partner, Milbank, Tweed, Hadley & McCloy LLP