# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 365(D)(4) OF THE BANKRUPTCY CODE EXTENDING THE TIME WITHIN WHICH THE DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") move the Court (the "Motion"), pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "Bankruptcy Code"), for the entry of an order, in substantially the form attached as Exhibit A (the "Proposed Order"), extending the time within which the Debtors must assume or reject their remaining unexpired leases of nonresidential real property (collectively, the "Unexpired Leases") from February 21, 2018 for an additional 90 days through and including May 22, 2018. In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

NAI-1503343800v4

# BACKGROUND

### A. General Background

2. On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) (the "First Day Declaration") filed on October 31, 2017 and incorporated herein by reference.

## RELIEF REQUESTED

4. By this Motion, the Debtors request entry of an order, granting a 90-day extension of the current deadline of February 21, 2018 by which the Debtors must make a determination to assume or reject their Unexpired Leases through and including May 22, 2018. The Debtors request that this extension be without prejudice to their rights to seek further extensions of the time to assume or reject their Unexpired Leases with the prior written consent of each affected lessor as contemplated by 365(d)(4)(B)(ii) of the Bankruptcy Code.

## BASIS FOR RELIEF

5. Section 365(d)(4)(A) of the Bankruptcy Code provides that a debtor is automatically deemed to reject a nonresidential real property lease under which the debtor is the

lessee by the earlier of 120 days from the petition date or the date on which a bankruptcy court confirms a plan of reorganization. However, section 365(d)(4)(B) provides that a bankruptcy court may extend the applicable period to assume or reject an unexpired nonresidential real property lease for ninety days on the motion of a debtor "for cause." Further, section 105(a) provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

6. While the term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code, courts often look to the following factors to determine whether "cause" exists:

(a) whether the leases are an important asset of the estate such that the decision to assume or reject would be central to a plan of reorganization;

(b) whether the cases are complex and involve large numbers of leases;

(c) whether the lessor continues to receive postpetition rental payments; and

(d) whether the debtor has had insufficient time to develop a plan.

*South St. Seaport Ltd. Pshp. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760-61 (2d Cir. 1996); *In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987). These factors are by no means exclusive and, in appropriate cases, there may be other factors that a bankruptcy court should consider. *See In re Wedtech Corp.*, 72 B.R. at 472 (considering, among other factors, whether the debtor has timely paid rent and whether the debtor requires judicial determination of whether a lease exists).

7. Courts are also empowered to grant extensions as part of their equitable powers and pursuant to section 105(a) of the Bankruptcy Code. *See In re GST Telecom Inc.*, No. 00-1982 (GMS), 2001 WL 686971, at *3 (D. Del. June 8, 2001) (noting that "equity dictates that courts can grant debtors additional time in which to decide whether to assume or reject a particular lease."). The Third Circuit has recognized that "nothing prevents a bankruptcy court

from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan . . . that it is attempting to develop." *See also In re Channel Home Ctrs.*, 989 F.2d 682, 689 (3d Cir. 1993), *cert denied*, 510 U.S. 865 (1993); *Coleman Oil Co. v. Circle K Corp. (In re Circle K Corp.)*, 127 F.3d 904, 909 (9th Cir. 1997) (noting that bankruptcy courts often grant debtor's request for an extension).

8. The Debtors submit that cause exists to extend the Debtors' deadline to assume or reject their Unexpired Leases. The Debtors and their advisors have spent significant time and effort over the course of these Cases focusing on the Court approved sale process (Docket No. 490), in addition to administering their estates. While the Debtors have already determined to reject certain unexpired leases of non-residential real property (Docket Nos. 294 and 661), the Debtors believe that there are a limited number of remaining Unexpired Leases. These Unexpired Leases may be marketable in connection with the Debtors' sale processes. As such, to the extent that the February 21, 2018 deadline is not extended, the Debtors would lose the opportunity to market these Unexpired Leases, thereby possibly divesting their estates of an asset that could be of interest to a potential purchaser, well before they have had the opportunity to formulate a plan.

9. Finally, the Debtors' requested extension of time to assume or reject the Unexpired Leases will not prejudice the respective lessors. Pending the Debtors' election to assume or reject the Unexpired Leases, the Debtors will continue to perform all of their undisputed obligations arising from and after the Petition Date in a timely fashion to the extent required by section 365(d)(3) of the Bankruptcy Code.

10. Accordingly, for the reasons set forth herein, the Debtors seek a 90-day extension of the current 120-day period to assume or reject the Unexpired Lease through and including May 22, 2018, without prejudice to the Debtors' right to seek a further extension in accordance with the applicable provisions of the Bankruptcy Court. Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g., In re Venoco, LLC*, No. 17-10828 (KG) (Bankr. D. Del. July 26, 2017) (Docket No. 401) (granting the debtor an extension of time to accept or reject unexpired leases of nonresidential real property); *In re DirectBuy Holdings, Inc.*, No. 16-12435 (CSS) (Bankr. D. Del. Mar. 1, 2017) (same); *In re Phoenix Brands, LLC*, No. 16-11242 (BLS) (Bankr. D. Del. Sep. 6, 2016) (Docket No. 405) (same); *In re Samson Resources Corp.*, No. 15-11934 (CSS) (Bankr D. Del. Jan. 5, 2016) (same) (Docket No. 552); *In re American Apparel, Inc.*, No. 15-12055 (BLS) (Bankr. D. Del. Jan. 14, 2016) (Docket No. 590) (same); *In re Molycorp, Inc.*, No. 15-11357 (CSS) (Bankr. D. Del. Oct. 19, 2015) (Docket No. 701) (same); *In re Cal Dive Int'l, Inc.*, No. 15-10458 (CSS) (Bankr. D. Del. Jun. 18, 2015) (Docket No. 495) (same); *In re Suntech Am., Inc.*, No. 15-10054 (CSS) (Bankr. D. Del. Jun. 1, 2015) (Docket No. 248) (same). The Debtors submit that similar relief is warranted in these Cases.[2]

## RESERVATION OF RIGHTS

11. Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Proposed Order is intended to, or should be construed as, (a) an assumption or rejection of any of Unexpired Leases under section 365(a) of the Bankruptcy Code or (b) an admission by the Debtors that a particular instrument is or is not a true lease. If the Court grants the relief sought herein, any and all of the Debtors' rights, claims and defenses with respect to the

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

characterization of any of the Unexpired Leases pursuant to sections 365(d)(3) and 365(d)(4) of the Bankruptcy Code or otherwise are expressly reserved.

## NOTICE

12. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) the Committee and its counsel, Milbank, Tweed, Hadley & McCloy LLP; (c) any federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware or order of the Court; (d) Magnate S.á r.l. and its counsel, Kirkland & Ellis LLP; (e) DAK Americas LLC and its counsel, Weil, Gotshal & Manges LLP; (f) Banco Inbursa S.A., Institución De Banca Multiple, Grupo Financiero Inbursa, the DIP Lender and its counsel, Cleary Gottlieb Steen & Hamilton LLP; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of noticing; and (h) any known lessors to the Unexpired Leases. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

13. No prior request for the relief sought herein has been made to this Court or any other court.

[*Remainder of Page Left Blank Intentionally*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

Dated: January 26, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Joseph M. Mulvihill*

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:        ljones@pszjlaw.com
              joneill@pszjlaw.com
              jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone:  (212) 326-3939
Facsimile:   (212) 755-7306
Email:        sgreenberg@jonesday.com
              scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:  (216) 586-7035
Facsimile:   (216) 579-0212
Email:        ceblack@jonesday.com

Proposed Co-Counsel for the Debtors and Debtors in Possession