# EXHIBIT A

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 17-12307 (BLS) |
| M & G USA CORPORATION, *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **D.I. _____** |
| | ) | |

**ORDER OF THE MOTION OF THE CONSTRUCTION LIENHOLDER GROUP FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT NECESSARY, TO COMMENCE ACTIONS IN TEXAS TO DETERMINE THE RELATIVE PRIORITY OF CONSTRUCTION LIENS BETWEEN THE CONSTRUCTION LIENHOLDERS AND NONDEBTORS, BANCO INBURSA, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO INBURSA AND DAK AMERICAS LLC**

Certain construction lien claimants (collectively, the "Construction Lienholder Group"),[2] having filed a motion for relief from the automatic stay, to the extent necessary, to commence actions in Texas to determine the relative priority of construction liens between the construction lienholders and non-debtors, Banco Inbursa, S.A., Institución de Banca Múltiple, Grupo Financiero Inbursa and DAK Americas LLC (the "Motion"); the Court having reviewed the Motion and having found that the Court has jurisdiction to consider the Motion over this matter pursuant to 28 U.S.C. §§ 157 and 1334; the Court having found that notice of the Motion was adequate under the circumstances; the Court having found that, after a notice and an opportunity for hearing that there automatic stay does not preclude, estop, or otherwise prevent construction

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M & G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à.r.l. (1270), M & G Chemicals, S.A. (1022), M & G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062), and Indo American Investments Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not specifically defined herein have the meaning assigned to them in the Motion.

lienholders from commencing and prosecuting an action for a declaratory judgment in a court of competent jurisdiction within the State of Texas to determine the relative priority of its construction lien relative to the asserted security interests of Inbursa and DAK on the Corpus Christi Plant,

IT IS HEREBY ORDERED THAT:

ORDERED THAT the Motion is GRANTED; and it is further

ORDERED THAT any claimant asserting a lien against the Corpus Christi Plant for a mechanics' lien, a contractor's lien, a materialman's, or any lien otherwise encompassing a "construction lien" under and pursuant to Texas property law may commence and prosecute an action for a declaratory judgment in a court of competent jurisdiction within the State of Texas to determine the relative priority of its construction lien relative to the asserted security interests of Inbursa and DAK on the Corpus Christi Plant without need for any further order of this Court; and it is further

ORDERED THAT the Court retains jurisdiction to all matters arising from or related to the implementation of this Order.

Dated: This _____ day of February 2018

_____
The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge

9983455/1