IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING DEBTORS TO REDACT EMPLOYEE INFORMATION
ON CERTAIN DEBTOR SCHEDULES AND STATEMENTS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court (this "Motion to Seal") for entry of an order substantially in the form annexed hereto as Exhibit A (the "Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to redact certain information relating to employees of those Debtors that are Luxembourg entities, i.e., Mossi & Ghisolfi International S.à r.l., M&G Chemicals S.A. and M&G Capital S.à r.l. (collectively, the "Luxembourg Debtors") from the schedules of assets and liabilities and statements of financial affairs of the Luxembourg Debtors [Docket Nos. 743-46, 757-58] (the "Schedules and Statements"). In support of this Motion to Seal, the Debtors respectfully state as follows:

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2. By this Motion to Seal, the Debtors seek entry of an order substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1: (a) authorizing the Debtors to redact certain employee information from the Luxembourg Debtors' Schedules and Statements, including the names and addresses of such employees and details regarding their compensation and benefits; and (b) granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate.

## BASIS FOR RELIEF

3. The Bankruptcy Code, Bankruptcy Rules and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1). Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

4. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b), providing that:

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

5. Further, Local Rule 9018-1(b) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

6. Privacy laws under the European Union General Data Protection Regulation (the "EU GDPR"), as they apply to the Luxembourg Debtors, require that employee information be kept confidential. Here, the Schedules and Statements of the Luxembourg Debtors contain information regarding their employees that falls within the scope of the EU GDPR, including the names, addresses and compensation and benefits information of such employees. If such information were to be made public via PACER, confidential information will be disclosed to the detriment of the Debtors, their estates, their creditors and all of the Debtors' employees. In particular, the Debtors could face fines and other actions for violations of the EU GDPR. Accordingly, the Debtors believe that the information regarding the employees of the Luxembourg Debtors contained in the Schedules and Statements should be subject to the protections of section 107(b) of the Bankruptcy Code.

7. The Debtors have or will share unredacted versions of the Schedules and Statements with the Court, the Office of the United States Trustee for the District of Delaware and the Official Committee of Unsecured Creditors appointed in these cases (the "Committee").

8. Bankruptcy Courts in this District routinely have authorized debtors in other chapter 11 cases to redact sensitive employee and personnel information. *See, e.g., In re American Apparel, LLC*, No. 16-12551 (BLS) (Bankr. D. Del. Jan. 4, 2017) (Docket No. 423) (authorizing debtors to file under seal and redact the names, positions, and salary information

3

related to debtors' key employee incentive and retention plans); *In re RadioShack Corp.*, No. 15-10197 (BLS) (Docket No. 662) (Bankr. D. Del. Feb. 27, 2015) (authorizing debtors to file under seal information related to debtors' key employee incentive and retention plans); *In re Digital Domain Media Grp., Inc.*, No. 12-12568 (BLS) (Docket No. 318) (Bankr. D. Del. Oct. 22, 2012) (authorizing debtors to file under seal information related to debtors' key employee incentive plan); *In re Nortel Networks Inc.*, No. 09-10138 (KG) (Docket No. 8327) (Bankr. D. Del. Aug. 27, 2012) (authorizing debtors to file under seal information related to debtors' retired and long-term disabled employees); *In re Ritz Camera & Image, LLC*, No. 12-11868 (KG) (Docket No. 368) (Bankr. D. Del. Aug. 27, 2012) (authorizing debtors to file under seal information related to debtors' employee incentive plan); *In re WP Steel Venture LLC*, Case No. 12-11661 (KJC) (Docket No. 626) (Bankr. D. Del. July 18, 2012) (authorizing debtors to file under seal information related to debtors' management incentive program); *In re Blitz U.S.A., Inc.*, No. 11-13603 (PJW) (Docket No. 550) (Bankr. D. Del. June 26, 2012) (authorizing debtors to file under seal information related to debtors' employee bonus plan).

## NOTICE

9. Notice of this Motion to Seal shall be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service, the Securities and Exchange Commission and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or order of the Court; (c) Magnate S.á r.l. and its counsel, Kirkland & Ellis LLP; (d) DAK Americas LLC and its counsel, Weil, Gotshal & Manges LLP; (e) Banco Inbursa S.A., Institución De Banca Multiple, Grupo Financiero Inbursa and its counsel, Cleary Gottlieb Steen & Hamilton LLP; (f) the Official Committee of Unsecured Creditors and its proposed counsel, Milbank, Tweed, Hadley

& McCloy LLP; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of noticing. The Debtors submit that no other or further notice need be provided.

## **NO PRIOR REQUEST**

10. No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>.

Dated: January 31, 2018

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Joseph M. Mulvihill

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: sgreenberg@jonesday.com
scorririvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-7035
Facsimile: (216) 579-0212
Email: ceblack@jonesday.com

Co-Counsel for the Debtors and Debtors in Possession