# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | : | Chapter 11 |
|---|---|---|
| In re: | : | |
| | : | Case No. 17-12307 (BLS) |
| M & G USA CORPORATION, *et al.*,[1] | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Re: Docket No. _____** |

## ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTORS TO REDACT EMPLOYEE INFORMATION ON CERTAIN DEBTOR SCHEDULES AND STATEMENTS

Upon the Motion (the "Motion to Seal")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), in the above-captioned chapter 11 cases (the "Cases"), seeking entry of an order (this "Order"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, (a) authorizing the Debtors to redact information regarding the employees of the Luxembourg Debtors, including the names and addresses of such employees and details regarding their compensation and benefits; and (b) granting such other and further relief as requested in the Motion to Seal or as the Court otherwise deems necessary or appropriate; all as more fully set forth in the Motion to Seal; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion to Seal.

1

States Constitution; and the Court having found that venue of this proceeding and the Motion to Seal in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion to Seal is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion to Seal and opportunity for a hearing on the Motion to Seal were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed and considered the Motion to Seal; and the Court having determined that the legal and factual bases set forth in the Motion to Seal and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion to Seal is GRANTED as set forth herein.

2. The Debtors are authorized to seal and redact information relating to the employees of the Luxembourg Debtors contained in the Schedules and Statements, and such seal shall be maintained pursuant to Local Rule 9018-1. The confidential information included in the Schedules and Statements shall remain strictly confidential and use of such information shall be subject to Local Rule 9018-1(e).

3. The confidential information in the Schedules and Statements shall not be disseminated to anyone other than (a) the Court, (b) the Office of the United States Trustee for the District of Delaware and (c) the Committee, without either: (x) the express consent of the Debtors; or (y) further order of the Court, which order shall not be granted without notice and an opportunity to object being provided to the Debtors. Such parties shall be bound by this Order and shall keep all confidential information in the Schedules and Statements strictly confidential and shall not disclose such contents thereof to any party whatsoever.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion to Seal.

6. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

Dated: Wilmington, Delaware
_____, 2018

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Court Judge