# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| M & G USA CORPORATION, *et al.*,[1] | ) | Case No. 17-12307 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:** |
| | ) | March 14, 2018 at 10:30 a.m. |
| | ) | |
| | ) | **Objection Deadline:** |
| | ) | February 14, 2018 at 4:00 p.m. |
| | ) | |
| | ) | Re: Docket No. 857 |

## UNITED STATES TRUSTEE'S RESPONSE TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO REDACT EMPLOYEE INFORMATION ON CERTAIN DEBTOR SCHEDULES AND STATEMENTS (DOCKET NO. 857)

Andrew R. Vara, the Acting United States Trustee for Region 3 (the "U.S. Trustee"), files this response (the "Response") to the Motion for Entry of an Order Authorizing Debtors to Redact Employee Information on Certain Debtor Schedules and Statements (the "Motion") filed by the above-captioned Debtors, and states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M & G Waters USA, LLC (2195), Mossi & Ghisolfi International S.a.r.l. (1270), M & G Chemicals, S.A. (1022), M & G Capital S.a.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062), and Indo American Investments Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

**I.     Jurisdiction**

1. The Court has jurisdiction to hear this Response.

2. Section 586 of title 28 of the United States Code charges the U.S. Trustee with overseeing the administration of Chapter 11 cases filed in this District. Under both 28 U.S.C. § 586 and 11 U.S.C. § 307, Congress gave the U.S. Trustee broad responsibilities in Chapter 11 cases as well as standing to raise and be heard on any issue in any case or proceeding, which "goes beyond mere pecuniary interest." *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307). Thus, under 28 U.S.C. § 586 and 11 U.S.C. § 307, the U. S. Trustee has standing to be heard with regard to the Motion and this Response.

**II.    Introduction**

3. There is a strong presumption under U.S. law that the public has a right to access judicial records. Only under limited circumstances can a court restrict or deny that access. In bankruptcy proceedings, categories of information that may be shielded from disclosure include "trade secret or other confidential research, development or commercial information," information that is "scandalous or defamatory," governmental matters "made confidential by statute or regulation," and certain information that could create an undue risk of identity theft. 11 U.S.C. § 107(b), (c); FED. R. BANKR. P. 9018. The Debtors argue in the Motion that some of those circumstances exist here.

4. The Debtors assert that the European Union General Data Protection Regulation (the "EU GDPR") prohibits them from disclosing any personal information of employees of

M & G Capital S.ár.l., M & G Chemicals, S.A. and M & G International S.ár.l., all of which are Luxembourg entities. While the Debtors seek relief under 11 U.S.C. § 107, Debtors have not established how or even if the European Union and Luxembourg laws apply under section 107. These Debtors sought bankruptcy relief in a U.S Bankruptcy Court under the U.S. Bankruptcy Code with all of the attendant rights and responsibilities that apply to every debtor. Not only do Debtors fail to establish that foreign law supplants the disclosure requirements of the Bankruptcy Code and Rules, they fail to establish any entitlement to relief under either section 107 or other applicable law, including rules 9009, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure.

5.      The Motion should, therefore, be denied for at least seven reasons: (1) the sealed information is not confidential commercial information protected by section 107(b); (2) Debtors neither allege nor prove that any employee whose information has been withheld faces an undue risk of identity theft such that the Court should exercise its discretion under section 107(c) to seal;[2] (3) section 521 and rule 1007 require Debtors to file statements and schedules, and rule 9009 generally requires the use of these official forms "without alteration"; (4) Debtors provide no authority or analysis establishing that any foreign law supersedes the Bankruptcy Code's and Bankruptcy Rules' disclosure requirements; (5) the EU GDPR, the sole basis provided for the alleged harm Debtors may suffer, is not yet in effect and will not be until May 25, 2018; (6) Debtors' cursory treatment of the alleged requirements of foreign law omits any discussion of whether Luxembourg law has safe harbors or exceptions for disclosures required by other

---

[2]     Indeed, Debtors neither rely on nor discuss section 107(c) in their motion and seek relief exclusively under section 107(b).

3

applicable law or court order; and (7) section 105 cannot authorize sealing that section 107 does not allow.

