IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR AN ORDER
(I) ESTABLISHING BAR DATES FOR FILING CLAIMS AND
(II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") move the Court (the "Motion"), pursuant to sections 105, 501 and 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the entry of an order, in substantially the form attached as Exhibit A (the "Proposed Order"), (i) establishing (a) the general bar date (the "General Bar Date") by which all entities, except as otherwise provided herein, must file proofs of claim in these chapter 11 cases against any of the Debtors that arose prior to the Polymers Petition Date or the Petition Date (each as defined below), as applicable, including, without limitation, claims pursuant to sections 503(b)(9), 507(a)(4) or 507(a)(5) of the Bankruptcy Code, (b) the date by which governmental units must file proofs of claim in these cases (the "Governmental Bar

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

NAI-1503181497v4
DOCS_DE:217849.1 54032/001

Date"), (c) the date by which entities must file proofs of claim relating to the Debtors' rejection of executory contracts or unexpired leases in these cases (the "Rejection Bar Date") and (d) the date by which entities must file proofs of claim in these cases as a result of the Debtors' amendment, if any, to their schedules (the "Schedules")[2] filed in these cases (the "Amended Schedules Bar Date," and collectively with the General Bar Date, the Governmental Bar Date, and the Rejection Bar Date, the "Bar Dates"); and (ii) approving the form and manner of notice of the Bar Dates. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. General Background

2. On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Polymers Petition Date") and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information regarding the

---

[2] The term Schedules refer to the Debtors' schedules of assets and liabilities and statement of financial affairs, as amended on January 25, 2018.

Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) (the "First Day Declaration") filed on October 31, 2017 and incorporated herein by reference.

## RELIEF REQUESTED

4. By this Motion, the Debtors request the entry of an order, in substantially the form of the Proposed Order, pursuant to sections 105, 501 and 502 of the Bankruptcy Code, Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e), (a) establishing the Bar Dates and related claims procedures proposed herein and (b) approving the form and manner of notice thereof.

### I. ESTABLISHMENT OF THE BAR DATES

#### A. General Bar Date

5. Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim must be filed.[3] To that end, within five business days after an order is entered establishing the Bar Dates (the "Bar Date Order"), the Debtors will serve a notice (the date on which such service is made, the "Service Date") of the Bar Dates and a proof of claim form, in substantially the form attached to the Proposed Order as Exhibit 2, upon all known entities holding potential claims subject to the Bar Dates.[4]

6. The Debtors request that the Court establish **April 5, 2018 at 5:00 pm (prevailing Eastern time)** as the General Bar Date, or 30 days from the Service Date. Except as otherwise provided herein, the General Bar Date will apply to all claims of any kind that arose prior to the Polymers Petition Date or the Petition Date, as applicable, (the "General Claims"),

---

[3] As used in this Motion, the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code.

[4] As used in this Motion, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

whether secured, priority (including, without limitation, claims entitled to priority under sections 503(b)(9), 507(a)(4) or 507(a)(5) of the Bankruptcy Code) or unsecured nonpriority claims. Unless such claims fall within one of the exceptions described below, entities holding General Claims must file proofs of claim with respect to such General Claims by the General Bar Date.

7. To the extent that a General Claim is entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code, the Debtors propose that the filing of a proof of claim be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code; <u>provided, however</u>, that all other administrative claims under section 503(b) of the Bankruptcy Code must be asserted by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code.

**B.    Governmental Bar Date**

8. Pursuant to section 502(b)(9) of the Bankruptcy Code, a proof of claim filed by a governmental unit in these Cases is deemed timely if it is filed within 180 days after the Polymers Petition Date, or the Petition Date, as applicable.[5] The Debtors therefore request that this Court **establish April 30, 2018 at 5:00 pm (prevailing Eastern time)**, or 180 days after the Petition Date, as the Governmental Bar Date in these Cases. The Debtors propose that the Governmental Bar Date apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority or unsecured nonpriority) that arose prior to the Polymers Petition Date or Petition Date, as applicable, including governmental units with claims against a

---

[5]     As used in this Motion, the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code. Under Bankruptcy Rule 3002(c)(1), "[a] proof of claim filed by a governmental unit . . . is timely filed if it is filed not later than 180 days after the date of the order for relief." Because the Governmental Bar Date falls on a Saturday, the Debtors have selected the following Monday, April 30, 2018, as the Governmental Bar Date.

Debtor for unpaid taxes, whether such claims arose from prepetition tax years or periods of prepetition transactions to which the Debtor was a party.

