IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered) |

Obj. Deadline: March 26, 2018 at 4:00 p.m. (ET)
Hearing Date: To be scheduled if necessary

**FIRST MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG
ZIEHL & JONES LLP, AS CO-COUNSEL AND CONFLICTS
COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION,
FOR THE PERIOD FROM OCTOBER 30, 2017 THROUGH NOVEMBER 30, 2017**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | *Nunc Pro Tunc* to October 30, 2017 by order signed November 30, 2017 |
| Period for which Compensation and Reimbursement is Sought: | October 30, 2017 through November 30, 2017[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $243,369.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 29,125.63 |

This is a:   x monthly     interim     final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,095.00 | 84.20 | $92,199.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $ 950.00 | 4.40 | $ 4,180.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 825.00 | 107.10 | $88,357.50 |
| Joseph M. Mulvihill | Associate 2015; Member of DE Bar since 2014; Member of PA Bar since 2015 | $ 450.00 | 99.10 | $44,595.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 350.00 | 24.00 | $ 8,400.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 275.00 | 0.80 | $ 220.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 275.00 | 14.40 | $ 3,960.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 275.00 | 5.30 | $ 1,457.50 |

       **Grand Total:** $243,369.00
       **Total Hours:**  339.30
       **Blended Rate:** $ 717.27

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 24.60 | $ 17,296.00 |
| Bankruptcy Litigation | 171.40 | $119,391.50 |
| Case Administration | 8.60 | $ 2,864.00 |
| Claims Admin/Objections | 8.50 | $ 6,532.50 |
| Compensation of Prof/Others | 3.80 | $ 2,763.00 |
| Employee Benefit/Pension | 5.80 | $ 5,360.50 |
| Executory Contracts | 2.30 | $ 1,434.00 |
| Financial Filings | 27.30 | $ 19,829.50 |
| Financing | 26.40 | $ 21,462.50 |
| General Creditors Committee | 1.10 | $ 570.00 |
| Insurance Coverage | 0.70 | $ 414.00 |
| Meeting of Creditors | 13.20 | $ 11,571.50 |
| Operations | 4.00 | $ 2,092.50 |
| Retention of Professional | 6.20 | $ 4,715.00 |
| Retention of Prof./Others | 34.50 | $ 26,567.50 |
| Tax Issues | 0.90 | $ 505.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Auto Travel Expense | Eagle Transportation; DND Transportation | $ 175.00 |
| Conference Call | AT&T Conference Call | $ 12.40 |
| Delivery/Courier Service | Advita | $ 925.61 |
| Express Mail | Federal Express | $ 90.43 |
| Filing Fee | USDC; USBC | $19,374.00 |
| Hotel Expense | Doubletree Hotel (conference room rental) | $ 1,756.80 |
| Legal Research | Lexis/Nexis | $ 11.54 |
| Court Research | Pacer | $ 414.70 |
| Reproduction Expense | | $ 2,130.60 |
| Reproduction/ Scan Copy | | $ 3,091.00 |
| Overtime | A. Bader; I. Soto | $ 63.30 |
| Transcript | Reliable Companies | $ 1,080.25 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered) |

Obj. Deadline: **March 26, 2018 at 4:00 p.m. (ET)**
Hearing Date: To be scheduled if necessary

# FIRST MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL AND CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM OCTOBER 30, 2017 THROUGH NOVEMBER 30, 2017

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals," signed on or about November 30, 2017 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), co-counsel and conflicts counsel for the debtors and debtors in possession ("Debtors"), hereby submits its First Monthly Application for Compensation and for Reimbursement of Expenses for the Period from October 30, 2017 through November 30, 2017 (the "Application").

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

DOCS_DE:218266.1 54032/001

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $243,369.00 and actual and necessary expenses in the amount of $29,125.63 for a total allowance of $272,494.63 and payment of $194,695.20 (80% of the allowed fees) and reimbursement of $29,125.63 (100% of the allowed expenses) for a total payment of $223,820.83 for the period October 30, 2017 through November 30, 2017 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

**Background**

1. On October 24, 2017, Debtor M&G Polymers USA, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017, each of the other Debtors commenced chapter 11 cases before this Court. The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about November 30, 2017, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent

(80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending on January 31, 2018, at three-month intervals, each of the Professionals will file and serve an interim fee application for compensation and reimbursement of expenses sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4. The retention of PSZ&J, as co-counsel and conflicts counsel for the Debtors, was approved effective as of October 30, 2017 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel and Conflicts Counsel for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date," signed on or about November 30, 2017 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5. All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors.

6. PSZ&J has received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in this case. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $200,000, in connection with the preparation of initial documents and its prepetition representation of the Debtors. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to PSZ&J was credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

## Fee Statements

7. The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

## Actual and Necessary Expenses

8.  A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.  PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

10. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12. The names of the partners and associates of PSZ&J who have rendered professional services in this case during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

14. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each category.

