IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered)<br>**Hearing Date: March 23, 2018 @ 9:30 a.m. (Requested)**<br>**Objection Deadline: March 20, 2018 @ 4:00 p.m. (Requested)** |

**MOTION OF EASTMAN CHEMICAL COMPANY FOR RELIEF
FROM THE AUTOMATIC STAY TO RECOVER EASTMAN'S
RAIL CARS AND FOR RELATED RELIEF**

Eastman Chemical Company ("Eastman"), by counsel, for its *Motion of Eastman Chemical Company for Relief from the Automatic Stay to Recover Eastman's Rail Cars and for Related Relief* (the "Motion"), respectfully states as follows.

**I.     PRELIMINARY STATEMENT**

Eastman, a creditor of certain of the above-captioned debtors (collectively, the "Debtors"), delivered certain of Eastman's rail cars (collectively, the "Eastman Rail Cars") containing isophthalic acid (collectively, the "Eastman Goods") to the Debtors' facility in Apple Grove, West Virginia. The Debtors do not have an ownership interest in the Eastman Rail Cars, and the Eastman Goods are not being sold in connection with this Court's *Order Authorizing (I) The Sale of Certain Assets of M&G USA Corporation and M&G Polymers USA, LLC Free and Clear of Encumbrances and Liens; (II) The Assumption and Assignment of Certain*

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.A. r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S. r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these Chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

*Executory Contracts and Unexpired Leases in Connection Therewith; and (III) Related Relief* (Docket No. 864, the "Sale Order"). By this Motion, Eastman seeks the entry of an order, substantially in the form attached hereto as **Exhibit 1**, providing for the relief from the automatic stay to allow Eastman to recover the Eastman Rail Cars because the Debtors do not have equity in the Eastman Rail Cars and because the Eastman Rail Cars are not necessary to an effective reorganization.

## II. JURISDICTION AND VENUE

1. Beginning on October 24, 2017, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware, thereby commencing the above-captioned bankruptcy cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue for this matter is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are 11 U.S.C. § 362, Fed. R. Bankr. P. 4001, and Del. Bankr. L.R. 4001-1.

## III. STATEMENT OF FACTS

5. Prepetition, Eastman delivered the Eastman Rail Cars pursuant to a sales and consignment contract attached hereto as **Exhibit 2**, including terms and conditions that provide in pertinent part that the Debtors are "responsible for protecting and returning in good condition any returnable drums or other containers, or railcars provided by [Eastman], which will at all times remain [Eastman's] property." **Exhibit 2**, p. 3, ¶ 8. As of the Petition Date, Eastman's records reflect that Eastman Rail Cars include the following: ETCX 884; ETCX5488; ETCX276645; ETCX289912; ETCX289920; ETCX289934; and ETCX289948.

6. On February 1, 2018, the Court entered the Sale Order, in which the Court approved the sale of substantially all of the assets of M&G Polymers USA, LLC, but the Court in its Sale Order expressly excluded the Eastman Rail Cars and the Eastman Goods from such sale. Sale Order, ¶ 41 ("Notwithstanding anything to the contrary herein, the Sale approved hereby does not include (a) the Purified Isophthalic Acid (the "PIA") that was delivered to M&G Polymers USA, LLC by Eastman Chemical Company ("Eastman") and which remains stored in rail cars, or (b) any rail cars that contain or previously contained PIA delivered by Eastman to any of the Debtors (collectively, the "Rail Cars") …").

## IV. RELIEF REQUESTED

7. By this Motion, Eastman seeks the entry of an order, substantially in the form attached hereto as **Exhibit 1**, providing for the relief from the automatic stay to allow Eastman to recover the Eastman Rail Cars.

## V. ARGUMENT

### A. Eastman is Entitled to Relief from the Automatic Stay to Recover the Eastman Rail Cars Pursuant to 11 U.S.C. § 362(d)(1).

