IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered)<br>**Hearing Date: March 23, 2018 @ 9:30 a.m. (Requested)**<br>**Objection Deadline: March 20, 2018 @ 4:00 p.m. (Requested)** |

### EASTMAN CHEMICAL COMPANY'S MOTION TO FILE UNDER SEAL THE UNREDACTED VERSION OF THE MOTION OF EASTMAN CHEMICAL COMPANY FOR RELIEF FROM THE AUTOMATIC STAY TO RECOVER EASTMAN'S RAIL CARS AND FOR RELATED RELIEF

Eastman Chemical Company ("Eastman"), by and through its undersigned counsel, hereby moves (the "Motion to Seal") pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rues of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order, substantially in the form attached as **Exhibit 1**, permitting Eastman (a) to redact confidential and commercially sensitive pricing information regarding Eastman's isophthalic acid (the "Confidential Information") from the agreement (the "Agreement") attached to the contemporaneously filed *Motion of Eastman Chemical Company for Relief from the Automatic Stay to Recover Eastman's Rail Cars and for Related Relief* (the "Lift-Stay Motion"), (b) to file on the Court's publicly available docket the Lift-Stay Motion and the Agreement with the

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.A. r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S. r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these Chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

Confidential Information redacted, and (c) to file the Lift-Stay Motion with the unredacted Agreement under seal. In support of this Motion to Seal, Eastman respectfully states as follows:

## BACKGROUND

1. The Lift-Stay Motion seeks relief from the automatic stay to recover Eastman's Rail Cars (as defined by the Lift-Stay Motion) because, among other things, the Rail Cars are Eastman's property, not the Debtors'.

2. The Agreement is attached as an exhibit to the Lift-Stay Motion. The Agreement specifies that the Rail Cars remain Eastman's property. Thus, the Agreement, as it relates to ownership of the Rail Cars, is relevant to the Court's determination of the Lift-Stay Motion.

3. However, the Agreement also contains pricing information regarding Eastman's isophthalic acid, which is not relevant to the determination of the Lift-Stay Motion. If this Confidential Information is made publicly available, Eastman would be harmed because Eastman's competitors, potential buyers of Eastman's isophthalic acid, and others in the industry would learn the Confidential Information.

## BASIS FOR RELIEF

4. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Specifically, section 107(b) provides in part that:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

5. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, "On motion or on its own

initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Local Rule 9018-1(d) additionally provides, in relevant part, "Any party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d).

6. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal* (*In re Phar-Mor, Inc.*), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27. Delaware courts have defined "commercial information" as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations'" of the party requesting such information be sealed.[2] *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*, 21 F.3d 27-28)).

7. Here, sufficient cause exists for the Court to grant the relief sought by this Motion to Seal in order to protect Eastman's Confidential Information. First, the Confidential Information is Eastman's pricing of isophthalic acid, property that is not the subject of the Lift-Stay Motion. This, the Confidential Information is not relevant to the Court's determination of

---

[2] Both *Alterra Healthcare* and *Orion Pictures* interpreted "commercial information" in the context of a debtor's commercial information. However, Eastman respectfully submits that the standards for protection of commercial information under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are applicable to all parties, and therefore *Alterra Healthcare* and *Orion Pictures* are applicable to this Motion to Seal.

3

the Lift-Stay Motion. Second, disclosure of the Confidential Information could have significant adverse effects on the Eastman's business if it were made publicly available to Eastman's competitors, potential buyers of Eastman's isophthalic acid, or others in Eastman's industry. Third, the relief requested herein will not prejudice any party in interest. To ensure that the key constituencies in these cases can review the Confidential Information and independently confirm that the Confidential Information has no bearing on the Lift-Stay Motion, Eastman has provided, or will provide, the Lift-Stay Motion with the unredacted Agreement to the Court, the U.S. Trustee, and counsel to the Debtors.

**CONSENT TO JURISDICTION**

8. Pursuant to Local Rule 9013-1(f), Eastman consents to the entry of a final judgment or order with respect to this Seal Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

**NOTICE**

9. Notice of this Seal Motion will be given to the following: (i) Debtors' counsel; (ii) the United States Trustee; (iii) the Official Committee of Unsecured Creditors' counsel; (iv) the Debtors' secured lenders; and (v) those parties who have requested service under Rule 2002 as of the filing of the Motion. In light of the nature of the relief requested herein, Eastman submits that no further or additional notice need be provided.

## **CONCLUSION**

For the reasons set forth above, Eastman submits that good cause exists for the Court to grant the relief requested herein, and that approval of this Seal Motion is necessary and appropriate to protect Eastman from disclosure of confidential commercial information.

Dated: March 7, 2018

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
SAUL EWING ARNSTEIN & LEHR LLP
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Tel: (302) 421-6898
Fax: (302) 421-5864

-and-

James E. Van Horn, Esq.
McGUIREWOODS LLP
500 East Pratt, Suite 1000
Baltimore, MD 21202-3169
Telephone: (410) 659-4468
Facsimile: (410) 659-4488

*Counsel for Eastman Chemical Company*