IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, et al.,[1] | Case No. 17-12307 (BLS)<br>(Jointly Administered) |
| Debtors. | D.I. 173, 490 |

## PRELIMINARY OBJECTION AND RESERVATION OF RIGHTS OF THE CONSTRUCTION LIENHOLDER GROUP TO DEBTORS' MOTION TO SELL SUBSTANTIALLY ALL OF THE DEBTORS' REMAINING ASSETS

Certain construction lien[2] claimants (collectively, the "Construction Lienholder Group"),[3] by and through their undersigned counsel, hereby file this preliminary objection and reservation of rights to the motion of the above-captioned debtors (the "Debtors") to sell substantially all of their remaining assets (the "Proposed Sale"), and in support of its preliminary objection, the Construction Lienholder Group respectfully submits the following:

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M & G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à.r.l. (1270), M & G Chemicals, S.A. (1022), M & G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062), and Indo American Investments Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] The term "construction lien" is intended to encompass all mechanic's, contractors' or materialman's liens arising under and pursuant to Texas property law.

[3] The members of the Construction Lienholder Group are (i) Apache Industrial, Services, Inc., (ii) Arc Energy Services, Inc., (iii) Axis Industrial Services, LLC, (iv) Bay Ltd, (v) CCC group, Inc., (vi) Dawkins On-Site Concrete, LLC, (vii) Fagioli, Inc., (viii) Garrett Mechanical, Inc. (ix) TCI Business Capital as assignee of Integrity Mechanical Specialists, (x) Lexicon, Inc., (xi) MC Welding, Inc., (xii) MEITEC, Inc., (xiii) Mirage Industrial Group, LLC, (xiv) MMR Constructors, Inc., (xv) Montcalm USA, Inc. (xvi) N&A Project Management USA, Inc., (xvii) Repcon, Inc., (xviii) SimplexGrinnell, LP, (xix) Sunbelt Rentals, Inc., (xx) TNT Crane & Rigging Inc., (xxi) WFS Construction Company LLC, and (xxii) Wholesale Electric Supply of Houston, Inc.

## BACKGROUND

1. On November 16, 2017, the Debtors filed a Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets, (B) Authorizing the Debtors to Enter into One or More Stalking Horse Purchase Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief [Docket No. 173] (the "Sale Procedures Motion"). On December 14, 2017, the Court entered an Order approving the Sale Procedure Motion [Docket No. 490] (the "Sale Procedures Order").

2. By and through the Sale Procedures Order, the Court set the following deadlines for the Debtors' assets:[4]

- Bid Deadline: March 6, 2018 at 5:00 p.m.;
- Objection Deadline: March 7, 2018 at 5:00 p.m.;
- Auction: March 8, 2018 at 10:00 a.m.;
- Adequate Assurance Deadline: March 12, 2018 at noon; and
- Sale Hearing: March 14, 2018 at 10:00 a.m.

3. By and through the sale, the Debtors are seeking to sell substantially all of their remaining assets, including the Corpus Christi Plant owned by M&G Resins, and the desalination plant, which is allegedly owned by M&G Waters but located on the same parcel of real property as the Corpus Christi Plant.

---

[4] This sale does not include the Debtors' sale of their Apple Grove, WV facility, research facility in Sharon Center and related asset.

4. The Members of the Construction Lienholder Group have asserted more than $179,800,000 of liens against the Debtors' property in Corpus Christi, not including interest, legal fees or expenses. To date, there has not been a determination as to the relative priority of the secured claims asserted by the construction lienholders, Inbursa, and DAK.

5. On January 29, 2018, the Construction Lienholder Group filed a Motion for Relief from the Automatic Stay, to the Extent Necessary, to Commence Actions in Texas to Determine the Relative Priority of Construction Liens Between the Construction Lienholders and Nondebtors, Banco Inbursa, S.A., Institución de Banca Múltiple, Grupo Financiero Inbursa and DAK Americas LLC [Docket No. 824] (the "Automatic Stay Motion"). Objections to the Automatic Stay Motion were filed by the Debtors [Docket No. 936], Banco Nacional de Comercio Exterior, S.N.C., Institucion de Banca de Dessarrollo [Docket No. 938], DAK Americas LLC ("DAK") [Docket No. 939]; Banco Inbursa, S.A., Institución de Banca Múltiple, Grupo Financiero Inbursa ("Inbursa") [Docket No. 941], and the official committee of unsecured creditors (the "Unsecured Creditors Committee") [Docket No. 942] (collectively, the "Objections"). On February 19, 2018, the Construction Lienholder Group filed a reply in support of the Motion [Docket No. 995].

