IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | ) | |
| | ) | Case No. 17-12307 (BLS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Nos. 173, 490, 1061, & 1113** |

**JOINDER AND SUPPLEMENTAL OBJECTION OF MMR CONSTRUCTORS, INC. TO THE PRELIMINARY OBJECTION AND RESERVATION OF RIGHTS OF THE CONSTRUCTION LIENHOLDER GROUP TO THE DEBTORS' MOTION TO SELL SUBSTANTIALLY ALL OF THE DEBTORS' REMAINING ASSETS**

MMR Constructors, Inc. ("MMR"), by and through its undersigned counsel, hereby joins and supplements (the "Joinder and Supplemental Objection") the objection [Docket No. 1113] (the "Objection") of the Construction Lienholder Group (the "Construction Lienholder Group") to the Motion of the Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into One or More Stalking Horse Purchase Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures and (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à.r.l. (1270), M&G Chemicals, S.A. (1022), M&G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062), and Indo American Investments Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[Docket No. 173] (the "Sale Motion"). In support of this Joinder and Supplemental Objection, MMR states as follows:

**Background**

1. On October 24, 2017, M&G Polymers USA, LLC ("M&G Polymers"), one of the above-captioned debtors, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases").

2. Prior to the Petition Date, in early 2013, the Debtors began construction on a PTA/PET production plant (the "Corpus Christi Plant") located at 7001 Joe Fulton International Corridor, Corpus Christi, Texas, 78409 (as further described in the Lien Statements (as such term is defined herein) attached hereto, the "Property") owned by M&G Resins USA, LLC, one of the above-captioned debtors (the "Owner"). All activities related to project management and procurement for the Plant were allegedly handled by debtor Chemtex International Inc. ("Chemtex"). Construction of the Corpus Christi Plant ceased prior to October 24, 2017 at only 85% complete.

3. Prior to the cessation of the project, during the construction process in 2017, MMR furnished electrical and instrumentation craftsmen and labor for construction and/or completion, as well as materials, for the improvements on the Plant. The Debtors did not pay MMR for the services and materials it provided with respect to the Plant. As of the date hereof, the outstanding amounts owed with respect to MMR's work at the Plant totaled $16,277,379.56 (the "Total Outstanding Debt"), exclusive of accruing interest, attorneys' fees, and other charges

4. On October 17, 2017, MMR filed an *Affidavit of Mechanics and Materialman's Lien* (the "First Lien Statement") with respect to the Plant and related Property, as well as the

2

improvements and removables located thereon, for the secured amount due and owing at that time of $15,779,013.39 (exclusive of accruing interest, attorneys' fees, and other charges), pursuant to § 53.052 of the Texas Code and Statutes Annotated (the "Texas Statutes"). On January 5, 2018, MMR filed an updated *Affidavit of Mechanics and Materialman's Lien* (the "Second Lien Statement," together with the First Lien Statement, the "Lien Statements") with respect to the Plant and related Property, as well as the improvements and removables located thereon, for the Total Outstanding Debt (exclusive of accruing interest, attorneys' fees, and other charges). By filing the Lien Statements, MMR perfected a lien (the "Lien") against the Corpus Christi Plant and Property, as well as the improvements and removables located thereon. The Total Outstanding Debt remains unpaid.

5. On February 15, 2018, MMR filed a Notice of Perfection, Maintenance, and Continuation of Lien of MMR Constructors, Inc. Under 11 U.S.C. § 546(b) (the "MMR 546 Notice"). A true and correct copy of the MMR 546 Notice is attached hereto as Exhibit A and attached thereto are true and correct copies of the Lien Statements.

6. On November 16, 2017, the Debtors filed the Sale Motion seeking authority to sell substantially all of their assets, including, among other things, the Plant and the Property. On December 14, 2017, the Court entered the Order (I)(A) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets, (B) Authorizing the Debtors to Enter into One or More Stalking Horse Purchase Agreements and to Provide Bid Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (II) Granting Related Relief [Docket No. 490] (the "Bidding Procedures Order").

