## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 537; 565; 775** |

## THIRD SUPPLEMENTAL NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On December 21, 2017, the above captioned debtors and debtors in possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale* [Docket No. 537] (the "Assumption and Assignment Notice").[2] On December 28, 2017, the Debtors filed the *Supplemental Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale* [Docket No. 565] (the "Supplemental Notice"). On January 25, 2018, the Debtors filed the *Second Supplemental Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale* [Docket No. 775] (the "Second Supplemental Notice"). The Assumption and Assignment Notice, the Supplemental Notice and the Second Supplemental Notice are fully incorporated herein by reference.

2. Pursuant to the Second Supplemental Notice, the Debtors hereby revise the Contract Notices (as defined in the Assumption and Assignment Notice). More specifically, the Debtors have added to the Contract Notices the parties and Contracts listed on **Exhibit A** hereto (the "Additional Contracts"). Further, the Debtors have reduced the Cure Amounts for the Contracts listed on **Exhibit B** hereto to reflect new information and/or take certain postpetition payments into account. (the "Revised Contracts" and, with the Additional Contracts, the "Additional/Revised Contracts").[3] In addition, the Debtors have revised the Contract Notices to remove certain contracts (a) that have been rejected since the filing of the Second Supplemental Notice (b) that were transferred in

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Assumption and Assignment Notice.

[3] Certain parties have reviewed and agreed to the revisions in **Exhibit B** hereto.

connection with an asset sale approved earlier in these Cases[4] and (c) upon agreement with the applicable counterparty. A clean version of the revised Contract Notices is attached hereto as **Exhibit C** (the "Third Revised Contract Notice"). A redline showing the changes between the Third Revised Contract Notice and the Contract Notices attached to the Second Supplemental Notice is attached hereto as **Exhibit D**.

3. In accordance with the Assumption and Assignment Procedures set forth in the Motion and the Bidding Procedures Order, the Debtors may seek to assume and assign to one or more Successful Bidders (as defined in the Bidding Procedures) certain Contracts of the Debtors. The Contracts that the Debtors believe may be subject to assumption and assignment in relation to a Sale Transaction are set forth in the Third Revised Contract Notice. The Debtors previously disclosed the Cure Costs in the Assumption and Assignment Notice, the Supplemental Notice and the Second Supplemental Notice and have disclosed Cure Costs for the Additional/Revised Contracts in the Third Revised Contract Notice.

4. Pursuant to the Bidding Procedures Order, and as set forth in the Assumption and Assignment Notice, the Supplemental Notice and the Second Supplemental Notice, any Additional/Revised Contract counterparty that wishes to object to the proposed assumption, assignment and sale of an Additional/Revised Contract listed on **Exhibit A** or **Exhibit B** (as applicable), the subject of which objection is the Debtors' proposed Cure Costs to cure any outstanding monetary defaults then existing under such Additional/Revised Contract (each, a "Cure Objection") shall file with the Court and serve its Cure Objection on (a) the Debtors, M&G USA Corporation, 450 Gears Road, Suite 240, Houston, Texas 77067 (Attn: Dennis Stogsdill); (b) counsel for the Debtors, (i) Jones Day, 901 Lakeside Avenue, Cleveland, OH 44114 (Attn: Carl E. Black, Esq.) and 250 Vesey Street, New York, NY 10281 (Attn: Scott J. Greenberg, Esq., Michael J. Cohen, Esq. and Stacey L. Corr-Irvine, Esq.); and (ii) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Attn: Laura Davis Jones, Esq., James E. O'Neill, Esq., and Joseph M. Mulvihill, Esq.); (c) counsel for the official committee of unsecured creditors appointed in these chapter 11 cases (1) Milbank, Tweed, Hadley & McCoy LLP, 28 Liberty Street, New York, NY 10005 (Attn: Dennis F. Dunne, Esq., Abhilash M. Raval, Esq. and Lauren C. Doyle, Esq.) and (2) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 (Attn: J. Kate Stickles, Esq. and David R. Hurst, Esq.); (d) counsel for Control Empresarial de Capitales, S.A. De C.V. and Banco Inbursa, S.A., Institución de Banca Múltiple, Grupo Financiero Inbursa, (i) Cleary Gottlieb Steen & Hamilton LLP, 1 Liberty Plaza, New York, NY 10006 (Attn: Lisa M. Schweitzer, Esq.) and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Pauline K. Morgan, Esq.); (e) counsel to Trimont Real Estate Advisors, LLC, Thompson & Knight LLP, 900 Third Avenue, 20th floor, New York, NY 10022 (Attn: Michael V. Blumenthal, Esq.); (f) counsel to DAK Americas LLC, (i) Weil Gotshal & Manges LLP, 700 Louisiana, Suite 1700, Houston, Texas, 77002 (Attn: Alfredo R. Perez, Esq.) and (ii) Morris, Nichols, Arsht and Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19899 (Attn: Curtis S. Miller, Esq.); (g) counsel (if applicable) of any Stalking Horse Bidder(s); (h) counsel (if applicable) of any applicable Successful Bidder(s); (i) counsel (if applicable) of any applicable Backup Bidder(s) (as defined in the Bidding Procedures); and (j) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite

---

[4] *See Order Authorizing (I) The Sale of Certain Assets of M&G USA Corporation and M&G Polymers USA, LLC Free and Clear of Encumbrances and Liens; (II) The Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; and (III) Related Relief* [Docket No. 864].

