# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| M & G USA CORPORATION, *et al.*, | : | Case No. 17-12307 (BLS) |
| Debtors. | : | (Jointly Administered)<br>Re: Docket Nos. 874, 875 |

**DAK AMERICAS LLC'S MOTION IN LIMINE TO EXCLUDE THE COMMITTEE'S (1) PROFFERED CUSTOM AND PRACTICE EXPERT; (2) PROFFERED SOLVENCY EXPERT; (3) UNTIMELY HEARSAY DECLARATION, AND (4) UNTIMELY PURPORTED NEW THEORY OF RELIEF**

**PLEADING FILED UNDER SEAL PURSUANT TO**
*ORDER APPROVING STIPULATION AND PROTECTIVE ORDER*
**[ENTERED DECEMBER 5, 2017] [ECF NO. 350]**

1. Through this filing, DAK Americas moves to exclude two proffered experts whose opinions do not assist this Court and are largely irrelevant to the issues before the Court.[1] DAK Americas also moves to exclude additional items disclosed for the first time on March 12, 2018—less than two days before the hearing—given the undue prejudice that DAK Americas would suffer if they were allowed.

2. The expert opinions proffered by the Committee do not assist the Court in determining any disputed issues at the lien challenge hearing. First, the opinion ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ should be excluded because (a) it is irrelevant now that the Committee abandoned the preference claim in

---

[1] All capitalized terms not otherwise defined in this motion have the meanings prescribed to them in the *Opposition of DAK Americas LLC to Motion of the Official Committee* (the "**Committee**") *of Unsecured Creditors to Recharacterize, Equitably Subordinate, and Avoid the Liens Secured by the Claim of DAK Americas LLC* (the "**Objection**") [ECF No. 1096]. The Committee's reply to the Objection, footnote 4, abandons all but the recharacterization claim (stating that "the Committee has elected to proceed on its recharacterization theory only, as further specified in its prayer for relief").

its Reply, which was the *only* basis on which the ████████ was proffered, and (b) the new legal theory in the Reply asserted by the Committee to avoid DAK America's liens, constructive fraudulent transfer, was not (i) raised by the Committee in the Motion and thus not briefed by DAK Americas in its opposition, and (ii) was not the subject of any discovery between the parties.² This eleventh hour gamesmanship to change legal theories now that the facts have shown that the Committee's original claims were without any basis in fact is wholly unjustified and would result in significant prejudice to DAK Americas.

3. ████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
██████████

4. ████████████████████████████████
████████████████████████████████████
████████████████████   ██████████████
████████████████████████████████████
███████████████████████████████████

5. For the reasons explained in this motion (the "**Motion**"), there is, at best, little probative value of the Expert Opinions for purposes of the upcoming hearing, they will not

---

² *See generally, Reply in Further Support of the Motion to Recharacterize, Equitably Subordinate, and Avoid the Liens Securing the Claims of DAK Americas LLC*, filed under seal on March 12, 2018 (the "**Reply**") [ECF No. 1131].

(and cannot) assist the Court in understanding or determining a disputed issue, and DAK Americas will suffer significant prejudice if the Declaration or new theories of relief are considered by this Court. Therefore, the Motion should be granted.

## JURISDICTION & VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The predicates for the relief requested in this Motion are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9017, and Federal Rules 401, 402, 403 and 702.

## BRIEF BACKGROUND[3]

9. Prior to these chapter 11 proceedings, beginning in 2011, MGI and M&G began discussions with GPT regarding M&G's plan to construct, own, and operate the Corpus Christi Plant. The parties' arms-length negotiations ultimately developed into signed agreements, including, among others: (a) the Umbrella Agreement; (b) the CRA; (c) the CRA Supplement; and (d) the Tolling Agreement (collectively, the "**DAK Agreements**").

