IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: D.I.** 1144, 1145 |

**DAK AMERICAS LLC'S MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 102(1) AND 105, FED. BANKR. R. 9006 AND D. DEL. LOCAL R. BANKR. P. 9006-1(e) SHORTENING NOTICE RELATING TO DAK AMERICAS LLC'S MOTION IN LIMINE TO EXCLUDE THE COMMITTEE'S (1) PROFFERED CUSTOM AND PRACTICE EXPERT; (2) PROFFERED SOLVENCY EXPERT; (3) UNTIMELY HEARSAY DECLARATION, AND (4) UNTIMELY PURPORTED NEW THEORY OF RELIEF**

DAK Americas LLC and all related affiliates ("**DAK Americas**") hereby move this Court (the "**Motion to Shorten**") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), shortening notice to allow *DAK Americas LLC's Motion in Limine to Exclude the Committee's (1) Proffered Custom and Practice Expert; (2) Proffered Solvency Expert; (3) Untimely Hearsay Declaration, and (4) Untimely Purported New Theory of Relief* (the

---
[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208) (collectively, the "**Debtors**"). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

"**Motion**")[2] (D.I. \_\_\_) to be considered at the hearing scheduled for March 14, 2018, at 10:00 a.m. (ET) (the "**Hearing**"). In support of this Motion to Shorten, DAK Americas respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion to Shorten is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 102(1) and 105 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

## BACKGROUND

4. On October 24, 2017, M&G Polymers USA LLC filed a voluntary case under chapter 11 of the Bankruptcy Code. On October 30, 2017, each of the remaining Debtors, including M&G Resins, commenced a voluntary case under chapter 11 of the Bankruptcy Code.

5. On December 14, 2017, the Court entered the *Final Order Granting Debtors' Motion to (1) Authorize Certain Debtors in Possession To Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363 and 364; (2) Grant Liens and Superpriority Administrative Expense Claims to DIP Lender Pursuant to §§ 364 and 507; (3) Provide Adequate Protection to the Pre-Petition First Lien Lender and the Pre-Petition Second Lien Secured Party; (4) Modify Automatic Stay Pursuant to 11 U.S.C. §§ 361, 632, 363, 364 and 507; and (5) Granting Related Relief* (D.I. 479) (the "**Final DIP Order**") approving a DIP Loan pursuant to various approved documents. Under the Final DIP Order, the Official Committee of

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Unsecured Creditors (the "**Committee**") was granted automatic standing to bring challenges to the claims and liens of, among others, DAK Americas.

6. Also on December 14, 2017, the Debtors filed the *Notice of Sale, Bid Procedures, Auction, Sale Objection, Sale Hearing and Other Deadlines Related Thereto* (D.I. 493) and noticed an auction of all of the Debtors' assets, other than the Debtors' assets at Apple Grove, West Virginia (the "**Auction**"), for March 8, 2018 at 10:00 a.m., and a hearing to approve any sale (the "**Sale Hearing**") for March 14, 2018, at 10:00 a.m.

7. On February 1, 2018, the Committee commenced a challenge to DAK Americas' asserted claims and liens by filing the *Motion of the Official Committee of Unsecured Creditors to Recharacterize, Equitably Subordinate, and Avoid the Liens Securing the Claims of DAK Americas LLC* (D.I. 874) (the "**Challenge Motion**"). The Challenge Motion was originally scheduled for March 1, 2018, at 10:30 a.m.

8. Since the filing of the Challenge Motion, over a month ago, the Committee, the Debtors and DAK Americas have been producing thousands of documents and engaging in other extensive fact and expert discovery.

9. On February 21, 2018, in connection with the Challenge Motion, the Committee produced the 31-page report of Mr. Leon Szlezinger ("**Szlezinger**") of Jefferies LLC ("**Jefferies**"), and as amended on February 24, 2018 (the "**Szlezinger Report**") and made Mr. Szlezinger available for deposition on February 27, 2018 (the "**Szlezinger Deposition**"). The Szlezinger Report was submitted by the Committee in support of the Committee's argument that DAK Americas' liens were avoidable as preferential transfers, which the Committee affirmatively abandoned in its *Reply in Further Support of the Motion to Recharacterize,*

3

*Equitably Subordinate, and Avoid the Liens Securing the Claims of DAK Americas LLC,* filed under seal on March 12, 2018 (D.I. 1131) (the "**Reply**"). Reply, ¶ 10 n.4.

10. Moreover, in the Reply, the Committee asserts, for the first time – *and only two days prior to the hearing* – the new legal theory that DAK Americas' liens are avoidable as a constructive fraudulent transfer. The Committee did not make this argument in the Motion, the parties did not engage in any discovery on this claim, and the Committee did not advise DAK Americas that it intended to rely on this new theory until a meet and confer between the parties at 6:30 p.m. on March 12, 2018.

11. On February 23, 2018, DAK Americas filed and served the *Notice of Service of Discovery* (D.I. 1031) in connection with the *Notice of Deposition of Nina Eshoo* and the *Notice of Deposition Leon Szlezinger*.

