## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>M & G USA CORPORATION, *et al.*,<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 17-12307 (BLS)<br>)<br>) Jointly Administered<br>)<br>) **Related to Docket No. 1144** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DAK AMERICAS LLC'S MOTION IN LIMINE TO EXCLUDE COMMITTEE'S (1) PROFFERED CUSTOM AND PRACTICE EXPERT; (2) PROFFERED SOLVENCY EXPERT; (3) UNTIMELY HEARSAY DECLARATION; AND (4) UNTIMELY PURPORTED NEW THEORY OF RELIEF**

The Official Committee of Unsecured Creditors of M & G USA Corporation, *et al.* (the "**Committee**"), submits this objection to DAK Americas LLC's ("**DAK**") Motion in Limine to Exclude Committee's (1) Proffered Custom and Practice Expert; (2) Proffered Solvency Expert; (3) Untimely Hearsay Declaration; and (4) Untimely Purported New Theory of Relief [Dkt No. 1144] (the "**Motion in Limine**") and, in support thereof, respectfully states as follows:[1]

## ARGUMENT

1. The Motion in Limine is a last minute attempt to keep from the Court key evidence that will assist the finder of fact in determining the central issue in this case: whether DAK purported secured claim against the Debtors should be recharacterized as an equity interest. The motion should be denied for the following reasons.

---

[1] Capitalized terms that are not defined herein have the meanings ascribed to them in the Motion in Limine.

### A. The Expert Testimony of Nina Eshoo Will Assist The Court, and DAK's Arguments Go Merely to Weight.

2. Inasmuch as DAK's motion seeks to exclude the testimony Nina Eshoo, it is untimely. The motion was filed shortly before 10:00 a.m. on the day before the hearing. The Committee was given no notice that an in limine motion would be filed, and now has had mere hours to compile a response. While the Committee recognizes that this litigation has been moving exceptionally quickly, DAK's last minute litigation tactic is unwarranted. DAK received Ms. Eshoo's expert report weeks ago, on February 27, 2018, and took Ms. Eshoo's deposition on March 5, 2018. DAK had the opportunity to present a rebuttal witness under the parties' long-established scheduling agreement, but elected not to do so. In the meantime, the parties have engaged in multiple discussions concerning trial procedures, during which DAK made no mention of in limine motions. DAK likewise filed its opposition brief on March 7, and made no mention of a potential in limine motion. Under these circumstances, it is unfair for DAK to present the Committee with less than 24 hours' notice of its intent to exclude Ms. Eshoo's testimony.

3. Regardless of the timeliness issue, DAK's efforts to exclude Ms. Eshoo's testimony should be rejected. As explained in the Committee's Reply, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

       4.       The Committee relies on these opinions primarily to address the *Autostyle* recharacterization factors concerning undercapitalization and whether other reasonable lenders would provide capital on the same terms, as explained in its Reply. *In re Autostyle Plastics, Inc.*, 269 F.3d 726, 749-750 (6th Cir. 2001); *accord, e.g.*, *In re Shubh Hotels Pittsburgh, LLC*, 476 B.R. at 188 (finding numerous *AutoStyle* factors weighed in favor of recharacterizing as equity). *See* Reply at Part II.D-E. ████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████

       5.       ██████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████ But such an argument does not affect admissibility.

6. █████████████████████████████████

████████████████████████████████

█████████████████████████████████

█████████████████████████████████

█████████████████████████████████

█████████████████████████████████

█████████████████████████████████

████████████████████████████████

█████████████████████████████████

█████████████████████████████████

█████████████████████████████████

█████████████████████████████ In any event, DAK's arguments once again go to the weight of Ms. Eshoo's testimony. They do not affect admissibility.

7. DAK also asserts, █████████████████████████

█████████████████████████████████

█████████████████████████████████

████████████████████████████

---

[2] █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

8.   ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████

9.   ████████████████████████████████

████████████████████████████████████████████

---

[3] ████████████████████████████████████████████████
████████████████████████████████████████████████
████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████.

**B.	The Insolvency of M&G Resins was Pleaded in the Motion
and DAK Will Not Be Prejudiced by Trying the Issue.**

   10.  In seeking to exclude the expert testimony of Leon Szlezinger, DAK misconstrues the Committee's arguments. ███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████.

   11.  In response to the challenge motion, however, DAK relied heavily on the existence of a lien to argue that its investment has debt characteristics and should not be recharacterized.  The Committee, in its reply, answered this argument by pointing out that the lien should not be given any weight in the recharacterization analysis. ████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

6

███████████████████████████████████████ Therefore, the Committee argues, the existence of the lien should not bear on the recharacterization analysis.

12. The Committee's theory is purely responsive to the evidence and arguments that have emerged since it filed its motion, and it is entirely embedded within the recharacterization issue. ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████.

13. ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████ "The federal rules do not contemplate that parties will amend their pleadings to reflect new information obtained in the discovery process." *Ash v. Wallenmeyer*, 879 F.2d 272, 274 (7th Cir. 1989) (Posner, J.) (entirety of fraudulent scheme, not just portions alleged in complaint, could be presented at trial). Even if an amendment were required, DAK fails to address the principles underlying Rule 15(b)(1). That rule was enacted to

eliminate former practice where "the pleadings completely controlled the subsequent phases of the litigation." 6A Wright & Miller, *Federal Practice and Procedure* § 1491 (3d ed. updated 2016). It provides that "if, at trial, a party objects that evidence is not within the issues raised in the pleadings," the Court "should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed. R. Civ. P. 15(b)(1).

14. To carry its burden, DAK must show that it will be "put to some serious disadvantage." *6A Wright & Miller* § 1495 (emphasis added); *accord, e.g.*, *Johnson v. Geico Cas. Co.*, 673 F. Supp. 2d 244, 251 (D. Del. 2009). There is absolutely no basis for such a showing by DAK here, and DAK does not even attempt to meet this burden in the Motion in Limine. On an expedited basis, the parties have been vigorously taking discovery on the very issue that DAK now seeks to eliminate from the trial. *See, e.g., Hernandez v. Goord*, 2014 WL 4058662, at *3 (S.D.N.Y. Aug. 14, 2014) (defendant "had ample advance notice" of evidence through discovery and motion practice); *Bob Willow Motors, Inc. v. Gen. Motors Corp.*, 872 F.2d 788, 792 (7th Cir. 1989) ("Here, GM was made aware of the unconscionability claim by Willow's detailed pleadings *or by its own exhaustive discovery*.").

15. Nor can DAK show prejudice simply because the Committee has asserted an additional legal argument to support its longstanding claim of recharacterization (*i.e.*, the argument that fraudulent transfer law precludes DAK from relying on the lien to defend against recharacterization). *E.g.*, *N.Y. State Elec. & Gas Corp. v. Sec'y of Labor*, 88 F.3d 98, 104 (2d Cir. 1996) ("[A] party cannot normally show that it suffered prejudice simply because of a change in its opponent's legal theory."); *Blatt v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 916 F. Supp. 1343, 1351 (D.N.J. 1996) ("The fact that an amendment changes the legal theory on

which the action was initially brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading.") (quoting 6A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1497, at 94–99 (2d ed. 1990)); *Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended [pleadings] state claims that are tied to a common core of operative facts, relation back will be in order.").

**C.     The Declaration of Weibin Xin Is Admissible.**

16.     The Committee seeks to offer into evidence an investment committee memorandum (the "**ICBC Memorandum**") from the files of ICBC, one of the lenders to M&G Resins. ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████

17.     DAK's principal basis for seeking to exclude this obviously relevant information is Fed R. Evid. 802.  But DAK fails to grapple with the business records exception of Fed. R. Evid. 803(6), which allows the admission of records of regularly conducted business if:

- The record was made at or near the time by someone with knowledge;
- The record was kept in the ordinary course of a regularly conducted activity of a business; and
- Making the record was regular practice of that activity.

F.R.E. 803(6)(a-c).  The rule goes on to say that these factors may be established by "by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification."

███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████

19. DAK's only remaining response is that the declaration was untimely. It was not. Courts have permitted business records declarations to be submitted mere days before trial. *See, e.g.*, *United States v. Daniels*, 723 F.3d 562, 580–581 (5th Cir. 2013) (finding that three days' notice was sufficient to investigate and, if necessary, challenge accuracy and relevancy of custodian's written declaration). And in any event, DAK offers no explanation of how it actually has been prejudiced; it merely makes conclusory and shrill assertions. DAK does not explain how, if at all, it would have conducted itself differently at trial, or how it would have challenged the accuracy or relevance of Mr. Xin's statements in the declaration.

20. DAK well knows that ICBC is a Chinese organization, beyond the subpoena power of the court; it therefore cannot explain how it would have compelled the declarant to sit for deposition in a Delaware-based proceeding. Nor does DAK explain how the contents of the declaration itself have prejudiced it, or what a deposition of the declarant could have accomplished. The declaration merely contains bland assertions about ICBC's business practices to support a business records exception to the hearsay rule.

21. ████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████ The Federal Rules allow the memorandum to be admitted, over a hearsay objection, if the business records exception is satisfied; and the Rules

also allow the business record exception to be proved by declaration.  There is no absolute guaranty of a right to depose the custodian of the record about its substantive contents.

[Concluded on following page]

# CONCLUSION

WHEREFORE, for the reasons discussed herein, the Committee respectfully requests that the Court (a) deny the Motion in Limine in its entirety, and (b) grant the Committee such other and further relief as is just and proper.

Dated: Wilmington, Delaware
       March 13, 2018

**COLE SCHOTZ P.C.**

By: */s/ David R. Hurst*
J. Kate Stickles (No. 2917)
David R. Hurst (No. 3743)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
kstickles@coleschotz.com
dhurst@coleschotz.com

- and -

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**
Dennis F. Dunne
Abhilash M. Raval
Alan J. Stone (No. 2677)
Lauren C. Doyle
Alexander B. Lees
28 Liberty Street
New York, New York 10005-1413
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
ddunne@milbank.com
araval@milbank.com
astone@milbank.com
ldoyle@milbank.com
alees@milbank.com

*Counsel to Official Committee of Unsecured Creditors of M & G USA Corporation, et al.*