**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| M & G USA CORPORATION, *et al.*,[1] | ) | Case No. 17-12307 (BLS) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing date: March 23, 2018 at 9:30 a.m. (ET)** |
| Debtors. | ) | **Obj. deadline: March 16, 2018 at 4:00 p.m. (ET)** |
| | ) | |
| | ) | **Re: D.I. 1075** |

### OBJECTION BY AC PLASTIQUES TO DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING A LIENHOLDER CLAIMS RESERVE AND GRANTING RELATED RELIEF

AC Plastiques U.S.A., LLC ("Plastiques"), by and through its undersigned counsel, hereby objects to the *Debtors' Motion for Entry of an Order Establishing a Lienholder Claims Reserve and Granting Related Relief* (the "Motion") [D.I. 1075; filed 3/2/18], and respectfully submits the following:

### Relevant Background

1.     Pursuant to a contract with Integrity Mechanical Specialists, LLC, Plastiques provided labor and material (generally consisting of fiber glass reinforced plastic) to the M&G Resins USA, LLC ("M&G Resins") plant located at 7001 Joe Fulton Corridor, Corpus Christi, Texas (the "Property"). Plastiques is owed and made demand for payment in the amount of $142,529.15 (the "$142,529.15 Claim"). Plastiques entered into a settlement agreement with

---

[1]     The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M & G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à.r.l. (1270), M & G Chemicals, S.A. (1022), M & G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062), and Indo American Investments Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

M&G Resins on or about July 12, 2017. M&G Resins agreed to pay Plastiques in two installments; an initial payment of $30,000 and a final payment of $112,529.15. Although the initial payment was made, M&G Resins failed to pay the final payment of $112,529.15.

2.      The $142,529.15 Claim is secured by a valid statutory and mechanics' and materialman's liens under Texas Property Code § 53.001 *et seq.*, as well as a constitutional lien under Article 16, Section 37 of the Texas Constitution (the Texas Property Code and Texas Constitution referred to as "Texas Lien Law") against the Property. Plastiques duly filed its mechanics' lien under Texas Lien Law and filed a notice pursuant to 11 U.S.C. § 546(b) with the Bankruptcy Court. *See* D.I. 397 and 965.

3.      Pursuant to an agreement with Chemtex International Inc., Plastiques also provided materials (generally described as PVC plastic pipe and fittings) to the Property. Despite due demand, Plastiques is owed an amount not less than $27,279.83 (the "$27,279.83 Claim" and, with the $142,529.15 Claim, the "Secured Claims"). The $27,279.83 Claim also is secured by statutory and constitutional liens under Texas Lien law. Plastiques duly filed its mechanics' lien under Texas Lien Law and filed a §546(b) notice with the Bankruptcy Court with respect to the $27,279.83 Claim. *See* D.I. 800 and 965.

4.      Because the Secured Claims are secured against the Property by valid statutory and constitutional liens under Texas Lien Law, Plastiques expressly reserves the right to increase the amount of the Secured Claims to, through and including the date of payment pursuant to the Bankruptcy Code and Texas Lien Law to assert attorneys' fees and interest as a matter of contract and law ("Attorneys' Fees/Interest"). *See* D.I. 965.

## Objection

5.      The Motion states "[a]s of the Lienholder Bar Date, approximately 229 Lienholder Claims in the aggregate amount of more than $800 million have been asserted against the Debtors

estates ...." Motion at ¶11. The Motion seeks to approve a Lienholder Claims Reserve in the amount of $350,149,728.43 to satisfy in full the aggregate amount of Lienholder claims. If granted, that would be the <u>maximum</u> distributive amount that all Lienholders would receive from the Debtors in these cases. As a corollary, if granted, the Motion effectively disallows approximately $450,000,000 in lienholders' claims.

6. The Motion states "the Debtors have not included specific reserves in the Lienholder Claims Reserve for any liquidated or unliquidated amounts asserted in the Lienholder Claims on account of attorneys' fees and/or interest." Motion at ¶10. The Motion makes no attempt to quantify the aggregate amount of attorneys' fees and interest asserted by the Lienholders either pre- or post-petition.

7. The relief requested by the Motion is robust, premature and procedurally improper. The Lienholder claims that are the subject of the Motion are not contingent and unliquidated tort claims. To the contrary, they are secured mechanic lien claims largely based on contracts with the Debtors capable of being calculated down to the penny. Indeed, M&G Resins is barred from objecting to Plastiques' $142,529.15 Claim because it previously agreed to the legitimacy of that claim by entering into a settlement agreement with Plastiques as to that claim.

8. The relief sought by the Motion, the *de facto* disallowance of $450 million in Lienholder claims and the related request for attorneys' fees and interest, is premature. It is sought before the sale of substantially all of the Debtors' assets has occurred, before the bar date has passed and before a relative lien priority litigation has occurred by and among certain secured creditors, including the various construction Lienholders, Inbursa and DAK. That is a very substantial "estimation" of secured claims on just 21 days' notice outside the procedural safeguards

contained in the claims objection process. Indeed, the underlying contracts are not even before the Court.

9.      Although the "estimation of claims" is a useful tool when it comes to truly contingent or unliquidated claims that need to be addressed to avoid delay in the administration of a case, it is procedurally inappropriate to invoke it here.  Even Rule 3021, relied on in the Motion, states that Rule is properly invoked in connection with distributions made pursuant to a plan.

10.     Plastiques asserts its right to the full principal amount of its previously settled claim.  That amount in no way should be jeopardized by the Motion.  Plastiques also asserts its right to Attorneys' Fees/Interest. This Motion is not the correct procedure to challenge that aspect of the claim.

11.     Plastiques objects to the sale as well to the extent it does not satisfy section 363(f). *See In re Ferris Properties, Inc.,* 2015 WL 4600248 (Bankr. D. Del. July 30, 2015).

### **Reservation of Rights**

12.     Plastiques expressly reserves its right to supplement this objection or join with other objections to the Motion.

**WHEREFORE**, Plastiques requests that the Motion be denied without prejudice as premature, and requests such other and further relief as is just and proper.


Dated:  March 14, 2018                                **Respectfully submitted,**
        Wilmington, Delaware


                                                      **THE ROSNER LAW GROUP LLC**

                                                      By:  /s/*Frederick B. Rosner*
                                                      Frederick B. Rosner (DE #3995)
                                                      Jason A. Gibson (DE #6091)
                                                      824 Market Street, Suite 810

Wilmington, DE  19801
Telephone: 302-777-1111
Email: rosner@teamrosner.com

-and-

Jeffrey G. Tinkham, Of Counsel
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis Street, 20th Floor
Houston, TX 77002
Telephone: 713-632-1700
Email: tinkham@mdjwlaw.com

*Counsel to AC Plastiques U.S.A., LLC*