# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 17-12307 (BLS) |
| M & G USA CORPORATION, *et al.*,[1] | (Jointly Administered) |
| Debtors. | **Objection Deadline: April 5, 2018 at 4:00 p.m. (ET)** |
|  | **Hearing Date: April 25, 2018 at 11:00 a.m. (ET)** |

## SUMMARY OF FIRST INTERIM APPLICATION OF CRAIN CATON & JAMES FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM OCTOBER 31, 2017 THROUGH JANUARY 31, 2018

| | |
|---|---|
| Name of Applicant: | Crain Caton & James |
| Authorized to Provide Professional Services to: | The above-captioned Debtors |
| Period for which compensation and reimbursement are sought: | October 31, 2017 through January 31, 2018 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $464,038.50 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $4,700.90 |
| Petition Date: | October 30, 2017[2] |

---

[1]  The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2]  On October 24, 2017, Debtor M & G Polymers USA, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. All other Debtors commenced their chapter 11 cases on October 30, 2017.

| | |
|---|---|
| Date of Order Approving Retention: | December 7, 2017 *nunc pro tunc* to October 31, 2017 |
| Total Compensation Approved by Interim Order to Date | N/A |
| Total Expenses Approved by Interim Order to Date: | N/A |
| Total Allowed Compensation Paid to Date: | N/A |
| Total Allowed Expenses to Date: | N/A |
| Blended Hourly Rate in this Application for All Attorneys: | $491.25 |
| Blended Hourly Rate in this Application for All Timekeepers: | $429.45 |
| Compensation Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $369,983.00 |
| Expenses Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $4,700.90 |
| Number of Professionals Included in this Application: | 9 |
| Number of Professionals Billing Fewer Than 15 Hours | 3 |

This is a(n): ____monthly    X   interim ___final application

003946/000001
143 - 2793502v1

The total time expended for fee application preparation in the compensation period is approximately 63 hours and the corresponding compensation requested is $17,439.00.

Prior Applications Filed:

| Date / Docket | Month Covered | Fees | Expenses |
|---|---|---|---|
| December 22, 2017 [Docket No. 539] First Monthly Fee Application | October 31, 2017 – November 30, 2017 | $97,938.80 | $40.70 |
| January 18, 2018 [Docket No. 705] Second Monthly Fee Application | December 1, 2017 – December 31, 2017 | $121,062.40 | $2,417.95 |
| February 13, 2018 [Docket No. 958] Third Monthly Fee Application | January 1, 2018 – January 31, 2018 | $156,820.80 | $2,242.25 |
| March 5, 2018 [Docket No. 1084][3] Fourth Monthly Fee Application | February 1, 2018 – February 28, 2018 | $181,285.60 | $618.31 |

---

[3]   *Summary of Fourth Monthly Application of Crain Caton & James for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel to the Debtors for the Period from February 1, 2018 Through February 28, 2018* was filed on March 5, 2018 under Docket No. 1084; however, those fees and expenses filed are not included in this Application.

# SUMMARY OF HOURS AND COMPENSATION BY PROFESSIONAL

| Name | Title/Group | Year | Rate 2017 | Hours 2017 | Total Fees 2017 | Rate 2018 | Hours 2018 | Total Fees 2018 | Total Hours | Total Fees |
|---|---|---|---|---|---|---|---|---|---|---|
| A. Beckham | Shareholder/Commercial and Fiduciary Litigation | 2005 | $405.00 | 14.40 | $5,832.00 | $500.00 | 14.50 | $7,250.00 | 28.90 | $13,082.00 |
| J. Davis | Shareholder/Corporate, Business Transactional and Tax & Real Estate | 2002 | $495.00 | 216.50 | $107,167.50 | $550.00 | 156.20 | $85,910.00 | 372.70 | $193,077.50 |
| C. Kollenberg | Shareholder/Commercial Litigation & Appellate | 1976 | $500.00 | 78.70 | $39,350.00 | $560.00 | 56.70 | $31,752.00 | 135.40 | $71,102.00 |
| A. Kotch | Shareholder/Real Estate, Corporate, Business, Transactions | 1981 | $450.00 | 23.10 | $10,395.00 | $500.00 | 7.10 | $3,550.00 | 30.20 | $13,945.00 |
| P. Smart | Shareholder/Appellate, Bankruptcy and Creditor Rights, Commercial Litigation | 1992 | $450.00 | 0.30 | $135.00 | $520.00 | - | - | 0.30 | $135.00 |
| M. Riseden | Shareholder/Commercial Litigation | 2003 | $425.00 | 202.50 | $86,062.50 | $500.00 | 114.70 | $57,350.00 | 317.20 | $143,412.50 |
| | Total | | | 535.50 | $248,942.00 | | 349.20 | $185,812.00 | 884.70 | $434,754.00 |
| D. Polsinelli | Associate/Appellate, Commercial Litigation | 2013 | - | - | - | $380.00 | 1.30 | $494.00 | 1.30 | $494.00 |
| | Total | | | | | | 1.30 | $494.00 | 1.30 | $494.00 |
| M. Hartman | Paralegal/Litigation | - | $165.00 | 149.00 | $24,585.00 | $210.00 | 57.00 | $11,970.00 | 206.00 | $36,555.00 |
| E. Martinez | Paralegal/Litigation | - | $180.00 | 11.40 | $2,052.00 | $220.00 | - | - | 11.40 | $2,052.00 |
| | Total | | | 160.40 | $26,637.00 | | 57.00 | $11,970.00 | 217.40 | $38,607.00 |
| | Total | | | 695.90 | $275,579.00 | | 407.50 | $198,276.00 | 1103.40 | $473,855.00 |

