# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered)<br><br>Objection Deadline: April 5, 2018 at 4:00 p.m. (ET)<br>Hearing Date: April 25, 2018 at 11:00 a.m. (ET) |

## SUMMARY OF FIRST INTERIM APPLICATION OF STEPTOE & JOHNSON PLLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS ORDINARY COURSE PROFESSIONAL TO THE DEBTORS FOR THE PERIOD FROM OCTOBER 30, 2017 THROUGH JANUARY 31, 2018

| | |
|---|---|
| Name of Applicant: | Steptoe & Johnson PLLC |
| Authorized to Provide Professional Services to: | The above-captioned Debtors |
| Period for which compensation and reimbursement are sought: | October 30, 2017 through January 31, 2018 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $56,786.75 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $3.00 |
| Petition Date: | October 30, 2017[2] |
| Date of Order Approving Retention: | November 30, 2017 (Docket No. 299),[3] *nunc pro tunc* to October 30, 2017 |

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] On October 24, 2017, Debtor M & G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. All other Debtors commenced their chapter 11 cases on October 30, 2017.

[3] On November 30, 2017, this Court entered an order (Docket No. 299) (the "OCP Order") authorizing the Debtors to retain and pay, *nunc pro tunc* to the Petition Date, certain professionals utilized in the ordinary course of business. The OCP Order requires each ordinary course professional to file a declaration in

| | |
|---|---|
| Total Compensation Approved by Interim Order to Date: | N/A |
| Total Expenses Approved by Interim Order to Date: | N/A |
| Total Allowed Compensation Paid to Date: | N/A |
| Total Allowed Expenses Paid to Date: | N/A |
| Blended Hourly Rate in this Application for All Attorneys: | $404.14 |
| Blended Hourly Rate in this Application for All Timekeepers: | $401.60 |
| Compensation Already Paid Pursuant to OCP Order: | $125,000.00 |
| Expenses Already Paid Pursuant to OCP Order: | $0.00 |
| Number of Professionals Included in this Application: | 8 |
| Number of Professionals Billing Fewer Than 15 Hours: | 5 |

This is a(n): ___ monthly   _X_ interim   ___ final application

Prior Applications Filed: N/A

---

support of their retention. Steptoe & Johnson PLLC filed a declaration in support of its retention on December 27, 2017 (Docket No. 551). No objections were filed with respect to such declaration.

## SUMMARY OF HOURS AND FEES BY PROFESSIONAL

| Name | Title | Rate | Hours | Amount |
|---|---|---|---|---|
| Richard L. Lewis | Member | $480.00 | 1.20 | $576.00 |
| Richard L. Lewis | Member | $485.00 | 74.70 | $36,229.50 |
| Richard L. Lewis | Member | $242.50 | 1.50 | $363.75 |
| Kathy G. Beckett | Member | $450.00 | 1.00 | $450.00 |
| Marc C. Bryson | Member | $380.00 | 12.70 | $4,826.00 |
| Marc C. Bryson | Member | $385.00 | 15.40 | $5,929.00 |
| Sarah C. Ellis | Member | $365.00 | 1.60 | $584.00 |
| Sarah C. Ellis | Member | $360.00 | 3.70 | $1,332.00 |
| Tyler Carpenter | Associate | $210.00 | 2.00 | $420.00 |
| Ryan Ewing | Associate | $210.00 | 6.50 | $1,365.00 |
| L. Marissa Grace | Associate | $225.00 | 19.30 | $4,342.50 |
| Joyce A. Gentry | Professional | $205.00 | 1.80 | $369.00 |
| | **Total** | | **141.4** | **$56,786.75** |

Blended Rate $401.60

Summary includes both 2017 and 2018 rates applicable for members and the reduced travel rate at 50%.

# COMPENSATION BY PROJECT CATEGORY

## October 30, 2017 through January 31, 2018

| PROJECT CAEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Case Administration | 31.60 | $14,404.50 |
| Business Operations | 58.00 | $24,489.25 |
| Asset Disposition Matters | 44.30 | $14,862.50 |
| Financing Matters | 7.50 | $ 3,030.50 |
| **Total** | **141.4** | **$56,786.75** |

# EXPENSE SUMMARY

**Computer Research**          **Westlaw**          **$3.00**

## BLENDED RATE OF PROFESSIONALS – TOTAL

| Professionals | Total Hours | Total Fees | Blended Hourly Rate* |
|---|---|---|---|
| Partners | 111.80 | $50,290.25 | $449.82 |
| Of Counsel/Counsel | 0.00 | 0.00 | 0.00 |
| Associates/Staff Attorneys | 27.80 | $6,127.50 | $220.41 |
| Law Clerks | 0.00 | 0.00 | 0.00 |
| Paralegals/Legal Support | 1.80 | $369.00 | $205.00 |
| **TOTAL** | **141.4** | **$56,786.75** | **$401.60** |

