## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION., *et al.*,[1] | Case No. 17-12307 (BLS) |
| Debtors. | Jointly Administered |
| | **Hearing Date: April 25, 2018 at 11:00 a.m. EDT**<br>**Objection Deadline: April 5, 2018 at 4:00 p.m. EDT** |

### COVER SHEET OF FIRST INTERIM APPLICATION OF JEFFERIES LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FROM NOVEMBER 14, 2017 TO AND INCLUDING JANUARY 31, 2018

| | |
|---|---|
| Name of Applicant: | Jefferies LLC |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | November 14, 2017 |
| Period for Which Compensation and Reimbursement Are Sought: | November 14, 2017 – January 31, 2018 |
| Amount of Compensation Requested: | $450,000.00 |
| Amount of Expense Reimbursement Requested: | $31,106.76 |

This is a(n): ____ monthly   X   interim   ____ final application

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

# FIRST INTERIM FEE APPLICATION OF JEFFERIES LLC, INVESTMENT BANKER FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

## FEES AND EXPENSES
## NOVEMBER 14, 2017 – JANUARY 31, 2018

| FEE STATEMENT | REQUESTED | | PAID | | OUTSTANDING | |
| --- | --- | --- | --- | --- | --- | --- |
| | FEES | EXPENSES | FEES | EXPENSES | FEES | EXPENSES |
| Consolidated 1st Monthly [D.I. 1157] 11/14/18 –1/31/18 | $450,000.00 | $31,106.76 | *PENDING*[1] | *PENDING* | $450,000.00 | $31,106.76 |

---

[1] The objection period for Jefferies' first monthly fee statement will expire on April 3, 2018.

**FIRST INTERIM FEE APPLICATION OF JEFFERIES LLC, INVESTMENT BANKER
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**HOURS BY PROFESSIONAL
<u>NOVEMBER 14, 2017 – JANUARY 31, 2018</u>**

| Name | Title | Hours |
|---|---|---|
| Leon Szlezinger | Co-Head / Managing Director, Global Restructuring & Recapitalization | 253.0 |
| David Bradley | Vice Chairman, Global Co-Head of Industrials, Global Head of Chemicals | 23.5 |
| John D'Amico | Senior Vice President, Global Restructuring & Recapitalization | 164.0 |
| Harsh Kanda | Vice President, Global Industrials | 59.5 |
| Patrick Topper | Associate, Global Restructuring & Recapitalization | 368.5 |
| Sameer Rathie | Associate, Global Industrials | 87.0 |
| Kenneth Kam | Analyst, Global Industrials | 119.5 |
| Jishan Lakhani | Analyst, Global Restructuring & Recapitalization | 237.5 |
| **TOTAL** | | **1,312.5** |

**FIRST INTERIM FEE APPLICATION OF JEFFERIES LLC, INVESTMENT BANKER
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**EXPENSES BY CATEGORY
NOVEMBER 14, 2017 – JANUARY 31, 2018**

| | | |
|---|---|---:|
| Legal | $ | 17,976.15 |
| Meals | | 2,097.09 |
| Transportation - Ground | | 6,472.90 |
| Presentation Services | | 3,222.39 |
| Other | | 1,338.23 |
| **Total** | **$** | **31,106.76** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION., *et al.*,[1] | Case No. 17-12307 (BLS) |
| Debtors. | Jointly Administered |
| | Hearing Date: April 25, 2018 at 11:00 a.m. EDT |
| | Objection Deadline: April 5, 2018 at 4:00 p.m. EDT |

## FIRST INTERIM APPLICATION OF JEFFERIES LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FROM NOVEMBER 14, 2017 TO AND INCLUDING JANUARY 31, 2018

Jefferies LLC ("Jefferies"), the investment banker for the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases, submits its first interim application (this "Application"), pursuant to sections 328, 330 and 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 308] (the "Interim Compensation Order"), requesting entry of an order allowing (a) compensation for Jefferies' professional services to the Committee during the period from November 14, 2017 to and including January 31, 2018 (the "Compensation Period")

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

in the amount of $450,000.00, and (b) reimbursement of actual and necessary expenses incurred by Jefferies during the Compensation Period in connection with such services in the amount of $31,106.76. In support of this Application, Jefferies respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other legal bases for the relief requested herein are sections 328(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2.

