# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | Case No. 17-12307 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 1075 |

## CITAL US, LLC'S OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING A LIENHOLDER CLAIMS RESERVE AND GRANTING RELATED RELIEF

Cital US, LLC ("Cital"), by and through its undersigned counsel, hereby files this Objection to the *Debtors' Motion for Entry of an Order Establishing a Lienholder Claims Reserve and Granting Related Relief* [D.I. 1075] (the "Reserve Motion"), and in support thereof respectfully states as follows:

## BACKGROUND

1. Cital holds a valid lien in an amount of at least $1,059,941.52, plus attorneys' fees, costs, and interest payable under applicable law (the "Cital Lien"), against debtor Chemtex International, Inc. ("Chemtex") and certain property described below, which Cital timely asserted under the Texas Constitution, the Bankruptcy Code, and orders of this Court.

2. Cital and Chemtex are parties to a written contract, executed on or about March 9, 2015 (together with other documents, notices and other deliverables between the parties or by

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à.r.l. (1270), M&G Chemicals S.A. (1022), M&G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

either party related or incident thereto, the "Contract"), and a related, written repayment agreement for overdue balances due under the Contract, executed on or about April 24, 2016, (the "Repayment Agreement").

3. Under the Contract, Cital delivered and provided labor, services, and materials for the construction of certain specialty "carbon steel tanks" and "superduplex tanks" (the "Tanks") to Chemtex on the project known as the Jumbo Plant in Corpus Christ (the "Jumbo Plant").

4. Cital commenced work at the Jumbo Plant on June 10, 2015.

5. Under the Repayment Agreement, Chemtex agreed that certain liquidated amounts were due and owing and committed to paying such balances owed to Cital, on a schedule provided therein.

6. The principal amount presently due to Cital from Chemtex under the Contract, exclusive of attorneys' fees, costs, and interest payable under applicable law, is at least $1,059,941.52, which amount is secured by a "Mechanic's Lien," arising and perfected under the Constitution of the State of Texas.

7. The Cital Lien extends to each lot of land and the building, fixtures, or improvements to and on the real property commonly known as 7001 Joe Fulton International Trade Corridor, Corpus Christi, Texas 78409 for which Cital provided labor, services, and materials for construction of or improvement to a building.

10. On or about December 21, 2017, Debtors filed a *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Sale* [D.I. 537], in which Debtors listed the Contract and asserted a cure amount of $0.00 as to Cital.

11. In response, on January 3, 2018, Cital filed its *Limited Objection to Possible Assumption and Assignment of Executory Contracts,* in which it objected to the Debtors' asserted

cure amount and asserted a cure claim of at least $1,059,941.52, exclusive of attorneys' fees, costs, interest under applicable law, and all other amounts.

12. On or about February 15, 2018, Cital filed a "Lien Identification Statement Form" as required by the Court's *Order (I) Establishing Lien Identification Procedures and (II) Granting Related Relief* (D.I. 157) (the "Lien Identification Procedures Order"). Cital's Lien Identification Statement Form reflects the unpaid claim that Cital has under both the Contract and the Repayment Agreement for labor and materials used to improve the Jumbo Plant totaling at least $1,059,941.52. As part of Cital's Lien, Cital seeks all amounts to which it is entitled, including attorneys' fees, costs, interest under applicable law, and all other amounts.

13. On March 2, 2018, Debtors filed the Reserve Motion, seeking entry of an order approving the establishment of a Reserve in the amount of approximately $350 million from the proceeds of the sale of certain of the Jumbo Plant and certain other of the Debtors' assets. The Reserve is intended to satisfy the claims of all holders of non-duplicative mechanics' and materialmens' liens ("Lienholder Claims"), but the Reserve is not intended to pay or protect claims for attorneys' fees, costs, interest under applicable law, and all other amounts.

14. In the Reserve Motion, Debtors indicate that approximately 229 Lienholder Claims in the aggregate amount of over $800 million have been asserted against the Jumbo Plant by way of the filing of a Lien Affidavit, Section 546 Notice, and/or a State of Lien Form in accordance with the Lien Identification Procedures Order. The Reserve Motion does not provide a reserve for any liquidated or unliquidated amounts on account of attorneys' fees, costs, or applicable interest.

15. The Reserve Motion contemplates establishing a reserve for Lienholder Claims that the Debtors deemed were not duplicative and excluding claims for attorneys' fees, costs,

interest under applicable law, and all other amounts. To that end, the Debtors apparently excluded certain Lienholder Claims when calculating the proposed amount to reserve for Lienholder Claims because such claims are allegedly duplicative in that they are "asserted by the same Lienholder or one or more other Lienholders with whom the subject Lienholder contracted, directly or indirectly." Reserve Motion at ¶ 11.

