IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | ) | |
| | ) | Case No. 17-12307 (BLS) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Nos. 1075 & 1199** |

## JOINDER AND SUPPLEMENTAL OBJECTION OF MMR CONSTRUCTORS, INC. TO THE OBJECTION OF THE CONSTRUCTION LIENHOLDER GROUP TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING A LIENHOLDER CLAIMS RESERVE AND GRANTING RELATED RELIEF

MMR Constructors, Inc. ("MMR"), by and through its undersigned counsel, hereby joins and supplements (the "Joinder and Supplemental Objection") the objection [Docket No. 1199] (the "Objection") of the Construction Lienholder Group (the "Construction Lienholder Group") to the Debtors' Motion for Entry of an Order Establishing a Lienholder Claims Reserve and Granting Related Relief [Docket No. 1075] (the "Reserve Motion").  In support of this Joinder and Supplemental Objection, MMR states as follows:

### Background

1.      On October 24, 2017, M&G Polymers USA, LLC ("M&G Polymers"), one of the above-captioned debtors, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases").

---

[1]      The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à.r.l. (1270), M&G Chemicals, S.A. (1022), M&G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062), and Indo American Investments Inc. (9208).  The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

2.     Prior to the Petition Date, in early 2013, the Debtors began construction on a PTA/PET production plant (the "Corpus Christi Plant") located at 7001 Joe Fulton International Corridor, Corpus Christi, Texas, 78409 (as further described in the Lien Statements (as such term is defined herein) attached hereto, the "Property") owned by M&G Resins USA, LLC, one of the above-captioned debtors (the "Owner").   All activities related to project management and procurement for the Plant were allegedly handled by debtor Chemtex International Inc. ("Chemtex").  Construction of the Corpus Christi Plant ceased prior to October 24, 2017 at only 85% complete.

3.     Prior to the cessation of the project, during the construction process in 2017, MMR furnished electrical and instrumentation craftsmen and labor for construction and/or completion, as well as materials, for the improvements on the Plant.  The Debtors did not pay MMR for the services and materials it provided with respect to the Plant.  As of the date hereof, the outstanding amounts owed with respect to MMR's work at the Plant totaled $16,277,379.56 (the "Total Outstanding Debt"), exclusive of accruing interest, attorneys' fees, and other charges

4.     On October 17, 2017, MMR filed an *Affidavit of Mechanics and Materialman's Lien* (the "First Lien Statement") with respect to the Plant and related Property, as well as the improvements and removables located thereon, for the secured amount due and owing at that time of $15,779,013.39 (exclusive of accruing interest, attorneys' fees, and other charges), pursuant to § 53.052 of the Texas Code and Statutes Annotated (the "Texas Statutes").   On January 5, 2018, MMR filed an updated *Affidavit of Mechanics and Materialman's Lien* (the "Second Lien Statement," together with the First Lien Statement, the "Lien Statements") with respect to the Plant and related Property, as well as the improvements and removables located thereon, for the Total Outstanding Debt (exclusive of accruing interest, attorneys' fees, and other

charges).  By filing the Lien Statements, MMR perfected a lien (the "Lien") against the Corpus Christi Plant and Property, as well as the improvements and removables located thereon.  The Total Outstanding Debt remains unpaid.

5.      On February 15, 2018, MMR filed a Notice of Perfection, Maintenance, and Continuation of Lien of MMR Constructors, Inc. Under 11 U.S.C. § 546(b) (the "MMR 546 Notice").  A true and correct copy of the MMR 546 Notice is attached hereto as Exhibit A and attached thereto are true and correct copies of the Lien Statements.

6.      On March 2, 2018, the Debtors filed the Reserve Motion seeking authority to establish a reserve (the "Reserve")  for lienholder claims (the "Lienholder Claims") from the sale of substantially all of their remaining assets, including, among other things, the Plant and the Property (the "Sale").  The Reserve Motion sets forth that there were 229 Lienholder Claims filed against the Debtors' estates totaling more than $800 million.  Despite the total, the Debtors seek authority through the Reserve Motion to establish the Reserve in the amount of $350,149,728.43.    Further,  the  Debtors  propose  this  approximately  $350  million  as  the "maximum" potential liability for Lienholder Claims and seek an order from the Court (the "Proposed Order") providing that "under no circumstances shall the Lienholder Claims Reserve be increased."  See Reserve Motion Proposed Order ¶ 5.

7.       Despite  the  over  $16  million  MMR  Lien,  the  Debtors  propose  a  reserve  of $14,992,814.16 (the "MMR Reserve").  The Debtors assert the reduction of $1,284,565.40 is to account for amounts owed to the subcontractors of MMR (the "MMR Subcontractor Liens")

**Joinder**

8.      Through this Joinder, MMR hereby joins in the arguments raised in the Objection and expressly adopts, raises, and incorporates such arguments therein, as if set forth herein.

MMR reserves the right to supplement and join in any other filings, and to present supplemental and further arguments at any hearing on the Sale and/or the Reserve Motion.

## Supplemental Objection

9.     In addition to the above Joinder, by and through this Supplemental Objection, MMR respectfully asserts that all proceeds from the Sale of the Debtors' assets should be segregated and reserved until the Court determines a proper reserve.

10.     The Debtors provide no evidentiary support for the accuracy of the amounts of the MMR Subcontractors Liens.  Thus, it is inappropriate to reduce the MMR Reserve by these amounts.  Should the amount of the MMR Subcontractor Liens be later found to either be incorrect or previously paid by MMR, there is no mechanism to properly adjust the MMR Reserve.  First, even if the correct amounts for the MMR Subcontractor Liens are determined through an objection or settlement process in the future this does not resolve the concern as the Reserve Motion provides the Debtors broad authority to remove funds from the Reserve subsequent to a settlement or objection.  Further, even if the Debtors did not remove the funds, there is also no guarantee that if a correct MMR Subcontractor Lien amount was determined that the funds would flow back to the MMR Reserve because the proposed Reserve is an aggregate pool of funds available to all Lienholder Claims.  Finally, the establishment of the Reserve in the "maximum" amount of $350 million, when the Debtors admit there are over $800 million in Lienholder Claims, is inappropriate at this time.  This is tantamount to the disallowance of approximately $450 million in Lienholder Claims and is premature.  Accordingly, MMR objects to the implementation of such a Reserve.

## Reservation of Rights

11.     MMR reserves the right to amend, modify, or supplement this Joinder and Supplemental Objection.   Should the grounds of objection stated in this Joinder and Supplemental Objection be dismissed, overruled, or withdrawn, or should the Debtors submit additional information regarding the allocation, or other arguments raised in the Objection, MMR reserves the right to object further to the Sale and/or the Reserve Motion on any grounds in the future.

WHEREFORE, based on the foregoing, MMR respectfully requests that the Court enter an Order: (i) denying the Reserve Motion; (ii) segregating the Sale proceeds until a proper reserve for Lienholder Claims can be determined by the Court and; (iii) granting to MMR such further relief as is just and proper.

Dated: March 16, 2018
      Wilmington, Delaware

*/s/ Morgan L. Patterson*
Matthew P. Ward (Del. Bar No. 4471)
Morgan L. Patterson (Del. Bar No. 5388)
Womble Bond Dickinson (US) LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801
Telephone:  (302) 252-4320
Facsimile:  (302) 252-4330
Email:  matthew.ward@wbd-us.com
Email:  morgan.patterson@wbd-us.com

*Counsel to MMR Constructors, Inc.*

WBD (US) 42396652v1