IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | Case No. 17-12307 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Related to Nos. 1075 & 1199** |

### JOINDER AND SUPPLEMENTAL OBJECTION OF TCI BUSINESS CAPITAL TO THE OBJECTION OF THE CONSTRUCTION LIENHOLDER GROUP TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING A LIENHOLDER CLAIMS RESERVE AND GRANTING RELATED RELIEF

TCI Business Capital ("TCI"),[2] by and through its undersigned counsel, hereby joins and supplements (the "Joinder and Supplemental Objection") the objection [Docket No. 1199] (the "Objection") of the Construction Lienholder Group (the "Construction Lienholder Group") to the Debtors' Motion for Entry of an Order Establishing a Lienholder Claims Reserve and Granting Related Relief [Docket No. 1075] (the "Reserve Motion"). In support of this Joinder and Supplemental Objection, TCI states as follows:

### Background

1. On October 24, 2017, M&G Polymers USA, LLC ("M&G Polymers"), one of the above-captioned debtors, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases").

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à.r.l. (1270), M&G Chemicals, S.A. (1022), M&G Capital S.à.r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062), and Indo American Investments Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] On March 30, 2017, TCI was assigned the Mechanic's and Materialman's Lien and Constitutional Lien of Integrity Mechanical Specialists, LLC.

2. Prior to the Petition Date, in early 2013, the Debtors began construction on a PTA/PET production plant (the "Corpus Christi Plant") located at 7001 Joe Fulton International Corridor, Corpus Christi, Texas, 78409 (as further described in the Lien Statements (as such term is defined herein) attached hereto, the "Property") owned by M&G Resins USA, LLC, one of the above-captioned debtors (the "Owner"). All activities related to project management and procurement for the Plant were allegedly handled by debtor Chemtex International Inc. ("Chemtex"). Construction of the Corpus Christi Plant ceased prior to October 24, 2017 at only 85% complete.

3. Prior to the cessation of the project, on or about June 27, 2016, Integrity Mechanical Specialists, LLC ("IMS") entered into various construction contracts and purchase orders (the "Contracts") with Chemtex concerning certain construction work and improvements on the Plant. On or about August 17, 2016, IMS and TCI entered into a Factoring, Security and Service Agreement (the "Factoring Agreement") wherein TCI agreed to advance payment to IMS with respect to the Contracts following Chemtex's approval of invoices submitted by IMS for payment. Pursuant to the Factoring Agreement, TCI took an assignment of the accounts receivable of IMS which specifically included the IMS invoices TCI funded on after Chemtex approval. On or about December 2016, Chemtex terminated its Contracts with IMS.

4. Without cause, the Debtors did not pay IMS for the services and materials it provided pursuant to the Contracts. As of December 15, 2016, the outstanding amounts owed with respect to IMS's work at the Plant totaled $57,149,529.31 (the "Total Outstanding Debt"), exclusive of accruing interest, attorneys' fees, and other charges.

5. On December 15, 2016, IMS filed an Affidavit of Mechanics and Materialman's Lien and Constitutional Lien (the "Original Lien Statement") with respect to the Plant, related

Property, the improvements thereon, and the removables located on the Property in the amount of $52,943,351.12, which did not include attorneys' fees, interest, charges, or costs (the "Outstanding Lien Debt"), pursuant to § 53.052 of the Texas Code and Statutes Annotated (the "Texas Statutes") and Article 16 Section 37 of the Texas Constitution (the "Texas Constitution").³ By filing the Lien Statements, IMS perfected a lien (the "Lien") against the Corpus Christi Plant and Property, as well as the improvements and removables located thereon.

6. Thereafter, consistent with the terms of the Factoring Agreement, IMS confirmed the assignment of its Lien and all of its rights and interest in the Total Outstanding Debt to TCI. On December 20, 2017, TCI filed a Notice of Perfection, Maintenance, and Continuation of Lien of TCI Business Capital as Assignee of Integrity Mechanical Specialists, LLC Under 11 U.S.C. § 546(b) (the "TCI 546 Notice"). A true and correct copy of the TCI 546 Notice is attached hereto as Exhibit A and attached thereto are true and correct copies of the Lien Statements.

