**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|   |   |
|---|---|
| IN RE: | Chapter 11 |
| M&G USA CORPORATION, *et al.*, | Case No. 17-12307 (BLS) |
| Debtors[1]. | (Jointly Administered) |
|   | Related to Docket Nos. 537, 775, 1142 |

**FLUOR ENTERPRISES, INC.'S OBJECTION TO THIRD SUPPLEMENTAL NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE**

Fluor Enterprises, Inc. ("Fluor") files this Objection to the *Third Supplemental Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Sale* ("Third Supplemental Cure Notice") (D.I. 1142) filed by the Debtors and Debtors-in-Possession (collectively, the "Debtors") in the above-styled jointly-administered Chapter 11 bankruptcy cases (the "Bankruptcy Cases") and would show the Court the following:

### I. BACKGROUND FACTS

1. Fluor provided labor, equipment, materials, and construction services pursuant to two contracts: (1) a March 31, 2017 Personnel Services Agreement (the "PSA") between Fluor and M&G Resins USA, LLC ("M&G"), and (2) a June 8, 2017 Construction Services Agreement ("CSA") between Fluor and Chemtex International, Inc.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.ã r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.ã r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

2. Under the PSA and CSA, Fluor delivered and provided labor, services, and materials for improvement and construction of a Plant located at 7001 Joe Fulton International Trade Corridor, Corpus Christi, Texas 78409 (the "Property"). The amount owing to Fluor under the CSA is at least $4,985,351.17, exclusive of accruing contractual interest, attorneys' fees, and other charges. The amount owing to Fluor under the PSA is at least $213,468.54, also exclusive of accruing contractual interest, attorneys' fees, and other charges. The details regarding these amounts are more fully set forth in Fluor's Notice of Perfection of Mechanic's and Materialmen's Lien filed pursuant to section 546 of the Bankruptcy Code which Fluor incorporates along with its exhibits herein by reference. (D.I. 313).

3. On December 21, 2017, Debtors filed *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Sale* (the "Original Cure Notice"). The Original Cure Notice lists a "Contact for subcontractors" and "Contract for subcontractors – Amendment" with Fluor. (D.I. 537, Sch. 1 at 6). Debtors listed the cure amount for this contract as $0.00. (*Id.*). Debtors provided no other description of the contract at issue.

4. On January 3, 2018, Fluor objected to the Original Cure Notice on the grounds it provided an inadequate description of the subject agreements and failed to provide for the amounts owed to Fluor under the existing agreements. (D.I. 604).

5. On January 25, 2018, Debtors filed the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Sale* (the "Second Supplemental Cure Notice"). (D.I. 775). The Second Supplemental Cure Notice contains no revisions with respect to Fluor's treatment from the Original Cure Notice. (D.I. 775, Ex. B). Therefore, Fluor objected to the Second Supplemental Cure Notice. (D.I. 861).

6. On March 2, 2018, Debtors filed a motion to establish a lien claim reserve and propose reserving in excess of $5,000,000 for Fluor's lien claims. (D.I. 1075). Despite this apparent recognition of Fluor's claim, on March 12, 2018, Debtors filed the Third Supplemental Cure Notice again listing $0.00 in cure and again failing to provide more detailed description of the contracts subject to the notice. Fluor again objects to this treatment.

## II. OBJECTION

7. Bankruptcy Code § 365(a) provides that a trustee or a debtor-in-possession may, subject to bankruptcy-court approval, assume or reject any executory contract or unexpired lease. 11 U.S.C. § 365(a). This provision allows a debtor's estate to keep beneficial contracts and leases while ridding itself of burdensome ones. I*n re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993); *University Med. Ctr. v. Sullivan (In re University Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992); *In re Whitcomb & Keller Mortgage Co., Inc.*, 715 F.2d 375, 379 (7th Cir. 1983). To assume an executory contract under § 365, the trustee or debtor-in-possession must, at the time of assumption, 1) "cure[] or provide[] adequate assurance that the trustee will promptly cure" any default under the contract, 2) compensate the counterparty (or provide adequate assurance of prompt compensation) for any "actual pecuniary loss" resulting from the debtor's default, and 3) provide "adequate assurance of future performance" under the contract. 11 U.S.C. § 365(b)(1); *see also Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 506 (5th Cir. 2000); *Official Comm. of Unsecured Creditors v. Aust (In re Network Access Solutions, Corp.)*, 330 B.R. 67, 76 (Bankr. D. Del. 2005) ("[W]hen a contract is assumed under section 365, all unpaid amounts due under the agreement must be paid.").

8. Fluor initially objects to the Third Supplemental Cure Notice because, like the Original Cure Notice and Second Supplemental Cure Notice, it fails to adequately describe the contract at issue. Fluor cannot adequately evaluate what contract Debtors refer to without the

date and full title of the contract.  Moreover, the description "Contract for subcontractors" does not match the title of the contracts Fluor is aware of being at issue in this case.

9. To the extent Debtors refer to either the PSA or CSA, Fluor objects to the cure amount of $0.00.  The cure amounts for these contracts are $213,468.54 and $4,985,351.17, <u>plus</u> attorneys' fees, costs, interest, and other charges as may be allowed under those contracts and at law.  Debtors must cure these amounts in connection with any assumption of the PSA or CSA.

10. Moreover, given the lack of adequate contract description, Fluor cannot evaluate adequate assurance of future performance issues.  Fluor expressly reserves any objection based on adequate assurance as Debtors' sale process continues to develop.

### III. RESERVATION OF RIGHTS

11. Fluor reserves the right to further amend, modify, or supplement this Objection at any time and also reserve all their rights, if any, as a creditor in these Bankruptcy Cases, including in connection with any proof of claim it may file, any sale motion, its lien rights, and any plan of reorganization or liquidation in these Bankruptcy Cases.

WHEREFORE, Fluor Enterprises, Inc. asks this Court to (i) sustain its objections to the Third Supplemental Cure Notice, and (ii) grant Fluor such other and further relief to which it may be justly entitled.

Dated:  March 19, 2018 **SAUL EWING ARNSTEIN & LEHR LLP**

 /s/ *John D. Demmy*
John D. Demmy (DE Bar No. 2802)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone:  (302) 421-6848
Fax:     (302) 421-5881
john.demmy@saul.com

Philip G. Eisenberg
**LOCKE LORD LLP**
600 Travis Street, Suite 2800
Houston, Texas  77002
Phone:  (713) 226-1489
Fax:  (713) 229-2536
peisenberg@lockelord.com

Bradley C. Knapp
**LOCKE LORD LLP**
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5210
Fax: (504) 910-6847
bknapp@lockelord.com

*Attorneys for Fluor Enterprises, Inc.*