# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M & G USA CORPORATION, *et al.*, | : | Case No. 17-12307 (BLS) |
| | : | |
| Debtors.[1] | : | Jointly Administered |
| | : | |
| | : | **Objection Deadline: May 7, 2018 at 4:00 p.m.** |
| | : | **Hearing Date:** *Only if objections are filed* |

--------------------------------------------------------- x

## FIFTH MONTHLY FEE STATEMENT OF
## MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
## FOR INTERIM APPROVAL AND ALLOWANCE OF
## COMPENSATION FOR SERVICES RENDERED AND FOR
## REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL
## TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## FROM MARCH 1, 2018 THROUGH AND INCLUDING MARCH 31, 2018

Name of Applicant: <u>Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP</u>

Authorized to Provide
Professional Services to: <u>Official Committee of Unsecured Creditors</u>

Date of Retention: <u>November 13, 2017</u>

Period for which compensation
and reimbursement is sought: <u>March 1, 2018 – March 31, 2018</u>

Total Amount of Compensation
Sought for Current Period (100%): <u>$2,018,040.50</u>

Amount of Compensation
Requested for Current Period (80%): <u>$1,614,432.40</u>

Amount of Expense Reimbursement
Requested (100%): <u>$157,705.06</u>

This is a/an: __X__ monthly _____interim ____ final application.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

Prior Fee Applications Filed:

| Application | Date Filed | Period Covered | Requested Fees / Expenses | Authorized Fees (80%) / Expenses (100%) |
|---|---|---|---|---|
| First Monthly Fee Statement [Docket Nos. 726, 907] | 1/19/18 | 11/13/17 – 11/30/17 | $1,495,929.50 / $6,107.97 | $1,196,743.60 / $6,107.97 |
| Second Monthly Fee Statement [Docket No. 945] | 2/9/18 | 12/1/17 – 12/31/17 | $1,530,634.00 / $40,653.64 | $1,913,292.50 / $40,653.34 |
| Third Monthly Fee Statement [Docket No. 1126] | 3/9/18 | 1/1/18 – 1/31/18 | $1,493,138.75 / $23,465.76 | $1,194,511.00 / $23,465.76 |
| First Interim Fee Application [Docket No. 1177] | 3/15/18 | 11/13/17 – 1/31/18 | $4,902,138.75 / $70,227.37 | $3,921,888.60 / $70,227.37 |
| Fourth Monthly Fee Statement [Docket No. 1311] | 3/30/18 | 2/1/18 – 2/28/18 | $1,736,826.75 / $21,870.37 | $1,389,461.40 / $21,870.37 |

**FIFTH MONTHLY FEE STATEMENT OF MILBANK, TWEED,
HADLEY & M<sup>C</sup>CLOY LLP AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF M&G USA CORPORATION, ET AL.
(MARCH 1, 2018 – MARCH 31, 2018)** [2]

| Name | Position; Experience[3] | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Dennis Dunne | Financial Restructuring Partner at Milbank for 20 years; admitted in 1991. | $1,465 | 22.00 | $32,230.00 |
| Abhilash Raval | Financial Restructuring Partner at Milbank for 11 years; admitted in 1998. | $1,465 $732.5* | 176.70 7.10 | $258,865.50 $5,200.75 |
| Fiona Schaeffer | Litigation Partner at Milbank for 4 years; admitted in 1997. | $1,465 | 1.60 | $2,344.00 |
| Alan Stone | Litigation Partner at Milbank for 11 years; admitted in 1988. | $1,465 $732.5* | 83.70 3.20 | $122,620.50 $2,344.00 |
| Lauren Doyle | Financial Restructuring Partner for 2 years; admitted in 2006. | $1,160 $580* | 209.30 10.30 | $242,788.00 $5,974.00 |
| Andrea Hood | Litigation Special Counsel at Milbank for 1 year; admitted in 2007. | $1,065 | 30.10 | $32,056.50 |
| Brian Kinney | Financial Restructuring Special Counsel at Milbank for 4 years; admitted in 2004. | $1,065 $532.5* | 196.80 12.10 | $209,592.00 $6,443.25 |
| Alexander Lees | Litigation Special Counsel at Milbank for 2 years; admitted in 2007. | $1,065 $532.5* | 147.40 9.30 | $156,981.00 $4,952.25 |
| James Burke | Litigation Associate at Milbank for 4 years; admitted in 2008. | $995 $497.5* | 117.20 5.20 | $116,614.00 $2,587.00 |
| Michael Price | Financial Restructuring Associate at Milbank for 7 years; admitted in 2011. | $970 $485* | 235.70 7.70 | $228,629.00 $3,734.50 |
| Emily Glaser | Litigation Associate at Milbank for 5 years; admitted in 2013. | $875 $437.5* | 147.60 6.80 | $129,150.00 $2,975.00 |
| Maxwell Kelly | Litigation Associate at Milbank for 3 years; admitted in 2012. | $790 $395* | 61.00 12.60 | $48,190.00 $4,977.00 |

