# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 17-12307 (BLS)<br>)<br>) Jointly Administered<br>)<br>) **Related to ECF Nos. 350, 1387, 1456 & 1457**[2] |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 107(b),
BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1, TO REDACT AND FILE
UNDER SEAL CERTAIN PORTIONS OF THE PRELIMINARY OBJECTION OF
OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS'
MOTION FOR ENTRY OF AN ORDER APPROVING (I) SETTLEMENT
AGREEMENT BY AND BETWEEN MOSSI & GHISOLFI INTERNATIONAL
S.A.R.L., M&G POLIMEROS BRASIL, S.A., M&G CHEMICALS, S.A., M&G
POLIMEROS MEXICO, S.A. DE C.V. AND ALOKE EMPREENDIMENTOS
E PARTICIPAÇÕES LTDA. AND (II) RELATED LETTER AGREEMENT**

The Official Committee of Unsecured Creditors of M & G USA Corporation, *et al.* (the "Committee"), respectfully submits this motion (the "Seal Motion") for entry of an order, pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to file under seal certain portions of the *Preliminary Objection of*

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Pursuant to Local Rule 9018-1(d), this Seal Motion will be considered at the May 17, 2018 hearing and any objections to the Seal Motion may be presented at the hearing.

*Official Committee of Unsecured Creditors To Debtors' Motion for Entry of an Order Approving (i) Settlement Agreement by and between Mossi & Ghisolfi International S.à.r.l., M&G Polimeros Brasil, S.A., M&G Chemicals, S.A., M&G Polimeros Mexico, S.A. de C.V. and Aloke Empreendimentos E Participações Ltda. and (ii) Related Letter Agreement* [ECF No. 1456] (the "Settlement Objection"), which is being filed in redacted form concurrently herewith.[3] In support of the Seal Motion, the Committee respectfully submits as follows:

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Committee consents to jurisdiction if it is determined that the Court cannot enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief requested in this Seal Motion is authorized under sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## RELEVANT PROCEDURAL BACKGROUND

4. On October 30, 2017 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On November 13, 2017, the United States Trustee (the "U.S. Trustee") appointed the Committee. *See* ECF No. 146.

6. On December 5, 2017, the Court approved the Stipulation and Protective Order (the "Protective Order") agreed to by the Committee, the Debtors, DAK Americas LLC ("DAK"), Banco Inbursa, S.A., Institución de Banca Múltiple, Grupo Financiero Inbursa

---

[3] In accordance with Local Rule 9018-1(d), the sealed Settlement Objection is being filed separately from the Seal Motion, as a restricted document, in accordance with CM/ECF procedures.

("Inbursa"), and Control Empresarial de Capitales, S.A. De C.V. ("CEC"), among others, in connection with certain confidential information made available to the parties in these chapter 11 cases. *See Order Approving Stipulation and Protective Order* [ECF No. 350].

7. On April 20, 2018, the Debtors filed the *Motion for Entry of an Order Approving (i) Settlement Agreement by and between Mossi & Ghisolfi International S.à.r.l., M&G Polimeros Brasil, S.A., M&G Chemicals, S.A., M&G Polimeros Mexico, S.A. de C.V. and Aloke Empreendimentos E Participações Ltda. and (ii) Related Letter Agreement By And Between Mossi & Ghisofi International S.à.r.l., M&G Chemicals, S.A. and M&G Polimeros Brasil, S.A.* [ECF No. 1387] (the "Settlement Motion").

8. On May 10, 2018, the Committee filed with the Court a partially redacted version of its Settlement Objection [ECF No. 1457]. The redacted portions of the Settlement Objection (the "Redacted Material") reflect information produced by the Debtors in discovery, or otherwise provided to the Committee by the Debtors in these cases, that was designated as confidential.

9. Also on May 10, 2018, the Committee filed an unredacted version of the Settlement Objection under seal [ECF No. 1456]. The Committee provided an unredacted copy of the Settlement Objection to the Debtors.

**RELIEF REQUESTED**

10. The Committee requests that the Court enter an order substantially in the form of the order attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing the Committee to file the Redacted Material under seal and ordering that Redacted Material remain under seal, confidential, and not be made available to any third party without

3

further order from the Court, provided that unsealed copies shall be provided to such other parties as may be agreed upon among the Committee, the Debtors and other interested parties.

**BASIS FOR RELIEF**

11. Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. Section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may -
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

12. Bankruptcy Rule 9018 sets forth the procedures by which a party in interest may obtain a protective order authorizing the filing of a document under seal under section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides in relevant part:

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, . . . .

Fed. R. Bankr. P. 9018. In addition, Local Rule 9018-1(d) provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d).[4]

---

[4] The Court also may grant the requested relief pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. Section 107(b) of the Bankruptcy Code does not require an entity protecting such information to demonstrate good cause. *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected is in one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27 (citing 2 *Colliers on Bankruptcy,* ¶ 107-2 ("Protection is mandatory when requested by an [interested party]")). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Id.*

14. Courts in this district have previously defined commercial information as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *Orion Pictures*, 21 F.3d at 27). An order sealing commercial or financial information is appropriate where the disclosure of such information could "reasonably be expected to cause . . . commercial injury" and the information is "critical" to the operations of the entity seeking protection, such that the information's "disclosure will unfairly benefit that entity's competitors." *See Alterra Healthcare*, 353 B.R. at 75-76 (citations omitted); *In re Mum Servs., Inc*., 279 B.R. 478, 484 (Bankr. D. Del. 2002) (noting that section 107(b) "was intended to avoid affording an unfair advantage to competitors by providing them information as to the commercial operations of the debtor") (internal citations omitted). Further, confidential commercial information does not need to rise to the level of a trade secret to be entitled to protection under section 107(b). *See, e.g., Orion Pictures*, 21 F.3d at 28 ("courts

interpreting § 107(b) need not require that commercial information be the equivalent of a trade secret before protecting such information.").

15. The Court has broad authority to issue such an order under Bankruptcy Rule 9018. *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

16. Here, the Redacted Material reflects information that has been designated as confidential pursuant to the Protective Order.

17. The information contained in the Redacted Material supports certain of the arguments raised by the Committee in its Settlement Objection and it is important that such information be available for the Court's analysis. Allowing the Settlement Objection to be filed under seal causes no prejudice to the parties in interest.

18. To protect such information, the Committee respectfully requests that this Court authorize the Committee to file the Redacted Material under seal in accordance with the Protective Order.[5]

19. No previous request for the relief sought herein has been made to this or any other Court.

---

[5] The Committee reserves its right to challenge the designations under the Protective Order.

## **CONCLUSION**

Based on all of the foregoing, the Committee respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A, and grant the Committee such other relief as the Court deems appropriate.

Dated: Wilmington, Delaware
      May 11, 2018

**COLE SCHOTZ P.C.**

*/s/ David R. Hurst*
J. Kate Stickles (No. 2917)
David R. Hurst (No. 3743)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
kstickles@coleschotz.com
dhurst@coleschotz.com

*Counsel to Official Committee of Unsecured Creditors of M & G USA Corporation, et al.*