# EXHIBIT A

# SUPPLEMENTAL GHISOLFI DECLARATION

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>M & G USA CORPORATION, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17- 17-12307 (BLS)<br><br>(Jointly Administered) |

## SUPPLEMENTAL DECLARATION OF MARCO GHISOLFI IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING (I) SETTLEMENT AGREEMENT BY AND BETWEEN MOSSI & GHISOLFI INTERNATIONAL S.Á.R.L., M&G POLIMEROS BRASIL, S.A., M&G CHEMICALS, S.A., M&G POLIMEROS MEXICO, S.A. DE C.V. AND ALOKE EMPREENDIMENTOS E PARTICIPAÇÕES LTDA. AND (II) RELATED LETTER AGREEMENT BY AND BETWEEN MOSSI & GHISOLFI INTERNATIONAL S.Á.R.L., M&G CHEMICALS, S.A. AND M&G POLIMEROS BRASIL, S.A.

I, Marco Ghisolfi, declare as follows:

1. I am the chairman of the board of directors of M&G Chemicals S.A. ("M&G Chemicals") and the chief executive officer of M&G Chemicals and non-debtor M&G Finanziaria S.p.A ("Finanziaria" and together with its direct and indirect subsidiaries, the "M&G Group"). Finanziaria is a parent company to both M&G Chemicals and Mossi & Ghisolfi International S.à r.l. ("M&G International"). M&G International is, in turn, a wholly owned subsidiary of M&G Chemicals.

2. I submit this Supplemental Declaration to supplement my declaration dated April 20, 2018 (the "Original Declaration"), which I incorporate herein by reference and in

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (1022), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

NAI-1503694582v2

further support of the *Debtors' Motion for Entry of an Order Approving Settlement Agreement by and between Mossi & Ghisolfi International S.À.R.L., M&G Polimeros Brasil, S.A., M&G Chemicals, S.A., M&G Polimeros Mexico, S.A. de C.V. and Aloke Empreendimentos e Participações Ltda. and (II) Related Letter Agreement by and between Mossi & Ghisolfi International S.À.R.L., M&G Chemicals S.A. and M&G Polimeros Brasil, S.A.* (the "Motion").[2]

3. Except where specifically noted, all statements in this declaration are based on: (a) my personal knowledge; (b) information supplied to me by my staff that I believe in good faith to be reliable; (c) my review of relevant documents; and/or (d) my opinion based upon my experience. If called to testify, I could and would testify to each of the facts set forth herein based on such personal knowledge, information, review of documents and/or opinion.

## Background

4. I am the chairman of the board of M&G Chemicals and the chief executive officer of the M&G Group. I joined the M&G Group in October 1990 as a General Manager, after spending three years at Hewlett Packard's European headquarters in Geneva. In 1996, I was appointed Vice-President, Finance and Marketing for the M&G Group. In 2000, I was promoted to my current position as chief executive officer.

5. I earned a degree in Business Administration from Bocconi University in 1985. In addition, I hold a Master's in Business Administration from Columbia University Graduate School of Business.

## The Brasil Payables

6. In my Original Declaration (*see* ¶ 7), I discussed certain intercompany claims in the aggregate amount of approximately $52 million that M&G International has against M&G

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

Brasil (*i.e.*, the Brasil Payables). I have reviewed the Committee's objection to the Settlement Agreement, which asserts that M&G Brasil will succeed in collecting on the Brasil Payables.

7.  I believe that approximately $31 million of the Brasil Payables are likely uncollectible. Pursuant to two separate letter agreements between M&G International and M&G Brasil dated July 5, 2012 and October 1, 2012, respectively (together, the "Brasil Payables Letter Agreements"),[3] the parties agreed to suspend "any payment and/or request of payment over sales commission due and becoming due" with respect to approximately $30 million of the Brasil Payables. Under the Brasil Payables Letter Agreement, the parties further agreed that the relevant Brasil Payables would "be interest free" and would "have an indefinite due date in respect of [their] payment." As such, under the Brasil Payables Letter Agreements, "the payment of the outstanding receivable [would be] considered suspended and future commission [would] be accrued and the relevant payment suspended until a new communication [was] formalized and agreed." As of the date hereof, no such communication has been formalized or agreed to by M&G Brasil.

8.  Moreover, certain of the Brasil Payables—approximately $460,000 in undocumented debt notes and $9.8 million in interest due in connection with two intercompany loans—were intended to be capitalized, but due to the potential for adverse tax consequences, such amounts were instead carried on M&G International's books pending an agreement achieving favorable tax treatment, a change in tax laws or subsequent agreement of the parties regarding payment. The remaining $12 million of the Brasil Payables—comprised of approximately $7.9 million owed in connection with the Assignment Letter (which became obligations as early as January 2009) and approximately $3.1 million in merger fees due under

---

[3] The Brasil Payables Letter Agreements are attached to my Original Declaration as Exhibits 7-A and 7-B.

the Addendum Letter (which became obligations as early as July 2007)—constitute aged payables that were not capitalized or paid due to the potential for adverse tax consequences.[4] Payment of these amounts was suspended indefinitely pending an agreement on how to minimize tax leakage that could impose liabilities of anywhere from 15% to 40%.

### The Gentlemen's Agreements

9. In connection with obtaining board approval to enter into the Settlement Agreement, the boards of M&G International and M&G Chemicals considered a thoroughly written presentation that explained and evaluated the claims being released under the Settlement Agreement and the benefits to be obtained should the agreement be ratified. Such board presentation disclosed a number of "gentlemen's agreements" that are ancillary to the Settlement Agreement. Specifically, these "gentlemen's agreements" include (a) a promise by Magnate that it will cause M&G Brazil to pay a certain $4.5 million fee to M&G International;[5] (b) a promise by Magnate to make its best efforts to cause Banco do Brazil to release an approximately $17 million guarantee claim against M&G International in connection with a settlement agreement between Magnate and Banco do Brazil (the "Banco do Brazil Release"); and (c) the assumption and forgiveness by Magnate (under certain circumstances) of certain clients' receivables which are secured by cash deposits made by such clients to M&G International.

10. While these agreements are beneficial to M&G International, these agreements do not form a part of the Settlement Agreement. Moreover, at the time that the directors approved

---

[4] Copies of the Addendum Letter and the Assignment Letter are attached to my Original Declaration as Exhibit 3 and Exhibit 6, respectively.

[5] The $4.5 million relates to corporate oversight, accounting and treasury, human resources and information technology services M&G International provided to M&G Brasil (the "MGI Services") that M&G International believes that M&G Brazil agreed to pay. While M&G Brasil has paid approximately $850,000 to date on account of the MGI Services, I believe that M&G Brasil still owes M&G International $3.65 million (i.e., the difference between the $4.5 million referenced above and the $850,000 already paid) in connection with the provision of the MGI Services.

the settlement, it was uncertain whether such agreements would materialize. Since that time, I understand that M&G Brasil has obtained the Banco do Brazil Release through a separate settlement.

11. Based on the foregoing, I believe that approval of the Settlement Agreement is in the best interests of M&G Chemicals and M&G International and their estates and creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 14, 2018

                                            Respectfully Submitted,

                                            /s/
                                            Marco Ghisolfi
                                            Chief Executive Officer
                                            M&G Group