**EXHIBIT B**

**GOEBEL DECLARATION**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, et al.,[1] | Case No. 17- 17-12307 (BLS) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF MARIANNE GOEBEL
## IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF
## AN ORDER APPROVING (I) SETTLEMENT AGREEMENT BY AND
## BETWEEN MOSSI & GHISOLFI INTERNATIONAL S.Á.R.L., M&G POLIMEROS
## BRASIL, S.A., M&G CHEMICALS, S.A., M&G POLIMEROS MEXICO, S.A. DE C.V.
## AND ALOKE EMPREENDIMENTOS E PARTICIPAÇÕES LTDA. AND (II) RELATED
## LETTER AGREEMENT BY AND BETWEEN MOSSI & GHISOLFI INTERNATIONAL
## S.Á.R.L., M&G CHEMICALS, S.A. AND M&G POLIMEROS BRASIL, S.A.

I, Marianne Goebel, declare as follows:

1. I am an attorney admitted to practice law in Luxembourg. I, together with members of my firm, Duro & Goebel Avocats ("Duro & Goebel"), with offices at 3, rue de la Chapelle – B.P. 758, L-2017 Luxembourg, act as Luxembourg counsel to M&G Chemicals S.A. ("M&G Chemicals").

2. I submit this Declaration in support of the *Debtors' Motion for Entry of an Order Approving Settlement Agreement by and between Mossi & Ghisolfi International S.Á.R.L., M&G Polimeros Brasil, S.A., M&G Chemicals, S.A., M&G Polimeros Mexico, S.A. de C.V. and Aloke Empreendimentos e Participações Ltda. and (II) Related Letter Agreement by and between*

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (1022), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

*Mossi & Ghisolfi International S.Á.R.L., M&G Chemicals S.A. and M&G Polimeros Brasil, S.A.* (the "Motion").[2]

## Background

3. I have been a registered member of the Luxembourg Bar since 1990. I joined Duro & Goebel as a partner in 1997. I graduated from the University of Strasbourg (France) and the "College d'Europe" in Bruges (Belgium). Prior to joining Duro & Goebel, I was a legal researcher at "College de Bruges" and former legal counsel at the European Commission. In addition, I was a civil servant to the Luxembourg Parliament in 1995 and 1996, where I mainly focused on matters of law concerning the European Union.

### Conflicts of Interest under Luxembourg Company Law

4. Duro & Goebel has been asked to set forth the provisions of Luxembourg law applicable to the fact that one or several of the directors of M&G Chemicals who are at the same time directors of M&G Chemicals' affiliate M&G Chemicals Brazil S.A. ("M&G Chemicals Brazil") have participated in the discussion of, and vote on, the Settlement Agreement on the level of the Board of Directors of M&G Chemicals.

5. We understand that it is argued that such directors would have been in a situation of conflict of interest which would have prevented them from participating in the discussion of, and voting on, issues directly or indirectly related to M&G Chemicals Brazil, the entity for which they also act as directors. The discussion in this Declaration is strictly limited to the laws of Luxembourg in force as of the date hereof and as applied according to published case law as of the date hereof.

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

6. For the purposes of this Declaration, Duro & Goebel acts as Luxembourg legal counsel of M&G Chemicals only. In this Declaration, Luxembourg legal concepts are expressed in English terms and not in their original French terms as used under Luxembourg law. Therefore, the concepts used may not be identical to the concepts described by the same English terms and existing under the laws of other jurisdictions. This Declaration may, therefore, be relied upon under the express condition that it is given under Luxembourg law, and Luxembourg case law, that any issues of interpretation arising thereunder be governed by Luxembourg law and any dispute related to it is to be brought before a court in Luxembourg.

7. Under Luxembourg company law (*i.e.*, article 441-7 (former article 57) of the coordinated law dated August 10, 1915 on commercial companies (the "Luxembourg Company Law")), the situation of a conflict of interest of a director of a joint stock company ("*societe anonyme*") such as M&G Chemicals is subject to the following rule, translated to English as follows: "[a] director having, directly, or indirectly, an interest of a patrimonial nature opposed to that of the company in respect of an operation which is of the competence of the board of directors has to warn the board and to have recorded a declaration in the minutes of the meeting. He cannot participate to such deliberation."

8. In order for the above mentioned legal provision to apply, it is not sufficient that a person is at the same time a director of the two companies entering into a transaction. The law does not define the notion of opposite interest ("*intérêt opposé*"), but it is held that article 441-7 of the Luxembourg Company Law has the purpose to apply to decisions which can be influenced by the personal interests of a director to the detriment of the interest of the company. However, in order to fall under such article, the interests a director has in a given operation must be sufficiently material in order to have such an impact.

9.   It is furthermore held by doctrine that the interest of a director in the sense of article 441-7 (former article 57 of the Luxembourg Company Law) must be of a financial nature and must be able to be evaluated economically. A purely moral or emotional interest, which may exist, is not sufficient to make the above mentioned rules applicable to the decision to be taken at board level. *See* A. KOCH, *Responsabilite des administrateurs et autres organes sociaux (y compris conflit d'interets), Un siècle d'application de la loi du 10 Aout 1915 concernant les societes commerciales*, Wolters Kluwer 2015, at 234; A. STEICHEN, *Precis de droit des societes*, ed. Saint-Paul 2017, at 669.

10.   The fact that a person is at the same time a director of two companies can be defined as a functional interest. Such an interest is not considered to be a patrimonial interest, unless the director would have a personal financial interest in the operation, by obtaining, for example, a bonus if a specific operation succeeds. As far as we understand, the two directors who are at the same time directors of M&G Chemicals Brazil and M&G Chemicals have had a functional interest. We are not aware of them having had a patrimonial interest opposite to the one of M&G Chemicals when approving the Settlement Agreement and such an interest was also not declared by them at the Board meeting approving such settlement.

11.   In conclusion, under the Luxembourg Company Law, directors of Luxembourg joint stock companies have an obligation to declare their personal, direct or indirect, financial interest in a transaction to be approved by the board of directors, if such interest is to be considered as opposed to the one of the company. A purely functional, emotional or moral interest in a given operation is not sufficient and in such a situation, no declaration is to be made and the director can participate in the deliberation of, and vote on, the board level without restriction.

12. We note that the minutes of the March 29, 2018 board meeting, the meeting at which the Board of Directors of M&G Chemicals approved entry into the Settlement Agreement, reflect that Mr. Frederic Brace disclosed that he is a member of the Board of M&G Brasil, satisfying this disclosure obligation.

<, Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: May 14, 2018

Respectfully Submitted,

/s/
Marianne Goebel
Duro & Goebel Avocats