IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | Case No. 17-12307 (BLS) |
| Debtors. | (Jointly Administered) |

Objection Deadline: June 18, 2018 at 4:00 p.m. (ET)
Hearing Date: June 26, 2018 at 11:00 a.m. (ET)

## MOTION OF DEBTORS M&G USA CORPORATION, M&G RESINS USA, LLC AND CHEMTEX INTERNATIONAL INC. FOR ENTRY OF AN ORDER APPROVING STIPULATION BY AND BETWEEN THE DEBTORS AND CERTAIN LITIGATION CLAIMANTS

M&G USA Corporation ("M&G USA"), M&G Resins USA, LLC ("M&G Resins") and Chemtex International Inc. ("Chemtex" and, collectively with M&G USA and M&G Resins, the "Debtor Defendants"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases move the Court (this "Motion"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order, in substantially the form attached hereto as Exhibit A (the "Proposed Order"), approving the stipulation (the "Stipulation")[2] by and between the Debtor Defendants and certain litigation claimants (defined herein as the Settlement Class Members and, collectively with the Debtor Defendants,

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] A copy of the Stipulation is attached to the Proposed Order as Exhibit 1.

the "Parties"). In support of this Motion, the Debtor Defendants respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. General Background

2. On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors, including the Debtor Defendants, commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) (the "First Day Declaration"), filed on October 31, 2017 and incorporated herein by reference.

### B. The FLSA Actions and the Memorandum of Understanding

4. Prior to the Petition Date, on December 14, 2016, plaintiffs Sergio Lazo and Robert Mejia (together, the "Lazo Plaintiffs"), individually and on behalf of others similarly

-2-

DOCS_DE:219777.1 54032/001

situated, commenced an action, captioned as *Lazo v. M&G USA Corporation* et al., No. 2:16-CV-00523 (the "Lazo Action"), in the United States District Court for the Southern District of Texas (the "Texas District Court"), against Debtor M&G USA, Debtor M&G Chemicals S.A. ("M&G Chemicals") and non-Debtor Integrity Mechanical Specialists, LLC ("IMS"). See Compl., *Lazo v. M&G USA Corp.*, No. 2:16-CV-00523 (S.D. Tex. Dec. 14, 2016). The Lazo Plaintiffs subsequently amended their complaint to (a) remove M&G Chemicals as a defendant and (b) add M&G Resins, Chemtex and certain individuals as defendants. See Am. Compl., *Lazo v. M&G USA Corp.*, No. 2:16-CV-00523 (S.D. Tex. Dec. 23, 2016), at ¶¶ 2.8-2.9; Second Am. Compl., *Lazo v. M&G USA Corp.*, No. 2:16-CV-00523 (S.D. Tex. Apr. 17, 2017) (the "Lazo Complaint"), at ¶¶ 2.6-2.7.

5. Prior to the Petition Date, on December 19, 2016, plaintiffs Terry Kring and Kevin Molin (together, the "Kring Plaintiffs"), individually and on behalf of others similarly situated, commenced an action in the Texas District Court captioned as *Kring v. M&G USA Corporation* et al., No. 2:16-CV-00529 (the "Kring Action"), against M&G USA, M&G Chemicals, IMS, non-Debtor Welco Construction Services, non-Debtor Central Texas Express Metalwork, LLC and certain individuals. See Compl., *Kring v. M&G USA Corp.*, No. 2:16-CV-00529 (S.D. Tex. Dec. 19, 2016). The Kring Plaintiffs subsequently amended their complaint to (a) remove M&G Chemicals as a defendant and (b) add M&G Resins, Chemtex and certain individuals as defendants. See Third Am. Compl., *Kring v. M&G USA Corp.*, No. 2:16-CV-00529 (S.D. Tex. May 10, 2017), at ¶¶ 2.5-2.14; Fourth Am. Compl., *Kring v. M&G USA Corp.*, No. 2:16-CV-00529 (S.D. Tex. Dec. 27, 2017) (the "Kring Complaint"), at ¶¶ 2.5-2.14.

