## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

## DEBTORS' MOTION FOR ENTRY OF AN
## ORDER (I) WAIVING THE REQUIREMENTS OF
## SECTION 345(b) OF THE BANKRUPTCY CODE WITH RESPECT
## TO FOREIGN BANK ACCOUNTS AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), submit this motion (this "Motion") pursuant to sections 105(a) and 345(b) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order waiving the requirements of section 345(b) of the Bankruptcy Code with respect to the bank accounts identified on Exhibit A hereto (the "Foreign Accounts") and held by Mossi & Ghisolfi International S.à r.l. ("MGI"), M&G Chemicals S.A. ("M&G Chemicals") or M&G Capital S.à r.l. (collectively with MGI and M&G Chemicals, the "Lux Debtors"). In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157. Venue is proper in this

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought

herein are sections 105(a) and 345(b) of the Bankruptcy Code.

## BACKGROUND

### A.    General Background

2.     On October 24, 2017 (the "Polymers Petition Date"), Debtor M&G

Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of

the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other

Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of

M&G Polymers, these "Cases"). The Debtors are continuing in possession of their properties

and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

3.     An official committee of unsecured creditors (the "Committee") was

appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information

regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and

financial condition as of the Petition Date, is set forth in the *Declaration of Dennis Stogsdill in

Support of First Day Pleadings* (Docket No. 3) (the "First Day Declaration"), filed on

October 31, 2017 and incorporated herein by reference.

### B.    The Foreign Bank Accounts

4.     On the Petition Date, the Debtors filed a motion (Docket No. 7) (the "Cash

Management Motion"), which, among other things, requested a temporary waiver of the

requirements of section 345(b) of the Bankruptcy Code to provide the Debtors with time to bring

their cash management system and bank accounts into compliance with the Bankruptcy Code

and applicable guidelines promulgated by the office of the United States Trustee

(the "U.S. Trustee").

5.        On November 1, 2017, the Court entered the *Interim Order (I) Approving the Continued Use of the Debtors' Cash Management System, Bank Accounts and Business Forms, (II) Extending the Debtors' Time to Comply with Section 345(b) of the Bankruptcy Code, (III) Approving Continuation of Ordinary Course Intercompany Transactions and (IV) Granting Related Relief* (Docket No. 68) granting the Debtors a temporary waiver of the requirements of section 345(b). Subsequent interim orders granting similar relief were entered on December 1, 2017 (Docket No. 310), January 2, 2018 (Docket No. 586), February 1, 2018 (Docket No. 869), March 19, 2018 (Docket No. 1214), April 23, 2018 (Docket No. 1392) and May 22, 2018 (Docket No. 1498) (the "Seventh Interim Cash Management Order"). The relief provided by the Seventh Interim Cash Management Order with respect to section 345 was extended by the *Bridge Order (I) Extending the Relief Provided by the Seventh Interim Cash Management Order and (II) Granting Related Relief* entered on May 31, 2018 (Docket No. 1524).

6.        Over the past several months, the Debtors have taken steps to bring their bank accounts into compliance with section 345(b) and have successfully transitioned the vast majority of their domestic bank accounts to institutions party to Uniform Depository Agreements with the U.S. Trustee.[2] The Debtors have determined, however, that they require additional, permanent relief from the requirements of section 345(b) for the Foreign Accounts because, among other things, any movement of funds in the Foreign Accounts to depository institutions outside of Luxembourg potentially could expose managers of the Lux Debtors to civil or

---

[2]      Debtors M&G Resins USA, LLC and Chemtex International, Inc. continue to hold funds in five accounts with institutions that are not party to a Uniform Depository Agreement with the U.S. Trustee; however, each of these accounts maintain minimal balances or are expected to be closed shortly. These bank accounts will be addressed in connection with the Debtors' request for entry of a final cash management order.

criminal liability under applicable Luxembourg law. In particular, personnel authorizing any such transfer could be accused of diverting the funds in violation of Articles 575 and 576 of the Luxembourg Code of Commerce, which is potentially punishable by imprisonment for a period of between one month to ten years. Further, the Debtors' efforts to close certain of the inactive Foreign Accounts or obtain a bond to collateralize the funds in the Foreign Accounts have been unsuccessful.

7.      The majority of the Foreign Accounts with significant balances are owned by Debtor MGI and are located at BGL BNP Paribas, the fifth largest bank in Luxembourg. The remaining Foreign Accounts are located at Unicredit S.p.A. and Banca Monte dei Paschi, which are both large and established financial institutions in Europe.[3]   The Lux Debtors have maintained funds in the Foreign Accounts throughout the course of these Cases without incident.

8.      On the date hereof, the Lux Debtors filed a motion seeking an order dismissing their chapter 11 cases (Docket No. 1537) (the "Motion to Dismiss").  If the Motion to Dismiss is granted, the relief requested in this Motion will be moot.  Although, for the reasons explained in the Motion to Dismiss, the Lux Debtors believe that dismissal of their Cases is justified and appropriate under the circumstances and in the best interests of their creditors, the Debtors submit this Motion out of an abundance of caution in case the relief requested in the Motion to Dismiss is denied.

## RELIEF REQUESTED

9.       The Debtors seek entry of an order, pursuant to sections 105(a) and 345(b) of the Bankruptcy Code, substantially in the form of the proposed order attached

---

[3]      MGI also maintains an inactive investment account with Edmond de Rothchild Bank that contains less than $200 and which MGI has attempted to close without success.

hereto as <u>Exhibit B</u>, waiving the requirements of section 345(b) of the Bankruptcy Code solely with respect to the Foreign Accounts.

