# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | Case No. 17-12307 (BLS) |
|  | (Jointly Administered) |
| Debtors. | Objection Deadline: July 3, 2018 at 4:00 p.m. (ET) |

**SUMMARY OF SEVENTH MONTHLY APPLICATION
OF JONES DAY FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND FOR
REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS
FOR THE PERIOD FROM MAY 1, 2018 THROUGH MAY 31, 2018**

| | |
|---|---|
| Name of Applicant: | Jones Day |
| Authorized to Provide Professional Services to: | The above-captioned Debtors |
| Period for which compensation and reimbursement are sought: | May 1, 2018 through May 31, 2018 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $825,024.00 (80% of $1,031,280.00) |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $29,439.15 |
| Date of Order Approving Retention: | November 30, 2017, *nunc pro tunc* to October 31, 2017 |

This is a(n): _X_ monthly  ___ interim  ___ final application

The total time expended for fee application preparation is approximately 24.90 hours and the corresponding compensation requested is approximately $12,252.50.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

Prior Applications Filed:

| Date / Docket | Month Covered | Fees | Expenses |
|---|---|---|---|
| December 5, 2017<br>[Docket No. 362]<br>First Monthly Fee Application | October 31, 2017 – November 30, 2017 | $1,575,370.00 | $10,310.08 |
| January 10, 2018<br>[Docket No. 647]<br>Second Monthly Fee Application | December 1, 2017 – December 31, 2017 | $1,692,827.00 | $25,239.68 |
| February 13, 2018<br>[Docket No. 957]<br>Third Monthly Fee Application | January 1, 2018 – January 31, 2018 | $1,798,473.00 | $22,655.74 |
| March 8, 2018<br>[Docket No. 1109]<br>Fourth Monthly Fee Application | February 1, 2018 – February 28, 2018 | $1,534,792.00 | $25,750.04 |
| March 15, 2018<br>[Docket No. 1170]<br>First Interim Fee Application | October 31, 2017 – January 31, 2018 | $6,279,660.00 | $56,952.50 |
| April 12, 2018<br>[Docket No. 1367]<br>Fifth Monthly Fee Application | March 1, 2018 – March 31, 2018 | $2,082,525.00 | $40,531.41 |
| May 11, 2018<br>[Docket No. 1455]<br>Sixth Monthly Fee Application | April 1, 2018 – April 30, 2018 | $737,972.00 | $43,552.14 |

