# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| M & G USA CORPORATION., *et al.*,[1] | ) | Case No. 17-12307 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | **Hearing Date:  TBD** |
| | ) | **Objection Deadline: July 5, 2018 at 4:00 p.m.** |
| | ) | **ET** |

**COVER SHEET OF SECOND INTERIM APPLICATION OF JEFFERIES LLC
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND FOR REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT
BANKER FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FROM FEBRUARY 1, 2018 TO AND INCLUDING APRIL 30, 2018**

Name of Applicant: Jefferies LLC

Authorized to Provide Professional Services to: Official Committee of Unsecured Creditors

Date of Retention: November 14, 2017

Period for Which Compensation
and Reimbursement Are Sought: February 1, 2018 – April 30, 2018

Amount of Compensation Requested: $450,000.00

Amount of Expense Reimbursement Requested: $29,559.55

This is a(n): _____ monthly   X   interim _____ final application

---

[1]    The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

## SECOND INTERIM FEE APPLICATION OF JEFFERIES LLC

### FEES AND EXPENSES
### FEBRUARY 1, 2018 – APRIL 30, 2018

| APPLICATION | REQUESTED | | PAID | | OUTSTANDING | |
|---|---|---|---|---|---|---|
| | **FEES** | **EXPENSES** | **FEES** | **EXPENSES** | **FEES** | **EXPENSES** |
| Consolidated Second Monthly [D.I. 1540] 2/1/18 – 4/30/18 | $450,000.00 | $29,559.55 | *PENDING*[1] | *PENDING* | $450,000.00 | $29,559.55 |

---

[1] The objection deadline for Jefferies' consolidated second monthly fee application will expire on June 27, 2018.

**SECOND INTERIM FEE APPLICATION OF JEFFERIES LLC**

**HOURS BY PROFESSIONAL**
**FEBRUARY 1, 2018 – APRIL 30, 2018**

| Name | Title | Hours |
|---|---|---|
| Leon Szlezinger | Co-Head / Managing Director, Global Restructuring & Recapitalization | 204.0 |
| David Bradley | Vice Chairman, Global Co-Head of Industrials, Global Head of Chemicals | 13.5 |
| John D'Amico | Senior Vice President, Global Restructuring & Recapitalization | 71.5 |
| Patrick Topper | Associate, Global Restructuring & Recapitalization | 269.5 |
| Sameer Rathie | Associate, Global Industrials | 27.5 |
| Kenneth Kam | Analyst, Global Industrials | 31.5 |
| Jishan Lakhani | Analyst, Global Restructuring & Recapitalization | 32.0 |
| Cory Bunce | Analyst, Global Restructuring & Recapitalization | 77.5 |
| **TOTAL** | | **727.0** |

**SECOND INTERIM FEE APPLICATION OF JEFFERIES LLC**

**EXPENSES BY CATEGORY**
**FEBRUARY 1, 2018 – APRIL 30, 2018**

| | | |
|---|---|---:|
| Legal | $ | 22,211.50 |
| Meals | | 1,343.52 |
| Transportation - Ground | | 3,589.57 |
| Presentation Services | | 1,539.66 |
| Other | | 875.30 |
| **Total** | **$** | **29,559.55** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| M & G USA CORPORATION., *et al.*,[1] | ) | Case No. 17-12307 (BLS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**SECOND INTERIM APPLICATION OF JEFFERIES LLC**
**FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED**
**AND FOR REIMBURSEMENT OF EXPENSES INCURRED AS INVESTMENT**
**BANKER FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FROM FEBRUARY 1, 2018 TO AND INCLUDING APRIL 30, 2018**

Jefferies LLC ("Jefferies"), the investment banker for the Official Committee of Unsecured

Creditors (the "Committee") in the above-captioned chapter 11 cases, submits its second interim

application (this "Application"), pursuant to sections 328, 330 and 331 of title 11 of the United

States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure

for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the

*Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* [Docket No. 308] (the "Interim Compensation Order"), requesting entry of an order

allowing (a) compensation for Jefferies' professional services to the Committee during the period

from February 1, 2018 to and including April 30, 2018 (the "Compensation Period") in the amount

of $450,000.00, and (b) reimbursement of actual and necessary expenses incurred by Jefferies

---

[1]    The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's
federal tax identification number, M & G USA Corporation (3449), M & G Resins USA, LLC (3236),
M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC
(2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à
r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East,
Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter
11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

during the Compensation Period in connection with such services in the amount of $29,559.55.  In

support of this Application, Jefferies respectfully represents as follows:

**JURISDICTION AND VENUE**

1.       The United States Bankruptcy Court for the District of Delaware (this "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of*

*Reference* from the United States District Court for the District of Delaware, dated February 29,

2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.       Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory and other legal bases for the relief requested herein are sections

328(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2.

