## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| | Chapter 11 |
| In re: | Case No. 17-12307 (BLS) |
| M & G USA CORPORATION, *et al.*,[1] | (Jointly Administered) |
| Debtors. | Objection Deadline: July 5, 2018 at 4:00 p.m. (ET) |
| | Hearing Date: To be scheduled |

## SUMMARY OF SECOND INTERIM APPLICATION
## OF CRAIN CATON & JAMES FOR ALLOWANCE OF
## COMPENSATION FOR SERVICES RENDERED AND FOR
## REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS
## FOR THE PERIOD FROM FEBRUARY 1, 2018 THROUGH APRIL 30, 2018

| | |
|---|---|
| Name of Applicant: | Crain Caton & James |
| Authorized to Provide Professional Services to: | The above-captioned Debtors |
| Period for which compensation and reimbursement are sought: | February 1, 2018 through April 30, 2018 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $434,038.00 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $874.21 |
| Petition Date: | October 30, 2017[2] |

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] On October 24, 2017, Debtor M & G Polymers USA, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. All other Debtors commenced their chapter 11 cases on October 30, 2017.

| | |
|---|---|
| Date of Order Approving Retention: | December 7, 2017 *nunc pro tunc* to October 31, 2017 |
| Total Compensation Approved by Interim Order to Date | $464,038.50 |
| Total Expenses Approved by Interim Order to Date: | $4,700.90 |
| Total Allowed Compensation Paid to Date: | $464,038.50 |
| Total Allowed Expenses to Date: | $4,700.90 |
| Blended Hourly Rate in this Application for All Attorneys: | $537.17 |
| Blended Hourly Rate in this Application for All Timekeepers: | $470.04 |
| Compensation Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $347,230.40 |
| Expenses Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $874.21 |
| Number of Professionals Included in this Application: | 7 |
| Number of Professionals Billing Fewer Than 15 Hours | 2 |

This is a(n):  ____monthly    _X_ interim    ___final application

003946/000001
143 - 4011585v1

The total time expended for fee application preparation in the compensation period is approximately 106.30 hours and the corresponding compensation requested is $36,444.00.

Prior Applications Filed:

| Date / Docket | Month Covered | Fees | Expenses |
|---|---|---|---|
| December 22, 2017<br>[Docket No. 539]<br>First Monthly Fee Application | October 31, 2017 – November 30, 2017 | $97,938.80 | $40.70 |
| January 18, 2018<br>[Docket No. 705]<br>Second Monthly Fee Application | December 1, 2017 – December 31, 2017 | $121,062.40 | $2,417.95 |
| February 13, 2018<br>[Docket No. 958]<br>Third Monthly Fee Application | January 1, 2018 – January 31, 2018 | $156,820.80 | $2,242.25 |
| March 5, 2018<br>[Docket No. 1084]<br>Fourth Monthly Fee Application | February 1, 2018 – February 28, 2018 | $181,285.60 | $618.31 |
| April 10, 2018<br>[Docket No. 1354]<br>Fifth Monthly Fee Application | March 1, 2018 – March 31, 2018 | $127,218.40 | $244.70 |
| May 10, 2018<br>[Docket No. 1453]<br>Sixth Monthly Fee Application | April 1, 2018 – April 30, 2018 | $38,726.40 | $11.20 |
| June 7, 2018<br>[Docket No. 1542]<br>Seventh Monthly Fee Application[3] | May 1, 2018 – May 31, 2018 | $51,109.20 | $276.54 |

---

[3] *Summary of Seventh Monthly Application of Crain Caton & James for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel to the Debtors for the Period from May 1, 2018 Through May 31, 2018* was filed on June 7, 2018 under Docket No. 1542; however, those fees and expenses filed along with the fees and expenses filed in the First, Second, and Third Monthly Fee Applications are not included in this Application.

