## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | : : | Case No. 17- 12307 (BLS) |
| Debtors. | : : | (Jointly Administered) |

## DEBTORS' SECOND MOTION FOR ENTRY OF
## AN ORDER EXTENDING THEIR EXCLUSIVE FILING PERIODS
## TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")

hereby move the Court (the "Motion"), pursuant to section 1121(d) of title 11 of the United

States Code (the "Bankruptcy Code"), for entry of an order, in substantially the form attached

hereto as Exhibit A (the "Proposed Order"), extending (i) the period during which the Debtors

have the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period"), by 60 days,

from June 21, 2018,[2] through and including August 20, 2018 and (ii) the period during which the

Debtors have the exclusive right to solicit acceptances thereof (the "Exclusive Solicitation

Period" and, together with the Exclusive Filing Period, the "Exclusive Periods") through and

including October 19, 2018, or 60 days after the expiration of the Exclusive Filing Period, as

extended.  In support of this Motion, the Debtors respectfully represent as follows:

---

[1]     The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208).  The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2]     Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the filing of this Motion prior to the current deadline serves to extend automatically the current deadline until such time as the Court rules on this Motion.  *See* Del. Bankr. L.R. 9006-2.

**PRELIMINARY STATEMENT**

1.       In the four months since the filing of their prior motion seeking an

extension of the Exclusive Filing Period, the Debtors have continued to make significant

progress toward their primary goal for these cases: maximizing the value of their assets for the

benefit of their stakeholders.  After closing the sale of their facility in Apple Grove, West

Virginia and related intellectual property to Far Eastern Holdings, Ltd. ("Far Eastern")—a sale

that, in addition to generating $33.5 million in proceeds for Debtor M&G Polymers USA, LLC's

creditors, preserved employee jobs and addressed other significant liabilities—the Debtors

focused their efforts on the sale of their PET/PTA production facility located in Corpus Christi,

Texas and related assets (collectively, the "Corpus Christi Assets"), among other matters.  After

negotiating and pursuing a dual-track auction path to foster a competitive bidding environment,

the Debtors chose Corpus Christi Polymers LLC ("CCP") as the winning bidder for their Corpus

Christi Assets.  In addition, the Debtors obtained financing from CCP in the form of a

$57 million financing facility in order to fund their operations through the closing of the sale.

2.       In connection with the sale of the Corpus Christi Assets, the Debtors

entered into the *Stipulation Regarding Settlement and Agreement with Respect to Sale of the*

*Corpus Christi Assets and Related Matters* (the "Bid Support Term Sheet") with (a) the Official

Committee of Unsecured Creditors (the "Committee"); (b) CCP; (c) DAK Americas LLC

("DAK"); (d) Indorama Ventures Public Company Limited and their affiliates ("Indorama"); and

(e) Far Eastern, which was approved by the Court on March 29, 2018.  Among other things, the

Bid Support Term Sheet contemplates that the Committee and the Debtors will work in good

faith to agree upon the terms of a chapter 11 plan.

3.       The Debtors have prepared draft plans and attempted to work with the

Committee to propose a plan acceptable to both the Debtors and the Committee, but, as the Court

NAI-1503847309v4

is aware, negotiations regarding an acceptable chapter 11 plan have stalled on the issue of the plan's treatment of Debtors Mossi & Ghisolfi International S.à r.l., M&G Chemicals S.A. and M&G Capital S.à r.l. (collectively, the "Lux Debtors").  A hearing to consider the Debtors' motion to dismiss the Lux Debtors' chapter 11 cases (Docket No. 1537) (the "Motion to Dismiss") is scheduled for the week of July 16, 2018.  Following the Court's ruling on the Motion to Dismiss, the Debtors expect to resume plan negotiations with the Committee and present a plan of liquidation to the Court shortly thereafter.

4.      Because of the ongoing nature of plan negotiations and continuing efforts to close the sale of the Corpus Christi Assets, allowing the Exclusive Periods to lapse and permit parties to file competing plans at this time would unnecessarily increase administrative expenses and cause delays.  For the reasons set forth herein, cause exists to extend the Exclusive Periods, and accordingly, the Debtors respectfully request that the Court grant the Motion.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A.      General Background

6.      On October 24, 2017 (the "Polymers Petition Date"), Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases").  The Debtors are continuing in possession of their properties and

NAI-1503847309v4

are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.     The Committee was appointed on November 13, 2017 (Docket No. 146). Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) (the "First Day Declaration") filed on October 31, 2017 and incorporated herein by reference.

