# EXHIBIT B

**Lohest Declaration**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                                                  :

In re                                                  :          Chapter 11

M & G USA CORPORATION, *et al.*,[1]         :          Case No. 17-12307 (BLS)

                                Debtors.         :          Jointly Administered

------------------------------------------------------------ X

**DECLARATION OF THIERRY LOHEST IN SUPPORT OF
APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF M&G USA CORPORATION, *ET AL.*, FOR ENTRY
OF ORDER AUTHORIZING EMPLOYMENT AND RETENTION
OF LOYENS & LOEFF AS SPECIAL LUXEMBOURG
COUNSEL, NUNC PRO TUNC TO APRIL 19, 2018**

Thierry Lohest, under penalty of perjury, declares:

1. I am a partner in the firm of Loyens & Loeff, proposed Luxembourg counsel to the Official Committee of Unsecured Creditors (the "Committee") of M&G USA Corporation and certain of its affiliates that are Debtors and Debtors in Possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases").

2. I submit this Declaration in support of the Committee's Application, dated June 21, 2018 (the "Application"),[2] seeking authorization to retain Loyens & Loeff as special Luxembourg counsel for the Committee, pursuant to sections 328(a) and 1103(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M&G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Application.

3. Unless otherwise stated in this Declaration, I have knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.[3]

**Background**

4. On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Chapter 11 Cases").

5. The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy

6. No trustee or examiner has been appointed in these Chapter 11 Cases.

7. On November 13, 2017 (the "Formation Date"), pursuant to section 1102(a)(1) of the Bankruptcy Code, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee. The Committee consists of the following seven members: (i) Industrial and Commercial Bank of China Limited; (ii) UniCredit S.p.A.; (iii) Banca Monte dei Paschi di Siena S.p.A.; (iv) Pepsi-Cola Advertising and Marketing, Inc.; (v) Amcor Group GmbH; (vi) United Steel Workers; and (vii) Pension Benefit Guaranty Corporation.

8. On April 19, 2018, the Committee duly selected Loyens & Loeff as special Luxembourg counsel.

---

[3] Certain of the disclosures set forth herein relate to matters not within my personal knowledge, but rather within the personal knowledge of other attorneys and employees at Loyens & Loeff, and are based on information derived from Loyens & Loeff's internal records provided by them to me.

### Qualifications of Loyens & Loeff

9. Loyens & Loeff is a law firm registered with the Luxembourg Bar and Thierry Lohest is a *Avocat à la Cour*, registered with the Luxembourg Bar and in good standing to practice Luxembourg law.

### Services to Be Rendered

10. The Committee has requested that Loyens & Loeff render the following services, among others, as directed by the Committee:

   (a) advising the Committee regarding Luxembourg law, including, but not limited to, Luxembourg law issues regarding contracts or insurance policies that the Debtors are party to and are governed by Luxembourg law and Luxembourg law issues that arise concerning those Debtors that are organized under Luxembourg law; and

   (b) providing such other services to the Committee in relation to Luxembourg law as may be necessary and requested by the Committee.

11. Subject to Court approval of the Application, Loyens & Loeff is willing to serve as special Luxembourg counsel to the Committee and to perform the services described above. Loyens & Loeff will work with counsel to the Debtors, as well as the Committee's other advisors to allocate responsibility for various tasks related to Luxembourg law and the other services to be provided so as to avoid duplication of effort and to move these Chapter 11 Cases forward as quickly, harmoniously and efficiently as possible.

### Loyens & Loeff's Disinterestedness

12. Loyens & Loeff does not represent and will not represent any entity, other than the Committee, in matters related to these Chapter 11 Cases.

