# EXHIBIT C

**Strollo Declaration**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
                                                               :

In re                                                     :          Chapter 11
                                                      :
M & G USA CORPORATION, *et al.*,[1]   :         Case No. 17-12307 (BLS)
                                                      :
                                 Debtors.       :         Jointly Administered
                                                      :
------------------------------------------------------------- x

**DECLARATION OF MICHAEL STROLLO IN SUPPORT OF APPLICATION
OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF M&G USA
CORPORATION, *ET AL.*, FOR ENTRY OF AN ORDER AUTHORIZING
EMPLOYMENT AND RETENTION OF LOYENS & LOEFF AS SPECIAL
LUXEMBOURG COUNSEL, *NUNC PRO TUNC* TO APRIL 19, 2018**

Michael Strollo, under penalty of perjury, declares:

1. I am a Senior Financial Analyst at the Pension Benefit Guaranty Corporation, a member of the Official Committee of Unsecured Creditors (the "Committee") of M&G USA Corporation and certain of its affiliates that are Debtors and Debtors in Possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases").

2. I am authorized to make this declaration in support of the Committee's application (the "Application")[2] seeking authorization to retain Loyens & Loeff as special Luxembourg counsel for the Committee, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Application.

3. This declaration is provided pursuant to the Revised UST Guidelines. Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by Loyens & Loeff.

4. I am informed by Loyens & Loeff that ¶ D.2. of the Revised UST Guidelines requires that any application for employment of an attorney under 11 U.S.C. §§ 327 or 1103 be accompanied by a verified statement from the client that addresses the following:

(i) The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

(ii) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

(iii) The number of firms the client interviewed.

(iv) If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

(v) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

### Identity of Declarant

5. On November 13, 2017, pursuant to section 1102(a)(1) of the Bankruptcy Code, the Office of the United States Trustee for the District of Delaware appointed the Committee. The Committee consists of the following seven members: (i) Industrial and Commercial Bank of China Limited, (ii) UniCredit S.p.A, (iii) Banca Monte dei Paschi di Siena

S.p.A, (iv) Pepsi-Cola Advertising and Marketing, Inc., (v) Amcor Group GmbH, (vi) United Steel Workers, and (vii) Pension Benefit Guaranty Corporation.

6. As a member of the Committee, I was directly involved in the Committee's decision to retain Loyens & Loeff, and actively participated in negotiating the terms of Loyens & Loeff's employment together with the other members of the Committee.

**Steps Taken to Ensure the Comparability of Engagement Terms**

7. Loyens & Loeff has informed the Committee that its rates for bankruptcy representations are comparable to the rates Loyens & Loeff charges for non-bankruptcy representations, and that Loyens & Loeff endeavors to set its hourly rates for attorneys and paraprofessionals at levels competitive to those charged by peer firms.

**The Committee's Selection of Counsel**

8. Following its formation, the Committee evaluated the credentials of several law firms to represent the Committee as special Luxembourg counsel in these Chapter 11 Cases, with respect to all matters relating to Luxembourg law. The Committee found Loyens & Loeff to be uniquely qualified for the present engagement. As described in the Application, Loyens & Loeff maintains a broad-based, international practice and boasts a long history in complex bankruptcy cases. Therefore, it is the Committee's opinion that Loyens & Loeff's capabilities and expertise will enable it to faithfully execute its responsibilities to the Debtors' unsecured creditors.

**Rate Structure**

9. Loyens & Loeff has informed the Committee that its hourly rates are subject to periodic adjustments to reflect economic and other conditions, plus variations in the EUR/USD exchange rate. Loyens & Loeff has advised that they will inform the Committee in advance of any such adjustments to their existing rate structure. Further, Loyens & Loeff has

advised the Committee that, pursuant to ABA Formal Ethics Opinion 11-458, "periodic, incremental increases in a lawyer's regular hourly billing rates are generally permissible if such practice is communicated clearly to and accepted by the client at the commencement of the client-lawyer relationship and any periodic increases are reasonable under the circumstances." Loyens & Loeff has advised the Committee that, pursuant to ABA Formal Ethics Opinion 11-458, "the client need not agree to pay the modified fee to have the lawyer continue the representation." To the extent Loyens & Loeff seeks to make any such adjustment to its rate structure, the Committee expressly reserves the right to reject any such modification to the extent the Committee deems it unreasonable.

**Cost Supervision**

10. The Committee recognizes its responsibility to closely monitor Loyens & Loeff's billing practices to ensure the fees and expenses paid by the estate remain consistent with the Committee's expectations and the exigencies of these Chapter 11 Cases. Accordingly, the Committee will work with Loyens & Loeff to develop a prospective budget and staffing plan, which the Committee intends to review on an ongoing basis, as necessary. The Committee will also review Loyens & Loeff's invoices and any applications for payment of fees and reimbursement of expenses that it submits to the Court. In addition, Loyens & Loeff's fees and expenses will be subject to review, comment, objection (if warranted), and Court approval pursuant to the Interim Compensation Order.

11. Except as noted above, nothing contained herein is intended to limit Loyens & Loeff's ability to request allowance and payment of fees and expenses pursuant to 11 U.S.C. §§ 330 and 331, nor to restrict Loyens & Loeff's right to defend any objection raised to the allowance or payment of such fees, nor to restrict the Committee's right to retain conflicts

4

counsel to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party in interest, such as the U.S. Trustee.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on June 21, 2018

By: */s/ Michael Strollo*
Senior Financial Analyst, Pension Benefit Guaranty Corporation

On Behalf of the Official Committee of Unsecured Creditors of M & G USA Corporation, *et al.*
