# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
:
In re: : Chapter 11
:
M & G USA CORPORATION, *et al.*, : Case No. 17-12307 (BLS)
:
Debtors.[1] : Jointly Administered
:
---------------------------------------------------------- x

## SEVENTH MONTHLY FEE STATEMENT
## OF GATTAI, MINOLI, AGOSTINELLI, PARTNERS
## FOR INTERIM APPROVAL AND ALLOWANCE OF
## COMPENSATION FOR SERVICES RENDERED AND FOR
## REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL
## TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
## FROM MAY 1, 2018 THROUGH AND INCLUDING MAY 31, 2018

| | |
|---|---|
| Name of Applicant: | Gattai, Minoli, Agostinelli, Partners |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | November 15, 2017 |
| Period for which compensation and reimbursement is sought: | May 1, 2018 – May 31, 2018 |
| Total Amount of Compensation Sought for Current Period (100%): | $53,290.00 |
| Amount of Compensation Requested for Current Period (80%): | $42,632.00 |
| Amount of Expense Reimbursement Requested (100%): | $267.32 |

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

This is a/an:  __X__ monthly  _____ interim  _____ final application.

Prior Fee Applications Filed:

| Application | Date Filed | Period Covered | Requested Fees / Expenses | Authorized Fees (80%) / Expenses (100%) |
|---|---|---|---|---|
| First Monthly Fee Statement [Docket Nos. 819, 909] | 1/29/18 | 11/15/17 – 11/30/17 | $27,446.00 / $4,216.36 | $21,956.80 / $4,216.36 |
| Second Monthly Fee Statement [Docket No. 1026] | 2/23/18 | 12/1/17 – 12/31/17 | $18,708.00 / $372.72 | $14,966.40 / $372.72 |
| Third Monthly Fee Statement [Docket No. 1127] | 3/9/18 | 1/1/18 – 1/31/18 | $71,098.00/ $1,717.17 | $56,878.40 / $1,717.17 |
| Fourth Monthly Fee Statement [Docket No. 1324] | 4/2/18 | 2/1/18 – 2/28/18 | $166,594.00/ $2,775.20 | $133,275.20/ $2,775.20 |
| Fifth Monthly Fee Statement [Docket No. 1394] | 4/23/18 | 3/1/18 – 3/31/18 | $72,946.00 $7,317.68 | $58,356.80 $7,317.68 |
| Sixth Monthly fee Statement Docket No. 1511] | 5/25/18 | 4/1/18 – 4/30/18 | $115,206.00 $967.18 | $92,164.80 $967.18 |

**S**EVENTH **M**ONTHLY **F**EE **S**TATEMENT OF
**G**ATTAI, **M**INOLI, **A**GOSTINELLI, **P**ARTNERS **A**S **S**PECIAL **C**OUNSEL TO
**T**HE **O**FFICIAL **C**OMMITTEE OF **U**NSECURED **C**REDITORS
OF **M&G USA C**ORPORATION, ET AL.
**(M**AY **1, 2018 – M**AY **31, 2018)**

| Name | Position; Experience | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Carrello, Gaetano | Partner at Gattai, Minoli, Agostinelli, Partners for 5 years; admitted in Italy (1999) | $800.00 | 27.40 | $21,920.00 |
| Fulco, Sergio | Partner at Gattai, Minoli, Agostinelli, Partners for 2 years; admitted in Italy (2001) | $800.00 | 13.00 | $10,400.00 |
| Sgrò, Riccardo | Senior Associate at Gattai, Minoli, Agostinelli, Partners for 5 years; admitted in Italy (2009) | $480.00 | 34.60 | $16,608.00 |
| Mengoni, Matteo | Senior Associate at Gattai, Minoli, Agostinelli, Partners for 2 years; admitted in Italy (2007) | $480.00 | 8.40 | $4,032.00 |
| Cupolo, Cristina | Associate at Gattai, Minoli, Agostinelli, Partners for 11 months (pending admission) | $220.00 | 1.50 | $330.00 |
| **Total** | | | **84.90 Hours** | **$53,290.00** |

**SUMMARY OF SERVICES RENDERED DURING
GATTAI, MINOLI, AGOSTINELLI, PARTNERS SEVENTH MONTHLY PERIOD
AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF M&G USA CORPORATION, ET AL.
(MAY 1, 2018 – MAY 31, 2018)**

| PROJECT CATEGORY | HOURS | FEES |
|---|---:|---:|
| Support to Analysis of Settlement Agreement | **59.60** | **$38,294.80** |
| Italian Insolvency Issues | **19.40** | **$12,157.20** |
| Fee Application | **5.90** | **$2,832.00** |
| **Total** | **84.90** | **$53,290.00** |

