IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered) |

Obj. Deadline: **July 23, 2018 at 4:00 p.m. (ET)**
Hearing Date: **To be scheduled if necessary**

## SIXTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL AND CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM APRIL 1, 2018 THROUGH APRIL 30, 2018

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | *Nunc Pro Tunc* to October 30, 2017 by order signed November 30, 2017 |
| Period for which Compensation and Reimbursement is Sought: | April 1, 2018 through April 30, 2018[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $49,685.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 5,209.70 |

This is a:   x  monthly   ___  interim   ___  final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

DOCS_DE:219774.1 54032/001

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 03/05/18 | 10/30/17 – 11/30/17 | $243,369.00 | $29,125.63 | $243,369.00 | $29,125.63 |
| 03/06/18 | 12/01/17 – 12/31/17 | $183,773.00 | $17,938.11 | $183,773.00 | $17,938.11 |
| 03/26/18 | 01/01/18 – 01/31/18 | $162,408.00 | $ 9,185.48 | $162,408.00 | $ 9,185.48 |
| 05/22/18 | 02/01/18 – 02/28/18 | $106,150.00 | $ 4,795.64 | $ 84,920.00 | $ 4,795.64 |
| 05/31/18 | 03/01/18 – 03/31/18 | $180,169.00 | $10,630.80 | $144,135.20 | $10,630.80 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,145.00 | 1.50 | $ 1,717.50 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $ 975.00 | 0.30 | $ 292.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 875.00 | 1.50 | $ 1,312.50 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 850.00 | 22.80 | $19,380.00 |
| William L. Ramseyer | Of Counsel 1989: Member of CA Bar since 1980 | $ 725.00 | 2.20 | $ 1,595.00 |
| Joseph M. Mulvihill | Associate 2015; Member of DE Bar since 2014; Member of PA Bar since 2015 | $ 495.00 | 25.60 | $12,672.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 375.00 | 15.60 | $ 5,850.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 350.00 | 0.40 | $ 140.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 295.00 | 0.60 | $ 177.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 295.00 | 18.40 | $ 5,428.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 295.00 | 3.80 | $ 1,121.00 |

**Grand Total: $49,685.50**
**Total Hours:      92.70**
**Blended Rate: $   535.98**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 2.30 | $ 1,457.00 |
| Appeals | 5.40 | $ 4,257.50 |
| Bankruptcy Litigation | 42.70 | $20,812.50 |
| Case Administration | 7.50 | $ 2,453.00 |
| Claims Admin/Objections | 6.90 | $ 3,665.50 |
| Compensation of Professional | 3.00 | $ 2,141.50 |
| Compensation of Prof/Others | 13.80 | $ 6,786.50 |
| Executory Contracts | 0.60 | $ 510.00 |
| Financial Filings | 0.40 | $ 198.00 |
| Financing | 6.40 | $ 4,444.50 |
| Retention of Prof./Other | 0.10 | $ 37.50 |
| Stay Litigation | 3.60 | $ 2,922.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Auto Travel Expense | Roadrunner Express | $ 44.00 |
| Conference Call | CourtCall | $ 460.00 |
| Delivery/Courier Service | Advita | $ 165.00 |
| Filing Fee | USBC | $ 350.00 |
| Hotel Expense | Hotel DuPont | $ 295.60 |
| Court Research | Pacer | $ 338.00 |
| Reproduction Expense | | $1,093.00 |
| Reproduction/ Scan Copy | | $1,130.10 |
| Transcript | Reliable Companies | $1,334.00 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| Debtors. | : | (Jointly Administered) |
| | | Obj. Deadline: **July 23, 2018 at 4:00 p.m. (ET)**<br>Hearing Date: **To be scheduled if necessary** |

## SIXTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL AND CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM APRIL 1, 2018 THROUGH APRIL 30, 2018

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals," signed on or about November 30, 2017 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), co-counsel and conflicts counsel for the debtors and debtors in possession ("Debtors"), hereby submits its Sixth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from April 1, 2018 through April 30, 2018 (the "Application").

