# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>M & G USA Corporation, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>Jointly Administered<br><br>**Objection Date: July 27, 2018 at 4:00 p.m.**<br>**Hearing Date:** *Only if objections are filed* |

## SEVENTH MONTHLY FEE APPLICATION OF COLE SCHOTZ P.C., DELAWARE CO-COUNSEL AND CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM MAY 1, 2018 THROUGH MAY 31, 2018

| | |
|---|---|
| Name of Applicant: | **COLE SCHOTZ P.C.** |
| Authorized to provide professional services to: | **The Official Committee of Unsecured Creditors** |
| Date of retention: | **January 2, 2018** *nunc pro tunc* **to November 13, 2017** |
| Period for which compensation and reimbursement is sought: | **May 1, 2018 Through May 31, 2018** |
| Amount of compensation sought as actual, reasonable and necessary: | **$143,237.20 (80% of $179,046.50)** |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | **$5,500.37** |
| This is a: | **Seventh Monthly Application** |

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

**Prior Applications:**

| Application | Date Filed | Period Covered | Requested Fees/Expenses | Authorized Fees (80%)/ Expenses (100%) |
|---|---|---|---|---|
| 1st Application | 1/17/18 | 11/13/17-11/30/17 | $186,480.50/$1,599.70 | $186,480.50/$1,599.70 |
| 2nd Application | 1/29/18 | 12/1/17-12/31/17 | $212,368.00/$42,341.77 | $212,368.00/$42,341.77 |
| 3rd Application | 3/09/18 | 1/1/18-1/31/18 | $108,199.50/$915.87 | $108,199.50/$915.87 |
| 4th Application | 4/12/18 | 2/1/18-2/28/18 | $118,455.00/$6,123.14 | $94,764.00/$6,123.14 |
| 5th Application | 4/27/18 | 3/1/18-3/31/18 | $217,385.50/$4,086.05 | $173,908.40/$4,086.05 |
| 6th Application | 5/24/18 | 4/1/18-4/30/18 | $107,628.00/$3,746.77 | *Pending* |

# M & G USA CORPORATION, *et al.*

# SUMMARY OF BILLING BY PROFESSIONAL
# MAY 1, 2018 THROUGH MAY 31, 2018

| Name of Professional Person | Date of Bar Admission | Position with the Applicant and Number of Years in that Position | Hourly Billing Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| David R. Hurst | 1998 | Member (Bankruptcy) (since 2013) | $670.00 | 39.00 | $26,130.00 |
| J. Kate Stickles | 1990 | Member (Bankruptcy) (since 2008) | $745.00 | 58.50 | $43,582.50 |
| Stuart Komrower | 1984 | Member (Bankruptcy) (since 1994) | $775.00 | 3.60 | $2,790.00 |
| Warren Usatine | 1995 | Member (Bankruptcy) (since 2002) | $735.00 | 12.40 | $9,114.00 |
| James W. Walker | 1985 | Member (Bankruptcy) (since 2013) | $645.00 | 6.60 | $4,257.00 |
| Daniel F. Geoghan | 1999 | Member (Bankruptcy) (since 2013) | $590.00 | 118.60 | $69,974.00 |
| Felice R. Yudkin | 2005 | Member (Bankruptcy) (since 2012) | $510.00 | 5.20 | $2,652.00 |
| Ryan T. Jareck | 2008 | Member (Bankruptcy) (since 2015) | $510.00 | 33.60 | $17,136.00 |
| Anthony Cortez | N/A | Litigation Supp. (N/A) | $395.00 | 1.50 | $592.50 |
| Rebecca W. Hollander | 2014 | Associate (Bankruptcy) (since 2015) | $285.00 | 3.20 | $912.00 |
| Kimberly A. Karstetter | N/A | Paralegal (since 2008) | $250.00 | 17.10 | $4,275.00 |
| **TOTALS** | | | | **299.30** | **$179,046.50** |

**Blended Rate: $598.22**

---

[1] The rate represents the regular hourly rate for each attorney and paraprofessional who rendered legal services. All hourly rates are adjusted by Cole Schotz P.C. on a periodic basis (the last such adjustment occurred on September 1, 2017).

