# Exhibit A

```
 1                  UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF DELAWARE
 2
                                       .    Chapter 11
 3   IN RE:                            .
                                       .    Case No. 17-12307 (BLS)
 4   M&G USA CORPORATION, et al.,      .
                                       .
 5                                     .
                                       .    Courtroom No. 1
                                       .    824 North Market Street
 6                                     .    Wilmington, Delaware 19801
                                       .
 7                                     .
                       Debtors.        .    March 28, 2018
 8   . . . . . . . . . . . . . . . .        10:30 A.M.

 9                       TRANSCRIPT OF HEARING
                BEFORE THE HONORABLE BRENDAN L. SHANNON
10                  UNITED STATES BANKRUPTCY JUDGE

11   APPEARANCES:

12   For the Debtors:          Laura Davis Jones, Esquire
                               James O'Neill, Esquire
13                             Joseph Mulvihill, Esquire
                               PACHULSKI STANG ZIEHL & JONES LLP
14                             919 N. Market Street, 17th Floor
                               P.O. Box 8705
15                             Wilmington, Delaware 19801

16

17

18   Audio Operator:           DANA MOORE

19   Transcription Company:    Reliable
                               1007 N. Orange Street
20                             Wilmington, Delaware 19801
                               (302) 654-8080
21                             Email:  gmatthews@reliable-co.com

22

23   Proceedings recorded by electronic sound recording,
     transcript produced by transcription service.

24

25
```

```
 1  APPEARANCES (Continued):

 2  For the Debtors:            Scott Greenberg, Esquire
                                Stacey Corr-Irvine, Esquire
 3                              Michael Cohen, Esquire
                                James Sottile, IV, Esquire
 4                              JONES DAY
                                250 Vesey Street
 5                              New York, New York 10281

 6                              - and -

 7                              Carl Black, Esquire
                                901 Lakeside Avenue
 8                              Cleveland, Ohio 44114

 9  For U.S. Trustee:           Hannah McCollum, Esquire
                                UNITED STATES DEPARTMENT OF JUSTICE
10                              OFFICE OF THE U.S. TRUSTEE
                                844 King Street, Suite 2207
11                              Lockbox 35
                                Wilmington, Delaware 199801
12
    For the Committee:          Abhilash Raval, Esquire
13                              Alexander Lees, Esquire
                                Lauren Doyle, Esquire
14                              MILBANK TWEED HADLEY & MCCLOY LLP
                                28 Liberty Street
15                              New York, New York 10005-1413

16  For Banco Inbursa:          Lisa Schweitzer, Esquire
                                Jane VanLare, Esquire
17                              CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                1 Liberty Plaza
18                              New York, New York 10006

19  For the Construction        Eric Monzo, Esquire
    Lienholder Group:           Jeffrey Waxman, Esquire
20                              MORRIS JAMES LLP
                                500 Delaware Avenue, Suite 1500
21                              Wilmington, Delaware 19801

22  For Alpek:                  Alfredo Perez, Esquire
                                WEIL GOTSHAL & MANGES LLP
23                              700 Louisiana, Suite 1700
                                Houston, Texas 77002-2784
24

25
```

```
 1  APPEARANCES (Continued):

 2  For Sinopec
    Engineering Group:       R. Craig Martin, Esquire
 3                           DLA PIPER LLP (US)
                             1201 N. Market Street, Suite 2100
 4                           Wilmington, Delaware 19801

 5  For Bancomext:           Roberto Kampfner, Esquire
                             WHITE & CASE LLP
 6                           555 South Flower Street, Suite 2700
                             Los Angeles, California 90071
 7
    For M&G Mexico:          Matthew Ziegler, Esquire
 8                           MORGAN LEWIS & BOCKIUS LLP
                             101 Park Avenue
 9                           New York, New York 10178

10  For Comerica Bank:       Jeffrey Wisler, Esquire
                             CONNOLLY GALLAGHER, LLP
11                           1000 West Street, Suite 1400
                             Wilmington, Delaware 19801
12
13  TELEPHONIC APPEARANCES:

14  For Magnate S.a.r.l.,    Marc Kieselstein, Esquire
    and M&G Polimeros        KIRKLAND & ELLIS LLP
15  Brasil S.A.:             300 North LaSalle
                             Chicago, Illinois 60654
16
17
18
19
20
21
22
23
24
25
```

1  for the estate and the Banibu bid. The bidders support this
2  because we're not up here objecting. Inbursa supports this
3  because as part of this transaction we're not objecting to
4  the backup bid. And we support it because it's a pathway, a
5  possible pathway, let's say, for recoveries to unsecured
6  creditors.
7      But what we can't do is just say there's a number
8  out there and not have its diagram out in terms of how things
9  will perceive and that's what this does. That's all this
10 does.
11     Your Honor, I think there's been some concerns by
12 the U.S. Trustee and by other parties that this gives us too
13 much control over the process. I refer you to the first
14 page, Your Honor, of this bid term sheet and the two
15 footnotes that show up in redlines.
16     The first footnote, in essence, says if there's
17 any dispute over the application of any of the terms and
18 conditions in this term sheet, the parties would agree to
19 work in good faith to resolve those disputes. If that
20 (indiscernible) diligent effort those disputes cannot be
21 consensually resolved and any of the parties can seek any
22 sort of appropriate relief or remedy from this court. I
23 think that's a right that the debtors would have had anyway.
24 But we're putting it in here expressly.
25     THE COURT: Okay.

