# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| Debtors. | : | (Jointly Administered) |

**Hearing Date: September 13, 2018 at 10:00 a.m. (ET)**
**Obj. Deadline: August 30, 2018 at 4:00 p.m. (ET)**

## MOTION OF THE LUXEMBOURG DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF CERTAIN PREPETITION CLAIMS OF FOREIGN CREDITORS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") move the Court pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an Order substantially in the form attached hereto as Exhibit A (the "Proposed Order"), (i) authorizing, but not directing, Debtors M&G Chemicals, S.A. ("M&G Chemicals"), M&G Capital S.à r.l. ("M&G Capital") and Mossi & Ghisolfi International S.à r.l. ("MGI" and together with M&G Chemicals and M&G Capital, the "Lux Debtors") to pay up to $300,000 in the aggregate towards prepetition claims against the Lux Debtors (collectively, the "Prepetition Lux Claims") of certain non-insider Luxembourg or European creditors that are not known to be subject to the jurisdiction of the Court (collectively,

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

the "Lux Creditors") as more fully described below and (ii) granting related relief.  In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. General Background

2. On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. An official committee of unsecured creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146).  Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3), filed on October 31, 2017 and incorporated herein by reference.

### B. The Prepetition Lux Claims and the Motion to Dismiss the Lux Debtors' Chapter 11 Cases

4. Although each of the Lux Debtors is organized under and subject to the laws of Luxembourg, they are entitled to the protections of the automatic stay while these Cases remain pending.  The Lux Debtors' ability to enforce the automatic stay against their creditors in

Luxembourg or elsewhere in Europe is limited, however. The Lux Debtors are therefore concerned that certain Lux Creditors will attempt to enforce their claims against the Lux Debtors notwithstanding the automatic stay. Although many of the Prepetition Lux Claims are relatively small in amount—many are less than $5,000—the consequences for nonpayment of such claims could be significant. Under Luxembourg law, for example, creditors may seek to enforce their judgments, including by taking actions that could cause one or more of the Lux Debtors to be declared bankrupt in Luxembourg or trigger an obligation for the Lux Debtors to voluntarily commence parallel Luxembourg bankruptcy proceedings.

5. This possibility is not remote. Since the Petition Date, certain Lux Creditors have obtained orders of payment from Luxembourg courts requiring the Lux Debtors to pay certain Prepetition Lux Claims notwithstanding the automatic stay or the restrictions imposed on the Lux Debtors by the Bankruptcy Code and the filing of these Cases.[2] Several other Lux Creditors have taken initial steps towards, or threatened, judicial proceedings before Luxembourg courts in an effort to collect on their Prepetition Lux Claims.

6. The Lux Debtors determined that a parallel Luxembourg insolvency proceeding potentially could be avoided, and the interests of their creditors best served, by their dismissal from chapter 11. Accordingly, on June 5, 2018, the Lux Debtors filed a motion seeking the dismissal of their Cases (Docket No. 1537) (the "Motion to Dismiss"). The Committee and Banco Nacional de Comercio Exterior, S.N.C., Institución de Banca de Desarrollo ("Bancomext") filed objections to the Motion to Dismiss (Docket Nos. 1681 and 1674, respectively), which the parties ultimately were able to resolve.

---

[2] A list of these judgments as of the date hereof is attached hereto as Exhibit B.

7.  On July 19, 2018, the Committee filed the *Notice of Filing of Settlement Term Sheet* (Docket No. 1706) (the "Term Sheet") reflecting the terms of the settlement among the Lux Debtors, the other Debtors (collectively, the "U.S. Debtors") and the Committee of the Committee's objections to the Motion to Dismiss.[3] According to the Term Sheet, dismissal of the Lux Debtors' Cases will be effective, subject to the other provisions of the Term Sheet, on the earlier of (a) the date on which a final and non-appealable court order is entered approving a settlement of certain intercompany claims held by certain nondebtor Mexican affiliates and (b) the effective date of a chapter 11 plan of liquidation for the U.S. Debtors.  Term Sheet, at 1. To minimize actions by the Lux Debtors' creditors in Europe pending dismissal of their Cases, the Term Sheet also provides that the Committee will support the Court authorizing the Luxembourg Debtors to pay up to $300,000 in Prepetition Lux Claims in the aggregate (the "Foreign Creditor Funds"), subject to the terms of a motion and order that is in form and substance reasonably acceptable to the Committee. *Id.* at 3.

