**EXHIBIT A**

**(PROPOSED ORDER)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | : : | Case No. 17-12307 (BLS) |
| Debtors. | : : : | (Jointly Administered) |

## ORDER APPROVING DEED OF SETTLEMENT BETWEEN M&G CAPITAL INVESTMENTS S.À R.L., MOSSI & GHISOLFI INTERNATIONAL S.À R.L. AND SCULPTOR INVESTMENTS IV S.À R.L.

This Court has considered the *Debtors' Motion for Entry of an Order Approving Deed of Settlement between M&G Capital Investments S.à r.l., Mossi & Ghisolfi International S.à r.l. and Sculptor Investments IV S.à r.l.* (the "Motion"),[2] the First Day Declaration and the statements of counsel and the evidence adduced with respect to the Motion at any hearing before this Court (the "Hearing"). This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances. After due deliberation, this Court has determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Settlement Agreement, attached hereto as <u>Exhibit 1</u>, is APPROVED.

3.      The Debtors are authorized to take any steps as may be required or necessary to implement the Settlement Agreement and the transactions contemplated thereby.

4.      The terms and conditions of this Order shall be effective immediately upon its entry.

5.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.


Dated: _____          _____
        Wilmington, Delaware                    The Honorable Brendan L. Shannon
                                                Chief United States Bankruptcy Court Judge

# **EXHIBIT 1**

## **SETTLEMENT AGREEMENT**

# AMENDMENT DEED TO DEED OF SETTLEMENT

**THIS DEED** is dated ___ 22 August ___ 2018 and is made **BETWEEN**:

(1) **M&G CAPITAL INVESTMENTS S.À R.L.**, a private limited liability company (*société à responsabilité limitée*) incorporated and existing under the laws of the Grand Duchy of Luxembourg (**Luxembourg**), with its registered office at 37/a, Avenue John F. Kennedy, L-1855 Luxembourg, registered with the Luxembourg trade and companies register (**RCS**) under number B 202549 and having a share capital of USD15,000 (**M&G Investments**);

(2) **MOSSI & GHISOLFI INTERNATIONAL S.À R.L**, a private limited liability company (*société à responsabilité limitée*), incorporated under the laws of Luxembourg, with its registered office at 37/a, Avenue J.F. Kennedy, L-1855 Luxembourg, registered with RCS under the number B86908 and having a share capital of USD 39,000,000 (**M&G International**); and

(3) **SCULPTOR INVESTMENTS IV S.À R.L.**, a private limited liability company (*société à responsabilité limitée*), incorporated under the laws of Luxembourg, having its registered office at 6D, route de Trèves, L-2633 Senningerberg, Luxembourg, registered with the Luxembourg trade and companies register (RCS) under the number B189905 and having a share capital of EUR 12,500, in its capacity as sole bondholder of the MGI Bonds (as defined in the MGI Deed of Settlement (as defined below)) (the **MGI Bondholder**).

## BACKGROUND

(A) The parties to this Deed wish to amend the MGI Deed of Settlement (as defined below) to correct a manifest error therein.

(B) This Deed is supplemental to and amends the MGI Deed of Settlement (as defined below).

(C) It is intended that this document takes effect as a deed notwithstanding the fact that a party may only execute this document under hand.

**IT IS AGREED** as follows:

1. **DEFINITIONS AND INTERPRETATION**

1.1 **Definitions**

In this Deed:

**MGI Deed of Settlement** means the deed of settlement dated 9 August 2018 between M&G Investments, M&G International and the MGI Bondholder.

1.2 **Construction**

(a) Capitalised terms used in this Deed have the same meaning as defined in the MGI Deed of Settlement (including by way of incorporation by reference to the MGI Trust Deed), unless expressly defined in this Deed.

(b) The provisions of clauses 1.2, 1.3 and 1.4 (*Definitions*) of the MGI Trust Deed apply to this letter as though they were set out in full in this Deed except that references to "this Trust Deed" are to be construed as references to this Deed.

2. **AMENDMENT**

On and from the date of this Deed, clause 1.1 (*Definitions*) of the MGI Deed of Settlement will be amended by inserting the following new definition immediately following the definition of MGI Enforcement Action:

"**MGI Finance Documents** has the meaning given to "Finance Documents" in the MGI Trust Deed."

3. **CONTRACTS (RIGHTS OF THIRD PARTIES) ACT**

(a)    Other than as provided in paragraph (b) below, a person who is not party to this Deed has no right under the Contracts (Rights of Third Parties) Act 1999 to enforce or to enjoy the benefit of any term of this Deed.

(b)    This Deed will inure to the benefit of the MGI Released Parties and M&G International and each of the MGI Released Parties and M&G International may rely on and enforce the terms of this Deed.

(c)    Notwithstanding any term of this Deed, no consent of any third party is required to rescind, vary, amend (including any release or compromise of any liability) or terminate this Deed at any time.

4. **MISCELLANEOUS**

(a)    On and from the date of this Deed, this Deed and the MGI Deed of Settlement will be read and construed as one document.

