# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : |  |

## U.S. DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) APPROVING FORM AND MANNER OF SERVICE OF NOTICE THEREOF; (III) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT CHAPTER 11 PLAN OF LIQUIDATION; AND (IV) SCHEDULING HEARING ON CONFIRMATION OF CHAPTER 11 PLAN OF LIQUIDATION

Certain of the above-captioned debtors and debtors in possession (collectively, the "U.S. Debtors")[2] move the Court (this "Motion"), pursuant to sections 1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2002-1 and 3017-1 of the Local Rules of Practice and Procedure of this Bankruptcy Court (the "Local Rules"), for entry of an order, in substantially the form attached hereto as Exhibit A (the "Proposed Order"), approving:

(i)   the *Disclosure Statement for Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession*, filed contemporaneously herewith (as may be amended, supplemented and/or modified, including any exhibits thereto, the "Disclosure Statement");

---

[1]   The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208).  The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2]   The U.S. Debtors are M & G USA Corporation, M & G Resins USA, LLC, M & G Polymers USA, LLC , M&G Finance Corporation, M&G Waters USA, LLC, M & G USA Holding, LLC, Chemtex International Inc., Chemtex Far East, Ltd. and Indo American Investments, Inc.

(ii)     the form and manner of notice of the hearing on approval of the Disclosure Statement (the "Disclosure Statement Notice");

(iii)    certain procedures (the "Solicitation Procedures") for the solicitation and tabulation of votes to accept or reject the *Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession*, filed contemporaneously herewith (as it may be amended, supplemented and/or modified, including any exhibits thereto, the "Plan"),[3] including:

a.      the forms of ballots (the "Ballots") for submitting votes on the Plan;

b.      the deadline for submission of such ballots (the "Voting Deadline");

c.      the contents of the proposed solicitation packages (collectively, the "Solicitation Packages") and other mailings to be distributed to creditors and interest holders in connection with, among other things, the solicitation of votes on the Plan and the procedures for distributing the Solicitation Packages and other mailings;

d.      the proposed record date for voting on the Plan;

e.      the form and manner of notice of the hearing on confirmation of the Plan (the "Confirmation Hearing"); and

(iv)    certain procedures for the filing and service of objections to confirmation of the Plan, including procedures for the Debtors to file a consolidated brief and reply in support of confirmation (the "Confirmation Procedures").

In support of this Motion, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

1.      For the past several months, the U.S. Debtors have worked with their advisors to formulate the Disclosure Statement in an effort to ensure that it contains "adequate information" as defined in section 1125 of the Bankruptcy Code.  Throughout that process, the U.S. Debtors solicited the input of the Committee, which supports confirmation of the Plan, and other stakeholders.

2.      As a result of this comprehensive process, there should be no doubt that the Disclosure Statement contains adequate information.  Among other things, the Disclosure

---

[3]      Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

Statement includes: (a) a summary of the Plan, including the classification of, and treatment of claims and interests under the Plan; (b) a description of the U.S. Debtors' organizational structure, business operations and prepetition indebtedness; (c) a description of the events leading up to the filing of these chapter 11 cases; (d) a summary of the significant substantive relief obtained by the U.S. Debtors during the pendency of these chapter 11 cases; (e) an explanation of the statutory requirements for confirmation; and (f) a description of the releases, injunction and exculpation provisions contemplated by the Plan.

3. In addition to their request that the Court find that the Disclosure Statement contains adequate information, the U.S. Debtors seek the Court's approval of various substantive and procedural matters central to the Plan confirmation process. More specifically, in connection with (and assuming that the Disclosure Statement is approved), the U.S. Debtors are proposing a number of procedures in an effort to streamline the Plan solicitation and confirmation processes. For the convenience of the Court and parties in interest, the following is a summary timeline identifying key proposed dates and deadlines:

| DEADLINE | DATE[4] |
|---|---|
| Date of service of Disclosure Statement Notice | September 5, 2018 |
| Disclosure Statement Objection Deadline | October 3, 2018 at 5:00 p.m. |
| Deadline for Replies to Objections to Disclosure Statement | October 5, 2018 at 5:00 p.m. |
| Disclosure Statement Hearing | October 10, 2018 at 10:00 a.m. |
| Voting Record Date | First date of the Disclosure Statement Hearing, which is expected to be October 10, 2018 |
| Solicitation Mailing Deadlines | Four business days after entry of the order approving the Disclosure Statement, which is expected to be October 16, 2018 |
| Deadline to File Plan Supplement | November 2, 2018 at 5:00 p.m. |
| Deadline to File Bankruptcy Rule 3018(a) Motion | November 8, 2018 at 5:00 p.m. |

---

[4] All times in this table are prevailing Eastern Time.

| DEADLINE | DATE[4] |
|----------|---------|
| Voting Deadline | November 12, 2018 at 5:00 p.m. |
| Plan Objection Deadline | November 13, 2018 at 5:00 p.m. |
| Deadline to File Tabulation Declaration | November 16, 2018 at 5:00 p.m. |
| Deadline for Debtors to File Consolidated Brief and Reply in Support of Plan Confirmation | November 21, 2018 at 5:00 p.m. |
| Confirmation Hearing | November 27, 2018 at 11:00 a.m. |

4.     Approval of the Disclosure Statement, each of the procedures contemplated herein and the establishment of deadlines in connection with confirmation will aid the U.S. Debtors in their pursuit of Plan confirmation.  For these reasons, and those that follow, the U.S. Debtors respectfully request that this Motion be approved.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A.     General Background

6.     On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, these "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.     An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146).  Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial

condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) (the "<u>First Day Declaration</u>") filed on October 31, 2017 and incorporated herein by reference.

