**<u>Exhibit A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| M & G USA CORPORATION, *et al.,*[1] | : | Case No. 17-12307 (BLS) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : |  |

## ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) APPROVING FORM AND MANNER OF SERVICE OF NOTICE THEREOF; (III) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT CHAPTER 11 PLAN OF LIQUIDATION; AND (IV) SCHEDULING HEARING ON CONFIRMATION OF CHAPTER 11 PLAN OF LIQUIDATION

This Court has considered the *U.S. Debtors' Motion for Entry of an Order (I) Approving Disclosure Statement; (II) Approving Form and Manner of Service of Notice Thereof; (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Chapter 11 Plan of Liquidation; and (IV) Scheduling Hearing on Confirmation of Chapter 11 Plan of Liquidation* (the "Motion"),[2] the First Day Declaration and the statements of counsel regarding the relief requested in the Motion at a hearing before this Court (the "Hearing"). This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (iii) notice of the Motion and Hearing was sufficient under the circumstances. After due deliberation, this Court has determined that the relief requested in the Motion is in the best interests of the U.S. Debtors, their estates and their creditors and good and sufficient cause having been shown;

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these Cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

**ACCORDINGLY IT IS HEREBY FOUND AND CONCLUDED THAT:**

A.     The Disclosure Statement, as filed with the Court on September 5, 2018 and as it may have been amended thereafter, contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

B.     The Solicitation Procedures and Confirmation Procedures provide a fair and equitable process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules, including, without limitation, Bankruptcy Rules 2002, 3017, 3018 and 3020 and Local Rules 2002-1 and 3017-1.

**ACCORDINGLY IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED as set forth herein.

**A.     Approval of the Disclosure Statement**

2.     The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, *provided* that the U.S. Debtors (a) are authorized to make non-material revisions, updates and corrections to the Disclosure Statement and the Plan; and (b) shall file a copy of the final Disclosure Statement and any amended Plan with the Court and on the Document Website.

3.     The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims or Interests and other parties in interest with sufficient notice of the injunction, exculpation and release provisions contained in Section IX of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**B.     Approval of the Disclosure Statement Notice**

4.     The Disclosure Statement Notice, attached to the Motion as <u>Exhibit B</u> and incorporated herein by reference, which was filed by the U.S. Debtors and served upon parties in interest in these Cases no later than 28 days prior to the deadline by which parties in interest

were required to file objections to the Disclosure Statement, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

      **C.**      **Approval of the Solicitation Procedures, Ballots,**
                    **Notice of Non-Voting Status and the Tabulation Rules**

5.      The following are APPROVED: (a) the Solicitation Procedures, attached hereto as <u>Exhibit 1</u>, including the Solicitation Packages; (b) the form of Ballots attached hereto as <u>Exhibit 2</u>; (c) the form and manner of service of the Notices of Non-Voting Status, attached hereto as <u>Exhibits 3-A</u> and <u>3-B</u>; and (d) the Tabulation Rules, attached hereto as <u>Exhibit 4</u>. The U.S. Debtors are authorized to make non-substantive modifications to the Solicitation Procedures, the Ballots, the Notice of Non-Voting Status and the Tabulation Rules.

6.      The Voting Record Date is established as **October 10, 2018**. The Voting Deadline is established as **November 12, 2018 at 5:00 p.m. (prevailing Eastern Time)**.

7.      The U.S. Debtors shall begin serving the Solicitation Packages immediately upon entry of this Order, but in no event later than four business days after entry of this Order or **October 16, 2018**. All Ballots must be properly executed, completed and delivered to the Voting Agent, so that, in each case, all Ballots are received by the Voting Agent by no later than **November 12, 2018 at 5:00 p.m. (prevailing Eastern time)** (the "<u>Voting Deadline</u>").

8.      In tabulating the Ballots, the following additional Tabulation Rules shall apply: (a) any Ballot that is properly completed, executed and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan or indicates both an acceptance or rejection of the Plan will not be counted as either a vote to accept or a vote to reject the Plan;

(b) any Ballot that is unsigned will not be counted as either a vote to accept or a vote to reject the Plan, provided that a Ballot validly submitted through the Voting Portal will be deemed to include an original signature; (c) any Ballot cast by a party that is not entitled to vote will not be counted as either a vote to accept or a vote to reject the Plan; (d) if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last valid Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus will supersede any prior Ballots; (e) creditors will be required to vote all of their claims within a particular class under the Plan either to accept or reject the Plan and may not split their votes (*i.e.*, a Ballot or a group of Ballots within a Plan class received from a single creditor that partially rejects and partially accepts the Plan will not be counted); and (f) Ballots received after the Voting Deadline will not be counted; *provided* that the U.S. Debtors, in their discretion, in consultation with the Committee, may agree to extend the Voting Deadline for one or more creditors.

9.      The U.S. Debtors are required to serve only the Notice of Non-Voting Status and the Confirmation Hearing Notice to holders of Claims and Interests in the Non-Voting Classes.

10.     For Claims that are identified in the Schedules in the amount of $0.00 or in an unknown amount, or that are scheduled as contingent, unliquidated, or disputed and with respect to which the Holder did not timely file a proof of claim (other than parties to executory contracts or unexpired leases), such Holders shall receive only the Confirmation Hearing Notice.

11.     The U.S. Debtors are excused from mailing Solicitation Packages, Notices of Non-Voting Status or Confirmation Hearing Notices, as applicable, to those entities for which the U.S. Debtors have only undeliverable addresses, unless the U.S. Debtors are provided with accurate addresses for such entities, in writing, on or before seven days before the Voting Deadline.  If a Solicitation Package, Notice of Non-Voting Status or Confirmation Hearing

Notice is returned as undeliverable at least seven business days before the Voting Deadline, the Voting Agent shall resend such mailing only once, *provided* that the United States Post Office has included a forwarding address.

12.     To the extent that any notices sent by the U.S. Debtors or their agents to date in connection with the Cases have been returned as undeliverable, the U.S. Debtors and their agents are not required to send the Solicitation Package, the Notice of Non-Voting Status or the Confirmation Hearing Notice, as applicable, to such parties.

13.     Except with respect to any Claim deemed Allowed under the Plan or in any order entered in these Cases, no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan, pursuant to a settlement or agreement with the U.S. Debtors approved by, or under the authority of, this Court, or the Bankruptcy Code.  Any Claim that has been listed in the Schedules as disputed, contingent or unliquidated, and for which no proof of claim has been timely filed, is not considered Allowed and shall be expunged without further action and without any further notice to or action, order or approval of this Court.

14.     If a Claim has been estimated or otherwise allowed for voting purposes by order of this Court, or by an agreement between the U.S. Debtors and the creditor (an "Estimation Agreement"), such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed.  The procedures that apply to Estimation Agreements in paragraph 5 of the Tabulation Rules are APPROVED.

15.     With respect to any transferred Claims, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed prior to the Voting Record Date.

16.     Any claimant that seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Rules is required to file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve such motion on counsel to the U.S. Debtors so that it is received by **5:00 p.m. (prevailing Eastern time) on the later of (a) November 8, 2018 and (b) the fifth business day after the U.S. Debtors file an objection to such claimant's Claim, if applicable**.  Any Ballot submitted by a claimant that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules and the other applicable provisions contained in the Motion and this Order, unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount and/or classification, after a notice and a hearing.  The U.S. Debtors may challenge the Classification of a Claim or the allowance of a Claim solely for voting purposes by filing a Rule 3018 Motion in accordance with the procedures described herein.  The U.S. Debtors may object to any estimated Claim on any and all other grounds thereafter.  Any Rule 3018 Motion will be heard at the Confirmation Hearing.

17.     If the U.S. Debtors have filed and served an objection to a Claim at least 14 days before the Voting Deadline, such Claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection.  If an objection does not identify the proposed amount of the relevant Claim (*e.g.*, if the Claim remains subject to estimation or liquidation), then such Claim will be temporarily allowed in the amount of $1.00.

18.     Unless otherwise Allowed pursuant to a prior order of the Court or pursuant to the Plan, the U.S. Debtors shall be permitted to object to the allowed amount of any Claim solely for

calculating the amount of the Claim for voting purposes, and all of the U.S. Debtors' rights to further object to the Claim on any and all grounds are expressly reserved.

### D. Approval of the Confirmation Procedures

19. The Confirmation Procedures, including the Confirmation Hearing Notice, in substantially the form attached to the Motion as <u>Exhibit C</u>, and the form and manner of service and publication of the Confirmation Hearing Notice, are approved. The U.S. Debtors shall cause to be served, on or before October 16, 2018 or such other day that is not less than twenty-eight days before the commencement of the Confirmation Hearing, the Confirmation Hearing Notice on all Holders of Claims entitled to vote on the Plan and all Non-Voting Classes and one time in the national edition of the *USA Today* and the *Corpus Christi Caller Times*. In addition, the U.S. Debtors shall post the Confirmation Hearing Notice on the Document Website.

20. The U.S. Debtors shall file the Plan Supplement no later than **November 2, 2018 at 5:00 p.m. (prevailing Eastern time).**

21. The Confirmation Hearing is scheduled to be held before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware on **November 27, 2018 at 11:00 a.m. (prevailing Eastern time)**; *provided*, *however*, that the Confirmation Hearing may be adjourned from time to time by the Court or the U.S. Debtors without further notice at any time prior to the commencement of the Confirmation Hearing or any continued hearing.

22. Objections to Confirmation of the Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name, address, phone number and email address of the objecting party and the amount and nature of the Claim or Interest of such entity, if any; (d) state with particularity the basis and nature of any objection to the Plan and, if

practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, contemporaneously with a proof of service, with this Court and served so that it is actually received by the following notice parties set forth below no later than **5:00 p.m. (prevailing Eastern Time), on November 13, 2018** (the "Plan Objection Deadline"):  (i) counsel to the Debtors, Jones Day, 250 Vesey Street, New York, NY 10280, Attn:  Scott J. Greenberg, Esq. (sgreenberg@jonesday.com) and Stacey L. Corr-Irvine, Esq. (scorrirvine@jonesday.com), 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn:  Carl E. Black, Esq. (ceblack@jonesday.com), 1420 Peachtree Street, N.E., Suite 800, Atlanta, GA 30309-3053, Attn:  Daniel J. Merrett, Esq. (dmerrett@jonesday.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com) and Joseph M. Mulvihill, Esq. (jmulvihill@pszjlaw.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, Delaware 19801, Attn:  Hannah McCollum, Esq. (Hannah.McCollum@usdoj.gov); (iii) counsel to the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com) and Lauren Doyle, Esq. (ldoyle@milbank.com) and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington Delaware 19801, Attn: J. Kate Stickles, Esq. (kstickles@coleschotz); (iv) counsel to the Pre-Petition First Lien Lender and CEC, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Lisa M. Schweitzer, Esq. (lschweitzer@cgsh.com) and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn:  Pauline K. Morgan, Esq. (pmorgan@ycst.com); and (v) counsel to Corpus Christi Polymers LLC, Weil, Gotshal & Manges LLP, 700 Louisiana, Suite 1700, Houston, TX 77002, Attn:  Alfredo Perez, Esq.

(alfredo.perez@weil.com), Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Paul Kizel, Esq. (pkizel@lowenstein.com) and Duane Morris LLP, Suite 5010, 600 Grant Street, Pittsburgh, PA 15219, Attn: Joel M. Walker, Esq. (JMWalker@duanemorris.com). Unless an objection to the Plan is timely served, filed and received by the Plan Objection Deadline, such objection will not be considered by this Court and shall be overruled.

23.    Unless otherwise permitted or directed by this Court, the U.S. Debtors shall file a declaration certifying the amount and number of Allowed Claims in each Class voting to accept or reject the Plan (the "Tabulation Declaration") by no later than **5:00 p.m. (prevailing Eastern time) on November 16, 2018.**

24.    A consolidated memorandum of law in support of confirmation (including any declarations in support thereof, except for the Tabulation Declaration) and any replies to any objections to confirmation shall be filed by no later than **5:00 p.m. (prevailing Eastern Time) on November 21, 2018.**

25.    Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entirety.

