# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered)<br><br>Re: D.I. No. 1789<br><br>Hearing Date: September 13, 2018 at 10:00 a.m. (ET)<br>Obj. Deadline: September 7, 2018 at 4:00 p.m. (ET) |

**RESPONSE AND RESERVATION OF RIGHTS REGARDING DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION BETWEEN DEBTORS AND CREDITORS' COMMITTEE REGARDING SETTLEMENT AND AGREEMENT WITH RESPECT TO MOTION TO DISMISS**

NN Investment Partners B.V. ("NNIP"), NN Insurance Belgium N.V. and Delta Lloyd Levensverzekering N.V. (collectively, the "DL Lenders" and together with NNIP, the "Creditors"), submit this Response and Reservation of Rights regarding the Debtors' Motion for Entry of An Order Approving Stipulation Between Debtors and Creditors' Committee Regarding Settlement and Agreement With Respect to Motion to Dismiss filed by the Debtors on August 24, 2018 [Docket No. 1789] (the "Motion") [2] and state as follows:

1. The Creditors are creditors of two of the Luxembourg Debtors, Mossi & Ghisolfi International S.a.r.l. ("MGI") and M&G Chemicals S.A. ("MGC"). Specifically, the DL Lenders

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

made loans to MGI in the aggregate principal amount of €70,000,000.00, secured by pledges of MGI's 100% equity interests in two of the US Debtors, M&G USA Corp. and M&G USA Holdings, LLC. Additionally, NNIP is owed management fees as agent under the loan agreement between MGI and the DL Lenders. All of the foregoing obligations were guaranteed by MGC. The Creditors timely filed proofs of claim in the chapter 11 cases of MGI and MGC with respect to the foregoing claims.

2. The Stipulation incorporates both a settlement of the Committee's objection to the Motion to Dismiss, as well as a settlement of certain inter-estate issues, and contains provisions that were not discussed or contemplated in the Motion to Dismiss, including: (i) a requirement that the Luxembourg Debtors pay a total of $6 million into an escrow to be transferred to the GUC Pool, (ii) a bar on creditors of the Luxembourg Debtors having any rights in the GUC Pool, (iii) mutual releases between the Luxembourg Debtors and the US Debtors and (iv) a finding by this Court that the settlement provides "fair value" to the Luxembourg Debtors.

3. Bankruptcy Court approval of a settlement "requires a bankruptcy judge to assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." In re Martin, 91 F.3d 389, 393 (3d Cir.1996). In assessing a proposed settlement, the Court should consider "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id.

4. The Creditors lack sufficient information to determine whether the Stipulation meets the Martin standards from the standpoint of the Luxembourg Debtors. While the Creditors

2

did not object to the Motion to Dismiss, they do not consent to the terms of the Stipulation, and reserve all of their rights and claims both in respect of these chapter 11 cases and under the laws of Luxembourg or any other relevant jurisdiction.  The Creditors note that if the Motion is approved, there is potentially a considerable amount of time before the Luxembourg Debtors' cases would be dismissed.  If the Luxembourg Debtors' chapter 11 cases are not promptly dismissed, the Creditors intend to seek relief from the automatic stay to accelerate the Loans in order to preserve their rights and remedies under applicable law.

Dated: September 7, 2018
       Wilmington, Delaware

Respectfully submitted,

CROSS & SIMON, LLC

*/s/ Joseph Grey*
Joseph Grey (No. 2358)
1105 North Market Street
Suite 901
Wilmington, Delaware 19801
Telephone: (302) 777-4200
Facsimile: (302) 777-4224
jgrey@crosslaw.com

-and-

STROOCK & STROOCK & LAVAN LLP
Mark A. Speiser (admitted *pro hac vice*)
Harold A. Olsen (admitted *pro hac vice*)
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*COUNSEL TO THE CREDITORS*