# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------- x
                                                            :
In re                                                       :   Chapter 11
                                                            :
M & G USA CORPORATION, *et al.*,                            :   Case No. 17-12307 (BLS)
                                                            :
                                    Debtors.[1]             :   Jointly Administered
                                                            :
                                                            :   Related to Docket Nos. 1706, 1766, 1777,
----------------------------------------------------------- x   1787, 1789, 1827, 1828, and 1831

**REPLY OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (I) OBJECTION TO MOTION OF THE LUXEMBOURG DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF CERTAIN PREPETITION CLAIMS OF FOREIGN CREDITORS (II) RESPONSE AND RESERVATION OF RIGHTS REGARDING DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION BETWEEN DEBTORS AND CREDITORS' COMMITTEE REGARDING SETTLEMENT AND AGREEMENT WITH RESPECT TO MOTION TO DISMISS, AND (III) LIMITED OBJECTION AND RESERVATION OF RIGHTS OF BANCO MERCANTIL DEL NORTE, SOCIEDAD ANONIMA, INSTITUTION DE BANCA MULTIPLE, GRUPO FINANCIERO BANORTE TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING STIPULATION BETWEEN DEBTORS AND CREDITORS' COMMITTEE REGARDING SETTLEMENT AND AGREEMENT WITH RESPECT TO MOTION TO DISMISS**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors in possession (the "Debtors") herby submits this reply (the "Reply") to the (i) *Objection to Motion of the Luxembourg Debtors for Entry of an Order Authorizing Payment of Certain Prepetition Claims of Foreign Creditors* [D.I. 1827] (the "Delta Lloyd Prepetition Claims Objection"); (ii) *Response and Reservation of Rights Regarding Debtors' Motion for*

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

*Entry of an Order Approving Stipulation between Debtors and Creditors' Committee Regarding Settlement and Agreement with Respect to Motion to Dismiss* [D.I. 1828] (the "Delta Lloyd Response"); and (iii) *Limited Objection and Reservation of Rights of Banco Mercantil Del Norte, Sociedad Anonima, Institution de Banca Multiple, Grupo Financiero Banorte* ("Banorte") *to Debtors' Motion for Entry of an Order Approving Stipulation Between Debtors and Creditors' Committee Regarding Settlement and Agreement with Respect to Motion to Dismiss* [D.I. 1831] (the "Banorte Objection"). In support of its Reply, the Committee respectfully states as follows:

## REPLY

1. The Committee fully supports the relief requested in the *Motion of the Luxembourg Debtors for Entry of an Order Authorizing Payment of Certain Prepetition Claims of Foreign Creditors* [D.I. 1766] (the "Lux Creditor Motion") and the Motion to Approve Compromise under Rule 9019/Debtors' Motion for Entry of an Order Approving Stipulation between Debtors' and Creditors' Committee Regarding Settlement and Agreement with Respect to Motion to Dismiss (the "Lux Settlement") [D.I. 1789] (the "Lux Settlement Motion"). The Lux Settlement was reached in the middle of a multi-day trial on the *Motion* (the "Dismissal Motion") *of Debtors M&G Capital S.A R.L., M&G Chemicals S.A. and Mossi & Ghisolfi International S.A.R.L.* (the "Lux Debtors") *for an Order Dismissing their Chapter 11 Cases and Granting Related Relief* (the "Lux Trial"). While the Committee believes that the evidence that was adduced at the Lux Trial is sufficient to support the relief in both the Lux Creditor Motion and the Lux Settlement Motion, the declaration of Dennis Stogsdill filed on the date hereof further supplements the record and eliminates any conceivable doubt that the Lux Settlement Motion and the Lux Creditor Motion should be granted.

**I.     The Lux Settlement Motion Should be Approved**

2. The Lux Settlement represents a resolution of the Dismissal Motion and the serious concerns raised in the Committee's objection to that motion. The terms of the Lux Settlement were negotiated at arms'-length among the Committee, the U.S. Debtors[2], and the Lux Debtors and approved by all parties. The Committee believes that the Lux Settlement is in the best interest of the creditors of all of the Debtors as it will resolve the complicated issues surrounding the Dismissal Motion in a manner that fairly reimburses the estates of the U.S. Debtors for the costs they have incurred to date, allows the Lux Debtors to pursue a non-chapter 11 winding up (and avoid parallel and potentially competing processes in the U.S. and Luxembourg), and provides a necessary foundation for the chapter 11 plan filed by the U.S. Debtors.

3. The agreed relief that is set forth in the Lux Settlement is effectively "lesser included" relief to the requests in the Dismissal Motion, especially when considered in light of the requested alterations to that relief that were contained in the *Objection of the Official Committee of Unsecured Creditors to the Motion to Dismiss the Luxembourg Debtors Chapter 11 Cases* [D.I. 1675] (the "Committee Lux Dismissal Objection") and the *Objection of Bancomext to Motion of Debtors M&G Capital S.A.R.L., M&G Chemicals S.A., and Mossi & Ghisolfi International S.A.R.L. for an Order Dismissing Their Chapter 11 Cases and Granting Related Relief* [D.I. 1674] (the "Bancomext Lux Dismissal Objection" and together with the Committee Lux Dismissal Objection, the "Dismissal Objections"). All parties in interest were on notice that the Dismissal Objections could be resolved in a manner very similar to the Lux Settlement. Between the evidenced adduced (and argument made) at the Lux Trial, the

---

[2] The U.S. Debtors are the Debtors other than the Lux Debtors.

announcement (and filing) of the Lux Settlement, the representations in the Lux Settlement Motion, the declaration of Dennis Stogsdill, the Debtors' reply in support of the Lux Settlement, and this Reply, there is no basis for any party to argue that they have an insufficient basis on which to evaluate the Lux Settlement.

