## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17- 12307 (BLS) |
| Debtors. | : | (Jointly Administered) |
| | : | |

## DEBTORS' FIRST OMNIBUS
## OBJECTION (NON-SUBSTANTIVE) TO CERTAIN
## (I) AMENDED AND SUPERSEDED CLAIMS AND (II) DUPLICATE CLAIMS

> **ANY PARTY RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD
> LOCATE THEIR NAMES AND THEIR CLAIM(S) IN THE ATTACHED EXHIBITS.
> YOUR SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND
> BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S)**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")

hereby object (the "Objection"), pursuant to sections 105 and 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Practice and Procedure for this

Court (the "Local Rules"), and seek the entry of an order, in substantially the form attached

hereto as Exhibit A (the "Proposed Order"), disallowing and expunging (i) certain amended and

superseded claims, identified in Exhibit 1 to the Proposed Order (the "Amended Claims") and

(ii) certain duplicate claims, identified in Exhibit 2 to the Proposed Order (the "Duplicate

Claims"). In support of this Objection, the Debtors submit the *Declaration of Dennis Stogsdill in*

---

[1]    The Debtors are the following twelve entities (the last four digits of their respective taxpayer
identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236),
M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi &
Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA
Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American
Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240,
Houston, Texas 77067.

*Support of the Debtors' First Omnibus Objection to Claims* (the "Stogsdill Declaration"),

attached hereto as Exhibit B, and respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is

proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.      General Background**

2.      On October 24, 2017 (the "Polymers Petition Date"), Debtor M&G Polymers

USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the

Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other

Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of

M&G Polymers, the "Cases").  The Debtors are continuing in possession of their properties and

are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

3.      An Official Committee of Unsecured Creditors (the "Committee") was appointed

in these Cases on November 13, 2017 (Docket No. 146).  Additional information regarding the

Debtors and these Cases, including the Debtors' businesses, corporate structure and financial

condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings*

(Docket No. 3) (the "First Day Declaration"), filed on October 31, 2017 and incorporated herein

by reference.

4.      On September 5, 2018, all of the Debtors other than Mossi & Ghisolfi

International S.à r.l., M&G Chemicals S.A. and M&G Capital S.à r.l. filed the *Joint Plan of*

*Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 1812) (as it may be

-2-

modified, amended or supplemented, the "Plan") and related *Disclosure Statement for Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 1813).

### B. The Schedules and the Bar Date

5.    On January 22 and 23, 2018, the Debtors filed their respective Schedules of Assets and Liabilities and Statement of Financial Affairs (*see* Docket Nos. 734-760) (collectively, the "Schedules"). The Debtors subsequently amended the Schedules on January 25, 2018 (*see* Docket Nos. 778; 780-790) and, on August 15, 2018, Debtor Chemtex International Inc. amended its Schedule E/F (*see* Docket No. 1764).

6.    On February 27, 2018, the Court entered the *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* (Docket No. 1053) (the "Bar Date Order"). Among other things, the Bar Date Order established (i) April 5, 2018 as the deadline by which any person or entity holding a claim against the Debtors that arose or was deemed to have arisen prior to the Polymers Petition Date in the case of claims against M&G Polymers, or the Petition Date in the case of claims against all other Debtors, was required to file a proof of claim in these Cases (the "General Bar Date"); (ii) April 30, 2018 as the deadline by which any government unit (as such term is defined in section 101(27) of the Bankruptcy Code) holding a claim against the Debtors that arose or was deemed to have arisen prior to the Polymer Petition Date or the Petition Date, as applicable, was required to file a proof of claim in these Cases; and (iii) May 9, 2018 as the deadline by which union members, retirees, employees or former employees were required to file any claim arising under any collective bargaining agreement between the United Steel, Paper and Forestry, Rubber, Manufacturing,

NAI-1504314913v4

Energy Allied Industrial and Service Workers International Union and the Debtors, including any claim related to medical or other healthcare benefits.[2]

7. The Debtors' claims register reflects that as of the date hereof, approximately 976 proofs of claim have been filed, which the Debtors and their advisors are in the process of reviewing and reconciling.

