# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | Case No. 17- 12307 (BLS) |
| Debtors. | (Jointly Administered) |

## DEBTORS' SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO RECLASSIFY CERTAIN MISCLASSIFIED CLAIMS

**ANY PARTY RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND THEIR CLAIM(S) IN THE ATTACHED EXHIBIT. YOUR SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S)**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby object (this "Objection"), pursuant to sections 105 and 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Practice and Procedure for this Court (the "Local Rules"), and seek the entry of an order, in substantially the form attached hereto as Exhibit A (the "Proposed Order"), reclassifying certain misclassified claims to the classifications set forth under the column labeled "Modified Classification Status" in Exhibit 1 to the Proposed Order. In support of this Objection, the Debtors submit the *Declaration of Dennis*

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

*Stogsdill in Support of the Debtors' Second Omnibus Objection to Claims* (the "Stogsdill Declaration"), attached hereto as Exhibit B, and respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. General Background

2. On October 24, 2017 (the "Polymers Petition Date"), Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) (the "First Day Declaration"), filed on October 31, 2017 and incorporated herein by reference.

4. On September 5, 2018, all of the Debtors other than Mossi & Ghisolfi International S.à r.l., M&G Chemicals S.A. and M&G Capital S.à r.l. filed the *Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 1812) (as it may be

-2-

NAI-1504285217v6

modified, amended or supplemented, the "Plan") and related *Disclosure Statement for Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 1813).

### B. The Schedules and the Bar Dates

5. On January 22 and 23, 2018, the Debtors filed their respective Schedules of Assets and Liabilities and Statement of Financial Affairs (*see* Docket Nos. 734-760) (collectively, the "Schedules"). The Debtors subsequently amended the Schedules on January 25, 2018 (*see* Docket Nos. 778; 780-790) and on August 15, 2018, Debtor Chemtex International Inc. amended its Schedule E/F (*see* Docket No. 1764).

6. On February 27, 2018, the Court entered the *Order (I) Establishing Bar Dates for Filing Claims and (II) Approving the Form and Manner of Notice Thereof* (Docket No. 1053) (the "Bar Date Order"). Among other things, the Bar Date Order established (i) April 5, 2018 as the deadline by which any person or entity holding a claim against the Debtors that arose or was deemed to have arisen prior to the Polymers Petition Date in the case of claims against M&G Polymers, or the Petition Date in the case of claims against all other Debtors, was required to file a proof of claim in these Cases (the "General Bar Date"); (ii) April 30, 2018 as the deadline by which any government unit (as such term is defined in section 101(27) of the Bankruptcy Code) holding a claim against the Debtors that arose or was deemed to have arisen prior to the Polymer Petition Date or the Petition Date, as applicable, was required to file a proof of claim in these Cases; and (iii) May 9, 2018 as the deadline by which union members, retirees, employees or former employees were required to file any claim arising under any collective bargaining agreement between the United Steel, Paper and Forestry, Rubber, Manufacturing,

Energy Allied Industrial and Service Workers International Union and the Debtors, including any claim related to medical or other healthcare benefits.[2]

7. On April 26, 2018, the Court entered the *Order (I) Establishing an Administrative Bar Date and (II) Approving the Form and Manner of Notice Thereof* (Docket No. 1410) (the "Interim Administrative Bar Date Order"). Among other things, the Interim Administrative Bar Date Order established June 11, 2018 (the "Interim Administrative Bar Date") as the deadline by which any person or entity that held or wished to assert, as to or against the Debtors, (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, *provided* that such right to payment (a) arose under section 503(b) of the Bankruptcy Code and (b) first arose on or after (1) the Polymers Petition Date in the case of claims against M&G Polymers or (2) the Petition Date in the case of claims against all other Debtors (each such claim, an "Administrative Claim"). The Interim Administrative Bar Date applies only to Administrative Claims arising on or before May 1, 2018, and the Debtors anticipate establishing a final Administrative Claims' bar date pursuant to the Plan, subject to approval of the Court.

