# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>M & G USA CORPORATION, *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 17-12307 (BLS)<br>(Jointly Administered)<br>**Objection Deadline: October 5, 2018 at 4:00 p.m. (ET)**<br>**Hearing Date: To be determined** |

## SUMMARY OF FIRST INTERIM APPLICATION OF DURO & GOEBEL AVOCATS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS ORDINARY COURSE PROFESSIONAL TO THE LUXEMBOURG DEBTORS FOR THE PERIOD FROM JANUARY 10, 2018 THROUGH JULY 31, 2018

| | |
|---|---|
| Name of Applicant: | Duro & Goebel Avocats |
| Authorized to Provide Professional Services to: | The Luxembourg Debtors[2] |
| Period for which compensation and reimbursement are sought: | January 10, 2018 through July 31, 2018 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $313,000.07 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $0 |
| Petition Date: | October 30, 2017[3] |
| Date of Order Approving Retention: | November 30, 2017 (Docket No. 299),[4] *nunc pro tunc* to October 30, 2017 |

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] The "Luxembourg Debtors" are Debtors Mossi & Ghisolfi International S.à r.l., M&G Chemicals S.A. and M&G Capital S.à r.l.

[3] On October 24, 2017, Debtor M & G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. All other Debtors commenced their chapter 11 cases on October 30, 2017.

[4] On November 30, 2017, this Court entered an order (Docket No. 299) (the "OCP Order") authorizing the Debtors to retain and pay, *nunc pro tunc* to the Petition Date, certain professionals utilized in the ordinary course of business. The OCP Order requires each ordinary course professional to file a declaration in

| | |
|---|---|
| Total Compensation Approved by Interim Order to Date: | N/A |
| Total Expenses Approved by Interim Order to Date: | N/A |
| Total Allowed Compensation Paid to Date: | N/A |
| Total Allowed Expenses Paid to Date: | N/A |
| Blended Hourly Rate in this Application for All Attorneys: | €322.08 |
| Compensation Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | N/A |
| Expenses Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | N/A |
| Number of Professionals Included in this Application: | 2 |
| Number of Professionals Billing Fewer Than 15 Hours: | 0 |

This is a(n):  ___ monthly   _X_ interim   ___ final application

The total time expended for fee application preparation is 0 hours and the corresponding compensation requested is $0.

Prior Applications Filed: N/A

---

support of their retention. Duro & Goebel Avocats filed a declaration in support of its retention on January 26, 2018 (Docket No. 804). No objections were filed with respect to such declaration.

**SUMMARY OF HOURS AND FEES BY PROFESSIONAL**

| Name | Title | Rate | Hours* | Amount* |
|---|---|---|---|---|
| Marianne Goebel | Partner | €350 | 520.76 | €182,266.00 |
| Nicola Di Giovanni | Associate | €300 | 658.40 | €197,520.00 |

* These amounts include fees and hours in excess of the fees and hours incurred in connection with the D&G Excess Fees (as defined below).

## BLENDED RATE OF PROFESSIONALS – TOTAL

| Professionals | Total Hours* | Total Fees* | Blended Hourly Rate |
|---|---|---|---|
| Partners | 520.76 | €182,266.00 | €350 |
| Associates/Staff Attorneys | 658.40 | €197,520.00 | €300 |
| **TOTAL** | **1179.16** | **€379,786.00** | **€322.08** |

* These amounts include fees and hours in excess of the fees and hours incurred in connection with the D&G Excess Fees (as defined below).

