# EXHIBIT A

# (PROPOSED ORDER)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| Debtors. | : | (Jointly Administered) |
| | : | |

## ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN
## M & G POLYMERS USA, LLC AND MOSSI&GHISOLFI FINANZIARIA S.P.A.

This Court has considered the *Debtors' Motion for Entry of an Order Approving Settlement Agreement by and between M & G Polymers USA, LLC and Mossi&Ghisolfi Finanziaria S.p.A.* (the "Motion"),[2] the First Day Declaration and the statements of counsel and the evidence adduced with respect to the Motion at any hearing before this Court (the "Hearing"). This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion and the Hearing was sufficient under the circumstances. After due deliberation, this Court has determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

    1.    The Motion is GRANTED as set forth herein.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2. The Settlement Agreement, attached hereto as <u>Exhibit 1</u>, is APPROVED.

3. Notwithstanding anything to the contrary in the Settlement Agreement, the settlement being approved by this Order shall not affect, alter, modify or release any claims that the Debtors may have against their directors and officers.

4. If (a) the effective date of the Settlement Agreement has not occurred pursuant to its terms on or prior to March 31, 2019 or (b) the proposed Arrangement of Creditors is inadmissible and/or the proposed Arrangement of Creditors is not approved by the applicable class of creditors or the competent Italian Court, the Settlement Agreement and its terms shall be null and void and of no further force and effect.

5. The Debtors are authorized to take any steps as may be required or necessary in order to implement the Settlement Agreement and the transactions contemplated thereby.

6. The terms and conditions of this Order shall be effective immediately upon its entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____          _____
       Wilmington, Delaware              The Honorable Brendan L. Shannon
                                         United States Bankruptcy Court Judge

# **EXHIBIT 1**

# **SETTLEMENT AGREEMENT**

NAI-1504586728v3

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (this "Agreement") is made and entered into as of September 19, 2018, by and among:

(i) M&G Polymers USA, LLC, a Delaware limited liability company with an office at 450 Gears Road, Suite 240, Houston, TX 77067 ("Polymers"); and

(ii) Mossi&Ghisolfi Finanziaria S.p.A., an Italian company registered with the Companies' Register of Alessandria, Numero R.E.A. – AL 226366 with registered and main seat in Tortona (AL), strada Ribrocca 11 ("MGF" and collectively with Polymers, the "Parties").

RECITALS:

A. WHEREAS, on October 24, 2017, Polymers commenced chapter 11 cases before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and, thereafter, on October 30, 2017, certain affiliated entities commenced chapter 11 cases before the Bankruptcy Court, which, together with Polymers' chapter 11 case, are currently pending before the Bankruptcy Court under the caption M&G USA Corp., *et al*., Case No. 17-12307 (BLS) (the "Chapter 11 Cases");

B. WHEREAS, MGF is currently subject to restructuring proceedings in Italy and is restructuring its indebtedness by agreements with its creditors that shall be part of a restructuring plan, including the transactions contemplated in this Agreement (as defined below) , and that must be ratified (*omlogato*) by the competent Italian Court under Sect. 182bis Italian Bankruptcy Law by means of judicial measure, also temporarily effective ("Court Approval");

C. WHEREAS, MGF is the ultimate parent company of each of Polymers and its affiliates chapter 11 debtors and, prior to the filing of the Chapter 11 Cases, engaged in intercompany transactions with Polymers and its affiliates in the ordinary course of business (the "Intercompany Transactions");

D. WHEREAS, the Intercompany Transactions generated intercompany receivables and payables, including:

(1) A 2014 trade receivable of $2,727,181.44 in favor of Polymers related to a credit note from MGF for a 2013 contract service agreement (the "Polymers Receivable");

(2) An October 2017 trade payable invoice in the amount of $72,488.16 from MGF to Polymers related to Polymers' reimbursement of salaries and expenses of expatriate employees of MGF (the "Polymers Payable");

(3) A $122,974.95 intercompany payable from chapter 11 debtor M&G Resins USA, LLC ("Resins") in favor of MGF arising from (i) salaries and expenses of expatriate

employees of MGF providing services to Resins and (ii) fees and expenses associated with guarantees provided by MGF on behalf of Resins (the "Resins Payable"); and

(4) A $57,929.20 intercompany payable from chapter 11 debtor M&G Waters USA, LLC ("Waters") in favor of MGF arising from (i) salaries and expenses of expatriate employees of MGF providing services to Waters and (ii) fees and expenses associated with guarantees provided by MGF on behalf of Waters (the "Waters Payable").

