# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| Debtors. | : | (Jointly Administered) |

## DEBTORS' THIRD MOTION FOR ENTRY OF AN ORDER EXTENDING THE PERIOD WITHIN WHICH THEY MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND BANKRUPTCY RULE 9027

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") move the Court (the "Motion"), pursuant to section 1452 of title 28 of the United States Code (the "Judicial Code"), title 11 of the United States Code (the "Bankruptcy Code") and Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, in substantially the form attached hereto as Exhibit A (the "Proposed Order"), further extending the period within which they may remove actions (the "Removal Deadline") through and including December 21, 2018 (the "Extended Removal Deadline"),[2] without prejudice to the Debtors' right to seek further extensions. In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] The current Removal Deadline is September 22, 2018 (the "Current Deadline"). Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the filing of this Motion prior to the Current Deadline serves to extend automatically the Removal Deadline until such time as the Court rules on this motion. *See* Del. Bankr. L.R. 9006-2.

NAI-1504572291v3

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### A. General Background

2. On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases").

3. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) filed on October 31, 2017 and incorporated herein by reference.

4. On September 5, 2018, all of the Debtors other than Debtors Mossi & Ghisolfi International S.à r.l. ("MGI"), M&G Chemicals S.A. ("MGC") and M&G Capital S.à r.l. (together with MGI and MGC, the "Luxembourg Debtors") filed the *Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 1812) (as it may be modified, amended or supplemented, the "Plan") and related *Disclosure Statement for Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 1813) (the "Disclosure Statement"). On September 13, 2018, the Court entered an order approving the dismissal of the Luxembourg Debtors' Cases (Docket No. 1859), pursuant to a stipulation with the Committee (Docket No. 1859-1) (the "Dismissal Stipulation"), effective on the earlier of (a) the effective date of the Plan

and (b) the date upon which a final and non-appealable order is entered approving a resolution of certain intercompany claims asserted by the Debtors' non-debtor affiliates in Mexico.

### B. Previous Extensions of the Removal Deadline

5. On January 30, 2018, the Court entered the *Order Extending the Period within Which the Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027* (Docket No. 838) (the "First Removal Extension Order"). The First Removal Extension Order extended the deadline by which the Debtors had to remove actions pursuant to section 1452 of the Judicial Code and Bankruptcy Rule 9027 from January 22, 2018 to May 22, 2018. *See* Docket No. 838. On June 5, 2018, the Court entered the *Second Order Extending the Period Within Which the Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027* (Docket No. 1488) (the "Second Removal Extension Order"). The Second Removal Extension Order extended the deadline by which the Debtors had to remove actions pursuant to section 1452 of the Judicial Code and Bankruptcy Rule 9027 from May 22, 2018 to September 22, 2018.

### RELIEF REQUESTED

6. By this Motion, the Debtors request the entry of an order, in substantially the form of the Proposed Order, pursuant to section 1452 of the Judicial Code and Bankruptcy Rules 9006(b) and 9027, extending the Removal Deadline (*i.e.*, September 22, 2018), through and including the Extended Removal Deadline (*i.e.*, December 21, 2018) with respect to any proceedings that are eligible for removal under section 1452 of the Judicial Code, to the extent that the time period for filing any such notices of removal expires on or before the Extended Removal Deadline. The Debtors request that the proposed Extended Removal Deadline apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3).

7. The Debtors further request that the Proposed Order (or any order approving this Motion) be without prejudice to (a) any position that the Debtors or their successors in interest may take regarding whether 362 of the Bankruptcy Code applies to stay any given action pending against the Debtors and (b) the rights of the Debtors or their successors in interest to seek further extensions of the Removal Deadline pursuant to Bankruptcy Rule 9027.

## BASIS FOR RELIEF REQUESTED

8. Section 1452 of the Judicial Code provides for the removal of pending civil claims with respect to which the district courts have jurisdiction under section 1334 of the Judicial Code. Section 1452 provides in pertinent part as follows:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise . . . .

28 U.S.C. § 1452.

9. Bankruptcy Rule 9027 establishes the deadline for filing notices of removal of claims or causes of action. Bankruptcy Rule 9027(a)(2) provides in pertinent part as follows:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee

> qualifies in a chapter 11 reorganization case but not later
> than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt,
> through service or otherwise, of a copy of the initial
> pleading setting forth the claim or cause of action sought
> to be removed or (B) 30 days after receipt of the
> summons if the initial pleading has been filed with the
> court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

10. Finally, Bankruptcy Rule 9006(b)(1) provides that the Court can extend unexpired time periods, including the removal period in Bankruptcy Rule 9027, without notice, upon a showing of cause:

> [W]hen an act is required or allowed to be done at or
> within a specified period by these rules or by a
> notice given thereunder or by order of court, the
> court for cause shown may at any time in its
> discretion . . . with or without motion or notice order
> the period enlarged if the request therefore is made
> before the expiration of the period originally
> prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

