# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| M & G USA CORPORATION, *et al.*[1], | ) | Case No. 17-12307 (BLS) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Objection Deadline: 9/24/2018 at 4:00 p.m.** |
| | ) | **Hearing Date: 10/10/2018 at 1:00 p.m.** |
| | | **Related to Docket No. 1839** |

## OBJECTION OF MEITEC, INC. TO DEBTORS' SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO RECLASSIFY CERTAIN MISCLASSIFIED CLAIMS

MEITEC, Inc. ("MEITEC"), by and through the undersigned counsel, hereby objects to the above-captioned debtors' ("Debtors") *Second Omnibus Objection (Substantive) to Reclassify Certain Misclassified Claims* [D.I. 1839] ("Omnibus Objection"), and responds as follows:

### Background

1. On or about October 24, 2017 and October 30, 2017 (together, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code.

2. Prior to the Petition Date MEITEC entered into a number of subcontracts with the Debtors to furnish labor, materials and equipment to construct improvements to certain of the Debtors' real property.

3. On or about October 2, 2017, MEITEC recorded an *Affidavit for Mechanic's and Materialman's Lien* in the real property records of Nueces County, Texas. MEITEC amended

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449) M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

and/or supplemented the *Affidavit for Mechanic's and Materialman's Lien* on or about November 9, 2017 and February 14, 2018 and recorded the supplemental and/or amended lien affidavits in the real property records of Nueces County, Texas. Therefore, MEITEC has a secured claim in the amount of $1,492,108.30, exclusive of interest, attorney's fees and costs.

4. On or about December 18, 2017, MEITEC filed a *Notice of Perfection of Mechanic's Lien by MEITEC, Inc. Pursuant to 11 U.S.C. § 546(b)* [D.I. 505]. On or about February 15, 2018, MEITEC filed an *Amended Notice of Perfection of Mechanic's Lien by MEITEC, Inc. Pursuant to 11 U.S.C. § 546(b)* [D.I. 973].

5. In addition, MEITEC has incurred $5,060.72 in active rental costs from the Petition Date through March 20, 2018, for equipment that was rented pursuant to the subcontracts and have been located on the Debtors' property since the Petition Date. MEITEC has not been authorized by the Debtors to remove the equipment from the Debtors' property and continues to incur rental costs on a monthly basis.

6. On or about April 3, 2018, MEITEC timely filed proofs of claim against the Debtors, in which it asserted a secured claim in the amount of $1,492,108.30 ("Secured Claim") and an administrative claim in the amount of $5,060.72 ("Administrative Claim" together with the Secured Claim, the "Claims").

7. On September 10, 2018, the Debtors filed the Omnibus Objection, in which it seeks to reclassify the Administrative Claim on the basis that MEITEC "failed (a) to demonstrate how it provided a benefit to, or preserved the assets of, the Debtors' estates and/or (b) to identify a postpetition transaction with the Debtors that would give rise to an Administrative Claim." *See* Omnibus Objection, Ex. 1 at p. 6.

## Response to Omnibus Objection

8. MEITEC objects to the relief sought in the Omnibus Objection, and respectfully requests that the Court allow the Claims in full, as asserted.

9. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") provides that a proof of claim filed in accordance with the Bankruptcy Rules shall constitute *prima facie* evidence of the validity and the amount of the claim. Fed. R. Bankr. P. 3001(f)*; In re Planet Hollywood International,* 274 B.R. 391, 394 (D. Del. 2001). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence."* *See In Re Hemingway Trans., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993) (emphasis added); *see also In re Mission Care, Inc.*, 164 B.R. 877, 879 (Bankr. Del. 1994). To overcome this presumed validity, the Debtors must present evidence that, if believed, "would refute at least one of the allegations that is essential to the claim's legal sufficiency." *See In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

10. The Administrative Claim relates to charges that MEITEC has incurred after the Petition Date for the rental costs of the equipment located on the Debtors' property. The equipment on the Debtors' property has provided a benefit to the Debtors' estates and preserved the assets of the Debtors' estates. Specifically, the equipment includes storage containers that house materials MEITEC ordered and delivered to the Debtors' property in accordance with subcontracts between the Debtors and MEITEC. The Debtors have not presented any evidence or alleged any facts to the contrary, and therefore, cannot overcome the presumptive validity of the Administrative Claim.

11. Accordingly, the Debtors cannot reclassify the Administrative Claim, and the Debtors' request to reclassify the Administrative Claim should be denied.

**Conclusion**

12. To the extent that the Court does not summarily overrule the Omnibus Objection, MEITEC requests that a scheduling order be entered allowing the parties an opportunity for discovery and a full evidentiary hearing.

WHEREFORE, for all of the foregoing reasons, MEITEC respectfully requests that this Court enter an order that denies the Omnibus Objection with respect to the Administrative Claim, that allows the Claims in full and as asserted, and that grants such other and further relief as is just and proper.

Date: September 24, 2018　　　　　　　　　**MANNING GROSS + MASSENBURG LLP**

*/s/ Marc J. Phillips*
Marc J. Phillips (No. 4445)
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
Tel: 302-504-6803
Fax: 302-657-2104
mphillips@mgmlaw.com

-and-

THE CHAPMAN FIRM PLLC
Rebecca G. Moss (admitted pro hac vice)
Texas State Bar No. 24068000
3410 Far West Blvd., Ste. 210
Austin, Texas 78731
Tel: 512-872-3840
Fax: 512-879-9033
Rebecca@chapmanfirmtx.com

*Attorneys for MEITEC, Inc.*