# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*, | Case No. 17-12307 (BLS) |
| Debtors.[1] | (Jointly Administered) |
| | **Related to Docket No. 1839** |

### MMR CONSTRUCTORS, INC.'S RESPONSE IN OPPOSITION TO DEBTORS' SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO RECLASSIFY CERTAIN MISCLASSIFIED CLAIMS

MMR Constructors, Inc. ("MMR") submits its response (the "Response") in opposition to Debtors' Second Omnibus Objection (Substantive) to Reclassify Certain Misclassified Claims [Docket No. 1839] (the "Objection"). In support of this Response, MMR states as follows:

### Background

1. On October 24, 2017 (the "Polymers Petition Date"), Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.a r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.a r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date, in early 2013, the Debtors began construction on a PTA/PET manufacturing facility located at 7001 Joe Fulton International Corridor, Corpus Christi, Texas, 78409 (the "Plant") owned by M&G Resins USA, LLC, one of the above-captioned debtors ("M&G Resins"). Debtor Chemtex International Inc. ("Chemtex") acted as a project manager and handled procurement for the Corpus Christi Plant. Construction of the Corpus Christi Plant ceased prior to October 24, 2017 at only 85% complete. During the construction process in 2017, MMR furnished electrical and instrumentation craftsmen and labor for construction and/or completion, as well as materials, for the improvements on the Plant.

3. The Debtors did not pay MMR for the services and materials it provided with respect to the Plant. As of the date hereof, the outstanding amounts owed in connection with to MMR's work at the Plant totaled $16,277,379.56 (the "Total Outstanding Debt"), exclusive of accruing interest, attorneys' fees, and other charges.

4. On October 17, 2017, MMR filed an Affidavit of Mechanics and Materialman's Lien (the "First Lien Statement") with respect to the Plant and related Property, as well as the improvements and removables located thereon, for the secured amount due and owing at that time of $15,779,013.39 (exclusive of accruing interest, attorneys' fees, and other charges), pursuant to § 53.052 of the Texas Code and Statutes Annotated (the "Texas Statutes").

5. Subsequent to the recording of the First Lien Statement, MMR provided addtional services related to the Plant. Accordingly, on January 5, 2018, MMR

filed an updated Affidavit of Mechanics and Materialman's Lien (the "Second Lien Statement," together with the First Lien Statement, the "Lien Statements") with respect to the Plant and related Property, as well as the improvements and removables located thereon, for the Total Outstanding Debt (exclusive of accruing interest, attorneys' fees, and other charges).

6. On February 15, 2018, MMR filed its Notice of Perfection, Maintenance, and Continuation of Lien of MMR Constructors, Inc. Under 11 U.S.C. § 546(b) (the "546(b) Notice"). A true and correct copy of the 546(b) Notice is attached hereto as <u>Exhibit A</u>, and it attaches each of the Lien Statements

7. On June 8, 2018, MMR filed its administrative claims asserted against M&G Resins and Chemtex each in the amount of $97,500.55 for services rendered on the Plant after the Petition Date. The MMR administrative claims have been assigned Proof of Claim numbers 911 and 912 (the "Administrative Proofs of Claim"), copies of which are attached hereto as <u>Exhibits B</u> and <u>C</u>.

### **Objection**

8. The Debtors seek to reclassify MMR's Administrative Proofs of Claim on the basis that the Debtors have determined that the claims relate to goods and/or services provided to the Debtors prior to the Petition Date in connection with the construction of the Plant. The Debtors further assert that the claims improperly assert an entitlement to administrative priority pursuant to section 503(b) of the Bankruptcy Code. This position is contrary to the facts and the Debtors' lien counsel's previously stated position with respect to MMR's post-petition work.

9. MMR's Administrative Proofs of Claims are entitled to allowance as an administrative expense pursuant to section 503(b) of the Bankruptcy Code. Section 503(b) provides, in pertinent part, that "there shall be allowed[] administrative expenses, . . . including the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). The priority afforded pursuant to section 503 is provided to facilitate the debtor's reorganization efforts and to encourage third parties who may otherwise be reluctant to transact business with the debtor. See In re Globe Metallurgical, Inc., 312 B.R. 34, 39-40 (Bankr. S.D.N.Y. 2004). Section 503 provides a protection for such actual and necessary services provided by third parties to the debtor postpetition. Id.

10. The bulk of MMR's services and materials provided to the Debtor were done so prior to the Petition Date. However, the MMR Administrative Proofs of Claim represent that relatively small percentage of the services and materials completed/provided after the Petition Date. It is not in dispute that full construction of the Corpus Christi Plant ceased just before the Petition Date. However, there remained necessary clean up and closure projects that had to be completed by MMR and its subcontractors to preserve the property and ensure safety. Such work included, but is not limited to, removal of the scaffolding that remained on the Plant property to aid in construction. The completion of these projects aided in the Debtors' estates by not only maintaining the Plant in good and safe condition for sale, but also by minimizing claims related to the property by removing equipment so the Debtors would not be charged for its use.

11. Because the closure related activities were completed by MMR and its subcontractors post-Petition Date, MMR's Proofs of Claim are properly classified as

administrative claims pursuant to Bankruptcy Code section 503(b).  The Debtors' lien counsel, Crain Caton & James ("CCJ"), agreed with the characterization.  Early on in these cases, CCJ verbally informed the undersigned counsel that MMR should simply submit an invoice for its post-Petition work and it would be paid promptly as an ordinary course transaction.  The Debtors position now that the closure work was not completed post-petition and is not entiled to administrative claim priority is contrary to the facts and the law and should be denied.

WHEREFORE, MMR Constructors, Inc. respectfully requests that this Court enter an order (i) denying the Objection with respect to the request to reclassify MMR's claims against M&G Resins USA, LLC (claim no. 911) and Chemtex International Inc. (claim no. 912) and (ii) granting any further relief as it deems just and proper.

Dated: September 24, 2018
Wilmington, Delaware

*/s/ Morgan L. Patterson*
Matthew P. Ward (Del. Bar No. 4471)
Morgan L. Patterson (Del. Bar No. 5388)
Womble Bond Dickinson (US) LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE  19801
Telephone:  (302) 252-4320
Facsimile:  (302) 252-4330
Email:  matthew.ward@wbd-us.com
Email:  morgan.patterson@wbd-us.com

*Counsel to MMR Constructors, Inc.*