IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, et al.,[1] | Case No. 17-12307 (BLS) |
| Debtors. | (Jointly Administered) |
| | Ref. Dkt. #1839 |

## ORDER GRANTING DEBTORS' SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO RECLASSIFY CERTAIN MISCLASSIFIED CLAIMS

The Court has considered the *Debtors' Second Omnibus Objection (Substantive) to Reclassify Certain Misclassified Claims* (the "Objection"),[2] the First Day Declaration, the Stogsdill Declaration and the statements of counsel and the evidence adduced with respect to the Motion at any hearing before the Court (the "Hearing"). The Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Objection and the Hearing was sufficient under the circumstances. After due deliberation, the Court has determined that the relief requested in the Objection is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown; it is hereby

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Objection.

NAI-1504690526v3

**FURTHER FOUND AND DETERMINED THAT:**

1. Each holder of a Misclassified Administrative Expense Claim, listed on <u>Exhibit 1</u> attached hereto, was properly and timely served with a copy of the Objection, this Order, the accompanying exhibits, and the notice of Hearing and Response Deadline with respect to the Objection;

2. Any entity known by the Debtors to have an interest in the Misclassified Administrative Expense Claims subject to the Objection has been afforded a reasonable opportunity to respond to, or be heard regarding, the relief requested in the Objection; and

3. The Misclassified Administrative Expense Claims, listed on <u>Exhibit 1</u> attached hereto, were improperly classified in whole or in part, as set forth therein.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

4. The relief requested in the Objection is GRANTED as set forth herein.

5. The Misclassified Administrative Expense Claims, listed on <u>Exhibit 1</u> attached hereto, are hereby reclassified for the reasons set forth in the Objection and <u>Exhibit 1</u> hereto to reflect the classification under the column labeled "Modified Classification Status", subject to further objections on any other substantive or non-substantive grounds.

6. The objection by the Debtors to Claim Numbers 283, 887, 889, 890, 891, 892, 893, 894, 895, 896 and 897 is hereby withdrawn, without prejudice to the Debtors' or their successor in interests' rights to assert further objections to such claims on any substantive or non-substantive grounds, on the basis that such claims do not assert an Administrative Claim.

7. The objection by the Debtors to the claims listed on <u>Exhibit 2</u> attached hereto is adjourned to November 7, 2018 at 10:00 a.m. (prevailing Eastern Time), or such other date and time as may be agreed to by the Debtors (including the Debtors' successors in interest) and the respective counterparty to the claims listed in <u>Exhibit 2</u>.

8. The objection by the Debtors to the claims listed on Exhibit 3 attached hereto is adjourned to December 17, 2018 at 11:00 a.m. (prevailing Eastern Time), or such other date and time as may be agreed to by the Debtors (including the Debtors' successors in interest) and the respective counterparty to the claims listed in Exhibit 3.

9. The objection by the Debtors to the Misclassified Administrative Expense Claims, as addressed in the Objection and Exhibit 1 hereto, constitutes a separate contested matter with respect to each such claim, as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1. This Order shall be deemed a separate Order with respect to each Misclassified Administrative Expense Claim.

10. Any stay of this Order pending appeal by any holder of a Misclassified Administrative Expense Claim or any other party with an interest in such claims that are subject to this Order shall only apply to the contested matter which involves such party and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters arising from the Objection, the exhibits thereto or this Order.

11. The Debtors' rights to amend, modify or supplement the Objection, or to file additional objections to the Misclassified Administrative Expense Claims or any other claims (filed or not) that may be asserted against the Debtors, are preserved. Additionally, should one or more of the grounds of objection stated in the Objection or the exhibits thereto be overruled, the Debtors' rights to object on any other grounds that the Debtors are further preserved to the fullest extent provided in Local Rule 3007-1.

12. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: October 9, 2018
Wilmington, Delaware

The Honorable Brendan L. Shannon
United States Bankruptcy Court Judge

NAI-1504690526v3

-4-