# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M & G USA CORPORATION, *et al.*, | Case No. 17-12307 (BLS) |
| Debtors. | (Jointly Administered) |

## JOINDER OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN U.S. DEBTORS' OMNIBUS REPLY TO OBJECTIONS TO APPROVAL OF DISCLOSURE <u>STATEMENT AND IN FURTHER SUPPORT THEREOF</u>

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors in possession (the "<u>Debtors</u>") hereby joins in the U.S. Debtors' omnibus reply to the remaining objections to the Disclosure Statement (the "<u>Reply</u>").[1] See [Docket No. 2017]. In further support of the approval of the Amended Disclosure Statement, the Committee respectfully states as follows:

## **JOINDER**

1. All the substantive issues raised by the Lienholder Objectors in connection with the Corpus Christi Sale have long been consensually resolved, and their resolution has been approved by the Court.[2] This resolution was achieved through hard-fought negotiations among the U.S. Debtors, the Purchaser, and a group that purports to represent the interests of the holders of the Corpus Christi Mechanics' Lien Claims (the "<u>Construction Lienholder Group</u>"), and was consented to by the Committee.

---

[1] Capitalized terms not defined herein shall have the same meanings as in the Reply.

[2] As far as the Committee knows, the only unresolved issue is the administration of the Reserve, but that issue needs to be resolved between the holders of the Corpus Christi Mechanics' Lien Claims and the Purchaser.

2. The settlement terms on which these parties agreed were as follows: (i) on the Closing Date of the Corpus Christi Sale, the Purchaser will fund the Reserve in the amount of $265 million for the exclusive benefit of the holders of the Corpus Christi Mechanics' Lien Claims (other than Corpus Christi Mechanics' Lien Assumed Claims), with the Purchaser retaining a reversionary interest therein, and (ii) all Corpus Christi Mechanics' Lien Claims (other than Corpus Christi Mechanics' Lien Assumed Claims) will be satisfied solely from the Reserve, and the holders of the Corpus Christi Mechanics' Lien Claims (other than Corpus Christi Mechanics' Lien Assumed Claims) will release their liens on the Corpus Christi Assets to allow for a "free and clear" sale to the Purchaser, with such liens attaching to the Reserve. These agreements were reached over six months ago and have nothing to do with the allocation mechanics referenced by the Construction Lienholder Group.

3. Presumably, the Construction Lienholder Group agreed to the size of the Reserve that it believed would be sufficient to satisfy all of the Corpus Christi Mechanics' Lien Claims (other than Corpus Christi Mechanics' Lien Assumed Claims) – *i.e.*, all of their holders' **secured** claims. To the extent the Reserve proves to be insufficient, its beneficiaries will have General Unsecured Claims for any deficiency and will be entitled to share *pro rata* in the recovery of the other unsecured creditors. These settlement terms were memorialized in the Corpus Christi Asset Purchase Agreement and the Corpus Christi Sale Order.

4. Nevertheless, under the guise of asserting that the Disclosure Statement does not contain adequate information about the terms of the settlement, or that the Plan is patently unconfirmable, the Construction Lienholder Group is attempting to take another bite of the apple and modify the terms previously approved by the Court, on notice and a hearing. These

arguments are meritless and have no place in a disclosure statement objection. And they are generating needless litigation that burdens the Court and the estates.

5. For example, the Construction Lienholder Group argues that the Plan violates the absolute priority rule by providing for a distribution to unsecured creditors before the Corpus Christi Mechanics' Lien Claims are paid in full. This is a red herring. The members of the Construction Lienholder Group unequivocally agreed to release their liens on the Corpus Christi Assets in consideration for receiving the certainty of having $265 million of cash reserved for their sole benefit. By doing so, they have released any potential *secured* claims on the estates' assets, and to the extent they have any further recourse to the U.S. Debtors' estates, it is solely in their status of *unsecured* claimants. The absolute priority rule therefore is not implicated.

6. The Construction Lienholder Group also argues that the Disclosure Statement must "clarify" that any claims against Sinopec must "first" reduce Sinopec's secured claim – and thus increase the amount of the Reserve available for other holders of Corpus Christi Mechanics' Lien Claims – before they can generate cash recoveries. This argument has no basis in law or the settlement documentation. The Bid Support Term Sheet that embodies the settlement with the Committee provides that the Purchaser, within the first 270 days of the closing of the Corpus Christi Sale, may pursue claims against Sinopec, and that any recoveries in excess of Sinopec's secured claim shall be split evenly between the Purchaser and the Litigation Trust established for the benefit of unsecured creditors. Nothing in any of the settlement documents requires that any one remedy on the claims against Sinopec be awarded or implemented before any other, nor that any litigation against Sinopec benefit holders of Corpus Christi Mechanics' Lien Claims before other interested parties.

7.      Finally, the Committee understands that there may be some holders of Corpus Christi Mechanics' Lien Claims that are not represented by the Construction Lienholder Group (the "Unaffiliated Lienholders").  All of the Unaffiliated Lienholders had notice of both the auction and the hearing with respect to the Corpus Christi Sale.  By failing to protect their interests at the auction (where they could have participated in the negotiated resolution) or at the hearing by objecting to the terms of the settlement incorporated into the Corpus Christi Sale Order, the Unaffiliated Lienholders have waived any right to object at this late hour to the terms of this settlement or to try to modify them in the guise of objecting to the Disclosure Statement.  See, In re Snyder, 74 B.R. 872, 875 (Bankr. E.D. Pa. 1987) (recognizing that Rule 6004(b) of the Federal Rules of Bankruptcy Procedure sets out the time period within which an objection may be filed to a proposed sale and explaining that to hear untimely objections there must be a showing of excusable neglect – "[t]he failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform"); In re Mariner Post-Acute Network, Inc., 267 B.R. 46, 52 (Bankr. D. Del. 2001) (stating that *res judicata* applies in the context of bankruptcy court orders and precludes a party from relitigating claims that were or could have been asserted in an earlier action).  To the extent the Unaffiliated Lienholders simply failed to understand all the details of the settlement, the Amended Disclosure Statement provides further clarification of its terms.

8.      The Committee submits that the Disclosure Statement, as amended in response to the Objections, contains adequate information and should be approved.  To the extent that any holders of the Corpus Christi Mechanics' Lien Claims are unhappy with any of the terms of the settlement previously approved by the Court, their unhappiness is not an appropriate reason to hold up the approval of the Amended Disclosure Statement.

## **CONCLUSION**

For the reasons set forth herein, the Committee respectfully requests that the Court (i) overrule the Objections, (ii) approve the Amended Disclosure Statement, and (iii) grant such other relief as is just and proper.

Dated: October 31, 2018
Wilmington, Delaware

Respectfully submitted,

/s/ *J. Kate Stickles*
J. Kate Stickles (No. 2917)
David R. Hurst (No. 3743)
COLE SCHOTZ P.C.
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email: kstickles@coleschotz.com
      dhurst@coleschotz.com

-and-

Dennis F. Dunne (admitted *pro hac vice*)
Abhilash M. Raval (admitted *pro hac vice*)
Lauren C. Doyle (admitted *pro hac vice*)
MILBANK, TWEED, HADLEY & M$^c$CLOY LLP
28 Liberty St.
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 822-5846
Email: ddunne@milbank.com
      araval@milbank.com
      ldoyle@milbank.com

*Counsel for the Official Committee of Unsecured Creditors*