# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : | Re: Docket No. 1814 |
|  | : |  |

## ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) APPROVING FORM AND MANNER OF SERVICE OF NOTICE THEREOF; (III) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT CHAPTER 11 PLAN OF LIQUIDATION; AND (IV) SCHEDULING HEARING ON CONFIRMATION OF CHAPTER 11 PLAN OF LIQUIDATION

This Court has considered the *U.S. Debtors' Motion for Entry of an Order (I) Approving Disclosure Statement; (II) Approving Form and Manner of Service of Notice Thereof; (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Chapter 11 Plan of Liquidation; and (IV) Scheduling Hearing on Confirmation of Chapter 11 Plan of Liquidation* (the "Motion"),[2] the First Day Declaration, the Objections,[3] the *Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 1812) (the "Original

---

[1]     The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these Cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

[3]     The "Objections" are the objections to the Disclosure Statement filed by: (i) the holders of certain construction liens (Docket No. 1920); (ii) JPMorgan Chase Bank, N.A. (Docket No. 1923); (iii) AC Plastiques USA, LLC (Docket No. 1924); (iv) Apache Industrial, Inc., Axis Industrial Services, LLC, Berry Contracting L.P. d/b/a Bay, Ltd., Garrett Mechanical, Inc., Lexicon, Inc., Mirage Industrial Group, LLC, Montcalm USA, Inc., N&A Project Management USA, Inc., Repcon, Inc., TNT Crane & Rigging, Inc. and Babcock & Wilcox SPIG, Inc. (Docket No. 1925); (v) MEITEC, Inc. (Docket No. 1926); (vi) Sinopec Engineering Group America, LLC and Sinopec Engineering (Group) Co., Ltd. (Docket No. 1927); (vii) Fagioli, Inc. (Docket No. 1929); (viii) Fluor Enterprises Inc. (Docket No. 1930); (ix) TCI Business Capital (Docket No. 1931); (x) MMR Constructors, Inc. (Docket No. 1932); (xi) Cital US, LLC (Docket No. 1933); (xii) Sunbelt Rentals, Inc. (Docket No. 1934); (xiii) Danny Loy King (Docket No. 1938); and (xiv) Orbital Insulation Corp. (Docket No. 1981).

Plan"), the *Disclosure Statement for Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 1813) (the "Original Disclosure Statement"), the U.S. Debtors' omnibus reply in support of the Motion and the Disclosure Statement (Docket No. 2017), *Amended Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 2019) (the "Amended Plan"), the *Disclosure Statement for Amended Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 2020) (the "Amended Disclosure Statement"), and the statements of counsel regarding the relief requested in the Motion at a hearing before this Court (the "Hearing"), including the presentation of both the *Disclosure Statement for Second Amended Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession*, reflecting the revisions discussed on the record at the Hearing (the "Second Amended Disclosure Statement") and the *Second Amended Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (the "Second Amended Plan"). This Court has found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (iii) notice of the Motion and Hearing was sufficient under the circumstances. After due deliberation, this Court has determined that the relief requested in the Motion is in the best interests of the U.S. Debtors, their estates and their creditors and good and sufficient cause having been shown;

**ACCORDINGLY IT IS HEREBY FOUND AND CONCLUDED THAT:**

A.      The Second Amended Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

B.      The Solicitation Procedures and Confirmation Procedures provide a fair and equitable process and are consistent with section 1126 of the Bankruptcy Code and the

NAI-1504858967v4

applicable Bankruptcy Rules and Local Rules, including, without limitation, Bankruptcy

Rules 2002, 3017, 3018 and 3020 and Local Rules 2002-1 and 3017-1.

**ACCORDINGLY IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED as set forth herein.  To the extent not otherwise

addressed in the Second Amended Disclosure Statement or in this Order, the Objections are

OVERRULED in their entirety for the reasons stated on the record at the Hearing.

**A.    Approval of the Second Amended Disclosure Statement**

2.    The Second Amended Disclosure Statement is approved as containing adequate

information within the meaning of section 1125 of the Bankruptcy Code, *provided* that the U.S.

