# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | : | Chapter 11 |
| M&G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| Debtors. | : | (Jointly Administered) |

## NOTICE OF (A) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT PLAN OF LIQUIDATION, (B) HEARING TO CONSIDER CONFIRMATION OF PLAN OF LIQUIDATION AND (C) RELATED MATTERS

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On November 6, 2018, certain of the above-captioned debtors and debtors in possession (collectively, the "U.S. Debtors")[2] filed: (a) the *Second Amended Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 2049) (as the same may be amended or modified, the "Plan"); and (b) the related *Disclosure Statement for Second Amended Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 2050) (as the same may be amended or modified, the "Disclosure Statement").[3]

2. Pursuant to an order of the Bankruptcy Court dated November 6, 2018 (the "Disclosure Statement Order") (Docket No. 2047), the Disclosure Statement and certain related materials (collectively, the "Solicitation Package") have been approved for solicitation of votes to accept or reject the Plan.

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these Cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] The U.S. Debtors are M & G USA Corporation, M & G Resins USA, LLC, M & G Polymers USA, LLC, M&G Finance Corporation, M&G Waters USA, LLC, M & G USA Holding, LLC, Chemtex International Inc., Chemtex Far East, Ltd. and Indo American Investments, Inc.

[3] References to Exhibits and capitalized terms not otherwise defined in this Notice have the meanings given to them in the *Motion for an Order (I) Approving the Disclosure Statement, (II) Approving the Form and Manner of Service of Notice Thereof, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject a Chapter 11 Plan of Liquidation and (IV) Scheduling a Hearing on Confirmation of a Chapter 11 Plan of Liquidation* (the "Motion"), filed by the U.S. Debtors on September 5, 2018, or, if not defined therein, in the Plan. Copies of the Motion are available free of charge at https://cases.primeclerk.com/mgusa.

3. A hearing to consider the confirmation of the Plan (the "Confirmation Hearing") will be held before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), 824 North Market Street, Wilmington, Delaware 19801 on **December 17, 2018 at 11:00 a.m. (prevailing Eastern Time).**

4. Requests for copies of the Disclosure Statement and the Plan (excluding certain voluminous exhibits thereto) by parties in interest may be made by writing to M&G USA Corporation *et al*. Ballot Processing, c/o Prime Clerk LLC, 830 3rd Avenue, 3rd Floor, New York, NY 10022. Copies of the Disclosure Statement and the Plan (along with exhibits to each as they are filed with the Bankruptcy Court) and the Motion are available for review, without charge, via the internet at https://cases.primeclerk.com/mgusa. Any Plan Supplement Documents will be filed with the Bankruptcy Court on or before November 26, 2018.

5. Any objection to the Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules of Bankruptcy Practice & Procedure of the United States Bankruptcy Court for the District of Delaware; (c) state the name, address, telephone number and email address of the objecting party and the amount and nature of the Claim or Interest of such entity, if any; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) **be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is actually received by the following notice parties set forth below no later than December 7, 2018 at 5:00 p.m. (prevailing Eastern Time):** (i) counsel to the Debtors, Jones Day, 250 Vesey Street, New York, NY 10280, Attn: Scott J. Greenberg, Esq. (sgreenberg@jonesday.com) and Stacey L. Corr-Irvine, Esq. (scorrirvine@jonesday.com), 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn: Carl E. Black, Esq. (ceblack@jonesday.com), 1420 Peachtree Street, N.E., Suite 800, Atlanta, GA 30309-3053, Attn: Daniel J. Merrett, Esq. (dmerrett@jonesday.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq. (joneill@pszjlaw.com) and Joseph M. Mulvihill, Esq. (jmulvihill@pszjlaw.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, Delaware 19801, Attn: Hannah McCollum, Esq. (Hannah.McCollum@usdoj.gov); (iii) counsel to the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com) and Lauren Doyle, Esq. (ldoyle@milbank.com) and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington Delaware 19801, Attn: J. Kate Stickles, Esq. (kstickles@coleschotz); (iv) counsel to the Pre-Petition First Lien Lenders, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Lisa M. Schweitzer, Esq. (lschweitzer@cgsh.com) and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Pauline K. Morgan, Esq. (pmorgan@ycst.com); and (v) counsel to Corpus Christi Polymers LLC, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Alfredo Perez, Esq. (alfredo.perez@weil.com), Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Paul Kizel, Esq. (pkizel@lowenstein.com) and Duane Morris LLP, Suite 5010, 600 Grant Street, Pittsburgh, PA 15219, Attn: Joel M. Walker, Esq. (JMWalker@duanemorris.com).

