# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## DEBTORS' FIRST OMNIBUS MOTION
## FOR ENTRY OF AN ORDER AUTHORIZING THEM
## TO ASSUME CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE
THEIR NAMES AND THEIR LEASES AND/OR CONTRACTS
ON <u>EXHIBIT 1</u> ATTACHED TO THE PROPOSED ORDER**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), move the Court (this "<u>Motion</u>"), pursuant to sections 105 and 365 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for the entry of an order, in substantially the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), authorizing them to assume and assign the executory contracts and unexpired leases identified in <u>Exhibit 1</u> to the Proposed Order (collectively, the "<u>Assumed Contracts</u>")[2] to Corpus Christi Polymers, LLC ("<u>CCP</u>" or the "<u>Purchaser</u>"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors are the following nine entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067. On November 20, 2018, the chapter 11 cases of the following three entities were dismissed: Mossi & Ghisolfi International S.à r.l. (Case No. 17-12315 (BLS)), M&G Chemicals S.A. (Case No. 17-12316 (BLS)) and M&G Capital S.à r.l. (Case No. 17-12317 (BLS)).

[2] <u>Exhibit 1</u> to the Proposed Order identifies (a) the counterparty to each of the Assumed Contracts (each, a "<u>Counterparty</u>" and collectively, the "<u>Counterparties</u>"), (b) each Counterparty's address, (c) a short

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

**A.     General Background**

2. On October 24, 2017, Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases"). The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146). Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) filed on October 31, 2017 and incorporated herein by reference.

4. On November 6, 2018, the Court entered an order (Docket No. 2047) approving the *Disclosure Statement for Second Amended Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession* (Docket No. 2050) and authorizing the Debtors to solicit votes on the *Second Amended Joint Plan of Liquidation of the U.S. Debtors and Debtors in Possession*

---

description of each Assumed Contract, (d) the cure amount for each Assumed Contract and (e) the Debtor party to the Assumed Contract.

(Docket No. 2049) (as it may be modified, amended or supplemented, the "Plan").  A hearing on confirmation of the Plan is scheduled for December 17, 2018.

B. **The Bidding Procedures Order and the Sale of the Corpus Christi Assets**

5. On December 14, 2017, the Court entered an order (Docket No. 490) (the "Bidding Procedures Order") (a) authorizing the Debtors to, among other things, conduct a sale process for substantially all of their assets and (b) approving certain procedures for the assumption and assignment of the Debtors' executory contracts and unexpired leases to any potential purchaser of their assets.  With respect to the assumption and assignment of executory contracts and unexpired leases, the Bidding Procedures Order provides in relevant part that "[i]n the event that the Debtors identify any non-Debtor counterparties . . . that were not served with an Assumption and Assignment Notice [as defined therein], the Debtors may subsequently serve such Counterparty" and the procedures established by the Bidding Procedures Order with respect to the assumption and assignment of any subsequently discovered executory contracts and unexpired leases would nonetheless apply, *provided* that a counterparty receiving a supplemental notice would have seven days following service of the supplemental notice to file a cure objection.  Bidding Procedures Order, ¶ 31.

6. In accordance with the Bidding Procedures Order, the Debtors filed four notices identifying various executory contracts and unexpired leases for potential assumption and assignment in connection with their sale process.[3]  The Assumed Contracts were not previously included on any such notice, however.

---

[3] *See* Docket Nos. 537, 565, 775 and 1142.  For the avoidance of doubt, not all contracts and leases listed on these notices were ultimately included on the schedule of Purchased Contracts (as defined below) being assumed and assigned to CCP.

