**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M & G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re Docket No. 1075** |
| | : | |

**MOTION OF THE CONSTRUCTION LIENHOLDER
GROUP TO SHORTEN NOTICE FOR HEARING
TO ENTER ORDER APPROVING RESERVE MOTION**

Certain construction lien[2] claimants (collectively, the "Construction Lienholder Group"),[3] by and through undersigned counsel, hereby move for shortened notice (the "Motion to Shorten") with respect to having the Court consider entry of an order approving the Motion of the above-captioned debtors (the "Debtors") for entry of an order establishing a lienholder claims reserve and granting related relief [Docket No. 1075] (the "Reserve Motion"), and in support of its request, the Construction Lienholder Group states as follows:

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449); M & G Resins USA, LLC (3236); M & G Polymers USA, LLC (7593); M & G Finance Corporation (4230); M&G Waters USA, LLC (2195); M & G USA Holding, LLC (3451); Chemtex International Inc. (7695); Chemtex Far East, Ltd. (2062); and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] The term "construction lien" is intended to encompass all mechanics', contractors' or materialmen's liens arising under and pursuant to Texas property law.

[3] The members of the Construction Lienholder Group are (i) Apache Industrial, Services, Inc., (ii) Arc Energy Services, (iii) Axis Industrial Services, LLC, (iv) Bay Ltd, (v) Dawkins On-Site Concrete, LLC, (vi) Fagioli, Inc., (vii) Garrett Mechanical, Inc. (viii) Lexicon, Inc., (ix) MEITEC, Inc., (x) Mirage Industrial Group, LLC, (xi) MMR Constructors, Inc., (xii) Repcon, Inc., (xiii) SimplexGrinnell, LP, (xiv) Sunbelt Rentals, Inc.; (xv) TNT Crane & Rigging Inc., (xvi) WFS Construction Company LLC, and (xvii) Wholesale Electric Supply of Houston, Inc.

**BACKGROUND**

1. On March 2, 2018, the Debtors filed the Reserve Motion. In the Reserve Motion, the Debtors stated that, by the February 15, 2018, deadline for mechanics and materialmen to assert claims, "approximately 229 Lienholder Claims in the aggregate amount of more than $800 million have been asserted against the Debtors' estates by the filing of a Lien Affidavit, a Section 546 Notice and/or a Statement of Lien Form." Reserve Motion, ¶ 11.[4] Attached as Exhibit C to the Reserve Motion was a chart listing the Corpus Christi Mechanics' Lien Claims. That chart has since been updated in Exhibit E to the Debtors' Third Amended Joint Plan of Liquidation [Docket No. 2115] (the "Plan").

2. Prior to the hearing on March 27, 2018, to consider the Reserve Motion and a motion to sell the Debtors' plant and the related assets ("Corpus Christi Plant"), it was announced that the Debtors had determined that Corpus Christi Polymers, LLC (the "Purchaser") had provided the highest and best bids for the Corpus Christi Plant. Banibu II Holdings, Inc. ("Banibu") was determined to be the back-up bidder. The Construction Lienholder Group, after consulting with other individual construction lienholders, entered into a term sheet with respect to a reserve and treatment of Corpus Christi Mechanics' Lien Claims, as that term is defined in the Plan. A copy of that term sheet is attached as Exhibit F to the Asset Purchase Agreement among certain of the Debtors and Banibu [Docket No. 1277, Exhibit H-1].

3. The Construction Lienholder Group and numerous individual construction lienholders filed an objection to the Reserve Motion and the sale of the Corpus Christi Plant to the Purchaser. Immediately prior to the hearing on March 27, 2018 to consider the Reserve

---

[4] Of those $800 million of filed claims, some are Corpus Christi Mechanics' Lien Assumed Claims.

Motion and the Sale Motion the Debtors, the Construction Lienholder Group, and the Purchaser, agreed to the following terms, which was subsequently stated on the record at the hearing:[5]

- The creation of a reserve (the "Corpus Christi Mechanics' Lien Reserve") for the exclusive purpose of paying Corpus Christi Mechanics' Lien Claims, in the amounts set forth in the exhibit to the Debtors' reply in support of the Reserve Motion [Docket No. 1227], subject to the rights of the Holders of Corpus Christi Mechanics' Lien Claims to contest the "levels" of claims among the contractors or subcontractors to ensure that no party receives double payment on account of their claims.

