# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1075** |

**ORDER GRANTING DEBTORS' MOTION FOR
ENTRY OF AN ORDER ESTABLISHING MECHANICS' LIENHOLDER
CLAIMS RESERVE AND GRANTING RELATED RELIEF**

This Court having considered the *Debtors' Motion for an Order Establishing a Lienholder Claims Reserve and Granting Related Relief* [Docket No. 1075] (the "Motion"), filed by the above-captioned debtors and debtors in possession (the "Debtors"), the objections to the Motion (collectively, the "Objections") having either been resolved, withdrawn or overruled, and this Court having found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion was sufficient under the circumstances; after due deliberation, this Court has determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown; it is HEREBY

ORDERED THAT, the Motion is approved to the extent set forth herein establishing the Corpus Christi Mechanics' Lien Reserve Procedures[2]; and it is further

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449); M & G Resins USA, LLC (3236); M & G Polymers USA, LLC (7593); M & G Finance Corporation (4230); M&G Waters USA, LLC (2195); M & G USA Holding, LLC (3451); Chemtex International Inc. (7695); Chemtex Far East, Ltd. (2062); and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

ORDERED THAT, the Purchaser shall establish and fund the Corpus Christi Mechanics' Lien Reserve in the amount of $265 million on the Closing Date; and it is further

ORDERED THAT, the Corpus Christi Mechanics' Lien Reserve will be for the sole purpose of payment of Corpus Christi Mechanics' Lien Claims, including interest at a rate of 7% per annum, reasonable legal fees and expenses, and up to $50,000 for a reserve monitor (the "<u>Reserve Monitor</u>"), <u>however</u>, the Corpus Christi Mechanics' Lien Reserve shall not be used to pay the claims of Chemtex International, Inc., WFS Construction Company, LLC and Blanchard Contractors, Inc. and its subcontractors (the "<u>Excluded Construction Lienholder Claims</u>"), whose claims total approximately $120,368,052.87, and would be unaffected and paid by the Purchaser directly; and it is further

ORDERED THAT, Holders of Corpus Christi Mechanics' Lien Claims will receive interest in the amount of 7% per annum, plus reasonable legal fees and expenses on account of their allowed claims; and it is further

ORDERED THAT, upon the closing of the sale of the Corpus Christi Plant to the Purchaser, and in accordance with the terms of the Plan, the Corpus Christi Mechanics' Lien Schedule is approved, subject to the rights of a Holder of a Corpus Christi Mechanics' Lien Claim to amend its claims, as provided in the Plan; and it is further

ORDERED THAT, as Corpus Christi Mechanics' Lien Reserve Claims are allowed – whether through settlements, orders approving judgments of the Bankruptcy Court, or arbitration awards, as applicable – the escrow agent ("<u>Escrow Agent</u>") responsible for timely distribution from the Reserve on account of such claims shall timely distribute to the claimant 90% of the Reserve Amount set forth on the Corpus Christi Mechanics' Lien Schedule, and to the extent that

---

[2] Capitalized terms not otherwise herein defined shall have the meaning provided in the *Third Amended Joint Plan of Liquidation of the Debtors and the Debtors in Possession* [Docket No. 2115].

10633908/1

any Holder of a Corpus Christi Mechanics' Lien Claim is entitled to payment beyond the Reserve Amount in the Corpus Christi Mechanics' Lien Schedule, any such additional amounts shall be held in the Corpus Christi Mechanics' Lien Reserve until such time as either the last Corpus Christi Mechanics' Lien Reserve Claim is resolved or the Corpus Christi Mechanics' Lien Reserve is sufficient to ensure payment of all Corpus Christi Mechanics' Lien Reserve Claims in full; and it is further

ORDERED THAT, in the event that after payment of 90% on account of all allowed Corpus Christi Mechanics' Lien Reserve Claims, the remaining balance is insufficient to pay all remaining allowed Corpus Christi Mechanics' Lien Reserve Claims, the Escrow Agent shall cause the balance of the claims to be paid pro rata from the funds remaining in the Corpus Christi Mechanics' Lien Reserve; and it is further

ORDERED THAT, upon the establishment of the Corpus Christi Mechanics' Lien Reserve, Province Inc. ("Province") shall serve as monitor of the Corpus Christi Mechanics' Lien Reserve for the benefit of Holders of Corpus Christi Mechanics' Lien Claims (the "Lienholder Monitor"), and in that capacity, Province will (i) review all notices of settlements with Holders of Corpus Christi Mechanics' Lien Claims and orders approving judgments of the Bankruptcy Court and arbitration awards, (ii) review all notices of settlements or adjudications of claims, the amounts to be distributed on account of such settlements, and the amounts to remain in the Corpus Christi Mechanics' Lien Reserve after distribution on account of such distribution; and (iii) provide notice via electronic mail to all members of the Construction Lienholder Group, Sinopec, Fluor, and any other Holder of a Corpus Christi Mechanics' Lien Claim requesting notice that has not yet had its asserted Corpus Christi Mechanics' Lien Claim finally determined and paid, to the extent allowed, provided that the Lienholder Monitor shall not share the terms of

any settlement with a Holder of a Corpus Christi Mechanics' Lien Claim with any other Holder of a Corpus Christi Mechanics' Lien Claim; and it is further

ORDERED THAT the Lienholder Monitor shall have no obligation to file any pleadings or respond to any requests by the Purchaser for distributions from the Corpus Christi Mechanics' Lien Reserve and no consent of the Lienholder Monitor shall be required before the Purchaser or Escrow Agent may take any action otherwise permitted under these Corpus Christi Mechanics' Lien Reserve Procedures; and it is further

ORDERED THAT the Lienholder Monitor's reasonable fees, in an amount not to exceed $50,000 in the aggregate, plus reasonable expenses shall be paid from the Corpus Christi Mechanics' Lien Reserve after notice to the Purchaser and all Holders of a Corpus Christi Mechanics' Lien Claim entitled to notice as set forth herein, and any disputes regarding the Lienholder Monitor's fees and expenses shall be determined by the Bankruptcy Court; and it is further

ORDERED THAT, absent further order by the Court, after notice and an opportunity for hearing no money from the Corpus Christi Mechanics' Lien Reserve shall be returned to the Purchaser until all Corpus Christi Mechanics' Lien Reserve Claims are paid in full; and it is further

ORDERED THAT, nothing herein shall affect the rights of Holders of Corpus Christi Mechanics' Lien Claims to contest the "level" ascribed of the Corpus Christi Mechanics' Lien Reserve Claims as set forth in the Corpus Christi Mechanics' Lien Schedule; and it is further

ORDERED THAT, in the event that, pursuant to this Court's Order dated March 29, 2018 [Doc. No. 1300] (the "Sale Order"), the Purchaser is unable to close on the sale, nothing

herein shall affect or impair any rights of Banibu II Holdings, Inc. or any other parties under the term sheet attached as Exhibit F to the Asset Purchase Agreement, and it is further

ORDERED THAT the Court retains jurisdiction to enforce the terms of this Order.

Dated: December ___, 2018
Wilmington, Delaware

_____
The Honorable Brendan L. Shannon
United States Bankruptcy Judge