# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>M & G USA Corporation, *et al.*,[1]<br><br>                   Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 2127** |

## OBJECTION OF THE PURCHASER CONSORTIUM TO MOTION OF THE CONSTRUCTION LIENHOLDER GROUP TO SHORTEN NOTICE FOR HEARING TO ENTER ORDER APPROVING RESERVE MOTION

Corpus Christi Polymers, LLC ("CCP"), DAK Americas LLC ("DAK"), Indorama Ventures Public Company Limited ("Indorama"), and Far Eastern Investment (Holding) Ltd. ("Far Eastern", together with CCP, DAK, and Indorama, collectively, the "Purchaser Consortium"), hereby submits this objection (the "Objection") to the *Motion of the Construction Lienholder Group to Shorten Notice for Hearing to Enter Order Approving Reserve Motion* [Docket No. 2127] (the "Motion to Shorten") filed by the Construction Lienholder Group.[2] In further support of this Objection, the Purchaser Consortium respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Purchaser Consortium has actively engaged in good faith negotiations for weeks with the Construction Lienholder Group to consensually agree on Corpus Christi

---

[1] The Debtors are the following twelve entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), Mossi & Ghisolfi International S.à r.l. (1270), M&G Chemicals S.A. (N/A), M&G Capital S.à r.l. (7812), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion to Shorten.

Mechanics' Lien Reserve Procedures governing the $265 million reserve (the "Reserve") that will be funded by CCP upon the closing of the Corpus Christi Plant sale.

2. Despite these active discussions, and while the Purchaser Consortium was awaiting a further counterproposal from the Construction Lienholder Group for Corpus Christi Mechanics' Lien Reserve Procedures, the Construction Lienholder Group filed its Motion to Shorten with proposed non-consensual procedures (attached as Exhibit B to the Motion to shorten) to govern the Reserve (the "Non-Consensual Procedures"). The Construction Lienholder Group had for days prior to the filing of the Motion to Shorten indicated that a counterproposal would be shared with the Purchaser Consortium. Instead, the Motion to Shorten was filed late last night requesting a hearing on one business day's notice.

3. Simply put, the Motion to Shorten fails to establish the exigencies required to justify proceeding on an expedited basis on an important and substantial issue. As the Construction Lienholder Group well knows, the $265 million Reserve is not being funded at the confirmation hearing on December 17, 2018. Rather, it will be funded at closing (which has not yet occurred). Moreover, no lienholder claims that would recover from the Reserve are yet allowed, and CCP will have approximately 9 months following the closing of the Sale to settle, resolve or litigate any such claims. Under these circumstances, in the event that the parties' discussions on consensual procedures are unsuccessful, conducting a hearing on regular notice to consider procedures governing distributions from the Reserve will not prejudice anyone.

4. Moreover, the Motion to Shorten is procedurally deficient, factually incorrect, and importantly, proposes relief that (a) would likely chill further lienholder settlements, and (b) is contrary to the express provisions of the Asset Purchase Agreement dated March 28, 2018 among certain of the Debtors and CCP (as amended, the "CCP APA", and the sale contemplated

thereunder, the "Sale") that was already approved by the Court.  *See* Section 3.5(b) of the CCP APA [Docket No. 1300-1, page 38 of 81].

5. For these reasons and the reasons stated below, the Motion to Shorten should be denied.  The Purchaser Consortium, however, is amenable to continuing discussions with the Construction Lienholder Group for agreement on consensual procedures governing the Reserve, and would not oppose the Court holding a scheduling conference with respect to the Reserve procedures at the hearing scheduled in these cases on Monday, December 17, 2018.

**OBJECTION**

6. Bankruptcy Rule 9006(c) provides that the requisite notice period for the hearing on a motion may only be shortened "for cause shown." Fed. Rule Bankr. P. 9006(c).  In making this determination, the Court must "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012).  The Local Rules provide that the requisite notice period for the hearing on a motion may be shortened, but only upon "written motion . . . **specifying the exigencies justifying shortened notice**." Del. Bankr. L.R. 9006-1(e) (emphasis added).

7. Here, the Construction Lienholder Group fails to offer any exigent circumstances sufficient to justify the requested shortened notice period[3] other than the conclusory statement (*see* Motion to Shorten, at paragraph 10) that "[e]xpedited consideration is warranted in this case" and that (i) "holders of Corpus Christi Mechanics' Lien Claims cannot receive any distribution under the Plan" and (ii) not having an order approving Corpus Christi Mechanics'

---

[3] The Motion to Shorten is also procedurally deficient because the Construction Lienholder Group failed to file any underlying motion on the merits.  *See* Del. Bankr. L.R. 9006-1(e).

Lien Reserve Procedures "is also impairing the ability of the Debtors and Purchaser to achieve settlements." (*see* Motion to Shorten, at paragraph 8).

8. These statements fail to provide for the exigent circumstances necessary to grant the Motion to Shorten and/or impose the Non-Consensual Procedures without providing the Purchaser Consortium a full and fair opportunity to address the underlying substantive issues, which, as noted above, involves a $265 million Reserve that will be funded at closing. First, the assertion that exigent circumstances exist because claimholders cannot receive distributions until Reserve procedures are in place is a red herring. As noted above, the Reserve will not be funded until closing (which has not yet occurred). Additionally, no Corpus Christi Mechanics' Lien Reserve Claims (as defined in the Plan) are yet Allowed (as defined in the Plan), and CCP will have approximately 270 days following the closing of the Sale to settle, resolve or litigate any such claims. *See* Plan at § III.H.2; Proposed Confirmation Order [Docket No. 2123-1] at ¶ 32. In the event that consensual procedures cannot be agreed upon, conducting a hearing on regular notice to consider procedures governing distributions from the Reserve simply will not prejudice anyone.

