# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: January 7, 2019 at 4:00 p.m. (ET)**<br>**Hearing Date: January 16, 2019 at 10:00 a.m. (ET)** |

## SUMMARY OF FOURTH INTERIM APPLICATION OF CRAIN CATON & JAMES FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM AUGUST 1, 2018 THROUGH OCTOBER 31, 2018

| | |
|---|---|
| Name of Applicant: | Crain Caton & James |
| Authorized to Provide Professional Services to: | The above-captioned Debtors |
| Period for which compensation and reimbursement are sought: | August 1, 2018 through October 31, 2018 |
| Amount of Compensation sought as actual, reasonable, and necessary: | $243,847.50 |
| Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $273.57 |
| Petition Date: | October 30, 2017[2] |

---

[1]  The Debtors are the following nine entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2]  On October 24, 2017, Debtor M & G Polymers USA, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. All other Debtors commenced their chapter 11 cases on October 30, 2017.

Date of Order Approving Retention:          December 7, 2017 *nunc pro tunc* to October 31, 2017

Total Compensation Approved by Interim
Order to Date          $1,187,689.50

Total Expenses Approved by Interim
Order to Date:          $6,678.52

Total Allowed Compensation Paid to Date:          $1,187,689.50

Total Allowed Expenses to Date:          $6,678.52

Blended Hourly Rate in this Application
for All Attorneys:          $537.90

Blended Hourly Rate in this Application
for All Timekeepers:          $490.03

Compensation Already Paid Pursuant to a
Monthly Compensation Order But Not Yet
Allowed:          $195,078.00

Expenses Already Paid Pursuant to a Monthly
Compensation Order But Not Yet Allowed:          $273.57

Number of Professionals Included in this
Application:          8

Number of Professionals Billing Fewer
Than 15 Hours          4

This is a(n): ____monthly    <u> X </u>interim   ___final application

003946.000001
143 - 5155963.2

The total time expended for fee application preparation in the compensation period is approximately 36.90 hours and the corresponding compensation requested is $12,699.00.

Prior Applications Filed:

| Date / Docket | Month Covered | Fees | Expenses |
|---|---|---|---|
| December 22, 2017<br>[Docket No. 539]<br>First Monthly Fee Application | October 31, 2017 – November 30, 2017 | $97,938.80 | $40.70 |
| January 18, 2018<br>[Docket No. 705]<br>Second Monthly Fee Application | December 1, 2017 – December 31, 2017 | $121,062.40 | $2,417.95 |
| February 13, 2018<br>[Docket No. 958]<br>Third Monthly Fee Application | January 1, 2018 – January 31, 2018 | $156,820.80 | $2,242.25 |
| March 5, 2018<br>[Docket No. 1084]<br>Fourth Monthly Fee Application | February 1, 2018 – February 28, 2018 | $181,285.60 | $618.31 |
| April 10, 2018<br>[Docket No. 1354]<br>Fifth Monthly Fee Application | March 1, 2018 – March 31, 2018 | $127,218.40 | $244.70 |
| May 10, 2018<br>[Docket No. 1453]<br>Sixth Monthly Fee Application | April 1, 2018 – April 30, 2018 | $38,726.40 | $11.20 |
| June 7, 2018<br>[Docket No. 1542]<br>Seventh Monthly Fee Application | May 1, 2018 – May 31, 2018 | $51,109.20 | $276.54 |
| July 13, 2018<br>[Docket No. 1672]<br>Eighth Monthly Fee Application | June 1, 2018 – June 30, 2018 | $71,016.00 | $6.71 |
| August 10, 2018<br>[Docket No. 1756]<br>Ninth Monthly Fee Application | July 1, 2018 – July 31, 2018 | $109,565.20 | $820.16 |
| September 11, 2018<br>[Docket No. 1849]<br>Tenth Monthly Fee Application | August 1, 2018 – August 31, 2018 | $92,724.40 | $267.05 |
| October 5, 2018<br>[Docket No. 1954]<br>Eleventh Monthly Fee Application | September 1, 2018 – September 30, 2018 | $53,615.20 | $6.52 |
| November 06, 2018<br>[Docket No. 2048]<br>Twelfth Monthly Fee Application | October 1, 2018 – October 31, 2018 | $48,738.40 | $0.00 |
| December 12, 2018<br>Docket No. 2119<br>Thirteenth Monthly Fee Application[3] | November 1, 2018 – November 30, 2018 | $92,660.00 | $0.00 |

