**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|   |   |   |
|---|---|---|
| In re: | : | Chapter 11 |
| M&G USA CORPORATION, *et al.*,[1] | : | Case No. 17-12307 (BLS) |
| Debtors. | : | (Jointly Administered) |

**NOTICE OF ENTRY OF ORDER CONFIRMING THIRD
AMENDED JOINT PLAN OF LIQUIDATION OF THE DEBTORS AND
DEBTORS IN POSSESSION AND OCCURRENCE OF THE EFFECTIVE DATE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     **Confirmation of the Plan.**  On December 17, 2018, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (Docket No. 2146) (the "Confirmation Order") confirming the *Third Amended Joint Plan of Liquidation of the Debtors and Debtors in Possession*, dated December 12, 2018 (as it may have been amended, supplemented or modified, the "Plan"), in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").  Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Plan or Confirmation Order, as applicable.

2.     **Effective Date.**  The Effective Date of the Plan occurred on the date hereof, resulting in the substantial consummation of the Plan.

**BAR DATES**

3.     **Administrative Claims Final Bar Date.**  Unless previously filed or as otherwise governed by any Bar Date Order or any other order of the Court, requests for payment of Administrative Claims (other than Fee Claims) arising after May 1, 2018 must be Filed and served on the Notice Parties,[2] pursuant to the procedures specified in the Confirmation Order, no later than 30 days after the Effective Date (the "Administrative Claims Final Bar Date").  Holders of Administrative Claims entitled to priority under section 503(b)(9) of the Bankruptcy Code that have asserted such Claims as part of a Proof of Claim filed in accordance with the General Bar Date Order and/or the Administrative Claims Interim Bar Date Order shall not be required to file additional requests for payment of Administrative Claims with the Court to

---

[1]     The Debtors are the following nine entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  M & G USA Corporation (3449), M & G Resins USA, LLC (3236), M & G Polymers USA, LLC (7593), M&G Finance Corporation (4230), M&G Waters USA, LLC (2195), M & G USA Holding, LLC (3451), Chemtex International Inc. (7695), Chemtex Far East, Ltd. (2062) and Indo American Investments, Inc. (9208).  The Debtors' noticing address in these Cases is 450 Gears Road, Suite 240, Houston, Texas 77067.

[2]     The Notice Parties are set forth in Section XI.I of the Plan.

maintain their assertion of such Administrative Claims, and the General Bar Date shall continue to apply to such Claims.  **Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims and that do not file and serve such a request by the applicable Bar Date shall be forever barred from asserting such Administrative Claims against the Debtors, the Litigation Trust or their respective property, and such Administrative Claims shall be discharged as of the Effective Date**.  Objections to requests for payment of postpetition Administrative Claims (other than Fee Claims) must be filed and served on the Notice Parties and the requesting party no later than the date that is 60 days after the Administrative Claims Final Bar Date.  Nothing in the Confirmation Order or Section II.A.1.e of the Plan shall waive, extend or lengthen any applicable Bar Date for the Holder of any such Claim, even if such Claim is an Administrative Claim.

    4.  **Professional Compensation.**  Professionals or other Entities asserting a Fee Claim for services rendered before the Effective Date must file and serve on the Notice Parties, the Litigation Trustee and such other Entities as are designated by the Bankruptcy Rules, the Fee Order, the Confirmation Order or any other order of the Court, an application for final allowance of such Fee Claim no later than 60 days after the Effective Date; <u>provided</u>, <u>however</u>, that any Professional whose compensation or reimbursement of expenses is authorized pursuant to the Ordinary Course Professionals Order may continue to receive such compensation and reimbursement of expenses for services rendered before the Effective Date pursuant to the Ordinary Course Professionals Order without further Court review or approval.  Objections to any Fee Claim must be filed and served on the Notice Parties, the Litigation Trustee and the requesting party no later than 90 days after the Effective Date or such other period of limitation as may be specifically fixed by a Final Order for objecting to such Fee Claim.  Allowed Fee Claims shall be satisfied from the Professional Fee Reserve or the Completion Fee Reserve, to the extent applicable.  For the avoidance of doubt, and regardless of the amounts remaining in the Professional Fee Reserve, Allowed Fee Claims of any of the Debtor Professionals or Creditors' Committee Professionals shall be entitled to be satisfied from the Professional Fee Reserve only in accordance with and to the extent of the amounts budgeted for such respective Debtor Professionals or Creditors' Committee Professionals pursuant to the CCP Budget plus applicable carryforward and carryback amounts, as set forth in the Bid Support Term Sheet and Corpus Christi Asset Purchase Agreement, <u>provided</u>, <u>however</u>, that Allowed Fee Claims in excess of any applicable reserves, solely with respect to Creditors' Committee Professionals shall be satisfied from the Litigation Trust.

    5.  **Bar Dates for Rejection Claims.**  Unless otherwise provided by order of the Court, any Proofs of Claim asserting Claims arising from the rejection of the Debtors' Executory Contracts and Unexpired Leases pursuant to the Plan or otherwise must be Filed with the Claims and Noticing Agent within 30 days of the entry of an order of this Court (including the Confirmation Order, as applicable) approving such rejection.  **Unless otherwise expressly allowed by order of the Court, any Proofs of Claim arising from the rejection of any of the Debtors' Executory Contracts and Unexpired Leases that are not timely filed shall be disallowed automatically, forever barred from assertion, and shall not be enforceable against the Debtors, the Estates, the Litigation Trust or the property of any of the foregoing, without the need for any objection by the Debtors or the Litigation Trust or further notice to or action, order, or approval of the Court.**  All Allowed Claims arising from the rejection of any of the Debtors' Executory Contracts and Unexpired Leases shall constitute General Unsecured Claims and shall be treated in accordance with Section II of the Plan

(provided that, for the avoidance of doubt and in accordance with Section III.B.2 of the Plan and paragraph 13 of the Confirmation Order, any such General Unsecured Claim may only assert liabilities other than those asserted in an Allowed Corpus Christi Mechanics' Lien Reserve Claim). The Litigation Trust's right to object to, settle, compromise or otherwise resolve any Claim Filed on account of a rejected Executory Contract or Unexpired Lease are expressly preserved.

6. **Copies of Plan and Confirmation Order.** A copy of the Plan, the Confirmation Order or any other related documents may be obtained from the Bankruptcy Court's website at http://ecf.deb.uscourts.gov or, free of charge, at https://cases.primeclerk.com/mgusa.

[*Remainder of page left intentionally blank*]

Dated:  December 31, 2018          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Joseph M. Mulvihill (DE Bar No. 6061)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:      (302) 652-4400
Email:            ljones@pszjlaw.com
                      joneill@pszjlaw.com
                      jmulvihill@pszjlaw.com

and

JONES DAY
Scott J. Greenberg
Stacey L. Corr-Irvine
250 Vesey Street
New York, NY 10281
Telephone:     (212) 326-3939
Facsimile:      (212) 755-7306
Email:             sgreenberg@jonesday.com
                       scorrirvine@jonesday.com

and

Carl E. Black
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:     (216) 586-7035
Facsimile:      (216) 579-0212
Email:            ceblack@jonesday.com

and

Daniel J. Merrett
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3053
Telephone:     (404) 581-8476
Facsimile:      (404) 581-9330
Email:            dmerrett@jonesday.com

*Co-Counsel for the Debtors
and Debtors in Possession*