### III. Background

6. On October 24, 2017, M & G Polymers USA, LLC ("M & G Polymers") filed a voluntary chapter 11 bankruptcy case, docketed as case number 17-12268. On October 30, 2017, an additional 11 affiliates of M & G Polymers filed voluntary chapter 11 petitions. The Debtors' cases are being jointly administered under one of the later-filed cases, that of M & G USA Corporation (collectively with M & G Polymers USA and the additional 11 Debtors, the "M & G Debtors").

7. On November 13, 2017, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee").

8. On November 10, 2017, the M & G Debtors filed a motion to extend the filing deadline for their schedules and statements of financial affairs until January 22, 2018.

9. The U.S. Trustee held an initial section 341 meeting of creditors on December 1, 2017. At that time, the M & G Debtors had not filed their schedules. The U.S. Trustee continued the section 341 meeting to a date after the filing of schedules.

10. On January 22, 2018, the M & G Debtors, including M & G Capital S.ár.l., M & G Chemicals, S.A. and M & G International S.ár.l (the "Luxembourg Debtors"), filed their original schedules and statements (Official Bankruptcy Forms 206E/F and 207). (Docket Nos. 735-60.) The schedules included debts owed by the Luxembourg Debtors to their Luxembourg employees, but the publicly available schedules redacted the names, addresses, and

compensation of all employees, regardless of whether those employees were Luxembourg or U.S. employees.

11. In the M & G Debtors' global notes, which were filed with their original schedules and statements of financial affairs, the M & G Debtors asserted that the EU GDPR applies to the Luxembourg Debtors. The M & G Debtors stated that the EU GDPR prohibits them from disclosing the names, addresses, or other personal information of Luxembourg employees and that therefore their schedules and statements of financial affairs did not contain that information. There appear to be three Luxembourg employees whose information is redacted.[3]

12. On January 24, 2018, the U.S. Trustee emailed the M & G Debtors' counsel and informed them that the M & G Debtors must either file unredacted schedules or file a motion to seal.

13. The M & G Debtors agreed to file schedules that did not redact the personal information of their U.S. employees. But the M & G Debtors reiterated to the U.S. Trustee that Luxembourg law prevented them from publicly filing any personal information of their Luxembourg employees.

14. Thus, on January 25-26, 2018, the M & G Debtors filed amended schedules and statements of financial affairs for some of the M & G Debtors, but not the Luxembourg Debtors

---

[3] Docket No. 784 (Amended Mossi & Ghisolfi International S á.r. l. schedules of assets and liabilities, page 47); Docket No. 758 (Mossi & Ghisolfi International S á.r. l. statement of financial affairs, page 32).

(Docket Nos. 778-90). These amended schedules disclosed the names and addresses of U.S. employees.

15. The U.S. Trustee continued the section 341 meeting on January 26, 2018. The M & G Debtors' representative stated on the record that the M & G Debtors continued to have concerns about the EU GDPR and therefore did not include any personal information related to employees of the Luxembourg Debtors in their filed schedules and statements of financial affairs.

16. Because the M & G Debtors did not have an order from the Bankruptcy Court authorizing them to redact information from the schedules and statements of financial affairs, on January 29, 2018, the U.S. Trustee again informed the M & G Debtors that if they wanted to redact the Luxembourg employees' personal information, they were required to file a motion to seal and obtain a court order authorizing the redaction. On January 31, 2018, the M & G Debtors filed the Motion seeking protection under section 107(b) for alleged confidential commercial information; they do not seek relief under section 107(c) for individuals at undue risk of identity theft. Debtors also rely on section 105 for relief.

### IV. Law and Argument

A. *Bankruptcy Court records are generally open and the burden to seal them from public access is high.*

17. There is a general right of public access to court records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 591 (1978); *see also Orion Pictures Corp. v. Video Software Dealers Assoc.*, 21 F.3d 24, 26 (2d Cir. 1994); *In re Continental Airlines,* 150 B.R. 334 (D. Del. 1993). In *Nixon v. Warner Communications, Inc.*, the Supreme Court stated that "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and

documents, including judicial records and documents." 435 U.S. at 591. The United States Court of Appeals for the Third Circuit has concluded that there is "a right of access to judicial proceedings and judicial records" that is "beyond dispute." *Pansy v. Borough of Stroudsburg*, 23 F. 3d 772, 780-81 (3d Cir. 1994).