### C. Rejection Bar Date

9. The Debtors anticipate that certain entities may assert claims in connection with the Debtors' rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code. The Debtors propose that, for any claim relating to a Court approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order of the Court (any such order, a "Rejection Order"), the Rejection Bar Date for such a claim will be the later of (a) the General Bar Date; (b) 30 days after the entry of the applicable Rejection Order; and (c) any other date set by an order of the Court.

### D. Amended Schedules Bar Date

10. The Debtors propose that they will retain the right to: (a) dispute, or assert offsets or defenses against, any filed proofs of claim, or any claim listed or reflected in the Schedules, as to nature, amount, liability, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated (or any combination thereof); and (c) otherwise amend or supplement the Schedules. If the Debtors subsequently amend or supplement the Schedules (such Schedules, the "Amended Schedules") after the Service Date, the Debtors propose that they will give notice pursuant to Local Rule 1009-2 of any Amended Schedules to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to any amendment or supplement to the Schedules.

11. In particular, if a Debtor amends or supplements its Schedules to (a) reduce the undisputed, noncontingent and liquidated amount, (b) change the nature or classification of a claim against the Debtor or (c) add a new claim to the Amended Schedules, any affected entities

that dispute such changes must, by the Amended Schedules Bar Date, file a proof of claim in respect of the Amended Schedules or amend any previously filed proof of claim in accordance with the procedures described herein. The Debtors request that the Court establish the Amended Schedules Bar Date as the later of: (a) the General Bar Date and (b) 30 days after the date that the notice of the Amended Schedules is served on the entity. Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds, and all of the Debtors' rights with respect thereto are expressly reserved.

## II. PROOFS OF CLAIM THAT MUST BE FILED BY THE GENERAL BAR DATE

12. Subject to the terms described above for holders of claims subject to the Bar Dates, the Debtors propose that the following entities be required to file proofs of claim on or before the General Bar Date:

    a. any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or Amended Schedules, or is listed as either a disputed, contingent, or unliquidated claim (or any combination thereof) and (ii) that desires to share in any distribution made in any of the Debtors' respective chapter 11 cases; and

    b. any entity that believes that its prepetition claim is improperly classified in the Schedules or Amended Schedules, or is listed in an incorrect amount or against the wrong Debtor and that desires to have its claim allowed in a classification or amount or against a Debtor different from the classification, amount or Debtor identified in the Schedules or Amended Schedules.

## III. PROOFS OF CLAIM NOT REQUIRED TO BE FILED BY THE GENERAL BAR DATE

13. The Debtors propose that the following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file proofs of claim in these Cases:[6]

   a. any entity that already has filed a signed proof of claim against the applicable Debtor(s) in a form substantially similar to Official Bankruptcy Form No. 410 with: (i) the Clerk of the Bankruptcy Court for the District of Delaware or (ii) the Debtors' claims and noticing agent, Prime Clerk, LLC ("Prime Clerk");

   b. any entity (i) whose claim against a Debtor is not listed as "disputed", "contingent", or "unliquidated" in the Schedules or Amended Schedules and (ii) agrees with the nature, classification and amount of its claim as identified in the Schedules or Amended Schedules;

   c. any Debtor that has a claim against another Debtor;

   d. any holder of a claim that has been paid in full by any of the Debtors in accordance with the Bankruptcy Code or an order of the Court;

   e. any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

   f. any current officer, director or employee of any of the Debtors having a claim against any of the Debtors for indemnification, contribution or reimbursement; and

   g. any entity that has submitted a statement of lien form in accordance with this Court's *Order (I) Establishing Lien Identification Procedures and (II) Granting Related Relief* (Docket No. 457) in connection with such entity's lien claim.

14. For the avoidance of doubt, pursuant to paragraph 27 of the *Final Order Granting Debtors' Motion to (1) Authorize Certain Debtors In Possession To Obtain Post Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363 and 364; (2) Grant Liens and Superpriority*

---

[6] The Debtors and other parties in interest reserve the right to dispute any of the claims described in this paragraph, and nothing contained in this Motion, Bar Date Order or any of the notices associated therewith shall preclude the Debtors from objecting to any such claims on any ground.