### A. Asset Disposition

15. This category relates to work regarding the sale or other disposition of assets. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed sale issues; (2) attended to bid procedures issues; (3) performed work regarding a bid procedures and sale motion; (4) attended to notice issues; (5) performed work regarding a bidding procedures order; (6) reviewed and analyzed credit bid issues; and (7) corresponded and conferred regarding sale issues.

Fees: $17,296.00; Hours: 24.60

### B. Bankruptcy Litigation

16. This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (1) performed work regarding First Day motions; (2) performed work regarding *pro hac vice* motions; (3) performed work regarding negotiations; (4) attended to scheduling issues; (5) performed work regarding notice issues; (6) reviewed and analyzed, and responded to, United States Trustee comments regarding First Day motions and orders; (7) performed work regarding Agenda Notices and Hearing Binders; (8) prepared for and attended a hearing on First Day motions on November 1, 2017; (9) performed work regarding Second Day Motions; (10) performed work regarding a joint administration order; (11) performed work regarding orders on First Day motions; (12) performed work regarding a notice of commencement;

(13) performed research; (14) attended to scheduling issues; (15) reviewed and analyzed a lienholders motion for appointment of an official committee; (16) performed work regarding a Committee confidentiality agreement; (17) reviewed and responded to United States Trustee comments regarding Second Day Motions; (18) reviewed and analyzed the Committee's motion to adjourn hearings and performed work regarding a response; (19) performed work regarding a lienholders procedures motion; (20) prepared for and attended a telephonic hearing on November 21, 2017; (21) performed work regarding discovery issues; (22) performed work regarding deposition scheduling issues; and (23) corresponded and conferred regarding bankruptcy litigation issues.

Fees: $119,391.50; Hours: 171.40

### C. Case Administration

17. This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things: (1) maintained a memorandum of critical dates; (2) maintained document control; (3) maintained service lists; and (4) corresponded regarding case administration issues.

Fees: $2,864.00; Hours: 8.60

### D. Claims Administration and Objections

18. This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed time extension issues; (2) reviewed and analyzed bar date issues; (3) responded to inquiries from creditors; (4) performed research; (5) performed work regarding a lienholder bar date motion;

(6) reviewed and analyzed Aetna claims issues; and (7) conferred and corresponded regarding claim issues.

Fees: $6,532.50; Hours: 8.50

E. **Compensation of Professionals--Others**

19. This category relates to issues regarding compensation of professionals, other than the Firm. During the Interim Period, the Firm, among other things, performed work regarding an interim compensation procedures motion and order.

Fees: $2,763.00; Hours: 3.80

F. **Employee Benefits and Pensions**

20. This category relates to issues regarding employee benefits and pension plans, and other employee issues. During the Interim Period, the Firm, among other things: (1) performed work regarding an employee wage motion; (2) reviewed and analyzed issues regarding Aetna; (3) reviewed and analyzed issues regarding a self-funded employee benefit plan; (4) reviewed and analyzed self-insured claim issues; (5) reviewed and analyzed documents relating to Aetna; and (6) corresponded and conferred regarding employee issues.

Fees: $5,360.50; Hours: 5.80

G. **Executory Contracts**

21. This category relates to issues regarding executory contracts and unexpired leases of real property. During the Interim Period, the Firm, among other things: (1) performed work regarding a motion to reject Chemtex lease; (2) reviewed and analyzed lease

assumption and assignment issues; (3) performed research; and (4) corresponded and conferred regarding executory contract issues.

Fees: $1,434.00;    Hours: 2.30

**H.   Financial Filings**

22.   This category relates to issues regarding compliance with reporting requirements. During the Interim Period, the Firm, among other things: (1) performed work regarding Initial Debtor Interview materials; (2) prepared for and attended an Initial Debtor Interview; (3) performed work regarding Monthly Operating Reports; (4) performed work regarding a motion to extend the time to file Schedules and Statements; (5) performed research; (6) reviewed and analyzed a lienholders objection to motion to extend the time to file Schedules and Statements, and performed work regarding a reply; and (7) corresponded and conferred regarding financial filings issues.