8. Eastman is entitled to relief from the automatic stay to recover the Eastman Rail Cars pursuant to 11 U.S.C. § 362(d)(1), which provides in pertinent part as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).

9. "Cause" is not defined by the Bankruptcy Code. Thus, this Court must decide what constitutes "cause" to lift the automatic stay on a case-by-case basis. *In re Rexene*

*Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (*citing In re Fernstrom Storage and Van Co.*, 938 F.2d, 731, 735 (7th Cir. 1991)); *see also American Airlines, Inc. v. Continental Airlines (In re Continental Airlines, Inc.)*, 152 B.R. 420, 424 (D. Del. 1993) (same).

10. In this case, the balance of the equities favors Eastman's right to recover the Eastman Cars, as the Debtors do not have equity in the Eastman Rail Cars and because the Eastman Rail Cars are not necessary to an effective reorganization. Also, Eastman's agreement with the Debtors contemplates the Debtors' prompt return to Eastman of the Eastman Rail Cars, which are at risk of damage given that the Debtors have held the Eastman Rail Cars for over four (4) months. **Exhibit 2**, p. 3, ¶ 8 (providing that the Debtors are "responsible for protecting and returning in good condition any returnable drums or other containers, or railcars provided by [Eastman], which will at all times remain [Eastman's] property."). Thus, Eastman is entitled to relief from the automatic stay to recover the Eastman Rail Cars pursuant to 11 U.S.C. § 362(d)(1).

**B. Eastman is Entitled to Relief from the Automatic Stay to Recover the Eastman Rail Cars Pursuant to 11 U.S.C. § 362(d)(2).**

11. Eastman is also entitled to relief from the automatic stay to recover the Eastman Rail Cars pursuant to 11 U.S.C. § 362(d)(2) of the Bankruptcy Code, which provides in pertinent part as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, conditioning such stay—
>
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> > (A) the debtor does not have an equity in such property; and
> > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2).

12. In this case, as the Debtors do not have equity in the Eastman Rail Cars and the Eastman Rail Cars are not necessary to an effective reorganization. The Debtors do not have equity in the Eastman Rail Cars as reflected in Eastman's terms and conditions, which provide that the Debtors are "responsible for protecting and returning in good condition any returnable drums or other containers, or railcars provided by [Eastman], which will at all times remain [Eastman's] property." **Exhibit 2**, p. 3, ¶ 8. Further, the Eastman Rail Cars are not necessary to an effective reorganization because the Court in its Sale Order expressly excluded the Eastman Rail Cars and the Eastman Goods from such sale, thus establishing that the Eastman Rail Cars will not be necessary for the Debtors' effective reorganization. Thus, Eastman is entitled to relief from the automatic stay to recover the Eastman Rail Cars pursuant to 11 U.S.C. § 362(d)(2).

## VI. CONSENT TO JURISDICTION

13. Pursuant to Local Rule 9013-1(f), Eastman consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## VII. NOTICE

14. Eastman will serve a copy of this Motion by overnight delivery upon: (i) Debtors' counsel; (ii) the United States Trustee; (iii) the Official Committee of Unsecured Creditors' counsel; (iv) the Debtors' secured lenders; and (v) those parties who have requested service under Rule 2002 as of the filing of the Motion. Eastman submits that no further or additional notice need be provided.

## VIII. CONCLUSION

WHEREFORE, Eastman Chemical Company requests that the Court grant the relief requested in the Motion, and grant Eastman such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
March 7, 2018

EASTMAN CHEMICAL COMPANY
By counsel

SAUL EWING ARNSTEIN & LEHR LLP

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Tel: (302) 421-6898
Fax: (302) 421-5864

-and-

McGUIREWOODS LLP
James E. Van Horn, Esq.
500 East Pratt Street, Suite 1000
Baltimore, MD 21202-3169
Telephone: (410) 659-4468
Facsimile: (410) 659-4488