6. On February 22, 2018, the Bankruptcy Court considered the Motion and Objections thereto, and at the conclusion of the hearing, the Bankruptcy Court stated it would give the Construction Lienholder Group an option of either having the Motion denied without prejudice or having the Motion adjourned and continued until the hearing in the above-captioned bankruptcy cases scheduled for March 23, 2018. The Construction Lienholder Group elected to have the Motion adjourned and continued until the March 23, 2018 hearing.

7. In connection with litigation between DAK and the Creditors Committee, the deadlines for objections to the proposed sale, the auction, and sale hearing were moved to March

9993590/1

9, March 19, and March 23, 2018, respectively. See Debtors' Notice of Certain Modifications to Bidding Procedures [Docket No. 1061]. Accordingly, the Construction Lienholder Group is required to object to the proposed sale before finding out the bids received,[5] the assets for which the bids were received, the amount of the winning bid, the name of the winning bidder, or the allocation among the Debtors' asserts under the sale.

8. On March 2, 2018, the Debtors filed a Motion for Entry of an Order Establishing a Lienholder Claims Reserve and Granting Related Relief Filed by M & G USA Corporation [Docket No. 1075] by and through which they to establish a reserve in the amount of $350,149,728.43 from the sale of applicable assets of the Debtors' estates (the "Lienholder Reserve Motion"). This reserve may not include money sufficient to pay all construction liens in full, and would not include money sufficient to pay interest, legal fees, and expenses of the construction lienholders. The deadline to object to the Lienholder Reserve Motion is March 16, 2018.

## BASES FOR PRELIMINARY OBJECTION

9. The Construction Lienholder Group (and presumably other parties asserting a lien on the Corpus Christi Assets), have a number of concerns with respect to the proposed sale. At this point, the Construction Lienholder Group cannot predict the results of the sale, including the winning bidder or the winning bid. Subject to additional objections, the Construction Lienholder Group raises the following issues, as potential objections:

- Whether the winning bid is sufficient to pay all secured claims on the Corpus Christi Assets in full;
- Whether the proposed sale meets the requirements of 11 U.S.C. § 363, including but not limited to 11 U.S.C. § 363(f);
- Whether the proposed sale meets the requirements of 11 U.S.C. § 365, including curing all executory contracts and leases pursuant to 11 U.S.C. § 365(f);

---

[5] Despite negotiating to be a consultation party, the Debtors have refused to even tell the Construction Lienholder Group the names of the parties who submitted bids or the amounts of those bids.

- Whether the putative winning bid was the result of a party credit bidding in an amount that is insufficient to establish a reserved in an amount necessary to satisfy all of the construction liens;
- Whether the sale price includes the estates' administrative expenses prior to closing;
- The proposed allocation of the sale proceeds among the asserts to be sold;
- Whether the Debtors will provide adequate protection to construction lienholders between the closing of the sale and the remittance of payments on account of their liens, including but not limited to, establishing a deadline for the Debtors to evaluate and object to claims; and
- Any other issues arising from or in connection with the sale or the sale process which may affect or impair the rights of the construction lienholders.

### **RESERVATION OF RIGHTS**

10. The Construction Lienholder Group expressly reserves and preserves its right to supplement this objection with respect to any issue arising from or relating to the sale of the Debtors' assets which may affect or impair the rights of any member of the Construction Lienholder Group.

Dated: March 9, 2018

**MORRIS JAMES LLP**

Jeffrey R. Waxman (DE Bar No. 4159)
Eric J. Monzo (DE Bar No. 5214)
Brenna A. Dolphin (DE Bar No. 5604)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: emonzo@morrisjames.com
E-mail: bdolphin@morrisjames.com

*Counsel to the Construction Lienholder Group*