7. In addition to MMR's Lien, on the Petition Date, the Debtors filed the Declaration of Dennis Stogsdill in Support of First Day Pleadings [Docket No. 3] (the "<u>Stogsdill Declaration</u>") acknowledging that there are at least $196 million of construction liens against the Debtors' partially complete plant in Corpus Christi, Texas (the "<u>Corpus Christi Plant</u>").[2] Stogsdill Declaration, ¶ 10.

**<u>Joinder</u>**

8. Through this Joinder, MMR hereby joins in the arguments raised in the Objection and expressly adopts, raises, and incorporates such arguments therein, as if set forth herein. MMR reserves the right to supplement and join in any other filings, and to present supplemental and further arguments at any hearing on the Sale Motion.

**<u>Supplemental Objection</u>**

9. In addition to the above Joinder, by and through this Supplemental Objection, MMR respectfully asserts that all proceeds from the Sale of the Debtors' assets should be segregated and reserved until the Court determines a proper allocation of the proceeds.

10. The parties-in-interest in these Cases are all hopeful the Sale will result in proceeds in excess of the secured debt on the Debtors' assets, including those liens of construction lienholders. However, regardless of the amount of proceeds the Sale results in, the Sale Motion sets forth no proposed allocation of those proceeds and certainly no rationale for such allocation. This is problematic.

11. When, as here, debtors, each affiliates of other debtors, are selling their assets in one transaction the court must make an independent determination of the allocation of sale proceeds that is fair and reasonable, rather than automatically approve the debtors'

---

[2] The term "construction lien" is intended to encompass all mechanic's, contractors' or materialman's liens arising under and pursuant to Texas property law.

allocation. See Mission Iowa Wind Co. v. Enron Corp., 291 B.R. 39, 43 (S.D.N.Y. 2003) (concluding that bankruptcy court erred in simply approving debtors' allocation and not making independent determination to "preserve the integrity of separate estates and allocate value to the estate that owns the asset sold, not its parent"). In addition to an allocation among the Debtors' estates, in these Cases, the Court should make such an independent determination regarding an allocation of proceeds on the multiple assets owned and sold by each of the Debtors.

12. For example, as set forth in the Lien Statements, the MMR Lien attaches to not only the Plant, but the surrounding tracts of land (owned by debtor M&G Resins) and the desalination plant (allegedly owned by debtor M&G Waters but situated on the land of M&G Resins), among other things. To the extent that the Debtors may assert that only those Sale proceeds that the Debtors deem to allocate to the Plant will be available for distribution to the lien claimants, including the MMR Lien, MMR would object. This is a determination for the Court, after an opportunity for all parties-in-interest to receive discovery and be heard by the Court on the issue. Thus, MMR respectfully requests that the Court order that all proceeds from the Sale of the Debtors' assets be reserved until such time that a determination of the proper allocation can be made.

**Reservation of Rights**

13.  MMR reserves the right to amend, modify, or supplement this Joinder and Supplemental Objection.  Should the grounds of objection stated in this Joinder and Supplemental Objection be dismissed, overruled, or withdrawn, or should the Debtors submit additional information regarding the allocation, or other arguments raised in the Objection, MMR reserves the right to object further to the Sale Motion on any grounds in the future.

WHEREFORE, based on the foregoing, MMR respectfully requests that the Court enter an Order:  (i) segregating the sale proceeds until a proper allocation can be determined by the Court and; (ii)  granting to MMR such further relief as is just and proper.

Dated: March 9, 2018
Wilmington, Delaware

    */s/ Morgan L. Patterson*
Matthew P. Ward (Del. Bar No. 4471)
Morgan L. Patterson (Del. Bar No. 5388)
Womble Bond Dickinson (US) LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801
Telephone:  (302) 252-4320
Facsimile:  (302) 252-4330
Email:  matthew.ward@wbd-us.com
Email:  morgan.patterson@wbd-us.com

*Counsel to MMR Constructors, Inc.*