2207, Wilmington, Delaware 19801 (Attn: Hannah McCollum, Esq.) (collectively, the "Objection Recipients") no later than **March 19, 2018 at 5:00 p.m. (prevailing Eastern Time).**

5. **If an Additional/Revised Contract counterparty fails to timely file with the Court and serve on the Objection Recipients a Cure Objection, the Additional/Revised Contract counterparty shall be deemed to have consented to the applicable Cure Costs set forth in the Third Revised Contract List and, unless the Court orders otherwise, forever shall be barred from asserting any objection with regard to such Cure Costs or any other claims related to the applicable Proposed Assumed Contract against the Debtors or any Successful Bidder(s) or their respective property (unless the Additional/Revised Contract counterparty has filed a timely Adequate Assurance Objection with respect to the Proposed Assumed Contract). Unless the Court orders otherwise, the Cure Costs set forth herein shall be controlling and will be the only amount necessary to cure outstanding defaults under Proposed Assumed Contracts under section 365(b) of the Bankruptcy Code, notwithstanding anything to the contrary in any Proposed Assumed Contract, or any other document.**

6. **If an Additional/Revised Contract counterparty fails to timely file with the Court and serve on the Objection Recipients an Adequate Assurance Objection, the Additional/Revised Contract counterparty shall be deemed to have consented to the assumption and assignment of the applicable Proposed Assumed Contract and adequate assurance of future performance in connection therewith to the applicable Successful Bidder and, unless the Court orders otherwise, forever shall be barred from asserting any objection with regard to such assumption and assignment (unless the Additional/Revised Contract counterparty has filed a timely Cure Objection with respect to the Proposed Assumed Contract) or adequate assurance of future performance in connection therewith or any other claims related to such Proposed Assumed Contract against the Debtors or any Successful Bidder(s) or their respective property. The applicable Successful Bidder shall be deemed to have provided adequate assurance of future performance with respect to the applicable Proposed Assumed Contract in accordance with section 365(f)(2)(B) of the Bankruptcy Code, notwithstanding anything to the contrary in the Proposed Assumed Contract, or any other document.**

7. The inclusion of a Contract or other document or Cure Costs in the Third Revised Contract Notice, the Assumption and Assignment Notice, the Supplemental Notice, the Second Supplemental Notice, or on any subsequently filed Proposed Assumed Contracts Notice (collectively, the "Contract Notices") shall not constitute or be deemed a determination or admission by the Debtors, the applicable Successful Bidder(s), or any other party in interest that such Contract or other document is an executory contract or an unexpired lease within the meaning of the Bankruptcy Code or that the stated Cure Costs are due (all rights with respect thereto being expressly reserved). The Debtors reserve all of their rights, claims, and causes of action with respect to each Contract or other document listed on the Contract Notices. **The Debtors' inclusion of any Contract on the Contract Notices shall not be a guarantee that such contract ultimately will be assumed or assumed and assigned.** The Contract Notices shall be without prejudice to each Successful Bidder's rights, if any, under the applicable Asset Purchase Agreement, to subsequently exclude Proposed Assumed Contracts from the assumption or assignment prior to the closing of an applicable Sale Transaction(s).

NAI-1503480051v1

8. The Debtors fully reserve the right to amend, modify or supplement the Contract Notices (each, an "Amended Contract Notice"); provided that the deadline for any Counterparty that is added to an Amended Contract Notice or whose Cure Cost under a Contract is reduced to file (a) a Cure Objection shall be **5:00 p.m. (prevailing Eastern Time) on the date that is seven days** following service of the Amended Contract Notice; and (b) an Adequate Assurance Objection by the earlier **of one business day following the service of the Amended Contract Notice or the date of the applicable Sale Hearing**; provided, however, that if the earlier date is the applicable Sale Hearing, the Counterparty need not file a written Adequate Assurance Objection and may instead make its Adequate Assurance Objection on the record at the applicable Sale Hearing.

9. The Debtors' assumption and/or assignment of a Contract is subject to approval by the Court and consummation of one or more Sale Transactions. Absent consummation of one or more Sale Transactions and entry of an applicable Sale Order approving the assumption and/or assignment of the Contracts, the Contracts shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtors.

10. The hearing to approve the Sale with respect to any Assets that are not Apple Grove Assets (and any Apple Grove Assets not sold in an earlier Auction and otherwise available to be sold) and any Successful Bid(s) therefor shall take place on March 19, 2018 at 10:00 a.m. (prevailing Eastern Time).

11. Copies of the Motion, the Bidding Procedures Order and the Bidding Procedures may be obtained free of charge at the website dedicated to the Debtors' chapter 11 cases maintained by their claims and noticing agent and administrative advisor, Prime Clerk LLC (http://cases.primeclerk.com/mgusa) (the "Prime Clerk Website"). Copies of these documents are also available for inspection during regular business hours at the Office of the Clerk of the Court, located at 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and may be viewed for a fee on the internet at the Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

Dated: March 12, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Joseph M. Mulvihill*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       joneill@pszjlaw.com
       jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: sgreenberg@jonesday.com
scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-7035
Facsimile: (216) 579-0212
Email: ceblack@jonesday.com

Co-Counsel for the Debtors
and Debtors in Possession