10. Pursuant to the DAK Agreements, DAK Americas contracted for and paid $435 million in Upfront Amounts to purchase future PET production from M&G at the Corpus Christi Plant for an agreed term.[4] As DAK Americas has explained in detail in its Objection, pursuant to the terms of the Umbrella Agreement and the DAK Agreements, the share pledge

---

[3] In an attempt to be as concise as possible, the background provided in this Motion is provided for certain context, recognizing this Court is fully aware of the facts surrounding the lien challenge. Additional background and supporting materials regarding DAK Americas' secured claims and second lien is contained in the Objection and the supporting declaration of Christopher M. López ("**López Decl.**") [ECF No. 1098]. The Objection and López Decl., including all arguments and evidence contained in same, are fully incorporated in this Motion by reference.

[4] *See Declaration of Alexander B. Lees in Support of the Motion of the Official Committee of Unsecured Creditors to Recharacterize, Equitably Subordinate, and Avoid the Liens Securing the Claims of DAK Americas LLC* [ECF No. 875] (the "**Lees Decl.**"), Ex. B, at 1–2; Ex. J, at §§ 1.01, 2.01, and 3.01; *and* Ex. VV, at §§ 3.01, 3.02.

securing DAK Americas' contractual rights to the Capacity Reservation was replaced by a Second Lien on December 23, 2016.[5]

11. Pursuant to the Final DIP Order,[6] the Committee had until February 1, 2018, to challenge DAK Americas' lien. On February 1, 2018, the Committee filed its motion seeking to (i) recharacterize or (ii) equitably subordinate DAK Americas' claims against M&G Resins as equity and/or (iii) avoid DAK Americas' Second Lien as a preferential transfer because they alleged that DAK Americas was a non-statutory insider (the "**Lien Challenge**").[7] DAK Americas responded to the Lien Challenge and filed its Objection on March 7, 2018. The parties completed expedited discovery, including all depositions, that week.

12. On Saturday, March 10, after the conclusion of discovery, the Committee referenced and produced (for the first time) a document, ████████████████████
████████████████████████████████████████████████████████████████
███████████████.[8]

13. Yesterday, March 12, the Committee filed its Reply, through which the Committee has "elected to proceed on its recharacterization claim only," yet it refers to, in passing, pages later (and for the first time), a potential fraudulent conveyance claim.[9] █
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████[10]

---

[5] *Id.* at Ex. BB.
[6] *See* Final DIP Order [ECF No. 479].
[7] Lien Challenge [ECF No. 874] at ███
[8] ████████████████████████████████████████████████████████████████
[9] *See* Reply at ¶¶ 10 n.4 and 51.
[10] ████████████████████████████████████████████████████████████████


14. The Lien Challenge Hearing is set for March 14, 2018 (the "**Hearing**").

**KEY ISSUES IN DISPUTE AND PROFFERED EXPERT OPINIONS**

15. A majority of the Committee's Lien Challenge relies on two primary arguments: (1) DAK Americas' Upfront Amounts were *de facto* equity, not debt; and (2) as a matter of economic reality, DAK Americas' investment was "a partnership or joint venture between DAK Americas and M&G in all material respects."[11] The evidence produced (*i.e.*, both the documents governing the relationship and the deposition testimony) by the Debtors and DAK Americas negates both of these contentions by the Committee.

16. By way of example, ▮▮▮▮▮▮▮▮▮▮▮▮ (1) DAK Americas' payments were not equity;[12] and (2) DAK Americas was not a partner or joint venture in the Corpus Christi Plant.[13] Additional documentation produced by the Debtors and DAK Americas confirms the same.[14]

A. ▮▮▮▮▮▮▮▮▮▮▮▮

17. Contrary to the key evidence and testimony, ▮▮▮▮▮▮▮▮▮▮▮▮

---

[11] *See, e.g.*, Lien Challenge [ECF No. 874] at ¶¶ 1–2.
[12] López Decl., ECF No. 1098, Ex. 1, at ▮▮▮▮▮▮ ; and ▮▮▮▮▮▮ .
[13] ▮▮▮▮▮▮▮▮▮▮▮▮
[14] *See, e.g.*, López Decl., ECF No. 1098, Exs. 26, 30, 34. ▮▮▮▮▮▮



---

[15] *See infra* ¶ 17.
[16] *See, e.g.*, Lien Challenge [ECF No. 874] at ¶¶ 4, 98.
[17]
[18]
[19]
[20]
[21]