12. On February 28, 2018, in connection with the Challenge Motion, the Committee produced the report of Ms. Nina Eshoo ("**Eshoo**") of Saltbox Partners LLC on February 28, 2018 (the "**Eshoo Report**"), one day after the Committee's agreed expert report deadline and made Ms. Eshoo available for deposition on March 5, 2018 (the "**Eshoo Deposition**").

13. Yesterday, March 12, 2018, the Committee provided DAK Americas with the declaration of Weibin Xin (the "**Declaration**"), a previously unknown and unavailable witness not previously identified, in support of one of the Committee's untimely proposed exhibits.

14. As noted in the accompanying Motion, DAK Americas seeks to exclude (a) the irrelevant and unduly prejudicial expert testimony of Szlezinger and the Szlezinger Report; (b) the irrelevant and conclusory testimony of Eshoo and the Eshoo Report, and any use

of the Szlezinger Deposition and Eshoo Deposition from the Hearing on the Challenge Motion; (c) the untimely Declaration provided yesterday; and (d) the untimely and prejudicial new allegation found in the Reply.

## RELIEF REQUESTED

15. By this Motion to Shorten, DAK Americas respectfully requests that the Court enter an order, substantially in the form of **Exhibit A** attached hereto, (i) shortening notice with respect to the Motion; (ii) scheduling the Motion to be heard at the Hearing; (iii) requiring objections, if any, to the Motion to be filed at or before the Hearing; and (iv) granting such other relief as may be just and proper.

## BASIS FOR RELIEF REQUESTED

16. Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

17. DAK Americas respectfully submits that allowing the relief requested in the Motion to be considered on an expedited basis is reasonable and appropriate under the circumstances. As set forth above and more fully in the Motion, the Committee asserts a new legal theory for avoidance of DAK Americas' liens in its Reply that were not set forth in the Motion nor the subject of discovery between the parties. Moreover, discovery in these bankruptcy cases was extremely expedited, with expert depositions only being completed within the last week and with a new Declaration coming to light only on March 12th. With the Challenge Motion scheduled to go forward at the Hearing on March 14th, it is only proper that the Motion, which details DAK Americas' objections to the expert testimony of Szlezinger and Eshoo, the Szlezinger Report and the Eshoo Report, and any use of the Szlezinger Deposition

and Eshoo Deposition, be heard at the same time. In fact, consideration of the Motion concurrently with the Hearing on the Challenge Motion is integral to the Court's adjudication of the Challenge Motion, as it will be necessary for the Court, in adjudicating the Challenge Motion, to consider (a) whether the Committee may assert a new legal theory two days prior to the Hearing, and (b) the evidentiary issues raised in the Motion.

18. Additionally, DAK Americas submits that expediting consideration of the Motion will in no way prejudice the Committee and only serves to promote judicial economy because consideration of objections to evidence (like the Motion) are ordinarily properly saved until the Hearing under this Court's procedures. Making the objection before the Hearing (which is the effect of the Motion) simply serves to (a) aid the Court in understanding DAK Americas' complete arguments in writing and (b) afford the Committee more than sufficient time to react and respond to DAK Americas' evidentiary and procedural objections (and certainly more time to respond than if DAK Americas reserved its objection to the improper evidence and procedures until the Hearing was underway).

19. For these reasons, DAK Americas respectfully submits that allowing the Motion to be considered on shortened notice is reasonable and appropriate under the circumstances.

**NOTICE**

20. Notice of the Motion to Shorten has been provided to: (i) the Debtors; (ii) the Committee; (iii) the Office of the United States Trustee for the District of Delaware; and (iv) those parties who have filed a notice of appearance in these chapter 11 cases. In light of the nature of the relief requested herein, DAK Americas submits that no other or further notice is required.

## CONCLUSION

WHEREFORE, DAK Americas respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) shortening notice with respect to the Motion to exclude (a) the irrelevant and unduly prejudicial expert testimony of Szlezinger and the Szlezinger Report; (b) the irrelevant and conclusory testimony of Eshoo and the Eshoo Report, and any use of the Szlezinger Deposition and Eshoo Deposition from the Hearing on the Challenge Motion; (c) the untimely Declaration provided yesterday; and (d) the untimely and prejudicial new allegation found in the Reply; (ii) scheduling the Motion to be heard at the Hearing; (iii) requiring objections, if any, to the Motion to be filed and served at or before the Hearing; and (iv) granting such other relief as may be just and proper.

Dated: March 13, 2018
      Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Curtis S. Miller*
Curtis S. Miller (Del. Bar No. 4583)
1201 North Market St., 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
cmiller@mnat.com

**-and-**

**WEIL, GOTSHAL & MANGES LLP**

Alfredo R. Pérez
Christopher M. López
700 Louisiana, Suite 1700
Houston, TX 77002-2755
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
alfredo.perez@weil.com
chris.lopez@weil.com

**-and-**

Paul R. Genender
Amanda Pennington Prugh
200 Crescent Court, Suite 300
Dallas, TX 75201
Telephone: (214) 746-7787
Facsimile: (214) 746-7777
paul.genender@weil.com
amanda.prugh@weil.com

**-and-**

Edward Soto
Lauren Alexander
1395 Brickell Ave., Ste. 1200
Miami, FL 33131
Telephone: (305) 577-3100
edward.soto@weil.com
lauren.alexander@weil.com

*Counsel for DAK Americas LLC*