## BLENDED RATE OF PROFESSIONALS - TOTAL

| Professionals | Total Hours | Total Fees | Blended Hourly Rate* |
|---|---|---|---|
| Shareholders | 884.7 | $434,754.00 | $491.41 |
| Associates | 1.3 | $494.00 | $380.00 |
| Paralegals | 217.4 | $38,607.00 | $177.59 |
| **TOTAL** | 1103.4 | $473,855.00 | $429.45 |

*The blended hourly rates do not take into account adjustments made by Crain, Caton & James for the 50% write-off of non-working travel and the agreed to voluntary reduction at the request of the Office of the United States Trustee.

# EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---:|
| Conference Charges | $93.87 |
| Courier Expenses | $245.30 |
| Document Reproduction Charges | $12.80 |
| Federal Express Charges | $96.56 |
| Filing Fees and Related | $14.32 |
| Miscellaneous | $10.00 |
| Travel - Air Fare | $2,821.00 |
| Travel - Food and Beverage Expenses | $40.78 |
| Travel - Hotel Charges | $1,005.80 |
| Travel - Transportation Services | $332.50 |
| Travel - Other Costs | $27.97 |
| **Total** | **$4,700.90** |

** - Food, beverage and entertainment expenses as defined by I.R.C. Sect. 274(n), included in this amount is USD 40.78

# INFORMATION REGARDING PRIOR INTERIM FEE APPLICATIONS

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| Date Filed & Docket No | Period Covered | Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Unpaid | | Date(s) Orders on Interim Compensation or Reimbursement of Expenses |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |

## CUMULATIVE FEE AND EXPENSES TOTALS SINCE CASE INCEPTION

| Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid | | Fees and Expenses Disallowed or Withdrawn | |
|---|---|---|---|---|---|---|---|---|---|
| Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |

- 2 -

| | |
|---|---|
| In re: <br><br> M & G USA CORPORATION, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 17-12307 (BLS) <br><br> (Jointly Administered) <br><br> **Objection Deadline: April 5, 2018 at 4:00 p.m. (ET)** <br> **Hearing Date: April 25, 2018 at 11:00 a.m. (ET)** |

### FIRST INTERIM APPLICATION
### OF CRAIN CATON & JAMES FOR ALLOWANCE OF
### COMPENSATION FOR SERVICES RENDERED AND FOR
### REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS
### FOR THE PERIOD FROM OCTOBER 31, 2017 THROUGH JANUARY 31, 2018

Crain, Caton & James, P.C., special counsel to the above-captioned debtors

(collectively, the "Debtors"), makes its first interim fee application (this "Application") for the

allowance of compensation in the sum of $464,038.50 and reimbursement of expenses in the sum

of $4,700.90 for the period from October 31, 2017 through January 31, 2018 (the "Compensation

Period") in accordance with the *Order Authorizing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals* (Docket No. 308) (the "Interim Compensation

Order"). In support of this Application, Crain Caton & James respectfully represents as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this

matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]     The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

## Background

2.      On October 24, 2017 (the "Polymers Petition Date"), Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) (the "First Day Declaration"), filed on October 31, 2017 and incorporated herein by reference.