*The blended hourly rates do not take into account adjustments made by Steptoe, including the 50% write-off of non-working travel

# INFORMATION REGARDING PRIOR INTERIM FEE APPLICATIONS

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| Date Filed & Docket No. | Period Covered | Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid | | Date(s) of Orders on Interim Compensation or Reimbursement of Expenses |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |

## CUMULATIVE FEE AND EXPENSE TOTALS SINCE CASE INCEPTION

| Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid | | Fees and Expenses Disallowed or Withdrawn | |
|---|---|---|---|---|---|---|---|---|---|
| Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered)<br><br>Objection Deadline: April 5, 2018 at 4:00 p.m. (ET)<br>Hearing Date: April 25, 2018 at 11:00 a.m. (ET) |

## FIRST INTERIM APPLICATION
## OF STEPTOE & JOHNSON PLLC FOR ALLOWANCE OF
## COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT
## OF EXPENSES AS ORDINARY COURSE PROFESSIONAL TO THE DEBTORS
## FOR THE PERIOD FROM OCTOBER 30, 2017 THROUGH JANUARY 30, 2018

Steptoe & Johnson PLLC ("Steptoe"), an ordinary course professional retained by the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to the *Order (I) Authorizing the Retention and Payment, Nunc Pro Tunc as of the Petition Date, of Professionals Utilized by the Debtors in the Ordinary Course of Business and (II) Granting Related Relief* (Docket No. 299) (the "OCP Order"), hereby makes its first interim fee application (this "Interim Fee Application") for allowance of compensation of $56,786.75 and reimbursement of expenses of $3.00 for the period from October 30, 2017 through January 31, 2018 (the "Compensation Period"), in accordance with the OCP Order and the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (Docket

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

No. 308) (the "Interim Compensation Order"). In support of this Interim Fee Application, Steptoe respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On October 24, 2017 (the "Polymers Petition Date"), Debtor M & G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) (the "First Day Declaration"), filed on October 31, 2017 and incorporated herein by reference.

## The OCP Order

4. On November 10, 2017, the Debtors filed the *Motion of the Debtors for an Order (I) Authorizing the Retention and Payment, Nunc Pro Tunc as of the Petition Date, of Professionals Utilized by the Debtors in the Ordinary Course of Business and (II) Granting*

*Certain Related Relief* (Docket No. 136) (the "OCP Motion"), by which the Debtors sought the authorization to retain, employ and pay certain professionals utilized in the ordinary course of business. On November 30, 2017, this Court entered the OCP Order, authorizing the relief requested in the OCP Motion.

5. In relevant part, the OCP Order provides that "the fees and disbursements for any one ordinary course professional shall not exceed a total of $25,000 per month on average over a rolling four-month period (the "OCP Fee Limit")." OCP Order, ¶ 3. In addition, the OCP Order provides that to the extent that an ordinary course professional "seeks compensation in excess of the OCP Fee Limit (the "Excess Fee"), the Excess Fee will be subject to court approval based upon an application for allowance of fees and expenses under Bankruptcy Code Sections 330 and 331, pursuant to the same procedures that are established for all other professionals retained in these Cases . . ." *Id.* at ¶ 4(e). Because Steptoe seeks compensation in excess of the OCP Fee Limit, it submits this Interim Fee Application for approval of its Excess Fee, in the amount of $56,789.75 (the "Steptoe Excess Fee").

**The Interim Compensation Order**

6. On November 10, 2017, the Debtors filed the *Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 141) (the "Interim Compensation Procedures Motion"), which sought to establish procedures for the compensation and reimbursement of professionals whose retentions are approved by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code on a monthly basis and on terms comparable to the procedures established in other large chapter 11 cases. On December 1, 2017, this Court entered the Interim Compensation Order, which approved the relief sought in the Interim Compensation Procedures Motion and authorized the implementation of the interim compensation procedures contemplated therein.

7. In relevant part, the Interim Compensation Order provides that "commencing with the period ending January 31, 2018, at each three-month intervals . . .each of the professionals will file with the Court . . . an application pursuant to section 331 of the Bankruptcy Code for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the professional" in its monthly fee applications. Interim Comp. Order., ¶ 2(f). The Interim Compensation Order further provides that interim fee applications "must be filed on or before the 45th day after the end of the interim fee period . . . for which the application seeks allowance of fees and reimbursement of expenses" and that interim fee applications "must identify the monthly fee applications that are the subject of the request and any information requested by the Court and the Local Rules." *Id.*

## STEPTOE'S APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Sources

8. Steptoe has received no payment for services rendered in any capacity in connection with the matters covered in this Interim Fee Application, nor has it received any promises for payment for matters covered by this Interim Fee Application, from any source other than from the Debtors. There is no agreement or understanding between Steptoe and any other person other than partners of Steptoe for the sharing of compensation to be received from the services rendered in these Cases.