**BACKGROUND**

4. On October 24, 2017, Debtor M&G Polymers USA, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No party has requested the appointment of a trustee or examiner in these cases.

5. On December 13, 2017, the Committee filed an application [Docket No. 486] (the "Retention Application")[2] to retain and employ Jefferies as their investment banker and financial under sections 327(a) and 328(a) of the Bankruptcy Code pursuant to the terms and subject to the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Retention Application.

conditions of that certain engagement letter between the Committee and Jefferies dated as of November 13, 2017 (the "Engagement Letter").

6. On January 5, 2018, the Court entered the order approving the Retention Application [Docket No. 624] (the "Retention Order"). The Retention Order, among other things, authorized the Committee to pay, reimburse and indemnify Jefferies in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter, as modified by the Retention Order, subject to application to the Court.

7. On December 1, 2017, the Court entered the Interim Compensation Order, which generally sets forth the procedures for interim compensation and expense reimbursement for retained professionals in the Debtors' chapter 11 cases. The Interim Compensation Order provides that, upon the expiration of 21 days after service of a Monthly Fee Application (as defined in the Interim Compensation Order), the applicant may file a certificate of no objection with the Court, after which the Committee is authorized to pay such the applicant an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application and not subject to an objection.

8. The Interim Compensation Order also provides that, commencing with the period beginning January 31, 2018, at three-month intervals, each retained professional will file with the Court and serve upon certain notice parties an application pursuant to section 331 of the Bankruptcy Code for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the professional in its Monthly Fee Applications, which interim fee applications must be filed on or before the 45th day after the end of the applicable interim fee period.

## RELIEF REQUESTED

9. By this Application, Jefferies requests entry of an order allowing (a) compensation for professional services to the Committee during the Compensation Period in the amount of $450,000 and (b) reimbursement of actual and necessary expenses incurred by Jefferies during the Compensation Period in connection with such services in the amount of $31,106.76.

10. All services for which Jefferies requests compensation were performed during the Compensation Period on behalf of the Committee. During the Compensation Period, Jefferies performed significant services on behalf of the Committee, including but not limited to the follows:

(a) **Due Diligence**. In order to best understand and evaluate the Debtors' business, assets and prospects, Jefferies performed significant due diligence with respect to the Debtors and their assets, including the Corpus Christi and Apple Grove plants. Jefferies' due diligence activities included, among other things: (a) holding numerous in-person and telephonic meetings with advisors to the Debtors and other key stakeholders and conducted a site visit to the Corpus Christi plant; (b) requesting, reviewing and analyzing voluminous materials provided by the Debtors and their professionals regarding the Debtors' assets, projected financial performance, costs-to-complete, outstanding obligations, and employees; (c) conducting extensive research and analyses on the Debtors' industry; and (d) reviewing and analyzing the various motions filed by the Debtors and other parties-in-interest. Based upon its due diligence, Jefferies continually updated and prepared detailed reports for the Committee and its other advisors regarding matters related to the Debtors including the status of the sale processes as well as developments in the industry relevant to the Debtors and its assets. Jefferies prepared detailed reports for the Committee related to such information.

(b) **Committee Meetings**. Jefferies held numerous in-person meetings and conference calls and engaged in extensive email communications with the Committee's legal and financial advisors and Committee members, regarding issues relating to the Debtors' chapter 11 cases. Specifically, Jefferies' professionals provided recommendations and advice with respect to various strategic and financial issues, as well as updates on discussions, activities and negotiations with the Debtors and other parties-in-interest on matters including the sale processes being undertaken by the Debtors. Such meetings provided a forum for the Committee members to exchange ideas and raise questions concerning matters of paramount concern to unsecured creditors. The meetings also provided a forum for Jefferies to communicate the findings of its various

4

due diligence activities and analyses and to update the Committee on the status of the Debtors' cases including the marketing processes for its assets.

(c) **General Corporate Finance**. Jefferies' activities in this project area included working with the Committee and other creditors to understand, evaluate and comment on the Debtors' business, financial projections, capital structure, and other corporate finance topics. Additionally, Jefferies reviewed the Debtors' financial information that was relevant to the Debtors' operations both prior to and during the proceedings.