16. Despite Cital's Lien and its timely filing of its Lien Identification Form in accordance with the Lien Identification Procedures Order, the Debtors failed to schedule Cital's Lien in the Lienholder Schedule annexed to the Reserve Motion.

17. There is no basis for claiming that Cital's Lien is a duplicate liability that is otherwise covered by another claim listed on the Lienholder Schedule, nor is there any other reason for Debtors to exclude Cital from the Lienholder Schedule.

**OBJECTION**

18. Cital hereby objects to the Reserve Motion due to the Debtors' failure to include Cital's Lien in the proposed Reserve, as indicated in the Lienholder Schedule.

19. Cital has a valid mechanics' lien arising under the Texas Constitution, which it timely asserted by filing its Lien Identification Form in accordance with the Lien Identification Procedures Order.

22. There are two types of mechanics' liens under Texas law: (1) statutory liens and (2) constitutional liens. *See Amegy Bank Nat'l Assoc. v. Brazos M&E, Ltd. (In re Bigler LP)*, 458 B.R. 345, 371 (Bankr. S.D. Tex. 2011).

23. In Texas, a constitutional mechanics' lien is self-executing and arises "independently and apart from any legislative act." *Ralph M. Parsons Co. v. S. Coast Supply Co. (In re A & M Operating Co.)*, 182 B.R. 997, 1000 (E.D. Tex. 1995), *aff'd*, 84 F.3d 433 (5th Cir.

4

1996). "[A] constitutional lien can exist even if the lien-holder fails to comply with the legislative requirements for statutory liens." *Apex Fin. Corp. v. Brown*, 7 S.W.3d 820, 830 (Tex. App.-Texarkana 1999, *no pet.*) (citing *Hayek v. W. Steel Co.*, 478 S.W.2d 786, 790 (Tex. 1972)).

24. Constitutional liens arise automatically and the lien holder is not required to give notice or record the lien. *Ralph M. Parsons Co. v. S. Coast Supply Co. (In re A & M Operating Co.)*, 182 B.R. at 1000; *see also CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 240 (Tex. 2002) ("[F]or constitutional liens that are self-executing, there are no technical requirements.").

25. A party is entitled to a constitutional lien if it: (1) qualifies as a "mechanic," an "artisan," or a "materialman;" and (2) makes or repairs an "article" or "building." TEX. CONST. art. XVI, § 37; *In re Hydro–Action, Inc.*, 2004 WL 3104500, 2004 Bankr. LEXIS 262, at *13–14 (Bankr. E.D. Tex. Jan. 22, 2004).

26. Specifically, Article XVI, section 37 of the Texas Constitution provides:

> Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefore; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens.

TEX. CONST. art. XVI, § 37.

23. Based on the labor, materials, and services it provided for Chemtex in connection with the Jumbo Plant, Cital has a valid constitutional lien on the Jumbo Plant.

24. First, Cital is a "mechanic" under Texas law,[2] which defines a mechanic as "a person skilled in the practical use of tools, a workman who shapes and applies material in the building of a house or other structure mentioned in the statutes; a person who performs manual

---

[2] Texas law also provides that an artisan and materialmen is entitled to a constitutional lien. Texas law defines "artisan" as "one skilled in some mechanical craft; one who is employed in an industry or mechanic art or trade," or "one trained for manual dexterity in some mechanic art or trade." *A & M Operating Co.*, 182 B.R. at 1002 (citing *Warner Mem'l Univ.*, 56 S.W.2d at 237).

labor." *A & M Operating Co.*, 182 B.R. at 1002 (citing *Warner Mem'l Univ. v. Ritenour*, 56 S.W.2d 236, 237 (Tex. Civ. App.-Eastland 1933, *writ ref'd*)).

25. Second, Cital is a "materialman" under Texas law, which defines a materialman as "a person who does not follow the business of building or contracting to build homes for others, but who manufactures, purchases or keeps for sale materials which enter into buildings and who sells or furnishes such material without performing any work or labor installing or putting them in place." *Id.* (citing *Huddleston v. Nislar*, 72 S.W.2d 959, 962 (Tex. Civ. App.-Amarillo 1934, *writ ref'd*)).