7. On March 2, 2018, the Debtors filed the Reserve Motion seeking authority to establish a reserve (the "Reserve") for lienholder claims (the "Lienholder Claims") from the sale of substantially all of their remaining assets, including, among other things, the Plant and the Property (the "Sale"). The Reserve Motion sets forth that there were 229 Lienholder Claims filed against the Debtors' estates totaling more than $800 million. Despite the total, the Debtors seek authority through the Reserve Motion to establish the Reserve in the amount of $350,149,728.43. Further, the Debtors propose this approximately $350 million as the "maximum" potential liability for Lienholder Claims and seek an order from the Court (the "Proposed Order") providing that "under no circumstances shall the Lienholder Claims Reserve

---

³ On December 27, 2016, IMS supplemented the Original Lien Statement with the only difference being the inclusion of Sinopec Engineering (Group) Co., Ltd. ("Sinopec") to the filing as a potential party in the contracting chain (the "Supplemental Lien Statement," and together with the Original Lien Statement, the "Lien Statements").

3

be increased." See Reserve Motion Proposed Order ¶ 5.

8. Despite the over $52 million amount of the IMS Lien, the Debtors propose a reserve of $35,229,737.54 (the "IMS Reserve"). The Debtors assert the reduction of $17,713,613.58 is to account for amounts owed to the subcontractors of IMS (the "IMS Subcontractor Liens").

## Joinder

9. Through this Joinder, TCI hereby joins in the arguments raised in the Objection and expressly adopts, raises, and incorporates such arguments therein, as if set forth herein. TCI reserves the right to supplement and join in any other filings, and to present supplemental and further arguments at any hearing on the Sale and/or the Reserve Motion.

## Supplemental Objection

10. In addition to the above Joinder, by and through this Supplemental Objection, TCI respectfully asserts that all proceeds from the Sale of the Debtors' assets should be segregated and reserved until the Court determines a proper reserve. Specifically, the amount of the IMS Reserve is incorrect because the Debtors have miscalculated the IMS Subcontractor Liens (as well as failed to include interest and attorney's fees). Even if the correct amounts for the IMS Subcontractor Liens are determined through an objection or settlement process in the future this does not resolve the concern as the Reserve Motion provides the Debtors broad authority to remove funds from the Reserve subsequent to a settlement or objection. Further, even if the Debtors did not remove the funds, there is also no guarantee that if a correct IMS Subcontractor Lien amount was determined that the funds would flow back to the IMS Reserve because the proposed Reserve is an aggregate pool of funds available to all Lienholder Claims. Finally, the establishment of the Reserve in the "maximum" amount of $350 million, when the Debtors

admit there are over $800 million in Lienholder Claims, is inappropriate at this time. This is tantamount to the disallowance of approximately $450 million in Lienholder Claims and is premature. Accordingly, TCI objects to the implementation of such a Reserve.

**Reservation of Rights**

11. TCI reserves the right to amend, modify, or supplement this Joinder and Supplemental Objection. Should the grounds of objection stated in this Joinder and Supplemental Objection be dismissed, overruled, or withdrawn, or should the Debtors submit additional information regarding the allocation, or other arguments raised in the Objection, TCI reserves the right to object further to the Sale and/or the Reserve Motion on any grounds in the future.

WHEREFORE, based on the foregoing, TCI respectfully requests that the Court enter an Order: (i) denying the Reserve Motion; (ii) segregating the Sale proceeds until a proper reserve for Lienholder Claims can be determined by the Court and; (iii) granting to TCI such further relief as is just and proper.

Dated: March 16, 2018
      Wilmington, Delaware

                                                  */s/ Morgan L. Patterson*
                                                  Matthew P. Ward (Del. Bar No. 4471)
                                                  Morgan L. Patterson (Del. Bar No. 5388)
                                                  Womble Bond Dickinson (US) LLP
                                                  222 Delaware Avenue, Suite 1501
                                                  Wilmington, DE  19801
                                                  Telephone:  (302) 252-4320
                                                  Facsimile:  (302) 252-4330
                                                  Email:  matthew.ward@wbd-us.com
                                                  Email:  morgan.patterson@wbd-us.com

                                                  *Counsel to TCI Business Capital*