---

[2]    All non-working travel time is billed at 50% of regular hourly rates pursuant to Local Rule 2016-2(d)(ix) and is indicated by an asterisk (*).

[3]    The term "Law Clerk," as used herein, refers to law school graduates who have not yet been admitted to practice.

| | | | | |
|---|---|---|---|---|
| Jenna Lowy | Litigation Associate at Milbank for 2 years; admitted in 2017. | $700 $350* | 72.20 2.50 | $50,540.00 $875.00 |
| Paul Springer | Financial Restructuring Associate at Milbank for 2 years; admitted in 2016. | $700 | 125.60 | $87,920.00 |
| Stephen Robert Marsters | Litigation Associate at Milbank for 1 year; admitted in 2018. | $565 | 94.80 | $53,562.00 |
| Alexander Miller | Financial Restructuring Law Clerk at Milbank; not yet admitted. | $565 | 79.70 | $45,030.50 |
| Luis Orengo | Litigation Law Clerk at Milbank for 1 year; not yet admitted. | $565 | 44.10 | $24,916.50 |
| Samuel Luciano | Staff Attorney | $265 | 20.00 | $5,300.00 |
| Stacey Mackinnon | Staff Attorney | $265 | 14.80 | $3,922.00 |
| Judith Mejia | Staff Attorney | $265 | 18.50 | $4,902.50 |
| Anne Turner | Staff Attorney | $265 | 17.40 | $4,611.00 |
| Angel Anderson | Case Manager | $340 | 32.90 | $11,186.00 |
| Brijranie Nelly Seegopaul | Case Manager | $340 | 111.00 | $37,740.00 |
| Paul Butters | Legal Assistant | $305 | 12.20 | $3,721.00 |
| Greg Holland | Legal Assistant | $305 $152.5* | 57.40 2.50 | $17,507.00 $381.25 |
| Melissa Benerofe | Legal Assistant | $210 | 15.20 | $3,192.00 |
| David Francis | Legal Assistant | $210 | 44.80 | $9,408.00 |
| Marcin Grabysz | Specialist | $350 | 60.60 | $21,210.00 |
| Ken Yan | Specialist | $305 | 15.30 | $4,666.50 |
| Sachin Chandani | Specialist | $295 | 27.80 | $8,201.00 |
| | | | | |
| **Total** | | **$850.52 (blended rate)[4]** | **2,372.70 Hours** | **$2,018,040.50** |

---

[4] The blended rate <u>excluding</u> paraprofessionals is $953.75 per hour.

**SUMMARY OF SERVICES RENDERED DURING**
**MILBANK, TWEED, HADLEY & MᶜCLOY LLP'S**
**FIFTH MONTHLY PERIOD AS COUNSEL TO**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**OF M&G USA CORPORATION, ET AL.**
**(MARCH 1, 2018 – MARCH 31, 2018)**

| PROJECT CATEGORY | MARCH HOURS | MARCH FEES |
|---|---|---|
| Asset Sales | 633.10 | $707,383.50 |
| Cash Collateral / Adequate Protection | .90 | $892.00 |
| Claims Analysis / Estimation / Objections / Reconciliations | .80 | $852.00 |
| Committee Meetings | 88.20 | $90,217.00 |
| Communications with Committee Members | 40.60 | $36,173.00 |
| Communications with Creditors | .70 | $827.50 |
| Communications with Debtors | 1.20 | $1,281.00 |
| Communications with U.S. Trustee | .20 | $140.00 |
| Court Hearings / Communications | 126.10 | $126,015.50 |
| Employee / Severance Issues | .20 | $194.00 |
| Fee Statements / Applications – Milbank | 64.30 | $51,560.00 |
| Fee Statements / Applications – Other | 21.90 | $16,643.00 |
| File / Docket / Calendar Maintenance | .20 | $140.00 |
| General Case Administration | 54.10 | $40,400.00 |
| General Case Strategy | 38.20 | $52,136.00 |
| Litigation & Rule 2004 Examinations | 12.60 | $7,132.00 |
| Non-Working Travel Time | 79.30 | $40,444.00 |
| Regulatory Issues | 2.00 | $2,808.00 |
| Retention of Professionals – Committee | 4.10 | $3,062.00 |
| Secured Creditor Issues | .90 | $868.00 |
| M&G Resins Lien & Lienholder Investigation | 1,203.10 | $838,872.00 |
| | | |
| **Total** | **2,372.70** | **$2,018,040.50** |