6.      Prior to the Petition Date, on January 12, 2017, plaintiff Jonathan Vela ("Vela" and, collectively with the Lazo Plaintiffs and the Kring Plaintiffs, the "Plaintiffs"), individually and on behalf of others similarly situated, commenced an action in the Texas District Court captioned as *Vela v. M&G USA Corporation* et al., No. 2:17-CV-00013 (the "Vela Action" and, collectively with the Lazo Action and the Kring Action, the "FLSA Actions"), against M&G USA, IMS, non-Debtor Orbital Insulation Corp. and certain individual defendants. See Compl., *Vela v. M&G USA Corp.*, No. 2:17-CV-00013 (S.D. Tex. Jan. 12, 2017). Vela subsequently amended his complaint to (a) remove M&G Chemicals as a defendant and (b) add M&G Resins and Chemtex as defendants. See Am. Compl., *Vela v. M&G USA Corp.*, No. 2:17-CV-00013 (S.D. Tex. May 4, 2017) (the "Vela Complaint"), at ¶¶ 2.5-2.6.

7.      In each of the FLSA Actions, the Plaintiffs, who were employed by non-Debtor defendants to perform work at the Debtors' PTA/PET plant in Corpus Christi, Texas, seek damages under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and common law related to the alleged underpayment of overtime wages. See Lazo Compl., at ¶¶ 1.1-1.9; Kring Compl., at ¶¶ 1.1-1.9; Vela Compl., at ¶¶ 1.1-1.9. The Plaintiffs further assert in each of the FLSA Actions that the applicable Debtor Defendants and non-Debtor defendants, collectively, are "joint employers" for purposes of federal labor law and, as such, are jointly and severally liable for damages arising from the FLSA violations alleged in the FLSA Actions. See Lazo Compl., at ¶ 2.11; Kring Compl., at ¶ 2.15; Vela Compl., at ¶ 2.10. In each of the FLSA Actions, the Plaintiffs seek class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. See Lazo Compl., at ¶ 1.11; Kring Compl., at ¶ 1.11; Vela Compl., at ¶ 1.11.

8. Following good faith negotiations, prior to the Petition Date, on May 30, 2017, the Parties executed a memorandum of understanding (the "MOU") whereby the Parties agreed to seek the Texas District Court's approval of a settlement agreement pursuant to which the Plaintiffs and all potential members of the putative classes for which certification has been requested in the FLSA Actions (collectively, the "Putative Classes") who affirmatively consented to join one or more of the FLSA Actions by filing a "notice of consent" with the Texas District Court (such consenting members of the Putative Classes collectively with the Plaintiffs, the "Settlement Class Members") would (a) dismiss all claims against the Debtor Defendants in the FLSA Actions with prejudice and (b) provide certain releases in favor of the Debtor Defendants, in exchange for consideration consisting of a maximum collective settlement amount of $2.4 million. Because the Debtor Defendants commenced their chapter 11 cases before the Parties were able to finalize or file a form of settlement order to in the Texas District Court, however, the FLSA Actions remain pending against the Debtor Defendants.

9. Since the Petition Date, the Parties have continued to negotiate in good faith toward a consensual resolution of the claims asserted against the Debtor Defendants in the FLSA Actions. To this end, the Debtors have repeatedly agreed to extend the bar date applicable to the Settlement Class Members pending a final resolution of such claims under the authority of this Court. In order to finally resolve the claims asserted against the Debtor Defendants in the FLSA Actions, and to prevent the costs, delays and uncertainties of further litigation in the FLSA Actions, the Parties have agreed to the terms of the Stipulation.[3]

---

[3] For the avoidance of doubt, the Debtor Defendants reserve the right to dispute any claims, objections, defenses, or counterclaims the Settlement Class Members or any other past, present or future members of the Putative Classes may assert, in the event that the Stipulation is not approved.