## **BASIS FOR RELIEF**

10.     Pursuant to section 345(b) of the Bankruptcy Code, any deposit or other investment made by a debtor (except those insured or guaranteed by the United States or by a department, agency or instrumentality of the United States, or backed by the full faith and credit of the United States) generally must be secured by either (a) a bond in favor of the United States that is secured by the undertaking of a corporate surety approved by the U.S. Trustee for the relevant district or (b) the deposit of securities of the kind specified in 31 U.S.C. § 9303.

11.     Section 345(b), however, expressly authorizes courts to relieve debtors of its requirements "for cause." *See* 11 U.S.C. § 345(b); *In re Serv. Merch. Co.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999).  In addition, section 105(a) of the Bankruptcy Code authorizes courts to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

12.     In *Service Merchandise*, the court identified the following factors as a guide for determining whether cause exists to waive the requirements of section 345(b) of the Bankruptcy Code:

> a.     the sophistication of the debtor's business;
>
> b.     the size of the debtor's business operations;
>
> c.     the amount of investments involved;
>
> d.     the bank ratings of the financial institutions where the debtor's funds are held;
>
> e.     the safeguards in place within the debtor's own business for insuring the safety of the funds;

f.     the debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;

g.     the benefit to the debtor of current practices;

h.     the harm, if any, to the estate; and

i.     the reasonableness of the debtor's request for relief from the section 345(b) requirements in light of the overall circumstances of the case.

*Id.*

13.     Each of the relevant factors demonstrates that cause exists justifying a waiver of the requirements of section 345(b) of the Bankruptcy Code for the Foreign Accounts. With respect to the first and second factors, the Debtors' businesses are large and sophisticated, forming a major portion of the businesses of Debtor M&G Chemicals S.A. and its subsidiaries, which is headquartered in Luxembourg and, prior to the Petition Date, had revenues of approximately $1.6 billion and employed over 950 people in various locations around the world. First Day Declaration, ¶¶ 13-15. With respect to the third factor, the amount of funds held in the Foreign Accounts, although not de minimis in the aggregate, is dwarfed by the scale of the Debtors' assets located in the United States.

14.     Under the fourth factor, each of the banks at which the Foreign Accounts are located are large, highly regulated financial institutions with international operations. These banks have maintained the funds in the Foreign Accounts securely to date, and the Debtors have no reason to believe that they will not continue to do so for the foreseeable future. With respect to the fifth factor regarding safeguards, the Debtors have agreed to provide counsel to the U.S. Trustee and the Committee with weekly reports regarding the balance of each Foreign Account, and will continue to do so for so long as the Lux Debtors' Cases remain pending.

15.     The seventh, eighth and ninth factors, regarding the benefit to the Debtors, harm to their estates and reasonableness of the request in the circumstances, all weigh heavily in favor of a finding of cause.[4]  The benefit to the Debtors of waiving the requirements of section 345(b) for the Foreign Accounts is significant because requiring the Debtors to comply with section 345(b) could expose the managers of the Lux Debtors, many of whom are also managers or directors or officers of other Debtors, to potentially severe civil and criminal penalties, including imprisonment.

16.     No harm can reasonably be anticipated to come to the Debtors' estates by maintaining the funds in the Foreign Accounts given (a) the size of the banks where the Foreign Accounts are located and (b) the other safeguards that the Debtors have instituted to provide timely information to the U.S. Trustee and the Committee.  To the contrary, the Debtors' estates would be harmed unnecessarily if the Debtors were forced either:  (a) to domesticate the funds in the Foreign Accounts, thereby potentially incurring substantial manager liability; or (b) to post costly bonds, which the Debtors may be unable to obtain in any event, collateralizing each of the Foreign Accounts (whatever the balance in such accounts), as contemplated by section 345(b)(1) of the Bankruptcy Code.

17.     The Debtors' request that the Court waive compliance with section 345(b) of the Bankruptcy Code with respect to the Foreign Accounts is, therefore, reasonable under the circumstances of these Cases.  Because the funds in the Foreign Accounts are secure and monitored, mandating compliance with section 345(b) at this juncture would needlessly impose costs on the Debtors' estates and expose key personnel to potentially severe civil and criminal penalties.  In light of the fact that the Lux Debtors have filed the Motion to Dismiss, and the remaining Debtors intend to file a plan of liquidation in the near term, the Debtors submit that

---

[4]     The sixth factor is not relevant because the Debtors do not expect to reorganize their businesses.

ample cause exists justifying a waiver of the requirements of section 345(b) with respect to the Foreign Accounts.

## NOTICE OF MOTION

18. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Committee; (c) the Internal Revenue Service, the Securities and Exchange Commission and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or order of the Caurt; (d) Magnate S.a r.l. and its counsel, Kirkland &Ellis LLP; (e) DAK Americas LLC and its counsel, Weil, Gotshal & Manges LLP; and (f) Banco Inbursa S.A., Institucion De Banca Multiple, Grupo Financiero Inbursa and its counsel, Cleary Gottlieb Steen &Hamilton LLP; and (g) any party requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

19. Aside from the Cash Management Motion, no prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, based upon the foregoing, the Debtors request entry of an order waiving the requirements of section 345(b) of the Bankruptcy Code as set forth herein and granting such other and further relief as may be determined by the Court.

Dated: June 5, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Joseph M. Mulvihill*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:       ljones@pszjlaw.com
             joneill@pszjlaw.com
             jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306
Email:        sgreenberg@jonesday.com
              scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:    (216) 586-7035
Facsimile:    (216) 579-0212
Email:        ceblack@jonesday.com

Co-Counsel for the Debtors
and Debtors in Possession