SUMMARY OF COMPENSATION REQUESTED BY TIMEKEEPER FOR THE COMPENSATION PERIOD
May 1, 2018 - May 31, 2018

| Name | Title/Group/Bar Year | Billing Rate 2018 | Hours Billed May-18 | Total Fees |
|---|---|---|---|---|
| | **PARTNER** | | | |
| C E Black | Partner/Business Restructuring & Reorganization/1998 | $1,000.00 | 160.00 | $160,000.00 |
| V S Chang | Partner/Employee Benefits & Executive Compensation/2003 | $925.00 | 27.50 | $25,437.50 |
| M J Cohen | Partner/Business Restructuring & Reorganization/2002 | $1,025.00 | 2.10 | $2,152.50 |
| T A Hamilton | Partner/Government Regulation/1993 | $875.00 | 0.60 | $525.00 |
| C E Laduzinski | Partner/Tax/2001 | $1,050.00 | 12.10 | $12,705.00 |
| H A Liou | Partner/Intellectual Property/2008 | $800.00 | 36.90 | $29,520.00 |
| D J Merrett | Partner/Business Restructuring & Reorganziation/2007 | $750.00 | 171.00 | $128,250.00 |
| D Rimkunas | Partner/Tax/2004 | $975.00 | 25.20 | $24,570.00 |
| J Sottile, IV | Partner/Business & Tort Litigation/1985 | $1,050.00 | 68.30 | $71,715.00 |
| F Squerzoni | Partner/Banking, Finance & Securities/1998 | $850.00 | 14.80 | $12,580.00 |
| R C Thomas | Partner/Antitrust & Competition Law/2000 | $975.00 | 68.00 | $66,300.00 |
| | **Total Partner** | | **586.50** | **$533,755.00** |
| | **ASSOCIATE** | | | |
| K M Brockmeyer | Associate/Antitrust & Competition Law/2011 | $725.00 | 99.80 | $72,355.00 |
| S L Corr-Irvine | Associate/Business Restructuring & Reorganization/2009 | $850.00 | 90.50 | $76,925.00 |
| A M Doyle | Associate/New Lawyers Group/2017 | $450.00 | 6.50 | $2,925.00 |
| B S Jacobs | Associate/Tax/2012 | $675.00 | 12.20 | $8,235.00 |
| K N Mancini | Associate/Banking, Finance & Securities/2016 | $500.00 | 5.90 | $2,950.00 |
| N J Morin | Associate/Business Restructuring & Reorganization/2013 | $650.00 | 12.40 | $8,060.00 |
| K A Rublin | Associlate/Tax/2013 | $675.00 | 12.90 | $8,707.50 |
| P Saba | Associate/Business Restructuring & Reorganization/2015 | $550.00 | 211.80 | $116,490.00 |
| D Smith | Associate/New Lawyers Group/2017 | $475.00 | 6.90 | $3,277.50 |
| O Vastola | Associate/Mergers & Acquisitions/2013 | $475.00 | 16.60 | $7,885.00 |
| K Xian | Associate/Antitrust & Competition Law/2014 | $575.00 | 98.20 | $56,465.00 |
| O S Zeltner | Associate/Business Restructuring & Reorganization/2012 | $550.00 | 82.20 | $45,210.00 |
| | **Total Associate** | | **655.90** | **$409,485.00** |
| | **LAW CLERK** | | | |
| F Ceccon | Law Clerk/New Lawyers Group/-- | $375.00 | 5.00 | $1,875.00 |
| A M Hemendinger | Law Clerk/New Lawyers Group/-- | $475.00 | 89.60 | $42,560.00 |
| S A Nelson | Law Clerk/New Lawyers Group/2017 | $475.00 | 25.80 | $12,255.00 |
| F Siddiqui | Law Clerk/New Lawyers Group/2017 | $475.00 | 54.90 | $26,077.50 |
| | **Total Law Clerk** | | **175.30** | **$82,767.50** |
| | **SUMMER ASSOCIATE** | | | |
| A A Garcia | Summer Associate/Summer Associate/-- | $475.00 | 11.70 | $5,557.50 |
| | **Total Summer Associate** | | **11.70** | **$5,557.50** |
| | **PARALEGAL** | | | |
| M T Barrios | Paralegal/Banking, Finance & Securities/-- | $275.00 | 15.50 | $4,262.50 |
| M M Melvin | Paralegal/Business Restructuring & Reorganization/-- | $350.00 | 2.40 | $840.00 |
| T E Solomon | Paralegal/Business & Tort Litigation/-- | $350.00 | 4.50 | $1,575.00 |
| | **Total Paralegal** | | **22.40** | **$6,677.50** |
| | **Total Hours/Fees:** | | **1,451.80** | **$1,038,242.50** |
| | **Less: 50% Non-Working Travel** | | | **($6,962.50)** |
| | **Grand Total:** | | **1,451.80** | **$1,031,280.00** |