**BACKGROUND**

4.       On October 24, 2017, Debtor M&G Polymers USA, LLC filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the

"Petition Date"), each of the other Debtors filed with this Court a voluntary petition for relief under

chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage

their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule

1015(b). No party has requested the appointment of a trustee or examiner in these cases.

5.       On December 13, 2017, the Committee filed an application [Docket No. 486] (the

"Retention Application") [2] to retain and employ Jefferies as their investment banker and financial

under sections 327(a) and 328(a) of the Bankruptcy Code pursuant to the terms and subject to the

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms
       in the Retention Application.

conditions of that certain engagement letter between the Committee and Jefferies dated as of November 13, 2017 (the "Engagement Letter").

6.      On January 5, 2018, the Court entered the order approving the Retention Application [Docket No. 624] (the "Retention Order"). The Retention Order, among other things, authorized the Committee to pay, reimburse and indemnify Jefferies in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter, as modified by the Retention Order, subject to application to the Court.

7.      On December 1, 2017, the Court entered the Interim Compensation Order, which generally sets forth the procedures for interim compensation and expense reimbursement for retained professionals in the Debtors' chapter 11 cases. The Interim Compensation Order provides that, upon the expiration of 21 days after service of a Monthly Fee Application (as defined in the Interim Compensation Order), the applicant may file a certificate of no objection with the Court, after which the Committee is authorized to pay such the applicant an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application and not subject to an objection.

8.      The Interim Compensation Order also provides that, commencing with the period beginning January 31, 2018, at three-month intervals, each retained professional will file with the Court and serve upon certain notice parties an application pursuant to section 331 of the Bankruptcy Code for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the professional in its Monthly Fee Applications, which interim fee applications must be filed on or before the 45th day after the end of the applicable interim fee period.

## RELIEF REQUESTED

9.     By this Application, Jefferies requests entry of an order allowing (a) compensation for professional services to the Committee during the Compensation Period in the amount of $450,000.00 and (b) reimbursement of actual and necessary expenses incurred by Jefferies during the Compensation Period in connection with such services in the amount of $29,559.55.

10.    All services for which Jefferies requests compensation were performed during the Compensation Period on behalf of the Committee.  During the Compensation Period, Jefferies performed significant services on behalf of the Committee, including but not limited to the follows:

(a)     **Due Diligence**.  In order to best understand and evaluate the Debtors' business, assets and prospects, Jefferies continued its due diligence with respect to the Debtors, their assets and M&G Group liabilities.  Jefferies' due diligence activities included, among other things: (a) holding numerous in-person and telephonic meetings with advisors to the Debtors and other key stakeholders; (b) requesting, reviewing and analyzing voluminous materials provided by the Debtors and their professionals regarding the Debtors' assets, projected financial performance, costs-to-complete, outstanding obligations, and capitalization; (c) conducting extensive research and analyses on the Debtors' customers and industry; and (d) reviewing and analyzing the various motions filed by the Debtors and other parties-in-interest.  Based upon its due diligence, Jefferies continually updated and prepared detailed reports for the Committee and its other advisors regarding matters related to the Debtors including the status of the Corpus Christi and the status of negotiations relating to foreign insolvency proceedings.

(b)     **Committee Meetings**.  Jefferies held numerous in-person meetings and conference calls and engaged in extensive email communications with the Committee's legal and financial advisors and Committee members, regarding issues relating to the Debtors' chapter 11 cases.  Specifically, Jefferies' professionals provided recommendations and advice with respect to various strategic and financial issues, as well as updates on discussions, activities and negotiations with the Debtors and other parties-in-interest on matters including the sale processes being undertaken by the Debtors.  Such meetings provided a forum for the Committee members to exchange ideas and raise questions concerning matters of paramount concern to unsecured creditors.  The meetings also provided a forum for Jefferies to communicate the findings of its various due diligence activities and analyses and to update the Committee on the status of the Debtors' cases including the marketing processes for its assets, and settlement negotiations and communications with other stakeholders.

4

(c)     **General Corporate Finance**.  Jefferies' activities in this project area included working with the Committee to understand, evaluate and comment on the Debtors' business, financial projections, capital structure, and other corporate finance topics.  Additionally, Jefferies reviewed the Debtors' financial information that was relevant to the Debtors' operations both prior to and during the proceedings.