# SUMMARY OF HOURS AND COMPENSATION BY PROFESSIONAL

| Name | Title/Group | Year | Rate 2018 | Hours 2018 | Total Fees 2018 |
|---|---|---|---|---|---|
| A. Beckham | Shareholder/Commercial and Fiduciary Litigation | 2005 | $500.00 | 4.60 | $2,300.00 |
| J. Davis | Shareholder/Corporate, Business Transactional and Tax & Real Estate | 2002 | $550.00 | 368.20 | $202,510.00 |
| C. Kollenberg | Shareholder/Commercial Litigation & Appellate | 1976 | $560.00 | 149.60 | $83,776.00 |
| A. Kotch | Shareholder/Real Estate, Corporate, Business, Transactions | 1981 | $500.00 | 15.00 | $7,500.00 |
| P. Smart | Shareholder/Appellate, Bankruptcy and Creditor Rights, Commercial Litigation | 1992 | $520.00 | 0.70 | $364.00 |
| M. Riseden | Shareholder/Commercial Litigation | 2003 | $500.00 | 199.10 | $99,550.00 |
| **Total** | | | | 737.20 | $396,000.00 |
| M. Hartman | Paralegal/Litigation | - | $210.00 | 190.30 | $39,963.00 |
| **Total** | | | | 190.30 | $39,963.00 |
| **Total** | | | | **927.50** | **$435,963.00** |

## BLENDED RATE OF PROFESSIONALS - TOTAL

| Professionals | Total Hours | Total Fees | Blended Hourly Rate* |
|---|---|---|---|
| Shareholders | 737.2 | $396,000.00 | $537.17 |
| Associates | 0 | $0.00 | $0.00 |
| Paralegals | 190.3 | $39,963.00 | $210.00 |
| **TOTAL** | 927.5 | $435,963.00 | $470.04 |

*The blended hourly rates do not take into account adjustments made by
Crain, Caton & James for the 50% write-off of non-working travel.

# EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---:|
| Conference Charges | $362.47 |
| Document Reproduction Charges | $0.50 |
| Postal Charges | $5.63 |
| Filing Fees and Related | $60.60 |
| Travel - Food and Beverage Expenses | $13.11 |
| Travel - Hotel Charges | $171.35 |
| Travel - Other Costs | $260.55 |
| **Total** | **$874.21** |

\*\* - Food, beverage and entertainment expenses as defined by I.R.C. Sect. 274(n), included in this amount is USD 13.11

# INFORMATION REGARDING PRIOR INTERIM FEE APPLICATIONS

### SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| Date Filed & Docket No | Period Covered | Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Unpaid | | Date(s) Orders on Interim Compensation or Reimbursement of Expenses |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | |
| March 15, 2018 [Docket No. 1169] | October 31, 2017 - January 31, 2018 | $464,038.50 | $4,700.90 | $464,038.50 | $4,700.90 | $464,038.50 | $4,700.90 | N/A | N/A | April 23, 2018 |

### CUMULATIVE FEE AND EXPENSES TOTALS SINCE CASE INCEPTION

| Fees and Expenses Requested[4] | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid | | Fees and Expenses Disallowed or Withdrawn | |
|---|---|---|---|---|---|---|---|---|---|
| Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| $811,268.90 | $5,575.11 | $464,038.50 | $4,700.90 | $464,038.50 | $4,700.90 | N/A | N/A | N/A | N/A |

---

[4] These fees and expenses requested do not include fees and expenses requested in Crain, Caton & James, P.C.'s monthly applications that concern months after this Compensation Period (Feb.-April 2018).