**B.     The Debtors Efforts to Propose a Chapter 11 Plan**

8.     On February 20, 2018, the Debtors filed the *Motion for Entry of an Order Extending Their Exclusive Filing Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* (Docket No. 1008) (the "Prior Extension Motion") seeking initial extensions of (a) the Exclusive Filing Period through June 21, 2018 and (b) the Exclusive Solicitation Period through August 21, 2018.  The Prior Extension Motion was approved by the Court on March 12, 2018 (Docket No. 1135).

9.     As noted above, after the approval of the sale of their Apple Grove facility, the Debtors focused their efforts on the sale and marketing of the Corpus Christi Assets, eventually pursuing three bids for those assets on a priority basis.  Following intense, good faith, arm's-length negotiations among the Debtors and the bidders, the Debtors qualified two bids for the auction of the Corpus Christi Assets on March 20, 2018, and ultimately designated CCP's bid as the winning bidder with a deal value in excess of $1 billion.

10.     To prevent costly litigation and the draining of administrative resources, the Debtors worked with the Committee and counsel to CCP, among other parties, to resolve the Committee's objection to the designation of CCP's bid as a qualifying bid at the auction.  These efforts culminated in the parties' entry into the Bid Support Term Sheet.  Not only did the Bid

Support Term Sheet pave the way for the approval of the sale to CCP, it also provided for the withdrawal of the Committee's motion to recharacterize certain of the Debtors' pre-petition debt and provided additional value for the Debtors' unsecured creditors. Specifically, under the Bid Support Term Sheet, CCP agreed to fund $50 million into an escrow simultaneously with the closing of the sale of the Corpus Christi Assets to be used solely to (a) make distributions to allowed general unsecured claims pursuant to a chapter 11 plan of liquidation; (b) pay certain priority unsecured and administrative claims; and (c) fund a litigation trust.

11.     Following approval of the sale of the Corpus Christi assets, the Debtors immediately engaged in negotiations with the Committee on potential plan structures, including by sharing information with the Committee to assist it in formulating a position on what chapter 11 plan it would find acceptable. The parties discussed several potential plan structures, and the Debtors prepared draft plans and supporting documents reflecting those discussions. However, as mentioned above, the negotiations stalled over the issue of the Lux Debtors' participation in any plan.

12.     Facing mounting pressure from creditors of the Lux Debtors and at an impasse with the Committee, the Debtors filed the Motion to Dismiss on June 5, 2018. Thereafter, the Committee and Banco Nacional de Comercio Exterior, S.N.C., Institucion de Banca de Dessarrollo ("Bancomext") propounded informal and formal discovery related to the plan and Motion to Dismiss,[3] to which the Debtors continue to respond.

13.     On June 18, 2018, the Court held a teleconference to address a scheduling dispute between the Debtors, the Committee and Bancomext regarding the Motion to Dismiss and related discovery. At the teleconference, the Court ruled that a hearing on the Motion to

---

[3]     See *e.g*., Docket Nos. 1541,1547-1552.

NAI-1503847309v4

Dismiss will go forward the week of July 16, 2018. While the Debtors are weighing their options, they expect that once the Court has ruled on the Motion to Dismiss, they will be able to resume plan negotiations with the Committee and will be able to submit a plan to the Court for approval shortly thereafter.

**C.    Additional Events Since the Filing of the Prior Extension Motion**

14.    In addition to their plan and sale-related efforts, the Debtors have continued to engage in many of the activities described in the Prior Extension Motion, including (a) effecting cost saving measures and recovering outstanding estate assets; (b) facilitating key parties' diligence and discovery requests, including complying with requests for documents and information and demands for depositions made by governmental agencies and parties in interest pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 30(b)(6) Federal Rules of Civil Procedure; and (c) complying with their ongoing chapter 11 reporting requirements in these Cases. Further, the Debtors obtained Court approval to establish an administrative claims bar date with respect to certain administrative claims that arose or accrued on or before May 1, 2018 (Docket No. 1410) to aid in the formulation of a plan.

**RELIEF REQUESTED**

15.    By this Motion, the Debtors request the entry of an order, pursuant to section 1121(d) of the Bankruptcy Code, extending the Exclusive Filing Period by 60 days, through and including August 20, 2018 and extending the Exclusive Solicitation Period by 60 days, through and including October 19, 2018. The Debtors also request that such extensions be without prejudice to their rights to request further extensions or to seek other appropriate relief.

NAI-1503847309v4

## BASIS FOR RELIEF

16.     Under section 1121(b) of the Bankruptcy Code, a debtor has the exclusive

right to file a chapter 11 plan in the first 120 days following the commencement of a chapter 11

case.  If a debtor files a plan during this exclusive filing period, section 1121(c)(3) of the

Bankruptcy Code provides a debtor with 60 additional days following the expiration of the

exclusive filing period (or 180 days following the commencement of the case) to solicit

acceptances of a plan.