13. To the best of my knowledge and, except as otherwise set forth herein, the partners, counsel, associates and employees of Loyens & Loeff: (i) do not have any connection

with the Debtors, their known creditors, other known or potential parties in interest, their respective attorneys or accountants or other professionals, the U.S. Trustee or any person employed in such office of the U.S. Trustee, any United States Bankruptcy Judge or District Judge for the District of Delaware or the Clerk of the Bankruptcy Court for the District of Delaware or any person employed by the office of such Clerk; and (ii) do not represent any other entity having an adverse interest in connection with these Chapter 11 Cases.

14. In connection with its proposed retention by the Committee in these Chapter 11 Cases, Loyens & Loeff searched its client database to determine whether it had any relationships with the following entities which, to the knowledge of Loyens & Loeff based upon information provided to Loyens & Loeff by the Debtors or reflected in public filings made by the Debtors, may be parties in interest in these Chapter 11 Cases:

(a) the Debtors;

(b) Non-Debtor Affiliates and Aliases;

(c) Debtor Trade Names and Other Names Used;

(d) Directors, Officers and Senior Management;

(e) Certain Recent Former Directors, Officers and Senior Management;

(f) Major Business Affiliation of the Debtors' Directors;

(g) Current and Former Significant Equityholders of the Debtors;

(h) Depository Banks;

(i) Major Insurers and Insurance Brokers;

(j) Material Equipment/Software Lessors;

(k) Creditors' Restructuring Professionals;

(l) Certain Ordinary Course Professionals;

(m) Parties to Litigation or Potential Litigation;

(n) Parties to Material Contracts with Debtors;

(o) Real Estate Lessors;

(p) Restructuring Professionals of the Debtors;

(q) Significant Suppliers and Vendors;

(r) Significant Customers of the Debtors;

(s) Significant Utility Providers;

(t) Sureties/Parties Related to Customs;

(u) Significant Taxing/Governmental Authorities;

(v) Third-Party Administrators;

(w) Bankruptcy Judges for the District of Delaware;

(x) Attorneys for the United States Trustee's Office for the District of Delaware;

(y) Other Significant Creditors/Vendors;

(z) Unions;

(aa) Committee Members and Professionals of the Committee; and

(bb) Other potentially material parties in interest, as identified on the list provided by the Debtors or appearing in these Chapter 11 Cases on the Petition Date or shortly thereafter.

15. In connection with the search referenced in paragraph 15 above, Loyens & Loeff reviewed (i) each of the names set forth in the Debtors' disclosure schedule set forth on Schedule 2 (the "Debtors' Interested Party List") to the declaration of Scott J. Greenberg filed in support of the *Application of the Debtors to Employ and Retain Jones Day Pursuant to Section 327(a) of the Bankruptcy Code*, *Nunc Pro Tunc as of the Petition Date* [Docket No. 138]; and (ii) the names of other known or potential parties in interest based upon information provided to Loyens & Loeff by the Debtors or information that was otherwise publicly available.

A list of the names of each of the entities searched is attached hereto as Schedule 1 and incorporated herein by reference.

16. To the extent that such searches indicated that Loyens & Loeff has or had a relationship with any such entity within the last three years, the identity of such entity, and Loyens & Loeff's relationship therewith, are set forth on Schedule 2 attached hereto and incorporated herein.

17. A conflicts search was conducted with respect to all members of the Committee. To the extent that such searches indicated that Loyens & Loeff has or had a relationship with any such entity within the last three years, the identity of such entity, and Loyens & Loeff's relationship therewith, is set forth on Schedule 2 attached hereto. From time to time, Loyens & Loeff interacts with certain of the professional firms that have been or are proposed to be employed by the Debtors or other parties in these Chapter 11 Cases. Except as may be set forth on Schedule 2 attached hereto, to the best of my knowledge, Loyens & Loeff has not represented any of the law firms set forth on Schedule 1 during the three-year period prior to the date hereof. To the best of my knowledge, during the three-year period prior to the date hereof, Loyens & Loeff did not represent any of the Debtors or their respective officers or directors.