**SUMMARY OF EXPENSES INCURRED DURING
GATTAI, MINOLI, AGOSTINELLI, PARTNERS
SEVENTH MONTHLY PERIOD AS SPECIAL COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF M&G USA CORPORATION, ET AL.
(MAY 1, 2018 – MAY 31, 2018)**

| DISBURSEMENTS | AMOUNT |
|---|---:|
| Photocopies/Printing | $32.64 |
| Telephone | $176.12 |
| Database Research | $20.06 |
| Cab Fares/Local Transportation | $38.50 |
| **TOTAL DISBURSEMENTS** | $267.32 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
M & G USA CORPORATION, *et al.*, : Case No. 17-12307 (BLS)
: 
Debtors.[1] : Jointly Administered
: 
------------------------------------------------------------ x

Objection Deadline: July 20, 2018 at 4:00 p.m. (EST)
Hearing Date: Scheduled only if necessary

## SEVENTH MONTHLY FEE STATEMENT OF GATTAI, MINOLI, AGOSTINELLI, PARTNERS FOR INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FROM MAY 1, 2018 THROUGH AND INCLUDING MAY 31, 2018

Gattai, Minoli, Agostinelli, Partners ("Gattai"), acting as special counsel to the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submits this seventh monthly fee statement (the "Fee Statement"), pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (as amended, the "Local Rules"), and this Court's *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 308]

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

entered in these Chapter 11 Cases on November 30, 2017 (the "Interim Compensation Order"), for allowance of compensation and reimbursement of expenses for the period of May 1, 2018 through and including May 31, 2018 May 31, 2018 (the "Seventh Monthly Period").  By this Fee Statement, Gattai seeks (i) interim allowance with respect to the sum of $53,290.00, representing one hundred percent (100%) compensation for actual, reasonable, and necessary professional services rendered during the Seventh Monthly Period, and the sum of $267.32, representing one hundred percent (100%) reimbursement of its actual, reasonable, and necessary expenses incurred during the Seventh Monthly Period, and (ii) payment of such fees and expenses in accordance with the procedures set forth in the Interim Compensation Order (i.e., authorization of current payment of eighty percent (80%) of its requested fees in the amount of $42,632.00 and reimbursement of one hundred percent (100%) of its expenses incurred in the amount of $267.32, for a total payment of $42,899.32).  In support of this Fee Statement, Gattai respectfully represents as follows:

**Jurisdiction**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Background**

2.  On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

4. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5. On November 13, 2017, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code.

6. On January 16, 2018, this Court entered the *Order Under 11 U.S.C. §§ 328 and 1103, Fed. R. Bankr. P. 2014 and 5002, and Local Bankruptcy Rule 2014-1 Authorizing Retention and Employment of Gattai, Minoli, Agostinelli, Partners as Special Counsel to Official Committee of Unsecured Creditors of M&G USA Corporation, et al., Nunc Pro Tunc to November 15, 2017* [Docket No. 677], approving the Committee's retention of Gattai as their special counsel in these Chapter 11 Cases.

7. On November 30, 2017, the Court entered the Interim Compensation Order, authorizing certain professionals (each a "Professional") to submit monthly fee statements for interim compensation of fees and reimbursement of expenses in accordance with the procedures set forth therein. The Interim Compensation Order provides that a Professional may file with the Court and serve on certain parties monthly fee statements for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month(s). Parties in interest have 21 days after the filing and service of a monthly fee statement to object to such application (the "Fee Objection Deadline"). Upon the expiration of the Fee Objection Deadline, the Professional may file a certificate of no objection or a certification of counsel with the Court and, thereafter, the Debtors are authorized to pay the Professional an amount equal to the lesser of (i) 80% of the requested fees and 100% of the

requested expenses in the applicable monthly fee statement, and (ii) the aggregate amount of fees and expenses not subject to an objection.

**Billing History**

8. This Fee Statement is Gattai's seventh monthly fee statement requesting approval and allowance of compensation and reimbursement of expenses. Six prior fee statements have been made to this court, covering, respectively (i) the period from November 15, 2017 through and including November 30, 2017; (ii) the period from December 1, 2017, through and including December 31, 2017; (iii) the period from January 1, 2018, through and including January 31, 2018; (iv) the period from February 1, 2018, through and including February 28, 2018; (v) the period from March 1, 2018, through and including March 31, 2018; and (vi) the period from April 1, 2018, through and including April 30, 2018. Through this fee statement, Gattai seeks the relief requested for legal services provided to and on behalf of the Committee, as well as for out-of-pocket expenses incurred in connection therewith, in respect of the Seventh Monthly Period. Gattai has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these Chapter 11 Cases. No promises have been received by Gattai or any member thereof as to compensation in connection with these Chapter 11 Cases. All services for which compensation is sought herein were rendered by Gattai to the Committee solely in connection with these Chapter 11 Cases and not on behalf of any other persons.