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $49,685.50 and actual and necessary expenses in the amount of $5,209.70 for a total allowance of $54,895.20 and payment of $39,748.40 (80% of the allowed fees) and reimbursement of $5,209.70 (100% of the allowed expenses) for a total payment of $44,958.10 for the period April 1, 2018 through April 30, 2018 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## **Background**

1. On October 24, 2017, Debtor M&G Polymers USA, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017, each of the other Debtors commenced chapter 11 cases before this Court. The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about November 30, 2017, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent

(80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending on January 31, 2018, at three-month intervals, each of the Professionals will file and serve an interim fee application for compensation and reimbursement of expenses sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4. The retention of PSZ&J, as co-counsel and conflicts counsel for the Debtors, was approved effective as of October 30, 2017 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel and Conflicts Counsel for the Debtors and Debtors in Possession *Nunc Pro Tunc* to the Petition Date," signed on or about November 30, 2017 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5. All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors.

6. PSZ&J has received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the

sharing of compensation to be received for services rendered in this case. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $200,000, in connection with the preparation of initial documents and its prepetition representation of the Debtors. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to PSZ&J was credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

## Fee Statements

7. The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

## Actual and Necessary Expenses

8.  A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.  PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

10. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12. The names of the partners and associates of PSZ&J who have rendered professional services in this case during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

14. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each category.

### A. Asset Disposition

15. This category relates to work regarding the sale or other disposition of assets. During the Interim Period, the Firm, among other things: (1) performed work regarding a motion and order to authorize TSA; (2) reviewed and analyzed issues regarding assignment of sale contracts; and (3) corresponded and conferred regarding asset disposition issues.

Fees: $1,457.00;    Hours: 2.30

### B. Appeals

16. This category relates to work regarding appellate issues. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed a notice of appeal of Corpus Christi sale order by Bancomext; (2) reviewed and analyzed status of appeal; (3) reviewed and analyzed a mediation notice; (4) performed work regarding a notice of appearance and *pro hace vice* motions in the Bancomext appellate matter; (5) reviewed and analyzed a notice of completion of briefing; (6) reviewed and analyzed mediation issues; (7) performed work regarding a motion to dismiss and opening brief; and (8) corresponded and conferred regarding appellate issues.

Fees: $4,257.50;    Hours: 5.40

### C. Bankruptcy Litigation

17. This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed an extension stipulation in the Bancomext adversary; (2) attended to scheduling issues; (3) performed work regarding Agenda Notices and Hearing Binders; (4) performed work regarding a motion to dismiss the Polimeros Brazil complaint; (5) performed work regarding a motion to approve settlement agreement; (6) attended to discovery issues; (7) performed work regarding orders; (8) prepared for and attended a telephonic hearing on April 25, 2018 regarding Bancomext discovery issues; (9) reviewed and analyzed a reply brief filed by Comerica regarding motion to dismiss and performed work regarding a joinder to Comerica reply brief; (10) performed work regarding vendor stipulations; and (11) corresponded and conferred regarding bankruptcy litigation issues.

Fees: $20,812.50;   Hours: 42.70

### D. Case Administration

18. This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things, maintained a memorandum of critical dates, and maintained document control.

Fees: $2,453.00;   Hours: 7.50

### E. Claims Administration and Objections

19. This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things, performed work regarding

an administrative claims bar date motion and order, performed work regarding stipulations with vendors resolving claims, and conferred and corresponded regarding claim issues.

Fees: $3,665.50; Hours: 6.90

**F.     Compensation of Professionals**

20.     This category relates to issues regarding compensation of the Firm. During the Interim Period, the Firm, among other things, performed work regarding its January and February 2018 monthly and First quarterly fee applications, and monitored the status and filing of fee applications.