57321/0001-16040876v1

# M & G USA CORPORATION, *et al.*

## COMPENSATION BY PROJECT CATEGORY
## MAY 1, 2018 THROUGH MAY 31, 2018

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 3.80 | $1,701.50 |
| Cash Collateral and DIP Financing | 1.80 | $1,341.00 |
| Committee Matters and Creditor Meetings | 13.70 | $8,712.00 |
| Fee Application Matters/Objections | 13.10 | $5,649.50 |
| Litigation/General | 228.70 | $139,848.00 |
| Non-Working Travel Time 50% ($4,737.00/2) | 8.30 | $2,368.50 |
| Preparation for and Attendance at Hearings | 20.60 | $13,432.50 |
| Reorganization Plan | 6.20 | $4,034.00 |
| Other Investigative Matters | 2.00 | $1,140.00 |
| Budgeting (Case) | 1.10 | $819.50 |
| **TOTAL** | **299.30** | **$179,046.50** |

## M & G USA CORPORATION, *et al.*

## EXPENSE SUMMARY
## MAY 1, 2018 THROUGH MAY 31, 2018

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopying/Printing/Scanning (4,148 pages @ $.10/page) | | $414.80 |
| Conference Calls | | $65.11 |
| Pacer Fees | ECF | $99.60 |
| Data Host Fees | Cole Schotz P.C. | $1,060.00 |
| Legal Research | Westlaw | $227.49 |
| Messenger Service | Parcels, Inc. | $7.50 |
| Outside Printing | Parcels, Inc. | $46.70 |
| Transcripts | Reliable | $2,188.27 |
| Travel | | $1,372.35 |
| Working Meals | | $18.55 |
| **TOTAL** | | **$5,500.37** |

57321/0001-16040876v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | : | Chapter 11 |
|---|---|---|
| In re | : | |
| | : | Case No. 17-12307 (BLS) |
| M & G USA Corporation, *et al.*,[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | **Objection Date: July 27, 2018 at 4:00 p.m.** |
| | : | **Hearing Date:** *Only if objections are filed* |

## SEVENTH MONTHLY FEE APPLICATION OF COLE SCHOTZ P.C., DELAWARE CO-COUNSEL AND CONFLICTS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM MAY 1, 2018 THROUGH MAY 31, 2018

Cole Schotz P.C. (the "Applicant" or "Cole Schotz"), Delaware co-counsel and conflicts counsel to the Official Committee of Unsecured Creditors (the "Committee") of M & G USA Corporation and each of its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, hereby applies (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for allowance of compensation for services rendered and reimbursement of expenses for the period from May 1, 2018 through May 31, 2018 (the "Application Period"), and respectfully represents as follows:

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code. Such relief also is warranted under Bankruptcy Rule 2016 and Local Rule 2016-2.

**BACKGROUND**

**A. The Chapter 11 Cases**

3. On October 24, 2017 (the "Polymers Petition Date"), Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Chapter 11 Cases").

4. The Debtors are continuing in possession of their properties and are managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Chapter 11 Cases on November 13, 2017 [Docket No. 146].

**B. The Retention of Cole Schotz**

6. On December 13, 2017, the Committee applied [Docket No. 480] to the Court for an order authorizing it to retain and employ Cole Schotz as its counsel and conflicts counsel, *nunc pro tunc* to November 13, 2017. On January 2, 2018, the Court entered an order [Docket No. 588] authorizing such retention.

### C. The Interim Compensation Order

7. On December 1, 2017, the Court entered an Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals [Docket No. 308] (the "Interim Compensation Order"),[2] which sets forth the procedures for interim compensation and reimbursement of expenses in these cases. Specifically, the Interim Compensation Order provides that a Professional may file and serve a Monthly Fee Application on or after the fifth day of each month following the month for which compensation is sought. Provided that there are no objections to the Monthly Fee Application filed within twenty-one (21) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in such Monthly Fee Application. If an objection is filed to the Monthly Fee Application, then the Debtors are authorized to pay 80% of the fees and 100% of the expenses not subject to objection.