1       MR. RAVAL: You've got footnote three, which says
2  that an acceptable Chapter 11 plan is a Chapter 11 plan
3  that's mutually acceptable to the committee and the debtors
4  and that we're going to work in good faith to agree upon an
5  acceptable Chapter 11 plan.
6       Again, after diligent efforts if we can't get to
7  an agreement they or we or both of us can come to you and
8  seek any appropriate relief or remedies from the court. So,
9  the point of this, Your Honor, and the purpose of this term
10 sheet is really embedded in these two footnotes, which is
11 let's work together.
12      Both sides are getting limited budgets from the
13 bidders. In my case, UCC advisor fees if they're not
14 budgeted for would come out of the recoveries, the $50
15 million-dollar pot, which is a very significant issue, not
16 something that we want to do and certainly that's a
17 discussion we'd have to have with the committee before we
18 ever did that.
19      But out point is, is that through consent and
20 working together on a pathway that's going to minimize that
21 risk. It minimizes the litigiousness, at least among the
22 committee, the debtors, and the bidders, and hopefully it
23 allows for a more expeditious resolution of these cases.
24      That's really the fundamental point of the term
25 sheet in the stipulation, Your Honor. And, again, as I said,

1  the other point is really that we couldn't have blindly
2  agreed to agreeing to the transaction without having some
3  piece of paper that says this is the pathway that these
4  parties will pursue.
5       And their outs expressly built in now. If the
6  debtors think they need to go a different way because we
7  can't get to an agreement, they're able to come to you, as am
8  I. And every other party's rights are wholly reserved.
9       THE COURT: Do you regard these as effectively
10 fiduciary outs or is there a fiduciary out? I did get the
11 blackline version just a few minutes before the hearing, so I
12 skimmed it as quickly as I could.
13      MR. RAVAL: Yeah, I would say that it's --
14      THE COURT: Because an RSA which is or a PSA or
15 whatever this is typically has some form of fiduciary out for
16 the debtor.
17      MR. RAVAL: Right. So, Your Honor, I would say
18 that it's a fiduciary duty out but it's one that requires a
19 hearing before you or an in-chamber's conference to have a
20 third party adjudicated to determine whether or not it's
21 appropriate in the context of this case.
22      And the reason I say that, Your Honor, is that if
23 this is a plan term sheet and it said that at the plan
24 confirmation the asset gets sold to CCP, then it's okay to
25 have a fiduciary out there, because not only would my deal

1  blow up, but that deal would blow up.

2  Here, this deal is happening today. And so, to
3  say you have a standard fiduciary duty out that you see in an
4  RSA and a PSA would get us into -- causes us concern because
5  we're not really sure, frankly, who's monitoring that, what
6  if that's a fiduciary out or not. Maybe there's going to be
7  issues. We say it's not -- you're inappropriately exercising
8  that out.

9  So, to curtail that, we would say we come to you.
10 And then may assert, pursuant to these footnotes, that they
11 need to get out of this because of fiduciary duty. But what
12 we'd like is Your Honor to be supervising that, rather than
13 just having the standard out you see in PSA's where if the
14 board determines that it's good faith, and it's a fiduciary
15 duty issue they can walk away.

16 THE COURT: I understand.

17 MR. RAVAL: And that's, Your Honor, only because
18 of the specific structure here where the sale is happening
19 today, this happens a few months after.

20 Your Honor, I'm going to turn it over to Mr. Lees
21 unless you have questions for me.

22 THE COURT: No, I don't. Not right now. Thank
23 you, though.

24 Mr. Lees.

25 MR. LEES: Good morning, Your Honor, Alex Lees of

1  there's been mention of fiduciary duties. The debtors do not
2  believe this document handcuffs the exercise of their
3  fiduciary obligations.
4       The debtors will continue to act in what they
5  believe is in the best interest of the estate. To the extent
6  that that razors a conflict with the debtors' obligation with
7  the UCC or obligations under this stipulation, then we would
8  go forward, try to work out a resolution with the committee.
9  To the extent we can't, then we'll be back in front of the
10 court.
11      But I just wanted to be clear that this is in no
12 way, shape or form the debtors advocating those
13 responsibilities.
14      THE COURT: Okay.
15      MR. BLACK: And, Your Honor, with that, I would
16 turn the podium over to Mr. Sottile. Thank you.
17      THE COURT: Sure thing. Counsel, good morning.
18      MR. SOTTILE: Good morning, Your Honor. Jim
19 Sottile of Jones Day for the debtors.
20      We joint the committee's arguments. I think the
21 committee effectively laid out the key reasons why Bancomext
22 objection must be overruled.
23      They certainly haven't established they have an
24 interest in property that it's entitled to adequate
25 protection. They haven't even attempted to do so.

# Exhibit B

**Filed Under Seal**