8.  Following the filing of the Term Sheet, the Debtors and the Committee discussed appropriate limitations on the Lux Debtors' authority to use the Foreign Creditor Funds to satisfy Prepetition Lux Claims while allowing the Lux Debtors' management to exercise its reasonable discretion to maximize the benefits received from the Foreign Creditor Funds.  Accordingly, the parties agreed upon the following requirements (the "Foreign Creditor Fund Restrictions"):

- Absent the Committee's specific written consent, the Foreign Creditor Funds may be used solely to satisfy (in part or in full) Prepetition Lux Claims of (a) trade creditors with no familial or financial relationship to

---

[3] On August 2, 2018, the Debtors filed the *Notice of Filing of Mediation Term Sheet* (Docket No. 1738) reflecting the terms of a global settlement among the Debtors, the Committee and Bancomext of all objections and proceedings filed by Bancomext in these Cases (the "Bancomext Settlement").  As of the filing of this Motion, the Bancomext Settlement is pending the final approval of Bancomext's credit committee and, as a result, the resolution of the Motion to Dismiss embodied in the Term Sheet and the Bancomext Settlement has not yet been presented to the Court for approval.  Accordingly, the Debtors intend that the hearing on this Motion will occur immediately following the Court's consideration of the resolved Motion to Dismiss.

the Debtors or Marco Ghisolfi (other than in their capacity as trade creditors) and (b) non-insider employees with no familial or financial relationship to the Debtors or Marco Ghisolfi (other than in their capacity as employees of the Debtors);

- the Lux Creditors receiving such funds must acknowledge that such receipt is in full or partial satisfaction (as applicable) of such Prepetition Lux Claim and any applicable guarantee by any U.S. Debtor; and

- For any calendar month during which the Lux Debtors expend any of the Foreign Creditor Funds, the Lux Debtors shall provide the U.S. Debtors, the Committee and the United States Trustee with a report certifying the Lux Debtors' compliance with the foregoing requirements and identifying each recipient of Foreign Creditor Funds and the amount paid to such recipient.

## RELIEF REQUESTED

9. The Debtors request entry of an order, substantially in the form attached hereto as Exhibit A, (a) authorizing, but not directing, the Lux Debtors to pay Prepetition Lux Claims of Lux Creditors in an aggregate amount not to exceed $300,000 and subject to the Foreign Creditor Fund Restrictions and (b) granting related relief.

## BASIS FOR RELIEF

10. The Court's authority to approve the satisfaction of prepetition obligations derives from both the Bankruptcy Code and the common law "doctrine of necessity." At least three Bankruptcy Code provisions support the satisfaction of the Prepetition Lux Claims: (a) section 363(b)(1) provides that after notice and a hearing, and based on a "sound business purpose," a debtor may "use, sell, or lease, other than in the ordinary course of business, property of the estate"; (b) section 1107(a) provides a debtor in possession with all rights, powers, and duties of a trustee, which includes maximizing the value of the estate; and (c) section 105(a) permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991); *In re Filene's Basement, LLC*, 2014 Bankr. LEXIS 2000, at *39-40 (Bankr. D. Del.

Apr. 29, 2014) ("Transactions under § 363 must be based upon the sound business judgment of the debtor or trustee."); *In re Decora Indus.*, 2002 U.S. Dist. LEXIS 27031, at *7-8 (D. Del. May 20, 2002) (a debtor satisfies the requirements of section 363(b)(1) through the "sound exercise of business judgment"); *In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *see also* 2 Collier on Bankruptcy ¶ 105.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2015) (The purpose of section 105 of the Bankruptcy Code is to ensure the bankruptcy court has the power to take whatever action "is appropriate or necessary in aid of the exercise of [its] jurisdiction.").

11. Payment of the Prepetition Lux Claims is also supported by the "doctrine of necessity." "The 'doctrine of necessity' or 'necessity of payment' doctrine is a general rubric for the proposition that a court can authorize the payment of prepetition claims if such payment is essential to the continued operation of the debtor." *In re Motor Coach Indus. Int'l*, 2009 U.S. Dist. LEXIS 10024, at *7 n.5 (D. Del. Feb. 10, 2009). Under the doctrine of necessity, a bankruptcy court may exercise its equitable power to authorize a debtor to pay critical prepetition claims, even though such payment is not explicitly authorized under the Bankruptcy Code. *See In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 939 (Bankr. D. Del. 1992) (citing *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (recognizing that "if payment of a pre-petition claim 'is essential to the continued operation of [debtor], payment may be authorized'")).