(b)    Except as otherwise provided in this Deed, the MGI Deed of Settlement remains in full force and effect.

5. **COUNTERPARTS**

This Deed may be executed in any number of counterparts.  This has the same effect as if the signatures on the counterparts were on a single copy of the Deed.

6. **GOVERNING LAW**

This Deed and any non-contractual obligations arising out of or in connection with it are governed by English law.

This Deed has been entered into as a deed on the date stated at the beginning of this Deed.

## SIGNATORIES

**M&G Investments**

**EXECUTED** as a **DEED** on behalf of )
**M&G CAPITAL INVESTMENTS S.À R.L.** )
a company incorporated in Luxembourg, by )
                                                                          )
_____ )

and

_____ _Evert-Jan van der Sluis_

being persons who, in accordance with the laws of )
Luxembourg, are acting under the authority of the )
company

_____

Signature of witness _Patrizia Marenzana_

Name of witness  _PATRIZIA MARENZANA_

Address of witness _STR. COMM BETTOLE 5_
_TORTONA (AL) ITALY_

Occupation of witness  _SECRETARY_

**M&G International**

EXECUTED as a DEED on behalf of )
**MOSSI & GHISOLFI INTERNATIONAL S.À R.L.** )
a company incorporated in Luxembourg, by )
)
~~MARCO TOSELLI~~ )

and

~~Evert-Jan van der Stabe~~

being persons who, in accordance with the laws of )
Luxembourg, are acting under the authority of the )
company

_____

Signature of witness *Patrizia Marenzana*

Name of witness  PATRIZIA MARENZANA

Address of witness  STR. COMM BETTOLE 5
TORTONA (AL) ITALY

Occupation of witness  SECRETARY

**MGI Bondholder**

EXECUTED as a DEED on behalf of )
SCULPTOR INVESTMENTS IV S.À R.L. )
a company incorporated in Luxembourg, by )
Szymon Dec )
Director )

being a person who, in accordance with the laws of that )
territory, is acting under the authority of the company )

Signature of witness

Name of witness  **Isamira Becret**

Address of witness  26b, boulevard Royal
L-2449 Luxembourg
Luxembourg

Occupation of witness  *Assistant*

being a person who, in accordance with the laws of that
territory, is acting under the authority of the company

Alessandro Maiocch
Manager

Signature of witness

Name of witness  LESLEY ANN AITKEN

Address of witness

6D, route de Trèves
L-2633 Senningerberg
Luxembourg

Occupation of witness  VICE PRESIDENT

# DEED OF SETTLEMENT

DATED _9_ AUGUST 2018

BETWEEN

**M&G Capital Investments S.à r.l.**

**Mossi & Ghisolfi International S.à r.l.**

**AND**

**Sculptor Investments IV S.à r.l.**

FOR THE BENEFIT OF

**The MGI Released Parties**

## ALLEN & OVERY

**Allen & Overy LLP**

0096274-0000014 ML:8878608.12A

| **Clause** | | **Page** |
|---|---|---|

| | | |
|---|---|---|
| 1. | Definitions and Interpretation................................................................................................ | 2 |
| 2. | Conditions Precedent.......................................................................................................... | 6 |
| 3. | Payment........................................................................................................................... | 7 |
| 4. | Release - General............................................................................................................ | 7 |
| 5. | Standstill Parties............................................................................................................. | 7 |
| 6. | Standstill – M&G International.......................................................................................... | 8 |
| 7. | Release – M&G International............................................................................................ | 8 |
| 8. | Continuation..................................................................................................................... | 8 |
| 9. | Further Assurances........................................................................................................... | 8 |
| 10. | Termination..................................................................................................................... | 9 |
| 11. | Accession of the Trustees................................................................................................ | 10 |
| 12. | Contracts (Rights of Third Parties) Act............................................................................... | 10 |
| 13. | Counterparts..................................................................................................................... | 10 |
| 14. | Governing Law................................................................................................................ | 10 |
| | Signatories ...................................................................................................................... | 1 |

**THIS DEED OF SETTLEMENT** is dated _9_ August 2018 and is made **BETWEEN**:

(1) **M&G CAPITAL INVESTMENTS S.À R.L.**, a private limited liability company (*société à responsabilité limitée*) incorporated and existing under the laws of the Grand Duchy of Luxembourg (**Luxembourg**), with its registered office at 37/a, Avenue John F. Kennedy, L-1855 Luxembourg, registered with the Luxembourg trade and companies register (**RCS**) under number B 202549 and having a share capital of USD15,000 (**M&G Investments**);

(2) **MOSSI & GHISOLFI INTERNATIONAL S.À R.L.**, a private limited liability company (*société à responsabilité limitée*), incorporated under the laws of Luxembourg, with its registered office at 37/a, Avenue J.F. Kennedy, L-1855 Luxembourg, registered with RCS under the number B86908 and having a share capital of USD 39,000,000 (**M&G International**); and

(3) **SCULPTOR INVESTMENTS IV S.À R.L.**, a private limited liability company (*société à responsabilité limitée*), incorporated under the laws of Luxembourg, having its registered office at 6D, route de Trèves, L-2633 Senningerberg, Luxembourg, registered with the Luxembourg trade and companies register (RCS) under the number B189905 and having a share capital of EUR 12,500, in its capacity as sole bondholder of the MGI Bonds (as defined below) (the **MGI Bondholder**).