**RELIEF REQUESTED**

8.     Pursuant to sections 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018 and 3020 and Local Rules 2002-1 and 3017-1, the U.S. Debtors hereby seek the entry of an order:  (a) approving (i) the Disclosure Statement, (ii) the form and manner of service of the Disclosure Statement Notice, (iii) the Solicitation Procedures and (iv) the Confirmation Procedures, including but not limited to the Confirmation Hearing Notice; and (b) granting related relief.

**THE PLAN AND DISCLOSURE STATEMENT**

9.     The U.S. Debtors filed the Plan and the Disclosure Statement contemporaneously with the filing of this Motion.  The Plan applies to the U.S. Debtors only,[5] and proposes to substantively consolidate the U.S. Debtors' estates for purposes of: (a) implementing the Plan; (b) soliciting acceptances of, and voting on, the Plan; (c) calculating and making distributions under the Plan; (d) confirmation of the Plan; and (e) filing post-confirmation reports and paying quarterly fees to the Office of the United States Trustee.

10.     Under the Plan, the U.S. Debtors have classified Claims against and Interests in the U.S. Debtors into eleven Classes.  The following table designates the Classes of Claims and Interests, and specifies which Classes are (a) Impaired or Unimpaired by the Plan, (b) entitled to

---

[5]     On June 5, 2018, Debtors Mossi & Ghisolfi International S.à r.l., M&G Chemicals S.A. and M&G Capital S.à r.l. (collectively, the "<u>Luxembourg Debtors</u>") filed a motion (Docket No. 1537) (the "<u>Dismissal Motion</u>") seeking the dismissal of their Cases.  The Committee, among others, objected to the Dismissal Motion and following a hearing on the Dismissal Motion, the Debtors and the Committee reached an agreement resolving the Committee's objection to the Dismissal Motion.  On August 24, 2018, the Debtors filed a motion under Bankruptcy Rule 9019 (Docket No. 1789) (the "<u>9019 Motion</u>") seeking approval of such settlement.  To the extent that one is necessary, a hearing will be held on the 9019 Motion on September 13, 2018.  Accordingly, the Debtors are not proposing a chapter 11 plan of liquidation for the Luxembourg Debtors.

NAI-1503670417v11

vote to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code and

(c) deemed to accept or reject the Plan:

| Class | Designation | Treatment | Voting Status |
|---|---|---|---|
| 1 | Priority Claims | Unimpaired | Deemed to Accept/ Not Entitled to Vote |
| 2 | Secured Pre-Petition First Lien Claims | Impaired | Entitled to Vote |
| 3 | Pre-Petition Second Lien Claims | Impaired | Entitled to Vote |
| 4 | Corpus Christi Mechanics' Lien Claims | Impaired | Entitled to Vote |
| 5 | Secured Comerica Claims | Unimpaired | Deemed to Accept/ Not Entitled to Vote |
| 6 | Secured Macquarie Claims | Unimpaired | Deemed to Accept/ Not Entitled to Vote |
| 7 | Other Secured Claims | Unimpaired | Deemed to Accept/ Not Entitled to Vote |
| 8 | General Unsecured Claims | Impaired | Entitled to Vote |
| 9 | U.S. Debtor Intercompany Claims | Impaired | Deemed to Reject/ Not Entitled to Vote |
| 10 | Interests in Senior U.S. Debtors | Impaired | Deemed to Reject/ Not Entitled to Vote |
| 11 | Interests in Subsidiary U.S. Debtors | Unimpaired | Deemed to Accept/ Not Entitled to Vote |

11.    The hearing to consider approval of the relief requested in this Motion is currently scheduled for **10:00 a.m. (prevailing Eastern time) on October 10, 2018** (the "Disclosure Statement Hearing").  At the Disclosure Statement Hearing, the U.S. Debtors will seek approval of the Disclosure Statement.  The deadline to object to approval of the Disclosure Statement is currently **5:00 p.m. (prevailing Eastern time) on October 3, 2018** (the "Disclosure Statement Objection Deadline") and the deadline for any party to file replies to objections to approval of the Disclosure Statement is currently **5:00 p.m. (prevailing Eastern time) on October 5, 2018.**

12.    If the Disclosure Statement and the other relief sought in the Motion are approved by this Court, the U.S. Debtors propose the following timeline for confirmation:  (a) the U.S. Debtors will complete the process of mailing Solicitation Packages on the date that is four business days after entry of the order approving the Disclosure Statement or **October 16, 2018**;

(b) the Voting Deadline will be at **5:00 p.m. (prevailing Eastern time) on November 12, 2018**; (c) the deadline to object to confirmation (the "Plan Objection Deadline") will be at **5:00 p.m. (prevailing Eastern time) on November 13, 2018**; and (d) the Confirmation Hearing will be held on **November 27, 2018 at 11:00 a.m. (prevailing Eastern time).**

13.     The U.S. Debtors also propose that they be authorized to file (a) the declaration certifying the voting amount and number of Allowed Claims in each Class voting to accept or reject the Plan (the "Tabulation Declaration") by no later than **5:00 p.m. (prevailing Eastern Time) on November 16, 2018** and (b) a consolidated memorandum of law in support of confirmation (including any declarations in support thereof, except for the Tabulation Declaration) and any replies to any objections to confirmation by no later than **5:00 p.m. (prevailing Eastern Time) on November 21, 2018**.  The U.S. Debtors submit that the issues raised in any objections to confirmation of the Plan, and any proposed resolutions to those issues, will more efficiently and effectively be considered by this Court and parties in interest if the U.S. Debtors are permitted to file a consolidated reply to such objections that will set forth responses to the issues raised and, if appropriate, proposed modifications to the Plan to address those issues.  In light of the current posture of these Cases, the U.S. Debtors submit that the proposed timeline is reasonable and appropriate.