26.    The U.S. Debtors and Prime Clerk, LLC are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

27.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2018        _____
Wilmington, Delaware                 The Honorable Brendan L. Shannon
                                     Chief United States Bankruptcy Judge

# EXHIBIT 1

## Proposed Solicitation Procedures

# THE SOLICITATION PROCEDURES

These solicitation procedures (the "Solicitation Procedures") have been approved by the Bankruptcy Court in connection with the solicitation of votes on the Plan, in accordance with the *Order (I) Approving Disclosure Statement; (II) Approving Form and Manner of Service of Notice Thereof; (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Chapter 11 Plan of Liquidation; and (IV) Scheduling Hearing on Confirmation of Chapter 11 Plan of Liquidation* (Docket No. [__]) (the "Disclosure Statement Order"),[1] to which these procedures are annexed:

1.        Solicitation Packages, comprised of the materials required to be provided to Holders of Claims under Bankruptcy Rule 3017(d), will be mailed to appropriate parties in interest after the Court has approved the contents of the Disclosure Statement as containing adequate information, as required by section 1125 of the Bankruptcy Code.  Specifically, the U.S. Debtors will mail, or cause to be mailed, the Solicitation Packages, together with the appropriate form of Ballot, by first-class mail, postage prepaid, on the persons or entities holding, as of the Voting Record Date:

> a.        Secured Pre-Petition First Lien Claims in Class 2;
>
> b.        Pre-Petition Second Lien Claims in Class 3;
>
> c.        Corpus Christi Mechanics' Lien Claims in Class 4; and
>
> d.        General Unsecured Claims in Class 8, as set forth below:
>
>> (i)        all persons and/or entities listed on the Schedules as holding a General Unsecured Claim as of the Voting Record Date, except to the extent that such Claim was (1) scheduled as contingent, unliquidated, or disputed (subject to subsection (ii) below) or (2) paid, expunged, disallowed, disqualified, satisfied or suspended prior to the Voting Record Date;

---

[1]        Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Disclosure Statement Order.

(ii)     all persons and/or entities who, on or before the Voting Record Date, have timely filed a proof of claim with respect to a General Unsecured Claim (or an untimely proof of claim deemed timely filed by the Bankruptcy Court) that has not been expunged, disallowed, disqualified, satisfied or suspended prior to the Voting Record Date; *provided*, however, that (1) such persons or entities whose Claim is the subject of a pending objection on a reduce-and-allow and/or reclassify basis shall receive a Solicitation Package with an appropriate Ballot based on such Claim in the amount and/or the classification sought in such objection; and (2) such persons or entities whose Claim is (A) wholly or partially contingent, unliquidated or disputed (as determined by the U.S. Debtors or Voting Agent based upon a reasonable review of the Claim and the supporting documentation) and/or (B) does not otherwise specify a fixed or liquidated amount, shall receive a Solicitation Package with an appropriate Ballot based on such Claim in the non-contingent, undisputed, and liquidated amount, or if the Claim is wholly contingent, wholly unliquidated, or wholly disputed, then in the amount of $1.00;

(iii)    all persons and/or entities that hold deemed Allowed General Unsecured Claims pursuant to an agreement or settlement with the U.S. Debtors executed prior to the Voting Record Date, and approved by, or under the authority of, the Bankruptcy Court, whether or not a proof of claim has been filed in respect thereof; and

e.     With respect to any person and/or entity holding a Claim in Classes 2, 3, 4 or 8, who, on or before the Voting Record Date, transferred such Claim to another person or entity, to the transferee/assignee of such Claim in lieu of the transferor/assignor if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed prior to the Voting Record Date.

(the foregoing parties set forth in subparagraphs a – d, collectively, the "Voting Classes").

2.     Solicitation Packages will contain copies of the following items:

a.     a cover letter describing (i) the contents of the Solicitation Package, (ii) the contents of any enclosed electronic device and instructions for use of the electronic device and (iii) information about how to obtain access, free of charge, to the Plan, the Disclosure Statement, the Disclosure Statement Order, together with the exhibits thereto, and any other documents mentioned in the Solicitation Package;

b.     the Confirmation Hearing Notice;

c.      copies of the Disclosure Statement and the Plan;[2]

d.      a copy of the Disclosure Statement Order (excluding any exhibits thereto);

e.      any letters from (i) the U.S. Debtors, recommending the acceptance of the Plan and (ii) certain other constituencies, including the Committee, setting forth their recommendations with respect to the Plan; and

f.      an appropriate form of Ballot, instructions on how to complete the Ballot and a pre-paid, pre-addressed Ballot return envelope and such other materials as the Court may direct.

3.      The U.S. Debtors will complete, or cause to be completed, the mailing of the Solicitation Packages and the appropriate form of Ballot by the Solicitation Mailing Deadline (which is not less than 28 days prior to the Plan Objection Deadline to the Voting Classes).

4.      The U.S. Debtors shall serve, or caused to be served, all of the materials in the Solicitation Package (excluding Ballots) on:

a.      the Office of the United States Trustee for the District of Delaware;

b.      the Internal Revenue Service, the Securities and Exchange Commission and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or order of the Court;

c.      all parties to executory contracts or unexpired leases with the U.S. Debtors, as reflected on the U.S. Debtors' books and records or the Schedules, (i) that have not previously been assumed or assumed and assigned pursuant to an order of the Bankruptcy Court and (ii) that have not previously been rejected by an order of the Bankruptcy Court, or have been rejected but with respect to which the bar date for asserting rejection damages claims has not passed as of the Voting Record Date; and

d.      all persons or entities that have filed a request for service of filings in these Cases pursuant to Bankruptcy Rule 2002 at the time of noticing.

---

[2]      The Disclosure Statement and the Plan, including their exhibits, are voluminous. Accordingly, to reduce substantially the administrative costs associated with printing and mailing such documents, the U.S. Debtors may elect to serve the Disclosure Statement and the Plan (including exhibits) via an electronic format (including a CD-ROM and/or flash drive) instead of printed format to all parties (while reserving the right to serve printed copies of the Solicitation Packages, as described below).

5.     Holders of Claims and Interests in the Non-Voting Classes (*i.e.*, Classes 1, 5, 6, 7, 9, 10 and 11) will receive only the Confirmation Hearing Notice and the Notice of Non-Voting Status.  In addition, any parties on the U.S. Debtors' creditor matrix whose claims are not otherwise included in a Class of Claims or Interests, if any, will receive the Confirmation Hearing Notice only.  The Voting Agent shall serve, or cause to be served, the Confirmation Hearing Notice and the Notice of Non-Voting Status on Holders of Claims or Interests in the Non-Voting Classes.

6.     Solicitation Packages, the Notice of Non-Voting Status and the Confirmation Hearing Notice will be mailed, as applicable, to known Holders of Claims and Interests at the following addresses:  (a) for persons or entities that have filed proofs of claim, at the address provided on the face of the filed proof of claim; (b) for persons or entities listed on the Schedules, at the most current address contained in the U.S. Debtors' books and records; and (c) for a claim transferee, at the address set forth in a valid notice of transfer or the address provided in the requests for notice filed in accordance with Bankruptcy Rule 2002.

7.     In addition to the service procedures outlined above:  (a) the Plan, the Disclosure Statement and, once they are filed, all exhibits to both documents will be made available at no charge on the Debtors' document website at https://cases.primeclerk.com/mgusa; (b) the U.S. Debtors will provide parties in interest (at no charge) with hard copies of the Plan and/or the Disclosure Statement (excluding any publicly filed exhibits) upon written request; and (c) the U.S. Debtors will separately file copies of all exhibits to the Plan (including any Plan Supplement) with the Bankruptcy Court at least ten days before the earlier of the Voting Deadline and the Plan Objection Deadline.

8. To the extent that the U.S. Debtors have only undeliverable addresses for any party, unless the U.S. Debtors are provided with accurate addresses for such entities, in writing, on or before seven days before the Voting Deadline, the U.S. Debtors shall not be required to send the Solicitation Package, Ballot, Notice of Non-Voting Status and/or Confirmation Hearing Notice, as applicable, to such party. If a Solicitation Package, Notice of Non-Voting Status, Ballot or Confirmation Hearing Notice is returned as undeliverable seven business days before the Voting Deadline, the Voting Agent shall resend such mailing only once (provided that the United States Post Office has included a forwarding address).

# EXHIBIT 2-A

## Proposed Class 2 Ballot

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | : | Chapter 11 |
| In re: | : | |
| | : | Case No. 17-12307 (BLS) |
| M & G USA CORPORATION, *et al.*,[1] | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |

## BALLOT FOR ACCEPTING OR REJECTING
## JOINT PLAN OF LIQUIDATION OF U.S. DEBTORS AND DEBTORS IN POSSESSION

## CLASS 2 (SECURED PRE-PETITION FIRST LIEN CLAIMS)

## THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
## IS 5:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 12, 2018

Certain of the above captioned debtors and debtors in possession (collectively, the "U.S. Debtors")[2] are soliciting votes with respect to the *Joint Plan of Liquidation of the Debtors and Debtors in Possession* (Docket No. [__]) (as the same may be amended or modified, the "Plan"), which is being proposed by the Debtors and which is described in the accompanying *Disclosure Statement for Joint Plan of Liquidation of the Debtors and Debtors in Possession*, dated September 5, 2018 (as the same may be amended or modified, the "Disclosure Statement"). The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, as well as certain procedures and materials for the solicitation of votes to accept or reject the Plan, pursuant to the *Order (I) Approving Disclosure Statement, (II) Approving Form and Manner of Service of Notice Thereof, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Chapter 11 Plan of Liquidation and (IV) Scheduling Hearing on Confirmation of Chapter 11 Plan of Liquidation* (Docket No. [_]) (the "Disclosure Statement Order"). The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot[3] because you are a Holder of a Claim in Class 2 as of the Voting Record Date. Accordingly, you have the right to vote to accept or reject the Plan.

---

[1]     The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2]     The U.S. Debtors are M & G USA Corporation, M & G Resins USA, LLC, M & G Polymers USA, LLC , M&G Finance Corporation, M&G Waters USA, LLC, M & G USA Holding, LLC, Chemtex International Inc., Chemtex Far East, Ltd. and Indo American Investments, Inc.

[3]     Capitalized terms used in this Ball and the attached instructions that are not otherwise defined have the meanings given to them in the Plan and the Disclosure Statement Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby be made binding on you, whether or not you vote, if the Plan (a) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in each impaired Class of Claims who vote on the Plan; and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.

Your rights are described in the Disclosure Statement, the Plan, the Disclosure Statement Order, and certain other materials are contained in the Solicitation Package you are receiving with this Ballot. If you would like to obtain additional materials, you may contact the Debtors' Voting Agent, Prime Clerk LLC, by: (a) calling the Debtors' restructuring hotline at (855) 388 4578; (b) visiting the Debtors' document website at: **https://cases.primeclerk.com/mgusa**; or (c) writing to M&G USA Corp., *et. al.* Ballot Processing, c/o Prime Clerk, 830 3rd Avenue, 3rd Floor, New York, New York 10022, or by email at m&gballots@primeclerk.com. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov or free of charge at https://cases.primeclerk.com/mgusa.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain decisions regarding releases and making certain certifications. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent <u>immediately</u> at the address, email, or telephone number set forth above.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 2 – Secured Pre-Petition First Lien Claims under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.**

To have your vote counted, you must (a) complete, sign and return this Ballot to Prime Clerk LLC (the "<u>Voting Agent</u>"), so that it is actually received by the voting deadline indicated above or (b) vote through the Debtors' online balloting portal accessible through the Debtors' Document Website at **https://cases.primeclerk.com/mgusa**. If the Voting Agent does not **<u>actually</u> <u>receive</u>** your Ballot on or before the Voting Deadline, which is **November 12, 2018 at 5:00 p.m. (prevailing Eastern Time)**, and if the Voting Deadline is not extended, your vote will not count. Ballots received by e-mail, facsimile or any other electronic transmission (other than the U.S. Debtors' online balloting portal) will not be accepted. Ballots should not be sent to the Debtors, the Creditors' Committee or their respective attorneys. **If the Court confirms the Plan, the Plan will bind you regardless of whether you vote.**

*******************************

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.      The U.S. Debtors are soliciting the votes of Holders of Claims with respect to the Plan.