4. Additionally, as demonstrated by the length and complexity of the Lux Trial, the issues raised by the Dismissal Motion were complex, novel, and subject to considerable litigation cost and risk. While the Committee believes that it would have prevailed on the Committee Lux Dismissal Objection, the Committee also recognizes that if the Lux Debtors had fully succeeded in obtaining the relief they sought in the Lux Dismissal Motion, any claims that the U.S. Debtors would have had against the Lux Debtors would likely have lost any administrative priority and instead been treated (at best) *pari passu* with all other claims against the Lux Debtors in an action or proceeding under Luxembourg law.

A. **The Releases in the Lux Settlement Motion are Appropriate**

5. While Banorte has challenged the releases contained in the Lux Settlement, the releases were carefully negotiated between the parties, properly limited, and are appropriate. The releases do no reach the directors and officers of the Debtors. Instead they release only the claims of (and against) the respective Debtors, their successors and assigns, and court-retained professionals. Claims held by creditors (and not by a Debtor or its estate) are not being released. Further the releases do not affect any party's rights with respect to director and officer insurance policies.

6. The claims released include only (i) the intercompany claims scheduled by the Debtors and (ii) other unscheduled claims between the U.S. Debtors and the Lux Debtors.

Other than the potential reimbursement claims for administrative expenses paid (or incurred) by the U.S. Debtors, the Committee has not identified other viable claims or causes of action that the U.S. Debtors have against the Lux Debtors and the Debtors have reaffirmed that they believe the schedules are accurate and that no other intercompany claims exist.

7. The releases that the Lux Debtors are receiving under the Lux Settlement are not gratuitous. They represent a key component of the value that the Lux Debtors are receiving. In exchange for that value, the Lux Debtors are contributing as much as $6 million to fund recoveries for the creditors of the U.S. Debtors. While these recoveries are subject to reduction in certain circumstances, the largest potential reduction would be through the Lux Debtors (and their officers) obtaining a reduction in the claims held by the Debtors' non-debtor Mexican affiliates (the Mexican Intercompany Claims). In order to obtain any reduction, the Mexican Intercompany Claims would have to be reduced by $300 million and in order to obtain the highest reduction they would need to be reduced by $600 million. If the Lux Debtors are able to achieve such reductions in the Mexican Intercompany Claims (without the need for costly litigation by the U.S. Debtors and their estates), unsecured creditors of the U.S. Debtors will see a benefit that far exceeds the reduced payment from the Lux Debtors. Another benefit of the Lux Settlement already being realized is the proposed settlement with Sculptor Investments IV S.à.r.l., which was contemplated by the Lux Settlement and will release millions of dollars of guaranty claims against M&G Polymers.

8. Thus, in light of the total consideration flowing to (and other benefits received by) the U.S. Debtors, their estates, and creditors under the Lux Settlement, the Committee believes that the releases in the Lux Settlement are appropriate, and approval of the

Lux Settlement Motion is necessary to allow the U.S. Debtors' chapter 11 plan to progress toward confirmation.[3]

## II. The Lux Creditor Motion Should be Approved

9.  The Committee believes that the relief requested in the Lux Creditor Motion is appropriate, targeted, well-supported by the factual record at the hearing on the Dismissal Motion and grounded in established law.  Indeed, the relief requested is justified under the doctrine of necessity and, based on negotiations between the Committee and the Debtors, limited in both amount (to a total of $300,000) and in recipients (non-insider trade creditors who are not known to be subject to the jurisdiction of this Court).  Such relief is much more limited in scope than the foreign vendor orders typically approved in this Court and others as part of "first day" relief.  *See*, *e.g.*, In re The Gymboree Corp., 17-32986 (KLP) [D.I. 383] (Bankr. E.D. Va. July 11, 2017) (approving $75 million foreign vendor program); and In re Claire's Stores, Inc., 18-10584 (MFW) [D.I. 280] (Bankr. D. Del. April 17, 2018) (approving $10 million foreign vendor program).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[3]  Additionally, the Committee notes that, if the Dismissal Motion had been denied, the Committee has asserted that grounds exist for the Lux Debtors to be substantively consolidated with the U.S. Debtors, which would have the effect of eliminating the very claims that are the subject of the releases in the Lux Settlement.

## **CONCLUSION**

10. Based on all of the foregoing, the Committee respectfully requests that the Court (i) overrule the Objections, (ii) grant the relief sought in the Lux Settlement Motion and the Lux Creditor Motion, and (iii) grant such other and further relief as is just and proper.

Dated: September 10, 2018
Wilmington, DE

By: /s/ J. Kate Stickles
J. Kate Stickles (No. 2917)
David R. Hurst (No. 3743)
COLE SCHOTZ P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email: kstickles@coleschotz.com
 dhurst@coleschotz.com

-and-

Dennis F. Dunne, Esq. (admitted *pro hac vice*)
Abhilash M. Raval, Esq. (admitted *pro hac vice*)
Lauren C. Doyle, Esq. (admitted *pro hac vice*)
MILBANK, TWEED, HADLEY & M$^C$CLOY LLP
28 Liberty St.
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 822-5846
Email: ddunne@milbank.com
 araval@milbank.com
 ldoyle@milbank.com

*Counsel to Official Committee of Unsecured Creditors of M & G USA Corporation, et al.*