## RELIEF REQUESTED

8. The Debtors request entry of an order, pursuant to sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, in substantially the form of the Proposed Order, disallowing and expunging (a) the Amended Claims, with the surviving claim in respect of each Amended Claim identified on Exhibit 1 to the Proposed Order under the header "Remaining Claims" and (b) the Duplicate Claims, with the surviving claim in respect of each Duplicate Claim identified on Exhibit 2 to the Proposed Order under the header "Remaining Claims."

## BASIS FOR RELIEF

### A.    Applicable Standard for Objecting to Proofs of Claim

9. Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 105(a) provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

---

[2]    In addition, the Bar Date Order established deadlines for filing claims by (a) any entity whose claim arises out of the Court approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order of the Court and (b) any entity in the event that a Debtor amends or supplements its Schedules to reduce or reclassify such entity's claim. *See* Bar Date Order, at ¶¶ 6-7.

NAI-1504314913v4

10.     When asserting a proof of claim against a bankrupt estate, a claimant must allege

facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re*

*Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Where the claimant alleges sufficient

facts to support its claim, its claim is afforded prima facie validity. *Id.* at 173. A party wishing

to dispute a claim's validity must produce evidence sufficient to negate the claim's prima facie

validity. *Id.* Once an objecting party produces such evidence, the burden shifts back to the

claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174.

**B.     Request to Disallow and Expunge the Amended Claims**

11.     As set forth in the Stogsdill Declaration, the Debtors have determined that each of

the Amended Claims has been amended by a subsequently filed proof of claim. A list of the

Amended Claims is set forth in the column titled "Claims to be Disallowed" on Exhibit 1 to the

Proposed Order. In the column titled "Remaining Claims" on Exhibit 1 to the Proposed Order,

the Debtors have identified the claims that the Debtors believe amend the Amended Claims

(collectively, the "Amending Claims") that will remain if the Court grants this Objection.

12.     The Debtors believe that the applicable claimants will suffer no prejudice if the

Amended Claims are disallowed and expunged because the Amending Claims will remain on the

Debtors' register of claims after the corresponding Amended Claims are disallowed and

expunged. To the contrary, disallowing and expunging the Amended Claims will prevent the

claimants holding such claims from receiving a windfall and potential double recovery, to the

detriment of the Debtors' other economic stakeholders. Accordingly, the Debtors request that the

Court disallow and expunge the Amended Claims, subject to the rights of the Debtors or their

successors to assert any further objections on any other grounds, whether substantive or

non-substantive, to the Amending Claims.

NAI-1504314913v4

**C.     Request to Disallow and Expunge Duplicate Claims**

13.     As set forth in the Stogsdill Declaration, the Debtors have determined that each of the Duplicate Claims has been asserted twice against the same Debtor, in the same amount and classification. A list of the Duplicate Claims is set forth in the column titled "Claims to be Disallowed" on Exhibit 2 to the Proposed Order. In the column titled "Remaining Claims" on Exhibit 2 to the Proposed Order, the Debtors have identified the claims that the Debtors believe duplicate the Duplicate Claims (collectively, the "Duplicating Claims" and, together with the Amending Claims, the "Remaining Claims") that will remain if the Court grants this Objection.

14.     The Debtors should not be required to satisfy the same obligation twice. *See, e.g., In re Handy Andy Home Improvement Ctrs.*, Inc., 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("it is axiomatic that one cannot recover for the same debt twice"). Moreover, the elimination of Duplicate Claims will enable the Debtors to maintain a claims register that more accurately reflects the claims asserted against the Debtors.

15.     Finally, the Debtors believe that the applicable claimants will suffer no prejudice if the Duplicate Claims are disallowed and expunged because the Duplicating Claims will remain on the Debtors' register of claims after the corresponding Duplicate Claims are disallowed and expunged. Indeed, disallowing and expunging the Duplicate Claims will prevent the claimants holding such claims from receiving a windfall and potential double recovery, to the detriment of the Debtors' other economic stakeholders. Accordingly, the Debtors request that the Court disallow and expunge the Duplicate Claims, subject to the rights of the Debtors or their successors to assert any further objections on any other grounds, whether substantive or non-substantive, to the Duplicating Claims.