---

[2] In addition, the Bar Date Order established deadlines for filing claims by (a) any entity whose claim arises out of the Court approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order of the Court and (b) any entity in the event that a Debtor amends or supplements its Schedules to reduce or reclassify such entity's claim. *See* Bar Date Order, at ¶¶ 6-7.

8. The Debtors' claims register reflects that as of the date hereof, approximately 976 proofs of claim (including proofs of claim asserting an Administrative Claim) have been filed, which the Debtors and their advisors are in the process of reviewing and reconciling.

C. **The Misclassified Administrative Expense Claims**

9. The claims identified on Exhibit 1 to the Proposed Order (collectively, the "Misclassified Administrative Expense Claims") consist of: (a) two claims asserted by prepetition customers of the Debtors for damages incurred under their contracts after the Petition Date and (b) 27 claims that relate to or are asserted by parties that provided goods and/or services to the Debtors prior to the Petition Date in connection with the construction of the Debtors' unfinished PTA/PET manufacturing facility in Corpus Christi, Texas. The Debtors seek to reclassify the Misclassified Administrative Expense Claims because, in each case, they improperly assert an entitlement to administrative priority pursuant to section 503(b) of the Bankruptcy Code.

## RELIEF REQUESTED

10. The Debtors request entry of an order, pursuant to sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, in substantially the form of the Proposed Order, reclassifying the Misclassified Administrative Expense Claims to the classification set forth in the column labeled "Modified Classification Status" on Exhibit 1 to the Proposed Order.

## BASIS FOR RELIEF

A. **Applicable Standard for Objecting to Claims**

11. Section 502(a) of the Bankruptcy Code provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 105(a)

NAI-1504285217v6

provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

12. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *Id.* at 173. A party wishing to dispute a claim's validity must produce evidence sufficient to negate the claim's prima facie validity. *Id.* Once an objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174.

**B.   Request to Reclassify the Misclassified Administrative Expense Claims**

13. Section 503(b)(1) of the Bankruptcy Code provides that a party shall be entitled to an administrative expense claim for "the actual, necessary costs and expenses of preserving the estate . . ." 11 U.S.C. § 503(b). In the Third Circuit, administrative expense claims generally must "arise from a transaction with the debtor-in-possession . . . [and] the consideration supporting the claimant's right to payment [must be] beneficial to the debtor-in-possession in the operation of the business." *In re O'Brien Environ. Energy, Inc.*, 181 F.3d 527, 532-33 (3d Cir. 1999) (citations omitted); *see also In re Pinnacle Brands, Inc.*, 259 B.R. 46, 51 (Bankr. D. Del. 2001). The party asserting an administrative expense claim carries "the heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets." *In re O'Brien Environ. Energy, Inc.*, 181 F.3d at 533 (citation omitted). Indeed, the policy underlying the grant of an administrative expense claim is to "encourage creditors to supply necessary resources to debtors post-petition . . . [and] the furtherance of this policy is diminished where . . . the creditor is asserting that its administrative claims arise as a result of pre-petition

executory contracts . . ." *In re Grant Broad. of Philadelphia, Inc.*, 71 B.R. 891, 898 (Bankr. E.D. Pa. 1987).

14. The holders of the Misclassified Administrative Expense Claims have failed (a) to demonstrate how they provided a benefit to, or preserved the assets of, the Debtors' estates and/or (b) to identify a postpetition transaction with the Debtors that would give rise to an Administrative Claim. *See, e.g., In re Trans World Airlines, Inc.*, 275 B.R. 712, 724 (Bankr. D. Del. 2002) ("There was no post-petition transaction or relationship between the [d]ebtor and [the claimant] which would elevate [claimant]'s claims from mere breaches of a pre-petition contract to breaches of a post-petition contract entitled to administrative status. [Claimant] conveyed no benefit on the [d]ebtor or its estate by continuing to use the [d]ebtor's trademark and logos under the [agreement], it benefitted itself."). Because the Misclassified Administrative Expense Claims – to the extent valid – arise from prepetition transactions with the Debtors and provided no benefit to the Debtors' estates postpetition, they are not entitled to administrative expense status. Accordingly, the Debtors seek to reclassify the Misclassified Administrative Expense Claims as set forth in the column labeled "Modified Classification Status" on Exhibit 1 to the Proposed Order.