# INFORMATION REGARDING PRIOR INTERIM FEE APPLICATIONS

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| Date Filed & Docket No. | Period Covered | Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid | | Date(s) of Orders on Interim Compensation or Reimbursement of Expenses |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |

## CUMULATIVE FEE AND EXPENSE TOTALS SINCE CASE INCEPTION

| Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid | | Fees and Expenses Disallowed or Withdrawn | |
|---|---|---|---|---|---|---|---|---|---|
| Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A | N/A |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: October 5, 2018 at 4:00 p.m. (ET)**<br>**Hearing Date: To Be Determined** |

## FIRST INTERIM APPLICATION OF DURO & GOEBEL AVOCATS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AS ORDINARY COURSE PROFESSIONAL TO THE LUXEMBOURG DEBTORS FOR THE PERIOD FROM JANUARY 10, 2018 THROUGH JULY 31, 2018

Duro & Goebel Avocats ("D&G"), an ordinary course professional retained by Debtors Mossi & Ghisolfi International S.à r.l. ("MGI"), M&G Chemicals S.A. ("MGC") and M&G Capital S.à r.l. (together MGI and MGC, the "Luxembourg Debtors") pursuant to the *Order (I) Authorizing the Retention and Payment, Nunc Pro Tunc as of the Petition Date, of Professionals Utilized by the Debtors in the Ordinary Course of Business and (II) Granting Related Relief* (Docket No. 299) (the "OCP Order"), hereby makes its first interim fee application (this "Interim Fee Application") for allowance of compensation of $313,000.07 for the period from January 10, 2018 through July 31, 2018 (the "Compensation Period"), in accordance with the OCP Order and the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (Docket No. 308) (the "Interim

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

Compensation Order"). In support of this Interim Fee Application, D&G respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On October 24, 2017 (the "Polymers Petition Date"), M & G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other above captioned debtors and debtors in possession (together with M&G Polymers, collectively, the "Debtors") commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) (the "First Day Declaration"), filed on October 31, 2017 and incorporated herein by reference.

4. On September 5, 2018, all of the Debtors other than the Luxembourg Debtors filed the *Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 1812) (as it may be modified, amended or supplemented, the "Plan") and related

*Disclosure Statement for Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 1813). On September 13, 2018, the Court entered an order approving the dismissal of the Luxembourg Debtors' Cases (Docket No. 1859), effective on the earlier of the effective date of the Plan and the date upon which a final and non-appealable order is entered approving a resolution of certain intercompany claims asserted by the Debtors' non-debtor affiliates in Mexico.

### The OCP Order

5. On November 10, 2017, the Debtors filed the *Motion of the Debtors for an Order (I) Authorizing the Retention and Payment, Nunc Pro Tunc as of the Petition Date, of Professionals Utilized by the Debtors in the Ordinary Course of Business and (II) Granting Certain Related Relief* (Docket No. 136) (the "OCP Motion"), by which the Debtors sought the authorization to retain, employ and pay certain professionals utilized in the ordinary course of business. On November 30, 2017, this Court entered the OCP Order, authorizing the relief requested in the OCP Motion. In accordance with the OCP Order, D&G filed a declaration in support of its retention on January 26, 2018 (Docket No. 804), to which no objections were filed.

6. In relevant part, the OCP Order provides that "the fees and disbursements for any one [o]rdinary [c]ourse [p]rofessional shall not exceed a total of $25,000 per month on average over a rolling four-month period (the "OCP Fee Limit")." OCP Order, ¶ 3. In addition, the OCP Order provides that to the extent that an ordinary course professional "seeks compensation in excess of the OCP Fee Limit (the "Excess Fees"), the Excess Fees will be subject to court approval based upon an application for allowance of fees and expenses under Bankruptcy Code Sections 330 and 331, pursuant to the same procedures that are established for all other professionals retained in these Cases . . ." *Id.* at ¶ 4(e).

7. D&G files this Interim Fee Application because it has been paid Excess Fees in the amount of $313,000.07 (the "D&G Excess Fees") by the Luxembourg Debtors. Accordingly, by this Interim Fee Application, D&G discloses the payment of the D&G Excess Fees and seeks approval of the D&G Excess Fees in accordance with the OCP Order and the Interim Compensation Order.