E. WHEREAS, the Parties desire to enter into this Agreement to resolve disputes concerning the Intercompany Transactions and related claims between Polymers, Resins and Waters, on the one hand, and MGF, on the other hand.

Accordingly, in consideration of the mutual agreements herein contained and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties hereto agree as follows:

SECTION 1. *Setoff of Polymers Payable and Polymers Receivable.* On the Effective Date (as defined below), the Polymers Payable shall be setoff against the Polymers Receivable and Polymers shall have a resulting claim in the amount of $2,654,693.28 against MGF (the "Polymers Claim").

SECTION 2. *Limitation on Recovery*.

(a) In connection with the Arrangement of Creditors, Polymers hereby agrees that it will accept cash payment of 10% (ten percent) of the Polymers Claim and will waive the residual 90% (ninety percent) of the Polymers Claim; provided, that if any general unsecured (i.e., non-priority) creditor of MGF with an individual claim in excess of Euro 200.000,00 receives a recovery (by percentage) greater than 10% (ten percent) on account of its claim against MGF, Polymers' payment shall be increased (and the waiver of the residual percentage of the Polymers Claim decreased) by the amount required to increase Polymers' recovery by the same percentage. For the avoidance of doubt, claims against MGF held by (i) taxing authorities and (ii) current or former employees of MGF (to the extent such claims arise from such employee's employment by MGF) shall constitute priority claims for purposes of this clause (a).

(b) Clause (a) shall not be applicable (i) to any payment or other recovery received by a creditor of MGF on account of its claim against MGF to the extent such recovery is received from a source other than MGF or (ii) to the extent there is a judicial determination by a court of competent jurisdiction in Italy requiring MGF to pay any creditors in excess of 10% (ten percent) of its claim.

(c) Subject to clause (a), Polymers hereby agrees to be listed as a subordinated creditor for purposes of the Arrangement with Creditors.

SECTION 3. *Representations and Acknowledgements*. To induce the other Party to enter into this Agreement, each Party represents to the other Party and acknowledges and agrees, as of the date hereof that:

(a)  This Agreement has been duly authorized, executed and delivered by a duly authorized representative and attorney-in-fact of such Party, and constitutes a legal, valid and binding obligation of such Party in accordance with its terms.  Each such Party has approved and hereby consents to the terms of this Agreement.

(b) Subject to Bankruptcy Court approval in the Chapter 11 Cases with respect to Polymers, no consent, approval, authorization or order of, or filing, registration or qualification with, any court or governmental authority or third party is required in connection with the execution, delivery or performance by such Party of this Agreement.

(c) Such Party is a sophisticated business organization that is acting independently and at an arm's length basis with the other Parties, and such Party has been ably represented by counsel.

(d) Such Party acknowledges that the transactions contemplated hereby are fair, and that the consideration being given and received by such Party is sufficient and adequate, and such Party shall be estopped from subsequently asserting anything to the contrary.

SECTION 4.  *Releases.*

(a) As consideration for Polymers' agreement to accept a reduced recovery on account of the Polymers Claim, immediately after the setoff in Section 2 above becomes effective, MGF unconditionally and irrevocably releases Polymers, Resins and Waters from all present and future obligations and liabilities (both actual and contingent) under or in connection with (i) the Polymers Payable, (ii) the Polymers Receivable, (iii) the Resins Payable and (iv) the Waters Payable ((i)-(iv) collectively, the "Payables and Receivables").

(b) Immediately after the setoff Sections 2 above becomes effective, Polymers unconditionally and irrevocably releases MGF from all present and future obligations and liabilities (both actual and contingent) under or in connection with the Payables and Receivables except (i) with respect to payments provided for in Section 2 of this Agreement and (ii) any claims or causes of action related to the Payables and Receivables arising from fraud or willful misconduct on the part of MGF or its representatives.

SECTION 5.  *Further Assurances*.  Each of the Parties, on receipt of notice from any other Party, shall sign, or cause to be signed, all further documents, do, or cause to be done, all further acts, and provide all assurances as may reasonably be necessary or desirable to give effect to the terms of this Agreement and/or to carry out and effectuate such terms.  Following the Effective Date, upon request from any Party, the Parties shall execute an acknowledgement that the Effective Date has occurred.

SECTION 6.  *Conditions Precedent*.