11. It is well settled that the Court is authorized to extend the removal period under Bankruptcy Rule 9027. *See*, *e.g.*, *Pacor v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) ("Under the new Rules of Bankruptcy Procedure, it is clear that the court may grant [an extension of the time period for removal.]"); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (explaining that Bankruptcy Rule 9006 authorizes the expansion of time to file notice of removal); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D.W. Va. 2000) (noting that Bankruptcy Rule 9006 authorizes the enlargement of time periods for removing actions under

Bankruptcy Rule 9027); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 49–50 (Bankr. S.D.N.Y. 1989) (finding that a court may extend the time in which to file motions to remove civil actions pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (stating that Bankruptcy Rule 9006 was designed to give bankruptcy judges the authority to enlarge the removal periods under Bankruptcy Rule 9027(a)).

12. After entry of the Second Removal Extension Order, the Debtors focused their efforts on formulating and negotiating the Plan and Disclosure Statement with, among other parties, the Committee. However, Plan negotiations and the filing of the Plan stalled over the issue of the inclusion of the Luxembourg Debtors in any chapter 11 plan filed by the Debtors. To that end, the Luxembourg Debtors filed a motion seeking dismissal of their Cases (Docket No. 1537) (the "Motion to Dismiss"), and protracted litigation ensued. The Debtors and the Committee, among other parties, ultimately resolved their dispute with respect to dismissal of the Luxembourg Debtors' Cases pursuant to the Dismissal Stipulation.

13. As a result of litigation regarding the Motion to Dismiss and the resulting delay in filing the Plan, the Debtors have not had sufficient time to finalize their evaluation of whether removal is appropriate with respect to the matters to which they are a party. Accordingly, the Debtors seek an extension of the Removal Deadline to the Extended Removal Deadline under Bankruptcy Rule 9027(a) to preserve their right to remove those civil actions for which they may determine that removal is appropriate.

14. For the reasons stated above, the Debtors submit that there is cause to grant the relief requested herein. Moreover, similar requests have been routinely granted by courts in this district. *See, e.g., In re AEI Winddown, Inc.*, No. 17-10500 (Docket No. 513) (KJC) (Bankr. D.

Del. Jan. 19, 2018) (granting third extension of the time period to remove actions under section 1452 of the Judicial Code); *In re The Wet Seal, LLC*, No. 17-10229 (Docket No. 641) (CSS) (Bankr. D. Del. Nov. 14, 2017) (same); *In re Old BPSUSH Inc.*, No. 16-12373 (Docket No. 1422) (KJC) (Bankr. D. Del. Oct. 16, 2017) (same); *In re Maxus Energy Corp.*, No. 16-11501 (Docket No. 1869) (CSS) (Bankr. D. Del. Oct. 3, 2017) (same); *In re Fresh-G Restaurant Intermediate Holding, LLC*, No. 16-12174 (Docket No. 1007) (CSS) (Bankr. D. Del. Sept. 14, 2017) (same); *In re Golfsmith International Holdings, Inc.*, No. 16-12033 (Docket No. 1048) (LSS) (Bankr. D. Del. Aug. 28, 2017) (same); *In re Emerald Oil, Inc.*, No. 16-10704 (Docket No. 1093) (KG) (Bankr. D. Del. Mar. 3, 2017) (same).[3]

## NOTICE

15. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service, the Securities and Exchange Commission and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or order of the Court; (c) DAK and its counsel, Weil, Gotshal & Manges LLP and Morris, Nichols, Arsht & Tunnell LLP; (d) Banco Inbursa S.A., Institución De Banca Multiple, Grupo Financiero Inbursa,Control Empresarial de Capitales, S.A. de C.V. and their counsel, Cleary Gottlieb Steen & Hamilton LLP and Young Conaway Stargatt & Taylor, LLP; (e) Macquarie Investments US Inc. and its counsel, Sidley Austin LLP and Ashby & Geddes, P.A.; (f) the Committee and its counsel Milbank, Tweed, Hadley & McCoy LLP and Cole Schotz P.C.; (g) Corpus Christi Polymers, LLC and its counsel, Weil, Gotshal & Manges LLP, Lowenstein Sandler LLP and Duane Morris; and (h) any party

---

[3] Because of their voluminous nature, the orders cited herein are not attached to this Motion. Copies of these orders are, however, available upon request to the Debtors' counsel.

that has requested notice pursuant to Bankruptcy Rule 2002 at the time of noticing. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

16. Except for the two prior motions requesting extensions of the previous Removal Deadlines (Docket Nos. 658 & 1488), no prior request for the relief sought herein has been made to the Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

Dated: September 19, 2018

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Joseph M. Mulvihill*_____
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: sgreenberg@jonesday.com
scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-7035
Facsimile: (216) 579-0212
Email: ceblack@jonesday.com

Co-Counsel for the Debtors and Debtors in Possession