Debtors (a) are authorized to make non-material revisions, updates and corrections to the Second

Amended Disclosure Statement and the Second Amended Plan; and (b) shall file a copy of the

final Second Amended Disclosure Statement and the Second Amended Plan with the Court and

on the Document Website.

3.    The Second Amended Disclosure Statement (including all applicable exhibits

thereto) provides Holders of Claims or Interests and other parties in interest with sufficient notice

of the injunction, exculpation and release provisions contained in Section IX of the Second

Amended Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**B.    Approval of the Disclosure Statement Notice**

4.    The Disclosure Statement Notice, attached to the Motion as Exhibit B and

incorporated herein by reference, which was filed by the U.S. Debtors and served upon parties in

interest in these Cases no later than 28 days prior to the deadline by which parties in interest

were required to file objections to the Original Disclosure Statement, constitutes adequate and

sufficient notice of the hearing to consider approval of the Original Disclosure Statement, the

manner in which a copy of the Original Disclosure Statement (and exhibits thereto, including the

Original Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

**C.     Approval of Proposed Confirmation Schedule**

5.     The dates and schedule set forth in the chart below are hereby approved.

| DEADLINE | DATE[4] |
|---|---|
| Voting Record Date | First date of the Disclosure Statement Hearing, which is expected to be November 5, 2018 |
| Solicitation Mailing Deadlines | Four business days after entry of this Order, which is expected to be November 9, 2018 |
| Deadline to File Plan Supplement | November 26, 2018 at 5:00 p.m. |
| Deadline to File Bankruptcy Rule 3018(a) Motion | December 3, 2018 at 5:00 p.m. |
| Voting Deadline | December 6, 2018 at 5:00 p.m. |
| Plan Objection Deadline | December 7, 2018 at 5:00 p.m. |
| Deadline to File Tabulation Declaration | December 11, 2018 at 5:00 p.m. |
| Deadline for Debtors to File Consolidated Brief and Reply in Support of Plan Confirmation | December 12, 2018 at 5:00 p.m. |
| Confirmation Hearing | December 17, 2018 at 11:00 a.m. |

**D.     Approval of the Solicitation Procedures, Ballots, Notice of Non-Voting Status and the Tabulation Rules**

6.     The following are APPROVED:  (a) the Solicitation Procedures, attached hereto as Exhibit 1, including the Solicitation Packages; (b) the form of Ballots attached hereto as Exhibit 2; (c) the form and manner of service of the Notices of Non-Voting Status, attached hereto as Exhibits 3-A and 3-B; and (d) the Tabulation Rules, attached hereto as Exhibit 4. The U.S. Debtors are authorized to make non-substantive modifications to the Solicitation Procedures, the Ballots, the Notice of Non-Voting Status and the Tabulation Rules.

7.     The Voting Record Date is established as **November 5, 2018.**

---

4     All times in this table are prevailing Eastern Time.

NAI-1504858967v4

8.    The U.S. Debtors shall begin serving the Solicitation Packages immediately upon entry of this Order, but in no event later than four business days after entry of this Order or **November 9, 2018**.  All Ballots must be properly executed, completed and delivered to the Voting Agent, so that, in each case, all Ballots are received by the Voting Agent by no later than **December 6, 2018 at 5:00 p.m. (prevailing Eastern time)** (the "Voting Deadline").

9.    In tabulating the Ballots, the following additional Tabulation Rules shall apply: (a) any Ballot that is properly completed, executed and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Second Amended Plan or indicates both an acceptance or rejection of the Second Amended Plan will not be counted as either a vote to accept or a vote to reject the Second Amended Plan; (b) any Ballot that is unsigned will not be counted as either a vote to accept or a vote to reject the Second Amended Plan, provided that a Ballot validly submitted through the Voting Portal will be deemed to include an original signature; (c) any Ballot cast by a party that is not entitled to vote will not be counted as either a vote to accept or a vote to reject the Second Amended Plan; (d) if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last valid Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus will supersede any prior Ballots; (e) creditors will be required to vote all of their claims within a particular class under the Second Amended Plan either to accept or reject the Second Amended Plan and may not split their votes (*i.e.*, a Ballot or a group of Ballots within a plan class received from a single creditor that partially rejects and partially accepts the Second Amended Plan will not be counted); and (f) Ballots received after the Voting Deadline will not be counted; *provided* that the U.S. Debtors, in their discretion, in consultation with the Committee, may agree to extend the Voting Deadline for one or more creditors.