6.       Pursuant to the Disclosure Statement Order, the Bankruptcy Court approved certain procedures for tabulation of votes to accept or reject the Plan.  If you are the Holder of a Claim against one of the U.S. Debtors as of November 5, 2018 (the record date as established by the Disclosure Statement Order) in Classes 2, 3, 4 and 8, you have received with this Notice a ballot form (a "Ballot") and voting instructions appropriate for your Claim, as well as a copy of the Disclosure Statement and related solicitation materials.  The following procedures apply with respect to voting your Claim:

    a. For your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute the Ballot and return the completed Ballot to the address indicated on the Ballot or by the means set forth on the Ballot **so that it is received by 5:00 p.m., prevailing Eastern Time, on December 6, 2018** (the "Voting Deadline").  Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify your Ballot and your vote.  *You are encouraged to read the voting instructions carefully and review the Disclosure Statement before you vote.*

    b. Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with the tabulation rules approved by the Bankruptcy Court in the Disclosure Statement Order (collectively, the "Tabulation Rules").

    c. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of receiving distributions under the Plan and is without prejudice to the rights of the U.S. Debtors in any other context, including the right of the U.S. Debtors to contest the amount, validity or classification of any Claim for purposes of allowance and distribution under the Plan.  If you wish to challenge (i) the classification of your Claim or (ii) the allowance of your Claim for voting purposes in accordance with the Tabulation Rules, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve such motion on the U.S. Debtors so that it is received on or before 5:00 p.m. (prevailing Eastern Time) on the later of (a) **December 3, 2018** and (b) the fifth business day after the U.S. Debtors file an objection to your Claim, if any.  Such motion will, to the extent necessary, be heard at the Confirmation Hearing.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted for voting purposes in excess of the amount determined in accordance with the Tabulation Rules.

7.       Claims in Classes 1 (Priority Claims), 5 (Comerica Claims), 6 (Secured Macquarie Claims), 7 (Other Secured Claims) and 11 (Interests in Subsidiary U.S. Debtors) are unimpaired and, therefore, are conclusively presumed to accept the Plan in accordance with

section 1126(f) of the Bankruptcy Code.  Claims in Classes 9 (Interests) and 10 (U.S. Debtor Intercompany Claims) under the Plan are impaired, but shall not receive any distribution pursuant to the Plan, and therefore, consistent with section 1126(g) of the Bankruptcy Code, will be deemed to have rejected the Plan.  For the foregoing reasons, solicitation of Classes 1, 5, 6, 7, 9, 10 and 11 (collectively, the "<u>Non-Voting Classes</u>") under the Plan is not required, and no Ballots have been proposed for creditors and equity security holders in these Classes.  Each Holder of a Claim or Interest in the Non-Voting Classes will receive the appropriate form of Notice of Non-Voting Status.

8. In connection with confirmation of the Plan, the U.S. Debtors are seeking approval of certain releases, including releases of certain nondebtor entities, that will become effective and binding on the Effective Date in accordance with the terms of the Plan and the Confirmation Order.  These releases are described in detail in the Disclosure Statement and are set forth below:

**EXCULPATION**

**FROM AND AFTER THE EFFECTIVE DATE, THE EXCULPATED PARTIES SHALL NEITHER HAVE NOR INCUR ANY LIABILITY FROM ANY ENTITY, AND NO HOLDER OF A CLAIM AGAINST OR INTEREST IN, A U.S. DEBTOR, NO OTHER PARTY IN INTEREST AND NONE OF THEIR RESPECTIVE REPRESENTATIVES SHALL HAVE ANY RIGHT OF ACTION AGAINST ANY EXCULPATED PARTY FOR ANY ACT TAKEN OR OMITTED TO BE TAKEN BEFORE THE EFFECTIVE DATE IN CONNECTION WITH, RELATED TO OR ARISING OUT OF THE CHAPTER 11 CASES, ANY OF THE U.S. DEBTORS OR THE ESTATES, THE NEGOTIATION, CONSIDERATION, FORMULATION, PREPARATION, DISSEMINATION, IMPLEMENTATION, CONFIRMATION OR CONSUMMATION OF THE PLAN, THE EXHIBITS, THE DISCLOSURE STATEMENT, THE SALES, OR ANY OTHER TRANSACTIONS PROPOSED OR CONSUMMATED IN CONNECTION WITH THE CHAPTER 11 CASES, ANY DISTRIBUTIONS MADE UNDER OR IN CONNECTION WITH THE PLAN OR ANY CONTRACT, INSTRUMENT, RELEASE OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO OR ANY OTHER ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION THEREWITH OR WITH THE PLAN OR THE OBLIGATIONS ASSUMED HEREUNDER; <u>PROVIDED</u>, <u>HOWEVER</u>, THAT THE FOREGOING PROVISIONS OF SECTION ERROR! REFERENCE SOURCE NOT FOUND..8 OF THE PLAN SHALL HAVE NO EFFECT ON:  (A) THE LIABILITY OF ANY ENTITY THAT WOULD OTHERWISE RESULT FROM THE FAILURE TO PERFORM OR PAY ANY OBLIGATION OR LIABILITY UNDER THE PLAN OR ANY CONTRACT, INSTRUMENT, RELEASE OR OTHER AGREEMENT OR DOCUMENT TO BE ENTERED INTO OR DELIVERED IN CONNECTION WITH THE PLAN; (B) THE LIABILITY OF ANY EXCULPATED PARTY THAT IS THE RESULT OF ANY ACT OR OMISSION OF SUCH EXCULPATED PARTY THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE, FRAUD OR WILLFUL MISCONDUCT; AND (C) THE LITIGATION TRUST CAUSES OF ACTION AND ANY RIGHT OF THE LITIGATION TRUST TO ASSERT ANY CORPUS CHRISTI CAUSE OF ACTION PURSUANT TO SECTION ERROR! REFERENCE SOURCE NOT FOUND. OF THE PLAN.**

**RELEASES BY U.S. DEBTORS**

**WITHOUT LIMITING ANY OTHER APPLICABLE PROVISIONS OF, OR RELEASES CONTAINED IN, THE PLAN, AS OF THE EFFECTIVE DATE, TO THE FULLEST EXTENT PERMITTED BY LAW, THE U.S. DEBTORS, ON BEHALF OF THEMSELVES, THEIR ESTATES, THEIR RESPECTIVE REPRESENTATIVES ANY AND ALL ENTITIES WHO MAY PURPORT TO CLAIM BY, THROUGH, FOR OR BECAUSE OF THEM, SHALL FOREVER RELEASE, WAIVE AND DISCHARGE ALL LIABILITIES THAT THEY HAVE, HAD OR MAY HAVE AGAINST ANY RELEASED PARTY WITH RESPECT TO ANY OF THE U.S. DEBTORS, THE ESTATES, THE CHAPTER 11 CASES OR THE NEGOTIATION, CONSIDERATION, FORMULATION, PREPARATION,**