7. Following a robust, months' long marketing process, the Debtors conducted an auction for the sale of their partially constructed PTA/PET manufacturing facility in Corpus Christi, Texas and certain related assets, desalination equipment and intellectual property rights (collectively, the "Corpus Christi Assets"). At the conclusion of the auction, the Debtors designated CCP as a successful bidder and Banibu II Holdings, Inc. as the backup bidder for the Corpus Christi Assets. Thereafter, the Debtors filed a notice including the bids of the successful bidder and backup bidder and a schedule of executory contracts and unexpired leases that each potential purchaser had designated for assumption and assignment as part of their bids.[4]

8. On March 29, 2018 the Court entered an order (Docket No. 1300) (the "Sale Order") approving the sale of the Corpus Christi Assets to CCP pursuant to that certain *Asset Purchase Agreement* (as amended, the "CCP APA") among M & G Resins USA, LLC, M&G Polymers, M&G Waters USA, LLC, M&G USA Corporation, Chemtex International Inc. (collectively, the "Sellers") and CCP. The Sale Order approved the assumption and assignment of "the Contracts[5] (including the Purchased Contracts)[6] and any other Contracts identified in the [CCP APA] . . . to the Purchaser . . ." Sale Order, ¶ 20.[7] The Court further found in the Sale Order that the assumption and assignment of Contracts under the CCP APA to CCP were integral parts of the CCP APA and that the schedules of Contracts "may be amended, supplemented or otherwise modified prior to assumption and assignment without further order of

---

[4] *See* Docket No. 1231, at Schedule 2, Ex. A (identifying contracts that the successful bidder proposed to assume) and Ex. B (identifying contracts that the backup bidder proposed to assume).

[5] The Sale Order defines "Contracts" as "any executory contracts or unexpired leases of the Debtors." Sale Order, at 2.

[6] The CCP APA and the Sale Order define the "Purchased Contracts" as "all Contracts of the Sellers listed on Schedule 2.1(b)(vii) [to the CCP APA] that are unexpired as of the [date that the CCP APA closes] and related to the construction, maintenance of the Plants [as defined therein]" CCP APA, § 2.1(b)(vii).

[7] *See also* Sale Order, ¶ 23 (ordering that, on the closing date, "the Purchaser shall be fully and irrevocably vested with all right, title and interest of the Debtors under the Contracts to be assumed and assigned to Purchaser pursuant to the [CCP APA] (including all Purchased Contracts) . . .").

-4-

this Court with the consent of the Debtors, the applicable counterparty(s) and the Purchaser." Sale Order, ¶ X.

9. The CCP APA authorizes CCP to designate additional contracts to the schedule of Purchased Contracts up to the later of (i) date that the CCP APA closes pursuant to its terms, (ii) five business days after the resolution of any dispute with a non-debtor party to a Purchased Contract relating to a cure cost or adequate assurance objection and (iii) the conclusion of a cure objection hearing relating to any particular Purchased Contract as to which a cure objection has been timely filed, subject to certain conditions, including that the contract primarily relates to the Business[8] and was not previously assumed and assigned to a different entity or rejected by order of the Court. *See* CCP APA, § 2.6(c). In the event that CCP timely adds any newly discovered contract to the list of Purchased Contracts, the CCP APA provides that the counterparty to any such contract shall have seven business days' to raise an adequate assurance objection. *Id.*

10. Each of the Assumed Contracts, which relate to, and are integral to the operation of the Business, are part of a value-maximizing sale previously approved by the Court. Although the Debtors believe that the Bidding Procedures Order and the Sale Order authorizes them to file a supplemental notice identifying each of the Assumed Contracts in lieu of this Motion on seven days' notice, they nonetheless file this Motion in an abundance of caution. For these reasons, the

---

[8] The CCP APA defines the "Business" as "(i) the construction, maintenance and operation of the Plants, (ii) the production of purified terephthalic acid, as currently contemplated by Sellers to be conducted at the Corpus Christi Plant, (iii) the production, sale and distribution of polyethylene terephthalate resin, as contemplated to be conducted at the Corpus Christi Plants, and (iv) the operation and maintenance of the Desalination Plant as currently operated and maintained or as intended by Sellers to be operated and maintained, in each case, as communicated to Purchaser in that certain M&G Chemical USA Corporation Confidential Information Memorandum dated January 9, 2018 and made available to Purchaser prior to the date hereof in the virtual data room in connection with the Auction (doc id #17.4.1) and/or that certain M&G Waters Desalination Assets Confidential Information Memorandum dated February 2019 and made available to Purchaser prior to the date hereof in the virtual data room in connection with the Auction (doc id #17.4.2)." CCP APA, § 1.1.