- The Purchaser will establish and fund the Corpus Christi Mechanics' Lien Reserve in the amount of $265 million at closing and up to $50,000 for a reserve monitor (the "Reserve Monitor"), however the Corpus Christi Mechanics' Lien Reserve shall not be used to pay the claims of Chemtex International, Inc., WFS Construction Company, LLC and Blanchard Contractors, Inc. and its subcontractors (the "Excluded Construction Lienholder Claims"), whose claims total approximately $120,368,052.87, and would be unaffected and paid by the Purchaser directly.[6]

- Holders of Corpus Christi Mechanics' Lien Claims will receive interest in the amount of 7% per annum, plus reasonable legal fees and expenses on account of their allowed claims.

- Any right to payment on account of Corpus Christi Mechanics' Lien Claims – whether from the Corpus Christi Mechanics' Lien Reserve or in the case of an Excluded Construction Lienholder Claim, from the Purchaser – is subject to the right to object to the underlying claim.

- Payment of Corpus Christi Mechanics' Lien Claims, once allowed either through settlement or adjudication by this Court or at arbitration, will be subject to a certain holdback to ensure that, in the event that there are insufficient funds to pay all the Allowed Corpus Christi Mechanics' Lien Claims in full, including interest, and legal fees and expenses, that there would be a small pool of funds available to pay the principal of all Corpus Christi Mechanics' Lien Claims.

- The appointment of the Reserve Monitor who would be selected by the Construction Lienholder Group, after consultation with certain of the other Holders of Corpus Christi Mechanics' Lien Claims. The purpose of the Reserve Monitor would be to ensure that the correct amounts are being paid from the Corpus Christi Mechanics' Lien Reserve after the holdback. The Reserve Monitor would have no obligation to file anything with the Court, but simply to provide notice to those Holders of Corpus Christi

---

[5] See 3/28/18 Hearing Tr. at pp. 38-49.

[6] Based upon the assumption of the Excluded Construction Lienholder Claims, there would be a reserve of $265 million to pay $230,411,660.58 ($350,779,713.45-$120,368,052.87) of claims to be paid, plus interest, legal fees and expenses.

3

10633908/1

Mechanics' Lien Claims who request notice and who have an interest in the Corpus Christi Mechanics' Lien Reserve as to the amount of the remaining construction lienholder claims and the amount remaining in the reserve. The Reserve Monitor's fees would be paid from the Corpus Christi Mechanics' Lien Reserve and capped at $50,000.

4. At the March 27, 2018 hearing, the Debtors also agreed to file a motion to approve a settlement with certain Holders of Corpus Christi Mechanics' Lien Claims with respect to disputed claims totaling $38.9 million, which would reduce those Corpus Christi Mechanics' Lien Claims to a total of $26.9 million. The Debtors agreed to file such motion(s) within five business days or such additional time as it takes for them to get the settlement agreements executed and such motion(s) will not be opposed by the Debtors' secured lenders.

5. Nearly nine months have passed since the March 28, 2018 hearing, and to date, an order approving the reserve procedures has not yet been approved. Further, to date, the Debtors have filed a notice of settlement for less than $1.5 million of claims. Upon information and belief, the reason for the paucity of settlements is because some non-debtor parties have been unwilling to execute settlement agreements in the absence of an order approving the settlement reserve procedures.

6. As this Court is aware, the Purchaser is to be owned by three separate entities, each with their own counsel, each in a different country, and each of whom speaks a different language. Additionally, the Purchaser has been attempting to get the regulatory approval for closing. The Construction Lienholder Group is comprised of seventeen members, and it has been working with at least seven other holders of mechanics and materialmen's liens. Accordingly, although the parties have attempted to reach a settlement, it has been a struggle to make progress to a final resolution. That is not finger pointing, but simply a statement about where the parties are after extensive negotiations among them in an effort to reach agreement on the Corpus Christi Mechanics' Lien Reserve Procedures. The Reserve Motion has been pending

for over nine months and the Construction Lienholder Group believes that the success of the Plan is dependent upon a contemporaneous hearing on and resolution of the Reserve Motion, and entry of construction lien reserve procedures, that substantially mirror the representations of the parties as reflected on the record.