9. Second, the Construction Lienholder Group first raised issues about the lack of agreed-upon Corpus Christi Mechanics' Lien Reserve Procedures with the Court at the Disclosure Statement hearing held on November 5, 2018. Had the Construction Lienholder Group thought it was truly critical to have Non-Consensual Procedures (that contradict the express provisions in the CCP APA, as discussed below) in place at Plan confirmation, they could and should have filed a motion seeking such relief over six (6) weeks ago. Having failed to do so, any exigencies (which, as noted above, do not exist) are entirely of the Construction Lienholder Group's own making. *See In re Villareal*, 160 B.R. 786, 787 (Bankr. W.D. Tex.

1993) (holding that cause for expedited relief is not shown where emergency is of the movant's own making).

10. Third, despite the Construction Lienholder Group's unfounded assertions regarding the lack of procedures impairing the ability of the Debtors and Purchaser to achieve settlements, (a) approximately 15 settlements between the Debtors, Purchaser Consortium, and lienholders have been finalized (of those, approximately 7 have been fully executed, and 8 are awaiting signatures), and (b) another approximately 6 settlements are in the process of being finalized. The finalized proposed settlements will resolve approximately $33.8 million in asserted Reserve Amount claims for approximately $27.8 million, and the additional settlements that are in the process of being finalized would resolve additional significant claims. The proposed Non-Consensual Procedures, if approved, would put these settlements into jeopardy because all parties had understood – as per Section 3.5(b) of the CCP APA – that claims settled for at or less than the Reserve Amount for any Corpus Christi Mechanics' Lien Reserve Claims would be paid in the full settlement amount. In contrast, the Non-Consensual Procedures appear to only authorize payment of 90% of the allowed claim amount, even if such allowed amount is less than the Reserve Amount. Such a procedure could jeopardize the ability to settle claims rather than promote settlements.

11. Finally, the Purchaser Consortium reserves the right at the appropriate time (and to the extent consensual procedures cannot be agreed on) to address the additional inaccuracies set forth in the Motion to Shorten.

**WHEREFORE**, CCP respectfully requests that the Court deny the Motion to Shorten and grant such other and further relief as the Court deems just and appropriate. As noted above, CCP would be amenable to the Court conducting a scheduling conference regarding the

procedures governing the Reserve in connection with the hearing scheduled in these cases on Monday, December 17, 2018.

Dated: December 14, 2018

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNEL LLP | RICHARDS, LAYTON & FINGER, P.A. |
| /s/ Curtis S. Miller | /s/ David T. Queroli |
| Robert J. Dehney (No. 3578) | John H. Knight (No. 3848) |
| Curtis S. Miller (No. 4583) | David T. Queroli (No. 6318) |
| 1201 North Market Street, 16th Floor | One Rodney Square |
| Wilmington, Delaware 19899 | 920 North King Street |
| Telephone: (302) 658-9200 | Wilmington, Delaware 19801 |
| Facsimile: (302) 425-4673 | Telephone: (302) 651-7700 |
| Email: rdehney.mnat.com | Facsimile: (302) 651-7701 |
| cmiller@mnat.com | Email: knight@rlf.com |
| | queroli@rlf.com |
| and | and |
| WEIL, GOTSHAL & MANGES LLP | LOWENSTEIN SANDLER LLP |
| Alfredo R. Perez | Paul Kizel |
| Christopher M. Lopez | Philip Gross |
| 700 Louisiana Street, Suite 1700 | One Lowenstein Drive |
| Houston, Texas 77002 | Roseland, New Jersey 07068 |
| Telephone: (713) 546-500 | Telephone: (973) 597-2500 |
| Facsimile: (713) 224-9511 | Facsimile: (973) 597-2479 |
| Email: alfredo.perez@weil.com | Email: pkizel@lowenstein.com |
| Chris.lopez@weil.com | pgross@lowenstein.com |
| *Counsel for DAK Americas LLC* | *Counsel for Indorama Ventures Public Company Limited* |
| DUANE MORRIS LLP | MORRIS, NICHOLS, ARSHT & TUNNEL LLP |
| /s/ Jarrett P. Hitchings | /s/ Curtis S. Miller |
| Jarrett P. Hitchings (No. 5564) | Robert J. Dehney (No. 3578) |
| 222 Delaware Avenue, Suite 1600 | Curtis S. Miller (No. 4583) |
| Wilmington, Delaware 19801 | 1201 North Market Street, 16th Floor |
| Telephone: (302) 657-4900 | Wilmington, Delaware 19899 |
| Facsimile: (302) 657-4901 | Telephone: (302) 658-9200 |
| Email: jphitchings@duanemorris.com | |

and

Joel M. Walker
600 Grant Street, Suite 5010
Pittsburgh, Pennsylvania 15219
Telephone: (412) 497-1042
Facsimile: (412) 202-4706
Email: jmwalker@duanemorris.com

*Counsel for Far Eastern Investment (Holding) Ltd.*

Facsimile: (302) 425-4673
Email: rdehney.mnat.com
      cmiller@mnat.com

and

WEIL, GOTSHAL & MANGES LLP
Alfredo R. Perez
Christopher M. Lopez
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-500
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com
      Chris.lopez@weil.com

*Counsel for Corpus Christi Polymers LLC*