---

[3]    *Summary of Thirteenth Monthly Application of Crain Caton & James for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel to the Debtors for the Period November 1, 2018 Through November 30, 2018* was filed on December 12, 2018 under Docket No. 2119; however, those fees and expenses filed along with the fees and expenses filed in the First through the Ninth Monthly Fee Applications are not included in this Application.

## SUMMARY OF HOURS AND COMPENSATION BY PROFESSIONAL

| Name | Title/Group | Year | Rate 2018 | Hours 2018 | Total Fees 2018 |
|---|---|---|---|---|---|
| J. Davis | Shareholder/Corporate, Business Transactional and Tax & Real Estate | 2002 | $550.00 | 272.90 | $150,095.00 |
| C. Kollenberg | Shareholder/Commercial Litigation & Appellate | 1976 | $560.00 | 42.90 | $24,024.00 |
| A. Kotch | Shareholder/Real Estate, Corporate, Business, Transactions | 1981 | $500.00 | 5.30 | $2,650.00 |
| M. Riseden | Shareholder/Commercial Litigation | 2003 | $500.00 | 106.50 | $53,250.00 |
| P. Smart | Shareholder/Appellate, Bankruptcy and Creditor Rights, Commercial Litigation | 1992 | $520.00 | 0.70 | $364.00 |
| | **Total** | | | 428.30 | $230,383.00 |
| M. Hartman | Paralegal/Litigation | - | $210.00 | 61.00 | $12,810.00 |
| E. Martinez | Paralegal/Litigation | - | $220.00 | 10.10 | $2,222.00 |
| R. Ward | Legal Assistant/Litigation | - | $175.00 | 2.20 | $385.00 |
| | **Total** | | | 73.30 | $15,417.00 |
| | **Total** | | | **501.60** | **$245,800.00** |

## BLENDED RATE OF PROFESSIONALS - TOTAL

| Professionals | Total Hours | Total Fees | Blended Hourly Rate* |
|---|---|---|---|
| Shareholders | 428.3 | $230,383.00 | $537.90 |
| Associates | 0 | $0.00 | $0.00 |
| Paralegals | 71.1 | $15,032.00 | $211.42 |
| Legal Assistant | 2.2 | $385.00 | $175.00 |
| **TOTAL** | 501.6 | $245,800.00 | $490.03 |

*The blended hourly rates do not take into account adjustments made by
Crain, Caton & James for the 50% write-off of non-working travel.

# EXPENSE SUMMARY

| Expense Category | Total Expenses |
|---|---:|
| Conference Charges | $6.52 |
| Travel – Transportation | $267.05 |
| **Total** | **$273.57** |

# INFORMATION REGARDING PRIOR INTERIM FEE APPLICATIONS

## SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| Date Filed & Docket No | Period Covered | Fees and Expenses Requested | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Unpaid | | Date(s) Orders on Interim Compensation or Reimbursement of Expenses |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | |
| March 15, 2018 [Docket No. 1169] | October 31, 2017 - January 31, 2018 | $464,038.50 | $4,700.90 | $464,038.50 | $4,700.90 | $464,038.50 | $4,700.90 | N/A | N/A | April 23, 2018 |
| June 14, 2018 [Docket No. 1573] | February 1, 2018 - April 30, 2018 | $434,038.00 | $874.21 | $434,038.00 | $874.21 | $434,038.00 | $874.21 | N/A | N/A | July 23, 2018 |
| Sept. 15, 2018 [Docket No. 1872] | May 1, 2018 - July 31, 2018 | $289,613.00 | $1,103.41 | $289,613.00 | $1,103.41 | $289,613.00 | $1,103.41 | N/A | N/A | November 1, 2018 |