18. In the Third Circuit, a party seeking to seal any part of a judicial record bears the burden of showing (1) that the material is the kind of information that courts will protect and (2) that disclosure will work a clearly defined and serious injury to the party seeking to seal. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984); *accord In re Cendant Corp.,* 260 F.3d 183, 194 (3d Cir. 2001). Before sealing the record, the court must be able to articulate the compelling countervailing interests to be protected and make specific findings on the record concerning the effects of the disclosure. *Publicker,* 733 F.2d at 1072.

19. Section 107(a) of the Bankruptcy Code is "a codification of the common law general right to inspect judicial records and documents." *Alterra Healthcare Corp.*, 353 B.R. at 75; *Orion Pictures Corp.*, 21 F.3d at 26. It provides that all papers "filed in a case under this title . . . are public records and open to examination" by the public without charge. 11 U.S.C. § 107(a). "This policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences Congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." *Orion Pictures Corp.*, 21 F.3d at 26. "[D]ocuments filed in bankruptcy cases have historically been open to the press and general public," and there is a "strong presumption in favor of public access to judicial records and papers. . . ." *Alterra Healthcare Corp.*, 353 B.R. at 75; *In re Continental Airlines*, 150 B.R. 334, 341 (D. Del. 1993); *In re Food Mgmt. Group, LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007).

B.  *The employees' information withheld by Debtors is not confidential commercial information protected by section 107(b).*

20. A party may invoke a limited exception to public disclosure to protect "an entity with respect to a trade secret or confidential research, development or commercial information."11 U.S.C. § 107(b)(1); *accord* FED. R. BANKR. P. 9018. Rule 9018, provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation.

FED. R. BANKR. P. 9018.

21. The moving party bears the burden of showing that a request to place documents under seal falls within the parameters of section 107(b) and rule 9018 by demonstrating "that the interest in secrecy outweighs the presumption in favor of access." *See Continental Airlines,* 150 B.R. at 340; *accord Food Mgmt. Group*, 359 B.R. at 561; *In re Fibermark, Inc.*, 330 B.R. 480 (Bankr. D. Vt. 2005). To meet this burden, the movant "must demonstrate extraordinary circumstances and compelling need to obtain protection." *Food Mgmt. Group*, 359 B.R. at 561 (citing *Orion*, 21 F.3d at 27). Nevertheless, a "court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *In re Anthracite Capital, Inc.,* 2013 WL 1909026, at *3 (Bankr. S.D.N.Y. May 9, 2013) (quotation omitted).

22. "Confidential . . . commercial information" is information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations

of the debtor." *Orion Pictures,* 21 F.3d at 27 (quoting *Ad Hoc Protective Comm. for 10 ½ Debenture Holders v. Itel Corp. (In re Itel Corp.),* 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982)). The information must be "reasonably expected to cause the entity commercial injury," which means that "competitors will gain an unfair advantage." *Alterra Healthcare*, 353 B.R. at 75-76 (citations omitted). The unfair advantage must be in favor of a market *competitor*, not simply a creditor or claimant. *Id.* at 76.

23. The M & G Debtors' Motion cites generally to the provisions of the EU GDPR, which they allege prevents disclosure of the Luxembourg employees' personal information. But they do not allege, much less establish, that disclosure of this information, even if confidential, would cause competitive commercial harm to the Debtors. As a result, they may be afforded no relief under section 107(b). If the M & G Debtors were to file personal information of the Luxembourg employees, they argue that they could then be subject to fines and other actions by governmental or regulatory authorities with the power to enforce the EU GDPR. Section 107(b), however, is not free-roving authority to seal any information Debtors so choose. Section 107(b) protects only limited categories of information, and the Debtors' request does not satisfy section 107(b)'s requirements.