*Administrative Expense Claims to DIP Lender Pursuant To 11 U.S.C. §§ 364 and 507; (3) Provide Adequate Protection to the Pre-Petition First Lien Lender and the Pre-Petition Second Lien Secured Party; (4) Modify Automatic Stay Pursuant To 11 U.S.C. §§ 361, 362, 363, 364 and 507; and (5) Granting Related Relief* (Docket No. 479) (the "<u>Final DIP Order</u>") the Pre-Petition First Lien Lender (as defined in the Final DIP Order) shall not be required to file any proof of claim with respect to any of the Pre-Petition First Lien Obligations (as defined in the Final DIP Order), all of which shall be due and payable in accordance with the Pre-Petition First Lien Loan Documents (as defined in the Final DIP Order) and the other financing documents applicable thereto.

### IV. NO REQUIREMENT TO FILE PROOFS OF INTEREST

15. The Debtors propose that any entity holding an interest in the Debtors (an "<u>Interest Holder</u>"), which interest is based exclusively upon the ownership of: (a) a membership interest in a limited liability company; (b) common or preferred stock in a corporation; or (c) warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "<u>Interest</u>"), need not file a proof of claim or proof of interest on or before the General Bar Date on account of such interest; <u>provided</u>, <u>however</u>, Interest Holders who want to assert <u>claims</u> against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance or distribution of the interest, must file a claim by the applicable Bar Dates, unless another exception identified in this Motion or the Bar Date Order applies.

### V. PROCEDURES FOR PROVIDING NOTICE OF AND FILING PROOFS OF CLAIM

16. The Debtors propose the following procedures for providing notice of the Bar Dates and for filing proofs of claim with respect to General Claims. The Debtors propose to

NAI-1503181497v4
DOCS_DE:217849.1 54032/001

-8-

serve on all known entities holding potential General Claims: (a) a notice of the Bar Dates substantially in the form of the notice attached to the Proposed Order as Exhibit 1 and incorporated herein by reference (the "Bar Date Notice"); and (b) a proof of claim form substantially in the form attached to the Proposed Order as Exhibit 2 (the "Proof of Claim Form," together with the Bar Date Notice, the "Bar Dates Notice Package").

17. As required by Bankruptcy Rule 3001, the Proof of Claim Form substantially conforms to Official Form 410, with the following substantive modifications:

    a. indicating how the Debtors have listed each creditor's respective claim on the Debtors' Schedules, including the creditor's name, the amount of the creditor's claim against the applicable Debtor, the type of claim held by such creditor (i.e., non-priority unsecured, priority unsecured, or secured) and whether such claim is disputed, contingent, or unliquidated; and

    b. adding a field to identify whether a claim is being asserted under Bankruptcy Code section 503(b)(9).

18. The Bar Date Notice states, among other things, that proofs of claim on account of prepetition claims must be filed with the Debtors' claim and noticing agent, Prime Clerk, on or before the applicable Bar Date. The Debtors intend to mail the Bar Date Notice Package by first class United States mail, postage prepaid (or equivalent service), to: (a) all known potential holders of prepetition claims, including all entities listed in the Schedules as potentially holding claims; (b) the U.S. Trustee; (c) counsel to the Committee; (d) all parties that have requested notice in these Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order; (e) all parties to executory contracts and unexpired leases of the Debtors; (f) all parties to litigation with the Debtors; (g) the Internal Revenue Service for this District and all other taxing authorities for the jurisdictions in which the Debtors conduct business; (h) all relevant state attorneys general; and (i) such additional persons and entities as deemed appropriate by the Debtors. The Debtors will also cause the Bar Date Notice to be posted by the Service Date on

the website established by Prime Clerk for these Cases at https://cases.primeclerk.com/mgusa. The timing of the Bar Dates will ensure that potential claimants known as of the date hereof will receive at least 30 days' notice by mail of the General Bar Date.

19. For holders of potential claims listed in the Schedules, the Proof of Claim Form mailed to such entities will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (a) the identity of the Debtor against which the entity's claim is scheduled; (b) the amount of the claim, if any; (c) whether the claim is listed as disputed, contingent or unliquidated (or any combination thereof); and (d) whether the claim is listed as a secured, unsecured non-priority or unsecured priority. Any entity that relies on the information in the Schedules will bear responsibility for determining that its claim is accurately listed therein.