Fees: $19,829.50;    Hours: 27.30

**I.   Financing**

23.   This category relates to issues regarding Debtor in Possession ("DIP") financing and use of cash collateral. During the Interim Period, the Firm, among other things: (1) performed work regarding a notice of interim DIP financing hearing; (2) reviewed and analyzed DIP financing issues; (3) performed research; (4) performed work regarding negotiations; (5) attended to budget issues; (6) reviewed and responded to United States Trustee comments regarding proposed DIP financing; (7) performed work regarding a notice of revised budget; (8) performed work regarding a cash collateral motion; (9) performed work regarding

interim cash collateral and DIP financing orders; (10) performed work regarding a notice of final hearing on DIP financing and cash collateral issues; (11) performed work regarding a cash collateral motion; (12) reviewed and analyzed the Committee motion to adjourn final hearing on DIP financing and cash collateral issues, and performed work regarding a response; (13) performed work regarding a credit agreement and a proposed final DIP financing order; (14) reviewed and analyzed joinders to Committee adjournment motion; (15) performed work regarding a cash management order; (16) reviewed and analyzed objections to DIP financing; (17) attended to issues regarding foreign bank accounts; and (18) conferred and corresponded regarding financing issues.

     Fees: $21,462.50;  Hours: 26.40

### J. General Creditors Committee

24. This category relates to general Committee issues. During the Interim Period, the Firm, among other things, reviewed and analyzed the notice of appointment of the Committee.

     Fees: $570.00;  Hours: 1.10

### K. Insurance Coverage

25. This category relates to insurance coverage issues. During the Interim Period, the Firm, among other things, performed work regarding an insurance motion and order, and reviewed and analyzed insurance issues.

     Fees: $414.00;  Hours: 0.70

### L. Meeting of Creditors

26. This category relates to meeting of creditors issues. During the Interim Period, the Firm, among other things, performed work regarding a Section 341 meeting of creditors, prepared for and attended a Committee formation meeting, and corresponded and conferred regarding meeting of creditors issues.

Fees: $11,571.50;    Hours: 13.20

### M. Operations

27. This category relates to issues regarding operations. During the Interim Period, the Firm, among other things: (1) performed work regarding a utility motion and order; (2) performed work regarding a critical vendor motion and order; (3) reviewed and analyzed utility objections; (4) attended to issues regarding Waste Management; and (5) corresponded and conferred regarding operations issues.

Fees: $2,092.50;    Hours: 4.00

### N. Retention of Professionals

28. This category relates to issues regarding retention of the Firm. During the Interim Period, the Firm, among other things, performed work regarding the Firm's retention application and order.

Fees: $4,715.00;    Hours: 6.20

### O. Retention of Professionals--Others

29. This category relates to issues regarding the retention of professionals, other than the Firm. During the Interim Period, the Firm, among other things, performed work regarding the Alvarez, Jones Day, Prime Clerk, Rothschild and Crain Caton retention matters, performed research, and performed work regarding an Ordinary Course Professionals motion.

Fees: $26,567.50;    Hours: 34.50

### P. Tax Issues

30. This category relates to work regarding tax issues. During the Interim Period, the Firm, among other things, performed work regarding a tax motion and order.

Fees: $505.00;    Hours: 0.90

### Valuation of Services

31. Attorneys and paraprofessionals of PSZ&J expended a total 339.30 hours in connection with their representation of the Debtors during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,095.00 | 84.20 | $92,199.00 |
| Henry C. Kevane | Partner 1997; Member of CA Bar since 1986 | $ 950.00 | 4.40 | $ 4,180.00 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 825.00 | 107.10 | $88,357.50 |
| Joseph M. Mulvihill | Associate 2015; Member of DE Bar since 2014; Member of PA Bar since 2015 | $ 450.00 | 99.10 | $44,595.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 350.00 | 24.00 | $ 8,400.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 275.00 | 0.80 | $ 220.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 275.00 | 14.40 | $ 3,960.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 275.00 | 5.30 | $ 1,457.50 |

**Grand Total: $243,369.00**
**Total Hours:    339.30**
**Blended Rate: $   717.27**

32. The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $243,369.00.

33. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period October 30, 2017 through November 30, 2017, an interim allowance be made to PSZ&J for compensation in the amount of $243,369.00 and actual and necessary expenses in the amount of $29,125.63 for a total allowance of $272,494.63 and payment of $194,695.20 (80% of the allowed fees) and

reimbursement of $29,125.63 (100% of the allowed expenses) be authorized for a total payment of $223,820.83, and for such other and further relief as this Court may deem just and proper.

Dated: March 5, 2018      PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
jmulvihill@pszjlaw.com

Co-Counsel and Conflicts Counsel for the
Debtors and Debtors in Possession

# VERIFICATION

STATE OF DELAWARE     :
                      :
COUNTY OF NEW CASTLE  :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with the work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZ&J.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about November 30, 2017, and submit that the Application substantially complies with such Rule and Order.

/s/ Laura Davis Jones
Laura Davis Jones

SWORN AND SUBSCRIBED
before me this 5 day of March, 2018.

/s/ Cheryl A. Knotts
Notary Public
My Commission Expires:

CHERYL A. KNOTTS
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 5, 2018

DOCS_DE:218266.1 54032/001