█████████████████████████████████████████
████████████████████████████████[30]

    **B.** █████████████████████

21. Incorrectly acting as though DAK Americas is some partner, joint venture, or "insider" of the Debtors, the Committee sought to avoid DAK Americas' Second Lien as an "avoidable preferential transfer" in its Lien Challenge.[31] The Committee previously contended that ████████████████████████████████████████████████████████████████ ██████████████████████████[32] Now, however, after recognizing that there is no factual basis for its alleged preference claim, the Committee has abandoned that claim and stated in its Reply that it proceeds only on its recharacterization claim, making the insolvency issues irrelevant to issues raised in the Lien Challenge.[33]

22. Notwithstanding this representation in its Reply, ████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████[34]

## ARGUMENT

23. Under the Federal Rules, made applicable to these proceedings by Bankruptcy Rule 9017, a bankruptcy court has the discretion to exclude evidence that is not

---

[30] ███████████████████████████████████████████
[31] Lien Challenge [ECF No. 874] at ¶¶ 120–23.
[32] ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
[33] ████████████████████████████
[34] *See id.*

relevant to a fact in issue in the case. FED. R. EVID. 401, 402. In addition, even if relevant, a bankruptcy court has the discretion under Federal Rule 403 to exclude evidence if "its probative value is substantially outweighed . . . by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

24. Courts apply these relevance principles to expert evidence under Federal Rule 702 and *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). Specifically, the "relevance prong under *Daubert* means that the evidence will assist the trier of fact to understand or determine a fact in issue." *Henricksen v. Conocophillips Co.*, 605 F. Supp. 2d 1142, 1154 (E.D. Wash. 2009) (citing *Daubert*, 509 U.S. at 591–92). The party proffering the expert opinion ***must*** demonstrate a valid connection between the evidence and a fact in issue in the case. *Daubert*, 509 U.S. at 591. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id.* (internal quotation omitted).

25. Acting as gatekeeper, the bankruptcy court examines whether the proffered testimony is "'sufficiently tied to the facts of the case that it will aid the [fact-finder] in resolving a factual dispute.'" *Id.* (quoting *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985)).

26. Because the Committee is no longer advancing its preference claim, evidence concerning M&G Resins' solvency has no bearing on the factual (or legal) issues properly before the Court at the Hearing. Moreover, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

I. ███████████████████████████████████████

27. ███████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████

28. As explained above, the Committee states in its Reply filed only yesterday that it is electing to forgo all claims against DAK Americas *except* its recharacterization claim.[35]
███████████████████████████████████████
███████████████████████████████████████
██████████████████████[36]█████████████
███████████████████████████████████████

29. █████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

---

[35] Reply [ECF No. 1131] at ¶ 10, n.4.
[36] ████████████████

███████████████████████████
███████████████████

30. As the Court is aware, the Committee did not refer, in any way, to a purported fraudulent conveyance claim in its Lien Challenge. Instead, it raises this new purported theory for relief for the first time in its Reply[37] notwithstanding that the parties agreed upon a highly-expedited discovery and briefing schedule and have completed all fact and witness discovery related to the Lien Challenge. The Committee knew for almost two full months that it had a February 1, 2018 deadline to file its challenge. What it filed on February 1, 2018, made no mention of a fraudulent conveyance claim.

31. Now, the Committee seeks to introduce the new claim on the eve of the Hearing. This new, purported claim was not, in any way, explored by any parties given that it was not placed in issue by the Lien Challenge. If the Committee had disclosed this argument earlier, DAK Americas would have, among other things, (a) provided its own expert on reasonable equivalent value, (b) taken different discovery, including additional or different questioning during the Szlezinger Deposition, and (c) briefed why a constructive fraudulent transfer claim has no basis in law or fact.

32. Indeed, it seems that the only possible explanation for this belated assertion of a new legal theory was to improperly hide the argument until DAK Americas had no opportunity to prepare a meaningful response. This gamesmanship should not be tolerated by the Court █████████████████████████████

█████████████████████████████████

---

[37] *See* Reply [ECF No. 1131] at ¶ 51.