## Crain Caton & James's Retention

4.      On November 20, 2017, the Debtors filed the *Application of the Debtors for an Order Authorizing Them to Retain and Employ Crain Caton & James, P.C. as Special Counsel, Nunc Pro Tunc as of the Petition Date* (Docket No. 215) (the "Retention Application"), by which the Debtors sought to retain and employ Crain Caton & James as their special counsel in these Cases. On December 7, 2017, this Court entered the *Order Authorizing the Debtors to Retain and Employ Crain Caton & James as Special Counsel, Nunc Pro Tunc as of the Petition Date* (Docket No. 409) (the "Retention Order"), authorizing the retention of Crain Caton & James as the Debtors' special counsel.

- 2 -

## The Interim Compensation Order

5.      On November 10, 2017, the Debtors filed the *Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 141) (the "Interim Compensation Procedures Motion"), which sought to establish procedures for the compensation and reimbursement of professionals whose retentions are approved by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code on a monthly basis and on terms comparable to the procedures established in other large chapter 11 cases.  On December 1, 2017, this Court entered the Interim Compensation Order, which approved the relief sought in the Interim Compensation Procedures Motion and authorized the implementation of the interim compensation procedures contemplated therein.

6.      In relevant part, the Interim Compensation Order provides that "commencing with the period ending January 31, 2018, at each three-month intervals . . . each of the [p]rofessionals will file with the Court . . . an application pursuant to section 331 of the Bankruptcy Code for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the [p]rofessional" in its monthly fee applications.  Interim Comp. Order., ¶ 2(f).  The Interim Compensation Order further provides that interim fee applications "must be filed on or before the 45th day after the end of the [i]nterim [f]ee [p]eriod . . . for which the application seeks allowance of fees and reimbursement of expenses" and that interim fee applications "must identify the [m]onthly [f]ee [a]pplications that are the subject of the request and any information requested by the Court and the Local Rules." *Id.*

003946/000001
143 - 2793502v1

**Fee Applications**

7.      On December 22, 2017, Crain, Caton & James filed its *First Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period of October 31, 2017 through November 30, 2017* (Docket No. 539) (the "First Application"). Subsequent to filing the first Application, Crain Caton & James agreed to the voluntary reduction of $5,739.00 in fees for services rendered sought in the First Application, at the request of the Office of the United States Trustee.

8.      On January 18, 2018, Crain, Caton & James filed its *Second Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period of December 1, 2017 through December 31, 2017.* (Docket No. 705) (the "Second Application"). No objections were received with respect to the Second Application.

9.      On February 13, 2018, Crain, Caton & James filed its *Third Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period of January 1, 2018 through January 31, 2018.* (Docket No. 958) (the "Third Application"). No objections were received with respect to the Third Application.[2]

## CRAIN CATON & JAMES'S APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Sources

10.     Crain Caton & James has received no payment for services rendered in any capacity in connection with the matters covered by this Application, nor has it received any promises for payment for matters covered by this Application, from any source other than from

---

[2]      *Summary of Fourth Monthly Application of Crain Caton & James for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel to the Debtors for the Period from February 1, 2018 Through February 28, 2018* was filed on March 5, 2018 under Docket No. 1084; however, those fees and expenses filed are not included in this Application.

003946/000001
143 - 2793502v1

the Debtors. There is no agreement or understanding between Crain Caton & James and any other person other than shareholders of Crain Caton & James for the sharing of compensation to be received from the services rendered in these Cases.

**Itemization of Services
Rendered and Disbursements Incurred**

11. Attached hereto as <u>Exhibit A</u> are the time records of Crain Caton & James, which provide a daily summary of the time spent by each Crain Caton & James attorney[3] and paraprofessional[4] during the Compensation Period by project category. The blended hourly billing rate of attorneys for all services provided during the Compensation Period is $491.25.[5] The blended hourly billing rate of paraprofessionals for all services provided during the Compensation Period is $177.59.[6]

12. Attached hereto as <u>Exhibit B</u> is a detailed itemization of expenses for which Crain Caton & James seeks reimbursement. Crain Caton & James maintains the following policies with respect to Expenses:

    (a) No amortization of the cost of any investment, equipment or capital outlay is included in the expenses. In addition, for those items or services that Crain Caton & James purchased from or contracted with a third party (such as outside copy services), Crain Caton & James seeks reimbursement only for the exact amount billed to Crain Caton & James by the third party vendor and paid by Crain Caton & James to the third party vendor.

    (b) Photocopying by Crain Caton & James was charged at 10 cents per page.

---

[3] Attorneys include shareholders and associates, as applicable during the Compensation Period.

[4] Paraprofessionals include paralegals, legal support personnel, project assistants and staff members, as applicable during the Compensation Period.

[5] The blended hourly billing rate of $491.25 for attorneys is derived by dividing the total fees for attorneys of $435,248.00 by the total hours of 886.00 for those same attorneys, not taking into account any discounts for non-working travel.