### Itemization of Services Rendered and Disbursements Incurred

9. Attached hereto as Exhibit A are the time records of Steptoe, which provide a daily summary of the time spent by each Steptoe attorney[2] and paraprofessional[3]

---

[2] Attorneys include members, of counsel, associates, and staff attorneys as applicable, rendering services to the Debtors during the Compensation Period.

during the Compensation Period by project category. The blended hourly billing rate of attorneys for all services provided during the Compensation Period is $405.30.[4] The blended hourly billing rate of paraprofessionals for all services provided during the Compensation Period is $205.00.[5]

10. Attached hereto as <u>Exhibit B</u> is a detailed itemization of expenses for which Steptoe seeks reimbursement. Steptoe maintains the following policies with respect to Expenses:

(a) In-office photocopying — $0.10 per page

(b) Color copies — $0.65 per page

(c) In-house scanning — $0.10 per page

(d) Telephone calls will be charged at the AT&T direct dial tariff rates

(e) Telecopier and facsimile:

    (1) page sent — $0.50 per page plus telephone call;
    (2) page received — $0.50 per page

(f) In-house couriers — Based on time, plus mileage

(g) Computer legal research (if required) averages $20 to $100 per inquiry depending on the complexity of the search and the databases accessed

(h) Automobile travel — $0.60 per mile

11. Steptoe believes that the time entries set forth in <u>Exhibit A</u> attached hereto are in compliance with the requirements of Rule 2016-2 of the Local Rules of Bankruptcy

---

[3] Paraprofessionals include professionals, legal support personnel, project assistants and staff members, as applicable, rendering services to the Debtors during the Compensation Period.

[4] The blended hourly billing rate of $404.14 for attorneys is derived by dividing the total fees for attorneys of $56,417.75 by the total hours of 139.6 for those same attorneys, not taking into account any discounts for non-working travel.

[5] The blended hourly billing rate of $205.00 for paraprofessionals is derived by dividing the total fees for paraprofessionals of $369.00 by the total hours of 1.80 for those same paraprofessionals, not taking into account any discounts for non-working travel.

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Total Fees and Expense Sought for the Compensation Period

12. By this Application, Steptoe requests that the Court approve the allowance of the Steptoe Excess Fee in connection with professional services rendered and the reimbursement of actual and necessary expenses incurred by Steptoe during the Compensation Period. The total fees and reimbursement of expense are summarized in the following chart:

| Total Fees | $56,786.75 |
|---|---|
| Total Disbursements | $0.00 |
| **TOTAL** | $56,786.75 |

## Compensation by Project Category

13. The following is a summary of activities performed by Steptoe professionals and paraprofessionals during the Compensation Period, organized by billing category.[6]

| | | |
|---|---|---|
| Case Administration | 31.60 | $14,404.50 |
| Business Operations | 58.00 | $24,489.25 |
| Asset Disposition Matters | 44.30 | $14,862.50 |
| Financing Matters | 7.50 | $ 3,030.50 |

14. The following is a summary of activities performed by Steptoe professionals and paraprofessionals during the Compensation Period, organized by billing category.

### Case Administration 31.60 hours    $14,404.50

15. During the Compensation Period, Steptoe professionals provided the following case administrative services to the Debtors, among others:

---

[6] The summary set forth below is qualified in its entirety by reference to the time and services detail attached hereto as Exhibit A.

- Coordinate with the West Virginia Department of Environmental Protection for the orderly shutdown of the Apple Grove manufacturing facility including meeting all regulatory requirements; and

- Assisted in researching and developing environmental data for the electronic data room and investigations necessary to assure completeness of the diligence materials.

**Business Operations 58.00 hours   $24,489.25**

16. During the Compensation Period, Steptoe professionals provided the following business operations activities, among others:

- Supervised and facilitated communications between the Debtors and West Virginia State officials including Secretary of Commerce Woody Thrasher, Executive Director of the West Virginia Economic Development Office and others;

- Advice and counseled M&G Polymers regarding environmental obligations regarding operation of the Apple Grove facility;

- Represented M&G Polymers in negotiations with West Virginia Environmental Agencies and United State Environmental Protection Agency;

- Coordinated and represented M&G Polymers in disclosures to federal and state agencies related to contingency planning; and

- Advised the Debtors regarding contingencies related to historical environmental site contamination.

**Asset Disposition Matters   44.30 hours   $14,862.50**

17. During the Compensation Period, Steptoe professionals provided the following asset disposition activities, among others:

- Advised the Debtors regarding requirements under federal and state law for transferring operating permits and licenses to a new owner after sale;

- Prepared documents for the transfer of operating permits and licenses to the purchaser of the Apple Grove facility;

- Represented M&G Polymers in negotiations with state agencies for operating permit and license transfers; and

- Represented M&G Polymers in activities related to pending NPDES appeal.