(d) **Meetings Among the Committee, the Debtors, and Other Parties-in-Interest**. Jefferies assisted the Committee in preparing for and participating in meetings, negotiations and other communications with the Debtors and other constituencies. Moreover, Jefferies attended and participated in due diligence and strategy sessions with the Debtors and other advisors. Jefferies also attended and participated in internal meetings and numerous telephone conferences with Committee members and other constituencies to discuss the status of the Debtors' cases. Topics of such communications included, among other things, evaluation of the Debtors' operations, cost-to-complete estimates related to Corpus Christi plant, financial forecasts, and discussions regarding the sale processes being undertaken by the Debtors. In addition, Jefferies had frequent conversations with other parties-in-interest regarding the cases and reported the substance of these communications back to the Committee.

(e) **Extensive Financial Analyses**. Jefferies conducted various extensive financial analyses including, but not limited to, analyses of the Debtors' business plan, cost-to-complete estimates, operations, various claims filed against the Debtors, and potential recoveries to the Company's creditors under various scenarios. Jefferies prepared extensive analyses and materials which relied upon the information provided by the Debtors that were presented to the Committee on a regular basis.

(f) **Preparation of Expert Report**. Jefferies prepared an expert report in connection with matters related to the Debtors' debtor-in-possession financing. In connection therewith, Jefferies reviewed voluminous discovery documents and publicly available documents and performed extensive independent financial analyses in connection with the preparation of such report. Jefferies conducted extensive research and financial analyses and worked closely with the Committee's other professionals in the preparation of the expert report and related workstreams.

(g) **Sale Process**. Jefferies actively participated in numerous in-person meetings and conference calls with the Debtors' advisors in connection with diligence of the sale processes being undertaken by the Debtors, including attending the auction for the Apple Grove assets. Jefferies provided input with regard to sale process being undertaken by the Debtors including potential interested parties

5

    for the assets being marketed. Jefferies regularly updated the Committee with regards to the processes for both Apple Grove and Corpus Christi and communicated to the Committee members the status of the asset sale processes.

  (h) **Litigation Support**. Jefferies assisted the Committee's legal advisors in a review of the circumstances related to the purported lien of DAK Americas LLC and the preparation of a motion to recharacterize, equitably subordinate and avoid the liens of DAK Americas LLC [Docket No. 1097], filed on March 7, 2018. In connection with preparation of the motion, Jefferies reviewed an extensive collection of discovery documents, third-party research, and public filings relating to the matter. Additionally, Jefferies also participated in numerous calls with the Debtors, the Committee's advisors and the Debtors' advisors in connection with the preparation of the motion and its associated workstreams.

  11. Although Jefferies, in line with market convention, does not bill by the hour, Jefferies kept track of its post-petition time in half-hour increments in accordance with the Retention Order. Such time records are attached hereto as **Exhibit A**. During the Compensation Period, Jefferies professionals spent approximately 1,312.5 hours providing investment banking services to the Committee.

  12. The fees charged by Jefferies have been billed in accordance with the Engagement Letters and the Retention Order and are comparable to those fees charged by Jefferies for professional services rendered in connection with similar chapter 11 cases and non-bankruptcy matters. Jefferies submits that such fees are reasonable based upon the customary compensation charged by similarly skilled practitioners in comparable bankruptcy cases and non-bankruptcy matters in the competitive national investment banking market.

  13. There is no agreement or understanding between Jefferies and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

## ACTUAL AND NECESSARY EXPENSES

14. Jefferies also incurred certain necessary expenses during the Compensation Period for which it is entitled to reimbursement under the Engagement Letter. As set forth in detail on **Exhibit B** attached hereto, Jefferies' total expenses incurred during the Compensation Period are $31,106.76.[3]

## CERTIFICATION OF COMPLIANCE

15. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information and belief, this Application complies with that rule.

*[Remainder of Page Intentionally Left Blank]*

---

[3] The expense reimbursements requested herein may not include certain expenses incurred by Jefferies during the Compensation Period but not processed as of the date hereof. Any such expenses will be included in future monthly and interim fee applications.

WHEREFORE, Jefferies requests entry of an order allowing (a) compensation for professional services to the Committee during the Compensation Period in the amount of $450,000 and (b) reimbursement of actual and necessary expenses incurred by Jefferies during the Compensation Period in connection with such services in the amount of $31,106.76.

Dated: March 15, 2018                                  **JEFFERIES LLC**

*/s/ Leon Szlezinger*
Leon Szlezinger
Managing Director