26. Third, the Jumbo Plant constitutes a "building" for purposes of asserting a constitutional lien. Although the Texas Constitution does not define what constitutes a "building," courts have held that the definition of "building" depends on "the particular facts and circumstances of each case, controlled largely by the intention of the parties, or by the aim or purpose of a particular statute . . . [and] . . . it has been held to include all sorts of structures, fabrics built or constructed, edifices or erections used or useful to man." *Ambrose & Co. v. Hutchison*, 356 S.W.2d 215, 216 (Tex. Civ. App.-Fort Worth 1962, *no writ*) (citing *Mut. Lumber Co. v. Sheppard*, 173 S.W.2d 494, 497 (Tex. Civ. App.-Austin 1943, *no writ*)).

27. Some courts have defined "building" as "only those structures having a capacity to contain and which are designed for the habitation of man or animals ***or the shelter of property***." *Lodal & Bain Eng'rs, Inc. v. Bayfield Pub. Util. Dist.*, 583 S.W.2d 653, 655 (Tex. Civ. App.-Houston [1st Dist.] 1979), *rev'd on other grounds sub nom. Quincy Lee Co. v. Lodal & Bain Eng'rs, Inc.*, 602 S.W.2d 262 (Tex. 1980) (emphasis added) (citing *Peterson v. Stolz*, 269 S.W. 113, 116 (Tex. Civ. App.-Beaumont 1925, *writ ref'd*)).

6

28. The term "building" is construed broadly. *See Ambrose*, 356 S.W.2d at 216 (a pier is a building); *Moore v. Carey Bros. Oil Co.*, 269 S.W. 75, 76 (Tex. Comm'n App. 1925) (an oil well casing is a building). And, in *Bigler*, the Court determined that the debtor's petrochemical plant constituted a building for purposes of asserting a constitutional lien under the Texas Constitution. *In re Bigler LP*, 458 B.R. at 375. The same result follows here as to the Jumbo Plant.

29. Finally, the constitutional lien applies to the Tanks supplied and installed by Cital at the Jumbo Plant, which were specially manufactured for use at the Jumbo Plant.

30. Cital supervised and managed the safety and quality assurance/quality control services related to the design and installation of Tanks.

31. The Texas Supreme Court has held that the "constitutional lien attaches to buildings and special-order articles that are made or repaired by mechanics, material men, and artisans who have a direct contractual relationship with the owner of the property." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 741–42 (Tex. 2005); *see also In re Bigler*, 458 B.R. at 378 (concluding that mechanic/artisan who fabricated and installed piping system at debtor's petrochemical plant had a valid constitutional lien).

32. Cital also designed, supplied prefabricated, and performed on-site installation of certain of the Tanks. Cital directly subcontracted the design, supply, and installation of certain of the Tanks to Smith Tank & Steel, Inc. ("<u>Smith</u>").[3] Cital has paid Smith in full, and Debtors have not included Smith in its Lienholder Schedule, nor has Smith filed a proof of claim in these

---

[3] The Contract and Cital's subcontract with Smith are "sufficiently one contract" for purposes of a constitutional lien asserted under Texas law. *In re Bigler LP*, 458 B.R. at 372 (analyzing contract to supply boiler system and subcontract for labor and installation of same as one contract for purposes of analyzing the lien asserted by the contractor).

7

bankruptcy cases. Thus, to the extent the Debtors excluded Cital's Lien from the Lienholder Schedule because they concluded that Cital's claim was duplicative, that conclusion is incorrect.

33. Cital manufactured the Tanks specifically for use at the Jumbo Plant. In fact, the Tanks were specifically built to account for the unique seismic activities and wind conditions present at the Jumbo Plant based on the location and coordinates of the Property.

34. The Tanks were also designed, according to Chemtex's calculations, for the fluid capacity unique to the Jumbo Plant's needs. The size of the Tanks, along with other distinctive qualities, would make the Tanks difficult, if not impossible, to be sold and utilized at another facility.

35. For the foregoing reasons, Cital has a valid constitutional lien on the Property, arising under the Texas Constitution, for the materials, services, and labor it provided in connection with the installation of the carbon steel tanks and superduplex tanks at the Jumbo Plant.

36. Accordingly, Cital should be listed on the Lienholder Schedule should the Reserve Motion be approved, and is entitled to have the amount of its Lien accounted for and included in the Reserve in the full amount of at least $1,059,941.52 (in addition the Lien includes attorneys' fees, costs, and interest under applicable law).

**DEMAND FOR ADEQUATE PROTECTION**

37. Cital hereby demands that its interests in the Jumbo Plant and the proceeds thereof be adequately protected as required by section 363(e) of the Bankruptcy Code.