**SUMMARY OF EXPENSES INCURRED DURING
MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP'S
FIFTH MONTHLY PERIOD AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF M&G USA CORPORATION, ET AL.
(MARCH 1, 2018 – MARCH 31, 2018)**

| DISBURSEMENTS | AMOUNT |
|---|---|
| Cab Fares / Local Transportation | $3,116.54 |
| Committee Website Services (Epiq) | $445.50 |
| Computerized Database Research | $22,870.76 |
| Lodging | $4,988.31 |
| Meals | $5,761.93 |
| Outside Messenger | $1,617.49 |
| Photocopies / Printing | $11,590.83 |
| Professional Consulting Fees | $97,500.00 |
| Rail | $4,005.50 |
| Telephone | $555.00 |
| Transcript Expenses | $2,936.65 |
| Travel | $2,316.55 |
| **TOTAL DISBURSEMENTS** | **$157,705.06** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                                        :
In re:                                                  :        Chapter 11
                                                        :
M & G USA CORPORATION , et al.,                         :        Case No. 17-12307 (BLS)
                                                        :
                              Debtors.¹                  :        Jointly Administered
                                                        :
------------------------------------------------------- x
```

**Objection Deadline: May 7, 2018 at 4:00 p.m.**
**Hearing Date:** *Only if objections are filed*

## FIFTH MONTHLY FEE STATEMENT OF
## MILBANK, TWEED, HADLEY & MᶜCLOY LLP
## FOR INTERIM APPROVAL AND ALLOWANCE OF
## COMPENSATION FOR SERVICES RENDERED AND FOR
## REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL
## TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## FROM MARCH 1, 2018 THROUGH AND INCLUDING MARCH 31, 2018

Milbank, Tweed, Hadley & MᶜCloy LLP ("Milbank"), attorneys to the Official

Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases

(the "Chapter 11 Cases"), hereby submits this fifth monthly fee statement (the "Fee Statement"),

pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-

1532 (as amended, the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy

Procedure (as amended, the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy

Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (as

amended, the "Local Rules"), and this Court's *Order Authorizing Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* [Docket No. 308] entered in

these Chapter 11 Cases on November 30, 2017 (the "Interim Compensation Order"), for

---

¹ The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

allowance of compensation and reimbursement of expenses for the period of March 1, 2018 through and including March 31, 2018 (the "Fifth Monthly Period").  By this Fee Statement, Milbank seeks (i) interim allowance with respect to the sum of $2,018,040.50, representing one hundred percent (100%) compensation for actual, reasonable, and necessary professional services rendered during the Fifth Monthly Period, and the sum of $157,705.06 representing one hundred percent (100%) reimbursement of its actual, reasonable, and necessary expenses incurred during the Fifth Monthly Period, and (ii) payment of such fees and expenses in accordance with the procedures set forth in the Interim Compensation Order (i.e., authorization of current payment of eighty percent (80%) of its requested fees in the amount of $1,614,432.40 and reimbursement of one hundred percent (100%) of its expenses incurred in the amount of $157,705.06, for a total payment of $1,772,137.46).  In support of this Fee Statement, Milbank respectfully represents as follows:

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Background**

2.      On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

4.      The Debtors' chapter 11 cases have been consolidated for procedural purposes

only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5.     On November 13, 2017, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee, pursuant to section 1102(a)(1) of the Bankruptcy Code.

6.     On December 28, 2017, this Court entered the *Order Under 11 U.S.C. §§ 328 and 1103, Fed. R. Bankr. P. 2014 and 5002, and Local Bankruptcy Rule 2014-1 Authorizing Retention and Employment of Milbank, Tweed, Hadley & McCloy LLP, as Counsel to Official Committee of Unsecured Creditors of M&G USA Corporation, et al., Effective as of November 13, 2017* [Docket No. 554], approving the Committee's retention of Milbank as their counsel in these Chapter 11 Cases.

7.     On November 30, 2017, the Court entered the Interim Compensation Order, authorizing certain professionals (each a "Professional") to submit monthly fee statements for interim compensation of fees and reimbursement of expenses in accordance with the procedures set forth therein.  The Interim Compensation Order provides that a Professional may file with the Court and serve on certain parties monthly fee statements for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month(s).  Parties in interest have 21 days after the filing and service of a monthly fee statement to object to such application (the "Fee Objection Deadline").  Upon the expiration of the Fee Objection Deadline, the Professional may file a certificate of no objection or certification of counsel with the Court and, thereafter, the Debtors are authorized to pay the Professional an amount equal to the lesser of (i) 80% of the requested fees and 100% of the requested expenses in the applicable monthly fee statement, and (ii) the aggregate amount of fees and expenses not subject to an objection.