## C.  The Stipulation

10.  If approved, the Stipulation will resolve all claims asserted against the Debtor Defendants in the FLSA Actions, and enable the Debtors and the Court to avoid the burden of administering potentially hundreds of individual claims that otherwise may be asserted in these chapter 11 cases by the Settlement Class Members individually. The principal terms of the Stipulation are as follows:[4]

(a) *Settlement Class Proof of Claim.* Notwithstanding anything to the contrary in the *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* (Docket No. 1053) (the "<u>Bar Date Order</u>"), no later than June 29, 2018, counsel to the Settlement Class Members ("<u>Settlement Class Counsel</u>") may file a single, consolidated proof of claim in the Debtor Defendants' chapter 11 cases on behalf of all Settlement Class Members collectively (a "<u>Settlement Class Proof of Claim</u>"). In the event that the Bankruptcy Court denies approval of the Stipulation, Settlement Class Counsel may submit individual and legal fee claims for *pro rata* shares of the Settlement Amount (as defined below) no later than 30 days following the entry of such order.

(b) *Reservation of Rights Regarding Class Certification.* Nothing in the Stipulation, this Motion or any exhibits to the Motion, should be construed as a consent or acknowledgement by the Debtor Defendants regarding the Plaintiffs' requests for class certification in the FLSA Actions pursuant to Rule 23 of the Federal Rules of Civil Procedure. Notwithstanding anything in the Stipulation, the Motion or any exhibits to the Motion, the Debtor Defendants reserve all of their rights to oppose any present or future requests for class certification in the FLSA Actions.

(c) *Settlement Class Claims.* Upon the entry of an order by the Bankruptcy Court approving the Stipulation, the Settlement Class Members collectively, shall have, and may assert in accordance with paragraph 1 of the Stipulation, a total of three allowed general unsecured claims, each in the amount of $2.4 million (the "<u>Settlement Amount</u>"), against the estates of M&G USA, M&G Resins and Chemtex (collectively, the "<u>Settlement Claims</u>"); *provided* that any recovery from one of the Debtor Defendants' estates on account of a Settlement Claim shall result in a dollar-for-dollar reduction of the amount of the Settlement Claims against the other two Debtor Defendants' estates such that in no event shall the total aggregate recovery on account of the Settlement Claims collectively exceed $2.4 million. The Stipulation makes further provision for conversion of deferred or non-cash recoveries to cash and for the disbursement of cash proceeds of

---

[4] The following summary is qualified in its entirety by reference to the provisions of the Stipulation. In the event of any inconsistencies between the provisions of the Stipulation and the terms set forth herein, the terms of the Stipulation shall govern.

Settlement Claims to Settlement Class Members' professionals, to taxing authorities with respect to recovery amounts required to be characterized as wages, to Settlement Class Members in net amounts, and for the generation and distribution of Forms 1099 and/or W-2.

(d) *Deemed Acceptance and Opt-Out Procedure.* All current Settlement Class Members – consisting of (i) each of the Plaintiffs and (ii) all members of the Putative Classes who, as of the effective date of the Stipulation, have consented to joining one or more of the FLSA Actions by filing a "notice of consent" with the Texas District Court – are deemed to have accepted, and upon approval of the Stipulation by the Bankruptcy Court, shall be bound by, the terms and conditions of the Stipulation. All known members of the Putative Classes who are not Settlement Class Members as of the effective date of the Stipulation (collectively, the "Potential Settlement Class Members") shall receive notice of the Motion and any order entered by the Bankruptcy Court approving the Stipulation. Potential Settlement Class Members, on an individual basis, may elect to opt out of the Stipulation by filing an individual proof of claim against one or more of the Debtor Defendants no later than 21 days after the entry of an order approving the Stipulation (the "Opt-Out Period"). All Potential Settlement Class Members who do not file an individual proof of claim prior to the expiration of the Opt-Out Period shall be deemed to have consented to, and shall be bound by, the terms and conditions of the Stipulation, and shall become Settlement Class Members for purposes of the Stipulation upon the expiration of the Opt-Out Period.