SUMMARY OF COMPENSATION REQUESTED BY CATEGORY FOR THE
COMPENSATION PERIOD
May 1, 2018 - May 31, 2018

|  | May-18 | |
|---|---|---|
| **Matter** | **Hours** | **Fees** |
| Case Administration | 49.70 | $40,260.00 |
| Plan of Reorganization/Disclosure Statement | 513.40 | $344,812.50 |
| Use, Sale, Lease of Assets | 325.70 | $236,837.50 |
| Cash Collateral/DIP Financing/Other Financing | 7.40 | $4,295.00 |
| Claims Administration | 212.50 | $174,170.00 |
| Court Hearings | 5.80 | $5,680.00 |
| Professional Retention/Fee Issues | 24.60 | $13,690.00 |
| Fee Application Preparation | 24.90 | $12,252.50 |
| Nonworking Travel | 14.00 | $13,925.00 |
| General Corporate/Real Estate | 19.10 | $14,525.00 |
| Schedules/SOFA/U.S. Trustee Reports | 0.20 | $150.00 |
| Employee Matters | 101.00 | $70,265.00 |
| Tax Advice | 29.70 | $21,735.00 |
| Litigation/Adversary Proceedings | 98.50 | $66,957.50 |
| Automatic Stay/Adequate Protection | 0.20 | $170.00 |
| Executory Contracts/Unexpired Leases | 7.80 | $4,682.50 |
| Meetings | 17.30 | $13,835.00 |
| Writedown | 121.80 | $66,840.00 |
| **SUBTOTAL:** | 1,573.60 | $1,105,082.50 |
| Less: 50% Non-Working Travel | 0.00 | ($6,962.50) |
| Less: Voluntary Write-Downs | (121.80) | ($66,840.00) |
| **TOTAL:** | **1,451.80** | **$1,031,280.00** |

SUMMARY OF EXPENSES REQUESTED BY CATEGORY FOR THE
COMPENSATION PERIOD
May 1, 2018 - May 31, 2018

| Category | May-18 |
|---|---:|
| Certified Document Charges | $74.10 |
| Conference Charges | $455.16 |
| Court Reporter Fees | $23,512.92 |
| Document Reproduction Charges | $97.70 |
| Federal Express Charges | $13.63 |
| Travel - Air Fare | $691.10 |
| Travel - Food and Beverage Expenses | $363.35 |
| Travel - Hotel Charges | $2,170.80 |
| Travel - Taxi Charges | $597.39 |
| Travel - Train Fare | $1,463.00 |
| **Total** | **$29,439.15** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: July 3, 2018 at 4:00 p.m. (ET)** |

## SEVENTH MONTHLY APPLICATION OF JONES DAY FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTORS FOR THE PERIOD FROM MAY 1, 2018 THROUGH MAY 31, 2018

Jones Day, counsel to the above-captioned debtors (collectively, the "Debtors"), makes its seventh monthly fee statement (this "Monthly Fee Statement") for allowance of compensation of $825,024.00 (80% of $1,031,280.00) and reimbursement of expenses of $29,439.15 for the period from May 1, 2018 through May 31, 2018 (the "Compensation Period") in accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (Docket No. 308) (the "Interim Compensation Order"). In support of this Monthly Fee Statement, Jones Day respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

## BACKGROUND

2. On October 24, 2017 (the "Polymers Petition Date"), Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) (the "First Day Declaration"), filed on October 31, 2017 and incorporated herein by reference.

## Jones Day's Retention

4. On November 10, 2017, the Debtors filed the *Application for an Order Authorizing Them to Retain and Employ Jones Day as Counsel, Nunc Pro Tunc as of the Petition Date* (Docket No. 138) (the "Retention Application"), by which the Debtors sought to retain and employ Jones Day as their counsel in these Cases. On November 30, 2017, this Court entered the *Order Authorizing the Debtors to Retain and Employ Jones Day as Counsel, Nunc Pro Tunc as of the Petition Date* (Docket No. 300) (the "Retention Order"), authorizing the retention of Jones Day as the Debtors' counsel.

**The Interim Compensation Order**

5. On November 10, 2017, the Debtors filed the *Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 141) (the "Interim Compensation Procedures Motion"), which sought to establish procedures for the compensation and reimbursement of professionals whose retentions are approved by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code on a monthly basis and on terms comparable to the procedures established in other large chapter 11 cases. On December 1, 2017, this Court entered the Interim Compensation Order, which approved the relief sought in the Interim Compensation Procedures Motion and authorized the implementation of the interim compensation procedures contemplated therein.