(d)     **Meetings Among the Committee, the Debtors, and Other Parties-in-Interest**.  Jefferies assisted the Committee in preparing for and participating in meetings, negotiations and other communications with the Debtors and other constituencies.  Moreover, Jefferies attended and participated in due diligence, strategy, negotiation and settlement sessions with the Debtors and other stakeholders.  Jefferies also attended and participated in internal meetings and numerous telephone conferences with Committee members and other constituencies to discuss the status of the Debtors' cases and negotiations related to key litigation brought by the Committee.  Topics of such communications included, among other things, evaluation of the Debtors' operations, discussions regarding the sale processes being undertaken by the Debtors, evaluation of numerous litigation outcomes, status of foreign insolvency processes and negotiation of overall outcome for unsecured creditors.  In addition, Jefferies had frequent conversations with other parties-in-interest regarding the cases and reported the substance of these communications back to the Committee.

(e)     **Extensive Financial Analyses**.  Jefferies conducted various extensive financial analyses including, but not limited to, analyses of the Debtors' business, operations, various claims filed against the Debtors, and potential recoveries to the Company's creditors under various scenarios.  Jefferies prepared extensive analyses and materials which relied upon the information provided by the Debtors that were presented to the Committee on a regular basis.

(f)     **Preparation of Expert Report**.  Jefferies supported the Committee's lien recharacterization litigation, prepared an expert report and was deposed in connection therewith.  Jefferies' expert report related to the solvency of the Debtors at a certain point in time. In connection therewith, Jefferies reviewed voluminous discovery documents and publicly available documents and performed extensive independent financial analyses in connection with the preparation of such report. Jefferies conducted extensive research and financial analyses and worked closely with the Committee's other professionals in the preparation of the expert report and related workstreams.  Jefferies reviewed the rebuttal report submitted by DAK Americas, LLC's expert and prepared to testify at the Court hearing scheduled for this matter.

(g)     **Sale Process**.  Jefferies actively participated in numerous in-person meetings and conference calls with the Debtors' advisors in connection with diligence of

the sale process for the Corpus Christi assets being undertaken by the Debtors, including attending multiple meetings and conference calls with advisors to the winning bidders in order to negotiate an outcome acceptable to the Committee. Jefferies regularly updated the Committee with regards to the negotiations.

(h) **Litigation Support**. Jefferies assisted the Committee's legal advisors in its lien recharacterization litigation against DAK Americas LLC [Docket No. 876], filed on February 1, 2018 and subsequent analysis, including preparation for depositions of fact and rebuttal witnesses and alignment with the Committee's other expert, Ms. Nina Eshoo of Saltbox Partners. Jefferies reviewed an extensive collection of discovery documents, deposition transcripts, third-party research, and public filings relating to the matter. Additionally, Jefferies submitted an expert report, was deposed, attended several other depositions and participated in numerous calls and meetings in connection with the prosecution of the motion. Jefferies was integrally involved in settlement negotiations and the ultimate resolution of this matter.

11. Although Jefferies, in line with market convention, does not bill by the hour, Jefferies kept track of its post-petition time in half-hour increments in accordance with the Retention Order. Such time records are attached hereto as **Exhibit A**. During the Compensation Period, Jefferies professionals spent approximately 727 hours providing investment banking services to the Committee.

12. The fees charged by Jefferies have been billed in accordance with the Engagement Letters and the Retention Order and are comparable to those fees charged by Jefferies for professional services rendered in connection with similar chapter 11 cases and non-bankruptcy matters. Jefferies submits that such fees are reasonable based upon the customary compensation charged by similarly skilled practitioners in comparable bankruptcy cases and non-bankruptcy matters in the competitive national investment banking market.

13. There is no agreement or understanding between Jefferies and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

## ACTUAL AND NECESSARY EXPENSES

14.     Jefferies also incurred certain necessary expenses during the Compensation Period for which it is entitled to reimbursement under the Engagement Letter.  As set forth in detail on **Exhibit B** attached hereto, Jefferies' total expenses incurred during the Compensation Period are $29,559.55.[3]

## CERTIFICATION OF COMPLIANCE

15.     The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information and belief, this Application complies with that rule.


*[Remainder of Page Intentionally Left Blank]*

---

[3]     The expense reimbursements requested herein may not include certain expenses incurred by Jefferies during the Compensation Period but not processed as of the date hereof.  Any such expenses will be included in future monthly and interim fee applications.

WHEREFORE, Jefferies requests entry of an order allowing (a) compensation for professional services to the Committee during the Compensation Period in the amount of $450,000.00 and (b) reimbursement of actual and necessary expenses incurred by Jefferies during the Compensation Period in connection with such services in the amount of $29,559.55.

Dated: June 14, 2018                                    **JEFFERIES LLC**

                                                       */s/ Leon Szlezinger*
                                                       Leon Szlezinger
                                                       Managing Director