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: July 5, 2018 at 4:00 p.m. (ET)**<br>**Hearing Date:  To be scheduled** |

### SECOND INTERIM APPLICATION
### OF CRAIN CATON & JAMES FOR ALLOWANCE OF
### COMPENSATION FOR SERVICES RENDERED AND FOR
### REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS
### FOR THE PERIOD FROM FEBRUARY 1, 2018 THROUGH APRIL 30, 2018

Crain, Caton & James, P.C., special counsel to the above-captioned debtors

(collectively, the "Debtors"), makes its second interim fee application (this "Application") for the

allowance of compensation in the sum of $434,038.00 and reimbursement of expenses in the sum

of $874.21 for the period from February 1, 2018 through April 30, 2018 (the "Compensation

Period") in accordance with the *Order Authorizing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals* (Docket No. 308) (the "Interim Compensation

Order").  In support of this Application, Crain Caton & James respectfully represents as follows:

---

[1]     The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208).  The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On October 24, 2017 (the "Polymers Petition Date"), Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) (the "First Day Declaration"), filed on October 31, 2017 and incorporated herein by reference.

## Crain Caton & James's Retention

4.      On November 20, 2017, the Debtors filed the *Application of the Debtors for an Order Authorizing Them to Retain and Employ Crain Caton & James, P.C. as Special Counsel, Nunc Pro Tunc as of the Petition Date* (Docket No. 215) (the "Retention Application"), by which the Debtors sought to retain and employ Crain Caton & James as their special counsel

- 2 -

in these Cases.  On December 7, 2017, this Court entered the *Order Authorizing the Debtors to Retain and Employ Crain Caton & James as Special Counsel, <u>Nunc</u> <u>Pro</u> <u>Tunc</u> as of the Petition Date* (Docket No. 409) (the "<u>Retention Order</u>"), authorizing the retention of Crain Caton & James as the Debtors' special counsel.

**<u>The Interim Compensation Order</u>**

5.      On November 10, 2017, the Debtors filed the *Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 141) (the "<u>Interim Compensation Procedures Motion</u>"), which sought to establish procedures for the compensation and reimbursement of professionals whose retentions are approved by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code on a monthly basis and on terms comparable to the procedures established in other large chapter 11 cases.  On December 1, 2017, this Court entered the Interim Compensation Order, which approved the relief sought in the Interim Compensation Procedures Motion and authorized the implementation of the interim compensation procedures contemplated therein.

6.      In relevant part, the Interim Compensation Order provides that "commencing with the period ending January 31, 2018, at each three-month intervals . . .each of the [p]rofessionals will file with the Court . . . an application pursuant to section 331 of the Bankruptcy Code for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the [p]rofessional" in its monthly fee applications.  Interim Comp. Order., ¶ 2(f).  The Interim Compensation Order further provides that interim fee applications "must be filed on or before the 45th day after the end of the [i]nterim [f]ee [p]eriod . . . for which the application seeks allowance of fees and reimbursement of expenses"

- 3 -

and that interim fee applications "must identify the [m]onthly [f]ee [a]pplications that are the subject of the request and any information requested by the Court and the Local Rules." *Id.*

7.    On March 15, 2018, Crain, Caton & James filed its *Summary of First Interim Application of Crain Caton & James For Allowance Of Compensation For Services Rendered And For Reimbursement Of Expenses As Special Counsel To The Debtors For The Period From October 31, 2017 Through January 31, 2018* (Docket No. 1169) (the "First Interim Fee Application").  By the First Interim Fee Application, Crain, Caton & James sought interim approval of compensation for services rendered in the amount of $464,038.50, and reimbursement of actual and necessary expenses in the amount of $4,700.90.  On April 23, 2018, the Court approved the First Interim Fee Application.  *See Omnibus Order Approving First Interim/Quarterly Fee Applications of Professionals* (Docket No. 1393) (the "First Omnibus Fee Order").

## Fee Applications

8.    On March 5, 2018 Crain, Caton & James filed its *Fourth Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period of February 1, 2018 through February 28, 2018.* (Docket No. 1084) (the "Fourth Application").  No objections were received with respect to the Fourth Application.

9.    On April 10, 2018, Crain, Caton & James filed its *Fifth Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period of March 1, 2018 through March 31, 2018.* (Docket No. 1354) (the "Fifth Application").  No objections were received with respect to the Fifth Application.