17.     Section 1121(d) of the Bankruptcy Code provides a debtor with a

mechanism to extend these exclusive periods, stating that "[o]n request of a party in interest

made . . . and after notice and a hearing, the court may for cause reduce or increase the 120-day

period or the 180-day period referred to in this section."  11 U.S.C. § 1121(d)(1).  The ultimate

decision to extend a debtor's exclusive periods rests within the discretion of the bankruptcy court.

*See First Am. Bank of N.Y. v. S.W. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965-66 (D. Del.

1986) (finding the authority to extend debtor's exclusivity within the discretion of the bankruptcy

court).

18.     While the Bankruptcy Code does not define "cause," courts rely on

various factors to determine whether cause exists to extend a debtor's exclusive period.  These

factors include:

> (a)     the size and complexity of the case;
>
> (b)     the existence of good faith progress;
>
> (c)     the necessity of sufficient time to negotiate and
>         prepare adequate information;
>
> (d)     whether creditors are prejudiced by the extension;
>
> (e)     whether the debtor is paying its debts as they
>         become due;

NAI-1503847309v4

(f)     whether the debtor has demonstrated reasonable
        prospects for filing a viable plan;

(g)     whether the debtor has made progress negotiating
        with creditors;

(h)     the length of time a case has been pending;

(i)     whether the debtor is seeking an extension to
        pressure creditors; and

(j)     whether or not unresolved contingencies exist.

*In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re Gibson & Cushman*

*Dredging Corp.*, 101 B.R. 405, 409-10 (E.D.N.Y. 1989) (listing certain of the above factors);

*In re Grand Traverse Dev. Co. Ltd. P'ship*, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992) (same);

*In re Gen. Bearing Corp.*, 136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992) (same); *In re Southwest*

*Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 451- 54 (Bankr. W.D. Tex. 1987) (same); *In re Cent.*

*Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002) (same).

19.     Not all of these factors are relevant in every case, and a finding that any

one of these factors exists may justify extending a debtor's exclusive periods.  *See In re Express*

*One Int'l*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (four factors relevant in determining

whether cause exists to extend exclusivity); *In re Interco, Inc.*, 137 B.R. 999, 1000-01

(Bankr. E.D. Mo. 1992) (four factors demonstrated that bondholders' committee failed to show

cause to terminate debtors' exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269

(Bankr. D.C. 1986) (holding that the debtor showed "cause" to extend its exclusivity period

based upon a showing of certain of the factors listed above).  In fact, the mere complexity and

size of a chapter 11 case alone may warrant extension of the exclusive periods in order to permit

a debtor meaningful opportunity to formulate a chapter 11 plan.  *See, e.g.*, *In re Texaco, Inc.*,

NAI-1503847309v4

76 B.R. 322, 325 (Bankr. S.D.N.Y. 1987) (holding that "cause" existed to grant debtor's request

to extend exclusivity based on size and complexity of case alone).

20.     Based on a weighing of the relevant factors, there is more than sufficient

cause to approve the extension of the Exclusive Periods requested by the Debtors:

- These Cases Are Large and Complex.  As set forth in the First Day Declaration, the Debtors filed these Cases to address nearly $1.7 billion in secured and unsecured debt obligations.  As a result of the global nature of the Debtors' operations—spanning from Brazil to Mexico to the United States and to Europe—the Debtors' creditors are located in various locations across the globe, adding a layer of complexity to these Cases.  Moreover, the Lux Debtors are foreign entities, organized under Luxembourg law.  Managing domestic concerns and foreign bankruptcy proceedings is complex and time-consuming.  Taking into consideration these variables, it is apparent that managing an enterprise of the Debtors' size, reach and magnitude in chapter 11 requires significant time and effort.  For these reasons alone, cause exists to further extend the Exclusive Periods.

- Continued Payment of Operating Expenses.  Since filing these Cases, the Debtors believe that they have continued to pay substantially all of their postpetition, undisputed expenses and invoices in the ordinary course of business or as otherwise provided by order of the Court.

- Additional Time Is Necessary.  As a result of the above-described efforts, the Debtors are ready to move forward with confirmation of a chapter 11 plan of liquidation following the Court's ruling on the Motion to Dismiss. The Debtors have drafted a plan and a disclosure statement, but are currently at an impasse with the Committee as to whether the plan should include the Lux Debtors.  This issue will be decided by the Court in the coming weeks, which hopefully will allow the Debtors and the Committee to move forward and propose a plan that both parties can support, consistent with the Bid Support Term Sheet.