18. The Debtors have numerous relationships and creditors. Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any connection or conflict, including the efforts outlined above, Loyens & Loeff is unable to state with certainty which of its clients or such clients' affiliated entities hold claims or otherwise are parties in interest in these Chapter 11 Cases. If Loyens & Loeff discovers any information that is contrary or pertinent to the statements made herein, Loyens & Loeff will promptly disclose

such information to the Court on notice to such creditors and to the U.S. Trustee and such other creditors or other parties in interest as may be required under noticing procedures applicable in these Chapter 11 Cases.

**Professional Compensation**

19. As of the date of this Declaration, Loyens & Loeff has received no compensation for its work on behalf of the Committee.

20. Subject to the Court's approval, Loyens & Loeff will be compensated for its services to the Committee at its standard hourly rates, which are based on each professionals' level of experience, plus reimbursement of the actual and necessary expenses that Loyens & Loeff incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered. At present, the standard hourly rates charged by Loyens & Loeff range from EUR 740 for Partners, EUR 600 for Counsel, EUR 200 to EUR 500 for Associates, and EUR 220 for Legal Assistants. These hourly rates are subject to periodic firm-wide adjustments in the ordinary course of Loyens & Loeff's business, notice of which adjustments shall be provided to the Debtors and the U.S. Trustee. These hourly rates are also subject to fluctuations in the EUR/USD exchange rate as Loyens & Loeff's rates are originally quoted in euros. Loyens & Loeff will maintain detailed, contemporaneous records of time and any necessary costs and expenses incurred in connection with the rendering of the legal services described above, and will be reimbursed for such costs and expenses in conformity with the Revised UST Guidelines.

21. The hourly rates set forth herein are the firm's standard hourly rates for work of this nature. These rates are set at a competitive level designed to compensate Loyens & Loeff for the work of its attorneys and legal assistants and to cover fixed and routine overhead expenses. It is the firm's policy to charge its clients for all disbursements and expenses incurred in the rendering of services. These disbursements and expenses include, among other things,

costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

22. Loyens & Loeff intends to apply to the Court for payment of compensation and reimbursement of expenses incurred as special Luxembourg counsel to the Committee in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Revised UST Guidelines, the Interim Compensation Order and any additional procedures that may be or have already been established by the Court in these Chapter 11 Cases.

23. Other than as set forth above, there is no proposed arrangement between the Committee and Loyens & Loeff for compensation to be paid in these Chapter 11 Cases. Loyens & Loeff has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

24. The proposed employment of Loyens & Loeff is not prohibited by or improper under Bankruptcy Rule 5002. To the best of my knowledge, no attorney or employee at the firm is related to any United States Bankruptcy Judge or District Court Judge for the District of Delaware or to the United States Trustee for such district or any employee in the office thereof.

25. Loyens & Loeff is carrying on further inquiries of its partners, counsel and associates with respect to the matters contained herein. Loyens & Loeff will file supplemental declarations regarding this retention as and if any additional relevant information comes to its attention.

**Statement Regarding U.S. Trustee Guidelines**

26. The following information is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

| | |
|---|---|
| **Question**: | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | No. |
| **Question**: | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question**: | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | Loyens & Loeff did not represent the Committee prior to the commencement of these Chapter 11 Cases. Loyens & Loeff has in the past represented, currently represents and may represent in the future certain Committee members and/or their affiliates in their capacities as members of official committees in other chapter 11 cases or individually in matters wholly unrelated to these Chapter 11 Cases. |
| **Question**: | Has your client approved your prospective budget and staffing plan, and, if so for what budget period? |
| Response: | Loyens & Loeff is in the process of developing a prospective budget and staffing plan for the Committee's review and approval. Furthermore, Loyens & Loeff understands that the Committee, along with the Debtors and the U.S. Trustee, will maintain active oversight of Loyens & Loeff's billing practices. |

27. Loyens & Loeff will use reasonable efforts to comply with the Revised UST Guidelines.

[*Remainder of Page Left Intentionally Blank*]

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on June 21, 2018

*/s/ Thierry Lohest*