**Fee Statement**

9. By this Fee Statement, Gattai seeks (i) interim allowance with respect to the sum of $53,290.00, representing one hundred percent (100%) compensation for actual, reasonable, and necessary professional services rendered on behalf of the Committee during the

Seventh Monthly Period, and the sum of $267.32, representing one hundred percent (100%) reimbursement of its actual, reasonable, and necessary expenses incurred during the Seventh Monthly Period in connection with rendering such services and (ii) payment of such fees and expenses in accordance with the procedures set forth in the Interim Compensation Order (i.e., authorization of payment of eighty percent (80%) of its requested fees in the amount of $42,632.00 and reimbursement of one hundred percent (100%) of its expenses incurred in the amount of $267.32, for a total payment of $42,899.32). The fees sought in this Fee Statement reflect an aggregate of 84.90 hours of attorney time spent and recorded in performing services for the Committee during the Seventh Monthly Period. The blended average hourly rate for attorneys is $627.67.

10. Gattai maintains, in the ordinary course of its practice, written records of the time expended in connection with its rendering of the professional services required by the Committee.

11. For the convenience of the Court and parties in interest, attached hereto as part of the cover sheet is a billing summary for the Seventh Monthly Period, setting forth the name of each attorney for whose work on these cases compensation is sought, each attorney's year of bar admission, the aggregate time expended by each such attorney, the hourly billing rate for each such attorney at Gattai's current billing rates, and an indication of the individual amounts requested as part of the total amount of compensation requested. Additionally, set forth in the billing summary is further information indicating whether each attorney is a partner, counsel, or associate, and how many years each attorney has held such position. The compensation requested by Gattai is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12. Set forth in Exhibit A are time entries recorded in tenths of an hour with a detailed description of services performed by each attorney and paraprofessional on behalf of the Committee.

13. Gattai also maintains contemporaneous records of all actual and necessary expenses incurred in connection with performing professional services. A summary of the expenses incurred during the Seventh Monthly Period is set forth on the cover sheet. The summary lists the amounts and categories of expenses for which reimbursement is sought. Set forth in Exhibit B hereto is a further breakdown of expenses, including the date the expense was incurred, the charge, and the person incurring the expense. Gattai has incurred actual, reasonable, and necessary out-of-pocket expenses during the Seventh Monthly Period in the amount of $267.32.

**Actual and Necessary Expenses**

14. In connection with the reimbursement of expenses, Gattai's policy is to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients. The expenses charged to Gattai's clients include, among other things, telephone toll and other charges, regular mail and express mail charges, special or hand delivery charges, photocopying and printing charges, out-of-town travel expenses, local transportation expenses, expenses for working meals, computerized research charges, and transcription costs.

15. Gattai charges the Committee for these expenses at rates consistent with those charged to Gattai's other bankruptcy clients, which rates are equal to or less than the rates charged by Gattai to its non-bankruptcy clients.

16. In accordance with section 330 of the Bankruptcy Code, Gattai seeks

reimbursement only for the actual cost of such expenses to Gattai.

17. In providing or obtaining from third parties services that are reimbursable by clients, Gattai does not include in such reimbursable amount any costs of investment, equipment, or capital outlay.

18. Gattai regularly charges its non-bankruptcy clients for ordinary business hourly fees and expenses for secretarial, library, word processing, and other staff services because such items are not included in the firm's overhead for the purpose of setting billing rates. Gattai is not, however, seeking reimbursement of hourly fees of its secretarial services in this Fee Statement.

## Summary of Services Rendered

19. To provide an orderly and meaningful summary of the services rendered by Gattai on behalf of the Committee, Gattai established separate project billing categories for these cases. Gattai's professionals billed time to the following categories during the Seventh Monthly Period:

- Italian Insolvency Issues
- Support to Analysis of Settlement Agreement
- Fee Application

20. The following summary of services rendered is intended only to highlight matters in certain of the above-listed categories where Gattai has expended a considerable number of hours on behalf of the Committee during the Seventh Monthly Period, and it is not meant to be a detailed description of all of the work performed. Indeed, this Fee Statement does not detail each and every correspondence, meeting, discussion, court appearance, or work stream, or all research conducted by Gattai during the Seventh Monthly Period.

21. <u>Support to Analysis of Settlement Agreement</u>. During the Seventh Monthly Period, Gattai reviewed and analyzed for the Committee a settlement agreement in respect of the

Debtors' Italian insolvency proceedings.