Fees: $2,141.50; Hours: 3.00

**G.     Compensation of Professionals--Others**

21.     This category relates to issues regarding compensation of professionals, other than the Firm. During the Interim Period, the Firm, among other things, performed work regarding the Rothschild, Jones Day, Steptoe, Crain Caton and Alvarez Marsal matters, and corresponded and conferred regarding compensation issues.

Fees: $6,786.50; Hours: 13.80

**H.     Executory Contracts**

22.     This category relates to issues regarding executory contracts and unexpired leases of real property. During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding Constar.

Fees: $510.00; Hours: 0.60

### I. Financial Filings

23. This category relates to issues regarding compliance with reporting requirements. During the Interim Period, the Firm, among other things, performed work regarding Monthly Operating Reports.

Fees: $198.00;   Hours: 0.40

### J. Financing

24. This category relates to issues regarding Debtor in Possession ("DIP") financing and use of cash collateral. During the Interim Period, the Firm, among other things: (1) attended to scheduling issues; (2) performed work regarding a notice of hearing on DIP financing; (3) reviewed and analyzed a reservation of rights by Macquarie; (4) performed work regarding a final DIP financing order; (5) reviewed and analyzed cash management issues and performed work regarding a cash management order; and (6) corresponded and conferred regarding financing issues.

Fees: $4,444.50;   Hours: 6.40

### K. Retention of Professionals--Others

25. This category relates to issues regarding retention of professionals, other than the Firm. During the Interim Period, the Firm, among other things, performed work regarding Ordinary Course Professionals issues.

Fees: $37.50;   Hours: 0.10

L.   **Stay Litigation**

26.   This category relates to work regarding the automatic stay and relief from stay motions. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed issues regarding the Eastman Chemical relief from stay motion; (2) performed work regarding a stipulation in the Eastman Chemical matter; and (3) corresponded and conferred regarding stay litigation issues.

Fees: $2,922.00;   Hours: 3.60

**Valuation of Services**

27.   Attorneys and paraprofessionals of PSZ&J expended a total 92.70 hours in connection with their representation of the Debtors during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,145.00 | 1.50 | $ 1,717.50 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $ 975.00 | 0.30 | $ 292.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $ 875.00 | 1.50 | $ 1,312.50 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $ 850.00 | 22.80 | $19,380.00 |
| William L. Ramseyer | Of Counsel 1989: Member of CA Bar since 1980 | $ 725.00 | 2.20 | $ 1,595.00 |
| Joseph M. Mulvihill | Associate 2015; Member of DE Bar since 2014; Member of PA Bar since 2015 | $ 495.00 | 25.60 | $12,672.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 375.00 | 15.60 | $ 5,850.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 350.00 | 0.40 | $ 140.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 295.00 | 0.60 | $ 177.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 295.00 | 18.40 | $ 5,428.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 295.00 | 3.80 | $ 1,121.00 |

                **Grand Total:**   **$49,685.50**
                **Total Hours:**       **92.70**
                **Blended Rate:**  **$ 535.98**

28. The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $49,685.50.

29. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period April 1, 2018 through April 30, 2018, an interim allowance be made to PSZ&J for compensation in the amount of $49,685.50 and actual and necessary expenses in the amount of $5,209.70 for a total allowance of $54,895.20 and payment of $39,748.40 (80% of the allowed fees) and

reimbursement of $5,209.70 (100% of the allowed expenses) be authorized for a total payment of $44,958.10, and for such other and further relief as this Court may deem just and proper.

Dated: June 30, 2018      PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       joneill@pszjlaw.com
       jmulvihill@pszjlaw.com

Co-Counsel and Conflicts Counsel for the
Debtors and Debtors in Possession

# VERIFICATION

STATE OF DELAWARE         :
                          :
COUNTY OF NEW CASTLE  :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with the work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZ&J.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about November 30, 2017, and submit that the Application substantially complies with such Rule and Order.

_____
Laura Davis Jones

SWORN AND SUBSCRIBED
before me this 2 day of July, 2018.

_____
Notary Public
My Commission Expires:

EXPIRES
APRIL 12, 2020

DOCS_DE:219774.1 54032/001