### **RELIEF REQUESTED**

8. Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Cole Schotz is seeking compensation in the amount of $143,237.20, which is equal to eighty percent (80%) of the $179,046.50 in fees for professional services rendered by Cole Schotz during the Application Period. This amount is derived solely from the applicable hourly billing rates of Cole Schotz's personnel who rendered such services to the Committee. In addition, Cole Schotz is seeking reimbursement of expenses incurred during the Application Period in the amount of $5,500.37.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

### A. Compensation Requested

9. Attached hereto as <u>Exhibit A</u> is a detailed itemization, by project category, of all services performed by Cole Schotz with respect to the Chapter 11 Cases during the Application Period. This detailed itemization complies with Del. Bankr. L.R. 2016-2(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories, and all meetings or hearings are individually identified.

10. The attorneys and paraprofessionals that rendered services related to each category are identified in <u>Exhibit A</u>, along with the number of hours for each individual and the total compensation sought for each category.[3]

### B. Expense Reimbursement

11. Cole Schotz incurred out-of-pocket expenses during the Application Period in the amount of $5,500.37. Attached hereto as <u>Exhibit B</u> is a description of the expenses actually incurred by Cole Schotz in the performance of services rendered as counsel to the Committee. The expenses are broken down into categories of charges, including among other things, the following charges: photocopying, scanning and printing, telecopy, document retrieval, filing fees, third party conference calls, computerized legal research, messenger service, postage, transcripts, working meals, and other non-ordinary expenses.[4]

---

[3] In accordance with Del. Bankr. L.R. 1016-2(d)(viii), Cole Schotz reduces its request for compensation of non-working travel by 50% of the normal rate.

[4] In accordance with Del. Bankr. L.R. 2016-2(e)(iii), Cole Schotz does not charge more than $0.10 per page for photocopies; does not charge for incoming facsimile transmissions and does not charge more than $0.25 per page for outgoing facsimiles; and does not surcharge for computerized research.

## VALUATION OF SERVICES

12. Attorneys and paraprofessionals of Cole Schotz have expended a total of 299.30 hours in connection with this matter during the Application Period.

13. The amount of time spent by each of the professionals providing services to the Committee for the Application Period is set forth in <u>Exhibit A</u>. The rates are Cole Schotz's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by Cole Schotz for the Application Period as counsel for the Debtor in this case is $179,046.50.

14. Cole Schotz believes that the time entries included in <u>Exhibit A</u> attached hereto and the expense breakdown set forth in <u>Exhibit B</u> attached hereto are in compliance with the requirements of Local Rule 2016-2.

15. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## NO PRIOR REQUEST

16. No prior request for the relief sought in the Application has been made to this or any other court.

## CERTIFICATE OF COMPLIANCE AND WAIVER

17. The undersigned representative of Cole Schotz certifies that he has reviewed the requirements of Local Rule 2016-2 and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-2, Cole Schotz believes that such deviations are not material and respectfully requests that any such requirements be waived.

5

# **CONCLUSION**

WHEREFORE, Cole Schotz P.C. respectfully requests that the Court enter an Order: (i) granting the Application and authorizing (a) allowance of compensation in the amount of $143,237.20 (80% of $179,046.50) for professional services rendered, and (b) reimbursement for actual and necessary costs in the amount of $5,500.37; (ii) directing payment by the Debtors of the foregoing amounts; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
       July 6, 2018

**COLE SCHOTZ P.C.**

/s/ David R. Hurst
J. Kate Stickles (No. 2917)
David R. Hurst (No. 3743)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
kstickles@coleschotz.com
dhurst@coleschotz.com

*Counsel for the Official Committee of Unsecured Creditors*