12. Courts have consistently and appropriately been reluctant to interfere with corporate decisions "unless it is shown that the bankrupt's decision was one taken in bad faith or in gross abuse of the bankrupt's retained business discretion." *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985). To that end, once a debtor articulates

-6-
DOCS_DE:220766.1 54032/001

a sound basis for its business decisions, courts generally will not entertain objections to a debtor's conduct. *In re Dura Auto. Sys.*, 2007 Bankr. LEXIS 2764, at *259-60 (Bankr. D. Del. Aug. 15, 2007). In other words, if a debtor's actions satisfy the business judgment rule, those actions generally will be approved. *Id.*; *see also In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992).

13. Citing a combination of the above-identified Bankruptcy Code provisions and the doctrine of necessity, courts have repeatedly recognized "the existence of the judicial power to authorize a debtor . . . to pay pre-petition claims where such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999) ("The Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11").

14. The United States Court of Appeals for the Third Circuit recognized the "necessity of payment" doctrine in *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981). The Third Circuit held that a court could authorize the payment of prepetition claims if such payment was essential to the continued operation of the debtor. *Id.* (stating courts may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (same).

15. The Lux Debtors use of the Foreign Creditor Funds to satisfy the claims of certain Lux Creditors is a sound exercise of their business judgment, essential to the Lux Debtors' continued operation and necessary to avoid economic sanction. As a practical matter, the Lux

-7-
DOCS_DE:220766.1 54032/001

Debtors have limited ability to enforce the automatic stay against the Lux Creditors. Accordingly, authority to utilize the relatively small amount of Foreign Creditor Funds to satisfy the claims of certain Lux Creditors, subject to the Foreign Creditor Fund Restrictions, is essential to maximize the possibility that parallel insolvency proceedings in Luxembourg can be averted pending dismissal of the Lux Creditors' Cases. Duplicative insolvency proceedings in Luxembourg would be deleterious to the Lux Debtors' estates and the interests of all creditors, both in terms of the reduced opportunity for a non-liquidation solution to the Lux Debtors' circumstances and the incremental administrative costs to their estates. Accordingly, use of the Foreign Creditor Funds as requested herein is necessary and appropriate to preserve value of the Lux Debtors' estates for the benefit of all stakeholders.

## REQUEST FOR WAIVER OF STAY

16. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The Debtors submit that ample cause exists justifying a waiver of the stay otherwise imposed by Bankruptcy Rule 6004(h) because (a) the purpose of the requested relief is to permit the Lux Debtors to utilize the Foreign Creditor Funds to minimize the risk of immediate and irreparable damage to their estates that would be caused by the commencement of parallel insolvency proceedings in Luxembourg and (b) the amount of funds involved is relatively small. Accordingly, the Debtors request that the Court's order granting the relief requested herein waive the stay 14-day stay imposed by Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

17. Nothing contained herein is intended to be or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights

DOCS_DE:220766.1 54032/001

to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute a Prepetition Lux Claim; or (e) the assumption of any executory contract or unexpired lease.

## NOTICE

18. Notice of this Motion shall be given to (a) the U.S. Trustee; (b) the Committee and its counsel, Milbank, Tweed, Hadley & McCloy LLP; (c) any federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware or order of the Court; (d) Magnate S.á r.l. and its counsel, Kirkland & Ellis LLP; (e) DAK Americas LLC and its counsel, Weil, Gotshal & Manges LLP; (f) Banco Inbursa S.A., Institución De Banca Multiple, Grupo Financiero Inbursa, the DIP Lender and its counsel, Cleary Gottlieb Steen & Hamilton LLP; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 at the time of noticing. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

19. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court an order substantially in the form attached hereto as <u>Exhibit A</u> and grant such other and further relief to the Debtors as the Court may be appropriate.

Dated: August 16, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Joseph M. Mulvihill*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Michael J. Cohen
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: sgreenberg@jonesday.com
mcohen@jonesday.com
scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-7035
Facsimile: (216) 579-0212
Email: ceblack@jonesday.com

*Co-Counsel for the Debtors and Debtors in Possession*