## BACKGROUND

(A) The MGI Bondholder is owed a total of USD72,500,000, plus all other amounts (including, but not limited to, all interest amounts, fees and costs) due under the MGI Bonds (as defined below) from its issuer, M&G International.

(B) M&G Finanziaria S.p.A., an Italian public limited liability company (*società per azioni*), having its registered office at 11, Strada Vicinale Ribrocca, I-15057, Tortona (Alessandria), Italy, registered with the Registro Imprese (Company Register) of Alessandria under the number 02098590066 and with the R.E.A. Registro Economico Amministrativo of Alessandria under the number AL-226366 (**M&G Finanziaria**), a guarantor of the MGI Bonds, has filed a claim before the Court of Alessandria on 13 October 2017 pursuant to the terms of article 161, section 6, of the Italian Bankruptcy Law (as defined below) (which has subsequently been closed on 24 April 2018), and is now preparing to file with the competent Italian Court (A) its plan and concordato proposal (including, without limitation, the execution of a settlement deed in respect of the MGC Bonds (as defined below) and certain set-offs and debt forgiveness between M&G Finanziaria and Fibras e Resinas (as defined below)) (the **Concordato Proposal**) pursuant to article 161, sections 1 and 3, of Italian Royal Decree No. 267 of 16 March 1942 (as amended) (the **Italian Bankruptcy Law**), or (B) a request for the certification (*omologa*) of a settlement deed in respect of the MGC Bonds (together with any other relevant debt restructuring agreement) pursuant to article 182 bis of the Italian Bankruptcy Law.

(C) It is intended that M&G Fibras Participações Ltda. and M&G Fibras Holding S.A. (the **Fibras Sellers**) sell all of their shares in each of M&G Fibras e Resinas Ltda. (**Fibras e Resinas**) and M&G Fibras Brasil S.A. (**Fibras Brasil** and, together with Fibras e Resinas, the **Fibras Companies**) to Indorama Ventures Public Company Limited (or one of its affiliates) (the **Fibras Purchaser**) (such sale being, together, the **Fibras Acquisition**) in accordance with the non-binding offer submitted to the Fibras Sellers by the Fibras Purchaser on 16 April 2018 (the **Offer Letter**). It is intended that the Fibras Acquisition be completed in two stages, the first being the acquisition of Fibras Brasil (the **Fibras Brasil Acquisition**) and the second being the acquisition of Fibras e Resinas (the **Fibras e Resinas Acquisition**).

(D) The total purchase price for the Fibras Acquisition under the Offer Letter equals BRL 100,000,000 (to be adjusted to take into account net working capital and net debt variances), of which BRL

95,000,000 (to be adjusted to take into account working capital and net debt variances) is to be allocated to the Fibras Brasil Acquisition (the **Fibras Brasil Purchase Price**) to be applied as follows:

(a)     BRL 1 allocated to the value of the shares in Fibras Brasil; and

(b)     the rest of the Fibras Brasil Purchase Price will be used as follows (based on May 2018 numbers and taking into account cash available at Fibras Brasil): (A) BRL 4,497,000 towards discharging all of the existing debt of Fibras Brasil owed to its third party banks; (B) BRL 29,370,000 towards discharging all of the existing debt of Fibras Brasil owed to M&G Finanziaria; and (C) BRL 61,133,000 towards discharging all of the existing debt of Fibras Brasil owed to M&G International.

(E)     The Fibras Brasil Acquisition will be subject to a number of conditions including, without limitation, approval of the MGC Bondholder of the Fibras Brasil Acquisition.

(F)     On the assumption that no adjustments are made at closing to the Fibras Brasil Purchase Price, it is expected (based on May 2018 numbers) that M&G International will receive about BRL 61,133,000 (equal to about US$ 15,707,000 at then current exchange rate (being BRL 3.892 to US$1)) at closing of the Fibras Brasil Acquisition (the amount so received by M&G International being the **M&G International Received Amount**). It is intended that the Payment (as defined below) will be funded from the M&G International Received Amount.

(G)     It is intended that this Deed will become effective immediately upon the occurrence of the conditions precedent set out in Clause 2 (*Conditions Precedent*).

(H)     It is intended that this document takes effect as a deed notwithstanding the fact that a party may only execute this document under hand.

**IT IS AGREED** as follows:

1.     **DEFINITIONS AND INTERPRETATION**

1.1     **Definitions**

In this Deed:

**Accession Date** means, in respect of a Trustee, the date on which that Trustee has acceded to this Deed in accordance with Clause 11 (Accession of the Trustees).