A.     **Request for Approval of Disclosure Statement as Containing Adequate Information**

14.     Section 1125 of the Bankruptcy Code generally requires debtors to obtain approval of a written disclosure statement prior to soliciting acceptances of a chapter 11 plan. *See* 11 U.S.C. § 1125(b).  In approving a disclosure statement, a court must find that it contains "adequate information," which is defined as "information of a kind, and in sufficient detail . . . that would enable a hypothetical reasonable investor typical of holders of claims or interests . . .

to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(l).  As a whole, the disclosure statement must provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision on whether to vote to accept or reject a plan.  *See*, *e.g.*, *Century Glove, Inc. v. First Am. Bank*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditors asked for its vote.").  Congress intended that such informed judgments would be needed both to negotiate the terms of, and vote on, a plan.  *Id.*

15.     A court has broad discretion in determining what constitutes "adequate information" for the purpose of section 1125 of the Bankruptcy Code.  *See*, *e.g.*, *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of section 1125 we discern that adequate information will be determined by the facts and circumstances of each case.").  Congress intended that courts exercise their grant of discretion to tailor disclosures made in connection with a chapter 11 plan while recognizing the broad range of businesses in which debtors engage and the circumstances accompanying chapter 11 cases.  *See* H.R. Rep. No. 595, at 408-09 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6394-65.  Accordingly, a court's determination of the adequacy of information in a disclosure statement must occur on a case-by-case basis, focusing on the unique facts and circumstances of each case.  *See* S. Rep. No. 95-989, at 121 (1978), *as reprinted in* 1978 U.S.C.C.A.N, 57878, 5907 (stating that "the information required will necessarily be governed by the circumstances of the case.").

16.     In that regard, courts generally consider whether a disclosure statement contains the following information, among other items:

> a.      a discussion of the circumstances that gave rise to the filing of the bankruptcy petition;
>
> b.      a complete description of the estate's available assets and their value;

c.       details regarding the anticipated future of the debtor;

d.       identification of the source of the information provided in the disclosure statement;

e.       a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

f.       a description of the financial condition and performance of the debtor while in chapter 11;

g.       a summary of the claims against the debtor's estate;

h.       a liquidation analysis identifying the estimated return that creditors would receive if the debtor's bankruptcy case were converted to a case under chapter 7 of the Bankruptcy Code;

i.       the accounting and valuation methods used to produce the financial information in the disclosure statement;

j.       information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors or officers of the debtor;

k.       a summary of the plan;

l.       an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

m.       a discussion regarding the collectability of any accounts receivable;

n.       any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

o.       information relevant to the risks being taken by creditors and interest holders;

p.       the actual or projected value that could be obtained from avoidable transfers;

q.       the existence, likelihood and possible success of nonbankruptcy litigation;

r.       the tax consequences of the plan; and

s.       the relationship of the debtor with its affiliates.

NAI-1503670417v11

*See, e.g., In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); *see also In re CopyCrafters Quickprint, Inc.*, 92 B.R. 973, 980 (Bankr. N.D.N.Y. 1988) (evaluating adequacy of disclosure statement in light of the factors set forth in *Scioto Valley Mortgage*). This list of factors is not meant to be exclusive, nor must a disclosure statement provide all the information on the list—rather, the court must decide what information is appropriate in each case. *See In re Ferretti*, 128 B.R. 16, 18-19 (Bankr. D.N.H. 1991) (adopting similar list and adjusting for what was appropriate for the case); *see also In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (making use of a similar list of factors but cautioning that "no one list of categories will apply in every case").

17.    The Disclosure Statement satisfies this standard.  Among other things:

a.    Section I of the Disclosure Statement provides an overview of the Plan, including the proposed substantive consolidation of the U.S. Debtors, the dismissal of the Luxembourg Debtors' Cases, the procedures for voting on the Plan, classes entitled to vote on the Plan and projected recoveries under the Plan;

b.    Section II describes the U.S. Debtors' organizational structure, business operations, prepetition indebtedness, assets and liabilities and workforce;

c.    Section III includes a discussion of the events leading up to these Cases, including an overview of the U.S. Debtors and their affiliates and the decision to file these Cases;

d.    Section IV discusses the major events that have occurred during these Cases, including, among other matters, the first day relief obtained by the U.S. Debtors and an overview of the most significant pleadings filed and orders entered by the Court, including the sale of the U.S. Debtors' assets, the postpetition financing obtained by the U.S. Debtors in these Cases and the significant settlements reached by the Debtors and approved by the Court;

e.    Section V contains a detailed summary of the classification and treatment of Claims and Interests under the Plan, including identification of the Holders of Claims and Interests entitled to vote on the Plan, the effect of confirmation, the procedures that apply with respect to disputed claims and the release, injunction and exculpation provisions in the Plan;

f.      Section VI describes the statutory requirement for confirmation;

g.      Section VII discusses certain risk factors that Holders of Claims and Interests should consider before voting to accept or reject the Plan; and

h.      Section VIII describes certain United States federal income tax consequences of the Plan.

18.      Accordingly, the U.S. Debtors believe that the Disclosure Statement contains "adequate information" as that phrase is defined in Bankruptcy Code section 1125(a)(1) and should be approved by this Court.

**B.      Request for Approval of the Disclosure Statement Notice**

19.      The U.S. Debtors additionally seek approval of the form and manner of service and notice of the Disclosure Statement Notice, which the U.S. Debtors believe is in substantial compliance with the applicable Bankruptcy Rules and Local Rules. Bankruptcy Rule 3017(a) provides as follows:

> [A]fter a disclosure statement is filed in accordance with [Bankruptcy] Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in [Bankruptcy] Rule 2002 to consider the disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the [Bankruptcy] Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan.