2.      To ensure that your vote is counted, you <u>must</u> complete the Ballot and take the following steps: (a) make sure that the amount of your Claim is set forth in Item 1 on the Ballot (if you do not know the amount of your Claim, please contact the Voting Agent); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 on the Ballot; and (c) provide the information required by Item 4 on the Ballot <u>and</u> sign, date, and return an original of your Ballot via first class mail, overnight or hand delivery to M&G USA Corp. *et. al.* Ballot

NAI-1504466233v1

Processing, c/o Prime Clerk, 830 3rd Avenue, 3rd Floor, New York, New York 10022 (or otherwise in the enclosed return envelope), or via the Debtors' online balloting portal.

3.     If a Ballot is received <u>after</u> the Voting Deadline, it will not be counted unless the U.S. Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot. Additionally, the following Ballots will **<u>NOT</u>** be counted:

> ➢ Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

> ➢ Any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

> ➢ Any Ballot cast for a Claim for which no Proof of Claim was timely filed and that is (i) not listed on the Schedules or (ii) scheduled at (x) zero, (y) in an unknown amount, or (z) in whole or in part, as unliquidated, contingent, or disputed;

> ➢ Any Ballot that is properly completed, executed, and timely filed, but (i) does not indicate an acceptance or rejection of the Plan, (ii) indicates both an acceptance and rejection of the Plan, or (iii) partially accepts and partially rejects the Plan;

> ➢ Any Ballot submitted by facsimile, telecopy, or electronic mail;

> ➢ Any unsigned Ballot;

> ➢ Any Ballot sent to an entity other than the Voting Agent, including, but not limited to, the Bankruptcy Court, the U.S. Debtors, the U.S. Debtors' agents/representatives (other than the Voting Agent), the Creditors' Committee's agents/representatives, or the U.S. Debtors' financial or legal advisors; or

> ➢ Any Ballot not cast in accordance with the Solicitation Procedures approved in the Disclosure Statement Order.

4.     The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent **<u>actually</u> <u>receives</u>** the originally executed Ballot. For the avoidance of doubt, a ballot submitted via the Voting Agent's online balloting portal shall be deemed to contain an original signature. If you choose not to use the Voting Agent's online portal, as described below, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery.

5.     If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballots.

6.     You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote. Further, if a Holder has multiple Claims within the same Class, the U.S. Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

7.     This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the U.S. Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.     This Ballot does <u>not</u> constitute, and shall <u>not</u> be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

NAI-1504466233v1

9.      Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the U.S. Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10.     If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you receive.

## PLEASE RETURN YOUR BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,
THESE BALLOT INSTRUCTIONS OR THE PROCEDURES FOR VOTING,
PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT:  (855) 388-4578 OR VIA
EMAIL AT M&GBALLOTS@PRIMECLERK.COM.**

**In addition, to submit your Ballot via the Voting Agent's online portal, please visit https://cases.primeclerk.com/mgusa.  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.**

<div style="border:1px solid black;">

**IF THE VOTING AGENT DOES NOT <u>ACTUALLY</u> RECEIVE
THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS
NOVEMBER 12, 2018 AT 5:00 P.M. PREVAILING EASTERN TIME, THEN
YOUR VOTE TRANSMITTED HEREBY WILL <u>NOT</u> BE COUNTED.**

</div>

NO PERSON, INCLUDING THE VOTING AGENT, HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL ADVICE, OR TO MAKE ANY REPRESENTATION REGARDING THE U.S. DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.

NAI-1504466233v1

| CLASS 2 – SECURED PRE-PETITION FIRST LIEN CLAIMS |
| --- |

## BALLOT

**Item 1. Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date (the close of business on October 10, 2018), the undersigned was the Holder of a Class 2 Secured Pre-Petition First Lien Claim against the U.S. Debtors in the following unpaid amount (insert unpaid amount in box below if not already completed):

> $_____

**Item 2. Vote on Plan.**

The Holder of the Class 2 Secured Pre-Petition First Lien Claim against the U.S. Debtors in the amount set forth in Item 1 above votes to (please check <u>one</u> box below):

| ☐ **ACCEPT** (vote FOR) the Plan     ☐ **REJECT** (vote AGAINST) the Plan |
| --- |

THE U.S. DEBTORS AND THE CREDITORS' COMMITTEE RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

**Item 3: Release Opt-Out Election (<u>only</u> for Holders of Class 2 Secured Pre-Petition First Lien Claims that vote to reject the Plan).**

By checking the box below, the undersigned Claimant that voted to reject the Plan, elects **NOT** to release the Released Parties as set forth in Section IX.C.2 of the Plan.

**IF YOU VOTED IN ITEM 2 ABOVE TO REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN THE PLAN IF YOU DO NOT CHECK THE BOX BELOW.**

**EXCEPT AS OTHERWISE PROVIDED IN SECTION IX.C OF THE PLAN, IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT THE PLAN, OR IF YOU FAIL TO VOTE TO ACCEPT OR REJECT THE PLAN, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN THE PLAN.**

> ☐ **The undersigned Claimant elects <u>not</u> to grant (i.e., OPTS OUT of) the releases set forth in Section IX.C.2 of the Plan**

**IMPORTANT INFORMATION REGARDING THE RELEASES IN THE PLAN**

Following confirmation, subject to Article VII of the Plan, the Plan will be substantially consummated on the Effective Date. Among other things, subject to the occurrence of the Effective Date, certain release, injunction, exculpation and discharge provisions set forth in Article IX of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article IX of the Plan very carefully so that you understand how confirmation and substantial consummation of the Plan — which effectuates such provisions — will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

*Section IX.C of the Plan provides for, among other things, the following:*

*Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the U.S. Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, unless otherwise provided in the Confirmation Order, each Holder of a Claim or Interest that (a) votes in favor of the Plan or is Unimpaired by and conclusively presumed to accept the Plan or (b) either (i) abstains from voting, (ii) votes to reject the Plan or (iii) is deemed to reject the Plan and does not opt out of the voluntary release contained in this Section IX.C.2 (by, in the case of either (i) or (ii), checking the opt-out box on the Ballot and returning it in accordance with the instructions set forth thereon, indicating that such Holder opts not to grant the releases provided in the Plan or, in the case of (iii), timely objecting to the Plan's third-party release provisions), shall be deemed to forever release and waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to any of the U.S. Debtors, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan, the Exhibits, the Disclosure Statement, the Sales, the Dissolution Transactions or any other transactions proposed or consummated in connection with the Chapter 11 Cases, any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with the Plan or the obligations assumed hereunder; provided, however, that the foregoing provisions of Section IX.C.2 of the Plan shall have no effect on: (a) the liability of (i) any Released Party that is the result of any act or omission of such Released Party determined in a Final Order to have constituted gross negligence, fraud or willful misconduct and (ii) any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan; or (b) the Litigation Trust Causes of Action (including without limitation, the U.S. Debtors' and their Estates' Causes of Action against any current or former director or officer of any U.S. Debtor) and any right of the Litigation Trust to assert any Corpus Christi Cause of Action pursuant to Section III.H.2 of the Plan.*

*The Plan defines "Released Parties" as follows: "collectively and individually, and, in each case, solely in their capacity as such: (a) the U.S. Debtors; (b) the Estates; (c) the Creditors' Committee and its members; (d) the Purchaser; (e) the Pre-Petition Second Lien Secured Party; (f) the Bidders; (g) the Pre-Petition First Lien Lender, CEC and Banibu and (h) with respect to (a) through (g), each such Entity's respective Representatives; provided that any Entity that objects to Confirmation of, or votes to reject, the Plan and any of their respective Representatives shall not be a Released Party."*

**<u>Item 4</u>: Certifications.**

By signing this Ballot, the undersigned certifies and otherwise acknowledges to the Bankruptcy Court and the U.S. Debtors:

1.  that either: (a) the undersigned is the Holder of the Class 2 Secured Pre-Petition First Lien Claim(s) being voted; or (b) the undersigned is an authorized signatory for an entity that is the Holder of the Class 2 Secured Pre-Petition First Lien Claim(s) being voted. In either case, the undersigned has the full power and authority to vote to accept or reject the Plan with respect to the Claim(s) identified in Item 1 above;

2.  that the undersigned has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3.  that the undersigned has cast the same vote with respect to all Class 2 Secured Pre-Petition First Lien Claim(s) in a single Class; <u>and</u>

4.  that no other Ballots with respect to the amount of the Class 2 Secured Pre-Petition First Lien Claim(s) identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

Signature:_____

Name of Claimant (print/type):_____

Federal Tax I.D. or Social Security Number of Claimant:_____

Name/Title of Signatory:_____

If signed by authorized agent, name/title of agent:_____

Telephone Number:_____

Dated:_____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED (WHICH MAY
REFERENCE A DIFFERENT ZIP CODE THAN THE MAILING ADDRESS BELOW)
OR VIA OVERNIGHT OR HAND DELIVERY TO:**

> M&G USA Corp, *et. al.*, Ballot Processing
>
> c/o Prime Clerk
>
> 830 3rd Avenue, 3rd Floor
>
> New York, New York 10022

**-or-**

NAI-1504466233v1

**SUBMIT YOUR BALLOT VIA THE VOTING AGENT'S ONLINE PORTAL BY VISITING https://cases.primeclerk.com/mgusa. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#: _____**

**Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.**

**THIS BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE NOVEMBER 12, 2018 AT 5:00 P.M. PREVAILING EASTERN TIME IN ACCORDANCE WITH THE APPROVED DELIVERY INSTRUCTIONS ABOVE.**

NAI-1504466233v1

## EXHIBIT 2-B

## Proposed Class 3 Ballot

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | : | Chapter 11 |
| In re: | : | |
| | : | Case No. 17-12307 (BLS) |
| M & G USA CORPORATION, *et al.*,[1] | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |

## BALLOT FOR ACCEPTING OR REJECTING
## JOINT PLAN OF LIQUIDATION OF U.S. DEBTORS AND DEBTORS IN POSSESSION

### CLASS 3 (PRE-PETITION SECOND LIEN CLAIMS)

### THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
### IS 5:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 12, 2018

Certain of the above captioned debtors and debtors in possession (collectively, the "U.S. Debtors")[2] are soliciting votes with respect to the *Joint Plan of Liquidation of the Debtors and Debtors in Possession* (Docket No. [__]) (as the same may be amended or modified, the "Plan"), which is being proposed by the Debtors and which is described in the accompanying *Disclosure Statement for Joint Plan of Liquidation of the Debtors and Debtors in Possession*, dated September 5, 2018 (as the same may be amended or modified, the "Disclosure Statement"). The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, as well as certain procedures and materials for the solicitation of votes to accept or reject the Plan, pursuant to the *Order (I) Approving Disclosure Statement, (II) Approving Form and Manner of Service of Notice Thereof, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Chapter 11 Plan of Liquidation and (IV) Scheduling Hearing on Confirmation of Chapter 11 Plan of Liquidation* (Docket No. [_]) (the "Disclosure Statement Order"). The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot[3] because you are a Holder of a Claim in Class 3 as of the Voting Record Date. Accordingly, you have the right to vote to accept or reject the Plan.

---

[1]     The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2]     The U.S. Debtors are M & G USA Corporation, M & G Resins USA, LLC, M & G Polymers USA, LLC , M&G Finance Corporation, M&G Waters USA, LLC, M & G USA Holding, LLC, Chemtex International Inc., Chemtex Far East, Ltd. and Indo American Investments, Inc.

[3]     Capitalized terms used in this Ball and the attached instructions that are not otherwise defined have the meanings given to them in the Plan and the Disclosure Statement Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby be made binding on you, whether or not you vote, if the Plan (a) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in each impaired Class of Claims who vote on the Plan; and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.