NAI-1504314913v4

## CERTIFICATION UNDER LOCAL RULE 3007-1

16.     Pursuant to Local Rule 3007-1, the Debtors and their undersigned counsel certify that this Objection substantially complies with Local Rule 3007-1 except that, in the interests of clarity, the Debtors have separated out the Amended Claims and Duplicate Claims between Exhibits 1 and 2 to the Proposed Order, respectively.  To the limited extent that this Objection might not comply strictly with any requirement of Local Rule 3007-1 or Bankruptcy Rule 3007, the Debtors and their counsel respectfully submit that any deviation is immaterial and, on that basis, request that the Court waive the applicable requirement.

## RESPONSES TO OMNIBUS OBJECTIONS

17.     To contest this Objection, a party must (a) file a written response (a "Response") with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware at 824 N. Market Street, Wilmington, Delaware 19801, prior to 4:00 p.m. (Eastern Time) on September 24, 2018 (the "Response Deadline"), and (b) serve such Response upon the following entities, such that the Response is received no later than the Response Deadline, at the following addresses (i) counsel to the Debtors, Jones Day, 250 Vesey Street, New York, NY 10280, Attn: Stacey L. Corr-Irvine, Esq. (scorrirvine@jonesday.com), 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn:  Carl E. Black, Esq. (ceblack@jonesday.com), 1420 Peachtree Street, N.E., Suite 800, Atlanta, GA 30309-3053, Attn:  Daniel J. Merrett, Esq. (dmerrett@jonesday.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com) and Joseph M. Mulvihill, Esq. (jmulvihill@pszjlaw.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, Delaware 19801, Attn:  Hannah McCollum, Esq. (Hannah.McCollum@usdoj.gov); and

-7-

(iii) counsel to the Committee, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com) and Lauren Doyle, Esq. (ldoyle@milbank.com) and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington Delaware 19801, Attn: J. Kate Stickles, Esq. (kstickles@coleschotz).

18.     Every Response to this Objection must contain at a minimum the following information: (a) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed; (b) the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim; (c) the specific factual basis and supporting legal argument upon which the party will rely in opposing the Objection; (d) any supporting documentation, to the extent that it was not included with the proof of claim previously filed with the clerk or claims agent, upon which the party will rely to support the basis for and amounts asserted in the respective proof of claim; and (e) the name, address, telephone number, email address, or fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Response and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

19.     If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing and expunging such claimant's claim in accordance with the relief requested in the Objection and the exhibits hereto, without further notice to such claimant or a hearing.

NAI-1504314913v4

## REPLIES TO RESPONSES

20.     Consistent with Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to any Response one day prior to the deadline for filing the agenda on any hearing to consider this Objection.

## SEPARATE CONTESTED MATTER

21.     To the extent that a claimant files a response to any objection set forth herein and the Debtors are unable to resolve the response, each such claim and the objection by the Debtors to each such claim asserted herein, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order the Court enters that addresses any individual objection asserted in this Objection will be deemed a separate order with respect to each affected claim.

## RESERVATION OF RIGHTS

22.     To the fullest extent permissible under Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtors reserve the right to object further to each of the Amended Claims, Duplicate Claims and Remaining Claims on any and all additional factual and legal grounds. Nothing construed in this Objection and/or the exhibits hereto shall be construed as an admission of the amount, priority and/or status of any claim.

## NOTICE

23.     Notice of this Objection shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) the Committee and its counsel Milbank, Tweed, Hadley & McCoy LLP and Cole Schotz P.C.; and (c) the holders of the Amended Claims and Duplicate Claims and their counsel, if known. The Debtors submit that no other or further notice need be provided.

NAI-1504314913v4

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

Dated: September 10, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*(signature)*

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:      (302) 652-4400
Email:           ljones@pszjlaw.com
                     joneill@pszjlaw.com
                     jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone:     (212) 326-3939
Facsimile:      (212) 755-7306
Email:           sgreenberg@jonesday.com
                     scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, OH 44114
Telephone:     (216) 586-7035
Facsimile:      (216) 579-0212
Email:           ceblack@jonesday.com

*Co-Counsel for the Debtors*
*and Debtors in Possession*

NAI-1504314913v4