## CERTIFICATION UNDER LOCAL RULE 3007-1

15. Pursuant to Local Rule 3007-1, the Debtors and their undersigned counsel certify that this Objection substantially complies with Local Rule 3007-1. To the limited extent that this Objection might not comply strictly with any requirement of Local Rule 3007-1 or Bankruptcy Rule 3007, the Debtors and their counsel respectfully submit that any deviation is immaterial and, on that basis, request that the Court waive the applicable requirement.

NAI-1504285217v6

## RESPONSES TO OMNIBUS OBJECTIONS

16. To contest this Objection, a party must (a) file a written response (a "Response") with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware at 824 N. Market Street, Wilmington, Delaware 19801, prior to 4:00 p.m. (Eastern Time) on September 24, 2018 (the "Response Deadline") and (b) serve such Response upon the following entities, such that the Response is received no later than the Response Deadline, at the following addresses (i) counsel to the Debtors, Jones Day, 250 Vesey Street, New York, NY 10280, Attn: Stacey L. Corr-Irvine, Esq. (scorrirvine@jonesday.com), 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn: Carl E. Black, Esq. (ceblack@jonesday.com), 1420 Peachtree Street, N.E., Suite 800, Atlanta, GA 30309-3053, Attn: Daniel J. Merrett, Esq. (dmerrett@jonesday.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com) and Joseph M. Mulvihill, Esq. (jmulvihill@pszjlaw.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, Delaware 19801, Attn: Hannah McCollum, Esq. (Hannah.McCollum@usdoj.gov); and (iii) counsel to the Committee, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com) and Lauren Doyle, Esq. (ldoyle@milbank.com) and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington Delaware 19801, Attn: J. Kate Stickles, Esq. (kstickles@coleschotz).

17. Every Response to this Objection must contain at a minimum the following information: (a) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Objection to which the Response is directed; (b) the name of the claimant, his/her/its claim number, and a description of the basis for the amount of the claim;

(c) the specific factual basis and supporting legal argument upon which the party will rely in opposing the Objection; (d) any supporting documentation, to the extent that it was not included with the proof of claim previously filed with the clerk or claims agent, upon which the party will rely to support the basis for and amounts asserted in the respective proof of claim; and (e) the name, address, telephone number, email address, or fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Response and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

18. If a claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order reclassifying such claimant's claim in accordance with the relief requested in this Objection and the exhibits hereto, without further notice to such claimant or a hearing.

## REPLIES TO RESPONSES

19. Consistent with Local Rule 9006-1(d), the Debtors may, at their option, file and serve a reply to any Response one day prior to the deadline for filing the agenda on any hearing to consider this Objection.

## SEPARATE CONTESTED MATTER

20. To the extent that a claimant files a response to any objection set forth herein and the Debtors are unable to resolve the response, each such claim and the objection by the Debtors to each such claim asserted herein, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order the Court enters that addresses any individual objection asserted in this Objection will be deemed a separate order with respect to each affected claim.

NAI-1504285217v6

## RESERVATION OF RIGHTS

21. To the fullest extent permissible under Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtors reserve the right to object further to each of the Misclassified Administrative Expense Claims on any and all additional factual and legal grounds. Nothing in this Objection and/or the exhibits hereto shall be construed as an admission of the amount, priority and/or status of any claim.

## NOTICE

22. Notice of this Objection shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) the Committee and its counsel Milbank, Tweed, Hadley & McCoy LLP and Cole Schotz P.C.; and (c) the holders of the Misclassified Administrative Expense Claims and their counsel, if known. The Debtors submit that no other or further notice need be provided.

NAI-1504285217v6

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

Dated: September 10, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Joseph M. Mulvihill*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: sgreenberg@jonesday.com
scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: (216) 586-7035
Facsimile: (216) 579-0212
Email: ceblack@jonesday.com

Co-Counsel for the Debtors and Debtors in Possession

NAI-1504285217v6