**The Interim Compensation Order**

8. On November 10, 2017, the Debtors filed the *Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 141) (the "Interim Compensation Procedures Motion"), which sought to establish procedures for the compensation and reimbursement of professionals whose retentions are approved by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code on a monthly basis and on terms comparable to the procedures established in other large chapter 11 cases. On December 1, 2017, this Court entered the Interim Compensation Order, which approved the relief sought in the Interim Compensation Procedures Motion and authorized the implementation of the interim compensation procedures contemplated therein.

9. In relevant part, the Interim Compensation Order provides that "commencing with the period ending January 31, 2018, at each three-month intervals . . . each of the [p]rofessionals will file with the Court . . . an application pursuant to section 331 of the Bankruptcy Code for interim Court approval and allowance of the compensation and reimbursement of expenses sought by the [p]rofessional" in its monthly fee applications. Interim Comp. Order., ¶ 2(f). The Interim Compensation Order further provides that interim fee applications "must be filed on or before the 45th day after the end of the [i]nterim [f]ee [p]eriod . . . for which the application seeks allowance of fees and reimbursement of expenses"

and that interim fee applications "must identify the [m]onthly [f]ee [a]pplications that are the subject of the request and any information requested by the Court and the Local Rules." *Id.*

## D&G'S APPLICATION FOR COMPENSATION

### Compensation Paid and Its Sources

10. D&G has received no payment for services rendered in any capacity in connection with the matters covered in this Interim Fee Application, nor has it received any promises for payment for matters covered by this Interim Fee Application, from any source other than from the Luxembourg Debtors. There is no agreement or understanding between D&G and any other person other than partners of D&G for the sharing of compensation to be received from the services rendered in these Cases.

### Itemization of Services Rendered

11. Attached hereto as <u>Exhibit A</u> are the time records of D&G, which provide a daily summary of the time spent by each D&G attorney[2] during the Compensation Period, including time records for amounts already approved pursuant to the OCP Order. The blended hourly billing rate of attorneys for all services provided during the Compensation Period is €322.08.[3]

### Total Fees Sought for the Compensation Period

12. By this Application, D&G requests that the Court approve the allowance of the D&G Excess Fees (*i.e.*, $313,000.07) in connection with professional services rendered by D&G during the Compensation Period.

---

[2] Attorneys include one partner and one associate, as applicable, rendering services to the Luxembourg Debtors during the Compensation Period.

[3] The blended hourly billing rate of €322.08 for attorneys is derived by dividing the total fees for attorneys of €379,786 by the total hours of 1179.16. The blended hourly billing rate includes fees and hours in excess of the fees and hours incurred in connection with the D&G Excess Fees.

## Services Performed by D&G

13. The following is a summary of activities performed by D&G attorneys during the Compensation Period.[4] Specifically, during the Compensation Period, D&G attorneys:

(a) advised the Luxembourg Debtors on matters concerning Luxembourg insolvency law;

(b) analyzed and prepared documents in connection with certain labor issues arising under Luxembourg law;

(c) attended and participated in meetings of the Luxembourg Debtors' board of directors, and prepared minutes in connection therewith;

(d) reviewed and analyzed certain contractual issues arising under Luxembourg law;

(e) advised the Luxembourg Debtors with respect to issues arising under Luxembourg law in connection with their motion seeking dismissal of their Cases (Docket No. 1537);

(f) reviewed and analyzed claims asserted by certain of the Luxembourg Debtors' creditors;

(g) advised the Luxembourg Debtors with respect to certain tax issues arising under Luxembourg law;

(h) analyzed and provided comments with respect to (i) a settlement agreement between MGI, MGC, M&G Polimeros Mexico, S.A. de C.V., M&G Polimeros Brasil, S.A. and ALOKE EMPREENDIMENTOS E PARTICIPAÇÕES LTDA. (Docket No. 1387), (ii) a settlement agreement between M&G Finanziaria S.p.A., M&G Polimeri S.p.A., MGC, MGI, Magnate S.à r.l and Debtor Chemtex International Inc. (Docket No. 1489) and (iii) a deed of settlement between MGI, M&G Capital Investments S.à r.l. and Sculptor Investments IV S.à r.l. (Docket No. 1785); and

(i) advised the Luxembourg Debtors concerning reporting and regulatory requirements under Luxembourg law.