(a) This Agreement shall become effective as of the first date when each of the following conditions have been satisfied (the "Effective Date"):

> (i) Each of the counterparts of this Agreement have been duly executed by each of the Parties;

(ii) Entry into and performance under this Agreement by Polymers, Resins and Waters is approved and authorized by the Bankruptcy Court in the Chapter 11 Cases; and

(iii) The Court Approval shall have been obtained.

(b) If (i) the Effective Date has not occurred on or prior to March 31, 2019, (ii) the Bankruptcy Court denies approval of a motion seeking approval of this Agreement or (iii) the proposed Arrangement with Creditors is inadmissible and/or the proposed Arrangement with Creditors is not approved by the applicable class of creditors or the competent Italian Court, this Agreement and its terms shall be null and void and of no further force and effect.

(c) The Parties hereto acknowledge and agree that (A) they are entering into this Agreement as a settlement of claims, (B) as a result, the terms (including the agreements, representations and acknowledgments) hereof shall be deemed made as part of settlement negotiations, and (C) as such, if the settlement contemplated herein is not consummated or is unwound, nothing contained herein shall be construed as, or asserted by one Party against another Party hereto as, an admission with respect to any claim, liability or fact, or as evidence of any estoppel against another Party hereto.

SECTION 7. *Counterparts*. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed an original, but all such counterparts together shall constitute but one and the same contract. Delivery of an executed counterpart of a signature page of this Agreement by facsimile or other electronic transmission shall be as effective as delivery of a manually executed counterpart hereof.

SECTION 8. *Applicable Law*. EXCEPT AS OTHERWISE WRITTEN HEREIN, THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK.

SECTION 9. *Jurisdiction*. ANY LEGAL ACTION OR PROCEEDING WITH RESPECT TO THIS AGREEMENT SHALL BE BROUGHT IN THE COURTS OF THE UNITED STATES OF AMERICA FOR THE SOUTHERN DISTRICT OF NEW YORK, AND, BY EXECUTION AND DELIVERY OF THIS AGREEMENT, EACH PARTY HEREBY EXPRESSLY AND IRREVOCABLY (I) ACCEPTS FOR ITSELF AND (TO THE EXTENT PERMITTED BY LAW) IN RESPECT OF ITS PROPERTY, GENERALLY AND UNCONDITIONALLY, THE EXCLUSIVE JURISDICTION OF THE AFORESAID COURTS, AND (II) WAIVES ANY OTHER JURISDICTION THAT COULD APPLY BY VIRTUE OF ITS PRESENT OR FUTURE DOMICILE OR FOR ANY OTHER REASON. EACH PARTY HEREBY IRREVOCABLY WAIVES ANY OBJECTION, INCLUDING, WITHOUT LIMITATION, ANY OBJECTION TO THE LAYING OF VENUE OR BASED ON THE GROUNDS OF FORUM NON CONVENIENS, WHICH IT MAY NOW OR HEREAFTER HAVE TO THE BRINGING OF ANY SUCH ACTION OR PROCEEDING IN SUCH JURISDICTION. THIS SUBMISSION TO JURISDICTION IS EXCLUSIVE AND SHALL PRECLUDE A PARTY FROM BRINGING SUIT AGAINST ANOTHER PARTY IN ANY COURT OTHERWISE HAVING JURISDICTION. NOTWITHSTANDING ANY OF THE FOREGOING TO THE CONTRARY, AT ALL TIMES WHILE THAT CHAPTER 11 CASES

ARE PENDING BEFORE THE BANKRUPTCY COURT, ANY LEGAL ACTION OR PROCEEDING WITH RESPECT TO THIS AGREEMENT SHALL BE BROUGHT IN THE BANKRUPTCY COURT.

SECTION 10. *Waiver of Jury Trial*. EACH PARTY HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, TRIAL BY JURY IN ANY LEGAL ACTION OR PROCEEDING RELATING TO THIS AGREEMENT AND FOR ANY COUNTERCLAIM THEREIN.

SECTION 11. *Amendments*. This Agreement may not be amended or otherwise modified unless in writing signed by each of the Parties.

SECTION 12. *Headings*. The headings of this Agreement are for purposes of reference only and shall not limit or otherwise affect the meaning hereof.

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their duly authorized officers, all as of the date and year first above written.

                              M&G POLYMERS USA, LLC

                              By:    */s/ Dennis Stogsdill*
                                     Name: Dennis Stogsdill
                                     Title: Chief Restructuring Officer

                              MOSSI&GHISOLFI FINANZIARIA, S.P.A.

                              By:    */s/ Marco Ghisolfi*
                                       Name: Marco Ghisolfi
                                     Title: Director