NAI-1504858967v4

10.    The U.S. Debtors are required to serve only the Notice of Non-Voting Status and the Confirmation Hearing Notice to holders of Claims and Interests in the Non-Voting Classes.

11.    For Claims that are identified in the Schedules in the amount of $0.00 or in an unknown amount, or that are scheduled as contingent, unliquidated, or disputed and with respect to which the Holder did not timely file a proof of claim (other than parties to executory contracts or unexpired leases), such Holders shall receive only the Confirmation Hearing Notice.

12.    The U.S. Debtors are excused from mailing Solicitation Packages, Notices of Non-Voting Status or Confirmation Hearing Notices, as applicable, to those entities for which the U.S. Debtors have only undeliverable addresses, unless the U.S. Debtors are provided with accurate addresses for such entities, in writing, on or before seven days before the Voting Deadline.  If a Solicitation Package, Notice of Non-Voting Status or Confirmation Hearing Notice is returned as undeliverable at least seven business days before the Voting Deadline, the Voting Agent shall resend such mailing only once, *provided* that the United States Post Office has included a forwarding address.

13.    To the extent that any notices sent by the U.S. Debtors or their agents to date in connection with the Cases have been returned as undeliverable, the U.S. Debtors and their agents are not required to send the Solicitation Package, the Notice of Non-Voting Status or the Confirmation Hearing Notice, as applicable, to such parties.

14.    Except with respect to any Claim deemed Allowed under the Second Amended Plan or in any order entered in these Cases, no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Second Amended Plan, pursuant to a settlement or agreement with the U.S. Debtors approved by, or under the authority of, this Court, or the

NAI-1504858967v4

Bankruptcy Code. Any Claim that has been listed in the Schedules as disputed, contingent or unliquidated, and for which no proof of claim has been timely filed, is not considered Allowed.

15. If a Claim has been estimated or otherwise allowed for voting purposes by order of this Court, or by an agreement between the U.S. Debtors and the creditor (an "Estimation Agreement"), such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed. The procedures that apply to Estimation Agreements in paragraph 5 of the Tabulation Rules are APPROVED.

16. With respect to any transferred Claims, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed prior to the Voting Record Date.

17. Any claimant that seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Rules is required to file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Second Amended Plan (a "Rule 3018 Motion") and serve such motion on counsel to the U.S. Debtors so that it is received by **5:00 p.m. (prevailing Eastern time) on the later of (a) December 3, 2018 and (b) the fifth business day after the U.S. Debtors file an objection to such claimant's Claim, if applicable**. Any Ballot submitted by a claimant that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules and the other applicable provisions contained in the Motion and this Order, unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount and/or classification, after a notice and a hearing. The U.S. Debtors may challenge the Classification of a Claim or the allowance of a Claim solely for voting purposes by

NAI-1504858967v4

filing a Rule 3018 Motion in accordance with the procedures described herein. The U.S. Debtors may object to any estimated Claim on any and all other grounds thereafter. Any Rule 3018 Motion will be heard at the Confirmation Hearing.

18. If the U.S. Debtors have filed and served an objection to a Claim at least 14 days before the Voting Deadline, such Claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection. If an objection does not identify the proposed amount of the relevant Claim (*e.g.*, if the Claim remains subject to estimation or liquidation), then such Claim will be temporarily allowed in the amount of $1.00.

19. Unless otherwise Allowed pursuant to a prior order of the Court or pursuant to the Second Amended Plan, the U.S. Debtors shall be permitted to object to the allowed amount of any Claim solely for calculating the amount of the Claim for voting purposes, and all of the U.S. Debtors' rights to further object to the Claim on any and all grounds are expressly reserved.