DISSEMINATION, IMPLEMENTATION, CONFIRMATION OR CONSUMMATION OF THE PLAN, THE EXHIBITS, THE DISCLOSURE STATEMENT, THE SALES, THE DISSOLUTION TRANSACTIONS OR ANY OTHER TRANSACTIONS PROPOSED OR CONSUMMATED IN CONNECTION WITH THE CHAPTER 11 CASES, ANY DISTRIBUTIONS, ANY CONTRACT, INSTRUMENT, RELEASE OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO OR ANY OTHER ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION THEREWITH OR IN CONNECTION WITH THE PLAN OR THE OBLIGATIONS ASSUMED HEREUNDER; <u>PROVIDED</u>, <u>HOWEVER</u>, THAT THE FOREGOING PROVISIONS OF SECTION ERROR! REFERENCE SOURCE NOT FOUND..ERROR! REFERENCE SOURCE NOT FOUND..0 OF THE PLAN SHALL NOT AFFECT:  (A) THE LIABILITY OF ANY RELEASED PARTY THAT IS THE RESULT OF ANY ACT OR OMISSION DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE, FRAUD OR WILLFUL MISCONDUCT; (B) ANY RIGHTS TO ENFORCE THE PLAN OR ANY CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS OR DOCUMENTS TO BE, OR PREVIOUSLY, ENTERED INTO OR DELIVERED IN CONNECTION WITH THE PLAN; (C) EXCEPT AS OTHERWISE EXPRESSLY SET FORTH IN THE PLAN, ANY OBJECTIONS BY THE U.S. DEBTORS OR THE LITIGATION TRUST TO CLAIMS FILED BY ANY ENTITY AGAINST ANY U.S. DEBTOR AND/OR THE ESTATES, INCLUDING RIGHTS OF SETOFF, REFUND OR OTHER ADJUSTMENTS; (D) THE RIGHTS OF THE U.S. DEBTORS OR THE LITIGATION TRUST TO ASSERT ANY APPLICABLE DEFENSES IN LITIGATION OR OTHER PROCEEDINGS (INCLUDING THE RIGHTS TO SEEK SANCTIONS, FEES AND OTHER COSTS); (E) ANY CLAIM OF THE U.S. DEBTORS OR THE LITIGATION TRUST, INCLUDING (BUT NOT LIMITED TO) CROSS-CLAIMS OR COUNTERCLAIMS OR OTHER CAUSES OF ACTION AGAINST ANY PARTIES, ARISING OUT OF OR RELATING TO ANY LITIGATION, JUDICIAL PROCESS, ADMINISTRATIVE PROCEEDING OR RELATED PROCEEDING, WHETHER IN LAW OR IN EQUITY, TO WHICH THE U.S. DEBTORS OR THE LITIGATION TRUST ARE A PARTY; OR (F) THE LITIGATION TRUST CAUSES OF ACTION (INCLUDING WITHOUT LIMITATION, THE U.S. DEBTORS' AND THEIR ESTATES' CAUSES OF ACTION AGAINST ANY CURRENT OR FORMER DIRECTOR OR OFFICER OF ANY U.S. DEBTOR) AND ANY RIGHT OF THE LITIGATION TRUST TO ASSERT ANY CORPUS CHRISTI CAUSE OF ACTION PURSUANT TO SECTION ERROR! REFERENCE SOURCE NOT FOUND. OF THE PLAN.

**<u>RELEASES BY HOLDERS OF CLAIMS</u>**

WITHOUT LIMITING ANY OTHER APPLICABLE PROVISIONS OF, OR RELEASES CONTAINED IN, THE PLAN, AS OF THE EFFECTIVE DATE, IN CONSIDERATION FOR THE OBLIGATIONS OF THE U.S. DEBTORS UNDER THE PLAN AND THE CONSIDERATION AND OTHER CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS OR DOCUMENTS TO BE ENTERED INTO OR DELIVERED IN CONNECTION WITH THE PLAN, UNLESS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER, EACH HOLDER OF A CLAIM OR INTEREST THAT (A) VOTES IN FAVOR OF THE PLAN OR IS UNIMPAIRED BY AND CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN OR (B) EITHER (I) ABSTAINS FROM VOTING, (II) VOTES TO REJECT THE PLAN OR (III) IS DEEMED TO REJECT THE PLAN AND DOES NOT OPT OUT OF THE VOLUNTARY RELEASE CONTAINED IN SECTION IX.C.2 OF THE PLAN (BY, IN THE CASE OF EITHER (I) OR (II), CHECKING THE OPT-OUT BOX ON THE BALLOT AND RETURNING IT IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH THEREON, INDICATING THAT SUCH HOLDER OPTS NOT TO GRANT THE RELEASES PROVIDED IN THE PLAN OR, IN THE CASE OF (III), TIMELY OBJECTING TO THE PLAN'S THIRD PARTY RELEASE PROVISIONS), SHALL BE DEEMED TO FOREVER RELEASE AND WAIVE AND DISCHARGE ALL LIABILITIES IN ANY WAY THAT SUCH ENTITY HAS, HAD OR MAY HAVE AGAINST ANY RELEASED PARTY (WHICH RELEASE SHALL BE IN ADDITION TO THE DISCHARGE OF CLAIMS AND TERMINATION OF INTERESTS PROVIDED HEREIN AND UNDER THE CONFIRMATION ORDER AND THE BANKRUPTCY CODE), IN EACH CASE, RELATING TO ANY OF THE U.S. DEBTORS, THE ESTATES, THE CHAPTER 11 CASES, THE NEGOTIATION, CONSIDERATION, FORMULATION, PREPARATION, DISSEMINATION, IMPLEMENTATION, CONFIRMATION OR CONSUMMATION OF THE PLAN, THE EXHIBITS, THE DISCLOSURE STATEMENT, THE SALES, THE DISSOLUTION TRANSACTIONS OR ANY OTHER TRANSACTIONS PROPOSED OR CONSUMMATED IN CONNECTION WITH THE CHAPTER 11 CASES, ANY CONTRACT, INSTRUMENT, RELEASE OR

**OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO OR ANY OTHER ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION THEREWITH OR IN CONNECTION WITH THE PLAN OR THE OBLIGATIONS ASSUMED HEREUNDER; PROVIDED, HOWEVER, THAT THE FOREGOING PROVISIONS OF SECTION IX.C.2 OF THE PLAN SHALL HAVE NO EFFECT ON: (A) ANY LIABILITY OF (I) THE PURCHASER, SOLELY WITH RESPECT TO ANY CORPUS CHRISTI MECHANICS' LIEN ASSUMED CLAIM, (II) ANY RELEASED PARTY THAT IS THE RESULT OF ANY ACT OR OMISSION OF SUCH RELEASED PARTY DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE, FRAUD OR WILLFUL MISCONDUCT AND (III) ANY ENTITY THAT WOULD OTHERWISE RESULT FROM THE FAILURE TO PERFORM OR PAY ANY OBLIGATION OR LIABILITY UNDER THE PLAN OR ANY CONTRACT, INSTRUMENT, RELEASE OR OTHER AGREEMENT OR DOCUMENT TO BE ENTERED INTO OR DELIVERED IN CONNECTION WITH THE PLAN; (B) THE LITIGATION TRUST CAUSES OF ACTION (INCLUDING WITHOUT LIMITATION, THE U.S. DEBTORS' AND THEIR ESTATES' CAUSES OF ACTION AGAINST ANY CURRENT OR FORMER DIRECTOR OR OFFICER OF ANY U.S. DEBTOR) AND ANY RIGHT OF THE LITIGATION TRUST TO ASSERT ANY CORPUS CHRISTI CAUSE OF ACTION PURSUANT TO SECTION III.H.2 OF THE PLAN; OR (C) THE ENFORCEMENT AGAINST THE PURCHASER OF ANY ARBITRATION CLAUSE UNDER A CONTRACT GIVING RISE TO A CORPUS CHRISTI MECHANICS' LIEN CLAIM.**

**INJUNCTION RELATED TO RELEASES**

**THE CONFIRMATION ORDER WILL PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY ANY PERSON, WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, OF ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, LIABILITIES, RIGHTS OF CONTRIBUTION OR RIGHTS OF INDEMNIFICATION RELEASED PURSUANT TO THE PLAN, INCLUDING PURSUANT TO THE RELEASES IN SECTION** ERROR! REFERENCE SOURCE NOT FOUND. **OF THE PLAN.**