Debtors believe that the assumption and assignment of the Assumed Contracts to CCP is reasonable and appropriate.[9]

**RELIEF REQUESTED**

11. The Debtors request entry of an order, in substantially the form of the Proposed Order, authorizing them to assume and assign the Assumed Contracts to CCP.

**BASIS FOR RELIEF REQUESTED**

**A. Assumption and Assignment of the Assumed Contracts Is an Appropriate Exercise of the Debtors' Business Judgment and Should Be Approved**

12. Section 365(a) of the Bankruptcy Code provides that a debtor "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Courts employ a business judgment standard in determining whether to approve a debtor's decision to assume or reject an executory contract. *See In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003); *In re Exide Techs.*, 340 B.R. 222, 239 (Bankr. D. Del. 2006) ("A court is required to examine whether a reasonable business person would make a similar decision under similar circumstances.")

13. Courts generally will not second-guess a debtor's reasonable and good faith business judgment concerning the assumption or rejection of an executory contract or unexpired lease, unless the decision is the product of bad faith, whim or caprice. *See In re HQ Global Holdings* at 511; *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen* (*In re Summit Land. Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah

---

[9] For the avoidance of doubt, and notwithstanding anything to the contrary contained herein, the inclusion of any contract or lease on <u>Exhibit 1</u> to the Proposed Order and/or entry of the Proposed Order shall be without prejudice to the rights of CCP, pursuant to the terms of the CCP APA, to subsequently exclude any such contracts or leases from (or not include any such contracts or leases on) the Purchased Contracts listed on Schedule 2.1(b)(vii) to the CCP APA prior to the closing of the sale pursuant to the CCP APA, and any such contracts or leases excluded from Schedule 2.1(b)(vii) to the CCP APA (as such schedule may be amended or modified by CCP in accordance with the CCP APA) shall not be assumed and shall be deemed rejected in the event that the sale of the Corpus Christi Assets to CCP closes.

1981) (absent extraordinary circumstance, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). The standard merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Cor. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989); *In re AbitibiBowater Inc.*, 418 B.R. 815, 831(Bankr. D. Del. 2009) (noting that "[t]his is not a difficult standard to satisfy").

14. The assumption of the Assumed Contracts is a sound exercise of the Debtors' business judgment and in the best interest of their estates. The Debtors and CCP have determined that the Assumed Contracts are integral to the operation of the Business. Consistent with the CCP APA, the Debtors have thus determined to assume and assign the Assumed Contracts to CCP as part of that value maximizing sale. Further, the assumption and assignment of the Assumed Contracts will benefit the Counterparties thereto by curing any monetary defaulting existing thereunder. For these reasons, the assumption and assignment of the Assumed Contracts to CCP should be approved.

    **B.    CCP Has Demonstrated that It Is Capable of Providing Adequate Assurance of Future Performance in Respect of the Assumed Contracts**

15. Section 365(f) of the Bankruptcy Code requires, in part, that the assignee of any executory contract provide "adequate assurance of future performance . . . whether or not there has been a default in such contract." 11 U.S.C. § 365(f)(2). Section 365(b), which codifies the requirements for assuming an executory contract, provides, in pertinent part that the debtor may only assume an executory contract if it:

> (A) cures, or provides adequate assurance that the [debtor] will promptly cure[s] [any defaults existing under the executory contract];

-7-

NAI-1505590395v4

>> (B) compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract . . . for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b).