7. On December 12, 2018, the Debtors filed the Plan, and the treatment of Holders of Corpus Christi Mechanics' Lien Claims is premised upon the entry of an order approving the Corpus Christi Mechanics' Lien Reserve Procedures, as that term is defined under the Plan. See Plan, II,C.4. The hearing to consider confirmation of the Plan is scheduled for December 17, 2018 at 11:00 a.m. (the "Confirmation Hearing").

8. Accordingly, absent entry of an Order in some form, holders of Corpus Christi Mechanics' Lien Claims cannot receive any distribution under the Plan. Further, as noted herein above, not having an order approving Corpus Christi Mechanics' Lien Reserve Procedures is also impairing the ability of the Debtors and Purchaser to achieve settlements.

## RELIEF REQUESTED

9. By and through this Motion to Shorten, the Construction Lienholder Group, after consultation with other holders of mechanics and materialmen's liens, seeks entry of an Order having the Court consider entry of an Order granting the Reserve Motion, at the Confirmation Hearing.

## BASIS FOR RELIEF SOUGHT

10. Local Rule 9006-1, titled "Time for Service and Filing of Motions and Objections," provides as follows:

Shortened Notice. No motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice. The Court will rule on such motion promptly without need for a hearing.

Expedited consideration is warranted in this case.

11. The Debtors' have scheduled confirmation of the Plan for December 17, 2018. By and through the this Motion to Shorten, the Construction Lienholder Group seeks entry of an Order, a copy of which is attached hereto as **Exhibit A**, so that the Court may consider entry of an Order granting the Corpus Christi mechanics' lien reserve procedures (the "Corpus Christi Mechanics' Lien Reserve Procedures").

12. Significantly, the proposed form of order for Corpus Christi Mechanics' Lien Reserve Procedures is attached hereto as **Exhibit B**, however the Construction Lienholder Group, together with the individual lienholders with whom it has been caucusing, are committed to continuing to try to reach a resolution with the Purchaser prior to the Confirmation Hearing, and to further terms which would supplement the form of order, to the extent necessary, should the parties reach an agreement.

## CONSENT TO SHORTENED NOTICE

13. Counsel for the Construction Lienholder Group has consulted with the Debtors, who do not oppose the request to shorten time to have the motion heard on December 17, 2018. Further, the undersigned counsel understands that the Debtors have consulted with counsel for the Creditors' Committee, and they do not oppose the motion to shorten, either. Counsel for the Construction Lienholder Group has consulted with the Purchaser, and the Purchaser has not consented to the request to shorten time as of the time of this filing.

## NOTICE

14. The Construction Lienholder Group will provide notice of this Motion to Shorten to: (a) the United States Trustee; (b) counsel for the Debtors; (c) counsel for the Official Committee of Unsecured Creditors; and (d) counsel to the Purchasers. In light of the nature of the relief requested herein, the Construction Lienholder Group respectfully submits that no further notice is necessary.

WHEREFORE, the Construction Lienholder Group respectfully requests that the Court enter an Order, substantially in the form attached as **Exhibit A**, shortening the time for notice and setting the hearing on the Reserve Motion for December 17, 2018, at 11:00 a.m., prevailing eastern time, with objections due at or prior to the hearing, and granting such other and further relief as is just and proper.

Dated: December 13, 2018         **MORRIS JAMES LLP**

                                       /s/ Eric J. Monzo
                                       Jeffrey R. Waxman (DE Bar No. 4159)
                                       Eric J. Monzo (DE Bar No. 5214)
                                       500 Delaware Avenue, Suite 1500
                                       Wilmington, DE 19801
                                       Telephone: (302) 888-6800
                                       Email: jwaxman@morrisjames.com
                                       Email: emonzo@morrisjames.com

                                       Counsel for the Construction Lienholder Group