## CUMULATIVE FEE AND EXPENSES TOTALS SINCE CASE INCEPTION

| Fees and Expenses Requested[4] | | Fees and Expenses Approved | | Approved Fees and Expenses Paid | | Approved Fees and Expenses Remaining Unpaid | | Fees and Expenses Disallowed or Withdrawn | |
|---|---|---|---|---|---|---|---|---|---|
| Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| $1,382,767.50 | $6,952.09 | $1,187,689.50 | $6,678.52 | $1,187,689.50 | $6,678.52 | N/A | N/A | N/A | N/A |

---

[4] These fees and expenses requested do not include fees and expenses requested in Crain, Caton & James, P.C.'s monthly applications that concern months after this Compensation Period (August 2018-October 2018).

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*[1],<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: January 7, 2019 at 4:00 p.m. (ET)**<br>**Hearing Date: January 16, 2019 at 10:00 a.m. (ET)** |

### FOURTH INTERIM APPLICATION
### OF CRAIN CATON & JAMES FOR ALLOWANCE OF
### COMPENSATION FOR SERVICES RENDERED AND FOR
### REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS
### FOR THE PERIOD FROM AUGUST 1, 2018 THROUGH OCTOBER 31, 2018

Crain, Caton & James, P.C., special counsel to the above-captioned debtors (collectively, the "Debtors"), makes its fourth interim fee application (this "Application") for the allowance of compensation in the sum of $243,847.50 and reimbursement of expenses in the sum of $273.57 for the period from August 1 2018 through October 31, 2018 (the "Compensation Period") in accordance with the *Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (Docket No. 308) (the "Interim Compensation Order"). In support of this Application, Crain Caton & James respectfully represents as follows:

---

[1]     The Debtors are the following nine entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208). The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On October 24, 2017 (the "Polymers Petition Date"), Debtor M&G Polymers USA, LLC ("M&G Polymers") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, thereafter, on October 30, 2017 (the "Petition Date"), each of the other Debtors commenced chapter 11 cases before this Court (together with the chapter 11 case of M&G Polymers, the "Cases").  The Debtors are continuing in possession of their properties and are managing their businesses, as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      An Official Committee of Unsecured Creditors (the "Committee") was appointed in these Cases on November 13, 2017 (Docket No. 146).  Additional information regarding the Debtors and these Cases, including the Debtors' businesses, corporate structure and financial condition, is set forth in the *Declaration of Dennis Stogsdill in Support of First Day Pleadings* (Docket No. 3) (the "First Day Declaration"), filed on October 31, 2017 and incorporated herein by reference.

## Crain Caton & James's Retention

4.      On November 20, 2017, the Debtors filed the *Application of the Debtors for an Order Authorizing Them to Retain and Employ Crain Caton & James, P.C. as Special Counsel, Nunc Pro Tunc as of the Petition Date* (Docket No. 215) (the "Retention Application"), by which the Debtors sought to retain and employ Crain Caton & James as their special counsel in these Cases.  On December 7, 2017, this Court entered the *Order Authorizing the Debtors to*

003946.000001
143 - 5155963.2

*Retain and Employ Crain Caton & James as Special Counsel, <u>Nunc</u> <u>Pro</u> <u>Tunc</u> as of the Petition*

*Date* (Docket No. 409) (the "<u>Retention Order</u>"), authorizing the retention of Crain Caton &

James as the Debtors' special counsel.