C. *Debtors neither rely on nor establish a right to relief under section 107(c) or rule 9037.*

24. Although section 107(c) also permits a court, for cause, to protect an individual from disclosure of information that could result in an undue risk of identity theft or other unlawful injury, Debtors do not seek relief under this provision, and this Court therefore need not consider it. Nevertheless, the only potential harm identified is to the Debtors, not the employees. Indeed, given that the Debtors ultimately filed the information required with respect to its

9

employees based in the United States, there is no such undue risk. If there were, Debtors would have sought relief with respect to all of its employees. Moreover, even if Debtors had both alleged and established cause under section 107(c), relief is still discretionary, not mandatory, because section 107(c) uses the word "may," not "shall." *Compare* 11 U.S.C. § 107(b) *with* 11 U.S.C. § 107(c).

25. Similarly, Debtors do not seek relief under rule 9037(d), which, like section 107(c), permits redactions for privacy purposes upon a finding of cause. But Debtors have neither alleged nor established that filing the insider information required by the Official Forms is cause for protection. Nevertheless, even under rule 9037(d), the basic information for the employees here – name, address, amounts owed to them, and recent amounts paid to them by the Debtors – would not be cause for protection. In fact, the debtors have disclosed this information for their U.S. employees.

D. *Section 521 and rule 1007 require every debtor to file schedules and statements, and rules 1007 and 9009 require these filings on the official forms without substantive alteration.*

26. Section 521 and the related rules regarding schedules and statements are further evidence that Debtors' Motion should be denied. Section 521 imposes a duty on all debtors to file schedules and statements, 11 U.S.C. § 521(a), and rule 1007(b) requires the schedules and statements to be "prepared as prescribed by the appropriate Official Forms." FED. R. BANKR. P. 1007(b). Rule 9009 generally provides that official forms "shall be used without alteration":

> The Official Forms prescribed by the Judicial Conference of the United States shall be used without alteration, except as otherwise provided in these rules, in a particular Official Form, or in the national instructions for a particular Official Form. Official Forms may be modified to permit minor changes not affecting wording or the order of presenting information, including changes that:

>> (1) expand the prescribed areas for responses in order to permit complete responses;
>
> (2) delete space not needed for responses; or
>
> (3) delete items requiring detail in a question or category if the filer indicates—either by checking "no" or "none" or by stating in words—that there is nothing to report on that question or category.

FED. R. BANKR. P. 9009. Rule 9009 was amended effective December 1, 2017, to strike the language that official forms may undergo "alterations as may be appropriate" and to replace the stricken language with "used without alteration . . . ." *Id.* (Advisory Committee Note (2017)). "The former language generally permitting alterations has been deleted, but the rule preserves the ability to make minor modifications . . . ." *Id.* Rule 9009 now permits, at most, "minor changes." But "[a]ny changes that contravene the directions on an Official Form would be prohibited by this rule." *Id.* Even under the older, more permissive Rule 9009, however, alterations were "unacceptable if the information included is substantially less than the information required by the Official Form." *In re Clausen*, 464 B.R. 827, 831 (Bankr. W.D. Wis. 2011). Here, Debtors' wholesale omission of categories of information contravenes the directions and is certainly not a minor change permitted by Rule 9009.

E. *Debtors have not established that foreign privacy laws supersede the Bankruptcy Code and Rules.*

27. Debtors also assume without analysis or authority that foreign privacy laws supersede the disclosure and transparency requirements of U.S. law, including the Bankruptcy Code and Rules. Absent authority for that result, the Debtors, having willingly sought relief in a U.S. court under U.S. law, have a responsibility to adhere to governing U.S. law. To the extent there is an applicable exception, Debtors have not established one.

F. *Debtors rely exclusively on the EU GDPR to allege harm from filing employee information, but the EU GDPR will not become effective until May 25.*

28. Debtors' Motion provides only the most cursory treatment of the EU GDPR and states that it "require[s] that employee information be kept confidential." Motion, ¶ 6. Debtors further state that the required "information regarding their employees . . . falls within the scope of the EU GDPR" and that "Debtors could face fines and other actions for violations of the EU GDPR." *Id.* Based on those conclusory assertions and without even providing the Court a copy of the allegedly applicable law, Debtors seek protection from required disclosures.

29. But the EU GDPR is not currently in effect – and it will not be until May 25, 2018. *See generally* https://www.eugdpr.org/ (last visited February 5, 2018); s*ee also* Jones Day's General Data Protection Regulation Guide available at http://www.jonesday.com/general-data-protection-regulation-guide/ (last visited February 5, 2018).