20. For any claim to be validly and properly filed, a claimant must deliver a completed, signed original Proof of Claim Form, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), to Prime Clerk, in the manner set forth below and in the Bar Date Notice, so that Prime Clerk receives the Proof of Claim Form by no later than 5:00 p.m., Eastern Time, on the applicable Bar Date. All such filed Proof of Claims Forms must: (a) be written in English; (b) be denominated in lawful currency of the United States; and (c) conform substantially with the Proof of Claim Form. The Debtors propose that claimants may submit Proofs of Claim Forms in the following manner: (a) electronically with Prime Clerk via the interface available at https://cases.primeclerk.com/mgusa/EPOC-Index or (b) delivered to Prime Clerk via U.S. mail or other hand delivery method to the following address:

> M & G USA Corporation Processing Center
> c/o Prime Clerk LLC
> 830 3rd Avenue, 3rd Floor
> New York, NY 10022

21. Prime Clerk will not accept Proof of Claim Forms submitted by facsimile or electronic mail. Prime Clerk shall deem Proof of Claim Forms as filed when Prime Clerk actually receives them (as described in the Bar Date Notice) by one of the two approved methods of delivery identified herein.

## VI. EFFECT OF FAILURE TO FILE A PROOF OF CLAIM FORM

22. The Debtors propose that entities that fail to properly file a Proof of Claim Form by the applicable Bar Date be forever barred, estopped and enjoined from: (a) asserting any prepetition claim against the Debtors that such entity may possess and that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules or Amended Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature, classification or priority than any claim identified in the Schedules or Amended Schedules on behalf of such entity (any such claim under this subparagraph (a) being referred to herein as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any chapter 11 plan in these Cases in respect of an Unscheduled Claim.

## VII. FILING CLAIMS AGAINST MULTIPLE DEBTORS; FAILURE TO IDENTIFY A DEBTOR

23. The Debtors also propose that all entities asserting claims against multiple Debtors must complete and file a separate proof of claim with respect to each such Debtor and identify on each proof of claim the particular Debtor against which such entities assert their respective claims. Requiring entities to identify the Debtor against which such entity asserts a claim will greatly expedite the Debtors' review of the claims in these Cases and will cause no undue burden on claimants. The Debtors also propose that if a proof of claim lists multiple Debtors, then the Debtors will treat such claim as filed only against the first listed Debtor. Finally, the Debtors propose that any proof of claim filed under the jointly administered case

number, M & G USA Corporation., No. 17-12307 (BLS), or any form that otherwise fails to identify a Debtor, be deemed as filed only against Debtor M & G USA Corporation.

## VIII. PUBLICATION OF BAR DATE NOTICE

24. In light of the size, complexity and geographic diversity of the Debtors' operations, potential claims against the Debtors may exist that the Debtors are unable to identify. Such unknown potential claims may include, for example, (a) claims of trade vendors that failed to submit invoices to the Debtors; (b) claims of former employees; (c) claims of entities with potential, un-asserted causes of action against the Debtors; and (d) claims that, for various other reasons, are not recorded in the Debtors' books and records. Accordingly, the Debtors believe that (a) it is necessary to provide notice of the Bar Dates to entities with potential General Claims whose names and addresses are unknown to the Debtors and (b) it is advisable to provide supplemental notice to known holders of General Claims.

25. Therefore, pursuant to Bankruptcy Rule 2002(l) and 9008, the Debtors request authority to publish notice of the Bar Dates in substantially the form attached hereto as Exhibit 3 (the "Publication Notice") in the *USA Today*, National Edition and the *Corpus Christi Caller Times* as a means to provide notice of the Bar Dates to such unknown potential claimants.[7] The Debtors will cause such publication to occur no later than seven days after the Service Date. As set forth in Exhibit 3 to the Proposed Order, the Publication Notice will contain (a) a website address where potential claimants may download the relevant claim form and related instructions; and (b) a domestic toll-free number whereby potential claimants can seek additional information with respect to filing General Claims. As a result of all of these procedures and efforts, as well as the anticipated and ongoing public attention to the Debtors' Cases and the

---

[7] Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

establishment of the Bar Dates as requested in this Motion, claimants will have or should have the information necessary to be able to file claims in these Cases.

## NOTICE

26. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) the Committee and its counsel, Milbank, Tweed, Hadley & McCloy LLP; (c) any federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware or order of the Court; (d) Magnate S.á r.l. and its counsel, Kirkland & Ellis LLP; (e) DAK Americas LLC and its counsel, Weil, Gotshal & Manges LLP; (f) Banco Inbursa S.A., Institución De Banca Multiple, Grupo Financiero Inbursa, the DIP Lender and its counsel, Cleary Gottlieb Steen & Hamilton LLP; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of noticing. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

27. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

Dated: February 8, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: sgreenberg@jonesday.com
scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-7035
Facsimile: (216) 579-0212
Email: ceblack@jonesday.com

Co-Counsel for the Debtors and Debtors in Possession

NAI-1503181497v4
DOCS_DE:217849.1 54032/001

-14-