II. ███████████████████████████████████████

33. The Committee's ████████████████████████ ███ and any analyses or testimony related to same, should be excluded because it: (1) is legally and factually irrelevant to the issues surrounding DAK Americas' secured claims and Second Lien; and (2) fails to assist a trier of fact in understanding or determining a fact in issue.

A. ████████████████████████████████

34. As explained above, Federal Rule 702 requires an expert's opinion to assist the trier of fact in understanding or determining some fact in issue to be admissible and the party offering the expert opinion *must* demonstrate a valid connection between the evidence offered and a fact at issue in the case. FED. R. EVID. 702(a); *Daubert*, 509 U.S. at 591; *In re Nellson Nutraceutical, Inc.*, 356 B.R. at 373.

35. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

---

38 ████████████████████████
39 ███████████████
40 ██████████
41 ████████

███████████████████████ ████████████████████████████████

████████████████████

36. To understand and determine the fact at issue—*i.e.*, the nature of the Upfront Amounts—the Court need not look any further than the actual documents. As for the parties to the transaction, both DAK Americas and M&G state that the Upfront Amounts were not equity contributions.[44] ████████████████████████████████ ████████████████████████████████████[45] Thus, a conclusory, contradictory, and unsubstantiated opinion from a ██████████ adds nothing but noise and should be excluded. FED. R. EVID. 702(a); *Daubert*, 509 U.S. at 591; *In re Nellson Nutraceutical, Inc.*, 356 B.R. at 373.

B. ████████████████████████████████████████████████

37. A court should also exclude expert testimony if it is not based on sufficient facts or data or if it has not been reliably applied to the facts of the case. *See* FED. R. EVID. 702(b), (d). Thus, opinions based on conclusory observations will be excluded. *See SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, No. 04-1199-SLR, 2011 WL 5166436, at *4 (D. Del. 2011); *see also, e.g.*, *Ollier*, 768 F.3d at 860–61; *In re CSI Enterprises, Inc.*, 220 B.R. at 696. Similarly, an opinion that fails to consider all relevant facts in reaching its conclusions will be inadmissible on relevance grounds. *See In re Nellson Nutraceutical, Inc.*, 356 B.R. at 373; *see also Neb.*

---

43 ████████████████████████████████
44 ████████████████████████████████████████████████████████
45 ████████████████████

*Plastics, Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 416–17 (8th Cir. 2005); *Guillory*, 95 F.3d at 1331.

38. █████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
█████████████████████

III. ███████████████████████████████████

39. The Federal Rules define hearsay as a statement made by a person out of court that "a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801. Such purported evidence is not admissible unless it falls under a clear exception under the Federal Rules. FED. R. EVID. 802. ████████████████
████████████████████████

40. Moreover, as explained above, ████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

---

46 ████████████████████████
47 ████████████████████████████████
48 ████████████████████████████████████
49 ███

███████████████████████████████████████

████████████████

      41. ████████████████████████████████████

███████████████████████████████████████

████████████████████████[50] ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

### CONCLUSION AND PRAYER

    For all of the foregoing reasons, DAK Americas respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, ████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████

---

[50] ████████████

Dated: March 13, 2018
Wilmington, DE

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Curtis S. Miller*
Curtis S. Miller (Del. Bar No. 4583)
1201 North Market St., 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
cmiller@mnat.com

**-and-**

**WEIL, GOTSHAL & MANGES LLP**

Alfredo R. Pérez
Christopher M. López
700 Louisiana, Suite 1700
Houston, TX 77002-2755
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
alfredo.perez@weil.com
chris.lopez@weil.com

**-and-**

Paul R. Genender
Amanda Pennington Prugh
200 Crescent Court, Suite 300
Dallas, TX 75201
Telephone: (214) 746-7787
Facsimile: (214) 746-7777
paul.genender@weil.com
amanda.prugh@weil.com

**-and-**

Edward Soto
Lauren Alexander
1395 Brickell Ave., Ste. 1200
Miami, FL 33131
Telephone: (305) 577-3100
edward.soto@weil.com
lauren.alexander@weil.com

*Counsel for DAK Americas LLC*