[6] The blended hourly billing rate of $177.59 for paraprofessionals is derived by dividing the total fees for paraprofessionals of $38,607.00 by the total hours of 217.40 for those same paraprofessionals, not taking into account any discounts for non-working travel.

(c)     Meals charged to the Debtors were associated with out-of-town travel.

(d)     Charges for airline and train travel include the cost of each airline or train ticket used in connection with the provisions of service to the Debtors.

13.     Crain Caton & James believes that the time entries set forth in Exhibit A attached hereto are in compliance with the requirements of Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Total Fees and Expenses**
**Sought for the Compensation Period**

14.     By this Application, Crain, Caton & James requests that the Court approve the final allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Crain, Caton & James from October 31, 2017 through January 31, 2018. The total fees and reimbursement of expenses are summarized in the following chart:

| Total Fees | $464,038.50 |
|---|---|
| Total Disbursements | $4,700.90 |
| **TOTAL** | **$468,739.40** |

**Compensation by Project Category**

15.     The following is a summary of activities performed by Crain, Caton & James during the Compensation Period, organized by billing category. [7]

---

[7]     The summary set forth below is qualified in its entirety by reference to the time and services detailed attached hereto as Exhibit A.

- 6 -

***Case Administration* – 21.1 hours - $9,713.50**

16.     During the Compensation Period, Crain, Caton & James professionals provided the following case administration activities, among others:

- communicating electronically, participating in conference calls, and attending meetings with the Debtors' counsel to coordinate special counsel related activities in these Cases.

- communications with Debtors concerning various corporate related matters in conjunction with the bankruptcies at the request of Debtors' counsel, Jones Day.

***Employment and Fee Applications* – 109.80 hours - $31,305.00[8]**

17.     During the Compensation Period, Crain, Caton and James professionals devoted time to preparing and drafting the First, Second, and Third Monthly Applications. Crain, Caton & James professionals also devoted time at the onset of the Cases to work with Debtors' counsel, Jones Day, on retention matters, including to finalize its *Application of the Debtors to Retain and Employ Crain, Caton & James, P.C. as Special Counsel, Nunc Pro Tunc as of the Petition Date*, and to prepare and finalize its Supplemental Declaration (Docket No. 856).

***Lienholder Claims* – 883.6 hours - $389,275.50**

18.     During the Compensation Period, Crain, Caton & James professionals devoted time to (a) working with the Debtors and their other advisors in strategizing and responding to lienholder related bankruptcy filings, (b) analyzing various lienholder claims and matters, (c) working with lienholders on potential settlements (d) performing and providing lienholder related legal and factual research and advice, as well as (e) addressing other lienholder related issues raised by the Debtors and their other advisors.

---

[8]     Includes the $5,739.00 agreed to voluntary reduction at the request of the Office of the United States Trustee.

003946/000001
143 - 2793502v1

*Litigation/Arbitrations* – **45.2 - $16,298.00**

19.     During the Compensation Period, Crain, Caton & James professionals devoted time and effort preparing and filing various notices of bankruptcy in litigation and arbitrations pending outside the Bankruptcy Court and engaging in communication with parties concerning the same.

*Real Estate Agreements and Related Port and Construction Agreements* – **26.1 hours - $13,369.00**

20.     During the Compensation Period, Crain, Caton & James professionals devoted time reviewing and analyzing various real estate, construction, and Port of Corpus Christi related agreements, including working with Debtors and Debtors' other advisors in addressing issues related to the same.

*Non-Working Travel* – **17.6 hours - $8,155.00**

21.     During the Compensation Period, Crain, Caton & James professionals devoted time traveling to and from Delaware for bankruptcy hearings on December 11 & 12, 2017 and January 18, 2018.[9] The total amount of the non-working travel was $8,155.00, which was then discounted by 50% to $4,077.50.

## Billing Adjustments

22.     The total fees requested in this Application reflect reductions totaling $9,816.50, compromised of $4,077.50 a 50% reduction for time spent on nonworking travel,[10] and an agreed upon voluntary reduction of $5,739.00 at the request of the Office of the United States Trustee. Crain, Caton & James has also only charged for fully refundable economy class airfare, regardless of the actual class of airfare purchased.

---

[9]     See Docket Nos. 452 and 715 for Amended Notice of Agenda Matters for Scheduled Hearing.

[10]    To the extent possible, Crain, Caton & James professionals work while traveling.

- 8 -

# APPENDIX B GUIDELINES

23.     Pursuant to the *Appendix B Guideline for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorney in Large Chapter 11 Cases* (the "UST Guidelines"), Crain, Caton & James responds to the following questions with respect to this application:

(a)     Did you agree to any variations from, or alternative to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

    (i)     No.