**Financing Matters    7.50 hours    $ 3,030.50**

18. During the Compensation Period, Steptoe professionals provided the following financing activities, among others:

- Represented M&G Polymers in discussions with West Virginia Economic Development Office for contingent possible interim financing from state agency;

- Assisted in identifying potential contingent interim financing sources and coordinated with the Debtors; and

- Prepared financing applications for contingent bridge loan with the West Virginia Economic Development Office.

**Billing Adjustments**

19. During the Compensation Period, Steptoe made $363.75 in adjustments due to a 50% discount for time spent on nonworking travel.[7]

**APPENDIX B GUIDELINES**

20. Pursuant to the *Appendix B Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorney in Larger Chapter 11 Cases* (the "UST Guidelines"), Steptoe responds to the following questions with respect to this Application:

    (a) Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

        (i) No.

    (b) If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application higher by 10% or more, did you discuss the reasons for the variation with the client?

---

[7] To the extent possible, Steptoe professionals work while traveling.

(i) Not Applicable

(c) Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

    (i) No.

(d) Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

    (i) No.

(e) Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

    (i) No.

(f) If the fee application includes any rate increases since retention in this case:

    (A) Did your client review and approve those rate increases in advance?

        (1) Yes. The client approved annual rate increases per its initial engagement with Steptoe.

    (B) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

        (1) Yes.

## **REQUESTED COMPENSATION SHOULD BE ALLOWED**

21. Section 330(a)(1) of the Bankruptcy Code provides that the Court may award a professional person employed under section 327 and 1103 of the Bankruptcy Code:

    (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

    (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1). Section 330(a)(3)(A) further provides the following standards for the Court's review of a fee application:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A).

22.  Steptoe respectfully submits that it has satisfied the requirements of section 330 of the Bankruptcy Code for the allowance of compensation and reimbursement of expenses sought herein. The services described above were necessary to the administration of these Cases and were beneficial to the Debtors and parties in interest. Steptoe's services were often performed in a minimum amount of time and commensurate with the complexity of the matters facing the Debtors. Further, the compensation sought by Steptoe is reasonable because it

is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy.

## CONCLUSION

23. Steptoe attorneys and paraprofessionals expended a total of 141.4 hours in connection with their representation of the Debtors during the Compensation Period. Employing Steptoe's normal hourly rates for work of this character, the reasonable value of the services rendered by Steptoe for the Debtors during the Compensation Period, after taking into account the billing adjustments discussed above, is $56,786.75. During the Compensation Period, Steptoe also incurred expenses of $3.00.[8] Pursuant to the Interim Compensation Order, by this Application Steptoe seeks allowance of fees and expenses incurred during the Compensation Period in the sum of $56,789.75 (the "Requested Interim Payment").

24. Steptoe respectfully submits that the amount requested in this Interim Fee Application is fair and reasonable and satisfies the requirements of section 330 of the Bankruptcy Code. Moreover, Steptoe has reviewed the requirements of Local Rule 2016-2 and the Interim Compensation Order and believes that this Interim Fee Application complies with such Local Rule and Order.

## NOTICE

25. Steptoe will service this Interim Fee Application in accordance with the Interim Compensation Order and the Local Rules. Pursuant to the Interim Compensation Order, objections to this Interim Fee Application, if any, must be in writing and filed with the Court and served upon Steptoe so as to be received no later than April 5, 2018 (the "Objection Deadline").

## NO PRIOR REQUEST

26.     No prior request for the relief sought in this Application has been made to this or any other court.

Dated: March 15, 2018
   Wilmington, Delaware

            /s/ *Richard L. Lewis*
            Steptoe & Johnson PLLC
            Richard Lewis
            Chase Tower, 17th Fl.
            707 Virginia Street, East
            Charleston, WV 25301
            Telephone: (304) 353-8133
            Facsimile: (304) 933-8762
            Email: richard.lewis@steptoe-johnson.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered) |

## CERTIFICATION OF RICHARD LEWIS

Richard Lewis, under penalty of perjury, certifies as follows:

1. I am a partner with the law firm of Steptoe & Johnson PLLC. I make this certification in accordance with Local Rule 2016-2 regarding the contents of applications for compensation and expenses. I have read the Interim Fee Application and am familiar with the work performed on behalf of the Debtors by the attorneys and paraprofessionals of Steptoe & Johnson PLLC.

2. The facts set forth in the foregoing Interim Fee Application are true and correct to my knowledge, information and belief. I have reviewed Local Rule 2016-2 and the Interim Compensation Order and submit that the Interim Fee Application substantially complies with such Local Rule and the Interim Compensation Order.

Dated: March 15, 2018

/s/ *Richard L. Lewis*
Richard L. Lewis

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.