**RESERVATION OF RIGHTS**

In addition to the issues raised in this Objection, Cital reserves its right to further object to the Reserve Motion and the Sale by supplemental filings or orally at any hearing on the Sale Motion and object to the assumption or assignment of the Contract and Repayment Agreement,

8

to supplement this Objection or the Cure Objection, or to submit additional evidence in support of this or any supplemental objection or the Cure Objection.  Cital also reserves the right to join in any arguments made by any other objector.

## **CONCLUSION**

**WHEREFORE**, for all of the foregoing reasons, Cital respectfully requests that the Court (a) sustain this Objection and deny the Reserve Motion and (b) grant all such other and further relief as it deems equitable, just, and proper.

Respectfully submitted,

Dated: March 16, 2018  
       Wilmington, Delaware

**DLA PIPER US LLP**

*/s/ Stuart M. Brown*  
Stuart M. Brown (DE 4050)  
Jason D. Angelo (DE 6009)  
1201 North Market Street, Suite 2100  
Wilmington, DE  19801  
Telephone:   (302)  468-5700  
Facsimile:   (302)  394-2341  
E-mail:   stuart.brown@dlapiper.com  
             jason.angelo@dlapiper.com

*-and-*

Ileana M. Blanco, Esq.  
**DLA PIPER US LLP**  
Wells Fargo Plaza  
1000 Louisiana Street, Suite 2800  
Houston, Texas 77002-5005  
Telephone:   (713) 425-8435  
Facsimile:   (713) 300-6035  
E-mail:   ileana.blanco@dlapiper.com

*Counsel for Cital US, LLC*

**CERTIFICATE OF SERVICE**

I, Stuart M. Brown, hereby certify that on the 16th day of March 2018, I caused a copy of the foregoing *Objection to Debtors' Motion for Entry of an Order Establishing a Lienholder Claims Reserve and Granting Related Relief* to be served on the parties listed below via first class mail or hand delivery on local counsel, and all parties registered for service via CM/ECF.

                                                                         */s/ Stuart M. Brown*
                                                                          Stuart M. Brown (DE 4050)

| | |
|---|---|
| *Via First Class Mail*<br>M & G USA Corporation<br>Attn: Dennis Stogsdill<br>450 Gears Road – Suite 240<br>Houston, TX  77067 | *Via First Class Mail*<br>Lisa M. Schweitzer, Esq.<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY  10006 |
| *Via First Class Mail*<br>Carl E. Black, Esq.<br>Jones Day<br>901 Lakeside Avenue<br>Cleveland, OH  44114 | *Via Hand Delivery*<br>Pauline K. Morgan, Esq.<br>Young Conaway Stargatt & Taylor LLP<br>1000 North King Street<br>Wilmington, DE  19801 |
| *Via First Class Mail*<br>Scott J. Greenberg, Esq.<br>Michael J. Cohen, Esq.<br>Stacey L. Corr-Irvine, Esq.<br>Jones Day<br>250 Vesey Street<br>New York, NY  10025 | *Via First Class Mail*<br>Michael V. Blumenthal, Esq.<br>Thompson & Knight LLP<br>900 Third Avenue – 20th Floor<br>New York, NY  10022 |
| *Via Hand Delivery*<br>Laura Davis Jones, Esq.<br>James E. O'Neill, Esq.<br>Joseph M. Mulvihill, Esq.<br>Pachulski Stang Ziehl & Jones, LLP<br>919 North Market Street - 17th Floor<br>Wilmington, DE  19801 | *Via First Class Mail*<br>Alfredo R. Perez, Esq.<br>Weil Gotshal & Manges LLP<br>700 Louisiana – Suite 1700<br>Houston, TX  77002<br><br>*Via Hand Delivery*<br>Curtis S. Miller, Esq.<br>Morris, Nichols, Arsht and Tunnell LLP<br>1201 North Market Street – 16th Floor<br>Wilmington, DE  19801 |

*Via First Class Mail*
Dennis F. Dunne, Esq.
Abhilash M. Raval, Esq.
Lauren C. Doyle, Esq.
Milbank Tweed Hadley & McCoy LLP
28 Liberty Street
New York, NY 10005-1413

*Via Hand Delivery*
J. Kate Stickles, Esq.
David R. Hurst, Esq.
Cole Schotz P.C.
500 Delaware Avenue – Suite 1410
Wilmington, DE 19801

*Via Hand Delivery*
Hannah M. McCollum, Esq.
Office of the United States Trustee
844 Kind Street – Suite 2207
Wilmington, DE 19801