**Billing History**

8.     This Fee Statement is Milbank's fifth monthly fee statement requesting approval and allowance of compensation and reimbursement of expenses.  No prior fee statement has been made to this or any other court seeking the relief requested herein, nor has payment been received by Milbank for legal services provided to and on behalf of the Committee, or for out-of-pocket expenses incurred in connection therewith, in respect of the Fifth Monthly Period. Milbank has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these Chapter 11 Cases.  No promises have been received by Milbank or any member thereof as to compensation in connection with these Chapter 11 Cases.  All services for which compensation is sought herein were rendered by Milbank to the Committee solely in connection with these Chapter 11 Cases and not on behalf of any other persons.

**Fee Statement**

9.     By this Fee Statement, Milbank seeks (i) interim allowance with respect to the sum of $2,018,040.50, representing one hundred percent (100%) compensation for actual, reasonable, and necessary professional services rendered on behalf of the Committee during the Fifth Monthly Period, and the sum of $157,705.06, representing one hundred percent (100%) reimbursement of its actual, reasonable, and necessary expenses incurred during the Fifth Monthly Period in connection with rendering such services, and (ii) payment of such fees and expenses in accordance with the procedures set forth in the Interim Compensation Order (i.e., authorization of payment of eighty percent (80%) of its requested fees in the amount of $1,614,432.40 and reimbursement of one hundred percent (100%) of its expenses incurred in the amount of $157,705.06, for a total payment of $1,772,137.46).  The fees sought in this Fee Statement reflect an aggregate of 2,372.70 hours of attorney and paraprofessional time spent and

recorded in performing services for the Committee during the Fifth Monthly Period. The blended average hourly rate for both attorneys and paraprofessionals is $850.52. The blended hourly rate for attorneys only is $953.75.

10.     Milbank maintains, in the ordinary course of its practice, written records of the time expended in connection with its rendering of the professional services required by the Committee.

11.     For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet is a billing summary for the Fifth Monthly Period, setting forth the name of each attorney and paraprofessional for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate time expended by each such attorney or paraprofessional, the hourly billing rate for each such attorney or paraprofessional at Milbank's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested. Additionally, set forth in the billing summary is further information indicating whether each attorney is a partner, counsel, or associate, how many years each attorney has held such position, and each attorney's primary area of concentration. The compensation requested by Milbank is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12.     Set forth in Exhibit A are time entries recorded in tenths of an hour and by project category with a detailed description of services performed by each attorney and paraprofessional on behalf of the Committee.

13.     Milbank also maintains contemporaneous records of all actual and necessary expenses incurred in connection with performing professional services. A summary of the expenses incurred during the Fifth Monthly Period is set forth on the cover sheet. The summary lists the amounts and categories of expenses for which reimbursement is sought. Set forth in

Exhibit B hereto is a further breakdown of expenses, including the date the expense was incurred, the charge, and the person incurring the expense. Milbank has incurred actual, reasonable, and necessary out-of-pocket expenses during the Fifth Monthly Period in the amount of $157,705.06.[2]

## Actual and Necessary Expenses

14. In connection with the reimbursement of expenses, Milbank's policy is to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Milbank's clients include, among other things, telephone toll and other charges, regular mail and express mail charges, special or hand delivery charges, photocopying and printing charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research charges, and transcription costs.

15. With respect to its representation of the Committee, Milbank charges for these expenses at rates consistent with those charged to Milbank's other bankruptcy clients, which rates are equal to or less than the rates charged by Milbank to its non-bankruptcy clients. Milbank seeks reimbursement at the following rates for the following expenses: (i) ten cents ($0.10) per page for photocopying; (ii) ten cents ($0.10) per page for black and white printing; and (iii) ten cents ($0.10) per page for color printing.[3]