(e) *Release.* Each Settlement Class Member (including, for the avoidance of doubt and without limitation, each Potential Settlement Class Member who becomes a Settlement Class Member upon expiration of the Opt-Out Period) forever waives, releases and discharges all claims under the FLSA, Texas common law (including, but not limited to, any claims under the theory of *quantum meruit*) or any other state, federal, or local law related to the payment of wages or any other benefits, against the Debtor Defendants, individually or collectively, and each of the Debtor Defendants' current, former, and future affiliates, including, without limitation, their investors, parents, subsidiaries, related entities, predecessors, successors, divisions, joint ventures and assigns, and each of their past or present directors, officers, employees, partners, members, employee benefit plan administrators and fiduciaries, trustees, principals, agents, insurers, co-insurers, reinsurers, managers, shareholders, attorneys, and personal or legal representatives, in their individual and corporate capacities.

(f) *Bankruptcy Court Approval.* The Stipulation will be binding on the Parties from the date of its execution, but is expressly subject to and contingent upon entry of a final, nonappealable order by the Bankruptcy Court approving the Stipulation. If the Bankruptcy Court denies approval of the Stipulation, the Stipulation will be null and void, and will be of no force and effect.

## RELIEF REQUESTED

11. The Debtor Defendants request entry of an order, pursuant to Bankruptcy Rule 9019 and sections 105 and 363 of the Bankruptcy Code, in substantially the form of the Proposed Order, approving the Stipulation.

## BASIS FOR RELIEF

12. Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the bankruptcy court may approve a compromise or settlement." Section 363(b) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts have held that a transaction involving property of the estate should generally be approved so long as the trustee can demonstrate "some articulated business justification for using, selling, or leasing property outside of the ordinary course of business." *Inst. Creditors v. Continental Air Lines, Inc. (In re Continental Airlines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986); *accord Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983). Moreover, section 105(a) provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

13. Compromises are favored in the bankruptcy context "[t]o minimize litigation and expedite the administration of a bankruptcy estate." *Martin v. Myers (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). "The authority to approve a compromise [or] settlement is within the sound discretion of the bankruptcy court." *In re Northwestern Corp.*, No. 03-12872, 2008 WL 2704341, at *6 (Bankr. D. Del. Jul. 10, 2008) ("In exercising this discretion, the bankruptcy court must determine whether the compromise is fair, reasonable, and in the best

interests of the estate.") (quoting *Key3Media Group, Inc. v. Pulver.Com, Inc. (In re Key3Media Group, Inc.)*, 336 B.R. 87, 92 (Bankr. D. Del. 2005)).

14. When determining whether a settlement is fair and reasonable under Bankruptcy Rule 9019(a), courts in the Third Circuit consider the following factors (collectively, the "<u>Martin Factors</u>"):

    (a) the probability of success in litigation;

    (b) the likely difficulties of collection;

    (c) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

    (d) the paramount interest of the creditors.

*Martin*, 91 F.3d at 393; *Will v. Northwestern Univ. (In re Nutraquest, Inc.)*, 434 F.3d 639, 644 (3d Cir. 2006); *see also In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (in applying Bankruptcy Rule 9019(a), whether a court should approve a settlement depends on several factors, including the probability of success in the litigation, the complexity of the litigation, the attendant expense and delay, and the interests of the creditors); *In re Geller*, 74 B.R. 685, 688 (Bankr. E.D. Pa. 1987) (generally, a settlement will be approved as long as it clears a threshold of reasonableness); *Official Unsecured Creditors' Comm. v. Pa. Truck Lines, Inc. (In re Pa. Truck Lines, Inc.)*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd* 8 F.3d 812 (3d Cir. 1993) (settlement must not fall below the lowest level in the range of reasonableness).

15. While bankruptcy courts are directed to determine whether settlements are in the "best interests of the estate," *In re Energy Coop., Inc.*, 886 F. 2d 921, 927 (7th Cir. 1989), the bankruptcy court should not substitute its judgment for that of a trustee or debtor in possession. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F. 2d 1303, 1311 (5th Cir. 1985); *In re Curlew Valley Assocs.*, 14 B.R. 506, 511-13 (Bankr. D. Utah 1981). Indeed, the

-9-

DOCS_DE:219777.1 54032/001

bankruptcy court is not to decide the numerous questions of law or fact raised in the litigation, but rather should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness. *See In re Penn Cent. Transp. Co.*, 596 F. 2d 1102, 1114 (3d Cir. 1979); *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983). *In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004) ("In approving a settlement, the court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must only conclude that the compromise or settlement ... is above the lowest point in the range of reasonableness.") (internal citations and quotation marks omitted).