6. Specifically, the Interim Compensation Order provides that "[e]ach Professional seeking monthly compensation must prepare monthly fee applications (each, a "Monthly Fee Application") in accordance with Local Rules 2016-2(c)(i) and (ii), which shall include (i) the information required by Local Forms 101 and 102 and (ii) a monthly invoice that contains the fee and expense detail that describes the fees and expenses incurred by such Professional." Interim Compensation Order, ¶ 2(a). The Interim Compensation Order further provides that Monthly Fee Applications shall be filed no sooner than the 5th day following the month for which fees are sought (*id.* at ¶ 2(b)).

**JONES DAY'S APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**Compensation Paid and Its Sources**

7. Jones Day has received no payment for services rendered in any capacity in connection with the matters covered in this Monthly Fee Statement, nor has it received any promises for payment for matters covered by this Monthly Fee Statement, from any source other

than from the Debtors. There is no agreement or understanding between Jones Day and any other person other than partners of Jones Day for the sharing of compensation to be received from the services rendered in these Cases.

**Itemization of Services
Rendered and Disbursements Incurred**

8. Attached hereto as Exhibit A are the time records of Jones Day, which provide a daily summary of the time spent by each Jones Day attorney[2] and paraprofessional[3] during the Compensation Period by project category. The blended hourly billing rate of attorneys for all services provided during the Compensation Period is $721.68[4]. The blended hourly billing rate of paraprofessionals for all services provided during the Compensation Period is $298.10[5].

9. Attached hereto as Exhibit B is a detailed itemization of expenses for which Jones Day seeks reimbursement. Jones Day maintains the following policies with respect to expenses:

> (a) No amortization of the cost of any investment, equipment or capital outlay is included in the expenses. In addition, for those items or services that Jones Day purchased from or contracted with a third party (such as outside copy services), Jones Day seeks reimbursement only for the exact amount billed to Jones Day by the third party vendor and paid by Jones Day to the third party vendor.
>
> (b) Photocopying by Jones Day was charged at 10 cents per page. To the extent practicable, Jones Day utilized less expensive outside copying services.
>
> (c) Meals charged to the Debtors either were associated with (i) out-of-town travel; (ii) meetings at Jones Day with the Debtors and

---

[2] Attorneys include partners, of counsel, counsel, associates, staff attorneys, law clerks, and summer associates, as applicable during the Compensation Period.

[3] Paraprofessionals include paralegals, legal support personnel, project assistants and staff members, as applicable during the Compensation Period.

[4] The blended hourly billing rate of $721.68 for attorneys is derived by dividing the total fees for attorneys of $1,031,565.00 by the total hours of 1,429.40 for those same attorneys, not taking into account any discounts for non-working travel.

[5] The blended hourly billing rate of $298.10 for paraprofessionals is derived by dividing the total fees for paraprofessionals of $6,677.50 by the total hours of 22.40 for those same paraprofessionals, not taking into account any discounts for non-working travel.

- 4 -

other professionals; or (iii) attorneys working late on matters concerning the Debtors.

    (d)  Charges for airline and train travel include the cost of each airline or train ticket used in connection with the provision of services to the Debtors.

    (e)  Jones Day does not charge clients for Blackberry or other similar charges.

    (f)  The time pressures associated with the services rendered by Jones Day frequently require Jones Day's professionals and paraprofessionals to devote substantial amounts of time during the evenings and on weekends. To the extent that Jones Day has charged the Debtors for secretarial and other staff overtime expenses, such expenses were directly associated with such after-hours work and were necessary given the circumstances of these Cases. Jones Day does not consider these to be part of its ongoing overhead expenses because they are special incremental expenses arising from the specific services being provided to the Debtors.

10.  Jones Day believes that the time entries set forth in the exhibit attached hereto are in compliance with the requirements of Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>").