10.    On May 10, 2018, Crain, Caton & James filed its *Sixth Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of*

- 4 -

*Expenses for the Period of April 1, 2018 through April 30, 2018.* (Docket No. 1453) (the "Sixth Application").  No objections were received with respect to the Sixth Application.

11.     On June 7, 2018, Crain, Caton & James filed its *Seventh Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period of May 1, 2018 through May 31, 2018.* (Docket No. 1542) (the "Seventh Application").[2]

## CRAIN CATON & JAMES'S APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Sources

12.     Crain Caton & James has received no payment for services rendered in any capacity in connection with the matters covered by this Application, nor has it received any promises for payment for matters covered by this Application, from any source other than from the Debtors.  There is no agreement or understanding between Crain Caton & James and any other person other than shareholders of Crain Caton & James for the sharing of compensation to be received from the services rendered in these Cases.

### Itemization of Services Rendered and Disbursements Incurred

13.     Attached hereto as Exhibit A are the time records of Crain Caton & James, which provide a daily summary of the time spent by each Crain Caton & James attorney[3] and paraprofessional[4] during the Compensation Period by project category.  The blended hourly

---

[2]     *Summary of Seventh Monthly Application of Crain Caton & James for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel to the Debtors for the Period from May 1, 2018 Through May 31, 2018* was filed on June 7, 2018 under Docket No. 1542; however, those fees and expenses filed are not included in this Application

[3]     Attorneys include shareholders and associates, as applicable during the Compensation Period.

[4]     Paraprofessionals include paralegals, legal support personnel, project assistants and staff members, as applicable during the Compensation Period.

billing rate of attorneys for all services provided during the Compensation Period is $537.17.[5]

The blended hourly billing rate of paraprofessionals for all services provided during the

Compensation Period is $210.00.[6]

       14.    Attached hereto as <u>Exhibit B</u> is a detailed itemization of expenses for

which Crain Caton & James seeks reimbursement.  Crain Caton & James maintains the

following policies with respect to Expenses:

      (a)    No amortization of the cost of any investment, equipment or capital outlay is included in the expenses.  In addition, for those items or services that Crain Caton & James purchased from or contracted with a third party (such as outside copy services), Crain Caton & James seeks reimbursement only for the exact amount billed to Crain Caton & James by the third party vendor and paid by Crain Caton & James to the third party vendor.

      (b)    Photocopying by Crain Caton & James was charged at 10 cents per page.

      (c)    Meals charged to the Debtors were associated with out-of-town travel.

      (d)    Charges for airline and train travel include the cost of each airline or train ticket used in connection with the provisions of service to the Debtors.

       15.    Crain Caton & James believes that the time entries set forth in Exhibit A

attached hereto are in compliance with the requirements of Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "<u>Local Rules</u>").

---

[5]    The blended hourly billing rate of $537.17 for attorneys is derived by dividing the total fees for attorneys of $396,000.00 by the total hours of 737.20 for those same attorneys, not taking into account any discounts for non-working travel.

[6]    The blended hourly billing rate of $210.00 for paraprofessionals is derived by dividing the total fees for paraprofessionals of $39,963.00 by the total hours of 190.30 for those same paraprofessionals, not taking into account any discounts for non-working travel.

**Total Fees and Expenses**
**Sought for the Compensation Period**

16.     By this Application, Crain, Caton & James requests that the Court approve

the final allowance of compensation for professional services rendered and the reimbursement of

actual and necessary expenses incurred by Crain, Caton & James from February 1, 2018 through

April 30, 2018.  The total fees and reimbursement of expenses are summarized in the following

chart:

| Total Fees | $434,038.00 |
|---|---|
| Total Disbursements | $874.21 |
| **TOTAL** | **$434,912.21** |

## Compensation by Project Category

17.     The following is a summary of activities performed by Crain, Caton &

James during the Compensation Period, organized by billing category.[7]

### *Case Administration* – **4.6 hours - $2,300.00**

18.     During the Compensation Period, Crain, Caton & James professionals

provided the following case administration activities, among others:

- communicating electronically, participating in conference calls, and attending
  meetings with the Debtors' chapter 11 counsel, Jones Day to coordinate special
  counsel related activities in these Cases.