- These Cases Are Approximately Eight Months Old.  The requested extension of the Exclusive Periods is the second such request made in these Cases and comes approximately eight months after the Polymers Petition Date.  As discussed above, during this time, the Debtors have expended substantial resources on the Court-approved sale processes and are working to formulate a chapter 11 plan, complying with the requirements of the Bankruptcy Code and the Bankruptcy Rules, administering their estates and undertaking other cost saving measures for the benefit of their stakeholders.

NAI-1503847309v4

- **The Debtors Have Demonstrated Reasonable Prospects of Filing a Plan**. As noted above, the Debtors have taken substantial steps towards filing a plan and expect to do so as soon as possible following resolution of the Motion to Dismiss.

- **An Extension Will Not Pressure Creditors**. The Debtors are not seeking an extension of the Exclusive Periods to pressure or prejudice any of their stakeholders. Rather, the Debtors are seeking an extension of the Exclusive Periods to preserve the progress made in these Cases to date. The Debtors' efforts in this respect will benefit, not prejudice, their creditors. Moreover, the Debtors have already expended substantial time and effort working with the Committee to propose a plan that will maximize returns to creditors, and once the Motion to Dismiss is heard and decided by the Court, the Debtors are committed to resuming those efforts and working with other parties in interest to reach the same goal.

21. As this list demonstrates, the relevant factors support the Debtors' requested extension of the Exclusive Periods. Extending the Exclusive Filing Period by another 60 days and extending the Exclusive Solicitation Period by 60 days will ensure that the Debtors are able to minimize administrative expenses, avoid unnecessary delays and capitalize on the progress they have made to date in these Cases. Further, the requested extension is well within the range of similar relief granted by courts in this district under similar circumstances. *See, e.g.*, *In re Venoco, LLC*, No. 17-10828 (Docket No. 764) (KG) (Bankr. D. Del. Jan. 8, 2018) (granting a 120-day extension); *In re Aquion Energy, Inc.*, No. 17-10500 (Docket No. 437) (KJC) (Bankr. D. Del. Nov. 21, 2017) (granting a 90-day extension); *In re Lily Robotics, Inc.*, No. 17-10426 (Docket No. 609) (KJC) (Bankr. D. Del. Oct. 24, 2017) (same); *In re Golfsmith Int'l Holdings, Inc.*, No. 16-12033 (Docket No. 985) (LSS) (Bankr. D. Del. June 5, 2017) (granting a 120-day extension); *In re Triangle USA Petroleum Corp.*, No. 16-11566 (Docket No. 719) (MFW) (Bankr. D. Del. Feb. 13, 2017) (granting a 60-day extension); *In re Horsehead Holding Corp.*, No. 16-10287 (Docket No. 1820) (CSS) (Bankr. D. Del. Oct. 14, 2016) (granting a 90-day extension); *In re Deb Stores Holding LLC*, No. 14-12676 (Docket No. 1137) (KG) (Bankr. D. Del. Aug. 4, 2015) (granting a 120-day extension).

NAI-1503847309v4

## RESERVATION OF RIGHTS

22.     The Debtors reserve the right to request an additional extension of the Exclusive Filing Period and the Exclusive Solicitation Period.

## NOTICE

23.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service, the Securities and Exchange Commission and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or order of the Court; (c) DAK and its counsel, Weil, Gotshal & Manges LLP and Morris, Nichols, Arsht & Tunnell LLP; (d) Banco Inbursa S.A., Institución De Banca Multiple, Grupo Financiero Inbursa,Control Empresarial de Capitales, S.A. de C.V. and their counsel, Cleary Gottlieb Steen & Hamilton LLP and Young Conaway Stargatt & Taylor, LLP; (e) Macquarie Investments US Inc. and its counsel, Sidley Austin LLP and Ashby & Geddes, P.A.; (f) the Committee and its counsel Milbank, Tweed, Hadley & McCoy LLP and Cole Schotz P.C.; (g) CCP and its counsel, Weil, Gotshal & Manges LLP, Lowenstein Sandler LLP and Duane Morris and (h) all persons and entities that have filed a request for service of filings in these Cases pursuant to Bankruptcy Rule 2002 at the time of noticing.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

24.     Other than the Prior Extension Motion, no prior request for the relief sought herein has been made to this Court or any other court.

NAI-1503847309v4

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed

Order and grant such other and further relief as may be appropriate.

Dated: June 20, 2018                   PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Joseph M. Mulvihill*_____
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
                joneill@pszjlaw.com
                jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306
Email:        sgreenberg@jonesday.com
                scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:    (216) 586-7035
Facsimile:    (216) 579-0212
Email:        ceblack@jonesday.com

Co-Counsel for the Debtors and Debtors in
Possession

NAI-1503847309v4