22. <u>Italian Insolvency Issues</u>. During the Seventh Monthly Period, Gattai focused on gathering and evaluating information pertaining to the Italian proceedings, analyzing various procedural aspects of the Italian proceedings in order to discern any potential impact on the Debtors' chapter 11 estates, and conferring with the Committee's advisors in respect of certain findings and go-forward strategy. <u>Exhibit A</u>, attached hereto, describes these services in further detail.

**Valuation of Services**

23. Attorneys of Gattai have expended a total of 84.90 hours in connection with this matter during the Seventh Monthly Period.

24. The nature of the work performed by these persons is fully set forth in <u>Exhibit A</u> attached hereto. These are Gattai's normal hourly rates for work of this character. The reasonable value of services rendered by Gattai to the Committee during the Seventh Monthly Period is $53,290.00.

25. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. <u>See</u> 11 U.S.C. §§ 330 and 331. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded… the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

26. The professional services performed by Gattai were necessary and appropriate to the administration of these Chapter 11 Cases. The professional services rendered by Gattai during the Seventh Monthly Period were in the best interests of the unsecured creditors and required a high degree of professional competence and expertise so that the numerous issues requiring the Committee's evaluation and action could be addressed with skill and dispatch. Gattai respectfully submits that it has rendered these services to the Committee efficiently, effectively, economically, and without duplication of services performed by any other Professional in these Chapter 11 Cases. In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task. Gattai further submits that the requested compensation is reasonable in light of the nature,

extent, and value of such services to the Committee and all other parties in interest.

27. To the best of Gattai's knowledge, this Fee Statement complies with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, any guidelines promulgated by the U.S. Trustee, the Local Rules, and the orders of this Court.

**Reservation Of Rights**

28. Gattai reserves the right to request compensation for services and reimbursement of expenses in a future application to the extent that time charges for services rendered or disbursements incurred relating to the Seventh Monthly Period were not processed prior to the preparation of this Fee Statement, or Gattai has for any other reason not sought herein compensation for services rendered or reimbursement of expenses incurred during the Seventh Monthly Period.

**Certification**

29. In accordance with Local Rule 2016-2(f), the undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of his information, knowledge, and belief that this Fee Statement complies with Local Rule 2016-2.

**No Prior Request**

30. No previous request for the relief sought herein has been made to this or any other court.

**Notice**

31. A copy of this Fee Statement will be served in accordance with the Interim Compensation Order. Gattai submits that, in light of the relief requested, no other or further notice need be provided.

**WHEREFORE**, Gattai respectfully requests (i) interim allowance with respect to the sum of $53,290.00 representing one hundred percent (100%) compensation for professional services rendered during the Seventh Monthly Period, and the sum of $267.32, representing one hundred percent (100%) reimbursement of its actual, reasonable, and necessary expenses incurred during the Seventh Monthly Period, and (ii) authorization of payment according to the procedures set forth in the Interim Compensation Order (i.e., authorization of payment of eighty percent (80%) of its requested fees in the amount of $42,632.00 and reimbursement of one hundred percent (100%) of its expenses incurred in the amount of $267.32, for a total payment of $42,899.32).

Dated: June 29, 2018
      Milan, Italy

    Respectfully submitted,

    */s/ Gaetano Carrello*
    Gaetano Carrello

    Gattai, Minoli, Agostinelli, Partners
    Via Manzoni, 30
    20121, Milan (Italy)
    Telephone:  +39.02.30323232
    Facsimile:   +39.02.30323242
    E-mail:  GCarrello@gmaplex.it

    *Special Counsel for the Official Committee of Unsecured Creditors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
: 
In re: : Chapter 11
:
M & G USA CORPORATION, *et al.*, : Case No. 17-12307 (BLS)
:
Debtors.[1] : Jointly Administered
:
---------------------------------------------------------- x

## VERIFICATION

1. I am a partner of the firm Gattai, Minoli, Agostinelli, Partners ("Gattai"), special counsel to the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases (the "Chapter 11 Cases"). I am admitted to the bar in Italy.

2. I am familiar with the work performed on behalf of the Committee by Gattai.

3. I have reviewed the foregoing *Seventh Monthly Fee Statement of Gattai, Minoli, Agostinelli, Partners for Interim Approval and Allowance of Compensation for Services Rendered and for Reimbursement of Expenses Incurred as Counsel to the Official Committee of Unsecured Creditors from May 1, 2018 Through and Including May 31, 2018* (the "Fee Statement"), and submit that the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware and submit that, to the best of my knowledge, information, and belief, the Fee Statement complies with such rule.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

Dated: June 29, 2018
      Milan, Italy

                          Respectfully submitted,

                          */s/ Gaetano Carrello*
                          Name: Gaetano Carrello
                          Title: Partner, Gattai, Minoli, Agostinelli, Partners