**Accession Deed** means an accession deed substantially in the form of Schedule 1 (Form of Accession Deed).

**Bankruptcy Court** means the United States Bankruptcy Court for the District of Delaware.

**Bonds** means the MGC Bonds and the MGI Bonds.

**BRL** means Brazilian real.

**Effective Date** has the meaning given to that term under Clause 2 (*Conditions Precedent*)

**Enforcement Action** means with reference to a Standstill Party only:

(a)     in relation to any liabilities:

(i)    the acceleration of any liabilities or the making of any declaration that any liabilities are prematurely due and payable;

(ii)    the making of any declaration that any liabilities are payable on demand;

(iii)    the making of a demand in relation to a liability that is payable on demand;

(iv)    the making of any demand in relation to any liabilities under any guarantee or other financial support;

(v)    the exercise of any right to require a Standstill Party to acquire any liability; and

(vi)    the suing for, commencing or joining of any legal or arbitration proceedings against any Standstill Party to recover any liabilities;

(b)    the taking of any steps to enforce or require the enforcement of any MGI Security;

(c)    the exercise of any right of set-off, account combination or payment netting against a Standstill Party in respect of any liabilities;

(d)    the petitioning, applying or voting for, or the taking of any steps (including the appointment of any liquidator, receiver, administrator or similar officer) in relation to, the winding up, dissolution, administration or reorganisation of any Standstill Party, or any of its assets or any suspension of payments or moratorium of any indebtedness of any Standstill Party, or any analogous procedure or step in any jurisdiction,

except that (i) any action falling within paragraph (a)(i) above taken under the acceleration notices issued on 6 October 2017 in respect of each of the Bonds will not constitute Enforcement Action for the purposes of this Deed and (ii) taking of any action falling within paragraph (a)(vi) or (d) above which is necessary (but only to the extent necessary) to preserve the validity, existence or priority of claims in respect of liabilities, the registration of such claims before any court or governmental authority and the bringing, supporting or joining of proceedings to prevent any loss of the right to bring, support or join proceedings by reason of applicable limitation periods, shall not constitute Enforcement Action.  For the avoidance of doubt, (i) any Legal Action (as defined below) and (ii) disclosure of this settlement (and the interest herein being transferred) as required by the US Bankruptcy Code (or related rules) will not constitute an Enforcement Action for the purpose of this Deed.

**Fibras Brasil Acquisition Completion Date** means the date on which the Fibras Brasil Acquisition completes in accordance with the terms of the relevant acquisition documents (the occurrence of which M&G International will promptly notify in writing to the MGI Secured Creditors party to this Deed).

**Legal Action** has the meaning given to that term under Clause 8 (Continuation).

**Long-stop Date** means the date falling 7 (seven) months after the date of this Deed (provided that such date may be extended by written notice from the MGI Bondholder to each of the other parties to this Deed, but for the avoidance of doubt such extension shall be at the discretion of the MGI Bondholder, acting reasonably).

**MGC Bonds** means the USD 37,500,000 floating rate guaranteed secured bonds due 2023 issued by M&G Capital S.à r.l. under the MGC Trust Deed.

**MGC Secured Creditors** has the meaning given to "Secured Creditors" in the MGC Trust Deed.

**MGC Trust Deed** means the trust deed dated 23 March 2016 (as amended and restated from time to time) entered into between, amongst others, M&G Capital S.à r.l. as issuer and Sculptor Investments IV S.à r.l. as initial bondholder.

**MGF Settlement Deed** has the meaning given to it in Clause 8(d) (Continuation).

**MGI Bond Trustee** means The Law Debenture Trust Corporation p.l.c. in its capacity as bond trustee under the MGI Finance Documents.

**MGI Bonds** means the USD 72,500,000 floating rate guaranteed secured bonds due 2019 issued by M&G International under the MGI Trust Deed.

**MGI Conditions** means the terms and conditions applicable to the MGI Bonds.

**MGI Enforcement Action** means in relation to M&G International only:

(a)     in relation to any liabilities:

      (i)      the acceleration of any liabilities or the making of any declaration that any liabilities are prematurely due and payable;

      (ii)     the making of any declaration that any liabilities are payable on demand;

      (iii)    the making of a demand in relation to a liability that is payable on demand;

      (iv)    the making of any demand against M&G International in relation to any liabilities of M&G International under any guarantee or other financial support granted by M&G International;

      (v)     the exercise of any right to require M&G International to acquire any liability; and

      (vi)    the suing for, commencing or joining of any legal or arbitration proceedings against M&G International to recover any liabilities;

(b)     the taking of any steps to enforce or require the enforcement of any MGI Security;

(c)     the exercise of any right of set-off, account combination or payment netting against M&G International in respect of any liabilities;