Fed. R. Bankr. P. 3017(a). In addition, Local Bankruptcy Rule 3017-1 provides that:

> Upon the filing of a disclosure statement, the proponent of the plan shall obtain hearing and objection dates from the Court and shall provide notice of those dates in accordance with Fed. R. Bankr. P. 3017. *The hearing date shall be at least thirty-five (35) days following service of the disclosure statement and the objection deadline shall be at least twenty-eight (28) days from service of the disclosure statement.*

Local Bankr. R. 3017-1 (emphasis added). In addition, Bankruptcy Rule 2002(b) requires twenty-eight days' notice by mail to all creditors and indenture trustees of the time set for filing objections to, and the hearing to consider approval of, a disclosure statement.[6] *See* Fed. R. Bankr. P. 2002(b). Similarly, Bankruptcy Rule 2002(d) requires that equity security holders be given notice of the foregoing in the manner and the form directed by the Bankruptcy Court. *See* Fed. R. Bankr. P. 2002(d).

20. In accordance with the foregoing Bankruptcy Rules and Local Rules, the Disclosure Statement Hearing has been scheduled for **10:00 a.m. (prevailing Eastern time) on October 10, 2018** (*i.e.*, 35 days after service of the Disclosure Statement Notice). The Disclosure Statement Objection Deadline is at **5:00 p.m. (prevailing Eastern time) on October 3, 2018** (*i.e.*, 28 days after service of the Disclosure Statement Notice).

21. Contemporaneously with the filing of this Motion, the U.S. Debtors have served the Disclosure Statement Notice, in the form attached hereto as <u>Exhibit B</u>, by electronic mail and/or first class mail on the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service, the Securities and Exchange Commission and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or order of the Court; (c) Magnate S.à r.l. and its counsel, Kirkland & Ellis LLP and Klehr Harrison Harvey Branzburg LLP; (d) DAK Americas LLC and its counsel, Weil, Gotshal & Manges LLP and Morris, Nichols, Arsht & Tunnell LLP; (e) Trimont Real Estate Advisors, LLC and its counsel, Thompson & Knight LLP, (f) Control Empresarial de Capitales, S.A. De C.V., and Banco Inbursa S.A.,

---

[6]    Local Bankruptcy Rule 3017-1 provides that, upon filing a disclosure statement with the Court, the plan proponent shall obtain hearing and objection dates from the Court, and the hearing date is to be at least 35 days after service of the disclosure statement and the objection deadline is to be at least 28 days from service of the disclosure statement.

Institución De Banca Multiple, Grupo Financiero Inbursa and its counsel, Cleary Gottlieb Steen & Hamilton LLP and Young Conaway Stargatt & Taylor, LLP; (g) Macquarie Investments US Inc. and its counsel, Sidley Austin LLP and Ashby & Geddes, P.A., (h) the Committee and its counsel Milbank, Tweed, Hadley & McCoy LLP and Cole Schotz P.C.; (i) Corpus Christi Polymers, LLC's counsel, Weil, Gotshal & Manges LLP, Lowenstein Sandler LLP and Duane Morris LLP; (j) all persons and entities that have filed a request for service of filings in the U.S. Debtors' Cases pursuant to Bankruptcy Rule 2002 at the time of noticing; and (k) all creditors and interest holders pursuant to Bankruptcy Rule 2002(b) and (d) (collectively, the "Notice Parties").  Among other things, the Disclosure Statement Notice identifies:  (x) the date, time and place of the Disclosure Statement Hearing; (y) the Disclosure Statement Objection Deadline; and (z) the procedures for asserting objections to the approval of the Disclosure Statement.[7]

22.     The U.S. Debtors propose that they be excused from mailing Solicitation Packages, Notices of Non-Voting Status (as defined below) or Confirmation Hearing Notices, as applicable, to those entities for which the U.S. Debtors have only undeliverable addresses, unless the U.S. Debtors are provided with accurate addresses for such entities, in writing, seven days before the Voting Deadline.  If a Solicitation Package, Notice of Non-Voting Status or Confirmation Hearing Notice is returned as undeliverable seven business days before the Voting Deadline, the U.S. Debtors propose that the Voting Agent resend such mailing only once (provided that the United States Post Office has included a forwarding address).  To the extent that any notices sent by the U.S. Debtors or their agents to date in connection with the Cases

---

[7]     Specifically, the Disclosure Statement Notice provides that objections and proposed modifications to the Disclosure Statement, if any, must:  (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection or proposed modification and provide the specific language of any proposed modification to the Disclosure Statement, where possible; and (d) be filed with the Court and served on the parties identified in the Disclosure Statement Notice so that the objection or proposed modification is served and actually received by the applicable parties by no later than the Disclosure Statement Objection Deadline.

have been returned as undeliverable, the U.S. Debtors and their agents request that they not be required to send the Solicitation Package, the Notice of Non-Voting Status or the Confirmation Hearing Notice, as applicable, to such parties.

23.     In addition to mailing the Disclosure Statement Notice by first class mail and/or electronic mail, the U.S. Debtors will publish the Disclosure Statement Notice online at http://www.primeclerk.com/cases/mgusa (the "Document Website").  The U.S. Debtors believe that such publication of the Disclosure Statement Notice will provide sufficient notice to persons who do not otherwise receive notice by mail and/or electronic mail.