Your rights are described in the Disclosure Statement, the Plan, the Disclosure Statement Order, and certain other materials are contained in the Solicitation Package you are receiving with this Ballot. If you would like to obtain additional materials, you may contact the Debtors' Voting Agent, Prime Clerk LLC, by: (a) calling the Debtors' restructuring hotline at (855) 388 4578; (b) visiting the Debtors' document website at: **https://cases.primeclerk.com/mgusa**; or (c) writing to M&G USA Corp., *et. al.* Ballot Processing, c/o Prime Clerk, 830 3rd Avenue, 3rd Floor, New York, New York 10022, or by email at m&gballots@primeclerk.com. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov or free of charge at https://cases.primeclerk.com/mgusa.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain decisions regarding releases and making certain certifications. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent <u>immediately</u> at the address, email, or telephone number set forth above.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 3 – Pre-Petition Second Lien Claims under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.**

To have your vote counted, you must (a) complete, sign and return this Ballot to Prime Clerk LLC (the "<u>Voting Agent</u>"), so that it is actually received by the voting deadline indicated above or (b) vote through the Debtors' online balloting portal accessible through the Debtors' Document Website at **https://cases.primeclerk.com/mgusa**. If the Voting Agent does not **<u>actually receive</u>** your Ballot on or before the Voting Deadline, which is **November 12, 2018 at 5:00 p.m. (prevailing Eastern Time)**, and if the Voting Deadline is not extended, your vote will not count. Ballots received by e-mail, facsimile or any other electronic transmission (other than the U.S. Debtors' online balloting portal) will not be accepted. Ballots should not be sent to the Debtors, the Creditors' Committee or their respective attorneys. **If the Court confirms the Plan, the Plan will bind you regardless of whether you vote.**

*****************************

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

1.      The U.S. Debtors are soliciting the votes of Holders of Claims with respect to the Plan.

2.      To ensure that your vote is counted, you <u>must</u> complete the Ballot and take the following steps: (a) make sure that the amount of your Claim is set forth in Item 1 on the Ballot (if you do not know the amount of your Claim, please contact the Voting Agent); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 on the Ballot; and (c) provide the information required by Item 4 on the Ballot <u>and</u> sign, date, and return an original of your Ballot via first class mail, overnight or hand delivery to M&G USA Corp. *et. al.* Ballot

Processing, c/o Prime Clerk, 830 3rd Avenue, 3rd Floor, New York, New York 10022 (or otherwise in the enclosed return envelope), or via the Debtors' online balloting portal.

3.  If a Ballot is received <u>after</u> the Voting Deadline, it will not be counted unless the U.S. Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot. Additionally, the following Ballots will **<u>NOT</u>** be counted:

> ➢ Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

> ➢ Any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

> ➢ Any Ballot cast for a Claim for which no Proof of Claim was timely filed and that is (i) not listed on the Schedules or (ii) scheduled at (x) zero, (y) in an unknown amount, or (z) in whole or in part, as unliquidated, contingent, or disputed;

> ➢ Any Ballot that is properly completed, executed, and timely filed, but (i) does not indicate an acceptance or rejection of the Plan, (ii) indicates both an acceptance and rejection of the Plan, or (iii) partially accepts and partially rejects the Plan;

> ➢ Any Ballot submitted by facsimile, telecopy, or electronic mail;

> ➢ Any unsigned Ballot;

> ➢ Any Ballot sent to an entity other than the Voting Agent, including, but not limited to, the Bankruptcy Court, the U.S. Debtors, the U.S. Debtors' agents/representatives (other than the Voting Agent), the Creditors' Committee's agents/representatives, or the U.S. Debtors' financial or legal advisors; or

> ➢ Any Ballot not cast in accordance with the Solicitation Procedures approved in the Disclosure Statement Order.

4.  The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent **<u>actually</u> <u>receives</u>** the originally executed Ballot.  For the avoidance of doubt, a ballot submitted via the Voting Agent's online balloting portal shall be deemed to contain an original signature. If you choose not to use the Voting Agent's online portal, as described below, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery.

5.  If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballots.

6.  You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the U.S. Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

7.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the U.S. Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.  This Ballot does <u>not</u> constitute, and shall <u>not</u> be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

9. <u>Please be sure to sign and date your Ballot</u>. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the U.S. Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you receive.

<div align="center">

**<u>PLEASE RETURN YOUR BALLOT PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,
THESE BALLOT INSTRUCTIONS OR THE PROCEDURES FOR VOTING,
PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT:  (855) 388-4578 OR VIA
EMAIL AT M&GBALLOTS@PRIMECLERK.COM.**

</div>

**In addition, to submit your Ballot via the Voting Agent's online portal, please visit https://cases.primeclerk.com/mgusa.  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.**

<div align="center">

**IF THE VOTING AGENT DOES NOT <u>ACTUALLY</u> RECEIVE
THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS
NOVEMBER 12, 2018 AT 5:00 P.M. PREVAILING EASTERN TIME, THEN
YOUR VOTE TRANSMITTED HEREBY WILL <u>NOT</u> BE COUNTED.**

</div>

NO PERSON, INCLUDING THE VOTING AGENT, HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL ADVICE, OR TO MAKE ANY REPRESENTATION REGARDING THE U.S. DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.

NAI-1504466233v1

| CLASS 3 – PRE-PETITION SECOND LIEN CLAIMS |
|:---:|

## BALLOT

**Item 1.  Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date (the close of business on October 10, 2018), the undersigned was the Holder of a Class 3 Pre-Petition Second Lien Claim against the U.S. Debtors in the following unpaid amount (insert unpaid amount in box below if not already completed):

$\$_____$

**Item 2. Vote on Plan.**

The Holder of the Class 3 Pre-Petition Second Lien Claim against the U.S. Debtors in the amount set forth in Item 1 above votes to (please check <u>one</u> box below):

| **ACCEPT** (vote FOR) the Plan | **REJECT** (vote AGAINST) the Plan |
|:---:|:---:|

THE U.S. DEBTORS AND THE CREDITORS' COMMITTEE RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

**Item 3: Release Opt-Out Election (<u>only</u> for Holders of Class 3 Pre-Petition Second Lien Claims that vote to reject the Plan).**

By checking the box below, the undersigned Claimant that voted to reject the Plan, elects **NOT** to release the Released Parties as set forth in Section IX.C.2 of the Plan.

**IF YOU VOTED IN ITEM 2 ABOVE TO REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN THE PLAN IF YOU DO NOT CHECK THE BOX BELOW.**

**EXCEPT AS OTHERWISE PROVIDED IN SECTION IX.C OF THE PLAN, IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT THE PLAN, OR IF YOU FAIL TO VOTE TO ACCEPT OR REJECT THE PLAN, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN THE PLAN.**

☐     **The undersigned Claimant elects <u>not</u> to grant (i.e., OPTS OUT of) the releases set forth in Section IX.C.2 of the Plan**

**IMPORTANT INFORMATION REGARDING THE RELEASES IN THE PLAN**

Following confirmation, subject to Article VII of the Plan, the Plan will be substantially consummated on the Effective Date. Among other things, subject to the occurrence of the Effective Date, certain release, injunction, exculpation and discharge provisions set forth in Article IX of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article IX of the Plan very carefully so that you understand how confirmation and substantial consummation of the Plan — which effectuates such provisions — will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

*Section IX.C of the Plan provides for, among other things, the following:*

*Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the U.S. Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, unless otherwise provided in the Confirmation Order, each Holder of a Claim or Interest that (a) votes in favor of the Plan or is Unimpaired by and conclusively presumed to accept the Plan or (b) either (i) abstains from voting, (ii) votes to reject the Plan or (iii) is deemed to reject the Plan and does not opt out of the voluntary release contained in this Section IX.C.2 (by, in the case of either (i) or (ii), checking the opt-out box on the Ballot and returning it in accordance with the instructions set forth thereon, indicating that such Holder opts not to grant the releases provided in the Plan or, in the case of (iii), timely objecting to the Plan's third-party release provisions), shall be deemed to forever release and waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to any of the U.S. Debtors, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan, the Exhibits, the Disclosure Statement, the Sales, the Dissolution Transactions or any other transactions proposed or consummated in connection with the Chapter 11 Cases, any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with the Plan or the obligations assumed hereunder; provided, however, that the foregoing provisions of Section IX.C.2 of the Plan shall have no effect on: (a) the liability of (i) any Released Party that is the result of any act or omission of such Released Party determined in a Final Order to have constituted gross negligence, fraud or willful misconduct and (ii) any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan; or (b) the Litigation Trust Causes of Action (including without limitation, the U.S. Debtors' and their Estates' Causes of Action against any current or former director or officer of any U.S. Debtor) and any right of the Litigation Trust to assert any Corpus Christi Cause of Action pursuant to Section III.H.2 of the Plan.*

*The Plan defines "Released Parties" as follows: "collectively and individually, and, in each case, solely in their capacity as such: (a) the U.S. Debtors; (b) the Estates; (c) the Creditors' Committee and its members; (d) the Purchaser; (e) the Pre-Petition Second Lien Secured Party; (f) the Bidders; (g) the Pre-Petition First Lien Lender, CEC and Banibu and (h) with respect to (a) through (g), each such Entity's respective Representatives; provided that any Entity that objects to Confirmation of, or votes to reject, the Plan and any of their respective Representatives shall not be a Released Party."*

NAI-1504466233v1

**Item 4: Certifications.**

By signing this Ballot, the undersigned certifies and otherwise acknowledges to the Bankruptcy Court and the U.S. Debtors:

5. that either: (a) the undersigned is the Holder of the Class 3 Pre-Petition Second Lien Claim(s) being voted; or (b) the undersigned is an authorized signatory for an entity that is the Holder of the Class 3 Pre-Petition Second Lien Claim(s) being voted. In either case, the undersigned has the full power and authority to vote to accept or reject the Plan with respect to the Claim(s) identified in Item 1 above;

6. that the undersigned has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

7. that the undersigned has cast the same vote with respect to all Class 3 Pre-Petition Second Lien Claim(s) in a single Class; <u>and</u>

8. that no other Ballots with respect to the amount of the Class 3 Pre-Petition Second Lien Claim(s) identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

Signature:_____

Name of Claimant (print/type):_____

Federal Tax I.D. or Social Security Number of Claimant:_____

Name/Title of Signatory:_____

If signed by authorized agent, name/title of agent:_____

Telephone Number:_____

Dated:_____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED (WHICH MAY
REFERENCE A DIFFERENT ZIP CODE THAN THE MAILING ADDRESS BELOW)
OR VIA OVERNIGHT OR HAND DELIVERY TO:**

| M&G USA Corp, *et. al.*, Ballot Processing |
| :---: |
| c/o Prime Clerk |
| 830 3rd Avenue, 3rd Floor |
| New York, New York 10022 |

**-or-**

**SUBMIT YOUR BALLOT VIA THE VOTING AGENT'S ONLINE PORTAL BY VISITING https://cases.primeclerk.com/mgusa.  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#: _____**

**Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.**


**THIS BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE NOVEMBER 12, 2018 AT 5:00 P.M. PREVAILING EASTERN TIME IN ACCORDANCE WITH THE APPROVED DELIVERY INSTRUCTIONS ABOVE.**

NAI-1504466233v1

## EXHIBIT 2-C

## Proposed Class 4 Ballot

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : |  |

## BALLOT FOR ACCEPTING OR REJECTING
## JOINT PLAN OF LIQUIDATION OF U.S. DEBTORS AND DEBTORS IN POSSESSION

### CLASS 4 (CORPUS CHRISTI MECHANICS' LIEN CLAIMS)

### THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
### IS 5:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 12, 2018

Certain of the above captioned debtors and debtors in possession (collectively, the "U.S. Debtors")[2] are soliciting votes with respect to the *Joint Plan of Liquidation of the Debtors and Debtors in Possession* (Docket No. [__]) (as the same may be amended or modified, the "Plan"), which is being proposed by the Debtors and which is described in the accompanying *Disclosure Statement for Joint Plan of Liquidation of the Debtors and Debtors in Possession*, dated September 5, 2018 (as the same may be amended or modified, the "Disclosure Statement"). The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, as well as certain procedures and materials for the solicitation of votes to accept or reject the Plan, pursuant to the *Order (I) Approving Disclosure Statement, (II) Approving Form and Manner of Service of Notice Thereof, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Chapter 11 Plan of Liquidation and (IV) Scheduling Hearing on Confirmation of Chapter 11 Plan of Liquidation* (Docket No. [_]) (the "Disclosure Statement Order"). The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot[3] because you are a Holder of a Claim in Class 4 as of the Voting Record Date. Accordingly, you have the right to vote to accept or reject the Plan.