---

[4] The summary set forth below is qualified in its entirety by reference to the time and services detail attached hereto as Exhibit A.

# APPENDIX B GUIDELINES

14. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

    (a) No.

15. If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application higher by 10% or more, did you discuss the reasons for the variation with the client?

    (a) Not applicable.

16. Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

    (a) No.

17. Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

    (a) No.

18. Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

    (a) No.

19. If the fee application includes any rate increases since retention in this case:

    (a) Did your client review and approve those rate increases in advance?

        (A) Not applicable.

    (b) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

(A) Not applicable.

## **REQUESTED COMPENSATION SHOULD BE ALLOWED**

20. Section 330(a)(1) of the Bankruptcy Code provides that the Court may award a professional person employed under section 327 and 1103 of the Bankruptcy Code:

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1). Section 330(a)(3)(A) further provides the following standards for the Court's review of a fee application:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A).

21. D&G respectfully submits that it has satisfied the requirements of section 330 of the Bankruptcy Code for the allowance of compensation sought herein. The services described above were necessary to the administration of these Cases and were beneficial to the Debtors and parties in interest. D&G's services were often performed in a minimum amount of time and commensurate with the complexity of the matters facing the Luxembourg Debtors. Further, the compensation sought by D&G is reasonable because it is based on the customary compensation charged by comparably skilled practitioners in Luxembourg outside of bankruptcy.

## CONCLUSION

22. D&G attorneys expended a total of 1179.16 hours in connection with their representation of the Luxembourg Debtors during the Compensation Period. Employing D&G's normal hourly rates for work of this character, the reasonable value of the services rendered by D&G for the Luxembourg Debtors during the Compensation Period is €379,786.00.[5] Pursuant to the Interim Compensation Order and the OCP Order, by this Interim Fee Application, D&G seeks allowance of fees incurred during the Compensation Period in the sum of $313,000.07 (*i.e.*, the D&G Excess Fee) (the "Requested Interim Payment").

23. D&G respectfully submits that the amount requested in this Interim Fee Application is fair and reasonable and satisfies the requirements of section 330 of the Bankruptcy Code.

## NOTICE

24. D&G will serve this Interim Fee Application in accordance with the Interim Compensation Order and the Local Rules. Pursuant to the Interim Compensation Order,

---

[5] These amounts include fees and hours in excess of the fees and hours incurred in connection with the D&G Excess Fees.

objections to this Interim Fee Application, if any, must be in writing and filed with the Court and served upon D&G so as to be received no later than October 5, 2018 (the "Objection Deadline"). If no objections to this Interim Fee Application are received by the Objection Deadline, D&G is authorized to receive the Requested Interim Payment pursuant to the terms of the Interim Compensation Order and the OCP Order.

## NO PRIOR REQUEST

25. No prior request for the relief sought in this Application has been made to this or any other court.

Dated: September 14, 2018
       Luxembourg

/s/ *Marianne Goebel*
Duro & Goebel Avocats
Marianne Goebel
3, rue de la Chappelle – B.P. 758
L-2017 Luxembourg
Telephone: (352) 45 80 45-1
Facsimile: (352) 45 45 51
Email: goebel@duro-goebel.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered) |

## CERTIFICATION OF MARIANNE GOEBEL

Marianne Goebel, under penalty of perjury, certifies as follows:

1.      I am a partner with the law firm of Duro & Goebel Avocats. I have read the Interim Fee Application and am familiar with the work performed on behalf of the Luxembourg Debtors by the attorneys of Duro & Goebel.

2.      The facts set forth in the foregoing Interim Fee Application are true and correct to my knowledge, information and belief. I have reviewed the Interim Compensation Order and submit that the Interim Fee Application substantially complies therewith.

Dated: September 14, 2018

/s/ *Marianne Goebel*
Marianne Goebel

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

NAI-1504399511v3