**E.      Approval of the Confirmation Procedures**

20. The Confirmation Procedures, including the Confirmation Hearing Notice, in substantially the form attached hereto as Exhibit 5, and the form and manner of service and publication of the Confirmation Hearing Notice, are approved. The U.S. Debtors shall cause to be served, on or before November 9, 2018 or such other day that is not less than twenty-eight days before the commencement of the Confirmation Hearing, the Confirmation Hearing Notice on all Holders of Claims entitled to vote on the Second Amended Plan and all Non-Voting Classes and one time in the national edition of the *USA Today* and the *Corpus Christi Caller Times*. In addition, the U.S. Debtors shall post the Confirmation Hearing Notice on the Document Website.

21. The U.S. Debtors shall file the Plan Supplement no later than **November 26, 2018 at 5:00 p.m. (prevailing Eastern time).**

-8-

22.    The Confirmation Hearing is scheduled to be held before the Honorable Brendan L. Shannon, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware on **December 17, 2018 at 11:00 a.m. (prevailing Eastern time)**; *provided, however*, that the Confirmation Hearing may be adjourned from time to time by the Court or the U.S. Debtors without further notice at any time prior to the commencement of the Confirmation Hearing or any continued hearing.

23.    Objections to Confirmation of the Second Amended Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name, address, phone number and email address of the objecting party and the amount and nature of the Claim or Interest of such entity, if any; (d) state with particularity the basis and nature of any objection to the Second Amended Plan and, if practicable, a proposed modification to the Second Amended Plan that would resolve such objection; and (e) be filed, contemporaneously with a proof of service, with this Court and served so that it is actually received by the following notice parties set forth below no later than **5:00 p.m. (prevailing Eastern Time), on December 7, 2018** (the "Plan Objection Deadline"): (i) counsel to the Debtors, Jones Day, 250 Vesey Street, New York, NY 10280, Attn: Scott J. Greenberg, Esq. (sgreenberg@jonesday.com) and Stacey L. Corr-Irvine, Esq. (scorrirvine@jonesday.com), 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn: Carl E. Black, Esq. (ceblack@jonesday.com), 1420 Peachtree Street, N.E., Suite 800, Atlanta, GA 30309-3053, Attn: Daniel J. Merrett, Esq. (dmerrett@jonesday.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com) and Joseph M. Mulvihill, Esq. (jmulvihill@pszjlaw.com); (ii) the Office of the United States

NAI-1504858967v4

Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, Delaware 19801, Attn: Hannah McCollum, Esq. (Hannah.McCollum@usdoj.gov); (iii) counsel to the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com) and Lauren Doyle, Esq. (ldoyle@milbank.com) and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington Delaware 19801, Attn: J. Kate Stickles, Esq. (kstickles@coleschotz); (iv) counsel to the Pre-Petition First Lien Lender and CEC, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Lisa M. Schweitzer, Esq. (lschweitzer@cgsh.com) and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Pauline K. Morgan, Esq. (pmorgan@ycst.com); and (v) counsel to Corpus Christi Polymers LLC, Weil, Gotshal & Manges LLP, 700 Louisiana, Suite 1700, Houston, TX 77002, Attn: Alfredo Perez, Esq. (alfredo.perez@weil.com), Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Paul Kizel, Esq. (pkizel@lowenstein.com) and Duane Morris LLP, Suite 5010, 600 Grant Street, Pittsburgh, PA 15219, Attn: Joel M. Walker, Esq. (JMWalker@duanemorris.com). Unless an objection to the Second Amended Plan is timely served, filed and received by the Plan Objection Deadline, such objection will not be considered by this Court and shall be overruled.

24. Unless otherwise permitted or directed by this Court, the U.S. Debtors shall file a declaration certifying the amount and number of Allowed Claims in each Class voting to accept or reject the Second Amended Plan (the "Tabulation Declaration") by no later than **5:00 p.m. (prevailing Eastern time) on December 11, 2018.**

25. A consolidated memorandum of law in support of confirmation (including any declarations in support thereof, except for the Tabulation Declaration) and any replies to any

NAI-1504858967v4

objections to confirmation shall be filed by no later than **5:00 p.m. (prevailing Eastern Time) on December 12, 2018.**

26.     Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entirety.

27.     The U.S. Debtors and Prime Clerk, LLC are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

28.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: **Nov 6**, 2018
Wilmington, Delaware

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge

-11-