**NOTWITHSTANDING ANY PROVISION OF THE PLAN, THE DISCLOSURE STATEMENT OR THE CONFIRMATION ORDER TO THE CONTRARY, INCLUDING BUT NOT LIMITED TO THE EXCULPATIONS, RELEASES AND INJUNCTIONS SET FORTH IN SECTION IX OF THE PLAN, NEITHER THE PLAN, THE DISCLOSURE STATEMENT NOR THE CONFIRMATION ORDER WILL: (A) RELEASE, DISCHARGE OR EXCULPATE THE DEBTORS, THE RELEASED PARTIES, THE EXCULPATED PARTIES, THE REPRESENTATIVES OF ANY OF THE FOREGOING OR ANY OTHER PARTY WITH RESPECT TO "CONTROLLED GROUP LIABILITY" OWED TO THE PENSION PLANS OR PBGC UNDER ERISA OR THE INTERNAL REVENUE CODE; (B) RELEASE, DISCHARGE OR EXCULPATE THE DEBTORS, THE RELEASED PARTIES, THE EXCULPATED PARTIES, THE REPRESENTATIVES OF ANY OF THE FOREGOING OR ANY OTHER PARTY FOR FIDUCIARY BREACH RELATED TO THE PENSION PLANS; OR (C) ENJOIN OR PREVENT THE PENSION PLANS OR PBGC FROM COLLECTING ANY SUCH LIABILITY FROM A LIABLE PARTY.**

9. On the Effective Date, except as otherwise provided herein, each of the U.S. Debtors' Executory Contracts and Unexpired Leases not previously assumed or rejected pursuant to an order of the Bankruptcy Court shall be deemed rejected as of the Effective Date in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code except any Executory Contract or Unexpired Lease (a) identified on <u>Exhibit E</u> to the Plan (which shall be filed as part of the Plan Supplement) as an Executory Contract or Unexpired Lease designated for assumption, (b) which is the subject of a separate motion or notice to assume or reject filed by the U.S. Debtors and pending as of the Confirmation Hearing, (c) that previously expired or terminated pursuant to its own terms or (d) that was previously assumed by any of the U.S. Debtors.

10. The dates referenced in this Notice and other key dates related to the Plan confirmation process are summarized in the chart below. The Confirmation Hearing may be

continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

| DEADLINE | DATE[4] |
|---|---|
| Voting Record Date | November 5, 2018 |
| Deadline for Debtors to File Plan Supplement | November 26, 2018 at 5:00 p.m. |
| Deadline to File Bankruptcy Rule 3018(a) Motion | December 3, 2018 at 5:00 p.m. |
| Voting Deadline | December 6, 2018 at 5:00 p.m. |
| Plan Objection Deadline | December 7, 2018 at 5:00 p.m. |
| Deadline to File Tabulation Declaration | December 11, 2018 at 5:00 p.m. |
| Deadline for Debtors to File Consolidated Brief and Reply in Support of Plan Confirmation | December 12, 2018 at 5:00 p.m. |
| Confirmation Hearing | December 17, 2018 at 11:00 a.m. |

[*Remainder of Page Intentionally Left Blank*]

---

[4] All times in this table are prevailing Eastern Time.

| Dated: November 7, 2018 | PACHULSKI STANG ZIEHL & JONES LLP |
|---|---|
| | */s/ Laura Davis Jones* |
| | Laura Davis Jones (DE Bar No. 2436) |
| | James E. O'Neill (DE Bar No. 4042) |
| | Joseph M. Mulvihill (DE Bar No. 6061) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email: ljones@pszjlaw.com |
| | joneill@pszjlaw.com |
| | jmulvihill@pszjlaw.com |
| | |
| | and |
| | |
| | JONES DAY |
| | Scott J. Greenberg |
| | Stacey L. Corr-Irvine |
| | 250 Vesey Street |
| | New York, NY 10281 |
| | Telephone: (212) 326-3939 |
| | Facsimile: (212) 755-7306 |
| | Email: sgreenberg@jonesday.com |
| | scorrirvine@jonesday.com |
| | |
| | and |
| | |
| | Carl E. Black |
| | 901 Lakeside Avenue |
| | Cleveland, Ohio 44114 |
| | Telephone: (216) 586-7035 |
| | Facsimile: (216) 579-0212 |
| | Email: ceblack@jonesday.com |
| | |
| | and |
| | |
| | Daniel J. Merrett |
| | 1420 Peachtree Street, N.E., Suite 800 |
| | Atlanta, GA 30309-3053 |
| | Telephone: (404) 581-8476 |
| | Facsimile: (404) 581-9330 |
| | Email: dmerrett@jonesday.com |
| | |
| | *Co-Counsel for the Debtors and Debtors in Possession* |