16. While undefined by the Bankruptcy Code, adequate assurance is guided by "a practical, pragmatic construction based upon the facts and circumstances of each case." *Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) (quoting *In re Bon Ton Restaurant & Pastry Shop, Inc.*, 53 B.R. 789, 803 (Bankr. N.D. Ill. 1995)); *see also In re Alipat, Inc.*, 36 B.R. 274, 276-77 (Bankr. E.D. Mo. 1984) (recognizing that the term adequate assurance "borrowed its critical language . . . from Section 2-609 of the Uniform Commercial Code" which "suggest[s] that adequate assurance is to be defined by commercial rather than legal standards . . . [and] factual considerations."). While no single standard governs every case, adequate assurance "will fall considerably short of an absolute guarantee of performance." *In re Carlisle Homes, Inc.*, 103 B.R. at 538. Adequate assurance may be provided by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *See*, *e.g.*, *In re Bygaph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (finding that industrial expertise, past success in running a similar business and financial wherewithal satisfied the adequate assurance requirement of section 365 of the Bankruptcy Code).[10]

---

[10] The amounts, if any, that the Debtors believe are required to cure any monetary defaults under each of the Assumed Contracts pursuant to sections 365(b)(1)(A) and (B) of the Bankruptcy Code (the "Cure Amounts") are set forth in Exhibit 1 to the Proposed Order. Nothing in this Motion or the exhibits hereto shall be deemed or construed to: (a) constitute an admission as to the validity or priority of any claim (including the Cure Amount) against the Debtors; and/or (b) constitute a waiver of the Debtors' rights to dispute any claim (including the Cure Amount).

17. CCP has previously demonstrated that it is able to provide each Counterparty with adequate assurance of future performance of the respective Assumed Contract. Specifically, the Court previously found that the Debtors met all requirements of section 365(b) of the Bankruptcy Code with respect to the assumption and assignment of the Contracts to CCP. Sale Order, ¶ Y. Further, the Court found that that the Purchaser had "provided compensation or adequate assurance of compensation to any counterparty for actual pecuniary loss . . ." *Id.*[11] The result should be no different here.

18. The Debtors will make available to the Counterparties, upon request, any financial information provided to it by CCP concerning its ability to provide adequate assurance of future performance to the Counterparties in connection with the assumption and assignment of the Assumed Contracts. Accordingly, the Debtors have satisfied the requirements of section 365(b) of the Bankruptcy Code with respect to the assumption and assignment of the Assumed Contracts and respectfully request that the Motion be approved.

## **COMPLIANCE WITH BANKRUPTCY RULE 6006**

19. Bankruptcy Rule 6006(e) establishes the circumstances under which a debtor may file one motion to assume multiple executory contracts or unexpired leases. Bankruptcy Rule 6006(e) provides, in relevant part, that the debtor may not make such a motion unless:

(1) all executory contracts or unexpired leases to be assumed or assigned are between the same parties or are to be assigned to the same assignee;

(2) the trustee seeks to assume, but not assign to more than one assignee, unexpired leases of real property; or

(3) the court otherwise authorizes the motion to be filed.

---

[11] *See also* Sale Order, ¶ 20 ("The Purchaser has provided adequate assurance of future performance under the Contracts within the meaning of sections 365(b)(1)(c) and 365(f)(2)(B) of the Bankruptcy Code.").

The Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6006(e) because all contracts are to be assigned to the same assignee, CCP.

20. Bankruptcy Rule 6006(f) establishes requirements for a motion to assume multiple executory contracts that are not between the same parties. Bankruptcy Rule 6006(f) states, in relevant part, that such a motion shall:

(1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

(2) list parties alphabetically and identify the corresponding contract or lease;

(3) specify the terms, including the curing of defaults, for each requested assumption or assignment;

(4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

(5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

(6) be limited to no more than 100 executory contracts or unexpired leases.

The Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6006(f).

## **OBJECTIONS**

21. Any Counterparty that wishes to object to the proposed assumption and assignment of the applicable Assumed Contract or the Debtors' proposed Cure Amounts to cure any outstanding monetary defaults then existing under such contract shall file with this Court an objection (each, an "Objection") and serve it on (i) counsel to the Debtors, Jones Day, 250 Vesey Street, New York, NY 10280, Attn: Scott J. Greenberg, Esq. (sgreenberg@jonesday.com) and Stacey L. Corr-Irvine, Esq. (scorrirvine@jonesday.com), 901 Lakeside Avenue, Cleveland, Ohio 44114, Attn: Carl E. Black, Esq. (ceblack@jonesday.com), 1420 Peachtree Street, N.E., Suite 800, Atlanta, GA 30309-3053, Attn: Daniel J. Merrett, Esq. (dmerrett@jonesday.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market St., 17th Floor, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com), James E. O'Neill, Esq.