### The Interim Compensation Order

5.      On November 10, 2017, the Debtors filed the *Motion for an Order*

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses for*

*Professionals* (Docket No. 141) (the "<u>Interim Compensation Procedures Motion</u>"), which sought

to establish procedures for the compensation and reimbursement of professionals whose

retentions are approved by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code on

a monthly basis and on terms comparable to the procedures established in other large chapter 11

cases.  On December 1, 2017, this Court entered the Interim Compensation Order, which

approved the relief sought in the Interim Compensation Procedures Motion and authorized the

implementation of the interim compensation procedures contemplated therein.

6.      In relevant part, the Interim Compensation Order provides that

"commencing with the period ending January 31, 2018, at each three-month intervals . . .each of

the [p]rofessionals will file with the Court . . . an application pursuant to section 331 of the

Bankruptcy Code for interim Court approval and allowance of the compensation and

reimbursement of expenses sought by the [p]rofessional" in its monthly fee applications.  Interim

Comp. Order., ¶ 2(f).  The Interim Compensation Order further provides that interim fee

applications "must be filed on or before the 45th day after the end of the [i]nterim [f]ee

[p]eriod . . . for which the application seeks allowance of fees and reimbursement of expenses"

and that interim fee applications "must identify the [m]onthly [f]ee [a]pplications that are the

subject of the request and any information requested by the Court and the Local Rules."  *Id.*

- 3 -

7.     On March 15, 2018, Crain, Caton & James filed its *Summary of First Interim Application of Crain Caton & James for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses As Special Counsel To The Debtors for the Period From October 31, 2017 Through January 31, 2018* (Docket No. 1169) (the "First Interim Fee Application").  By the First Interim Fee Application, Crain, Caton & James sought interim approval of compensation for services rendered in the amount of $464,038.50 and reimbursement of actual and necessary expenses in the amount of $4,700.90.  On April 23, 2018 the Court approved the First Interim Fee Application.  *See Omnibus Order Approving First Interim/Quarterly Fee Applications of Professionals* (Docket No. 1393) (the 'First Omnibus Fee Order").

8.     On June 14, 2018, Crain Caton & James filed its *Summary of Second Interim Application of Crain Caton & James for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses As Special Counsel To The Debtors for the Period From February 1, 2018 Through April 30, 2018* (Docket No. 1573) (the "Second Interim Fee Application"). By the Second Interim Fee Application, Crain Caton & James sought interim approval of compensation for services rendered in the amount of $434,038.00 and reimbursement of actual and necessary expenses in the amount of $874.21. On July 23, 2018 the Court approved the Second Interim Fee Application. See *Omnibus Order Approving Second Interim/Quarterly Fee Applications of Professionals* (Docket No. 1719) (the "Second Omnibus Fee Order").

9.     On September 15, 2018, Crain, Caton & James files its *Summary of Third Interim Application of Crain Caton & James for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses As Special Counsel To The Debtors for the Period*

- 4 -

*From May 1, 2018 Through July 31, 2018* (Docket No. 1872) (the "Third Interim Fee Application"). By the Third Interim Fee Application, Crain, Caton & James sought interim approval of compensation for services rendered in the amount of $289,613.00 and reimbursement of actual and necessary expenses in the amount of $1,103.41. On November 1, 2018 the Court approved the Third Interim Fee Application. *See Omnibus Order Approving Third Interim/Quarterly Fee Applications of Professionals* (Docket No. 2028) (the "Third Omnibus Fee Order").

### Fee Applications

10.     On September 11, 2018, Crain, Caton & James filed its *Tenth Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period of August 1, 2018 through August 31, 2018.* (Docket No. 1849) (the "Tenth Application").

11.     On October 5, 2018, Crain, Caton & James filed its *Eleventh Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period of September 1, 2018 through September 30, 2018.* (Docket No. 1954) (the "Eleventh Application").

12.     On November 6, 2018, Crain, Caton & James filed its *Twelfth Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses for the Period of October 1, 2018 through October 31, 2018.* (Docket No. 2048) (the "Eleventh Application").