G. *Luxembourg privacy law in effect now does not appear to be the flat prohibition Debtors suggest.*

30. It appears that current Luxembourg data privacy law is instead governed by Directive 95/46/EC on data protection (Data Protection Directive), which was implemented in Luxembourg by the Law of 2 August 2002 (Data Protection Law) and has been amended several times. *See generally* https://cnpd.public.lu/content/dam/cnpd/en/legislation/droit-lux/doc_loi02082002mod_en.pdf (last visited February 5, 2018).

31. Even if this Court were to find that this Luxembourg law supersedes the Bankruptcy Code, Debtors still have not established that they are at risk and entitled to protection. Debtors' Motion contains at best a superficial treatment of a foreign law not yet in

effect, which raises a number of questions about the reliability of any of the Motion's representations.

32. Moreover, it would be important to know whether exceptions under Luxembourg's law might apply, including for conflicts with other legal regimes. There appears to be an exception when disclosure is required by legal obligation. *See generally* https://uk.practicallaw.thomsonreuters.com/DataProtectionInLuxembourg:Overview.[4] Similarly, data can be processed if it is necessary for compliance with a legal obligation, and transferred when "necessary or legally required on important public interest grounds, or for the establishment, exercise or defence of legal claims." Data Protection Law Art. 5(1)(a), Art. 19(1)(d); Overview at ¶ 10, 20.

33. Although the Motion should be denied outright, at a minimum, the M & G Debtors must provide more information and analysis regarding the allegedly applicable Luxembourg privacy law actually in effect now and whether the blanket prohibition that Debtors so readily assert has exceptions when necessary for fulfilling legal obligations—particularly when Debtors exercise legal rights in a court of the United States to which they have voluntarily subjected themselves.

---

[4] Data protection in Luxembourg: overview by Anne Morel, Bonn Steichen & Partners (A Q&A guide to data protection in Luxembourg): "This Q&A guide gives a high-level overview of data protection rules and principles, including obligations on the data controller and the consent of data subjects; rights to access personal data or object to its collection; and security requirements. It also covers cookies and spam; data processing by third parties; and the international transfer of data. This article also details the national regulator; its enforcement powers; and sanctions and remedies."

H.      *Section 105 provides no basis for expanding on the relief provided by section 107(b).*

34.     Finally, Debtors cannot rely on section 105 for protection at odds with section 107. Section 107 sets forth specific criteria for what and who may be protected, and section 105 may not be used to supplement or supplant what section 107 requires. *See Law v. Siegel,* 134 S. Ct. 1188 (2014).

V.      **Conclusion**

Debtors' Motion should be denied. The information that the Debtors seek to seal is not considered confidential commercial information under section 107(b) as it does not relate to competitors of the Debtors. And Debtors have neither sought nor proved entitlement to relief under section 107(c) with respect to employee information. Even if they had, however, section 107(c) uses the word "may," meaning protection is not required if all the facts and circumstances do not justify it. Section 521 and rule 1007 require the filing of schedules and statements, and rule 9009 requires adherence to the official forms for those filings. Moreover, Debtors have not established that the allegedly applicable foreign laws supersede U.S. law or that the foreign laws absolutely foreclose the disclosure of this employee information in every circumstance, including in foreign judicial proceedings where disclosure is required. Indeed, Debtors's Motion relies on a law that will not take effect for almost four months. Given the longstanding and critical presumption of public access to documents filed in a court proceeding, as well as the Debtors' failure to meet their burdens of proof or even properly cite or explain foreign law, the Motion should be denied.

Respectfully Submitted,

**Andrew R. Vara,**
**Acting United States Trustee, Region Three**

Dated: February 7, 2018      **BY:**    /s/ Hannah Mufson McCollum
                                                          Hannah Mufson McCollum, Esq.
                                                          Trial Attorney
                                                          J. Caleb Boggs Federal Building
                                                          844 King Street, Suite 2207, Lockbox 35
                                                          Wilmington, DE 19801
                                                          (302) 573-6491
                                                          (302) 573-6497 (Fax)