(b)     If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this application higher by 10% or more, did you discuss the reason for the variation with the client?

    (i)     N/A

(c)     Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

    (i)     No.

(d)     Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

    (i)     Yes, Crain Caton & James expended 63 hours and $17,439.00 reviewing the Monthly Fee Applications to remove any confidential or privileged information and to ensure compliance with the Interim Compensation Order and the UST Guidelines.

(e)     Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

    (i)     *See* ¶ 23(d)(i).

(f)     If the fee application includes any rate increases since retention in this case:

    (A)     Did your client review and approve those rate increases since retention in advance?

003946/000001
143 - 2793502v1

        (1)      N/A, only step increases.

   (B)     Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

        (1)      Yes.

## REQUESTED COMPENSATION SHOULD BE ALLOWED

24.    Section 330(a)(1) of the Bankruptcy Code provides that the Court may award a professional person employed under section 327 and 1103 of the Bankruptcy Code:

   (A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

   (B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  Section 330(a)(3)(A) further provides the following standards for the Court's review of a fee application:

In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

   (A)     the time spent on such services;

   (B)     the rates charged for such services;

   (C)     whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

   (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A).

25.    Crain Caton & James respectfully submits that it has satisfied the requirements of section 330 of the Bankruptcy Code for the allowance of compensation and reimbursement of expenses sought herein. The services described above were necessary to the administration of these Cases and were beneficial to the Debtors and parties in interest. Crain Caton & James' services were often performed in a minimum amount of time and commensurate with the complexity of the matters facing the Debtors. Further, the compensation sought by Crain Caton & James is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy.

## CONCLUSION

26.    Crain, Caton & James professionals expended a total of 1,103.40 hours in connection with their representation of the Debtors during the Compensation Period. Employing Crain, Caton & James's normal hourly rates for work of this character, the reasonable value of the services rendered by Crain, Caton & James for the Debtors during the Compensation Period, after taking into account the billing adjustments discussed above, is $464,038.50. During the Compensation Period, Crain, Caton & James also incurred expenses of $4,700.90. Pursuant to the Interim Compensation Order, by this Application Crain, Caton & James seeks final allowance of fees and expenses incurred during the Compensation Period in the sum of $468,739.40 (the "Requested Interim Payment").

003946/000001
143 - 2793502v1

27.     Crain Caton & James respectfully submits that the amount requested in this Application is fair and reasonable and satisfies the requirements of section 330 of the Bankruptcy Code.  Moreover, Crain Caton & James has reviewed the requirements of Local Rule 2016-2 and the Interim Compensation Order and believes that this Application complies with such Local Rule and Order.

## NOTICE

28.     Crain Caton & James will serve this Application in accordance with the Interim Compensation Order and the Local Rules.  Pursuant to the Interim Compensation Order, objections to the Application, if any, must be in writing and filed with the Court and served upon Crain Caton & James so as to be received no later than April 5, 2018 (the "Objection Deadline").

## NO PRIOR REQUEST

29.     No prior request for the relief sought in this Application has been made to this or any other court.

003946/000001
143 - 2793502v1

Dated: March 15, 2018
      Wilmington, Delaware

/s/*Melinda M. Riseden*

CRAIN CATON & JAMES
Melinda M. Riseden
C. Henry Kollenberg
1401 McKinney, Suite 1700
Houston, Texas, 77010
Telephone:    (713) 658-2323
Facsimile:    (713) 658-1921
Email:    mriseden@craincaton.com
          hkollenberg@craincaton.com

Special Counsel for the Debtors and Debtors in Possession

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | Case No. 17-12307 (BLS) |
| Debtors. | (Jointly Administered) |

## VERIFICATION

Melinda M. Riseden, under penalty of perjury, certifies as follows:

1.      I am a shareholder with the law firm of Crain Caton & James and have been admitted to appear before this Court.  I make this certification in accordance with Local Rule 2016-2 regarding the contents of applications for compensation and expenses.  I have read the Application and am familiar with the work performed on behalf of the Debtors by the attorneys and paraprofessionals of Crain Caton & James.

2.      The facts set forth in the foregoing Application are true and correct to my knowledge, information and belief.  I have reviewed Local Rule 2016-2 and the Interim Compensation Order and submit that the Application substantially complies with such Local Rule and the Interim Compensation Order.

Dated: March 15, 2018

   */s/ Melinda M. Riseden*
Melinda M. Riseden

---

[1]     The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208).  The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.