16. In accordance with section 330 of the Bankruptcy Code, Milbank seeks

---

[2] This amount is inclusive of $445.50 incurred for website services during the Fifth Monthly Period. In accordance with this Court's *Order Establishing Information Sharing Procedures for Compliance with 11 U.S.C. §§ 1102(b)(3) and 1103(c) by the Official Committee of Unsecured Creditors Nunc Pro Tunc to November 13, 2017* [Docket No. 626], a copy of the invoice for such services is attached as Exhibit C hereto.

[3] Milbank is seeking reimbursement for all Amtrak tickets at 50% of the actual cost incurred and is seeking reimbursement of lodging expenses at no more than $350 per night (inclusive of taxes) in Wilmington and $525 per night (inclusive of taxes) in New York.

reimbursement only for the actual cost of such expenses to Milbank.[4]

17.     In providing or obtaining from third parties services that are reimbursable by clients, Milbank does not include in such reimbursable amount any costs of investment, equipment, or capital outlay.

18.     Milbank regularly charges its non-bankruptcy clients for ordinary business hourly fees and expenses for secretarial, library, word processing, and other staff services because such items are not included in the firm's overhead for the purpose of setting billing rates.  Milbank is not, however, seeking reimbursement of hourly fees of its secretarial services in this Fee Statement.

## Summary of Services Rendered

19.     To provide an orderly and meaningful summary of the services rendered by Milbank on behalf of the Committee, Milbank established separate project billing categories for these cases.  Milbank's professionals billed time to the following categories during the Fifth Monthly Period:

- Asset Sales
- Cash Collateral / Adequate Protection
- Claims Analysis / Estimation / Objections / Reconciliations
- Committee Meetings
- Communications with Committee Members
- Communications with Creditors
- Communications with Debtors
- Communications with U.S. Trustee
- Court Hearings / Communications
- Employee / Severance Issues
- Fee Statements / Applications – Milbank
- Fee Statements / Applications – Other
- File / Docket / Calendar Maintenance

---

[4]     The cost of expenses Milbank is seeking reflects any discounted rates based on volume or other discounts which Milbank anticipates receiving from certain outside vendors; however, Milbank does not perform a retrospective reconciliation of any "year-end" adjustments (positive or negative) to the actual discounted cost of such expenses.

- General Case Administration
- General Case Strategy
- Litigation & Rule 2004 Examinations
- Non-Working Travel Time
- Regulatory Issues
- Retention of Professionals – Committee
- Secured Creditor Issues
- M&G Resins Lien & Lienholder Investigation

20.    The following summary of services rendered is intended only to highlight matters in certain of the above-listed categories where Milbank has expended a considerable number of hours on behalf of the Committee during the Fifth Monthly Period, and it is not meant to be a detailed description of all of the work performed.  Indeed, this Fee Statement does not detail each and every correspondence, meeting, discussion, court appearance, or work stream, or all research conducted by Milbank during the Fifth Monthly Period.

21.    <u>General Overview of Services Rendered</u>.  During the Fifth Monthly Period, Milbank rendered a variety of services to the Committee (which services are described in detail in <u>Exhibit A</u> attached hereto), including, among other things, tasks related to the administration of the Committee, research and analysis of matters arising during such period, preparation of pleadings and other documents, negotiations, and other legal services as were required by and deemed to be in the best interests of the Committee.  In connection therewith, Milbank conducted numerous meetings and telephone conferences with the Committee, the Committee's other advisors, the Debtors, and other parties in interest, and at all times kept the Committee apprised of events in these Chapter 11 Cases.

22.    <u>Asset Sales.</u>  During the Fifth Monthly Period, Milbank, in concert with the Committee's other advisors, continued its work concerning the proposed sale of the Corpus Christi plant and other assets, including, without limitation, analyzing potential antitrust, environmental, and other regulatory concerns that could be implicated in connection with the

sale. Milbank, in collaboration with the Committee's other advisors, continued to analyze the potential bids, possible legal and strategic implications associated with such bids, and the impact to distributions for unsecured creditors depending on the outcome of the sale process.