16. The Stipulation will result in the prompt resolution of the claims asserted in the FLSA Actions against the Debtor Defendants and enable the Debtors to avoid the costly and burdensome process of administering potentially hundreds of individual claims that may be asserted by the Settlement Class Members in these chapter 11 cases. Moreover, the amount of the general unsecured claims to be allowed pursuant to the Stipulation is the same amount the Debtor Defendants agreed to in connection with settlement discussions that took place prior to the filing of these Cases, which amount the Debtor Defendants negotiated after analyzing the potential claims and defenses on both sides, the costs of continuing litigation and the risk of an adverse judgment in the Texas District Court. The settlement embodied in the Stipulation, therefore, is in the best interests of the Debtor Defendants and their estates and is well above the lowest point in the range of reasonableness.

17. *Probability of Success.* Absent the Debtor Defendants' entry into the Stipulation, the Debtor Defendants could have been forced to litigate issues of class certification and the underlying merits of the FLSA Actions through the claims process. While the Debtor Defendants believe they have strong defenses against the FLSA Actions, the outcome of

litigation is uncertain and the risks and costs associated with that process would have been in addition to the certain costs of administering hundreds of individual claims in the absence of the Stipulation. Therefore, this factor weighs in favor of approving the Stipulation.

18. *Difficulties of Collection.* Because the Stipulation does not provide for the payment of any settlement funds to the Debtor Defendants, this factor is inapplicable.

19. *Complexity of Litigation.* As set forth above, the Debtor Defendants' entry into the Stipulation (a) resolves all claims asserted by the Settlement Class Members against the Debtor Defendants in the FLSA Actions and (b) allows the Settlement Class Members to submit a single, collective proof of claim (while preserving the rights of Potential Settlement Class Members to opt out of the Stipulation), thus streamlining the claims process for the Settlement Class Members and enabling the Debtors and the Court to avoid the burdensome administration of potentially hundreds of individual claims that otherwise could be asserted by Settlement Class Members (for whom the Debtors have extended the deadline to file claims under the Bar Date Order in light of the Parties' settlement negotiations). For these reasons, this factor also weighs in favor of approving the Stipulation.

20. *Paramount Interests of Creditors.* Finally, the Stipulation is in the paramount interest of creditors. The Stipulation achieves the consensual resolution of the claims asserted by the Settlement Class Members in the FLSA Actions. It also results in substantial cost savings to the Debtors' estates by streamlining the process by which Settlement Class Members will assert claims in these Cases and minimizing the likelihood of a claims dispute arising in these Cases between the Debtor Defendants and individual Settlement Class Members or other members of the Putative Classes. For all of these reasons, the Debtor Defendants submit that their entry into

-11-
DOCS_DE:219777.1 54032/001

the Stipulation is a sound exercise of their business judgment and respectfully request that the Court approve and authorize their entry into the Stipulation.

## NOTICE

21. Notice of this Motion shall be given to (a) the U.S. Trustee; (b) the Committee and its counsel, Milbank, Tweed, Hadley & McCloy LLP; (c) any federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware or order of the Court; (d) Magnate S.á r.l. and its counsel, Kirkland & Ellis LLP; (e) DAK Americas LLC and its counsel, Weil, Gotshal & Manges LLP; (f) Banco Inbursa S.A., Institución De Banca Multiple, Grupo Financiero Inbursa, the DIP Lender and its counsel, Cleary Gottlieb Steen & Hamilton LLP; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of noticing; and (h) Settlement Class Counsel and all known Potential Settlement Class Members. The Debtor Defendants submit that no other or further notice need be provided.

## NO PRIOR REQUEST

22. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor Defendants respectfully request that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

Dated: June 4, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ joseph M. Mulvihill*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Michael J. Cohen
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: sgreenberg@jonesday.com
mcohen@jonesday.com
scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-7035
Facsimile: (216) 579-0212
Email: ceblack@jonesday.com

Co-Counsel for the Debtors and Debtors in Possession