## Total Fees and Expenses
## Sought for the Compensation Period

11.  The total amount sought for fees for professional services rendered and the reimbursement of expenses incurred for the Compensation Period are as follows:

| | |
|---|---|
| Total Fees | $1,031,280.00 |
| Total Disbursements | $29,439.15 |
| **TOTAL** | **$1,060,719.15** |

Pursuant to the Interim Compensation Order, Jones Day seeks payment from the Debtors in the amount of $854,463.15, which represents (a) 80% of Jones Day's total fees for services rendered during the Compensation Period and (b) 100% of the expenses incurred by Jones Day during the Compensation Period.

- 5 -

**Billing Adjustments**

12.     The total fees requested in this Monthly Fee Statement reflect reductions totaling $73,802.50, which is comprised of a 50% reduction of $6,962.50 for time spent on nonworking travel and a voluntary reduction of $66,840.00 as assessed by Jones Day in reviewing invoices.

**CONCLUSION**

13.     Jones Day attorneys and paraprofessionals expended a total of 1,573.60 hours in connection with their representation of the Debtors during the Compensation Period.  Employing Jones Day's normal hourly rates for work of this character, the reasonable value of the services rendered by Jones Day for the Debtors during the Compensation Period, after taking into account the billing adjustments discussed above is $1,031,280.00.  During the Compensation Period, Jones Day also incurred expenses of $29,439.15.  Pursuant to the Interim Compensation Order, by this Monthly Fee Statement, Jones Day seeks payment from the Debtors in the amount of $854,463.15, which amount represents (a) 80% of Jones Day's total fees for services rendered during the Compensation Period and (b) 100% of the total disbursements incurred from the Compensation Period (the "Requested Payment").

14.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Jones Day respectfully submits that the amount requested is fair and reasonable given (a) the complexity of the cases, (b) the time expended, (c) the nature and extent of services rendered, (d) the value of such services and (e) the costs of comparable services rendered in a case outside the Bankruptcy Code.  Moreover, Jones Day has reviewed the requirements of Local Rule 2016-2 and the Interim Compensation Order and believes that this Monthly Fee Statement complies with such Local Rule and Order.

**NOTICE**

15. Jones Day will serve this Monthly Fee Statement in accordance with the Interim Compensation Order and the Local Rules. Pursuant to the Interim Compensation Order, objections to this Monthly Fee Statement, if any, must be in writing and filed with the Court and served upon Jones Day so as to be received no later than July 3, 2018 (the "Objection Deadline"). If no objections to this Monthly Fee Statement are received by the Objection Deadline, Jones Day is authorized to receive the Requested Payment pursuant to the terms of the Interim Compensation Order and the Retention Order.

| | |
|---|---|
| Dated: June 12, 2018<br>Wilmington, Delaware | /s/ *Carl E. Black*<br>JONES DAY<br>Scott J. Greenberg<br>Stacey L. Corr-Irvine<br>250 Vesey Street<br>New York, NY 10281<br>Telephone: (212) 326-3939<br>Facsimile: (212) 755-7306<br>Email: sgreenberg@jonesday.com<br>scorrirvine@jonesday.com<br><br>and<br><br>Carl E. Black<br>901 Lakeside Avenue<br>Cleveland, Ohio 44114<br>Telephone: (216) 586-7035<br>Facsimile: (216) 579-0212<br>Email: ceblack@jonesday.com<br><br>Counsel for the Debtors and Debtors in Possession |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered) |

## CERTIFICATION OF CARL E BLACK

Carl E. Black, under penalty of perjury, certifies as follows:

1. I am a partner with the law firm of Jones Day and have been admitted to appear before this Court. I make this certification in accordance with Local Rule 2016-2 regarding the contents of applications for compensation and expenses. I have read the Monthly Fee Statement and am familiar with the work performed on behalf of the Debtors by the attorneys and paraprofessionals of Jones Day.

2. The facts set forth in the foregoing Monthly Fee Statement are true and correct to my knowledge, information and belief. I have reviewed Local Rule 2016-2 and the Interim Compensation Order and submit that the Monthly Fee Statement substantially complies with such Local Rule and the Interim Compensation Order.

Dated: June 12, 2018          /s/ *Carl E. Black*
                              Carl E. Black

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

NAI-1503729821v1