- communicating with the Debtors concerning various corporate related matters in
  conjunction with the bankruptcies at the request of Debtors' counsel, Jones Day.

### *Employment and Fee Applications* – **106.3 hours - $36,444.00**

19.     During the Compensation Period, Crain, Caton and James professionals

devoted time to preparing and drafting the Fourth, Fifth, and Sixth Monthly Applications as well

as the First Interim Application.

---

[7]     The summary set forth below is qualified in its entirety by reference to the time and services detailed
attached hereto as Exhibit A.

003946/000001
143 - 4011585v1

*Lienholder Claims – 699.4 hours - $333,963.00*

20.     During the Compensation Period, Crain, Caton & James professionals devoted time to (a) working with the Debtors and their other advisors in strategizing and responding to lienholder related bankruptcy filings, (b) analyzing various lienholder claims and matters, (c) negotiating potential settlements with lienholders, (d) performing and providing lienholder related legal and factual research and advice and(e) addressing other lienholder related issues raised by the Debtors and their other advisors, including assisting with preparation of the lienholder reserve and related documents.

*Litigation/Arbitrations – 23.10 - $11,671.00*

21.     During the Compensation Period, Crain, Caton & James professionals devoted time and effort to reviewing pertinent issues related to litigation and arbitrations pending outside the Bankruptcy Court and engaging in communication with the Debtors and parties concerning the same.

*Real Estate Agreements and Related Port and Construction Agreements – 87.10 hours - $47,735.00*

22.     During the Compensation Period, Crain, Caton & James professionals devoted time reviewing and analyzing various real estate and construction agreements, including agreements executed with the Port of Corpus Christi and other related agreements.  Crain, Caton & James professionals further worked with the Debtors and their other advisors in addressing issues related to the same.

*Non-Working Travel – 7. hours - $3,850.00*

23.     During the Compensation Period, Crain, Caton & James professionals devoted time traveling to and from Corpus Christi, Texas, in February 2018 for site inspections.

003946/000001
143 - 4011585v1

The total amount of the non-working travel was $3,850.00, which was then discounted by 50% to $1,925.00.

## Billing Adjustments

24.    The total fees requested in this Application reflect reductions totaling $1,925.00, which consists of a 50% reduction of $3,850.00 for time spent on nonworking travel.[8]

## APPENDIX B GUIDELINES

25.    Pursuant to the *Appendix B Guideline for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorney in Large Chapter 11 Cases* (the "UST Guidelines"), Crain, Caton & James responds to the following questions with respect to this application:

(a)    Did you agree to any variations from, or alternative to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

(i)    No.

(b)    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this application higher by 10% or more, did you discuss the reason for the variation with the client?

(i)    N/A

(c)    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

(i)    No.

(d)    Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

(i)    Yes, Crain Caton & James expended 106.3 hours and $36,444.00 related to fee applications, which included reviewing the Monthly Fee Applications to remove any confidential or privileged

---

[8]    To the extent possible, Crain, Caton & James professionals work while traveling.

information and to ensure compliance with the Interim Compensation Order and the UST Guidelines.

(e)    Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

     (i)    *See* ¶ 25(d)(i).

(f)    If the fee application includes any rate increases since retention in this case:

     (A)    Did your client review and approve those rate increases since retention in advance?

          (1)    N/A, only step increases.

     (B)    Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

          (1)    Yes.