(d)     the petitioning, applying or voting for, or the taking of any steps (including the appointment of any liquidator, receiver, administrator or similar officer) in relation to, the winding up, dissolution, administration or reorganisation of M&G International, or any of its assets or any suspension of payments or moratorium of any indebtedness of M&G International, or any analogous procedure or step in any jurisdiction,

except that (i) any action falling within paragraph (a)(i) above taken under the acceleration notices issued on 6 October 2017 in respect of each of the Bonds will not constitute MGI Enforcement Action for the purposes of this Deed and (ii) taking of any action falling within paragraph (a)(vi) or (d) above which is necessary (but only to the extent necessary) to preserve the validity, existence or priority of claims in respect of liabilities, including the filing (or amending) of the proofs of claims in the Chapter 11 cases of M&G International, the registration of such claims before any court or governmental authority, voting on any chapter 11 plan proposed in M&G International's chapter 11 case and the bringing, supporting or joining of proceedings to prevent any loss of the right to bring, support or join proceedings by reason of applicable limitation periods, shall not constitute MGI

Enforcement Action. For the avoidance of doubt, (i) any Legal Action and (ii) disclosure of this settlement (and the interest herein being transferred) as required by the US Bankruptcy Code (or related rules) will not constitute an MGI Enforcement Action for the purpose of this Deed.

**MGI Released Assets** means all the assets of each of the MGI Released Parties subject to any MGI Security.

**MGI Released Parties** means each of M&G Finanziaria, M&G Capital S.à r.l., M&G Investments, M&G Polymers USA, LLC and Mossi & Ghisolfi S.p.A.

**MGI Secured Creditors** has the meaning given to "Secured Creditors" in the MGI Trust Deed.

**MGI Security** has the meaning given to "Security" in the MGI Trust Deed.

**MGI Security Documents** has the meaning given to "Security Documents" in the MGI Trust Deed.

**MGI Security Trustee** means The Law Debenture Trust Corporation p.l.c. in its capacity as security trustee under the MGI Finance Documents.

**MGI Suspension End Date** means the earliest of (i) the date on which the MGI Secured Creditors have exhausted their rights under the MGI Finance Documents against each of the Relevant MGI Obligors; (ii) the date on which all assets of the Relevant MGI Obligors have been disposed of and the proceeds thereof (where available) have been finally and irrevocably distributed to its creditors (and such distribution is not capable of successful challenge in any manner whatsoever); (iii) the date on which a final settlement has been signed by or on behalf of the Relevant MGI Obligors with the MGI Secured Creditors (and such settlement is not capable of successful challenge); (iv) the date on which the competent court under a final and non-appealable court order dismisses the claims of the MGI Secured Creditors against the Relevant MGI Obligors; and (v) the date on which the MGI Secured Creditors decide to discontinue all action against each of the Relevant MGI Obligors, provided that the MGI Suspension End Date may occur if one of the circumstances in respect of each of the Relevant MGI Obligors even though these are not the same for each Relevant MGI Obligor.

**MGI Suspension Period** means the period starting on and including the Payment Date and ending on the MGI Suspension End Date.

**MGI Trust Deed** means the trust deed dated 23 March 2016 (as amended and restated from time to time) entered into between, amongst others, M&G International as issuer, the MGI Bondholder, the MGI Bond Trustee and the MGI Security Trustee.

**Payment** has the meaning given in Clause 3 (Payment).

**Payment Date** means the date following US Court Approval on which the MGI Secured Creditors have received an aggregate amount equal to US$8 million from M&G International.

**Relevant MGI Obligors** means M&G Polimeros Mexico S.A. de C.V. and M&G Mexico Holding S.A. de C.V.

**Relevant Recoveries** means any proceeds which an MGI Secured Creditor recovers from, or out of any proceedings involving, M&G International after the Payment Date. For the avoidance of doubt, Relevant Recoveries will not include any proceeds or recoveries obtained by any MGI Secured Creditor from any Relevant MGI Obligor.

**Standstill Party** means each of M&G Investments, M&G Capital, and each MGI Released Party incorporated in Italy.

**Suspension End Date** means the earlier of (a) in respect of M&G Finanziaria, the filing by M&G Finanziaria with the competent Court of either (i) the Concordato Proposal pursuant to article 161(1) of the Italian Bankruptcy Law or (ii) the request for certification (*omologa*) of the MGF Settlement Deed (together with any other relevant debt restructuring agreement) pursuant to article 182 bis of the Italian Bankruptcy Law; (b) in respect of any other Standstill Party (other than M&G Finanziaria), the entering into of a proceeding which provides for a stay on enforcement by the creditors to that Standstill Party; and (c) the termination of this Deed pursuant to Clause 10 (Termination).

**Suspension Period** means the period starting on and including the date of this Deed and ending on the Suspension End Date.

**Trustees** means each of the MGI Bond Trustee and the MGI Security Trustee.

**US Bankruptcy Code** means title 11 of the United States Code, 11 U.S. C. §§ 101 *et seq.*

**US Court Approval** means all approvals for M&G International's entry into this Deed necessary in connection with its chapter 11 case before the Bankruptcy Court shall have been obtained, including, without limitation, entry of an order in form and substance reasonably acceptable to the MGI Bondholder by the Bankruptcy Court approving M&G International's entry into this Deed, which order shall not be stayed.