24.     The U.S. Debtors submit that the foregoing procedures provide adequate notice of the Disclosure Statement Hearing.  Accordingly, the U.S. Debtors request that this Court approve the form and manner of service of the Disclosure Statement Notice as being appropriate and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

NAI-1503670417v11

### C.   Approval of the Solicitation Procedures

#### 1.   The Voting Record Date

25.     Bankruptcy Rule 3017(d) provides that the "date [an] order approving the disclosure statement is entered or another date fixed by the court," is the record date for determining which "holders of stock, bonds, debentures, notes, and other securities" are entitled to receive the materials specified in Bankruptcy Rule 3017(d), including ballots for voting on a plan.  *See* Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.[8]

26.     The U.S. Debtors propose that the voting record date to determine which creditors are entitled to vote on the Plan be the first day of the hearing to approve the Disclosure Statement (the "Voting Record Date") in accordance with Bankruptcy Rule 3017(d).  With respect to any transferred Claim, the U.S. Debtors propose that the transferee will be entitled to receive a Solicitation Package and cast a ballot on account of such transferred Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed prior to the Voting Record Date.

#### 2.   The Solicitation Packages

27.     Bankruptcy Rule 3017(d) specifies the materials that must be provided to holders of claims and interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a chapter 11 plan:

> Upon approval of a disclosure statement—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor-in-possession, trustee, proponent of the plan, or clerk as the court

---

[8]     Bankruptcy Rule 3018(a) provides that "an equity security holder or creditor whose claim is based on a security of record shall not be entitled to accept or reject a plan unless the equity security holder or creditor is the holder of record of the security on the date the order approving the disclosure statement is entered or on another date fixed by the court, for cause, after notice and a hearing."  Fed. R. Bankr. P. 3018(a).

orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,

> (1)   the plan or a court approved summary of the plan;

> (2)   the disclosure statement as approved by the court;

> (3)   notice of the time within which acceptances and rejections of the plan may be filed; and

> (4)   any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

Fed. R. Bankr. P. 3017(d).

28.     After approval of the Disclosure Statement as containing adequate information as required by section 1125 of the Bankruptcy Code, the U.S. Debtors propose to commence, or cause the commencement of, the process of mailing the Solicitation Packages, in the manner set forth in Exhibit 1 to the Proposed Order or as otherwise ordered by this Court, including the following materials:

> a.     a cover letter describing (i) the contents of the Solicitation Package, (ii) the contents of any enclosed electronic device and instructions for use of the electronic device and (iii) information about how to obtain access to, free of charge, the Plan, the Disclosure Statement, any order approving the Disclosure Statement (the "Disclosure Statement Order"), together with the exhibits thereto, and any other documents mentioned in the Solicitation Package;

> b.     a notice of the Confirmation Hearing (the "Confirmation Hearing Notice");

> c.     copies of the Plan and Disclosure Statement (in electronic format);

> d.     a copy of the Disclosure Statement Order (excluding any exhibits thereto);

> e.     any letters from (i) the U.S. Debtors, recommending the acceptance of the Plan and (ii) certain other constituencies, including the Committee, setting forth their recommendations with respect to the Plan; and

> f.     for Holders of Claims in voting Classes (i.e., Holders of Claims in Classes 2, 3, 4 and 8), an appropriate form of Ballot, instructions on how

NAI-1503670417v11

to complete the Ballot and a pre-paid, pre-addressed Ballot return envelope and such other materials as this Court may direct.

29.     The distribution of the Solicitation Packages four business days after the entry of an order approving the Disclosure Statement, which the U.S. Debtors expect to be October 16, 2018 (the "<u>Solicitation Mailing Deadline</u>"), will provide all holders of Claims entitled to vote on the Plan with the requisite materials and sufficient time to make an informed decision with respect to the Plan.  *See* Fed. R. Bankr. P. 2002(b).

30.     The U.S. Debtors request that they be authorized to distribute the Plan, the Disclosure Statement and the Disclosure Statement Order to Holders of Claims entitled to vote on the Plan in an electronic format (including a CD-ROM and/or flash drive).  The Ballots, Confirmation Hearing Notice and Notice of Non-Voting Status will be provided in paper format. Distribution in this manner will translate into significant monetary savings for the U.S. Debtors' estates and will reduce both postage costs and production time.  Any party that receives the Plan, the Disclosure Statement and the Disclosure Statement Order in electronic format, but would prefer paper format may contact Prime Clerk LLC (in its capacity as such, the "<u>Voting Agent</u>") and request paper copies of the materials previously received in electronic format (to be provided at the U.S. Debtors' expense).  Bankruptcy courts in this and other districts have permitted debtors to transmit solicitation documents in electronic format in other large chapter 11 cases in the interest of saving printing and mailing costs.  *See e.g.*, *In re Fallbrook Tech. Inc.*, No. 18-10384 (Docket No. 174) (MFW) (Bankr. D. Del. Apr. 24, 2018); *In re The Walking Co. Holdings, Inc.*, No. 18-10474 (Docket No. 256) (LSS) (Bankr. D. Del. Apr. 20, 2018); *In re Patriot Nat'l, Inc.*, No. 18-10189 (Docket No. 381) (KG) (Bankr. D. Del. Mar. 14, 2018); *In re True Religion Apparel, Inc.*, No. 17-11460 (Docket No. 387) (CSS) (Bankr. D. Del.

Aug. 24, 2017); *In re RCS Capital Corp.*, No. 16-10223 (Docket No. 381) (MFW) (Bankr. D. Del. Mar. 24, 2016).

### 3.    Form of Ballots

31.    Bankruptcy Rule 3017(d) requires a debtor to mail a form of ballot that substantially conforms to Official Form No. 14 only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). As only Holders of Claims in Classes 2, 3, 4 and 8 are entitled to vote to accept or reject the Plan, the U.S. Debtors propose to distribute to such creditors one or more Ballots substantially in the forms attached to the Proposed Order collectively as <u>Exhibit 2</u>. The Ballots are based on Official Form No. 14, but have been modified to address the particular terms of the Plan. The U.S. Debtors propose that the appropriate form of Ballot be distributed to Holders of Claims in the Classes entitled to vote to accept or reject the Plan, and be returned to M&G USA Corporation *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022, by first class mail, overnight delivery or hand courier by the Voting Deadline.