---

[1]     The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2]     The U.S. Debtors are M & G USA Corporation, M & G Resins USA, LLC, M & G Polymers USA, LLC , M&G Finance Corporation, M&G Waters USA, LLC, M & G USA Holding, LLC, Chemtex International Inc., Chemtex Far East, Ltd. and Indo American Investments, Inc.

[3]     Capitalized terms used in this Ball and the attached instructions that are not otherwise defined have the meanings given to them in the Plan and the Disclosure Statement Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby be made binding on you, whether or not you vote, if the Plan (a) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in each impaired Class of Claims who vote on the Plan; and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.

Your rights are described in the Disclosure Statement, the Plan, the Disclosure Statement Order, and certain other materials are contained in the Solicitation Package you are receiving with this Ballot. If you would like to obtain additional materials, you may contact the Debtors' Voting Agent, Prime Clerk LLC, by: (a) calling the Debtors' restructuring hotline at (855) 388 4578; (b) visiting the Debtors' document website at: **https://cases.primeclerk.com/mgusa**; or (c) writing to M&G USA Corp., *et. al.* Ballot Processing, c/o Prime Clerk, 830 3rd Avenue, 3rd Floor, New York, New York 10022, or by email at m&gballots@primeclerk.com. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov or free of charge at https://cases.primeclerk.com/mgusa.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain decisions regarding releases and making certain certifications. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the address, email, or telephone number set forth above.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 4 – Corpus Christi Mechanics' Lien Claims under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.**

To have your vote counted, you must (a) complete, sign and return this Ballot to Prime Clerk LLC (the "Voting Agent"), so that it is actually received by the voting deadline indicated above or (b) vote through the Debtors' online balloting portal accessible through the Debtors' Document Website at **https://cases.primeclerk.com/mgusa**. If the Voting Agent does not **actually receive** your Ballot on or before the Voting Deadline, which is **November 12, 2018 at 5:00 p.m. (prevailing Eastern Time)**, and if the Voting Deadline is not extended, your vote will not count. Ballots received by e-mail, facsimile or any other electronic transmission (other than the U.S. Debtors' online balloting portal) will not be accepted. Ballots should not be sent to the Debtors, the Creditors' Committee or their respective attorneys. **If the Court confirms the Plan, the Plan will bind you regardless of whether you vote.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The U.S. Debtors are soliciting the votes of Holders of Claims with respect to the Plan.

2. To ensure that your vote is counted, you **must** complete the Ballot and take the following steps: (a) make sure that the amount of your Claim is set forth in Item 1 on the Ballot (if you do not know the amount of your Claim, please contact the Voting Agent); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 on the Ballot; and (c) provide the information required by Item 4 on the Ballot **and** sign, date, and return an original of your Ballot via first class mail, overnight or hand delivery to M&G USA Corp., *et. al.* Ballot Processing, c/o Prime

Clerk, 830 3rd Avenue, 3rd Floor, New York, New York 10022 (or otherwise in the enclosed return envelope), or via the Debtors' online balloting portal.

3. If a Ballot is received <u>after</u> the Voting Deadline, it will not be counted unless the U.S. Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot. Additionally, the following Ballots will **NOT** be counted:

> ➤ Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

> ➤ Any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

> ➤ Any Ballot cast for a Claim for which no Proof of Claim was timely filed and that is (i) not listed on the Schedules or (ii) scheduled at (x) zero, (y) in an unknown amount, or (z) in whole or in part, as unliquidated, contingent, or disputed;

> ➤ Any Ballot that is properly completed, executed, and timely filed, but (i) does not indicate an acceptance or rejection of the Plan, (ii) indicates both an acceptance and rejection of the Plan, or (iii) partially accepts and partially rejects the Plan;

> ➤ Any Ballot submitted by facsimile, telecopy, or electronic mail;

> ➤ Any unsigned Ballot;

> ➤ Any Ballot sent to an entity other than the Voting Agent, including, but not limited to, the Bankruptcy Court, the U.S. Debtors, the U.S. Debtors' agents/representatives (other than the Voting Agent), the Creditors' Committee's agents/representatives, or the U.S. Debtors' financial or legal advisors; or

> ➤ Any Ballot not cast in accordance with the Solicitation Procedures approved in the Disclosure Statement Order.

4. The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent **actually receives** the originally executed Ballot. For the avoidance of doubt, a ballot submitted via the Voting Agent's online balloting portal shall be deemed to contain an original signature. If you choose not to use the Voting Agent's online portal, as described below, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery.

5. If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballots.

6. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote. Further, if a Holder has multiple Claims within the same Class, the U.S. Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

7. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the U.S. Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

NAI-1504466444v1

8.  This Ballot does <u>not</u> constitute, and shall <u>not</u> be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

9.  <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the U.S. Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you receive.

<div align="center"><b><u>PLEASE RETURN YOUR BALLOT PROMPTLY!</u></b></div>

<div align="center"><b>IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,<br>
THESE BALLOT INSTRUCTIONS OR THE PROCEDURES FOR VOTING,<br>
PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT:  (855) 388-4578 OR VIA<br>
EMAIL AT M&GBALLOTS@PRIMECLERK.COM.</b></div>

**In addition, to submit your Ballot via the Voting Agent's online portal, please visit https://cases.primeclerk.com/mgusa.  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.**

<div style="border:1px solid black; text-align:center; padding:8px;">
<b>IF THE VOTING AGENT DOES NOT <u>ACTUALLY</u> RECEIVE<br>
THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS<br>
NOVEMBER 12, 2018 AT 5:00 P.M. PREVAILING EASTERN TIME, THEN<br>
YOUR VOTE TRANSMITTED HEREBY WILL <u>NOT</u> BE COUNTED.</b>
</div>

NO PERSON, INCLUDING THE VOTING AGENT, HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL ADVICE, OR TO MAKE ANY

NAI-1504466444v1

REPRESENTATION REGARDING THE U.S. DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.

NAI-1504466444v1

| CLASS 4 – CORPUS CHRISTI MECHANICS' LIEN CLAIMS |
|---|

## BALLOT

**Item 1. Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date (the close of business on October 10, 2018), the undersigned was the Holder of a Class 4 Corpus Christi Mechanics' Lien Claim against the U.S. Debtors in the following unpaid amount (insert unpaid amount in box below if not already completed):

$_____

**Item 2. Vote on Plan.**

The Holder of the Class 4 Corpus Christi Mechanics' Lien Claim against the U.S. Debtors in the amount set forth in Item 1 above votes to (please check <u>one</u> box below):

| **ACCEPT** (vote FOR) the Plan | **REJECT** (vote AGAINST) the Plan |
|---|---|

THE U.S. DEBTORS AND THE CREDITORS' COMMITTEE RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

**Item 3: Release Opt-Out Election (<u>only</u> for Holders of Class 4 Corpus Christi Mechanics' Lien Claims that vote to reject the Plan).**

By checking the box below, the undersigned Claimant that voted to reject the Plan, elects **NOT** to release the Released Parties as set forth in Section IX.C.2 of the Plan.

**IF YOU VOTED IN ITEM 2 ABOVE TO REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN THE PLAN IF YOU DO NOT CHECK THE BOX BELOW.**

**EXCEPT AS OTHERWISE PROVIDED IN SECTION IX.C OF THE PLAN, IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT THE PLAN, OR IF YOU FAIL TO VOTE TO ACCEPT OR REJECT THE PLAN, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN THE PLAN.**

☐ **The undersigned Claimant elects <u>not</u> to grant (i.e., OPTS OUT of) the releases set forth in Section IX.C.2 of the Plan**

**IMPORTANT INFORMATION REGARDING THE RELEASES IN THE PLAN**

Following confirmation, subject to Article VII of the Plan, the Plan will be substantially consummated on the Effective Date. Among other things, subject to the occurrence of the Effective Date, certain release, injunction, exculpation and discharge provisions set forth in Article IX of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article IX of the Plan very carefully so that you understand how confirmation and substantial consummation of the Plan — which effectuates such provisions — will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

*Section IX.C of the Plan provides for, among other things, the following:*

*Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the U.S. Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, unless otherwise provided in the Confirmation Order, each Holder of a Claim or Interest that (a) votes in favor of the Plan or is Unimpaired by and conclusively presumed to accept the Plan or (b) either (i) abstains from voting, (ii) votes to reject the Plan or (iii) is deemed to reject the Plan and does not opt out of the voluntary release contained in this Section IX.C.2 (by, in the case of either (i) or (ii), checking the opt-out box on the Ballot and returning it in accordance with the instructions set forth thereon, indicating that such Holder opts not to grant the releases provided in the Plan or, in the case of (iii), timely objecting to the Plan's third-party release provisions), shall be deemed to forever release and waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to any of the U.S. Debtors, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan, the Exhibits, the Disclosure Statement, the Sales, the Dissolution Transactions or any other transactions proposed or consummated in connection with the Chapter 11 Cases, any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with the Plan or the obligations assumed hereunder; provided, however, that the foregoing provisions of Section IX.C.2 of the Plan shall have no effect on: (a) the liability of (i) any Released Party that is the result of any act or omission of such Released Party determined in a Final Order to have constituted gross negligence, fraud or willful misconduct and (ii) any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan; or (b) the Litigation Trust Causes of Action (including without limitation, the U.S. Debtors' and their Estates' Causes of Action against any current or former director or officer of any U.S. Debtor) and any right of the Litigation Trust to assert any Corpus Christi Cause of Action pursuant to Section III.H.2 of the Plan.*

*The Plan defines "Released Parties" as follows: "collectively and individually, and, in each case, solely in their capacity as such: (a) the U.S. Debtors; (b) the Estates; (c) the Creditors' Committee and its members; (d) the Purchaser; (e) the Pre-Petition Second Lien Secured Party; (f) the Bidders; (g) the Pre-Petition First Lien Lender, CEC and Banibu and (h) with respect to (a) through (g), each such Entity's respective Representatives; provided that any Entity that objects to Confirmation of, or votes to reject, the Plan and any of their respective Representatives shall not be a Released Party."*

NAI-1504466444v1

**Item 4**: **Certifications.**

By signing this Ballot, the undersigned certifies and otherwise acknowledges to the Bankruptcy Court and the U.S. Debtors:

1. that either: (a) the undersigned is the Holder of the Class 4 Corpus Christi Mechanics' Lien Claim(s) being voted; or (b) the undersigned is an authorized signatory for an entity that is the Holder of the Class 4 Corpus Christi Mechanics' Lien Claim(s) being voted. In either case, the undersigned has the full power and authority to vote to accept or reject the Plan with respect to the Claim(s) identified in Item 1 above;

2. that the undersigned has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3. that the undersigned has cast the same vote with respect to all Class 4 Corpus Christi Mechanics' Lien Claim(s) in a single Class; and

4. that no other Ballots with respect to the amount of the Class 4 Corpus Christi Mechanics' Lien Claim(s) identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

Signature:_____

Name of Claimant (print/type):_____

Federal Tax I.D. or Social Security Number of Claimant:_____

Name/Title of Signatory:_____

If signed by authorized agent, name/title of agent:_____

Telephone Number:_____

Dated:_____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED (WHICH MAY
REFERENCED A DIFFERENT ZIP CODE THAN THE MAILING ADDRESS
BELOW) OR VIA OVERNIGHT OR HAND DELIVERY TO:**

| M&G USA Corp, *et. al.*, Ballot Processing |
| :---: |
| c/o Prime Clerk |
| 830 3rd Avenue, 3rd Floor |
| New York, New York 10022 |

**-or-**

NAI-1504466444v1

**SUBMIT YOUR BALLOT VIA THE VOTING AGENT'S ONLINE PORTAL BY VISITING https://cases.primeclerk.com/mgusa. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:**_____

**Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.**

**THIS BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE NOVEMBER 12, 2018 AT 5:00 P.M. PREVAILING EASTERN TIME. IN ACCORDANCE WITH THE APPROVED DELIVERY INSTRUCTIONS ABOVE.**

NAI-1504466444v1

# EXHIBIT 2-D

## Proposed Class 8 Ballot

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : |  |

## BALLOT FOR ACCEPTING OR REJECTING
## JOINT PLAN OF LIQUIDATION OF U.S. DEBTORS AND DEBTORS IN POSSESSION

### CLASS 8 (GENERAL UNSECURED CLAIMS)

### THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN
### IS 5:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 12, 2018

Certain of the above captioned debtors and debtors in possession (collectively, the "U.S. Debtors")[2] are soliciting votes with respect to the *Joint Plan of Liquidation of the Debtors and Debtors in Possession* (Docket No. [__]) (as the same may be amended or modified, the "Plan"), which is being proposed by the Debtors and which is described in the accompanying *Disclosure Statement for Joint Plan of Liquidation of the Debtors and Debtors in Possession*, dated September 5, 2018 (as the same may be amended or modified, the "Disclosure Statement"). The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, as well as certain procedures and materials for the solicitation of votes to accept or reject the Plan, pursuant to the *Order (I) Approving Disclosure Statement, (II) Approving Form and Manner of Service of Notice Thereof, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Chapter 11 Plan of Liquidation and (IV) Scheduling Hearing on Confirmation of Chapter 11 Plan of Liquidation* (Docket No. [_]) (the "Disclosure Statement Order"). The Bankruptcy Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You are receiving this Ballot[3] because you are a Holder of a Claim in Class 8 as of the Voting Record Date. Accordingly, you have the right to vote to accept or reject the Plan.