(joneill@pszjlaw.com) and Joseph M. Mulvihill, Esq. (jmulvihill@pszjlaw.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, Delaware 19801, Attn: Hannah McCollum, Esq. (Hannah.McCollum@usdoj.gov); (iii) counsel to the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Dennis F. Dunne, Esq. (ddunne@milbank.com) and Lauren Doyle, Esq. (ldoyle@milbank.com) and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington Delaware 19801, Attn: J. Kate Stickles, Esq. (kstickles@coleschotz); (iv) counsel to the Pre-Petition First Lien Lenders, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Lisa M. Schweitzer, Esq. (lschweitzer@cgsh.com) and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Pauline K. Morgan, Esq. (pmorgan@ycst.com); and (v) counsel to Corpus Christi Polymers LLC, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Alfredo Perez, Esq. (alfredo.perez@weil.com), Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Paul Kizel, Esq. (pkizel@lowenstein.com) and Philip J. Gross, Esq. (pgross@lowenstein.com) and Duane Morris LLP, Suite 5010, 600 Grant Street, Pittsburgh, PA 15219, Attn: Joel M. Walker, Esq. (JMWalker@duanemorris.com) (collectively, the "Objection Recipients") at or before **the hearing scheduled in these Chapter 11 Cases on December 17, 2018 at 11:00 a.m. (prevailing Eastern Time) and raise such objection at the hearing**. Any Objection must state, with specificity, the legal and factual bases therefor, including any appropriate documentation in support thereof.

22. If a Counterparty fails to timely file with the Court and serve on the Objection Recipients an Objection, the Counterparty shall be deemed to have consented to the assumption and assignment of the applicable Assumed Contract and to have consented to the applicable Cure

Amount set forth in Exhibit 1 to the Proposed Order.  Unless the Court orders otherwise, such Counterparty forever shall be barred from asserting any objection with regard to such assumption and assignment, Cure Amounts, or any other claims related to the applicable Assumed Contract.

**NOTICE**

23. Notice of this Motion shall be given to (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service, the Securities and Exchange Commission and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or order of the Court; (c) DAK and its counsel, Weil, Gotshal & Manges LLP and Morris, Nichols, Arsht & Tunnell LLP; (d) Banco Inbursa S.A., Institución De Banca Multiple, Grupo Financiero Inbursa,Control Empresarial de Capitales, S.A. de C.V. and their counsel, Cleary Gottlieb Steen & Hamilton LLP and Young Conaway Stargatt & Taylor, LLP; (e) Macquarie Investments US Inc. and its counsel, Sidley Austin LLP and Ashby & Geddes, P.A.; (f) the Committee and its counsel Milbank, Tweed, Hadley & McCoy LLP and Cole Schotz P.C.; (g) Corpus Christi Polymers, LLC and its counsel, Weil, Gotshal & Manges LLP, Lowenstein Sandler LLP and Duane Morris; (h) all persons and entities that have filed a request for service of filings in these Cases pursuant to Bankruptcy Rule 2002 at the time of noticing; and (i) the Counterparties.  The Debtors submit that no other or further notice need be provided.

**NO PRIOR REQUEST**

24. No prior request for the relief sought herein has been made to this Court or any other court.

[*Remainder of Page Left Blank Intentionally*]

-12-

NAI-1505590395v4

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order and grant such other and further relief as may be appropriate.

Dated:  December 10, 2018

PACHULSKI STANG ZIEHL & JONES LLP

/s/ *Joseph M. Mulvihill*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email: ljones@pszjlaw.com
joneill@pszjlaw.com
jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: sgreenberg@jonesday.com
scorririvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-7035
Facsimile: (216) 579-0212
Email: ceblack@jonesday.com

Co-Counsel for the Debtors and Debtors in Possession