13.     On December 12, 2018, Crain, Caton & James filed its *Thirteenth Monthly Application for Allowance of Compensation for Services Rendered and for Reimbursement of*

- 5 -

*Expenses for the Period of November 1, 2018 through November 30, 2018.* (Docket No. 2119)

(the "Thirteenth Application").[2]

## CRAIN CATON & JAMES'S APPLICATION FOR
## COMPENSATION AND REIMBURSEMENT OF EXPENSES

### <u>Compensation Paid and Its Sources</u>

14.     Crain Caton & James has received no payment for services rendered in any capacity in connection with the matters covered by this Application, nor has it received any promises for payment for matters covered by this Application, from any source other than from the Debtors.  There is no agreement or understanding between Crain Caton & James and any other person other than shareholders of Crain Caton & James for the sharing of compensation to be received from the services rendered in these Cases.

### Itemization of Services
### <u>Rendered and Disbursements Incurred</u>

15.     Attached hereto as <u>Exhibit A</u> are the time records of Crain Caton & James, which provide a daily summary of the time spent by each Crain Caton & James attorney[3] and paraprofessional[4] during the Compensation Period by project category.  The blended hourly billing rate of attorneys for all services provided during the Compensation Period is $537.90.[5]

---

[2]     *Summary of Thirteenth Monthly Application of Crain Caton & James for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses as Special Counsel to the Debtors for the Period from November 1, 2018 Through November 30, 2018* was filed on December 12, 2018 under Docket No. 2119; however, those fees and expenses filed are not included in this Application.

[3]     Attorneys include shareholders and associates, as applicable during the Compensation Period.

[4]     Paraprofessionals include paralegals, legal support personnel, project assistants and staff members, as applicable during the Compensation Period.

[5]     The blended hourly billing rate of $537.90 for attorneys is derived by dividing the total fees for attorneys of $230,383.00 by the total hours of 428.30 for those same attorneys, not taking into account any discounts for non-working travel.

003946.000001
143 - 5155963.2

The blended hourly billing rate of paraprofessionals for all services provided during the

Compensation Period is $210.33.[6]

16.     Attached hereto as <u>Exhibit B</u> is a detailed itemization of expenses for

which Crain Caton & James seeks reimbursement.  Crain Caton & James maintains the

following policies with respect to Expenses:

(a)     No amortization of the cost of any investment, equipment or capital outlay
        is included in the expenses.  In addition, for those items or services that
        Crain Caton & James purchased from or contracted with a third party
        (such as outside copy services), Crain Caton & James seeks
        reimbursement only for the exact amount billed to Crain Caton & James
        by the third party vendor and paid by Crain Caton & James to the third
        party vendor.

(b)     Photocopying by Crain Caton & James was charged at 10 cents per page.

(c)     Meals charged to the Debtors were associated with out-of-town travel.

(d)     Charges for airline and train travel include the cost of each airline or train
        ticket used in connection with the provisions of service to the Debtors.

17.     Crain Caton & James believes that the time entries set forth in Exhibit A

attached hereto are in compliance with the requirements of Rule 2016-2 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "<u>Local Rules</u>").

**Total Fees and Expenses**
**<u>Sought for the Compensation Period</u>**

18.     By this Application, Crain, Caton & James requests that the Court approve

the final allowance of compensation for professional services rendered and the reimbursement of

actual and necessary expenses incurred by Crain, Caton & James from August 1, 2018 through

---

[6]     The blended hourly billing rate of $210.33 for paraprofessionals is derived by dividing the total fees for
        paraprofessionals of $15,417.00 by the total hours of 73.30 for those same paraprofessionals, not taking
        into account any discounts for non-working travel.