23. In addition, Milbank participated in numerous discussions with representatives of potential bidders for the Debtors' assets, negotiated with such parties and the Debtors with respect to their proposed bids and participation in the sale process, and prepared and commented on definitive documents relating thereto. Milbank also attended a multi-day in-person auction for the Corpus Christi assets.

24. In connection with discussions surrounding the sale of the Corpus Christi Plant, Milbank also prepared a bid support term sheet, along with ancillary documentation, memorializing the terms of a global settlement reached with key stakeholders, including the company, prepetition secured lenders, and the members of the consortium group that was selected as the successful bidder for the Corpus Christi assets.

25. Court Hearings/Communications. During the Fifth Monthly Period, Milbank prepared for and represented the Committee at an omnibus hearing on March 14, 2018, as well as a multi-day sale hearing the began on March 23, 2018 and concluded on March 28, 2018. To prepare for these hearings, Milbank reviewed and analyzed documents (including various correspondences and pleadings), and conducted factual and legal research relating to the matters to be considered at each hearing. In addition, Milbank negotiated and prepared forms of orders and other documents to be filed with the Court in connection with such matters.

26. General Case Administration. During the Fifth Monthly Period, Milbank continued to employ procedures to manage the large number of tasks relevant to its representation of the Committee in these Chapter 11 Cases. Such procedures were tailored to ensure that the Committee is kept consistently aware and apprised of the various aspects of these

Chapter 11 Cases, and to minimize unnecessary duplication of effort. Milbank attorneys also coordinated internally and with the Committee's other advisors to manage work streams efficiently and promptly respond to inquiries, requests, and filings from the Committee's members, the Debtors, and other parties in interest.

27.    <u>Committee Meetings</u>.  During the Fifth Monthly Period, Milbank organized and held regularly-scheduled Committee calls on a weekly basis, as well as additional Committee calls as necessary.  Prior to each Committee call, Milbank (in consultation with the other Committee professionals) prepared an agenda outlining topics for discussion.  Milbank, in coordination with the Committee's other advisors, also prepared and distributed discussion materials for the Committee's review in advance of such calls.  On March 8, 2018, Milbank hosted an in-person Committee meeting, whereby the Committee's advisors provided a comprehensive update to the Committee regarding various developments.

28.    <u>M&G Resins Lien and Lienholder Investigation</u>.  In connection with the challenge to the liens and claims asserted by DAK Americas LLC ("<u>DAK</u>"), Milbank engaged in myriad activities during the Fifth Monthly Period, including, without limitation, reviewing and analyzing documents produced by multiple parties interest, and conducting extensive legal analysis regarding the claims, causes of action, and remedies implicated by the challenge litigation, preparation for supplemental briefing, discovery, and other pre-trial activities.  Milbank also engaged in various discussions with the Debtors and other parties in interest regarding potential resolution of the challenge and timing considerations in respect of the same.

29.    In addition to the work set forth above, Milbank, in concert with the Committee's other advisors, continued to review and analyze correspondence and diligence materials provided to Milbank by the Debtors' advisors.  As to diligence items not provided to the Committee during the Fifth Monthly Period, Milbank continued to implement a strategy for identifying and

pursuing additional information believed to be necessary to effectuate the Committee's overall case strategy. Ultimately, Milbank (along with the Committee's other advisors), at the direction of the Committee, was able to reach agreement on a bid support term sheet with the consortium group selected as the successful bidder for the Corpus Christi assets. As DAK is a member of the consortium group, the Committee resolved its challenge litigation in connection with entry into the bid support term sheet.

## **Valuation of Services**

30.     Attorneys and paraprofessionals of Milbank have expended a total of 2,372.70 hours in connection with this matter during the Fifth Monthly Period.

31.     The nature of the work performed by these persons is fully set forth in Exhibit A attached hereto. These are Milbank's normal hourly rates for work of this character. The reasonable value of services rendered by Milbank to the Committee during the Fifth Monthly Period is $2,018,040.50, which reflect voluntary reductions of $118,826.50.

32.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. See 11 U.S.C. §§ 330 and 331. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded…
> the court shall consider the nature, the extent, and the value of such
> services, taking into account all relevant factors, including –
>
> (A)   the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