## REQUESTED COMPENSATION SHOULD BE ALLOWED

26.    Section 330(a)(1) of the Bankruptcy Code provides that the Court may

award a professional person employed under section 327 and 1103 of the Bankruptcy Code:

(A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  Section 330(a)(3)(A) further provides the following standards for the

Court's review of a fee application:

In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

- 10 -

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration
        of, or beneficial at the time the service was rendered toward
        the completion of, a case under this title;

(D)     whether the services were performed within a reasonable
        amount of time commensurate with the complexity,
        importance, and nature of the problem, issue, or task
        addressed;

(E)     with respect to a professional person, whether the person is
        board certified or otherwise has demonstrated skill and
        experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the
        customary compensation charged by comparably skilled
        practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A).

27.     Crain Caton & James respectfully submits that it has satisfied the

requirements of section 330 of the Bankruptcy Code for the allowance of compensation and

reimbursement of expenses sought herein. The services described above were necessary to the

administration of these Cases and were beneficial to the Debtors and parties in interest. Crain

Caton & James' services were often performed in a minimum amount of time and commensurate

with the complexity of the matters facing the Debtors. Further, the compensation sought by

Crain Caton & James is reasonable because it is based on the customary compensation charged

by comparably skilled practitioners outside of bankruptcy.

## CONCLUSION

28.     Crain, Caton & James professionals expended a total of 927.5 hours in

connection with their representation of the Debtors during the Compensation Period. Employing

Crain, Caton & James's normal hourly rates for work of this character, the reasonable value of

the services rendered by Crain, Caton & James for the Debtors during the Compensation Period, after taking into account the billing adjustments discussed above, is $434,038.00. During the Compensation Period, Crain, Caton & James also incurred expenses of $874.21. Pursuant to the Interim Compensation Order, by this Application Crain, Caton & James seeks final allowance of fees and expenses incurred during the Compensation Period in the sum of $434,912.21 (the "Requested Interim Payment").

29.     Crain Caton & James respectfully submits that the amount requested in this Application is fair and reasonable and satisfies the requirements of section 330 of the Bankruptcy Code. Moreover, Crain Caton & James has reviewed the requirements of Local Rule 2016-2 and the Interim Compensation Order and believes that this Application complies with such Local Rule and Order.

## NOTICE

30.     Crain Caton & James will serve this Application in accordance with the Interim Compensation Order and the Local Rules. Pursuant to the Interim Compensation Order, objections to the Application, if any, must be in writing and filed with the Court and served upon Crain Caton & James so as to be received no later than July 5, 2018 (the "Objection Deadline").

## NO PRIOR REQUEST

31.     No prior request for the relief sought in this Application has been made to this or any other court.

003946/000001
143 - 4011585v1

Dated: June 14, 2018                    _/s/*Melinda M. Riseden*_____
         Wilmington, Delaware          CRAIN CATON & JAMES
                                      Melinda M. Riseden
                                        C. Henry Kollenberg
                                        1401 McKinney, Suite 1700
                                        Houston, Texas, 77010
                                        Telephone:     (713) 658-2323
                                          Facsimile:      (713) 658-1921
                                        Email:          mriseden@craincaton.com
                                                        hkollenberg@craincaton.com

                                        Special Counsel for the Debtors and Debtors in
                                        Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 17-12307 (BLS) |
| M & G USA CORPORATION, *et al.*,[1] | (Jointly Administered) |
| Debtors. | |

## <u>VERIFICATION</u>

Melinda M. Riseden, under penalty of perjury, certifies as follows:

1. I am a shareholder with the law firm of Crain Caton & James and have been admitted to appear before this Court. I make this certification in accordance with Local Rule 2016-2 regarding the contents of applications for compensation and expenses. I have read the Application and am familiar with the work performed on behalf of the Debtors by the attorneys and paraprofessionals of Crain Caton & James.

2. The facts set forth in the foregoing Application are true and correct to my knowledge, information and belief. I have reviewed Local Rule 2016-2 and the Interim Compensation Order and submit that the Application substantially complies with such Local Rule and the Interim Compensation Order.

Dated: June 14, 2018

        _/s/ Melinda M. Riseden_
        Melinda M. Riseden

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.