1.2     **Construction**

(a)     Capitalised terms used in this Deed have the same meaning as defined in the MGI Trust Deed, unless expressly defined in this Deed.

(b)     The provisions of clauses 1.2, 1.3 and 1.4 (*Definitions*) of the MGI Trust Deed apply to this letter as though they were set out in full in this Deed except that references to "this Trust Deed" are to be construed as references to this Deed.

2.     **CONDITIONS PRECEDENT**

(a)     Clauses 1 (*Definitions and Interpretation*), 2 (*Conditions Precedent*), 5 (*Standstill Parties*), 10 (*Termination*) and 12 (*Contracts (Rights of Third Parties) Act*) to 14 (*Governing Law*) (inclusive) of this Deed shall take effect from the date of this Deed, provided that, as at such date each of the parties to this Deed has executed and delivered this Deed and provided further that this Deed shall not be binding on M&G International prior to US Court Approval.

(b)     Except to the extent expressly set out in Clause (a) above, the remaining clauses of this Deed shall only become effective on the date (the **Effective Date**) on which the MGI Bondholder confirms in writing (including by way of e-mail) that the following conditions precedent have been satisfied to the satisfaction of the MGI Bondholder (acting reasonably):

(i)     the accession to this Deed by each Trustee in accordance with Clause 11 (*Accession of the Trustees*) by no later than the Long-stop Date;

(ii)     the occurrence of the Fibras Brasil Acquisition Completion Date by no later than the Long-stop Date; and

US Court Approval has been obtained by no later than the date falling one Business Day before the Long-stop Date,

(collectively, the **Conditions Precedent**).

(c)     The MGI Bondholder will make the confirmation referred to in paragraph (b) above promptly upon being satisfied (acting reasonably) that the Conditions Precedent have been satisfied.

3.     **PAYMENT**

M&G International undertakes to make a payment to the MGI Secured Creditors by no later than 3 (three) Business Day after the Effective Date for an amount equal to US$8 million (the **Payment**).

4.     **RELEASE - GENERAL**

With effect on and from the Payment Date:

(a)     each of the MGI Secured Creditors (in the case of the MGI Bondholder, only to the extent it is able to do so by itself under applicable law and the terms of the MGI Finance Documents) unconditionally and irrevocably:

(i)     consents to release and releases the MGI Released Assets from all Security Interests created under or evidenced by the MGI Security Documents (including, without limitation, the shares from any pledge created under the MGI Security Documents) and reassigns and retransfers to the MGI Released Parties all right, interest and title of the MGI Secured Creditors in and to the MGI Released Assets; and

(ii)     releases each of the MGI Released Parties from all present and future obligations and liabilities (both actual and contingent) under or in connection with the MGI Finance Documents; and

(b)     the MGI Security Trustee unconditionally and irrevocably:

(i)     undertakes as soon as practicably possible to return to each MGI Released Party which has granted a pledge or other Security Interest over its shares in one or more of the MGI Released Parties, all of the certificates representing such shares and which were delivered to it on or about the date of the relevant MGI Security Document; and

(ii)     authorises and instructs each MGI Released Party (including, without limitation, each MGI Released Party whose shares are the subject of any pledge or other Security Interest created under the MGI Security Documents) and each member of its board of directors or managers to register the release of such pledge or other Security Interest in each relevant register (including, without limitation, its share register, shareholders' ledger or register of members) and on each of the certificate(s) representing such shares (in each case as applicable).

For the avoidance of doubt, this Clause does not waive any rights of the MGI Secured Creditors in relation to any of the Relevant MGI Obligors.

5.     **STANDSTILL PARTIES**

During the Suspension Period (and, in the case of a Trustee, the Suspension Period will start on and including its Accession Date), no MGI Secured Creditor will take (and, where already commenced,

it will cease to take) any Enforcement Action against any Standstill Party or, in the case of a MGI Bondholder, issue any instruction to a Trustee to commence Enforcement Action against a Standstill Party.

6. **STANDSTILL – M&G INTERNATIONAL**

During the MGI Suspension Period, no MGI Secured Creditor will take (and, where already commenced, it will cease to take) any MGI Enforcement Action against M&G International or, in the case of the MGI Bondholder, issuing any instruction to the MGI Bond Trustee or the MGI Security Trustee to commence MGI Enforcement Action against M&G International.

7. **RELEASE – M&G INTERNATIONAL**

On the MGI Suspension End Date, each of the MGI Secured Creditors releases M&G International from all present and future obligations and liabilities (both actual and contingent) under or in connection with the MGI Finance Documents.

8. **CONTINUATION**

(a) Except as provided in Clauses 4 (*Release - General*) and 7 (*Release – M&G International*), the MGI Finance Documents remain in full force and effect.

(b) Nothing contained in this Deed will be construed as a release, waiver or amendment of any provision of any MGI Finance Document other than as expressly provided in Clauses 4 (*Release - General*) and 7 (*Release – M&G International*).