32.    In addition, the U.S. Debtors propose submission of the Ballots via electronic, online transmissions, solely through a customized online balloting portal (the "<u>Voting Portal</u>") on the Document Website. The encrypted ballot data and audit trail created by such electronic submission will become part of the record of any Ballot submitted through the Voting Portal and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

33.    The U.S. Debtors respectfully submit that the Ballots, and the form and manner of service thereof, comply with the Bankruptcy Rules and should be approved.

### 4.    Non-Voting Classes

34.    Under the Bankruptcy Code, holders of claims and interests are not entitled to vote if (a) their contractual rights are unimpaired by the proposed plan, in which case they are

conclusively presumed to accept the proposed plan or (b) they will receive no property under the plan, in which case they are deemed to reject the proposed plan. 11 U.S.C. § 1126(f) – (g).

35.     Classes 1, 5, 6, 7 and 11 under the Plan are unimpaired and, therefore, are conclusively presumed to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code. *See* 11 U.S.C. § 1126(f). Classes 9 and 10 are impaired, but because they will receive no property under the Plan, they are deemed to reject the proposed Plan and thus are not entitled to vote. *See* 11 U.S.C. § 1126(g). As such, solicitation of Classes 1, 5, 6, 7, 9, 10 and 11 (collectively, the "Non-Voting Classes") under the Plan is not required, and no Ballots have been proposed for Holders of Claims and Interests in these Classes.

36.     Accordingly, the U.S. Debtors propose to send to Holders of Claims and Interests in Non-Voting Classes a notice of non-voting status, substantially in the form attached to the Proposed Order as Exhibit 3-A and 3-B (the "Notice of Non-Voting Status"), which: (a) identifies the treatment of the classes designated under the Plan; (b) sets forth the manner in which a copy of the Plan and Disclosure Statement may be obtained; and (c) identifies the Confirmation Procedures.

37.     The U.S. Debtors submit that, because the Non-Voting Classes are conclusively presumed to either have accepted or rejected the proposed Plan as a matter of law, the Notice of Non-Voting Status satisfies the requirements of Bankruptcy Rule 3017(d) by setting forth the manner in which copies of the Plan and Disclosure Statement may be obtained, thereby providing each member of a Non-Voting Class with the opportunity to receive all pertinent documents upon request. Accordingly, the U.S. Debtors request that the Bankruptcy Court determine that they are not required to distribute Solicitation Packages, including the Plan and Disclosure Statement, to members of the Non-Voting Classes.

### 5. Voting Deadline for Receipt of Ballots

38. Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of [a] disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject [a] plan . . . ." Fed. R. Bankr. P. 3017(c). The U.S. Debtors anticipate commencing the process of distributing the Solicitation Packages promptly upon entry of the Disclosure Statement Order, and expect to conclude this process by no later than the Solicitation Mailing Deadline. Based on this schedule, the U.S. Debtors propose that, to be counted for the purposes of voting to accept or reject the proposed Plan, all Ballots must be properly executed, completed and delivered to the Voting Agent either (i) via first class mail, overnight delivery or hand courier or (ii) via the Voting Portal no later than **5:00 p.m. (prevailing Eastern time), on November 12, 2018** (*i.e.*, the Voting Deadline). Ballots should not be sent directly to the U.S. Debtors, the Committee or their agents (other than the Voting Agent).[9] The U.S. Debtors submit that the Voting Deadline provides sufficient time for creditors to make informed decisions to vote to accept or reject the Plan and timely submit their Ballots.

### 6. Procedures for Vote Tabulation

39. Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

---

[9] The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim or Interest in a Voting Class, and, except as otherwise provided, a Ballot will be deemed delivered only when the Voting Agent actually receives the original executed Ballot.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim . . . in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

40.     The U.S. Debtors propose that, except with respect to any Claim deemed Allowed under the Plan or in any order entered in these Cases, no claim shall become an Allowed Claim unless and until such claim is deemed Allowed under the proposed Plan or the Bankruptcy Code. Any claim that has been listed in the U.S. Debtors' schedules of assets and liabilities (the "Schedules") as disputed, contingent or unliquidated, and for which no proof of claim has been timely filed, is not considered Allowed and shall be expunged without further action and without any further notice to or action, order or approval of the Bankruptcy Court.

41.     However, solely for purposes of voting on the Plan—and not for the purpose of the allowance of, or distribution on account of, any claim and without prejudice to the rights of the U.S. Debtors in any other context—the U.S. Debtors propose that each Claim within a Class of Claims entitled to vote to accept or reject the Plan be temporarily Allowed in accordance with the proposed tabulation and claim allowance rules set forth on Exhibit 4 to the Proposed Order and incorporated herein by reference (collectively, the "Tabulation Rules").  The U.S. Debtors further request that the procedures governing estimation agreements with holders of Claims for the proposes of tabulating votes on the Plan proposed in paragraph 5 of the Tabulation Rules be approved by the Court.

42.     In tabulating the Ballots, the U.S. Debtors request that the following additional Tabulation Rules apply:  (a) any Ballot that is properly completed, executed and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan or indicates both an acceptance or rejection of the Plan will not be counted as either a vote to accept or a vote to

reject the Plan; (b) any Ballot that is unsigned will not be counted as either a vote to accept or a vote to reject the Plan, provided that a Ballot validly submitted through the Voting Portal will be deemed to include an original signature; (c) any Ballot cast by a party that is not entitled to vote will not be counted as either a vote to accept or a vote to reject the Plan; (d) if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last valid Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus will supersede any prior Ballots; (e) creditors will be required to vote all of their claims within a particular class under the Plan either to accept or reject the Plan and may not split their votes (*i.e.*, a Ballot or a group of Ballots within a Class received from a single creditor that partially rejects and partially accepts the Plan will not be counted); and (f) Ballots received after the Voting Deadline will not be counted; *provided* that the U.S. Debtors, in their discretion, may agree to extend the Voting Deadline for one or more creditors.