---

[1]    The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2]    The U.S. Debtors are M & G USA Corporation, M & G Resins USA, LLC, M & G Polymers USA, LLC , M&G Finance Corporation, M&G Waters USA, LLC, M & G USA Holding, LLC, Chemtex International Inc., Chemtex Far East, Ltd. and Indo American Investments, Inc.

[3]    Capitalized terms used in this Ball and the attached instructions that are not otherwise defined have the meanings given to them in the Plan and the Disclosure Statement Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby be made binding on you, whether or not you vote, if the Plan (a) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in each impaired Class of Claims who vote on the Plan; and (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.

Your rights are described in the Disclosure Statement, the Plan, the Disclosure Statement Order, and certain other materials are contained in the Solicitation Package you are receiving with this Ballot. If you would like to obtain additional materials, you may contact the Debtors' Voting Agent, Prime Clerk LLC, by: (a) calling the Debtors' restructuring hotline at (855) 388 4578; (b) visiting the Debtors' document website at: **https://cases.primeclerk.com/mgusa**; or (c) writing to M&G USA Corp., *et. al.* Ballot Processing, c/o Prime Clerk, 830 3rd Avenue, 3rd Floor, New York, New York 10022, or by email at m&gballots@primeclerk.com. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov or free of charge at https://cases.primeclerk.com/mgusa.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, making certain decisions regarding releases and making certain certifications. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent <u>immediately</u> at the address, email, or telephone number set forth above.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 8 – General Unsecured Claims under the Plan. If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.**

To have your vote counted, you must (a) complete, sign and return this Ballot to Prime Clerk LLC (the "<u>Voting Agent</u>"), so that it is actually received by the voting deadline indicated above or (b) vote through the Debtors' online balloting portal accessible through the Debtors' Document Website at **https://cases.primeclerk.com/mgusa**. If the Voting Agent does not **<u>actually receive</u>** your Ballot on or before the Voting Deadline, which is **November 12, 2018 at 5:00 p.m. (prevailing Eastern Time)**, and if the Voting Deadline is not extended, your vote will not count. Ballots received by e-mail, facsimile or any other electronic transmission (other than the U.S. Debtors' online balloting portal) will not be accepted. Ballots should not be sent to the Debtors, the Creditors' Committee or their respective attorneys. **If the Court confirms the Plan, the Plan will bind you regardless of whether you vote.**

*****************************

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

1.     The U.S. Debtors are soliciting the votes of Holders of Claims with respect to the Plan.

2.     To ensure that your vote is counted, you <u>must</u> complete the Ballot and take the following steps: (a) make sure that the amount of your Claim is set forth in Item 1 on the Ballot (if you do not know the amount of your Claim, please contact the Voting Agent); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 on the Ballot; and (c) provide the information required by Item 4 on the Ballot <u>and</u> sign, date, and return an original of your Ballot via first class mail, overnight or hand delivery to M&G USA Corp., *et. al.* Ballot

NAI-1504466203v1

Processing, c/o Prime Clerk, 830 3rd Avenue, 3rd Floor, New York, New York 10022 (or otherwise in the enclosed return envelope), or via the Debtors' online balloting portal.

3.  If a Ballot is received after the Voting Deadline, it will not be counted unless the U.S. Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot. Additionally, the following Ballots will **NOT** be counted:

> ➢ Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

> ➢ Any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

> ➢ Any Ballot cast for a Claim for which no Proof of Claim was timely filed and that is (i) not listed on the Schedules or (ii) scheduled at (x) zero, (y) in an unknown amount, or (z) in whole or in part, as unliquidated, contingent, or disputed;

> ➢ Any Ballot that is properly completed, executed, and timely filed, but (i) does not indicate an acceptance or rejection of the Plan, (ii) indicates both an acceptance and rejection of the Plan, or (iii) partially accepts and partially rejects the Plan;

> ➢ Any Ballot submitted by facsimile, telecopy, or electronic mail;

> ➢ Any unsigned Ballot;

> ➢ Any Ballot sent to an entity other than the Voting Agent, including, but not limited to, the Bankruptcy Court, the U.S. Debtors, the U.S. Debtors' agents/representatives (other than the Voting Agent), the Creditors' Committee's agents/representatives, or the U.S. Debtors' financial or legal advisors; or

> ➢ Any Ballot not cast in accordance with the Solicitation Procedures approved in the Disclosure Statement Order.

4.  The method of delivery of Ballots to the Voting Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent **actually receives** the originally executed Ballot. For the avoidance of doubt, a ballot submitted via the Voting Agent's online balloting portal shall be deemed to contain an original signature. If you choose not to use the Voting Agent's online portal, as described below, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery.

5.  If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballots.

6.  You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Further, if a Holder has multiple Claims within the same Class, the U.S. Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

7.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the U.S. Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.  This Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

3

9. <u>Please be sure to sign and date your Ballot.</u>  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Voting Agent, the U.S. Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

10. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you receive.

<div align="center">

**PLEASE RETURN YOUR BALLOT PROMPTLY!**


**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,
THESE BALLOT INSTRUCTIONS OR THE PROCEDURES FOR VOTING,
PLEASE CONTACT THE VOTING AGENT BY TELEPHONE AT:  (855) 388-4578 OR VIA
EMAIL AT M&GBALLOTS@PRIMECLERK.COM.**

</div>

**In addition, to submit your Ballot via the Voting Agent's online portal, please visit https://cases.primeclerk.com/mgusa.  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**The Voting Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.**

<div align="center">

| |
|---|
| **IF THE VOTING AGENT DOES NOT <u>ACTUALLY</u> RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS NOVEMBER 12, 2018 AT 5:00 P.M. PREVAILING EASTERN TIME, THEN YOUR VOTE TRANSMITTED HEREBY WILL <u>NOT</u> BE COUNTED.** |

</div>

NO PERSON, INCLUDING THE VOTING AGENT, HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL ADVICE, OR TO MAKE ANY REPRESENTATION REGARDING THE U.S. DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.

NAI-1504466203v1

| CLASS 8 – GENERAL UNSECURED CLAIMS |
|---|

## BALLOT

**Item 1**.  **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date (the close of business on October 10, 2018), the undersigned was the Holder of a Class 8 General Unsecured Claim against the U.S. Debtors in the following unpaid amount (insert unpaid amount in box below if not already completed):

| $_____ |
|---|

**Item 2**. **Vote on Plan.**

The Holder of the Class 8 General Unsecured Claim against the U.S. Debtors in the amount set forth in Item 1 above votes to (please check <u>one</u> box below):

| **ACCEPT** (vote FOR) the Plan          **REJECT** (vote AGAINST) the Plan |
|---|

THE U.S. DEBTORS AND THE CREDITORS' COMMITTEE RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

**Item 3**: **Release Opt-Out Election (<u>only</u> for Holders of Class 8 General Unsecured Claims that vote to reject the Plan).**

By checking the box below, the undersigned Claimant that voted to reject the Plan, elects **NOT** to release the Released Parties as set forth in Section IX.C.2 of the Plan.

**IF YOU VOTED IN ITEM 2 ABOVE TO REJECT THE PLAN, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN THE PLAN IF YOU DO NOT CHECK THE BOX BELOW.**

**EXCEPT AS OTHERWISE PROVIDED IN SECTION IX.C OF THE PLAN, IF YOU VOTED IN ITEM 2 ABOVE TO ACCEPT THE PLAN, OR IF YOU FAIL TO VOTE TO ACCEPT OR REJECT THE PLAN, REGARDLESS OF WHETHER YOU CHECK THE BOX BELOW, YOU WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION TO THE EXTENT PROVIDED IN THE PLAN.**

☐      **The undersigned Claimant elects <u>not</u> to grant (i.e., OPTS OUT of) the releases set forth in Section IX.C.2 of the Plan**

## IMPORTANT INFORMATION REGARDING THE RELEASES IN THE PLAN

**Following confirmation, subject to Article VII of the Plan, the Plan will be substantially consummated on the Effective Date. Among other things, subject to the occurrence of the Effective Date, certain release, injunction, exculpation and discharge provisions set forth in Article IX of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article IX of the Plan very carefully so that you understand how confirmation and substantial consummation of the Plan — which effectuates such provisions — will affect you and any Claim(s) you may hold against the Released Parties under the Plan.**

*Section IX.C of the Plan provides for, among other things, the following:*

*Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the U.S. Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, unless otherwise provided in the Confirmation Order, each Holder of a Claim or Interest that (a) votes in favor of the Plan or is Unimpaired by and conclusively presumed to accept the Plan or (b) either (i) abstains from voting, (ii) votes to reject the Plan or (iii) is deemed to reject the Plan and does not opt out of the voluntary release contained in this Section IX.C.2 (by, in the case of either (i) or (ii), checking the opt-out box on the Ballot and returning it in accordance with the instructions set forth thereon, indicating that such Holder opts not to grant the releases provided in the Plan or, in the case of (iii), timely objecting to the Plan's third-party release provisions), shall be deemed to forever release and waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to any of the U.S. Debtors, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan, the Exhibits, the Disclosure Statement, the Sales, the Dissolution Transactions or any other transactions proposed or consummated in connection with the Chapter 11 Cases, any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with the Plan or the obligations assumed hereunder; provided, however, that the foregoing provisions of Section IX.C.2 of the Plan shall have no effect on: (a) the liability of (i) any Released Party that is the result of any act or omission of such Released Party determined in a Final Order to have constituted gross negligence, fraud or willful misconduct and (ii) any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document to be entered into or delivered in connection with the Plan; or (b) the Litigation Trust Causes of Action (including without limitation, the U.S. Debtors' and their Estates' Causes of Action against any current or former director or officer of any U.S. Debtor) and any right of the Litigation Trust to assert any Corpus Christi Cause of Action pursuant to Section III.H.2 of the Plan.*

*The Plan defines "Released Parties" as follows: "collectively and individually, and, in each case, solely in their capacity as such: (a) the U.S. Debtors; (b) the Estates; (c) the Creditors' Committee and its members; (d) the Purchaser; (e) the Pre-Petition Second Lien Secured Party; (f) the Bidders; (g) the Pre-Petition First Lien Lender, CEC and Banibu and (h) with respect to (a) through (g), each such Entity's respective Representatives; provided that any Entity that objects to Confirmation of, or votes to reject, the Plan and any of their respective Representatives shall not be a Released Party."*

NAI-1504466203v1

**Item 4**: **Certifications.**

By signing this Ballot, the undersigned certifies and otherwise acknowledges to the Bankruptcy Court and the U.S. Debtors:

1.  that either: (a) the undersigned is the Holder of the Class 8 General Unsecured Claim(s) being voted; or (b) the undersigned is an authorized signatory for an entity that is the Holder of the Class 8 General Unsecured Claim(s) being voted. In either case, the undersigned has the full power and authority to vote to accept or reject the Plan with respect to the Claim(s) identified in Item 1 above;

2.  that the undersigned has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3.  that the undersigned has cast the same vote with respect to all Class 8 General Unsecured Claim(s) in a single Class; and

4.  that no other Ballots with respect to the amount of the Class 8 General Unsecured Claim(s) identified in Item 1 above have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

Signature:_____

Name of Claimant (print/type):_____

Federal Tax I.D. or Social Security Number of Claimant:_____

Name/Title of Signatory:_____

If signed by authorized agent, name/title of agent:_____

Telephone Number:_____

Dated:_____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED (WHICH MAY
REFERENCE A DIFFERENT ZIP CODE THAN THE MAILING ADDRESS BELOW)
OR VIA OVERNIGHT OR HAND DELIVERY TO:**

M&G USA Corp, *et. al.*, Ballot Processing

c/o Prime Clerk

830 3rd Avenue, 3rd Floor

New York, New York 10022

**-or-**

**SUBMIT YOUR BALLOT VIA THE VOTING AGENT'S ONLINE PORTAL BY VISITING https://cases.primeclerk.com/mgusa. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:**_____

**Creditors who cast a Ballot using the Voting Agent's online portal should NOT also submit a paper Ballot.**

**THIS BALLOT MUST BE <u>ACTUALLY</u> <u>RECEIVED</u> BY THE VOTING AGENT ON OR BEFORE NOVEMBER 12, 2018 AT 5:00 P.M. PREVAILING EASTERN TIME IN ACCORDANCE WITH THE APPROVED DELIVERY INSTRUCTIONS ABOVE.**

NAI-1504466203v1

# EXHIBIT 3-A

## Notice of Non-Voting Status for Unimpaired Classes

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M&G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## NOTICE OF NON-VOTING STATUS
## FOR UNIMPAIRED CLASSES UNDER JOINT PLAN OF
## LIQUIDATION OF U.S. DEBTORS AND DEBTORS IN POSSESSION

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      Certain of the above-captioned debtors and debtors in possession (collectively, the "U.S. Debtors")[2] filed:  (a) the *Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. [   ]) (as the same may be amended or modified, the "Plan") on September 5, 2018; and (b) the related *Disclosure Statement for Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. [   ]) (as the same may be amended or modified, the "Disclosure Statement") on September 5, 2018.[3]

2.      Pursuant to an order of the Bankruptcy Court dated [   ], 2018 (the "Disclosure Statement Order") (Docket No. [   ]), the Disclosure Statement and certain related materials (collectively, the "Solicitation Package") have been approved for solicitation of votes to accept or reject the Plan.

3.      **UNDER THE TERMS OF THE PLAN, CLAIM(S) AGAINST OR INTERESTS IN THE U.S. DEBTORS IN CLASSES 1, 5, 6, 7 and 11 ARE UNIMPAIRED AND THUS ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN.**

---

[1]      The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208).  The Debtors' noticing address in these Cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2]      The U.S. Debtors are M & G USA Corporation, M & G Resins USA, LLC, M & G Polymers USA, LLC , M&G Finance Corporation, M&G Waters USA, LLC, M & G USA Holding, LLC, Chemtex International Inc., Chemtex Far East, Ltd. and Indo American Investments, Inc.

[3]      References to Exhibits and capitalized terms not otherwise defined in this Notice have the meanings given to them in the *Debtors' Motion for an Order (I) Approving Disclosure Statement, (II) Approving Form and Manner of Service of Notice Thereof, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Chapter 11 Plan of Liquidation and (IV) Scheduling Hearing on Confirmation of Chapter 11 Plan of Liquidation* (the "Motion"), filed by the Debtors on September 5, 2018, or, if not defined therein, in the Plan.  Copies of the Motion are available upon request from the Debtors' counsel.

Accordingly, pursuant to the Solicitation Procedures approved in paragraph 5 of the Disclosure Statement Order, you are receiving this Notice in lieu of a Solicitation Package.

4.     A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge at the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), 824 North Market Street, Wilmington, Delaware 19801 on **November 27, 2018 at 11:00 a.m. (prevailing Eastern time)**.

5.     Requests for copies of the Disclosure Statement and the Plan (excluding certain voluminous exhibits thereto) by parties in interest may be made by writing to M&G USA Corporation *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022. Copies of the Disclosure Statement and the Plan (along with exhibits to each as they are filed with the Bankruptcy Court) are available for review, without charge, via the internet at https://cases.primeclerk.com/mgusa. Any Plan Supplement Documents will be filed with the Bankruptcy Court on or before November 2, 2018.

6.     **Any objection to the Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name, address, telephone number and email address of the objecting party and the amount and nature of the Claim or Interest of such entity, if any; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is actually received by the following notice parties set forth below no later than November 13, 2018 at 5:00 p.m. (prevailing Eastern time):** (i) counsel to the Debtors, Jones Day, 250 Vesey Street, New York, NY 10280, Attn: Scott J. Greenberg, Esq. (sgreenberg@jonesday.com) and Stacey L. Corr-Irvine, Esq. (scorrirvine@jonesday.com), 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn: Carl E. Black, Esq. (ceblack@jonesday.com), 1420 Peachtree Street, N.E., Suite 800, Atlanta, GA 30309-3053, Attn: Daniel J. Merrett, Esq. (dmerrett@jonesday.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com) and Joseph M. Mulvihill, Esq. (jmulvihill@pszjlaw.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, Delaware 19801, Attn: Hannah McCollum, Esq. (Hannah.McCollum@usdoj.gov); (iii) counsel to the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com) and Lauren Doyle, Esq. (ldoyle@milbank.com) and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington Delaware 19801, Attn: J. Kate Stickles, Esq. (kstickles@coleschotz); (iv) counsel to the Pre-Petition First Lien Lenders, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Lisa M. Schweitzer, Esq. (lschweitzer@cgsh.com) and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Pauline K. Morgan, Esq. (pmorgan@ycst.com); and (v) counsel to Corpus Christi Polymers LLC, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Alfredo Perez (alfredo.perez@weil.com), Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Paul Kizel, Esq. (pkizel@lowenstein.com) and Duane Morris LLP, Suite 5010, 600 Grant Street, Pittsburgh, PA 15219, Attn: Joel M. Walker, Esq. (JMWalker@duanemorris.com).

7.        Pursuant to Bankruptcy Rule 3017(d) and the Disclosure Statement Order, the U.S. Debtors:  (a) are required to provide Solicitation Packages to all Holders of Claims or Interests entitled to vote on the Plan; and (b) are not required to provide Solicitation Packages to Holders of Claims or Interests in Classes under the Plan that are conclusively presumed to either accept or reject the Plan.

8.        If you wish to challenge the U.S. Debtors' classification of your Claim, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (a "Rule 3018 Motion"), for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Plan and serve such Rule 3018 Motion on the U.S. Debtors so that it is received on or before **5:00 p.m. (prevailing Eastern time) on the later of (a) November 8, 2018** or (b) the fifth business day after the Debtors file an objection to such claimant's claim, with any response by the U.S. Debtors due on **November 21, 2018 at 5:00 p.m. (prevailing Eastern time)**.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such creditor's Ballot will be governed by the Tabulation Rules (as defined in the Disclosure Statement Order) until such Rule 3018 Motion is adjudicated by the Bankruptcy Court after a notice and a hearing.  Rule 3018 Motions that are not timely filed and served in the manner as set forth above will not be considered.

**[Remainder of page intentionally left blank.]**

9.     The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

Dated:  [     ], 2018                                      PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:          ljones@pszjlaw.com
                joneill@pszjlaw.com
                jmulvihill@pszjlaw.com
and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone:     (212) 326-3939
Facsimile:     (212) 755-7306
Email:          sgreenberg@jonesday.com
                scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:     (216) 586-7035
Facsimile:     (216) 579-0212
Email:          ceblack@jonesday.com

and

Daniel J. Merrett
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3053
Telephone:     (404) 581-8476
Facsimile:     (404) 581-9330
Email:          dmerrett@jonesday.com

*Co-Counsel for the Debtors and Debtors in Possession*

## EXHIBIT 3-B

## Notice of Non-Voting Status for Impaired Classes

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| M&G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

## NOTICE OF NON-VOTING STATUS
## FOR IMPAIRED CLASSES UNDER JOINT PLAN OF
## LIQUIDATION OF U.S. DEBTORS AND DEBTORS IN POSSESSION

### PLEASE TAKE NOTICE OF THE FOLLOWING:

1.  Certain of the above-captioned debtors and debtors in possession (collectively, the "U.S. Debtors")[2] filed:  (a) the *Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. [   ]) (as the same may be amended or modified, the "Plan") on September 5, 2018; and (b) the related *Disclosure Statement for Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. [   ]) (as the same may be amended or modified, the "Disclosure Statement") on September 5, 2018.[3]

2.  Pursuant to an order of the Bankruptcy Court dated [   ], 2018 (the "Disclosure Statement Order") (Docket No. [   ]), the Disclosure Statement and certain related materials (collectively, the "Solicitation Package") have been approved for solicitation of votes to accept or reject the Plan.

3.  **UNDER THE TERMS OF THE PLAN, CLAIMS AGAINST OR INTERESTS IN THE U.S. DEBTORS IN CLASSES 9 and 10 ARE IMPAIRED AND DEEMED TO REJECT THE PLAN BECAUSE THEY ARE RECEIVING NO**

---

[1]     The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208).  The Debtors' noticing address in these Cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2]     The U.S. Debtors are M & G USA Corporation, M & G Resins USA, LLC, M & G Polymers USA, LLC, M&G Finance Corporation, M&G Waters USA, LLC, M & G USA Holding, LLC, Chemtex International Inc., Chemtex Far East, Ltd. and Indo American Investments, Inc.

[3]     References to Exhibits and capitalized terms not otherwise defined in this Notice have the meanings given to them in the *Debtors' Motion for an Order (I) Approving Disclosure Statement, (II) Approving Form and Manner of Service of Notice Thereof, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Chapter 11 Plan of Liquidation and (IV) Scheduling Hearing on Confirmation of Chapter 11 Plan of Liquidation* (the "Motion"), filed by the Debtors on September 5, 2018, or, if not defined therein, in the Plan.  Copies of the Motion are available upon request from the Debtors' counsel.

**PROPERTY UNDER THE PLAN, AND THUS ARE NOT ENTITLED TO VOTE ON THE PLAN.** Accordingly, pursuant to the Solicitation Procedures approved at paragraph 5 of the Disclosure Statement Order, you are receiving this Notice in lieu of a Solicitation Package.

4.     A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge at the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), 824 North Market Street, Wilmington, Delaware 19801 on **November 27, 2018 at 11:00 a.m. (prevailing Eastern time)**.

5.     Requests for copies of the Disclosure Statement and the Plan (excluding certain voluminous exhibits thereto) by parties in interest may be made by writing to M&G USA Corporation *et al.* Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022.  Copies of the Disclosure Statement and the Plan (along with exhibits to each as they are filed with the Bankruptcy Court) and the Motion are available for review, without charge, via the internet at https://cases.primeclerk.com/mgusa.  Any Plan Supplement Documents will be filed with the Bankruptcy Court on or before November 2, 2018.