October 31, 2018.  The total fees and reimbursement of expenses are summarized in the following chart:

| Total Fees | $243,847.50 |
|---|---|
| Total Disbursements | $273.57 |
| **TOTAL** | **$244,121.07** |

### **Compensation by Project Category**

19.    The following is a summary of activities performed by Crain, Caton & James during the Compensation Period, organized by billing category. [7]

*Case Administration* **– 0.70 hours - $350.00**

20.    During the Compensation Period, Crain, Caton & James professionals provided the following case administration activities, among others:

- communications with Debtors concerning various corporate related matters in conjunction with the bankruptcies at the request of Debtors' counsel, Jones Day.

*Employment and Fee Applications* **– 36.90 hours - $12,699.00**

21.    During the Compensation Period, Crain, Caton and James professionals devoted time to preparing and drafting the Tenth, Eleventh, and Twelfth Monthly Applications as well as the Third Interim Application.

*Lienholder Claims* **– 440.80 hours - $221,068.00**

22.    During the Compensation Period, Crain, Caton & James professionals devoted time to (a) working with the Debtors and their other advisors in strategizing and responding to lienholder related bankruptcy filings, (b) analyzing various lienholder claims and matters, (c) working with lienholders on potential settlements (d) performing and providing

---

[7]    The summary set forth below is qualified in its entirety by reference to the time and services detailed attached hereto as Exhibit A.

003946.000001
143 - 5155963.2

lienholder related legal and factual research and advice, as well as (e) addressing other lienholder related issues raised by the Debtors and their other advisors.

*Litigation/Arbitrations* **– 12.60 hours - $5,853.00**

23.     During the Compensation Period, Crain, Caton & James professionals devoted time and effort in reviewing pertinent issues related to litigation and arbitrations pending outside the Bankruptcy Court and engaging in communication with Debtors and parties concerning the same.

*Real Estate Agreements and Related Port and Construction Agreements* **– 3.5 hours - $1,925.00**

24.     During the Compensation Period, Crain, Caton & James professionals devoted time reviewing and analyzing various real estate and construction agreements, including agreements executed with the Port of Corpus Christi and other related agreements. Crain, Caton & James professionals further worked with the Debtors and their other advisors in addressing issues related to the same.

*Non-Working Travel* **– 7.10 hours - $3,905.00**

25.     During the Compensation Period, Crain, Caton & James professionals devoted time traveling to and from Corpus Christi in August 2018 for a meeting at the site.  The total amount of the non-working travel was $3,905.00, which was then discounted by 50% to $1,952.50.

## **Billing Adjustments**

26.     The total fees requested in this Application reflect reductions totaling $1,952.50, which consists of a 50% reduction of $3,905.00 for time spent on nonworking travel.[8]

---

[8]     To the extent possible, Crain, Caton & James professionals work while traveling.

003946.000001
143 - 5155963.2

**APPENDIX B GUIDELINES**

27.     Pursuant to the *Appendix B Guideline for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorney in Large Chapter 11 Cases* (the "UST Guidelines"), Crain, Caton & James responds to the following questions with respect to this application:

(a)     Did you agree to any variations from, or alternative to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.

   (i)     No.

(b)     If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this application higher by 10% or more, did you discuss the reason for the variation with the client?

   (i)     N/A

(c)     Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

   (i)     No.

(d)     Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

   (i)     Yes, Crain Caton & James expended 36.90 hours and $12,699.00 related to fee applications, which included reviewing the Monthly Fee Applications to remove any confidential or privileged information and to ensure compliance with the Interim Compensation Order and the UST Guidelines.

(e)     Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

   (i)     *See* ¶ 25(d)(i).

(f)     If the fee application includes any rate increases since retention in this case:

   (A)     Did your client review and approve those rate increases since retention in advance?

- 10 -

(1)      N/A, only step increases.

(B)      Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

(1)      Yes.