33. The professional services performed by Milbank were necessary and appropriate to the administration of these Chapter 11 Cases. The professional services rendered by Milbank during the Fifth Monthly Period were in the best interests of the unsecured creditors and required a high degree of professional competence and expertise so that the numerous issues requiring the Committee's evaluation and action could be addressed with skill and dispatch. Milbank respectfully submits that it has rendered these services to the Committee efficiently, effectively, economically, and without duplication of services performed by any other Professional in these Chapter 11 Cases. In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task. Milbank further submits that the requested compensation is reasonable in light of the nature, extent, and value of such services to the Committee and all other parties in interest.

34. To the best of Milbank's knowledge, this Fee Statement complies with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, any guidelines promulgated by the U.S. Trustee, the Local Rules, and the orders of this Court.

## Reservation Of Rights

35.     Milbank reserves the right to request compensation for services and reimbursement of expenses in a future application to the extent that time charges for services rendered or disbursements incurred relating to the Fifth Monthly Period were not processed prior to the preparation of this Fee Statement, or Milbank has for any other reason not sought herein compensation for services rendered or reimbursement of expenses incurred during the Fifth Monthly Period.

## Certification

36.     In accordance with Local Rule 2016-2(f), the undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge, and belief that this Fee Statement complies with Local Rule 2016-2.

## No Prior Request

37.     No previous request for the relief sought herein has been made to this or any other court.

## Notice

38.     A copy of this Fee Statement will be served in accordance with the Interim Compensation Order.  Milbank submits that, in light of the relief requested, no other or further notice need be provided.


*[Remainder of Page Left Intentionally Blank]*

**WHEREFORE**, Milbank respectfully requests (i) interim allowance with respect to the sum of $2,018,040.50 representing one hundred percent (100%) compensation for professional services rendered during the Fifth Monthly Period, and the sum of $157,705.06, representing one hundred percent (100%) reimbursement of its actual, reasonable, and necessary expenses incurred during the Fifth Monthly Period, and (ii) authorization of payment according to the procedures set forth in the Interim Compensation Order (i.e., authorization of payment of eighty percent (80%) of its requested fees in the amount of $1,614,432.40 and reimbursement of one hundred percent (100%) of its expenses incurred in the amount of $157,705.06, for a total payment of $1,772,137.46).

[*Remainder of Page Left Intentionally Blank*]

Dated: April 16, 2018
New York, New York

Respectfully submitted,

_/s/ Abhilash M. Raval_
Dennis F. Dunne (admitted _pro hac vice_)
Abhilash M. Raval (admitted _pro hac vice_)
Lauren C. Doyle (admitted _pro hac vice_)
MILBANK, TWEED, HADLEY & M$^c$CLOY LLP
28 Liberty St.
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 822-5846
Email: ddunne@milbank.com
     araval@milbank.com
     ldoyle@milbank.com

_Counsel for the Official Committee of Unsecured Creditors_

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x
                     :

In re:                     :       Chapter 11
                     :

M & G USA CORPORATION, *et al.*,    :       Case No. 17-12307 (BLS)
                     :

           Debtors.[1]     :       Jointly Administered
                     :

------------------------------------------------------------ x

## <u>VERIFICATION</u>

1.       I am a partner in the Financial Restructuring Group of the firm Milbank, Tweed, Hadley & McCloy LLP ("<u>Milbank</u>"), counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") in these chapter 11 cases (the "<u>Chapter 11 Cases</u>"). I am admitted to the bar in the State of New York, and *pro hac vice* in this Court for these Chapter 11 Cases.

2.       I am familiar with the work performed on behalf of the Committee by Milbank.

3.       I have reviewed the foregoing *Fifth Monthly Fee Statement of Milbank, Tweed, Hadley & McCloy LLP for Interim Approval and Allowance of Compensation for Services Rendered and for Reimbursement of Expenses Incurred as Counsel to the Official Committee of Unsecured Creditors from March 1, 2018 Through and Including March 31, 2018* (the "<u>Fee Statement</u>"), and submit that the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware and submit that, to the best of my knowledge, information, and belief, the Fee

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

Statement complies with such rule.

Dated: April 16, 2018
New York, New York

Respectfully submitted,

*/s/ Abhilash M. Raval*
Name: Abhilash M. Raval
Title: Partner, Milbank, Tweed, Hadley & McCloy LLP