(c) Subject to paragraph (d) below, this Deed and its provisions do not waive any potential rights of the MGI Secured Creditors to take legal action against the directors, officers, and statutory auditors of M&G Finanziaria and its Subsidiaries as to, among others, the compensation for damages which the MGI Secured Creditors may allege they have suffered as a consequence of the directors, officers and statutory auditors of M&G Finanziaria and its Subsidiaries' alleged behaviours in relation to all facts occurred so far, including facts and agreements mentioned in this Deed (**Legal Action**). In particular, subject as set out below in paragraph (d), this Deed does not govern any potential rights of the MGI Secured Creditors vis-à-vis the directors, officers and statutory auditors of M&G Finanziaria and its Subsidiaries and under no circumstances the directors, officers and statutory auditors of M&G Finanziaria and its Subsidiaries can invoke or use this Deed in the context of a Legal Action.

(d) On the later of the Payment Date and the date on which the MGC Secured Creditors receive an amount equal to at least US$3 million from M&G Finanziaria in compliance with the settlement deed executed on or about the date of this Deed among, inter alia, M&G Capital Investment S.à r.l., M&G Finanziaria S.p.A. and Sculptor Investments IV S.à r.l. (the **MGF Settlement Deed**), each of the MGI Secured Creditors waives any rights or potential rights to take Legal Action (including, but not limited, to, rights vis-à-vis the directors, officers and statutory auditors of M&G Finanziaria and its Subsidiaries).

9. **FURTHER ASSURANCES**

Subject to Clauses 4 (*Release - General*) and 7 (*Release – M&G International*) each MGI Secured Creditor will, at the request and, to the extent permitted under the relevant bankruptcy laws, cost of a MGI Released Party (acting reasonably), take (in the case of a MGI Bondholder, to the extent that it is able to do so by itself under applicable law and under the terms of the MGI Finance Documents) whatever action is necessary to release and/or reassign the MGI Released Assets from the Security

Interests created under the MGI Security Documents or perfect or otherwise give effect to such release and/or reassignment, provided that:

(a)     the MGI Bondholder shall remain entitled to take, in its absolute discretion, any decision as it sees fit and cannot be forced to implement any action (including, but not limited to, having absolute discretion in relation to the form and substance of any instructions to be given to the Trustees), provided that such action, inaction or decision is not inconsistent with this Deed;

(b)     under no circumstances shall the MGI Bondholder be obliged to act upon the instructions of any other Party to this Deed in relation to the same;

(c)     under no circumstances shall the MGI Bondholder be required to provide any pre-funding, indemnity, or hold harmless obligation (or similar obligation or undertaking) to the Trustees (unless it decides to do so in its sole discretion); and

(d)     to the extent a MGI Released Party is permitted to bear the cost of the requested further assistance under this Clause, the MGI Bondholder will not be required to bear such costs.

## 10.     TERMINATION

(a)     This Deed shall automatically terminate in the event that the Conditions Precedent are not satisfied in accordance with clause 2(b) of this Deed, in each case prior to the long-stop date for satisfaction set out in respect of each relevant Condition Precedent.

(b)     If (i) the Payment is not made in accordance with Clause 3 (*Payment*) or (ii) a court has delivered a decision (even if still subject to appeal) providing for the voidness and /or the ineffectiveness and/or the claw back (howsoever described) of the Payment (a **Relevant Court Decision**) or (iii) any Party to this Deed, other than a MGI Secured Creditor, breaches any term of this Deed, the MGI Bondholder will have, by way of 5 (five) Business Days prior written notice to the MGI Released Parties, and exercisable at any time after the occurrence of such an event, the right to terminate this Deed.

(c)     In the event that this Deed terminates pursuant to this Clause 10:

(i)     Clauses 1 (*Definitions and Interpretation*), 10 (*Termination*) and 12 (*Contracts (Rights of Third Parties) Act*) to 14 (*Governing Law*) (inclusive) of this Deed shall survive such termination; and

(ii)     the rights of the MGI Bondholder and the MGI Secured Creditors under the MGI Finance Documents will be reinstated to the maximum extent legally possible and nothing contained in this Deed will be construed as a release, waiver or amendment of any provision of any MGI Finance Document.

(d)     If the MGI Bondholder exercises its rights under paragraph (b) above pursuant to the occurrence of a Relevant Court Decision and that Relevant Court Decision is successfully appealed against under a final and non-appealable judgment, this Deed will be reinstated in full as if it had never been terminated in accordance with this Clause and the Parties will take whatever action is necessary to give effect to this paragraph (d) (including, without limitation, executing a new deed).