43.     Further, the U.S. Debtors propose that if they have filed and served an objection to a Claim at least 14 days before the Voting Deadline, such Claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection.  For the avoidance of doubt, if the objection seeks to disallow and/or expunge the Claim in its entirety, such Claim will be disallowed for voting purposes.  If an objection does not identify the proposed amount of the relevant Claim (*e.g.*, if the Claim remains subject to estimation or liquidation), then the U.S. Debtors propose that such Claim will be temporarily allowed in the amount of $1.00.

NAI-1503670417v11

44.     The U.S. Debtors believe that the Tabulation Rules will establish a fair and equitable voting process.[10] Nevertheless, if any claimant seeks to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Rules, the U.S. Debtors propose that such claimant be required to file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve such motion on the U.S. Debtors so that it is received on or before 5:00 p.m. (prevailing Eastern time) on the later of (a) November 8, 2018 and (b) the fifth business day after the U.S. Debtors file an objection to such claimant's claim. Such motion will, to the extent necessary, be heard at the Confirmation Hearing.

45.     In accordance with Bankruptcy Rule 3018, the U.S. Debtors further propose that any Ballot submitted by a creditor that files a Rule 3018 Motion will be counted solely in accordance with the proposed Tabulation Rules and the other applicable procedures contained herein (and the notices attached hereto) unless and until the underlying claim is temporarily allowed by the Bankruptcy Court for voting purposes in a different amount, after notice and a hearing. Procedures similar to the above-described Solicitation Procedures have been approved in other large chapter 11 cases in this district. *See e.g.*, *In re Fallbrook Tech. Inc.*, No. 18-10384 (Docket No. 174) (MFW) (Bankr. D. Del. Apr. 24, 2018); *In re The Walking Co. Holdings, Inc.*, No. 18-10474 (Docket No. 256) (LSS) (Bankr. D. Del. Apr. 20, 2018); *In re Patriot Nat'l, Inc.*, No. 18-10189 (Docket No. 381) (KG) (Bankr. D. Del. Mar. 14, 2018); *In re True Religion Apparel, Inc.*, No. 17-11460 (Docket No. 387) (CSS) (Bankr. D. Del. Aug. 24, 2017); *In re RCS Capital Corp.*, No. 16-10223 (Docket No. 381) (MFW) (Bankr. D. Del. Mar. 24, 2016).

---

[10]     Nothing herein or in the Tabulation Rules is intended to waive or limit the U.S. Debtors' rights, pursuant to section 1126(e) of the Bankruptcy Code, to request that the Court designate any Ballot or Ballots as not being cast in good faith.

NAI-1503670417v11

46.     The U.S. Debtors and the Litigation Trustee, as applicable, reserve the right to amend the Schedules with respect to any Claim and to make distributions based on such amended Schedules (if no proof of claim is timely filed in response thereto) without approval of the Bankruptcy Court.  If any such amendment to the Schedules reduces the amount of a Claim or changes the nature or priority of a Claim, the U.S. Debtors or the Litigation Trustee, in accordance with the orders of this Court establishing bar dates for filing Claims against the Debtors' estates (referred to in the Plan as the "Bar Date Orders"), will provide the Holder of such Claim with notice of such amendment, and such parties will have 30 days to file an objection to such amendment in the Bankruptcy Court.

47.     The U.S. Debtors and the Litigation Trustee also reserve the right (a) to file, withdraw or litigate to judgment, objections to any Claims; (b) to settle or compromise any Disputed Claim (other than a Fee Claim) without any further notice to or action, order or approval by this Court, subject to any orders of this Court establishing procedures for the settlement of certain Claims; and (c) to administer and adjust the claims register to reflect any such settlements or compromises without any further notice to or action, order or approval by the Bankruptcy Court.

### D.     Approval of the Confirmation Procedures

#### 1.     The Confirmation Hearing

48.     The U.S. Debtors propose that the Confirmation Hearing shall occur on November 27, 2018 at 11:00 a.m. (prevailing Eastern time), before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware.  The Confirmation Hearing may be continued from time to time without further notice other than an adjournment announced in open court or a notice of adjournment filed with the Court and served on the

entities who have filed objections to the Plan, without further notice to other parties in interest. The Confirmation Procedures are subject to any additional procedures ordered by the Court. The Plan may be modified, if necessary, before, during or as a result of the Confirmation Hearing, without further notice to parties in interest.

### 2. The Confirmation Objection Procedures

49. Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128.

50. In accordance with the scheduled Confirmation Hearing, the U.S. Debtors propose that any objection to confirmation of the Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name, address, telephone number and email address of the objecting party and the amount and nature of the Claim or Interest of such entity, if any; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, contemporaneously with a proof of service, with this Court and served so that it is *actually received* by the following notice parties set forth below no later than the Plan Objection Deadline (*i.e.*, November 13, 2018 at 5:00 p.m. (prevailing Eastern Time)): (i) counsel to the Debtors, Jones Day, 250 Vesey Street, New York, NY 10280, Attn: Scott J. Greenberg, Esq. (sgreenberg@jonesday.com) and Stacey L. Corr-Irvine, Esq. (scorrirvine@jonesday.com), 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn: Carl E. Black, Esq. (ceblack@jonesday.com), 1420 Peachtree Street, N.E., Suite 800, Atlanta, GA 30309-3053, Attn: Daniel J. Merrett, Esq. (dmerrett@jonesday.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com) and Joseph M. Mulvihill, Esq.