6.     **Any objection to the Plan must:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name, address, telephone number and email address of the objecting party and the amount and nature of the Claim or Interest of such entity, if any; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is actually received by the following notice parties set forth below no later than November 13, 2018 at 5:00 p.m. (prevailing Eastern time):** (i) counsel to the Debtors, Jones Day, 250 Vesey Street, New York, NY 10280, Attn:  Scott J. Greenberg, Esq. (sgreenberg@jonesday.com) and Stacey L. Corr-Irvine, Esq. (scorrirvine@jonesday.com), 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn:  Carl E. Black, Esq. (ceblack@jonesday.com), 1420 Peachtree Street, N.E., Suite 800, Atlanta, GA 30309-3053, Attn:  Daniel J. Merrett, Esq. (dmerrett@jonesday.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com) and Joseph M. Mulvihill, Esq. (jmulvihill@pszjlaw.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, Delaware 19801, Attn:  Hannah McCollum, Esq. (Hannah.McCollum@usdoj.gov); (iii) counsel to the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn:  Dennis F. Dunne, Esq. (ddunne@milbank.com) and Lauren Doyle, Esq. (ldoyle@milbank.com) and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington Delaware 19801, Attn: J. Kate Stickles, Esq. (kstickles@coleschotz); (iv) counsel to the Pre-Petition First Lien Lenders, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn:  Lisa M. Schweitzer, Esq. (lschweitzer@cgsh.com) and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn:  Pauline K. Morgan, Esq. (pmorgan@ycst.com); and (v) counsel to Corpus Christi Polymers LLC, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn:  Alfredo Perez (alfredo.perez@weil.com), Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Paul Kizel, Esq. (pkizel@lowenstein.com)

and Duane Morris LLP, Suite 5010, 600 Grant Street, Pittsburgh, PA 15219, Attn: Joel M. Walker, Esq. (JMWalker@duanemorris.com).

7.     Pursuant to Bankruptcy Rule 3017(d) and the Disclosure Statement Order, the U.S. Debtors:  (a) are required to provide Solicitation Packages to all Holders of Claims or Interests entitled to vote on the Plan; and (b) are not required to provide Solicitation Packages to Holders of Claims or Interests in Classes under the Plan that are conclusively presumed to either accept or reject the Plan.

8.     If you wish to challenge the U.S. Debtors' classification of your Claim, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (a "Rule 3018 Motion"), for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Plan and serve such Rule 3018 Motion on the U.S. Debtors so that it is received on or before **5:00 p.m. (prevailing Eastern time) on the later of (a) November 8, 2018** or (b) the fifth business day after the Debtors file an objection to such claimant's claim, with any response by the U.S. Debtors due on **November 21, 2018 at 5:00 p.m. (prevailing Eastern time)**.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such creditor's Ballot will be governed by the Tabulation Rules (as defined in the Disclosure Statement Order) until such Rule 3018 Motion is adjudicated by the Bankruptcy Court after a notice and a hearing.  Rule 3018 Motions that are not timely filed and served in the manner as set forth above will not be considered.

**[Remainder of page intentionally left blank.]**

9.     The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

Dated:  [    ], 2018                                PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:         ljones@pszjlaw.com
               joneill@pszjlaw.com
               jmulvihill@pszjlaw.com
and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone:     (212) 326-3939
Facsimile:     (212) 755-7306
Email:          sgreenberg@jonesday.com
                scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:     (216) 586-7035
Facsimile:     (216) 579-0212
Email:         ceblack@jonesday.com

and

Daniel J. Merrett
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3053
Telephone:     (404) 581-8476
Facsimile:     (404) 581-9330
Email:         dmerrett@jonesday.com

*Co-Counsel for the Debtors and Debtors in Possession*

# EXHIBIT 4

## Proposed Tabulation Rules

# TABULATION RULES

These tabulation rules (the "Tabulation Rules") have been approved by the Bankruptcy Court and are being proposed to streamline the process of tabulating acceptances of the Plan, in accordance with the *Order (I) Approving Disclosure Statement; (II) Approving Form and Manner of Service of Notice Thereof; (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Chapter 11 Plan of Liquidation; and (IV) Scheduling Hearing on Confirmation of Chapter 11 Plan of Liquidation* (the "Disclosure Statement Order"),[1] to which these procedures are annexed:

1.      Unless otherwise provided in these Tabulation Rules, a Claim will be deemed Allowed for voting purposes only in the amount equal to the fixed or liquidated amount claimed by the Holder of such Claim in any timely filed proof of claim.  Any additional contingent or unliquidated amounts claimed on such proof of claim will be disallowed for voting purposes.  Notwithstanding any other provision contained herein, if a Claim is deemed Allowed in accordance with the Plan or pursuant to an agreement or settlement with the U.S. Debtors, and approved by, or under the authority of, the Bankruptcy Court, such Claim will be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan or such agreement or settlement, if any.

2.      If a Claim for which a proof of claim has been timely filed is asserted as wholly contingent, unliquidated or disputed and/or does not otherwise specify a fixed, noncontingent, undisputed or liquidated amount, such Claim will be temporarily allowed for voting purposes in the amount of $1.00.

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Disclosure Statement Order.

3.     If a Claim is listed in the U.S. Debtors' Schedules of Assets and Liabilities (as they may be amended or modified, the "Schedules") in an amount greater than $0.00, is not listed as contingent, unliquidated or disputed, and as to which no proof of claim was timely filed, such Claim will be temporarily allowed for voting purposes in the scheduled amount and against the Debtor indicated in the Schedules.

4.     If a Claim is (a) either (i) not listed in the Schedules or (ii) listed in the Schedules as contingent, unliquidated or disputed, or liquidated in the amount of $0.00 and (b) a proof of Claim was not timely filed or deemed timely filed by an order of the Court, unless the U.S. Debtors have consented otherwise in writing, such Claim will be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c)(2).

5.     If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, or by an agreement between the U.S. Debtors and the creditor (an "Estimation Agreement"), such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed.  The following shall apply to Estimation Agreements:

> a.     With respect to any Estimation Agreement, the U.S. Debtors must file a notice of such agreement (an "Estimation Notice") with the Bankruptcy Court and serve such Estimation Notice on the affected creditor and the following parties (collectively, the "Notice Parties"):  counsel to the Debtors, Jones Day, 250 Vesey Street, New York, NY 10280, Attn:  Scott J. Greenberg, Esq. (sgreenberg@jonesday.com) and Stacey L. Corr-Irvine, Esq. (scorrirvine@jonesday.com), 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn:  Carl E. Black, Esq. (ceblack@jonesday.com), 1420 Peachtree Street, N.E., Suite 800, Atlanta, GA 30309-3053, Attn: Daniel J. Merrett, Esq. (dmerrett@jonesday.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com) and Joseph M. Mulvihill, Esq. (jmulvihill@pszjlaw.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, Delaware 19801, Attn:  Hannah McCollum, Esq. (Hannah.McCollum@usdoj.gov); (iii) counsel to the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York,

NY 10005, Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com) and Lauren Doyle, Esq. (ldoyle@milbank.com) and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington Delaware 19801, Attn: J. Kate Stickles, Esq. (kstickles@coleschotz); (iv) counsel to the Pre-Petition First Lien Lenders, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Lisa M. Schweitzer, Esq. (lschweitzer@cgsh.com) and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Pauline K. Morgan, Esq. (pmorgan@ycst.com); and (v) counsel Corpus Christi Polymers LLC, Weil, Gotshal & Manges LLP, 700 Louisiana, Suite 1700, Houston, TX 77002, Attn: Alfredo Perez (alfredo.perez@weil.com), Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Paul Kizel, Esq. (pkizel@lowenstein.com) and Duane Morris LLP, Suite 5010, 600 Grant Street, Pittsburgh, PA 15219, Attn: Joel M. Walker, Esq. (JMWalker@duanemorris.com).

b.      Each Estimation Notice: (i) shall describe the pertinent terms of the Estimation Agreement to which it pertains (including the amount(s) in which the applicable Claim(s) will be temporarily allowed for voting purposes); and (ii) provide that the Notice Parties may file written objections to such Estimation Agreement (an "Estimation Objection") and serve such objection on the Notice Parties no later than seven days after service of the Estimation Notice (the "Estimation Objection Deadline").

c.      If no Estimation Objection is filed and served by the Estimation Objection Deadline with respect to a particular Estimation Agreement, the Claim(s) addressed in such Estimation Agreement will be temporarily allowed for voting purposes as set forth in the Estimation Agreement without further action of the parties or the Bankruptcy Court.

d.      If an Estimation Objection is timely filed and served, and such Estimation Objection is not resolved consensually by the parties, the U.S. Debtors may schedule such Estimation Objection and the relevant Estimation Agreement for any omnibus hearing before the Court on not less than seven business days' notice. Along with any notice of hearing on a contested Estimation Agreement, the U.S. Debtors may file additional briefing in support of the agreement (a "Supplemental Brief"), and the party that filed the Estimation Objection will have three business days from the service of the Supplemental Brief to file with the Court and serve on the U.S. Debtors a response to the Supplemental Brief. After the hearing, the Claim(s) addressed in the relevant Estimation Agreement will be temporarily allowed for voting purposes in accordance with the order of the Court resolving the matter.

6.      If the U.S. Debtors have filed and served an objection to a Claim for voting or other purposes at least 14 days before the Voting Deadline, such Claim will be temporarily

allowed or disallowed for voting purposes in accordance with the relief sought in the objection. For the avoidance of doubt, if the objection seeks to disallow and/or expunge the Claim in its entirety, such Claim will be disallowed for voting purposes. If an objection does not identify the proposed amount of a Claim (*e.g.*, if the Claim remains subject to estimation or liquidation), then such Claim will be temporarily allowed in the amount of $1.00.

7.      The temporary allowance of Claims for voting purposes shall not constitute an allowance of such Claims for any other purposes, and shall be without prejudice to the rights of the U.S. Debtors and other parties in interest in any other context, including the right to contest the amount, validity or classification of any Claim for purposes of allowance and/or distribution under the Plan. If the Holder of a Claim wishes to challenge either (a) the classification of such Claims or (b) the allowance of such Claim for voting purposes in accordance with the Tabulation Rules, the Holder must file a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion"), for an order temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan and must serve such motion on the U.S. Debtors so that it is received on or before 5:00 p.m. (prevailing Eastern time) on the later of (a) November 8, 2018 and (b) the fifth business day after the U.S. Debtors file an objection to such claimant's claim, if any. Unless the Court orders otherwise, a Claim shall not be counted for voting purposes in excess of the amount determined in accordance with these Tabulation Rules (regardless of the amount set forth on the Ballot). In addition, the U.S. Debtors may challenge the classification of a Claim or the allowance of a Claim solely for voting purposes by filing a Rule 3018 Motion in accordance with the above-described procedures.

8.      If a proof of claim has been amended by a later filed proof of claim, only the later filed proof of Claim will be used for the purposes of these Tabulation Rules, and the earlier filed

proof of Claim will be disallowed for voting purposes, regardless of whether the U.S. Debtors have objected to such superseded proof of claim.

9.      If, after a reasonable review, the Voting Agent determines that a creditor has filed duplicative proofs of claim, only one such proof of claim will be used for the purposes of these Tabulation Rules regardless of whether the U.S. Debtors have objected to such duplicative proof of claim.

10.      Ballots may be submitted via electronic, online transmissions, solely through https://cases.primeclerk.com/mgusa (the "Voting Portal").  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted through the Voting Portal and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

11.      For purposes of the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code, all Claims held by a single creditor in a particular Class (even where voted on separate Ballots) will be aggregated (based on the reasonable efforts of the U.S. Debtors and the Voting Agent) as if such creditor held one Claim in such Class, and all of such creditor's votes in the relevant Class will be treated as a single vote to accept or reject the Plan (as applicable).

12.      If any portion of a Claim has been transferred, the Holders of all portions of such Claim will be (a) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for other voting and solicitation procedures set forth herein) and (b) required to vote every portion of such Claim collectively to either accept or reject the Plan.

13.     If a creditor casts more than one Ballot voting the same Claim before the Voting Deadline, the latest properly executed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

14.     Creditors are required to vote all of their Claims within a particular Class either to accept or reject the Plan and may not split their vote.

15.     In the event that (a) any Ballot, (b) a group of Ballots received from a single creditor with respect to Claims in the same Class or (c) a group of Ballots received from the Holders of multiple portions of a single Claim partially rejects and partially accepts the Plan, such Ballots will not be counted.

16.     Any proof of claim filed for $0.00 will not be entitled to vote.

17.     Any proof of claim not asserted in U.S. dollars will be allowed for voting purposes in the amount of $1.00.

18.     The U.S. Debtors, in their reasonable discretion, and subject to any order of the Court, may (a) waive any defect in any Ballot at any time, either before or after the Voting Deadline and without notice and (b) reject any Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan; *provided*, *however*, that such invalid Ballots will be documented in the voting results filed with the Court.