## REQUESTED COMPENSATION SHOULD BE ALLOWED

28.      Section 330(a)(1) of the Bankruptcy Code provides that the Court may

award a professional person employed under section 327 and 1103 of the Bankruptcy Code:

(A)      reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)      reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  Section 330(a)(3)(A) further provides the following standards for the

Court's review of a fee application:

In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A)      the time spent on such services;

(B)      the rates charged for such services;

(C)      whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

(D)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A).

29.     Crain Caton & James respectfully submits that it has satisfied the requirements of section 330 of the Bankruptcy Code for the allowance of compensation and reimbursement of expenses sought herein.  The services described above were necessary to the administration of these Cases and were beneficial to the Debtors and parties in interest.  Crain Caton & James' services were often performed in a minimum amount of time and commensurate with the complexity of the matters facing the Debtors.  Further, the compensation sought by Crain Caton & James is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy.

## CONCLUSION

30.     Crain, Caton & James professionals expended a total of 501.60 hours in connection with their representation of the Debtors during the Compensation Period.  Employing Crain, Caton & James's normal hourly rates for work of this character, the reasonable value of the services rendered by Crain, Caton & James for the Debtors during the Compensation Period, after taking into account the billing adjustments discussed above, is $243,847.50.  During the Compensation Period, Crain, Caton & James also incurred expenses of $273.57.  Pursuant to the Interim Compensation Order, by this Application Crain, Caton & James seeks final allowance of fees and expenses incurred during the Compensation Period in the sum of $244,121.10 (the "Requested Interim Payment").

- 12 -

31.     Crain Caton & James respectfully submits that the amount requested in this Application is fair and reasonable and satisfies the requirements of section 330 of the Bankruptcy Code.  Moreover, Crain Caton & James has reviewed the requirements of Local Rule 2016-2 and the Interim Compensation Order and believes that this Application complies with such Local Rule and Order.

## NOTICE

32.     Crain Caton & James will serve this Application in accordance with the Interim Compensation Order and the Local Rules.  Pursuant to the Interim Compensation Order, objections to the Application, if any, must be in writing and filed with the Court and served upon Crain Caton & James so as to be received no later than January 7, 2019 (the "Objection Deadline").

## NO PRIOR REQUEST

33.     No prior request for the relief sought in this Application has been made to this or any other court.

Dated: December 17, 2018
       Wilmington, Delaware

*/s/ Melinda M. Riseden*
CRAIN CATON & JAMES
Melinda M. Riseden
C. Henry Kollenberg
1401 McKinney, Suite 1700
Houston, Texas, 77010
Telephone:     (713) 658-2323
Facsimile:      (713) 658-1921
Email:            mriseden@craincaton.com
              hkollenberg@craincaton.com

Special Counsel for the Debtors and Debtors in Possession

- 13 -

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>M & G USA CORPORATION, *et al.*[1],<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12307 (BLS)<br><br>(Jointly Administered) |

## <u>VERIFICATION</u>

Melinda M. Riseden, under penalty of perjury, certifies as follows:

1.        I am a shareholder with the law firm of Crain Caton & James and have been admitted to appear before this Court.  I make this certification in accordance with Local Rule 2016-2 regarding the contents of applications for compensation and expenses.  I have read the Application and am familiar with the work performed on behalf of the Debtors by the attorneys and paraprofessionals of Crain Caton & James.

2.        The facts set forth in the foregoing Application are true and correct to my knowledge, information and belief.  I have reviewed Local Rule 2016-2 and the Interim Compensation Order and submit that the Application substantially complies with such Local Rule and the Interim Compensation Order.

Dated: December 17, 2018

*/s/ Melinda M. Riseden*
Melinda M. Riseden

---

[1]        The Debtors are the following nine entities (the last four digits of their respective taxpayer  identification numbers follow in parentheses): M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M & G Finance Corporation (4230), M&G Waters USA, LLC (2195), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208).  The Debtors' noticing address in these chapter 11 cases is 450 Gears Road, Suite 240, Houston, Texas 77067.