## 11. ACCESSION OF THE TRUSTEES

(a) The MGI Bondholder undertakes to instruct each of the Trustees (as applicable) to accede to this Deed by completing an Accession Deed and the MGI Bondholder agrees to consult with M&G Finanziaria in good faith in respect of such instructions, provided that:

    (i) the MGI Bondholder shall remain entitled to take, in its absolute discretion, any decision and implement any action in relation to such instructions as it sees fit (including, but not limited to, having absolute discretion in relation to the form and substance of any such instructions);

    (ii) under no circumstances shall the MGI Bondholder be obliged to act upon the instructions of M&G Finanziaria (or any other Party to this Deed) in relation to the same; and

    (iii) under no circumstances shall the MGI Bondholder be required to provide any pre-funding, indemnity, or hold harmless obligation (or similar obligation or undertaking) to a Trustee (unless the MGI Bondholder decides to do so in its sole discretion).

(b) Upon the execution and delivery by a Trustee of an Accession Deed in accordance with paragraph (c) below, that Trustee will be bound by the provisions of this Deed as if it were an original party thereto.

(c) An Accession Deed will take effect on and from the date on which it is delivered to M&G Finanziaria, M&G Investments and the MGI Bondholder.

## 12. CONTRACTS (RIGHTS OF THIRD PARTIES) ACT

(a) Other than as provided in paragraph (b) below, a person who is not party to this Deed has no right under the Contracts (Rights of Third Parties) Act 1999 to enforce or to enjoy the benefit of any term of this Deed.

(b) This Deed (including, without limitation, the releases contemplated thereby) will inure to the benefit of the MGI Released Parties and M&G International and each of the MGI Released Parties and M&G International may rely on and enforce the terms of this Deed.

(c) Notwithstanding any term of this Deed, no consent of any third party is required to rescind, vary, amend (including any release or compromise of any liability) or terminate this Deed at any time.

## 13. COUNTERPARTS

This Deed may be executed in any number of counterparts. This has the same effect as if the signatures on the counterparts were on a single copy of the Deed.

## 14. GOVERNING LAW

This Deed and any non-contractual obligations arising out of or in connection with it are governed by English law.

This Deed has been entered into as a deed on the date stated at the beginning of this Deed.

## SCHEDULE 1

## FORM OF ACCESSION DEED

To: M&G CAPITAL INVESTMENTS S.À R.L., SCULPTOR INVESTMENTS IV S.À R.L. and M&G FINANZIARIA S.p.A.

From: The Law Debenture Trust Corporation p.l.c.

Date: [●] 2018

**Settlement Deed dated [●] 2018 between, amongst others, M&G Capital Investments S.à r.l., Mossi & Ghisolfi International S.à r.l.and Sculptor Investments IV S.à r.l.** (the **Settlement Deed**)

We refer to the Settlement Deed. Terms defined in the Settlement Deed have the same meaning when used in this Deed. This is the Accession Deed.

We, The Law Debenture Trust Corporation p.l.c., agree to be a party to the Settlement Deed and to be bound by the terms of the Settlement Deed in our capacity as MGI Bond Trustee and as MGI Security Trustee.

This Deed and any non-contractual obligations arising out of or in connection with it are governed by English law.

[*Deed Execution blocks to be added for Law Debenture*]

# SIGNATORIES

**M&G Investments**

EXECUTED as a DEED on behalf of    )
**M&G CAPITAL INVESTMENTS S.À R.L.**  )
a company incorporated in Luxembourg, by )
               )
_____ Erol Jan van der Slobs )

and

_____

being persons who, in accordance with the laws of )
Luxembourg, are acting under the authority of the )
company

_____

Signature of witness *Patrizia Marenzana*

Name of witness PATRIZIA MARENZANA

Address of witness STR. COMM BETTOLE 5
          TORTONA (AL) ITALY

Occupation of witness SECRETARY

**M&G International**

EXECUTED as a **DEED** on behalf of )
**MOSSI & GHISOLFI INTERNATIONAL S.À R.L.** )
a company incorporated in Luxembourg, by )
)
_____ )

     Marco Toselli

and

    _Evert-Jan van der Slobe_

_____

being persons who, in accordance with the laws of )
Luxembourg, are acting under the authority of the )
company

_____

Signature of witness    Patrizia Marenzana

Name of witness    PATRIZIA MARENZANA

Address of witness    STR. COMM BETTOLE 5
                      TORTONA (AL) ITALY

Occupation of witness    SECRETARY

**MGI Bond Holder**

EXECUTED as a **DEED** on behalf of )
**SCULPTOR INVESTMENTS IV S.À R.L.** )
a company incorporated in Luxembourg, by )
                   )
_____Szymon Dec )
                Director
being a person who, in accordance with the laws of that )
territory, is acting under the authority of the company )

_____

Signature of witness

Name of witness      **Isamira Becret**

Address of witness

                 26b, boulevard Royal
                 L-2449 Luxembourg
                 Luxembourg

Occupation of witness   Assistant

being a person who, in accordance with the laws of that
territory, is acting under the authority of the company

_____

Signature of witness

Name of witness     LÉSLEY ANN AITKEN

Address of witness

           Laurent Jacques
             Manager

                 **6D, route de Trèves**
                 **L-2633 Senningerberg**
                 **Luxembourg**

Occupation of witness   VICE PRESIDENT