-25-

(jmulvihill@pszjlaw.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, Delaware 19801, Attn: Hannah McCollum, Esq. (Hannah.McCollum@usdoj.gov); (iii) counsel to the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com) and Lauren Doyle, Esq. (ldoyle@milbank.com) and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington Delaware 19801, Attn: J. Kate Stickles, Esq. (kstickles@coleschotz); (iv) counsel to the Pre-Petition First Lien Lenders, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Lisa M. Schweitzer, Esq. (lschweitzer@cgsh.com) and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Pauline K. Morgan, Esq. (pmorgan@ycst.com); and (v) counsel to Corpus Christi Polymers LLC, Weil, Gotshal & Manges LLP, 700 Louisiana, Suite 1700, Houston, TX 77002, Attn: Alfredo Perez, Esq. (alfredo.perez@weil.com), Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Paul Kizel, Esq. (pkizel@lowenstein.com) and Duane Morris LLP, Suite 5010, 600 Grant Street, Pittsburgh, PA 15219, Attn: Joel M. Walker, Esq. (JMWalker@duanemorris.com).

51.     The U.S. Debtors request that objections to confirmation of the Plan that are not timely filed and served in accordance with the provisions in the Disclosure Statement Order not be considered by this Court, and be denied and overruled unless otherwise ordered by this Court.

52.     In addition, the U.S. Debtors propose that the deadline to file the Plan Supplement be no later than 10 days prior to the earlier of the Plan Objection Deadline and the Voting Deadline.

### 3.     Confirmation Hearing Notice

53.     Bankruptcy Rule 2002(b) requires at least 28 days' notice by mail to all creditors and indenture trustees of the time set for (a) filing objections to confirmation of a chapter 11 plan

and (b) the hearing to consider confirmation of a chapter 11 plan.[11]  The U.S. Debtors propose to

serve by October 16, 2018:  (a) the Solicitation Packages, including a copy of the Confirmation

Hearing Notice, substantially in the form attached hereto as <u>Exhibit C</u>, on all Holders of Claims

entitled to vote on the Plan; and (b) the Notice of Non-Voting Status to the Non-Voting

Classes.[12]  The U.S. Debtors also propose to publish the Confirmation Hearing Notice one time

in the national edition of the *USA Today* and the *Corpus Christi Caller Times*, as well as on the

Document Website.

### E.       Request to Make Non-Substantive Modifications

54.       The U.S. Debtors request authorization to make non-substantive changes to the

Solicitation Packages (including the Plan, Disclosure Statement and Ballots), the Confirmation

Hearing Notice, the Notice of Non-Voting Status, the Solicitation Procedures contained herein

and all related documents, without further order of the Bankruptcy Court, including, without

limitation, filling in any missing dates or other missing information, changes to correct

typographical and grammatical errors and to make conforming changes among the Disclosure

Statement, the Plan, any other materials in the Solicitation Package, the Confirmation Hearing

Notice, the Notice of Non-Voting Status and/or related documents prior to distribution of such

materials.

---

[11]       Bankruptcy Rule 2002(b) provides that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 28 days' notice by mail of . . . the time fixed . . . for filing objections and the hearing to consider confirmation of a . . . chapter 11 . . . plan."

[12]       As set forth above, requiring the U.S. Debtors to serve the Solicitation Packages on all members of the Non-Voting Classes would impose a substantial burden on the U.S. Debtors' estates, especially because the Solicitation Package is voluminous and the Non-Voting Classes are large.  The Solicitation Package (except for the Ballots), however, may be obtained from Prime Clerk by:  (i) visiting, free of charge, the Document Website; (ii) writing to M&G USA Corporation et al. Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022; or (iii) calling (855) 388-4578.

## NOTICE

55.     Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service, the Securities and Exchange Commission and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or order of the Court; (c) Magnate S.à r.l. and its counsel, Kirkland & Ellis LLP and Klehr Harrison Harvey Branzburg LLP; (d) DAK Americas LLC and its counsel, Weil, Gotshal & Manges LLP and Morris, Nichols, Arsht & Tunnell LLP; (e) Trimont Real Estate Advisors, LLC and its counsel, Thompson & Knight LLP, (f) Control Empresarial de Capitales, S.A. De C.V., and Banco Inbursa S.A., Institución De Banca Multiple, Grupo Financiero Inbursa and its counsel, Cleary Gottlieb Steen & Hamilton LLP and Young Conaway Stargatt & Taylor, LLP; (g) Macquarie Investments US Inc. and its counsel, Sidley Austin LLP and Ashby & Geddes, P.A., (h) the Committee and its counsel Milbank, Tweed, Hadley & McCoy LLP and Cole Schotz P.C.; (i) Corpus Christi Polymers LLC and its counsel, Weil, Gotshal & Manges LLP, Lowenstein Sandler LLP and Duane Morris and (j) all persons and entities that have filed a request for service of filings in these Cases pursuant to Bankruptcy Rule 2002 at the time of noticing.  The U.S. Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

56.     No prior request for the relief sought herein has been made to this Court or any other court.

NAI-1503670417v11

WHEREFORE, the U.S. Debtors respectfully request that the Court enter the Proposed

Order and grant such other and further relief as may be appropriate.

Dated: September 5, 2018                                PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:          ljones@pszjlaw.com
                joneill@pszjlaw.com
                jmulvihill@pszjlaw.com
and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone:      (212) 326-3939
Facsimile:      (212) 755-7306
Email:          sgreenberg@jonesday.com
                scorrirvine@jonesday.com
and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:      (216) 586-7035
Facsimile:      (216) 579-0212
Email:          ceblack@jonesday.com

and

Daniel J. Merrett
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3053
Telephone:      (404) 581-8476
Facsimile:      (404) 581-9330
Email:          dmerrett@jonesday.com

Co-Counsel for the Debtors and Debtors in
Possession

NAI-1503670417v11